# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1750
www.morrisjames.com

Mary B. Matterer
(302) 888-6960
mmatterer@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

June 5, 2006

**BY EFILING AND HAND DELIVERY**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE 19801

     RE:    *Wyeth v. Impax Laboratories, Inc.*, Civil Action No. 06-222 JJF

Your Honor:

     The parties have met and conferred but have been unable to come to an agreement regarding a scheduling order in this action. Accordingly, Defendant submits for the Court's consideration the enclosed proposed scheduling order. For the Court's convenience, the parties have also jointly prepared the enclosed table comparing the dates proposed by each party.

     If it is convenient for the Court, Impax requests that the pre-trial conference be in person.

     Defendant submits that its scheduling order is reasonable in that it anticipates a trial within twelve months time. Defendant wishes to proceed with this litigation in as timely a manner as is practical, so that it will be free to market its generic medication. This action will be a bench trial, because Defendant has agreed to withdraw its jury demand in exchange for Plaintiff withdrawing its claim for willful infringement. Defendant views its proposal for a trial within twelve months to be a compromise position, because this is well beyond the four to nine months suggested by the Court for a bench trial in the Court's letter of May 18, 2006.

     In contrast, Plaintiff's proposal that this case be tried some time later than February, 2008 is wholly unreasonable. There is no justification for allowing Plaintiff to maintain its monopoly for over twenty-one months – well beyond even the sixteen months that the Court suggested for trial of a jury case.

The Hon. Joseph J. Farnan, Jr.  
June 5, 2006  
Page 2

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

    Defendant has not proposed a date for a *Markman* hearing or summary judgment hearing. Defendant is amenable to combining these proceedings with the trial in this action, should it facilitate a speedier trial.

Respectfully,

Mary B. Matterer

Enclosures

cc:    Jack B. Blumenfeld, Esq. (via email and hand delivery w/ enclosures)  
       Linda A. Wadler, Esq. (via email w/enclosures)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WYETH, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) Civil Action No.: 06-222 JJF |
| v. | ) <br> ) |
| IMPAX LABORATORIES, INC., | ) <br> ) |
| Defendant. | ) <br> ) |

## [DEFENDANT'S PROPOSED] RULE 16 SCHEDULING ORDER

*The parties having satisfied their obligations under* Fed. R. Civ. P. 26(f),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties [have exchanged] [will exchange] by **June 23, 2006** the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Joinder of other Parties.** All motions to join other parties shall be filed on or before **October 21, 2006.**

3. **Discovery.**

    (a) Exchange and completion of contention interrogatories, identification of fact witnesses and document production shall be commenced so as to be completed by **August 18, 2006.**

    (b) Maximum of **50** interrogatories, including contention interrogatories, for each side.

(c) Requests for admission by each side shall be unlimited, but if a party believes that any requests served upon it are oppressive, unnecessary or duplicative of other discovery, it may for good cause shown seek a protective order from the Court.

(d) Excluding expert depositions, each party shall be allowed to take a maximum of **15 depositions of 7 hours each**, with the exception of depositions of the inventors of the patents-in-suit, each of which shall be a maximum of **2 days of 7 hours each**. In addition, each party shall have a maximum of **42 hours** of deposition time for depositions taken pursuant to Fed. R. Civ. P. 30(b)(6). Depositions shall not commence until the discovery required by Paragraph 3(a) is completed.

(e) All fact discovery must be commenced so as to be completed by **November 21, 2006.**

(f) Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) on issues for which a party bears the burden of proof are due by **November 22, 2006.** Rebuttal expert reports are due by **December 8, 2006.**

(g) Expert depositions shall be commenced so as to be completed by **December 22, 2006.**

4.  **Discovery disputes.**

    (a) A party seeking discovery which the opposing party refuses to provide shall file a motion (no brief) pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1. Said motion shall not exceed a total of four (4) pages and must specify that the filing is pursuant to the Discovery Dispute procedures provided in this paragraph. An Answer to the Rule 37 motion, not to exceed four (4) pages, shall be filed within five (5) days of service of the motion. No reply is permitted.

    (b) All papers shall set forth in a plain and concise manner the issue(s), and the reasons for the party's position.

    (c) Upon receipt of the Answer, the movant shall notify Chambers by e-mail at jjf_civil@ded.uscourts.gov that the dispute is ready for decision.

    (d) Upon receipt of the movant's e-mail, the Court will determine whether a conference is necessary and advise the parties accordingly.

    (e) There is no limit on the number of Rule 37 motions a party may file, unless otherwise ordered by the Court.

5.  **Amendment of the Pleadings.** All motions to amend the pleadings shall be filed on or before **October 21, 2006.**

6. **Case Dispositive Motions.** Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure shall be served and filed with an opening brief on or before **January 11, 2007.** Briefing shall be pursuant to D. Del. LR 7.1.2. No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court. The Court will issue a separate Order regarding procedures for filing summary judgment motions.

7. **Markman.**

   (a) In an effort to narrow the issues in dispute in this action, on or before **July 14, 2006,** the parties shall exchange a preliminary proposed construction of each claim term, phrase, or clause which that party contends should be construed by the Court, and identify any claim element which that party contends should be governed by 35 U.S.C. § 112(6).

   (b) Thereafter, the parties shall meet and confer for the purpose of narrowing the issues and finalizing preparation of a Joint Claim Construction Chart. On or before **December 15, 2006,** the parties shall file a Joint Claim Construction Chart which shall contain the following information:

   i. The construction of those claim terms, phrases, or clauses on which the parties agree; and

   ii. Each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic

        evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses.

    (c) Simultaneous opening Markman briefs will be exchanged and filed on **December 21, 2006**. Simultaneous answering Markman briefs will be exchanged and filed on **January 18, 2007**. The Court shall set a date for any Markman hearing and will allocate time to the parties for the hearing.

8. **Status conferences.** Status conferences will be held on **October____, 2006** at ____ o'clock and **September____, 2006** at ____ o'clock.

9. **Application by Motion.**

    (a) Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware. (Amended Effective January 1, 1995). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

(b) No facsimile transmissions will be accepted.

(c) No telephone calls shall be made to Chambers.

(d) Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

10.    **Pretrial Conference and Trial.** A Pretrial Conference shall be held on **April\_\_\_\_, 2007**, or on such other date as the Court deems appropriate. The trial will proceed on **July\_\_\_\_, 2007**. or on such other date as the Court deems appropriate.

_____
Date


_____
The Honorable Joseph J. Farnan, Jr.
United States District Judge

TABLE COMPARING THE DATES PROPOSED BY THE PARTIES IN
THEIR PROPOSED PRETRIAL SCHEDULING ORDERS

| Event | Plaintiff's proposed date | Defendant's proposed date |
|---|---|---|
| Pre-discovery disclosures | June 23, 2006 | June 23, 2006 |
| Exchange of proposed claim constructions | In response to contention interrogatories on January 31, 2007 | July 14, 2006 |
| Hearing on Plaintiff's motion to strike Defendant's unenforceability defense and to dismiss Defendant's unenforceability counterclaim | Wyeth will request a hearing to be scheduled at the Court's convenience | August __, 2006 |
| Exchange and completion of contention interrogatories, identification of fact witnesses, and completion of document production | January 31, 2007 | August 18, 2006 |
| Maximum number of interrogatories | 50 | 50 |
| Maximum number of requests for admission | Unlimited, but if a party believes that any requests served upon it are oppressive, unnecessary or duplicative of other discovery, it may for good cause shown seek a protective order from the Court. | Unlimited, but if a party believes that any requests served upon it are oppressive, unnecessary or duplicative of other discovery, it may for good cause shown seek a protective order from the Court. |

| Event | Plaintiff's proposed date | Defendant's proposed date |
|---|---|---|
| Maximum number of non-expert depositions | 10 depositions of 7 hours each for each party. | 15 depositions of 7 hours each for each party, with the exception of depositions of the inventors of the patents-in-suit, each of which shall be a maximum of 2 days of 7 hours each. In addition, each party shall have 42 hours of deposition time for 30(b)(6) depositions. |
| Status conferences | Did not propose any status conferences but would not object if the Court so agreed | September ___, 2006 and October ___, 2006 |
| Last day to move to amend pleadings | March 30, 2007 | October 21, 2006 |
| Last day to move for joinder of other parties | March 30, 2007 | October 21, 2006 |
| Completion of fact discovery | August 31, 2007 | November 21, 2006 |
| Opening expert reports | October 31, 2007 | November 22, 2006 |
| Rebuttal expert reports | December 14, 2007 | December 8, 2006 |
| Submission of joint claim construction chart | To be included in Opening Markman Briefs on August 24, 2007 | December 15, 2006 |
| Opening Markman briefs | August 24, 2007 | December 21, 2006 |
| Close of expert discovery | February 15, 2008 | December 22, 2006 |
| Opening summary judgment briefs | February 29, 2008 | January 11, 2007 |

| Event | Plaintiff's proposed date | Defendant's proposed date |
|---|---|---|
| Responsive Markman briefs | September 14, 2007 | January 18, 2007 |
| Opposition summary judgment briefs | 3 weeks after February 29, 2008 (March 21, 2008) | January 26, 2007 |
| Reply summary judgment briefs | 2 weeks after opposition brief (April 4, 2008) | February 2, 2007 |
| Markman hearing | October 1, 2007 | To be set by the Court |
| Pretrial conference | Court will schedule after reviewing parties' proposed scheduling orders | April ___, 2007 or on such other date as the Court deems appropriate |
| Trial | Court will schedule after reviewing parties' proposed scheduling orders | July ___, 2007 or on such other date as the Court deems appropriate |