M ORRIS , N ICHOLS , A RSHT & T UNNELL LLP

1201 N ORTH M ARKET S TREET
P.O. B OX 1347
W ILMINGTON , D ELAWARE 19899-1347

302 658 9200
302 658 3989 F AX

K AREN J ACOBS L OUDEN
(302) 351-9227
(302) 425-4681
email

June 5, 2006

By E-Filing

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE 19801

       Re:    <u>Wyeth v. Impax; C.A. No. 06-222 (JJF)</u>

Dear Judge Farnan:

       We, along with the law firm of Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, represent the plaintiff, Wyeth, in the above-captioned litigation. Pursuant to the Court's May 18, 2006 letter (D.I. 12), Wyeth submits with this letter a Proposed Rule 16 Scheduling Order. (Tab 1). Counsel for Wyeth and Impax met and conferred on June 1 and 5, 2006, but were not able to reach agreement, and therefore, are submitting separately their respective proposed scheduling orders, along with an agreed-upon table comparing those schedules. (Tab 2).

       During their conferences, the parties did agree that Impax would withdraw its demand for a jury trial, while reserving the right to request a jury should Wyeth amend its complaint to include a claim for infringement damages. Wyeth agreed to withdraw its claim for willful infringement, with the express understanding that Wyeth is not withdrawing its claim that this is an exceptional case entitling Wyeth to attorney fees and costs and with the express understanding that Wyeth will seek discovery with respect to its claim that this is an exceptional case. The parties expect to file a stipulation with the Court confirming these agreements.

       With respect to the parties' respective scheduling proposals, the Court will note that there is approximately a 9 month difference in the date for the close of fact discovery, and approximately a 14 month difference in the date for the close of expert discovery. Wyeth respectfully submits that its proposed schedule provides the necessary time for each party to develop its case through discovery, while still providing for an efficient schedule that has trial occurring approximately 26 months from filing, a time period well within the 30-month period envisioned by Congress in the Hatch-Waxman Act for resolution of disputes involving generic challenges to innovator patents.

Hon. Joseph J. Farnan, Jr.
June 5, 2006
Page 2

       In addition, even in the unlikely event that Impax were to prevail in this litigation, the FDA cannot approve Impax's generic extended release venlafaxine product until, at the very earliest June 2008, the expiration date (with pediatric exclusivity) of another Wyeth patent on the active ingredient venlafaxine, because Impax has not challenged that patent.

       By contrast, notwithstanding that Impax alleges both invalidity and non-infringement, Impax has proposed a schedule that compresses all discovery -- fact and expert discovery -- into a six month period. For example, it requires that all document production, including electronic discovery, be completed in less than three months, by August 18, 2006. Further, Impax has proposed that fact discovery be completed only three months later, by November 21, 2006, with opening expert reports due the very next day. Impax's schedule then provides a mere 30-day period in which to complete all of expert discovery.

       Impax's schedule is unworkable for several reasons. First, Impax itself has asked for 15 depositions of 7 hours each per side, with the exception of two days of depositions for each of the (four) named inventors. In addition to those 15 depositions, Impax has asked for 42 more hours--six more days--for Rule 30(b)(6) depositions, in essence seeking a maximum of 21 depositions. Impax has provided no justification for why 25 days of depositions are needed or for why the Federal Rules of Civil Procedure should not apply in this case. Moreover, according to Impax's schedule, all 25 days of these depositions would need to occur in a three month window between August and November of this year. Wyeth's depositions of Impax and potential third parties would simultaneously have to be completed in this same 3-month window, with opening expert reports due immediately thereafter. Simply put, Impax's scheduling proposal for a fully contested patent litigation such as this case is unrealistic and unprecedented in this District.

       Second, Impax appears to totally ignore Wyeth's burden to produce what is likely to be the lion's share of documents in this case, simply by the mere fact that Wyeth, not Impax, underwent the extensive research program, both preclinical studies and clinical trials, necessary to prove the safety and efficacy of Effexor® XR--data on which Impax now relies in filing its ANDA. Such a voluminous production cannot reasonably be accomplished in under three months' time. Moreover, the full scope of documents that Impax seeks and to which it may be entitled is yet unclear. In the prior settled litigation (that spanned approximately 2 ½ years) involving the same patents as in this case but against a different party, Wyeth produced approximately 1.3 million pages of documents.

       Third, Impax appears to also ignore Wyeth's need for discovery of Impax. Wyeth intends to seek extensive discovery on Impax's proposed product and its use, including, for example, the decision to pursue such a product, Impax's research and development, alternatives considered and/or attempted, materials and processes used to manufacture Impax's product, the advantages of an extended release venlafaxine product over the immediate release formulation, Impax's planned promotion of its proposed product, and its anticipated profits from that product. Wyeth will also seek extensive discovery on issues related to the doctrine of equivalents since

Hon. Joseph J. Farnan, Jr.
June 5, 2006
Page 3

Impax is contesting literal infringement. Further, extensive third party discovery may be required to the extent that Impax did not develop its own product, or may even have had the product developed abroad.

Moreover, although Impax did not allege invalidity or unenforceability in making its paragraph IV certification, Impax recently has alleged numerous, ill-defined defenses and counterclaims of invalidity and unenforceability,[1] which Wyeth intends to explore in discovery to the fullest extent possible. Furthermore, Wyeth intends to seek extensive discovery relevant to the "exceptional" case issue. Wyeth respectfully submits that such discovery of Impax cannot reasonably be accomplished in the short timeframe Impax has proposed.

For the foregoing reasons, Wyeth respectfully requests that the Court enter Wyeth's Proposed Rule 16 Scheduling Order. Wyeth is available at the Court's convenience should the Court wish to discuss the parties' proposed schedules.

                Respectfully,

                */s/ Karen Jacobs Louden*

                Karen Jacobs Louden

/cbh

cc:     Peter T. Dalleo, Clerk (By Hand)
       Mary B. Matterer, Esquire (By Hand)
       John M. Benassi, Esquire (By Fax)
       Basil J. Lewris, Esquire (By Fax)
523400

---

[1] Impax's unenforceability defenses and counterclaims are the subject of a motion to strike and dismiss, filed by Wyeth on May 12, 2006. (D.I. 9).

# TAB 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WYETH, | ) | |
| | ) | Civil Action No.: 06-222(JJF) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| IMPAX LABORATORIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# RULE 16 SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures**. The parties will exchange by **June 23, 2006** the information required by Fed. R. Civ. P. 26(a) (1) and D. Del. LR 16.2.

2. **Joinder of other Parties**. All motions to join other parties shall be filed on or before **March 30, 2007**.

3. **Discovery.**

    (a) Exchange and completion of contention interrogatories, identification of fact witnesses and initial document production shall be commenced so as to be completed by **January 31, 2007 .** Parties may supplement after **January 31, 2007**, pursuant to Fed. R. Civ. 26(e) as appropriate.

    (b) Maximum of **50** interrogatories, including contention interrogatories, for each side.

1109113.1

(c) Requests for admission by each side shall be unlimited, but if a party believes that any requests served upon it are oppressive, unnecessary or duplicative of other discovery it may for good cause shown seek a protective order from the Court.

(d) Maximum of **10 depositions of 7 hours each** by plaintiff and **10 depositions of 7 hours** each by defendant, excluding expert depositions. Depositions shall not commence until the discovery required by Paragraph 3(a) is completed.

(e) All fact discovery must be commenced as to be completed by **August 31, 2007.**

(f) Reports from retained experts required by Fed. R. Civ. P. 26(a) (2) on issues for which a party bears the burden of proof are due by **October 31, 2007**; Rebuttal expert reports are due by **December 14, 2007.**

(g) Expert depositions shall be commenced so as to be completed by **February 15, 2008.**

(h) If the Court's Markman Order issues later than **October 31, 2007,** the dates in paragraphs (f) and (g) still apply, and the parties shall have fifteen (15) business days to supplement their respective technical expert reports following the issuance of the Court's Markman Order only to the extent necessary to conform to any claim construction different from that Party's proposed construction. The Parties shall have fifteen (15) business days following the service of such supplement technical expert reports to supplement their corresponding rebuttal expert reports only the extent necessary to respond to new matter raised in the supplemental technical expert reports. The parties will cooperate in good faith to schedule and complete any

expert depositions necessary due to supplementation of the parties' respective technical expert reports.

    4.    **Discovery Disputes.**

    (a)    A party seeking discovery which the opposing party refuses to provide shall file a motion (no brief) pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1. Said motion shall not exceed a total of four (4) pages and must specify that the filing is pursuant to the Discovery Dispute procedures provided in this paragraph. An Answer to the Rule 37 motion, not to exceed four (4) pages, shall be filed within five (5) days of service of the motion. No reply is permitted.

    (b)    All papers shall set forth in a plain and concise manner the issue(s) in dispute, the party's position on the issue(s), and the reasons for the party's position.

    (c)    Upon receipt of the Answer, the movant shall notify Chambers by e-mail at jjf_civil@ded.uscourts.gov that the dispute is ready for decision.

    (d)    Upon receipt of the movant's e-mail, the Court will determine whether a conference is necessary and advise the parties accordingly.

    (e)    There is no limit on the number of Rule 37 motions a party may file, unless otherwise ordered by the Court

    5.    **Amendment of the Pleadings**. All motions to amend the pleadings shall be filed on or before **March 30, 2007.**

    6.    **Case Dispositive Motions.** Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before **February 29, 2008**. Any opposition brief will be due three (3) weeks after the filing of the opening brief, and

reply briefs shall be due two (2) weeks after the filing of the opposition brief. No case dispositive motion may be filed more than ten (10) days before the above date without leave of the Court. The Court will issue a separate Order regarding procedures for filing summary judgment motions.

7.  **Markman.** A Markman Hearing will be held on **October 1, 2007**. Simultaneous opening Markman briefs will be exchanged and filed on **August 24, 2007**. Simultaneous answering Markman briefs will be exchanged and filed on **September 14, 2007**. Briefing on the claim construction issues shall be completed at least ten (10) business days prior to the hearing. The Court, after reviewing the briefing, will allocate time to the parties for the hearing.

8.  **Applications by Motion.**

    (a)  Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

    (b)  No facsimile transmissions will be accepted.

    (c)  No telephone calls shall be made to Chambers.

    (d)  Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

9. **Pretrial Conference and Trial.** After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference.

The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.

_____         _____
DATE                                    UNITED STATES DISTRICT JUDGE

TAB 2

**TABLE COMPARING THE DATES PROPOSED BY THE PARTIES IN THEIR PROPOSED PRETRIAL SCHEDULING ORDERS**

| Event | Plaintiff's proposed date | Defendant's proposed date |
|---|---|---|
| Pre-discovery disclosures | June 23, 2006 | June 23, 2006 |
| Exchange of proposed claim constructions | In response to contention interrogatories on January 31, 2007 | July 14, 2006 |
| Hearing on Plaintiff's motion to strike Defendant's unenforceability defense and to dismiss Defendant's unenforceability counterclaim | Wyeth will request a hearing to be scheduled at the Court's convenience | August __, 2006 |
| Exchange and completion of contention interrogatories, identification of fact witnesses, and completion of document production | January 31, 2007 | August 18, 2006 |
| Maximum number of interrogatories | 50 | 50 |
| Maximum number of requests for admission | Unlimited, but if a party believes that any requests served upon it are oppressive, unnecessary or duplicative of other discovery, it may for good cause shown seek a protective order from the Court. | Unlimited, but if a party believes that any requests served upon it are oppressive, unnecessary or duplicative of other discovery, it may for good cause shown seek a protective order from the Court. |

| Event | Plaintiff's proposed date | Defendant's proposed date |
|---|---|---|
| Maximum number of non-expert depositions | 10 depositions of 7 hours each for each party. | 15 depositions of 7 hours each for each party, with the exception of depositions of the inventors of the patents-in-suit, each of which shall be a maximum of 2 days of 7 hours each. In addition, each party shall have 42 hours of deposition time for 30(b)(6) depositions. |
| Status conferences | Did not propose any status conferences but would not object if the Court so agreed | September ___, 2006 and October ___, 2006 |
| Last day to move to amend pleadings | March 30, 2007 | October 21, 2006 |
| Last day to move for joinder of other parties | March 30, 2007 | October 21, 2006 |
| Completion of fact discovery | August 31, 2007 | November 21, 2006 |
| Opening expert reports | October 31, 2007 | November 22, 2006 |
| Rebuttal expert reports | December 14, 2007 | December 8, 2006 |
| Submission of joint claim construction chart | To be included in Opening Markman Briefs on August 24, 2007 | December 15, 2006 |
| Opening Markman briefs | August 24, 2007 | December 21, 2006 |
| Close of expert discovery | February 15, 2008 | December 22, 2006 |
| Opening summary judgment briefs | February 29, 2008 | January 11, 2007 |

| Event | Plaintiff's proposed date | Defendant's proposed date |
|---|---|---|
| Responsive Markman briefs | September 14, 2007 | January 18, 2007 |
| Opposition summary judgment briefs | 3 weeks after February 29, 2008 (March 21, 2008) | January 26, 2007 |
| Reply summary judgment briefs | 2 weeks after opposition brief (April 4, 2008) | February 2, 2007 |
| Markman hearing | October 1, 2007 | To be set by the Court |
| Pretrial conference | Court will schedule after reviewing parties' proposed scheduling orders | April ___, 2007 or on such other date as the Court deems appropriate |
| Trial | Court will schedule after reviewing parties' proposed scheduling orders | July ___, 2007 or on such other date as the Court deems appropriate |