IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WYETH, | : |
|       Plaintiff, | : |
|   v. | : |
| IMPAX LABORATORIES, INC., | : Civil Action No. 06-222-JJF |
|       Defendants. | : |

### MEMORANDUM ORDER

Pending before the Court is Wyeth's Motion To Strike Impax's Unenforceability And Unclean Hands Affirmative Defenses Under Fed. R. Civ. P. 12(f), And To Dismiss Impax's Unenforceability Counterclaims under Fed. R. Civ. P. 12(b)(6). (D.I. 9). For the reasons discussed, the Motion will be denied.

### I. BACKGROUND

On April 5, 2006, Plaintiff filed its Complaint, alleging that Defendant infringes United States Patent Nos. 6,274,171 B1, 6,403,120 B1, and 6,419,958 B2 (collectively, "the patents-in-suit"). Plaintiff alleges that Defendant infringed the patents-in-suit by submitting an Abbreviated New Drug Application ("ANDA") to the United States Food and Drug Administration for its Venlafaxine HCl Extended-Release Capsules prior to the expiration of the patents-in-suit. (D.I. 1). Defendant filed its Answer and Counterclaims on April 25, 2006. (D.I. 7).

Plaintiff subsequently filed a Rule 12(f) motion to strike Defendant's fourth affirmative defense, which alleges that the patents-in-suit are unenforceable due to unclean hands, and a Rule 12(b)(6) motion to dismiss Defendant's counterclaims seeking declaratory judgments of non-infringement and invalidity as to the patents-in-suit. (D.I. 9). Plaintiff contends that Defendant's unclean hands defense and related counterclaims are conclusory and fail to meet either the Rule 9(b) pleading with particularity standard or the Rule 8 notice pleading standard. (D.I. 10). Defendant contends that it has sufficiently alleged its defense and counterclaims under Rule 8. (D.I. 14). Plaintiff's motion to dismiss Defendant's counterclaims is contingent on the outcome of the motion to strike. Therefore, the analyses are taken together.

## II. DISCUSSION

Federal Rule of Civil Procedure 8(b) provides that "[a] party shall state in short and plain terms the party's defenses to each claim asserted." Fed. R. Civ. P. 8(b). There are limited exceptions to the notice pleading standard of Rule 8, which are clearly set forth in Rule 9(b), including fraud and claims sounding in fraud, such as unenforceability due to inequitable conduct. McKesson Info. Solutions, LLC v. Trizetto Group, Inc., 2005 U.S. Dist. LEXIS 6733, at **7-8 (D. Del. April 20, 2005); Fed. R. Civ. P. 9(b). However, the pleading standard

for an unclean hands defense is "short and plain terms" under Rule 8(b). McKesson, 2005 U.S. Dist. LEXIS 6733, at *2; Fed. R. Civ P. 8(b).

Here, Defendant has not alleged fraud, but rather a theory of unclean hands based on patent misuse. (D.I. 7 at ¶¶ 56-59); See C.R. Bard, Inc. v. M3 Sys., Inc., 157 F.3d 1340, 1372 (Fed. Cir. 1998). In order to survive both the motion to strike and the motion to dismiss, Defendant must allege facts sufficient to show that Plaintiff has acted in bad faith and with an anti-competitive effect or purpose by commencing this litigation. Glaverbel Societe Anonyme v. Northlake Mktg. & Supply, Inc., 45 F.3d 1550, 1558 (Fed. Cir. 1995). In this case, Defendant alleges that it sent Plaintiff a letter, advising Plaintiff that it had filed an ANDA seeking approval to market Venlafaxine HCl Extended-Release Capsules, and that it was providing information to Plaintiff to establish that the drug would not infringe Plaintiff's patents. (D.I. 7 at ¶ 10). Defendant further alleges that Plaintiff knew that Defendant's proposed formulation did not infringe its patent claims. (D.I. 7 at ¶¶ 58-59). Finally, Defendant alleges that Plaintiff's actions constitute anti-competitive behavior. (D.I. 7 at ¶¶ 56, 58). Construing the facts in the light most favorable to Defendant, the Court concludes that Defendant has alleged patent misuse with reasonable particularity to meet the liberal notice pleading

3

standards of Rule 8. The truthfulness and impact of these averments will be determined at a later stage of the case. Accordingly, the Court will deny Plaintiff's Motion To Strike Impax's Unenforceability And Unclean Hands Affirmative Defenses Under Fed. R. Civ. P. 12(f), And To Dismiss Impax's Unenforceability Counterclaims Under Fed. R. Civ. P. 12(b)(6).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion To Strike Impax's Unenforceability And Unclean Hands Affirmative Defenses Under Fed. R. Civ. P. 12(f), And To Dismiss Impax's Unenforceability Counterclaims Under Fed. R. Civ. P. 12(b)(6) (D.I. 9) is **DENIED**.

July 13, 2006

_____
UNITED STATES DISTRICT JUDGE