## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| WYETH, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 06-222 JJF |
| v. | ) | |
| | ) | **PUBLIC VERSION** |
| IMPAX LABORATORIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

RICHARD K. HERRMANN (I.D. No. 405)
MARY B. MATTERER (I.D. No. 2696)
MORRIS JAMES HITCHENS & WILLIAMS LLP
222 Delaware Ave., 10th Floor
Wilmington, DE 19801
Telephone: (302) 888-6800
mmatterer@morrisjames.com

M. PATRICIA THAYER (*pro hac vice*)
JOHN M. BENASSI (*pro hac vice*)
JESSICA R. WOLFF (*pro hac vice*)
DANIEL N. KASSABIAN (*pro hac vice*)
SAMUEL F. ERNST (*pro hac vice*)
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA 92101
Telephone: (858) 450-8400
Facsimile: (858) 450-8499

Attorneys for Defendant
IMPAX LABORATORIES, Inc.

Originally filed:  August 10, 2006
Public version filed:  August 15, 2006

Pursuant to the Discovery Dispute procedures set forth in paragraph 4 of the Rule 16 Scheduling Order, (D.I. 27 ¶ 4), Defendant Impax Laboratories, Inc. ("Impax") moves to compel the production of documents from Plaintiff seeking the following relief:

## I.    The Court should order Wyeth to produce all pleadings, deposition transcripts, hearing transcripts, and orders from the Teva Litigation.

Wyeth has refused to produce all pleadings, deposition transcripts, hearing transcripts, expert reports, and orders from its lawsuit against Teva Pharmaceuticals in the District of New Jersey, No. 03-CV-1293 ("Teva Litigation"), with those portions designated by Teva as "confidential" or "highly confidential" redacted. Declaration of Mary B. Matterer in Support of Impax's Motion to Modify the Scheduling Order and Motion to Compel ("Matterer Decl."), Ex. 7 at 11, Ex. 8 at 26 (Wyeth's Responses to Impax's Requests for Production).[1] These documents are responsive to Impax's Document Requests Nos. 2-4 and 30 and are relevant to the claims and defenses at issue in this lawsuit because Wyeth asserted the same patents against Teva in the Teva Litigation that it asserts against Impax in this litigation. Matterer Decl., Ex. 5 at 4-5, Ex. 6 at 11 (Impax's Requests for Production).

Wyeth objected to producing these documents because "Teva has designated the bulk of this information as confidential and subject to the protective order in place in the Teva litigation, and it would be unduly burdensome to attempt to redact this information. Moreover, under the protective order in that litigation, Teva, not Wyeth, would have to redact information it designated as confidential." Matterer Decl., Ex. 7 at 11, Ex. 8 at 26. The protective order from the Teva Litigation does not preclude Wyeth from redacting the Teva confidential materials to meet its discovery obligations in this litigation. Matterer Decl., Ex. 26.

Furthermore, there is no undue burden to Wyeth because Wyeth already possesses the documents and knows which information, designated by Teva as confidential, to redact. Impax has requested but has been unable to obtain this information from Teva in time to meet the August 10, 2006 deadline to amend pleadings in this case. Matterer Decl., Exs. 17, 18. Before Impax

---

[1] There are undoubtedly other documents from the Teva litigation that are responsive to Impax's documents requests. It remains to be seen whether Wyeth will agree to produce those.

may subpoena the documents from Teva, it must move to compel the documents from Wyeth in this Court. *See Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993).

**II.     The Court should order Wyeth to produce responsive documents in their native format and not as Tiff images or paper copies with the meta-data stripped away.**

Wyeth refuses to produce any documents, including e-mail messages and other electronic documents, in their native format and will only produce paper copies or TIFF images of documents with crucial and discoverable metadata stripped away. Matterer Decl., Ex. 7 at 4-5, Ex. 8 at 4-5, Ex. 10 at 3. Metadata for electronic documents includes such information as "file names, dates of the file, authors of the file, recipients of the file, print-out dates, changes and modification dates, and other information." *Williams v. Sprint/United Mgmt. Co.*, 230 F.R.D. 640, 644 (D. Kan. 2005).

A request for documents under Fed. R. Civ. P. 34 operates as a request for data stored in electronic form. *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1383 (7th Cir. 1993) ("[C]omputer data is included in Rule 34's description of documents."). When a party produces responsive electronic documents, it must produce the documents with their metadata intact. It is improper to produce electronic documents in a form with their metadata removed. *Williams*, 230 F.R.D. at 652. The amendments to the Federal Rules of Civil Procedure governing electronic discovery, approved by the Supreme Court on April 12, 2006 to take effect on December 31, 2006, require a party to produce electronically stored information on a motion to compel unless the producing party can show that the information "is not reasonably accessible because of undue burden or cost." Matterer Decl., Ex. 27 at Rule 26(b)(2)(B). Even if such a showing is made, "the court may nonetheless order discovery from such sources if the requesting party shows good cause." *Id.*

Producing electronic documents in their native format would not result in undue burden or cost to Wyeth because it would require no processing of the documents to convert them to TIFF images or to print them as paper copies. There is good cause for requiring production in this format because it preserves responsive metadata indicating who authored, modified, and received

electronic documents and on what precise dates.  Moreover, metadata greatly facilitates and reduces the cost of the task of reviewing electronic documents.

# REDACTED

This information does not constitute undiscoverable attorney work product because it contains only that information a party would be required to provide when withholding documents as privileged or subject to work product protection pursuant to Fed. R. Civ. P. 26(b)(5).

**III.     The Court should order Wyeth to bear the cost of its own discovery productions**

The general rule requires the entity producing the documents to bear that burden.  *Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 685 (D. Kan. 1991) ("[T]he general rule requires the entity answering or producing the documents to bear that burden.").  Rule 54(d)(1)anticipates that each party will bear its own costs and expenses during the pendency of litigation.  FED. R. CIV. P. 54(d)(1).  Nonetheless, Wyeth refuses to produce documents unless Impax pays for the full cost of imaging copies of any documents produced solely in this litigation, and half the cost Wyeth incurred for imaging copies of documents it produced in the Teva Litigation, or unless Impax agrees to pay for the full cost of producing paper copies.  Matterer Decl., Ex. 7 at 5.

Wyeth offers no legitimate basis for its cost-shifting demands.  Because Wyeth initiated this lawsuit and is a much larger company than Impax with much greater resources, its production costs should not shift to Impax.  Also, Impax should not be required to pay for half the cost Wyeth incurred in imaging documents for production in the Teva Litigation because Wyeth has already incurred that cost and will not need to incur it again in this litigation.  There is moreover no justification in the Federal Rules for Wyeth's refusal to produce documents until this dispute is resolved, such that responsive documents are not produced prior to the August 10 deadline to amend pleadings.

IV.    **The Court should order Wyeth to produce responsive documents gathered from all of Wyeth's locations and facilities, and not just from those in the United States.**

Wyeth refuses to search for and produce responsive documents from its locations and facilities other than those located in the United States. Matterer Decl., Ex. 7 at 2. Wyeth's self-imposed geographical limitation on its discovery obligations is improper. When relevant documents and things are sought from a party in discovery, the responding party's obligation to produce extends to all documents in its possession, custody, and control, not just those located in the United States. *See, e.g., Avery Dennison Corp. v. UCB Films PLC*, No. 95C 6351, 1998 WL 293002, at *1 (N.D. Ill. May 28, 1998) (discovery ordered regardless of where the documents were located); *Manville Sales Corp. v. Paramount Sys., Inc.*, No. Civ.A. No. 86-4157, 1987 WL 14794, *3 (E.D. Pa. Oct. 20, 1987) (information outside U.S. can lead to admissible evidence).

Documents from Wyeth's foreign facilities are relevant to this litigation. For example, one of the clinical studies in support of Wyeth's NDA for Effexor® XR which is relied upon in the specifications of the patents-in-suit – study no. 600B-367-EU – took place in Europe. Matterer Decl., Ex. 28 at 2. As a further example, documents related to Wyeth's prosecution of the foreign-equivalent patents-in-suit are relevant, as Wyeth's assertions in these prosecutions are relevant, *inter alia*, to the construction of disputed claim terms.

V.    **The Court should order Wyeth to produce all responsive documents generated after its self-selected cut-off date of February 10, 2003.**

Wyeth refuses to produce documents, except in certain discrete categories it has defined itself, that were created or generated after February 10, 2003. Matterer Decl., Ex. 7 at 5. There is no basis for Wyeth's arbitrary cut-off date of February 10, 2003. The Federal Rules require a party seasonably to amend a request for production if it discovers or generates additional responsive documents. FED. R. CIV. P. 26(e)(2). Relevant documents generated after February 10, 2003 include, for example, documents regarding Wyeth's unclean hands in asserting the patents-in-suit against Impax with knowledge that Impax's products do not infringe. Nor is Wyeth's cut-off date justified by the fact that it will incur additional expenses in gathering and producing documents not collected for the Teva Litigation. Matterer Decl., Ex. 12 at 4-5. Wyeth chose to file this lawsuit and must have expected that it would incur litigation expenses.

4

RICHARD K. HERRMANN (I.D. No. 405)
MARY B. MATTERER (I.D. No. 2696)
MORRIS JAMES HITCHENS & WILLIAMS LLP
222 Delaware Ave., 10th Floor
Wilmington, DE 19801
Telephone: (302) 888-6800
mmatterer@morrisjames.com

M. PATRICIA THAYER (*pro hac vice*)
JOHN M. BENASSI (*pro hac vice*)
JESSICA R. WOLFF (*pro hac vice*)
DANIEL KASSABIAN (*pro hac vice*)
SAMUEL F. ERNST (*pro hac vice*)
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA 92101
Telephone: (858) 450-8400
Facsimile: (858) 450-8499

Attorneys for IMPAX LABORATORIES, INC.

Dated:  August 10, 2006

5

## **RULE 7.1.1 CERTIFICATION**

The undersigned certifies that counsel for plaintiffs and counterclaim defendants

Wyeth has been contacted and the parties have been unable to resolve the issues presented

in this Motion.

Mary B. Matterer (#2696)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| WYETH, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | )Civil Action No.: 06-222 JJF |
| v. | ) |
| | ) |
| IMPAX LABORATORIES, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## [PROPOSED] ORDER

WHEREAS, the Court having considered Defendant's Motion to Compel

Production of Documents;

IT IS HEREBY ORDERED this ____ day of _____, 2006 that the

Motion is GRANTED.

_____
Joseph J. Farnan, Jr., J.

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of August, 2006, I electronically filed the foregoing document, **PUBLIC VERSION OF DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Jack B. Blumenfeld
Karen Jacobs Louden
Morris Nichols Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

Additionally, I hereby certify that on the 15th day of August, 2006, the foregoing document was served as indicated on the following:

| **VIA EMAIL AND HAND DELIVERY** | **VIA EMAIL AND FEDERAL EXPRESS** |
|---|---|
| Jack B. Blumenfeld | Basil J. Lewris |
| Karen Jacobs Louden | Linda A. Wadler |
| Morris Nichols Arsht & Tunnell | Finnegan Henderson Farabow |
| 1201 N. Market Street | Garrett & Dunner |
| Wilmington, DE 19801 | 901 New York Avenue, NW |
| | Washington, DE 20001 |
| | 202.408.4000 |
| | Bill.Lewris@finnegan.com |
| | Linda.Wadler@finnegan.com |

_/s/ Mary B. Matterer_

Mary B. Matterer (I.D. No. 2696)
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
(302) 888-6800
mmatterer@morrisjames.com

Attorneys for IMPAX LABORATORIES, INC.