IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WYETH,                              :
                                    :
         Plaintiff,                 :
                                    :
    v.                              :   Civil Action No. 06-222-JJF
                                    :
IMPAX LABORATORIES, INC.,           :
                                    :
         Defendant.                 :

### MEMORANDUM ORDER

Pending before the Court is Defendant's Motion To Modify The Scheduling Order (D.I. 34). For the reasons discussed, the Motion will be denied.

### I. BACKGROUND

On April 5, 2006, Plaintiff Wyeth filed a patent infringement suit against Defendant Impax Laboratories, Inc. (D.I. 1). On July 13, 2006, the Court issued a Rule 16 Scheduling Order setting August 10, 2006 as the deadline for amendment of pleadings. (D.I. 27). On August 10, 2006, Defendant filed its Motion To Modify The Scheduling Order. (D.I. 34). By its Motion, Defendant contends the deadline to amend pleadings should be extended to March 30, 2007.

### II. DISCUSSION

The Court concludes that an amendment of the scheduling order is not warranted. A pretrial scheduling order "shall not be modified except upon a showing of good cause. . .." Fed.R.Civ.P. 16(b). Good cause is shown where a party is not reasonably able to meet a deadline despite its diligence.

Globespanvirata, Inc. v. Texas Instruments Inc., No. 03-2854, 2005 U.S. Dist. LEXIS 16348, at *9 (D.N.J. July 25, 2005) (quoting Rent-a-Center v. Mamaroneck Ave. Corp., 215 F.R.D. 100, 104 (S.D.N.Y. 2003)). Although Defendant contends it used diligence in investigating its defenses and counterclaims, it offers no evidence that it was unable to meet the original deadline of August 10, 2006 for amendment of pleadings. Rather than filing a motion for leave to file an amended answer, Defendant requests a seven month extension of the original deadline. The Court concludes such modification of the scheduling order is not warranted.

Further, if necessary, Defendant may file a Motion to Amend pursuant to Rule 15(a). Such motions are liberally granted unless there is an apparent reason for denying the request. Foman v. Davis, 371 U.S. 178, 182 (1962); Adams v. Gould, Inc., 739 F.2d 858 (3d Cir. 1984). Accordingly, the Court will deny Defendant's Motion to Modify The Scheduling Order. (D.I. 34).

III. CONCLUSION

NOW THEREFORE, IT IS HEREBY ORDERED this 6 day of September 2005, that Defendant Impax Laboratories, Inc.'s Motion To Modify The Scheduling Order (D.I. 34) is **DENIED**.

UNITED STATES DISTRICT JUDGE

2