IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| WYETH,<br><br>                Plaintiff,<br><br>      v.<br><br>IMPAX LABORATORIES, INC.,<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>)Civil Action No.: 06-222 JJF<br>)<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF SAMUEL F. ERNST IN SUPPORT OF IMPAX'S
MOTION FOR THE APPOINTMENT OF A SPECIAL MASTER TO
MANAGE DISCOVERY AND RESOLVE DISCOVERY DISPUTES**

M. PATRICIA THAYER (*pro hac vice*)
JOHN M. BENASSI (*pro hac vice*)
JESSICA R. WOLFF (*pro hac vice*)
DANIEL N. KASSABIAN (*pro hac vice*)
SAMUEL F. ERNST (*pro hac vice*)
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA 92101
Telephone: (858) 450-8400
Facsimile: (858) 450-8499

MARY B. MATTERER (I.D. No. 2696)
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Ave., 10th Floor
Wilmington, DE 19801
Telephone: (302) 888-6800
mmatterer@morrisjames.com

Attorneys for Defendant IMPAX
LABORATORIES, Inc.

September 21, 2006

I, Samuel F. Ernst, declare:

1.      I am an attorney at the law firm of Heller Ehrman LLP, counsel to Defendant Impax Laboratories, Inc. ("Impax") in this matter.

2.      On Friday September 8, 2006, counsel for Impax asked counsel for Plaintiff Wyeth ("Wyeth") if Wyeth would stipulate to the appointment of a Special Master to resolve discovery disputes.

3.      On September 13, 2006, counsel for Wyeth sent a letter to counsel for Impax stating that it would not agree to the appointment of a Special Master.

4.      Accordingly, pursuant to D. Del. LR 7.1.1, I hereby verify that Impax made a reasonable effort to reach agreement with Wyeth on the matters set forth in Impax's motion but was unable to come to an agreement.

5.      On June 23, 2006, Impax served its first set of requests for production on Wyeth.

6.      Attached hereto as Exhibit 1 is a letter from Arie M. Michelson, counsel to Wyeth, to Daniel M. Kassabian, counsel for Impax, of September 19, 2006.

7.      Attached hereto as Exhibit 2 is a letter from myself to Linda Wadler, counsel for Wyeth, of August 21, 2006.

8.      Attached hereto as Exhibit 3 is a letter from Linda Wadler to Daniel Kassabian of August 11, 2006.

9.      Attached hereto as Exhibit 4 is the letter of September 13, 2006 referred to in paragraph 3, *supra.* from Linda Wadler to Jessica Wolff, counsel to Impax.

10.    Attached hereto as Exhibit 5 is this Court's Standing Order of Sept. 15, 2004 at 2, "In Re: Procedures to Govern the Appointment of Special Masters to Hear Discovery Disputes in Intellectual Property Cases."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on this twenty-first day of September, 2006 at San Francisco, California.

_____
SAMUEL F. ERNST (*pro hac vice*)
Counsel to Defendant Impax Laboratories,
Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of September, I electronically filed the foregoing document, **DECLARATION OF SAMUEL F. ERNST IN SUPPORT OF IMPAX'S MOTION FOR THE APPOINTMENT OF A SPECIAL MASTER TO MANAGE DISCOVERY AND RESOLVE DISCOVERY DISPUTES**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Jack B. Blumenfeld
Karen Jacobs Louden
Morris Nichols Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

Additionally, I hereby certify that on the 22nd day of September, 2006, the foregoing document was served as indicated on the following:

**VIA EMAIL AND HAND DELIVERY**
Jack B. Blumenfeld
Karen Jacobs Louden
Morris Nichols Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

**VIA EMAIL AND FEDERAL EXPRESS**
Basil J. Lewris
Linda A. Wadler
Finnegan Henderson Farabow
    Garrett & Dunner
901 New York Avenue, NW
Washington, DE 20001
202.408.4000
Bill.Lewris@finnegan.com
Linda.Wadler@finnegan.com

Mary B. Matterer (I.D. No. 2696)
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
(302) 888-6800
mmatterer@morrisjames.com

Attorneys for IMPAX LABORATORIES, INC.

# Exhibit 1

LAW OFFICES
## FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.
901 New York Ave., NW
Washington, DC 20001

| Telephone | Facsimile |
|---|---|
| (202) 408-4000 | (202) 408-4400 |

## FACSIMILE TRANSMITTAL

| **TO** | | **FROM** | |
|---|---|---|---|
| **Name:** | Daniel N. Kassabian, Esq. | **Name:** | Arie M. Michelsohn, Esq. |
| **Firm:** | Heller Ehrman LLP | **Phone No.:** | (202) 408-4180 |
| **Fax No.:** | 415-772-6268 | **Fax # Verified by:** | H. Rubin - MD 804 |
| **Phone No.:** | 415-772-6098 | **# Pages (incl. this):** | 4 |
| **Subject:** | Wyeth v. Impax | **Date:** | September 19, 2006 |
| | | **Our File No.:** | |

## Confirmation Copy to Follow: NO

**Message:**

If there is a problem with this transmission, notify fax room at (202) 408-4174 or the sender at the number above.

This facsimile is intended only for the individual to whom it is addressed and may contain information that is privileged, confidential, or exempt from disclosure under applicable law. If you have received this facsimile in error, please notify the sender immediately by telephone (collect), and return the original message by first-class mail to the above address.



**FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER**LLP

901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

ARIE M. MICHELSOHN, ESQ.
202.408.4160
arie.michelsohn@finnegan.com

September 19, 2006

***VIA FACSIMILE***

Daniel N. Kassabian, Esq.
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104

*Wyeth v. Impax Laboratories, Inc.*, Civil Action No.: 06-222 JJF (D. Del.)

Dear Daniel:

As part of Wyeth's continuing document production, 10 CDs containing documents in TIFF image format are available for your inspection. These documents bear the following range of production numbers:

WYETH 021-000001 - WYETH 021-002147;
WYETH 025-000001 - WYETH 025-000343;
WYETH 026-000001 - WYETH 026-000002;
WYETH 027-000001 - WYETH 027-000496;
WYETH 028-000001 - WYETH 028-000017;
WYETH 029-000001 - WYETH 029-000299;
WYETH 030-000001 - WYETH 030-000495;
WYETH 031-000001 - WYETH 031-006012;
WYETH 032-000001 - WYETH 032-005810;
WYETH 033-000001 - WYETH 033-000865;
WYETH 034-000001 - WYETH 034-001653;
WYETH 035-000001 - WYETH 035-001550;
WYETH 083-000001 - WYETH 083-000483;
WYETH 083-000509 - WYETH 083-000577;
WYETH 083-000584 - WYETH 083-000979;
WYETH 083-000996 - WYETH 083-001009;
WYETH 083-001024 - WYETH 083-001089;
WYETH 083-001103 - WYETH 083-001137;
WYETH 083-001168 - WYETH 083-001366;
WYETH 083-001369 - WYETH 083-001447;
WYETH 094-000001 - WYETH 094-001869;

Daniel N. Kassabian, Esq.
September 19, 2006
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

WYETH 094-001889 - WYETH 094-003059;
WYETH 094-003072 - WYETH 094-004788;
WYETH 094-004794 - WYETH 094-005605;
WYETH 094-005626 - WYETH 094-005658;
WYETH 094-005690 - WYETH 094-006210;
WYETH 094-006212 - WYETH 094-006216;
WYETH 094-006218 - WYETH 094-006440;
WYETH 094-006443 - WYETH 094-006798;
WYETH 094-006831 - WYETH 094-027660;
WYETH 094-027727 - WYETH 094-052937;
WYETH 094-053137 - WYETH 094-058573;
WYETH 095-000001 - WYETH 095-000317;
WYETH 095-000351 - WYETH 095-000356;
WYETH 095-000369 - WYETH 095-000376;
WYETH 095-000437 - WYETH 095-001159;
WYETH 101-000001 - WYETH 101-002364;
WYETH 101-003014 - WYETH 101-003017;
WYETH 101-003453 - WYETH 101-004450;
WYETH 101-004455 - WYETH 101-004784;
WYETH 101-004787;
WYETH 101-004797- WYETH 101-004801;
WYETH 101-004807;
WYETH 101-004815 - WYETH 101-004816;
WYETH 101-004818 - WYETH 101-004958;
WYETH 101-004964;
WYETH 101-004970 - WYETH 101-005402;
WYETH 101-005410 - WYETH 101-005456;
WYETH 101-005481 - WYETH 101-005607;
WYETH 101-005612 - WYETH 101-005647;
WYETH 101-005651 - WYETH 101-005706;
WYETH 101-005717 - WYETH 101-005743;
WYETH 101-005812 - WYETH 101-009031;
WYETH 101-009033 - WYETH 101-009478;
WYETH 101-009532 - WYETH 101-010072;
WYETH 101-010110 - WYETH 101-013422;
WYETH 101-013473 - WYETH 101-015408;
WYETH 101-015418 - WYETH 101-016371;
WYETH 101-016373 - WYETH 101-016701;
WYETH 101-016707 - WYETH 101-017344;
WYETH 101-017457 - WYETH 101-017490;
WYETH 101-017553 - WYETH 101-017590;
WYETH 102-000001 - WYETH 102-000024;
WYETH 102-000038;

Daniel N. Kassabian, Esq.
September 19, 2006
Page 3

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

WYETH 102-000044 - WYETH 102-000058;
WYETH 102-000072 - WYETH 102-000081;
WYETH 102-000094 - WYETH 102-000102;
WYETH 102-000166 - WYETH 102-000224;
WYETH 102-000229 - WYETH 102-000361;
WYETH 102-000369 - WYETH 102-000466;
WYETH 102-000506 - WYETH 102-000513;
WYETH 102-000594 - WYETH 102-000783;
WYETH 103-000001 - WYETH 103-000081;
WYETH 103-000083 - WYETH 103-000086;
WYETH 104-000001 - WYETH 104-000919; and
WYETH 108-000001 - WYETH 108-000038.

The enclosed documents are stamped CONFIDENTIAL or HIGHLY CONFIDENTIAL and SUBJECT TO PROTECTIVE ORDER. Until a formal protective order is in place, however, the documents should be inspected on an outside counsel eyes only basis pursuant to D. Del. L.R. 26.2.

Please contact us to arrange a mutually agreeable time for your inspection at our Reston, Virginia office. Alternatively, please let us know if you would prefer us to send you copies of these TIFF images at a cost of $5,782.50 (6¢ per page).

Sincerely,

Arie M. Michelsohn

AAM/jm

cc:    Mary B. Matterer, Esq. (via Facsimile)
       Richard K. Herrmann, Esq. (via Facsimile)

# Exhibit 2

# HellerEhrman LLP

August 21, 2006

Samuel F. Ernst
Sam.Ernst@hellerehrman.com
Direct +1.415.772.6964
Direct Fax +1.415.772.1759
Main +1.415.772.6000
Fax +1.415.772.6268

40443.0005

*Via E-mail*

Linda A. Wadler, Esq.
Finnegan Henderson Farabow Garrett
& Dunner LLP
901 New York Ave., N.W.
Washington, DC 20001-4413

Re:    *Wyeth v. Impax Laboratories, Inc.*, No. 06-222 (D. Del.)

Dear Linda:

This letter is in response to your letters of August 3 and 4 to Ms. Wolff regarding Impax's responses to Wyeth's first set of document requests and first set of interrogatories. This letter also addresses certain deficiencies in Wyeth's responses to Impax's discovery requests.

### Objections regarding the timing of discovery of party contentions

You have raised concerns regarding Impax's responses to Wyeth's interrogatories nos. 1 through 3 seeking Impax's contentions regarding noninfringement and invalidity.

Impax believes it has adequately responded to interrogatory no. 1 at this early stage of the litigation by, *inter alia*, explaining that Impax's products do not infringe because they do not contain microcrystalline cellulose, a limitation present in each claim of the patents-in-suit either explicitly or as properly construed.

Impax believes it has adequately responded to interrogatories nos. 2 and 3 at this early stage of the litigation by explaining that the claims of the patents-in-suit are invalid as anticipated pursuant to 35 U.S.C. § 102 or rendered obvious pursuant to 35 U.S.C. § 103 and by listing the prior art references Impax is currently aware of that render the claims invalid under these provisions. Further, Impax has explained that in the unlikely event the Court construes "extended release formulation" as not comprising microcrystalline cellulose, the patents-in-suit are invalid pursuant to 35 U.S.C. § 112 for lack of enablement and for lack of a written description.

HellerEhrman<sub>LLP</sub>

Linda A. Wadler, Esq.
August 21, 2006
Page 2

We note that Impax's responses to these interrogatories are much more detailed and responsive than Wyeth's responses to Impax's interrogatories nos. 9 and 17 seeking Wyeth's contentions regarding infringement and invalidity. Wyeth has failed to identify a single ingredient of Impax's accused formulations that meet a limitation of the asserted claims in response to interrogatory no. 9. In response to interrogatory no. 17, Wyeth has failed to identify a single secondary consideration that it contends supports a finding of non-obviousness, much less the factual and legal basis for any such contention.

Both parties have raised objections to these contention interrogatories as premature because, *inter alia*, expert discovery has not yet occurred and because fact discovery is ongoing. *See* Wyeth's Resps. to Def. Impax's First Set of Interrogs. at 27 ("Wyeth also objects to Interrogatory No. 9 as premature because, under the Court's Scheduling Order, initial expert reports are not due until September 28, 2007."), 37 ("Wyeth objects to this interrogatory as premature because fact discovery is just beginning and, under the Court' Pretrial Scheduling Order, Wyeth's rebuttal expert reports are not due until October 31, 2007."). Consideration of infringement and invalidity further requires disputed claim terms to be construed and, as Wyeth has pointed out, "the Court has set April 13, 2007 as the date for parties to exchange proposed claim constructions." *Id.* at 23.

Accordingly, Impax suggests a compromise regarding these contention interrogatories that will account for both parties' need to receive discovery of contentions prior to trial and both parties' objections regarding timing. Specifically, Impax suggests that the parties agree to exchange infringement and invalidity contentions on a schedule and sequence modeled after that provided for by the Patent Local Rules of the Northern District of California. (available at http://www.cand.uscourts.gov/).[1] Specifically, Impax proposes as follows:

- Wyeth will serve on Impax a "Disclosure of Asserted Claims and Preliminary Infringement Contentions," as defined in N.D. Cal. Patent L.R. 3-1, including the document production accompanying this disclosure pursuant to N.D. Cal. Patent L.R. 3-2, by August 28, 2006.[2]

- Impax will serve on Wyeth its "Invalidity Contentions," as defined in N.D. Cal. Patent L.R. 3-3, including the document production accompanying this disclosure pursuant to Patent L.R. 3-4, by October 10, 2006.

---

[1] Other courts, such as the Eastern District of Texas, have adopted these rules and many courts have adopted them on an ad hoc basis.

[2] We note that Wyeth is in a position to make this disclosure now, as Impax has already produced to Wyeth its ANDA, which details the ingredients of the accused products.

HellerEhrman LLP

Linda A. Wadler, Esq.
August 21, 2006
Page 3

These dates are calculated to achieve completion of the exchange of party contentions by the October 31, 2006 deadline for completion of contention interrogatories. As provided for in N.D. Cal. Patent L.R. 3-3, Impax's invalidity contentions would be due approximately 45 days after Impax's infringement contentions. We are willing to negotiate the precise details of such an exchange, however, and would suggest that the parties meet and confer on this proposed compromise.

### Objections regarding the scope of discovery on the claimed and accused products

Impax has objected to Wyeth's demand for documents and interrogatories related to all proposed, experimental, and commercial products containing the active ingredient venlafaxine hydrochloride. Documents regarding products that are not the subject of ANDA 78-057, are not accused in this litigation, and are not related to EFFEXOR® or EFFEXOR® XR are not relevant to the claims at issue in this litigation.

In response to Impax's document request no. 7, Wyeth itself has objected to providing documents regarding EFFEXOR® other than those "reflecting (1) comparisons between immediate release Effexor® and Effexor® XR, or (2) nausea and/or vomiting in humans associated with immediate release Effexor®." This is far narrower than the categories of documents regarding EFFEXOR® Impax has agreed to produce. We fail to understand why Wyeth expects Impax to conform to a set of rules that it does not intend to follow itself.

### Objections regarding the definitions of the parties

In a similar vein, Wyeth objects to Impax defining itself to exclude persons and entities other than "the corporate entity named as defendant in this action, its officers and its agents," even though Wyeth itself has decided to exclude from its discovery obligations a search for documents in its foreign locations and facilities or in the possession of its former officers, directors, or agents. Impax has a specific need for Wyeth's foreign documents, given that Wyeth performed experiments in support of its NDA overseas and prosecuted foreign equivalents to the patents-in-suit overseas. Wyeth, on the other hand, has not stated which entities or persons Impax has excluded from the definition of "Impax" from which Wyeth requires documents.

The appropriate compromise to this dispute is for the parties simply to agree to fulfill their obligation to search for all responsive documents in their "possession, custody, or control." FED. R. CIV. P. 34(a). "In the context of Fed. R.Civ. P. 34(a), so long as the party has the legal right or ability to obtain the documents from another source upon demand, that party is deemed to have control." *Mercy Catholic Med. Ctr. v. Thompson*, 380 F.3d 142, 160 (3d Cir. 2004). If Wyeth will confirm that it will follow its obligation to produce all responsive documents it "has the legal right or ability to obtain," including those at its foreign

# HellerEhrman LLP

Linda A. Wadler, Esq.
August 21, 2006
Page 4

facilities, Impax will withdraw the portion of its motion to compel seeking Wyeth's compliance with Rule 34(a).

### Objections regarding production of documents and responses to interrogatories regarding Wyeth's withdrawn claim of willful infringement.

Wyeth contends that it is entitled to discovery regarding Impax's "awareness and consideration of the patents-in-suit, its decision to develop an extended release venlafaxine product, its decision to file an ANDA covering such a product or its bases for any of its Paragraph IV certifications," even though it has withdrawn its claim of willful infringement. Wyeth contends that this discovery is relevant to its claim that this is an "exceptional case." However, a party may only recover attorneys fees under Section 285 if it is the "prevailing party." 35 U.S.C. § 285. Accordingly, Section 285 discovery properly occurs only after there has been an adjudication on the merits. *Scutellaro v. Walt Disney Co.*, 1993 WL 393003 (D. Del. Sept. 24, 1993).

Wyeth next contends that such discovery is relevant to the issues of "claim construction, infringement, both literal and under the doctrine of equivalents, and validity." We fail to see how discovery of Impax's awareness of the patents-in-suit or its decision to file an ANDA is relevant to the proper construction of Wyeth's patents, their validity, or to the question as to whether those patents are infringed. We will, however, review any authority Wyeth cites to support this proposition.

### Objections regarding document requests that would invade the privacy rights of Impax, its employees, or nonparties to the litigation.

We agree that to the extent Impax is required to produce documents that would invade the privacy rights of Impax, its employees, or nonparties to the litigation, Impax will produce such documents in redacted form.

### Objections to interrogatories seeking the ingredients of the accused products and their functions

Wyeth must have been aware of the ingredients of the accused products and their functions at the time it filed its complaint in order to comply with its obligations under Federal Rule of Civil Procedure 11. *Cambridge Prods., Ltd. v. Penn Nutrients, Inc.*, 962 F.2d 1048, 1050 (Fed. Cir. 1992) (patentee satisfied its Rule 11 obligations by performing an independent chemical analysis of the accused products prior to filing suit). Moreover, Impax informed Wyeth of the ingredients of the accused products and their functions in its February 21, 2006 notification to Wyeth of Impax's ANDA pursuant to 21 U.S.C. § 355(j)(2)(B)(ii) and 21 C.F.R. § 314.95. To the extent Wyeth feels this disclosure is for some reason incomplete, Impax has properly responded that it will rely on the option to produce business

# HellerEhrman LLP

Linda A. Wadler, Esq.
August 21, 2006
Page 5

records pursuant to Rule 33(d) to respond to this interrogatory. Indeed, this information is readily available in Impax's ANDA, which Impax has already produced to Wyeth.

### Impax's response to interrogatory seeking the identify of each individual involved in the development of the accused products

Wyeth is incorrect that Impax failed to respond Wyeth's Interrogatory No. 12, seeking the identity of each individual involved in the development of the accused products. Rather, Impax has answered that it will rely on the option to produce business records containing this information, pursuant to Rule 33(d).

We note that Wyeth has invoked Rule 33(d) as well in response to Impax's interrogatories nos. 3, 11, 12, 13, 17, 18, and 19. We propose that the parties meet and confer to determine a date on which the parties will provide to the other side a specification of the documents relied upon in support of their Rule 33(d) invocations and where in the produced documents the requested information may be found.

In any event, Impax's response to Wyeth's interrogatory no. 12 is far more responsive than Wyeth's response to Impax's interrogatory no. 1. Impax asked Wyeth to identify all persons with knowledge of the facts alleged in the complaint. Wyeth limited its response to persons having knowledge of whether the accused products infringe the patents-in-suit and gave the unhelpful answer that Wyeth's litigation counsel and Impax's employees, agents, or attorneys are likely to have this knowledge. Impax is entitled to know *which* of Wyeth's employees, agents, or attorneys have knowledge of each of the facts alleged in the complaint. Please supplement Wyeth's response to Impax's interrogatory no. 1.

### Wyeth's refusal to produce documents regarding its pre-filing investigation

Impax's interrogatory no. 8 asked Wyeth to identify any investigation or analysis it conducted to determine whether the accused products infringe the patents-in-suit and to identify each person involved in any such investigation. Wyeth has failed to identify a specific investigation or analysis it performed prior to filing this lawsuit. Instead, Wyeth has merely stated that litigation counsel were involved in an analysis of whether the accused products infringe.

This response is insufficient. Impax is entitled to know the specific experiments, analysis, or investigations Wyeth conducted in order to comply with its Rule 11 pre-filing obligations and the persons who performed those analyses because this information is relevant to Impax's defense of unclean hands. We request that Wyeth supplement its interrogatory response and provide this information. If Wyeth refuses to supplement, we will take this refusal as a concession that no person or scientist at Wyeth performed a pre-filing

HellerEhrman LLP

Linda A. Wadler, Esq.
August 21, 2006
Page 6

chemical analysis or any other investigation of the accused products before Wyeth proceeded with this lawsuit.

### Wyeth's refusal to produce its complete NDA

In your letter of August 11 you state that Wyeth will not produce the remainder of Wyeth's NDA for Effexor® XR, but will consider producing additional portions of the NDA if "Impax can articulate a particular need for selected information identified in the table of contents associated with an NDA volume number." Impax's position is that Wyeth is obligated to produce its entire NDA. However, we will complete our review of the materials you have provided us to determine whether we require the remainder of the NDA and we reserve our right to discover the remaining portions of the NDA.

In any event, we do require Wyeth's past and ongoing correspondence with the FDA, including changes in labeling and adverse event reports. Please tell us when Wyeth will be producing these documents.

### Draft protective order

We provided a draft protective order to you on July 12. To date you have not told us whether Wyeth agrees to the terms of that order. We enclose herein a new draft protective order with an additional provision we have added in redline. Please inform us as soon as possible whether Wyeth agrees to the terms of this order.

Sincerely,

Samuel F. Ernst

Enclosure

# Exhibit 3

08/11/2006  10:30   20240844                FINNEGAN HENDERSO                         PAGE  02/03



**FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP**

901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

LINDA A. WADLER
202.408.4037
linda.wadler@finnegan.com

August 11, 2006

Daniel N. Kassabian, Esq.                                        *Via Facsimile*
Heller Ehrman LLP
333 Bush Street
San Francisco, CA  94104

*Wyeth v. Impax Laboratories, Inc.*, Civil Action No.: 06-222 (D. Del.)

Dear Daniel:

　　　　Thank you for your letter of August 9, 2006, confirming that the gap between Bates Nos. 000321 and 000340 in Impax's ANDA does not indicate that pages are missing from the ANDA as filed.

　　　　With respect to the remainder of your August 9th letter, we note that WYETH 004-000872 through 907 consists largely of the cover pages and tables of contents for NDA volumes 1.5 through 1.12. As is readily apparent from the tables of contents, NDA volumes 1.5 through 1.12 relate to batch records for selected batches of Venlafaxine Hydrochloride ER Capsules.

　　　　Wyeth has already produced over 86,000 pages of its NDA to Impax and objects to the further production of materials for which Impax has no particularized need. In particular and as stated in our objections to Impax's document requests, Wyeth objects to the blanket production of all batch records, as well as, for example, manufacturing records, specifications and analytical methods for venlafaxine hydrochloride itself, stability, toxicology, packaging, quality control, plant layouts and voluminous raw patient data from which patient identifying information must be redacted as overly broad, irrelevant, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Nevertheless, if Impax can articulate a particular need for selected information identified in the table of

Washington, DC ▪ Atlanta, GA ▪ Cambridge, MA ▪ Palo Alto, CA ▪ Reston, VA ▪ Brussels ▪ Taipei ▪ Tokyo

08/11/2006  10:30    2024084    i                    FINNEGAN HENDERS                    PAGE  03/03

Daniel N. Kassabian, Esq.
August 11, 2006
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

contents associated with an NDA volume number, we will consider your request on a
case-by-case basis.

Sincerely,

Linda A. Wadler

LAW/RAP/amn

cc:    Mary B. Matterer, Esq. (via Facsimile)
       Richard K. Herrmann, Esq. (via Facsimile)

1158501-1

08/11/06  FRI 10:35  [TX/RX NO 7830]

# Exhibit 4

LAW OFFICES
## FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.
901 New York Ave., NW
Washington, DC 20001

Telephone                                                         Facsimile
(202) 408-4000                                                    (202) 408-4400

### FACSIMILE TRANSMITTAL

| TO | | FROM | |
|---|---|---|---|
| **Name:** | Jessica R. Wolff, Esq. | **Name:** | Linda A. Wadler, Esq. |
| **Firm:** | Heller Ehrman LLP | **Phone No.:** | (202) 408-4037 |
| **Fax No.:** | 858-450-8499 | **Fax # Verified by:** | A. Norris - MD 8113 |
| **Phone No.:** | 858-450-8400 | **# Pages (incl. this):** | 1 |
| **Subject:** | Wyeth v. Impax | **Date:** | September 13, 2006 |
| | | **Our File No.:** | |
| | | **Confirmation Copy to Follow:** | NO |

Message:

If there is a problem with this transmission, notify fax room at (202) 408-4174 or the sender at the number above.

This facsimile is intended only for the individual to whom it is addressed and may contain information that is privileged, confidential, or exempt from disclosure under applicable law. If you have received this facsimile in error, please notify the sender immediately by telephone (collect), and return the original message by first-class mail to the above address.



**FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER**LLP

901 New York Avenue, NW ▪ Washington, DC  20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

LINDA A. WADLER
202.408.4037
linda.wadler@finnegan.com

September 13, 2006

Jessica R. Wolff, Esq.                                                    *Via Facsimile*
Heller Ehrman LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA  92101

<u>Wyeth v. Impax Laboratories, Inc.</u>, Civil Action No.:  06-222 (D. Del.)

Dear Jessica:

    I am writing in response to several of your requests during our September 8, 2006 meet and confer.  Wyeth does not believe that there is a need at the present time for the appointment of a special discovery master to resolve outstanding discovery disputes between the parties.

    In addition, Wyeth is not willing to agree to your proposal concerning a stipulation regarding the commercial success of Effexor® XR.

Sincerely,

Linda A. Wadler

LAW/amn

cc:   Mary B. Matterer, Esq. (via Facsimile)

# Exhibit 5

Case 1:06-cv-00222-JJF     Document 56-2     Filed 09/22/2006     Page 20 of 22



**Recent Standing Orders**

---

**NOTE:  All files are in PDF format**                    **Last Update: 09/28/2004**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | ) |
| PROCEDURES TO GOVERN THE | ) |
| APPOINTMENT OF SPECIAL MASTERS | ) |
| TO HEAR DISCOVERY DISPUTES IN | ) |
| INTELLECTUAL PROPERTY CASES | ) |

## ORDER

WHEREAS, the Judges of this Court seek to effectively manage and reach the

prompt disposition of their cases; and

WHEREAS, the Judges of this Court have determined that it is necessary for the

prompt and efficient administration of justice in intellectual property cases to, inter alia,

manage discovery, conduct hearings on discovery disputes and rule on same, rule on non-

dispositive pretrial motions, and facilitate settlement; and

WHEREAS, the Court has the inherent authority to appoint Special Masters to

achieve these critically important goals, see also Rule 53 of the Federal Rules of Civil

Procedure, and 28 U.S.C. §§ 471-482 (1994) (Judicial Reform Act of 1990); and

WHEREAS, given this Court's significant docket of complex intellectual

property cases and given that this Court's Magistrate Judge is routinely scheduling

hearings and mediation calendars six to eight months out, the need to appoint Special

Masters to achieve these stated important goals is clear; and

**WHEREAS,** the procedure utilized for the appointment of Special Masters in intellectual property cases should be efficient and therefore routinized;

**NOW, THEREFORE,** this 15th day of September, 2004, it is **HEREBY ORDERED:**

1.  Special Master Panel for Intellectual Property Cases.

    (a).    The Judges of the Court shall designate a panel of Special Masters who meet the criteria contained in 1(b) (the "Special Master Panel" or "Panel"). Panel members will serve at the pleasure of the Judges of the Court.

    (b)    Persons seeking to be members of the Panel must submit a letter requesting same. Said letter should state the regular hourly rates charged by that person and others who may be assisting in the execution of his/her duties and be accompanied by a Curriculum Vitae which demonstrates the person's experience, competence and acceptability to serve.

    (c)    The Clerk of this Court shall establish and manage the Panel. Vincent J. Poppiti, Esquire who, by Order dated 9/15/04, was appointed to the Panel, is designated as the Special Master Liaison to the Clerk of this Court. In this regard Mr. Poppiti will assist in the development, execution and monitoring of, inter alia, the referral, work flow and compensation processes.

2.  Referral to Panel.

    When, from time-to-time, Judges of this Court elect to appoint a Special Master in an intellectual property case, the matter will be referred to the Special Master Panel. In all cases referred to the Panel for assignment of a Special Master, Mr. Poppiti shall make his recommendation for same to the Judge presiding in the matter.

3.  Order Appointing Master.

    The Judge presiding in the matter will issue an Order of Reference (2) naming the Special Master, consistent with the provisions of Rule 53(b) of the Federal Rules of Civil Procedure.

4.  Compensation, Costs and Expenses of the Special Master.

    (a)    Special Masters and others who may be assisting them in

the execution of their duties will be compensated at their normal hourly rates.

Master

by

(b)    The compensation, costs and expenses of a Special shall be allocated equally among the parties unless otherwise ordered the Court upon recommendation by the Special Master.

### FOR THE COURT:

Sue L. Robinson
Chief Judge

To download this document Right-Click **HERE** and select
Save Target As... or  Save Link As...