IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WYETH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 06-222 JJF |
| v. | ) |
| | ) |
| IMPAX LABORATORIES, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

RICHARD K. HERRMANN (I.D. No. 405)
MARY B. MATTERER (I.D. No. 2696)
MORRIS JAMES HITCHENS & WILLIAMS LLP
222 Delaware Ave., 10th Floor
Wilmington, DE 19801
Telephone: (302) 888-6800
mmatterer@morrisjames.com

M. PATRICIA THAYER (*pro hac vice*)
JOHN M. BENASSI (*pro hac vice*)
JESSICA R. WOLFF (*pro hac vice*)
DANIEL N. KASSABIAN (*pro hac vice*)
SAMUEL F. ERNST (*pro hac vice*)
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA 92101
Telephone: (858) 450-8400
Facsimile: (858) 450-8499

Attorneys for Defendant
IMPAX LABORATORIES, INC.

September 25, 2006

Defendant Impax Laboratories, Inc. ("Impax") hereby opposes the Motion to Compel Production of Documents filed by Plaintiff Wyeth ("Wyeth"). (D.I. 52.)[1]

## I. Impax should not be compelled to produce documents regarding products that are not the subject of this law-suit.

Wyeth seeks to compel documents related to "Effexor® XR, Wyeth's commercial embodiment of the patents-in-suit" and "[Impax's] consideration of any alternative release venlafaxine product prior to the filing of its ANDA No. 78-057." (D.I. 52 at 1, 3.)[2] Wyeth claims that Impax will not produce any documents in these categories. (D.I. 52 at 1, 3). This is false.

Impax objected to these document requests as overbroad only to the extent they call for documents that are not the subject of Impax's ANDA No. 78-057 – *i.e.*, the products accused in this litigation. (*See, e.g.*, D.I. 53, Ex. 1 at 26, 27). Impax has also affirmatively represented in a letter to Wyeth that it would produce documents related solely to EFFEXOR® XR. (D.I. 53, Ex. 3 at 3.) Accordingly, Wyeth's statement that Impax "contends, in essence, that Wyeth is not entitled to any of the discovery Wyeth seeks above" is false. (D.I. 52 at 1.)

Wyeth's requests are far broader than this, however, demanding all documents related to *any product* in the world containing venlafaxine hydrochloride, including third party products that are not accused of infringement in this action. For example, Request No. 43 calls for "[a]ll documents and things concerning extended release venlafaxine, including, but not limited to all pharmaceutical, formulary, chemical, and/or medical research concerning extended release venlafaxine." (D.I. 53, Ex. 1 at 26.) Request No. 67 seeks "[a]ll documents and things concerning the market or potential market for antidepressants." (D.I. 53, Ex. 1 at 39.) Impax's position is that "[d]ocuments regarding

---

[1] On Friday, September 22, Impax filed its Motion for the Appointment of a Special Master asking that Wyeth's Motion to Compel as well as Impax's pending Motion to Compel (D.I. 36) be referred to a Special Master.

[2] Wyeth has not moved to compel documents in response to specified document requests, but has, rather, confused the issue by moving to compel documents in certain self-defined categories without specifying each document request that corresponds to each category. (*See* D.I. 52 at 1, 4 (citing document requests as "examples" of requests that are covered by each category).) Any order granting Wyeth's motion would, therefore, be unduly vague in that Impax would not know which document requests are covered by the order and would have to search for documents guided only by Wyeth's undefined categories. This is a further reason to deny Wyeth's motion.

products that are not the subject of ANDA 78-057, are not accused in this litigation, and are not related to EFFEXOR® or EFFEXOR® XR" are not relevant to the claims at issue in this litigation. (D.I. 53, Ex. 3 at 3.) Particularly with regard to third party documents, producing these documents would be unduly burdensome and would, in many cases, require Impax to breach the confidentiality of third parties.

Wyeth contends that it requires all of these types of documents from Impax to assist Wyeth in meeting its burden of showing that EFFEXOR® XR produces "unexpected results." (D.I. 52 at 4.) However Impax has represented that it will produce documents in its possession regarding EFFEXOR® XR unrelated to third-party products. (D.I. 53, Ex. 3 at 3.) Thus, assuming *arguendo* that the contention has merit, Wyeth will receive whatever evidence exists.

Wyeth contends that Impax may have considered "alternative extended release venlafaxine formulations" in its development of the accused products. (D.I. 52 at 4.) But Impax told Wyeth in a letter (which Wyeth has not submitted to the Court) that Impax "will produce documents related to its research and development of the accused products." Declaration of Mary Matterer in Opposition to Wyeth's Motion to Compel ("Matterer Decl."), Ex. 1 at 2. To the extent Impax considered "alternative extended release venlafaxine formulations" in its development and testing of the accused products, such documents will be produced.

The Court should deny Wyeth's Motion to Compel regarding these documents.

II. **Impax should not be compelled to produce documents related to Wyeth's withdrawn claim of willful infringement.**

Wyeth also seeks to compel documents in the following three categories: 1. "the patents-in-suit, including Impax's knowledge and non-privileged communications concerning those patents,"; 2. "Impax's decision to develop and market an extended release venlafaxine product"; and 3. "Impax's decision to file its ANDA." (D.I. 52 at 1.) Wyeth states that Impax "contends, in essence, that Wyeth is not entitled to any of the discovery Wyeth seeks above until after liability is determined." (D.I. 52 at 1.) This is false.

In response to all of these requests, Impax stated that it will produce documents related to the accused ANDA 78-057 products. (D.I. 53, Ex. 1 at 15-18, 25, 40, 49-50.) Wyeth's requests are broader that this, however, seeking documents related to any formulation containing venlafaxine

2

hydrochloride, whether or not it is one of the formulations accused in this lawsuit. *Id.* Impax therefore objects to the scope of the requests as unduly broad and burdensome.

Impax has further objected to searching for and producing documents regarding Impax's awareness and consideration of the patents-in-suit and the bases for the Paragraph IV certifications in its ANDA, (D.I. 53, Ex. 3 at 4), because these documents are only relevant to Wyeth's prior claim for willful infringement, which Wyeth has now withdrawn. (D.I. 25.) During meet and confer, Wyeth contended that it was entitled to this discovery in support of its claim that this is an "exceptional case" under 35 U.S.C. § 285. (D.I. 53, Ex. 2 at 3.) Impax informed Wyeth that a party may only recover attorneys fees under Section 285 if it is the "prevailing party," and that this Court has determined that attorneys fees discovery properly occurs only after there has been an adjudication on the merits. (D.I. 53, Ex. 3 at 4.) *Scutellaro v. Walt Disney Co.*, 1993 WL 393003, *1-*2 (D. Del. Sept 24, 1993). Thus, Impax's objections to this discovery are well-founded.

Wyeth's reliance on *Johns Hopkins University v. CellPro*, 160 F.R.D. 30 (D.Del. 1995) is inapposite. In that case the patentee asserted *willful infringement* and this Court held that it would not hold a separate trial and stay discovery on *willful infringement* because it would result in delay of the resolution of the case by, for example, precluding any pre-trial summary judgment ruling on willful infringement and because the Court could not resolve the question as to whether the accused infringer's opinion counsel would be disqualified from trying the case. *Id.* at *33-*35. These considerations do not apply to a claim of "exceptional case," because a finding of "exceptional case" can only be made after there has been a determination on the merits, so that judicial and party resources are best preserved by postponing any discovery on "exceptional case" until after the trial. *Scutellaro*, 1993 WL 393003 at *2 ("If defendants win on the merits, the issue [of attorneys fees] will be moot. If defendants lose, there will be ample opportunity for discovery of all matters relating to the claim for attorneys' fees at that time.") Wyeth's reliance on a willful infringement decision to support an argument for compelling production of these documents simply highlights the fact that these documents are no longer relevant to any existing claim.

Wyeth contends that Impax's awareness of the patents is nonetheless relevant to an inquiry under the doctrine of equivalents into whether Impax independently developed its products and to

3

nonobviousness. (D.I. 52 at 3-4.) As this Court ruled in *Scutellaro*, "[i]t is difficult to see how an inquiry into the circumstances surrounding the instigation of the action could affect the substance of the claim." *Scutellaro*, 1993 WL 393003 at *2. In any event, any evidence of independent development or of copying in the development of the accused products would be included in the production Impax has promised of documents related to the ANDA 78-057 products. Wyeth further contends that "Wyeth's patented Effexor® XR product and Impax's consideration of that success in deciding to develop the accused products are relevant to the secondary considerations of non-obviousness." (D.I. 52 at 2.) But Impax has represented that it will produce documents related to Effexor® XR and not third-party venlafaxine products. (D.I. 53. Ex. 3 at 3.) Wyeth is attempting to go further, prying into Impax's privileged advice of counsel in filing its ANDA and any other consideration of the patents-in-suit, even though Wyeth has withdrawn its willfulness claim. The Court should deny Wyeth's motion to compel these documents.

III.   **The Court should deny Wyeth's motion to compel documents regarding immediate release venlafaxine products.**

Finally, Wyeth moves to compel documents concerning "[Impax's] consideration of development of a generic *immediate release* venlafaxine formulation prior to the filling of ANDA 78-057," "comparisons between *immediate release* venlafaxine and extended release venlafaxine," and "nausea and/or vomiting in humans associated with *immediate release* venlafaxine." (D.I. 52 at 3 (emphasis added).) These requests are puzzling as Impax has already informed Wyeth in a letter (which Wyeth has not submitted to the Court) that Impax has never worked on an immediate release venlafaxine product. Matterer Decl., Ex. 2 at 2. Accordingly, it is unlikely that Impax is in possession of the requested documents. If Impax does locate such documents that are related to the development of the accused ANDA 78-057 products, Impax has represented that it will produce all non-privileged documents related to the accused products. (D.I. 53, Ex. 3 at 3.)

IV.   **CONCLUSION**

For the foregoing reasons, the Court should deny Wyeth's Motion to Compel.

4

*/s/ Mary B. Matterer*
MARY B. MATTERER (I.D. No. 2696)
RICHARD K. HERRMANN (I.D. No. 405)
MORRIS JAMES HITCHENS & WILLIAMS LLP
222 Delaware Ave., 10th Floor
Wilmington, DE 19801
Telephone: (302) 888-6800
mmatterer@morrisjames.com

M. PATRICIA THAYER (*pro hac vice*)
JOHN M. BENASSI (*pro hac vice*)
JESSICA R. WOLFF (*pro hac vice*)
DANIEL KASSABIAN (*pro hac vice*)
SAMUEL F. ERNST (*pro hac vice*)
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA 92101
Telephone: (858) 450-8400
Facsimile: (858) 450-8499

Attorneys for IMPAX LABORATORIES, INC.

Dated: September 25, 2006

# TAB A

Not Reported in F.Supp. 
Not Reported in F.Supp., 1993 WL 393003 (D.Del.) 
**(Cite as: Not Reported in F.Supp.)**

Page 1

C

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Joseph F. SCUTELLARO, C.P.A., Plaintiff,
v.
The WALT DISNEY COMPANY, INC. and Walt Disney World Company, Inc., Defendants.
**Civ. A. No. 92-671 MMS.**

Sept. 24, 1993.

Donald F. Parsons, Jr., Morris, Nichols, Arsht & Tunnell, Wilmington, DE; of counsel: Norman L. Norris, Philip S. Johnson, and Laura G. Miller, Woodcock Washburn Kurtz Mackiewicz & Norris, Philadelphia, PA; for plaintiff.
R. Franklin Balotti, Robert W. Whetzel, Frederick L. Cottrell, III, and David L. Renauld, Richards, Layton & Finger, Wilmington, DE, for defendants.

MEMORANDUM OPINION

MURRAY M. SCHWARTZ, Senior District Judge.

I. INTRODUCTION

*1 Plaintiff Joseph Scutellaro has filed suit against The Walt Disney Company and Walt Disney World Company [collectively, "defendants"] asserting they wrongfully appropriated his business concept. The parties are now in the midst of numerous discovery disputes. Defendants have asked the Court to compel plaintiff to answer questions posed at deposition and produce certain documents pertaining to both the retention of, and fee agreement with, plaintiff's counsel. For the reasons that follow, defendants' motion will be denied.

II. FACTUAL BACKGROUND

Plaintiff, a long-time fan of Walt Disney World, devised a plan to sell "passports" to visitors entering a portion of EPCOT Center known as the World Showcase. D.I. 49 Exhibit ["Ex."] A. In July of 1990, plaintiff sent a letter to defendants outlining his passport idea for the World Showcase. D.I. 1; D.I. 40 Ex. A. A paralegal from Walt Disney World wrote plaintiff to inform him that company policy was to reject unsolicited ideas from outside the company and that his letter was being returned unexamined. D.I. 43 Ex. A. Shortly thereafter, however, Richard Nunis, Chairman of Walt Disney Attractions, telephoned plaintiff and informed him that the company had already considered a similar idea and would not institute the idea as plaintiff formulated it. D.I. 49 Ex. F.

In May of 1991, plaintiff again visited EPCOT Center and observed what he alleges was defendants' implementation of the passport idea he had communicated to them. D.I. 40 Ex. Q. Plaintiff instituted suit, alleging idea misappropriation, trade secret misappropriation, fraud, negligent misappropriation, breach of confidential relationship and breach of implied contract.

III. DISCUSSION

The Federal Rules of Civil Procedure contemplate a broad scope of discovery. See Hickman v. Taylor, 329 U.S. 495, 507 (1947). This scope, however, is bounded by the requirement that the evidence be relevant and not privileged. Fed.R.Civ.P. 26(b)(1). In resolving disputes about the bounds of discovery, district courts have broad discretion. See In re Fine Paper Antitrust Litigation, 751 F.2d 562, 587 (3d Cir.1984); see generally 4 Moore's Federal Practice ¶ 26.83 (2d ed. 1993) (discussing appellate review of discovery orders).

Relevance in the discovery context includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Defendants assert that because plaintiff has claimed attorneys' fees as an element of damages, the documents sought are relevant. D.I. 112 at 1. They also argue the documents may contain relevant communications and party admissions. D.I. 84 at 3.

The merits of the present case concern plaintiff's allegation that defendants misappropriated his passport idea for EPCOT Center. While plaintiff has requested reasonable attorneys' fees, these fees can only be awarded after judgment. Thus, defendants purported need for information relating to the retention of, and fee arrangement with, plaintiff's

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1993 WL 393003 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**

Page 2

counsel is not yet ripe. If defendants win on the merits, the issue will be moot. If defendants lose, there will be ample opportunity for discovery of all matters relating to the claim for attorneys' fees at that time.[FN1] As another district court has noted:

***2** It is difficult to see how an inquiry into the circumstances surrounding the instigation of the action could affect the substance of the claim. The responses might lead to embarrassing admissions of champerty or unconscionable arrangements as to fees and expenses, but these excesses are not in any way relevant to the trial of the particular issue.

*Foremost Promotions, Inc. v. Pabst Brewing Co.*, 15 F.R.D. 128, 130 (N.D.Ill.1953). The question at issue in the present dispute between plaintiff and defendants is whether defendants misappropriated plaintiff's passport idea, not the propriety of the fee arrangement between plaintiff and his counsel.[FN2]

IV. CONCLUSION

For the foregoing reasons, defendants' motion to compel discovery of plaintiff's deposition testimony and certain documents relating to the retention of, and fee agreement with, plaintiff's counsel will be denied.

> FN1. *See Nochowitz v. Ernst & Young*, No. 92 C 5468, 1993 WL 112535, at *1, 1993 U.S. Dist. LEXIS 4444, at *2 (N.D.Ill.1993); *Farrow v. Hilton Int'l, Inc.*, No. 87 Civ. 8720 (JFK), 1989 U.S.Dist. LEXIS 12776, at *1 (S.D.N.Y.1989); *Sandler v. McGraw-Edison Co.*, 92 F.R.D. 463, 464 (S.D. Ohio 1981); *see generally* 4 Moore's Federal Practice ¶ 26.70[2] (2d ed. 1993) (discussing orders concerning time of discovery).

> FN2. Because of the above disposition, the Court does not address the applicability of the attorney-client privilege urged by plaintiff.

D.Del.,1993.
Scutellaro v. Walt Disney Co., Inc.
Not Reported in F.Supp., 1993 WL 393003 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:92cv00671 (Docket) (Nov. 19, 1992)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of September, 2006, I electronically filed the foregoing document, **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Jack B. Blumenfeld
Karen Jacobs Louden
Morris Nichols Arsht & Tunnell
1201 N. Market Street
Wilmington, DE  19801

Additionally, I hereby certify that on the 25th day of September, 2006, the foregoing document was served as indicated on the following:

| **VIA EMAIL AND HAND DELIVERY** | **VIA EMAIL AND FEDERAL EXPRESS** |
|---|---|
| Jack B. Blumenfeld | Basil J. Lewis |
| Karen Jacobs Louden | Linda A. Wadler |
| Morris Nichols Arsht & Tunnell | Finnegan Henderson Farabow |
| 1201 N. Market Street |     Garrett & Dunner |
| Wilmington, DE  19801 | 901 New York Avenue, NW |
|  | Washington, DE  20001 |
|  | 202.408.4000 |
|  | Bill.Lewis@finnegan.com |
|  | Linda.Wadler@finnegan.com |

Mary B. Matterer (I.D. No. 2696)
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801
(302) 888-6800
mmatterer@morrisjames.com

Attorneys for IMPAX LABORATORIES, INC.