# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1750
www.morrisjames.com

Mary B. Matterer
(302) 888-6960
mmatterer@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

October 4, 2006

**BY EFILING AND HAND DELIVERY**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE  19801

      RE:    *Wyeth v. Impax Laboratories, Inc.*, Civil Action No. 06-222 JJF

Your Honor:

      This letter is submitted pursuant to D.Del. LR 7.1.2(c) in response to Plaintiff Wyeth's letter of September 28, 2006 in support of its Motion to Compel (D.I. 52).

      In *Takeda*, the court awarded attorneys fees after the plaintiff had established itself as the "prevailing party," based on a conclusion that the defendant's Paragraph IV certification "was deeply flawed, filed in bad faith, and fails to present even a prima facie case of *invalidity*." *Takeda Chemical Indus. Ltd. v. Mylan Labs., Inc.*, 2006 U.S. Dist. LEXIS 66990, *46. (emphasis added)  The *Takeda* case is inapposite because in the present case, Impax's Paragraph IV certification provided a clear showing of *non-infringement* based in part on a claim construction opinion unfavorable to Wyeth issued by the District of New Jersey regarding the same patents Wyeth asserts here.

      The attorneys' fees award in *Takeda* was further based on defendant's pattern of litigation misconduct throughout the prosecution of that litigation.  *Id.* at *30-*68.  Wyeth ignores this aspect of the opinion and makes no claim that Impax has committed litigation misconduct.  This is significant, because under Federal Circuit precedent, an exceptional case finding must be "based on meritless filings *combined with litigation misconduct*." *Glaxo v. Apotex*, 376 F.3d 1339 (Fed. Cir. 2004) (emphasis added).  Indeed, the fact that the award in *Takeda* was based on misconduct throughout the litigation favors the line of authority from this Court and other courts that discovery to support attorneys' fees should only occur after the trial on the merits.  *See Scutellaro v. Walt Disney Co.*, 1993 WL 393003 (D.Del. Sept. 24, 1993);

The Hon. Joseph J. Farnan, Jr.                 MORRIS, JAMES, HITCHENS & WILLIAMS LLP
October 4, 2006
Page 2

*McNeil-PPC, Inc. v. Proctor & Gamble Co.*, 138 F.R.D. 136, 137-38 (D. Colo. 1991). To the extent the *Takeda* opinion is inconsistent with this line of authority, it is non-persuasive.

This principle that discovery on exceptional case should be deferred until after a prevailing party is established is particularly applicable here because the discovery Wyeth seeks is the production of the legal basis for Impax's ANDA filing and Impax's analysis of the patents-in-suit. In the absence of a willful infringement claim, any such opinion of counsel does not bear on the merits of this action. Rather, Wyeth's apparent purpose in seeking such material is to obtain privileged information and attorney work product. Any decision by Impax to waive attorney-client privilege in defense of an "exceptional case" claim is properly deferred until it becomes necessary to try the "exceptional case" issue – *i.e.*, if and when Wyeth becomes the "prevailing party." That day may never come, and the Court should not compel Impax to waive its attorney-client privilege unless and until it becomes absolutely necessary. Wyeth's motion to compel should be denied.

The remainder of Wyeth's letter is an improper attempt to interpose reply arguments in support of its motion to compel in violation of paragraph 4(a) of the Court's scheduling order (D.I. 27). The Court should disregard these arguments.

Should the Court consider these arguments, however, Impax stated throughout meet and confer and in opposition to Wyeth's motion to compel that it would produce all non-privileged documents related to the accused products and those related solely to Wyeth's EFFEXOR and EFFEXOR® products. (D.I. 57 at 1). Wyeth's statement that Impax "contends . . . that Wyeth is not entitled to any of the discovery Wyeth seeks" is false. (D.I. 52 at 1). To the extent Wyeth failed to understand Impax's position during meet and confer, Impax states it again now, and if this representation satisfies Wyeth, it should withdraw its motion to compel, rather than quibbling over interpretations of the parties' meet and confer negotiations.

Wyeth's continuing multiplication of disputes and argument is further grounds for the appointment of a Special Master in this action. (D.I. 55).

Respectfully,

Mary B. Matterer

cc:     Jack B. Blumenfeld, Esq. (via email)
        Linda A. Wadler, Esq. (via email)