```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF DELAWARE
```

WYETH,                              :
                                    :
        Plaintiff,                  :
                                    :
    v.                              :   Civil Action No. 06-222-JJF
                                    :
IMPAX LABORATORIES, INC.,           :
                                    :
        Defendant.                  :
                                    :

### MEMORANDUM ORDER

Pending before the Court is Defendant Impax's ("Impax") Motion To Compel Production Of Documents (D.I. 36). The Motion concerns a series of issues that the court will address individually. For the reasons discussed, the Motion will be granted in part and denied in part.

1. <u>Production Of Pleadings, Deposition Transcripts, Hearing Transcripts And Orders From The Teva Litigation</u>

By its Motion, Impax contends that Plaintiff Wyeth ("Wyeth") has "refused to produce all pleadings, deposition transcripts, hearing transcripts, expert reports, and orders from its lawsuit against Teva Pharmaceuticals in the District of New Jersey, No. 03-CV-1293 ("Teva Litigation")[.]" (D.I. 36). The basis for Impax's request is a contention that because the patents at issue in the Teva Litigation are the same patents at issue in this case, all documents in the Teva Litigation are relevant here.

In response, Wyeth contends that the request is overly broad and unreasonable, and that Wyeth has produced all relevant

documents from the Teva Litigation, namely, those dealing with claim construction and patent validity. (D.I. 41). Wyeth has also agreed to produce documents from the Teva Litigation relating to validity and enforcement of the patent at issue. <u>Id</u>.

Pursuant to Rule 26 of the Federal Rules of Civil Procedures, "[p]arties may obtain discovery of any matter, not privileged, that is relevant to the claim or defense of any party." <u>Fed</u>. <u>R</u>. <u>Civ</u>. <u>P</u>. 26(b)(1). A court may limit discovery "if the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issue at stake in the litigation, and the importance of the proposed discovery in resolving the issues." <u>Id.</u> at 26(b)(2).

The Court concludes that Wyeth's proffered production is reasonable, and that Impax's request for all documents from the Teva Litigation is overly broad. The Court finds that Impax has not demonstrated why it is entitled to documents from the Teva Litigation involving matters not at issue in this litigation. Also, Impax has not shown that the documents requested from the Teva Litigation, beyond what Wyeth has already produced or offered to produce, are critical to resolving the issues before the Court. Thus, this portion of Impax's Motion is denied.

    2. <u>Production Of Responsive Documents In Their Native Format</u>

Impax contends that Wyeth should be ordered to produce

2

electronic documents in their native format, complete with metadata, and not in the Tagged Image File Format ("TIFF") in which they were produced. (D.I. 36). Impax also contends that a document database created by Wyeth for purposes of the Teva Litigation is discoverable and should be produced. In response, Wyeth contends that Impax is not entitled to electronic copies in their natural state for two reasons: (1) Impax has not made a particularized showing of need for the metadata, and (2) collection of this data would be overly burdensome. (D.I. 41).

Metadata is defined as "information describing the history, tracking, or management of an electronic document." Shirley Williams, et al., v. Sprint/United Management Co., 230 F.R.D. 640, 646 (D. Kan. 2005) (quoting Proposed Advisory Committee Note to Federal Rule of Civil Procedure 26(f), available at http://www.uscourts.gov/rules/comment2005/CVAug04.pdf#page=40). Removal of metadata from an electronic document usually requires an affirmative alteration of that document, through scrubbing or converting the file from its native format to an image file, for example. See Williams, 230 F.R.D. at 653. Most metadata is of limited evidentiary value, and reviewing it can waste litigation resources. Id. at 651.

"Emerging standards of electronic discovery appear to articulate a general presumption against the production of metadata[.]" Id. at 651. The Default Standard for Discovery of

3

Electronic Documents utilized in this District follows this general presumption. Paragraph 6 directs parties to produce electronic documents as image files (e.g. PDF or TIFF) if they cannot agree on a different format for production. "Default Standard For Discovery of Electronic Documents ("E-Discovery")," Ad Hoc Committee for Electronic Discovery of the U.S. District Court for the District of Delaware, http://www.ded.uscourts.gov/Announce/Policies/Policy01.htm. [hereinafter "Default Standard"]. However, if the requesting party can demonstrate a particularized need for the native format of an electronic document, a court may order it produced. Id. Therefore, the producing party must preserve the integrity of the electronic documents it produces. Id. Failure to do so will not support a contention that production of documents in native format is overly burdensome.

Since the parties have never agreed that electronic documents would be produced in any particular format, Wyeth complied with its discovery obligation by producing image files. Further, neither party has argued that the need for accessing metadata was foreseeable or generally necessary. Finally, Impax has not demonstrated a particularized need for the metadata or database production it has requested. Therefore, this part of Impax's Motion is denied.

    3. <u>Production of Responsive Documents From Locations and Facilities Outside the United States</u>

4

Impax's Motion seeks to compel Wyeth to produce documents from Wyeth's foreign facilities, contending that Wyeth's production is not complete. Particularly, Impax references a European clinical study relied upon in support of the patent-in-suit as well as documents related to litigation of foreign-equivalent patents-in-suit. In response, Wyeth contends that it has produced 1.3 million pages of documents from domestic and foreign facilities, has agreed to produce all documents relating to the European clinical study, and that relevant documents pertaining to conception and reduction to practice have always been located exclusively in the United States, and have been produced. (D.I. 41, 42). Further, Wyeth has agreed to update production of correspondence to or from those foreign patent offices in which counterpart cases have been filed.

Because the Court is convinced that the foreign documents identified by Impax in this Motion, or domestic copies thereof, have or will soon be produced by Wyeth, this part of Impax's Motion will be denied.

4. Production of All Responsive Documents Generated After February 10, 2003

Impax contends that, except for self-selected discrete categories, Wyeth is refusing to look for or produce documents created or generated after February 10, 2003. Wyeth, in response, contends that documents created after February 10, 2003 are irrelevant and that updating the search would be burdensome

5

and unlikely to produce relevant material. Wyeth also contends that it has offered to update searches in those areas that might possibly have subsequent relevant documents generated after February 2003.

The Court finds that Wyeth's proffered production is reasonable. Wyeth has identified those areas where relevant documents may have been created or generated after February 2003, and is willing to continue to augment its discovery responses. Since Impax has not demonstrated that the broad search it asks for will generate additional relevant documents, the Court concludes that the burden of production on Defendant outweighs its likely benefit to Impax. Accordingly, this portion of Impax's Motion is denied.

5.  Burden of Discovery Costs

Impax contends that Wyeth has refused to produce documents unless Impax pays Wyeth's imaging costs, and seeks an order compelling Wyeth to bear its own discovery costs. (D.I. 36, 42). Wyeth contends, only by reference, that it is under no obligation to pay for copying costs of voluminous materials. (D.I. 41).

The Default Standard, Paragraph 9, states that the costs of discovery are borne by each party, only to be apportioned upon a showing of good cause to redistribute discovery costs. The Court finds there has been no showing of good cause. Wyeth's Teva Litigation materials were converted to image files at Wyeth's

6

request in preparation for Wyeth's prosecution of Teva. Even adopting Wyeth's veiled argument that these materials are voluminous, the cost of production is not, as Wyeth argues, one-half the cost Wyeth incurred in imaging the materials. At most, the cost would be that of copying the already-imaged files. As to documents produced exclusively in this litigation, Wyeth has not shown good cause for requiring Impax to pay the "copying" cost of Wyeth's complete imaging fee. Particularly, Wyeth has not shown that this group of documents is overly voluminous. Further, the Court finds that Impax is not the only party benefitting from the organization of these documents into Wyeth's Concordance database; Wyeth is also a beneficiary of its imaged files. In view of the Default Standard provisions, the Court is not persuaded that deviation from the Default Standard indicating costs should be borne by the parties is warranted. Therefore, this part of Impax's Motion is granted.

NOW THEREFORE, IT IS HEREBY ORDERED that Defendant Impax Laboratories, Inc.'s Motion To Compel Production Of Documents (D.I. 36) is **GRANTED IN PART AND DENIED IN PART**, as detailed in this Memorandum Order.

October 26, 2006
DATE

UNITED STATES DISTRICT JUDGE

7