IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WYETH, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 06-222 (JJF) |
| v. | ) | |
| | ) | |
| IMPAX LABORATORIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## STIPULATED PROTECTIVE ORDER

WHEREAS, certain documents and information have been and may be produced or exhibited in the above-styled proceeding (the "Proceeding") which contain the parties' or third parties' trade secrets, or other confidential and proprietary, scientific, technical, financial, strategic, business planning, business arrangement, competitive, research, development, or other kinds of commercially sensitive information within the meaning of Federal Rule of Civil Procedure 26(c)(7);

WHEREAS, the parties, through their respective counsel, have agreed that a Stipulated Protective Order preserving the confidentiality of certain documents and information should be entered by the United States District Court for the District of Delaware; and

WHEREAS, the parties have established good cause for entry of this Stipulated Protective Order;

IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL AND ORDER OF THE COURT THAT:

1.      Any party or third-party may designate as "Confidential" or "Highly Confidential" all or any part of any discovery and other materials produced and/or served by the parties or third parties, or filed with the Court, including without limitation, documents and things, pleadings, motions, interrogatory answers, testimony adduced at depositions, and responses to requests for admission, which contain sensitive financial, patent, trademark, copyright, trade secret, marketing, customer, research, manufacture, regulatory, commercial, business, strategic, or product development information, or any other confidential technical or non-technical information or know-how of such a nature as to be protectable under Federal Rule of Civil Procedure 26(c)(7).

2.      Confidential information and Highly Confidential information, including all information derived therefrom, and all copies, summaries, abstracts, excerpts, indices, and descriptions of such material shall be held in confidence by the receiving party, shall be used only by persons permitted access to it under this Protective Order, and shall not be used for any purpose other than in connection with this Proceeding, defined herein as the above-captioned action, any appeal therefrom, and remands thereto.  Confidential information and Highly Confidential information shall not be used for any research, development, manufacture, patent filing or prosecution, financial purpose, commercial purpose, marketing purpose, business purpose, regulatory purpose, Citizen's Petitions, lawsuits against the FDA, any other litigation or other competitive purpose except as required by law.

### Designation Procedure

3.      Designation of a document or thing as Confidential information or Highly Confidential information by the party or third-party producing it shall be made by stamping it with the legend "CONFIDENTIAL," "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL SUBJECT TO

PROTECTIVE ORDER" as reasonably appropriate when it is produced to the party seeking discovery. Anything that cannot be so marked on its face shall be marked by placing the appropriate legend on a container or package in which the thing is produced or on a tag attached thereto. Each page of each document and each thing produced pursuant to discovery in this action shall bear an identifying number. Any response to written interrogatories or requests for admission or any testimony adduced at a deposition upon written questions that constitutes or contains Confidential or Highly Confidential information shall be labeled or marked with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" as appropriate by the party providing the response or testimony on the first page of that document near the caption when the response or testimony is served upon the party seeking discovery. Another label with the appropriate legend shall be set forth at the beginning of every discovery response that specifically contains Confidential or Highly Confidential information, so that responses that do not contain Confidential or Highly Confidential information are not subject to this Order.

The designation of material as "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" by the producing party constitutes the representation of that party that it reasonably and in good faith believes that the designated material constitutes or discloses sensitive financial, patent, trademark, copyright, trade secret, marketing, customer, research, manufacture, regulatory, commercial, business, product development information, or any other confidential technical or non-technical information or know-how within the meaning of Federal Rule of Civil Procedure 26(c)(7).

As used herein, "Highly Confidential" material shall be limited (1) to highly sensitive business information relating to licensing, projected future sales, pricing, business strategies,

3

business arrangements, volumes, revenues, costs or profits for venlafaxine hydrochloride extended release products, (2) information concerning non-venlafaxine products, or (3) sensitive business information of third parties.  The designation of "HIGHLY CONFIDENTIAL" by the producing party constitutes the representation of that party that it reasonably and in good faith believes that the designated material constitutes or discloses highly sensitive licensing, projected future sales, pricing, business strategy, business arrangement, volume, revenue, cost, or profit information for venlafaxine hydrochloride extended release products, information concerning non-venlafaxine products or (3) sensitive business information of a third-party.

In designating material as Highly Confidential, the third-party must identify by production number in writing any documents previously provided to any of the parties outside of the present Proceeding.  Such documents may be disclosed to the in-house counsel listed in Paragraph 9(b) who are employed by the party previously having access to those documents.

Documents and things produced without a legend designating the material Confidential or Highly Confidential shall not be subject to this Protective Order unless otherwise agreed by the parties or ordered by the Court, or otherwise designated Confidential or Highly Confidential in accordance with the provisions of paragraphs 4 and 19-20 of this Protective Order.

4.     Any material provided for inspection in this Proceeding is to be treated by the receiving party as Highly Confidential information pending the copying and delivery of any copies of the same by the producing party to the receiving party.  After copies are delivered to the receiving party, the information in such documents or things will be treated consistent with any legend produced on each document or thing.  Inspection of documents or things by any party shall be conducted by outside counsel eligible under paragraph 6 below.

5.    Deposition testimony taken in connection with this Proceeding temporarily will be designated as Confidential information for up to thirty (30) calendar days from both parties' receipt of a transcript of the deposition, and the parties agree to mark the first page of the deposition transcript with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" in accord with this temporary designation. Within thirty (30) calendar days of such receipt, parties or third parties must designate as Confidential or Highly Confidential specific testimony, by transcript line and page number, in writing and deliver the designations, if any, to the parties, whereupon each party shall attach a copy of such written designation to the face of the transcript and each copy thereof in that party's possession, custody, or control. Otherwise the parties may treat the testimony as no longer subject to this Order. A deponent may review the transcript of his or her deposition at any time.

In the event that testimony adduced at a deposition contains or constitutes Highly Confidential information, counsel for the designating party shall indicate at the deposition which specific pages (or portions of pages) of the deposition transcripts contain Highly Confidential information. The parties agree to mark the first page of the deposition transcript with the legend "HIGHLY CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER at page[s] _____" until such designation is superseded by the designations provided in writing within thirty (30) days of the transcript's receipt by the parties. That legend, however, will apply during the interim thirty (30) day period only to the specific pages (or portions of pages) that have been so designated. To the extent a party wishes to provide a copy of the transcript during the interim thirty (30) day period to in-house counsel in Paragraph 9(b), counsel for that party will serve a copy of the same, with redactions of the Highly Confidential designations made on the record during the deposition, to the opposing party's counsel. The opposing party will have five (5) court days

from the receipt to provide additional designations of Highly Confidential information that must

be redacted from the copy of the transcript prior to it being provided to in-house counsel in

Paragraph 9(b).


## Access to Confidential Information

6.    Highly Confidential information may be disclosed only to the following Qualified

Persons:

a.    outside counsel retained by the receiving party as counsel for this

Proceeding  (defined as attorneys from the following firms who have or are working on the

present litigation):

> Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.;
> Morris, Nichols, Arsht & Tunnell;
> Heller Ehrman LLP; and
> Morris, James, Hitchens & Williams LLP

provided that any such attorney (i) is not currently involved in the preparation or prosecution of

patents in the technology area of extended release formulations of venlafaxine, and (ii) agrees

not to be involved in the preparation or prosecution of patents in the technology area of extended

release formulations of venlafaxine for (1) year after the conclusion of this Proceeding; in

addition, subject to the restrictions of the outside counsel set forth in this paragraph, the

paralegals, assistants, and employees of the respective law firms of such outside counsel to the

extent such persons' duties and responsibilities require access to material designated Highly

Confidential or Confidential and have an express agreement with their respective law firms to

maintain the confidentiality of their work.  Nothing in this paragraph precludes the above-

identified outside counsel for Wyeth or Impax from participation in other litigation or *inter*

*partes* proceedings involving extended release venlafaxine where the proceeding does not allow for the amendment or addition of patent claims;

    b.  independent litigation support service personnel, litigation consultants, outside exhibit preparation companies, or litigation study groups retained by a party for litigation support with whom such outside counsel work in connection with this Proceeding to the extent such persons have an express agreement with outside counsel to maintain the confidentiality of their work, and provided that such personnel are regularly engaged in the provision of such services, and are not engaged in the research, development, manufacture, marketing, or sale of pharmaceutical products;

    c.  any independent outside consultant or expert to the parties that is assisting outside counsel, is not a current employee of any of the parties in the litigation, and is in compliance with the requirements of paragraphs 7 and 8 herein;

    d.  the Court and any members of its staff to whom it is necessary to disclose Highly Confidential or Confidential information for the purpose of assisting the Court in this Proceeding and stenographic employees, court reporters and typists for the sole purpose of recording, or transcribing testimony, documents or information relating to this Proceeding;

    e.  interpreters and translators for the sole purpose of recording, transcribing or translating testimony or documents relating to this Proceeding;

    f.  any person who prepared a particular document or thing, who is listed on the document as a sender or recipient of the document, or who otherwise had access to or knowledge of the Highly Confidential or Confidential information disclosed in the particular document or thing, but the disclosure shall be limited to the specific Highly Confidential or Confidential information disclosed in the particular document or thing;

g.    any present officer, director, or employee of the party or third-party who produced the Highly Confidential or Confidential information;

h.    any person to whom the producing party or third-party agrees Highly Confidential or Confidential information may be disclosed; and

i.    outside copying services.

If counsel wish to disclose material designated Highly Confidential or Confidential to the persons described in subparagraphs 6(b), (e), or (i) above, counsel shall first obtain a signed Certification in the form of the annexed Exhibit A.  The Certification shall be signed by the company, firm, or group, or solo practitioner retained by the party, and a single Certification by the company, firm, group, or solo practitioner shall be sufficient to cover all employees or other individuals paid by the company, firm, or group.  Counsel retaining the persons described in subparagraphs 6(b), (e), or (i) shall retain the original of each such signed Certification.  Service of the Certification shall not be required.

7.    A party desiring to disclose another party's Highly Confidential or Confidential information to any outside consultant or expert under paragraph 6(c) before any disclosure shall :

a.    provide to such person a copy of this Order, which he or she shall read and upon reading shall sign a Certification in the form annexed hereto as Exhibit A;

b.    obtain from such person a copy of such person's Certification, a resume (*curriculum vitae*), and the following information, (i) a list of companies for whom such person has consulted in any capacity within the last year, (ii) a list of any other cases in which such person has testified as an expert at trial or by deposition within the preceding four (4) years; and a list of all publications authored by such person within the preceding ten (10) years;

8

      c.     for every such person, serve (by hand delivery, courier, e-mail, or facsimile transmission) a copy of said Certification, resume (*curriculum vitae*) and information described in 7(b) upon counsel for the producing party.

    8.     Upon receipt of a Certification and resume (*curriculum vitae*) and information described in 7(b) of an outside consultant or expert, the producing party shall then have ten (10) court days to serve (by hand delivery, same day courier, e-mail, or facsimile transmission) a written objection to the proposed disclosure of its Highly Confidential and/or Confidential information, which shall state with specificity the reason(s) for such objection. If counsel for the producing party objects within ten (10) court days, there shall be no disclosure to such consultant or expert except by further order of the Court pursuant to a motion brought by the producing party within seven (7) court days of the service of the objection. On any motion brought pursuant to this paragraph, the producing party shall bear the burden of showing why disclosure to that consultant or expert should be precluded. Failure to timely object and to timely file a motion with the Court operates as a waiver of the objection by the producing party and the consultant or expert will be a Qualified Person with access to the producing party's Highly Confidential or Confidential information.

    9.     Confidential information may be disclosed only to the following Qualified Persons:

      a.     any of the persons entitled to receive Highly Confidential information identified above in Paragraph 6, and;

      b.     up to four (4) persons employed by each party as its respective in-house counsel consisting of:

        For Wyeth:
            (1) Susan Lee, Esq., and
            (2) Lawrence Alaburda, Esq.;

For Impax:
     (1) Margaret M. Snowden, Esq.; and
     (2) Victor Song, Esq.

as well as any secretarial and clerical employee of each party who works regularly with such

in-house counsel, provided that each of the above-named attorneys and any such secretarial and

clerical employee (i) is not currently involved in the preparation or prosecution of patents in the

technology area of extended release formulations of venlafaxine, and (ii) agrees not to be

involved in the preparation or prosecution of patents in the technology area of extended release

formulations of venlafaxine for one (1) year after the conclusion of this Proceeding, and

(iii) after exposure to another parties' confidential information under this protective order until

one (1) year after the conclusion of this Proceeding, agrees not to partake in competitive

decisionmaking – i.e., advice and participation in any or all of the party's decisions (pricing,

sales, marketing, product design, and regulatory, such as communications with the FDA, etc.)

regarding that party's extended release venlafaxine products – made in light of similar or

corresponding confidential information about another party who has produced confidential

information under this protective order, with the exception of decisions made in furtherance of

the conduct or settlement of this Proceeding.  Nothing in this paragraph precludes the above-

identified in-house counsel for Wyeth or Impax from participation in other litigation or *inter*

*partes* proceedings involving extended release venlafaxine where the proceeding does not allow

for the amendment or addition of patent claims.  Confidential Information may be disclosed to

such a person for the sole purpose of assisting in this Proceeding after such person has received

this Order, and delivered to the other party through their outside counsel a signed Certification in

the form annexed hereto as Exhibit B.  It is expressly understood between the parties that the

number of such persons may be increased by unanimous agreement of the parties to this action

without leave of the Court, or upon a showing, subject to the approval of the Court, by either party that such modification is necessary.

10.    Only Qualified Persons, the deponent, and his or her attorney (if any), shall be allowed to attend any portion of a deposition in which Highly Confidential or Confidential information is used or elicited from the deponent.  Counsel for the designating party may also request that all persons other than the witness, the court reporter, those individuals specified in paragraph 6, and counsel for the witness (if a third-party witness) leave the deposition room during any portion of a deposition which inquires into matters deemed Highly Confidential by the designating party.  Counsel for the designating party may also request that all persons other than the witness, the court reporter, those individuals specified in paragraphs 6 and 9, and counsel for the witness (if a third-party witness) leave the deposition room during any portion of a deposition which inquires into matters deemed Confidential by the designating party.  The failure of individuals other than those specified in the previous two sentences to leave the deposition room during any portion of the deposition which inquires into matters deemed Highly Confidential or Confidential by the designating party shall constitute justification for counsel to instruct the witness that he or she shall not answer the question[s] posed.

11.    This Order shall not limit a party's examination, at a deposition, hearing, or at trial, of persons who are not authorized to receive Highly Confidential or Confidential information under the terms of this Order, so long as such examination concerns Highly Confidential or Confidential information that the witness authored, received, or previously had access to or knowledge of, as demonstrated by the Highly Confidential or Confidential information itself or by foundation testimony during a deposition, hearing or trial.  This Order shall not prevent counsel from examining a witness in a good-faith effort to determine whether he or she authored,

received, or previously had access to or knowledge of Highly Confidential or Confidential information.

12.     Nothing shall prevent disclosure beyond the terms of this Order if the party designating the material as Highly Confidential or Confidential consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure.

13.     Nothing contained in this Order shall preclude any party from using its own Highly Confidential or Confidential information in any manner it sees fit, without prior consent of any party or the Court.

14.     Notwithstanding such designation, Highly Confidential or Confidential information does not include information obtained independent of this Proceeding as to which no obligation of confidentiality applies.  Accordingly, nothing in this Order shall prevent any person, including a Qualified Person, from making use of any information that is designated Highly Confidential or Confidential if such information:

          a.     was lawfully in his or her possession prior to receipt under the provisions of this Order;

          b.     was or becomes available to the public through no fault of a receiving party; or

          c.     was or is obtained from a source not under an obligation of secrecy to the producing party.

15.     Nothing in this Order shall restrict any party's counsel from rendering advice to its clients with respect to this Proceeding and, in the course thereof, relying upon Highly Confidential information (outside counsel) or Confidential information (outside or in-house

counsel), provided that in rendering such advice, counsel shall not disclose any other party's

Highly Confidential or Confidential information other than in a manner provided for in this

Order.

16.     Nothing in this Order shall prevent a party or third-party from redacting from

documents or things, which otherwise contain relevant discoverable information, any Highly

Confidential or Confidential information that is irrelevant to this Proceeding or otherwise not

discoverable pursuant Federal Rule of Civil Procedure 26(b).

## Challenging Designation of Confidential Information

17.     A party shall not be obligated to challenge the propriety of a Highly Confidential or

Confidential information designation (or re-designation) at the time the designation is made, and

a failure to do so shall not preclude a subsequent challenge thereto.  The acceptance of receipt by

the non-producing party of material designated Highly Confidential or Confidential shall not

constitute an admission or concession, or permit an inference that such material is, in fact,

Highly Confidential or Confidential.  In the event that a party disagrees at any time with a Highly

Confidential or Confidential designation made by another party or a third-party, the following

procedure shall be used:

        (a)     The party seeking such removal shall serve the producing party or third-

party written notice thereof (by hand delivery, courier, e-mail, or facsimile transmission),

specifying the documents, things, or information for which such removal is sought and the

reasons for the request.  The producing party or third-party shall have ten (10) court days after

service of the notice within which to object in writing to the removal of protection afforded by

this Order and specifying why protection under this Order is appropriate.  Failure to object

within the requisite time limit is deemed a waiver of any claim to protection for that specific

document, thing, or information designated as Highly Confidential or Confidential information under this Order.

(b)    If, after service of the objection and conferring in good faith, the parties, or the party and third-party, cannot reach agreement concerning the matter, then the party seeking the removal of protection for the designated Highly Confidential or Confidential information shall file and serve a motion with the Court; and the designated material shall continue to be treated as Highly Confidential or Confidential information until the issue is resolved by Order of this Court or by agreement of the parties or the party and third-party.

(c)    On any motions arising out of the designation of any material as Highly Confidential or Confidential information under this Order, the burden of justifying the designation shall lie with the producing party or third-party.

**Inadvertent Production/Use of Confidential Information and Changes in Designation**

18.    Inadvertent production of any document or information without a designation of Highly Confidential or Confidential information will not be deemed to waive a later claim as to its confidential nature or stop the producing party from designating said document or information as Highly Confidential or Confidential information at a later date.

19.    Any producing party may change a designation to Highly Confidential or Confidential information (or withdraw a designation) regarding any material that it has produced, provided, however, that such change in designation shall be effective only as of the date of such change. Such change in designation (or withdrawal) shall be accomplished by notifying counsel for each party in writing of such change in designation (or withdrawal). Upon receipt of any such written change in designation counsel of record shall: (i) not make any further disclosure or communication of such newly designated material except as provided for in this Order; (ii) take reasonable steps to notify any persons known to have possession of any material with the

original designation of the effect of such a change in designation under this Order; and (iii) promptly retrieve all copies and transcriptions of such originally designated material from any persons known to have possession of any such originally designated material who are not Qualified Persons under paragraphs 6 or 9 above in light of the change of designation to the extent practicable.  Properly marked documents shall be promptly provided by the producing party of any such newly designated material.

20.    Under no circumstances shall a party change or remove the designation of Highly Confidential or Confidential information, or object to such change or removal, to vex or harass another party.

21.    If Highly Confidential or Confidential information is used inadvertently during depositions in contravention of other provisions of this Order, it shall not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use.  If Highly Confidential or Confidential information is inadvertently disclosed to a deposition witness, and the witness has testified concerning that information, the witness may be examined and cross-examined with respect to the document(s) or information disclosed for the remainder of the deposition.

22.    If Highly Confidential or Confidential information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall within five (5) court days of learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall use reasonable efforts to obtain the prompt return of any such Highly Confidential or Confidential information and to bind each unauthorized person or party who received such information to the terms of this Protective Order by providing a copy of this Protective Order to such unauthorized person or party and requesting such unauthorized

person or party to sign the Certification attached hereto as Exhibit A. The requirements set forth in this Paragraph shall not prevent the producing party from applying to the Court for further or additional relief.

### Inadvertent Production/Use of Privileged Information

23.    If information subject to a claim of attorney-client privilege, attorney work product immunity or other legal privilege protecting information from discovery is inadvertently produced in any way, such production shall not prejudice or otherwise constitute a waiver (subject matter or otherwise) of, or estoppel as to, any claim of privilege, work product immunity, or other ground for withholding production to which the producing party or other person otherwise would be entitled. If a written claim of inadvertent production is made by a producing party to a receiving party pursuant to this paragraph with respect to information or a document supplied to a receiving party, upon the receiving party's receipt of such written notification of the producing party's discovery of inadvertent production of such information or document, the receiving party shall:

(a)    not make any further copies or other reproductions or transcriptions of the inadvertently disclosed information or document; and

(b)    destroy or return to the supplying party every original and every copy, reproduction, or transcription of all such inadvertently produced information or documents possessed by the receiving party and by those persons to whom the receiving party may have disclosed such information.

However, recognizing the need for the parties to prepare for their cases based on the discovery that is produced, if any information, document, or tangible thing is used in a court hearing, deposition, as an exhibit to a motion, is referenced in an expert report or pretrial order,

or is otherwise used openly in the case, any claim of inadvertent production must be made within ten (10) court days after such use.

**Party's Disclosure of Highly Confidential or Confidential Information of Third-Parties or Pursuant To Subpoena**

24.    A party may temporarily withhold production of otherwise discoverable information sought in a discovery request (e.g., interrogatory, request for production, request for admission) if the party is under an obligation to a third-party not to disclose such information.  In such an event, except for information subject to a protective order or confidentiality order by another court, such party shall:

(a)    timely serve a written objection to the production of the information in question on the basis of its obligation to a third-party not to disclose such information;

(b)    promptly provide to the third-party whose confidentiality interests are implicated (i) notice of the pending request to disclose the information in question, and (ii) a copy of this Protective Order;

(c)    within thirty (30) days of serving its response to the request for the discoverable information or entry of this Protective Order (whichever occurs later), designate it as Highly Confidential or Confidential information and produce it in compliance with this Order, unless that third-party or the party, within the thirty (30) days of the party serving its response to the request, moves for or obtains from this Court a protective order precluding such production. Nothing in this paragraph shall prevent a party from withholding information beyond the thirty (30) days based on its timely asserted written objection other than any non-disclosure obligation to a third-party, or during the pendency of a motion to compel seeking to resolve these other written objections.  The withholding of the information on bases other than an obligation of non-disclosure to a third-party shall not extend the aforementioned period by which the party or

third-party must seek a protective order specifically with respect to the non-disclosure obligation to the third-party.

25.    Any party that is served with a subpoena or other notice compelling the production of any Highly Confidential or Confidential information produced by the other party or a third-party is obligated to give prompt telephonic and written notice (by hand delivery, courier or facsimile transmission) to that original producing party of such subpoena or other notice.  In any event, such notice shall be given within five (5) court days of service of the subpoena or other notice. If the original producing party takes steps to oppose the subpoena, then the party served with the subpoena shall not disclose the pertinent information until the Court has resolved the issue. Absent Court order, production or disclosure shall not be made before notice is given to the original producing party and the original producing party has had at least ten (10) court days to react after receiving such notice.  Upon receiving such notice, the original producing party shall bear the burden to oppose, if it deems appropriate, the subpoena on grounds of confidentiality.

**Use of Highly Confidential or Confidential Information in Filings and in Open Court**

26.    Nothing herein shall be construed to affect in any manner the admissibility at trial or any other proceeding of any document, testimony, or other evidence.

27.    The Clerk of the Court is directed to maintain under seal any pleading, motion, brief, memorandum, exhibit, affidavit, declaration, transcript, response to a discovery request, or other paper filed with the Court that has been designated, in whole or in part, as containing or revealing Highly Confidential or Confidential information.

28.    In the event that a party wishes to use any Highly Confidential or Confidential information in any pleading, motion, brief, memorandum, exhibit, affidavit, declaration, transcript, response to a discovery request, or other paper filed with the Court, such paper shall

be enclosed in a sealed envelope or other appropriate container.  The sealed envelope or other

appropriate container shall:

(a)    show the caption of this action;

(b)    identify its contents; and

(c)    include the following legend:

[HIGHLY] CONFIDENTIAL INFORMATION PURSUANT TO STIPULATED
PROTECTIVE ORDER: This envelope [or container] is sealed pursuant to court order
and contains [highly] confidential information.  The contents of this envelope must not be
shown to any person except as authorized by the Stipulated Protective Order in this
action.

29.    To the extent that a receiving party (or a witness called by a receiving party)

contemplates using Highly Confidential or Confidential information, which was produced by

another party, at trial or a hearing in open court, the receiving party shall have the obligation to

provide notice (either in writing or in open court) to the producing party of its intent.  The

producing party shall have an opportunity to respond to that notice before any of its Highly

Confidential or Confidential information may be used by any other party at trial or a hearing in

open court.

**Disposition of Confidential Materials upon Conclusion of Proceeding**

30.    Upon the conclusion of this Proceeding, at the written request and option of the

producing party, all Highly Confidential or Confidential information and any and all copies and

transcriptions thereof, shall be destroyed or returned within ninety (90) calendar days to the

producing party, provided, however, that outside counsel may retain all documents and things

that contain or reflect their attorney work product (e.g., notes, memoranda, drafts of pleadings,

deposition summaries, document review summaries, documents reviewed in preparation for

depositions, hearings, or trial whether introduced or not), all correspondence, all pleadings, all

deposition transcripts, all expert reports, all deposition, hearing and trial exhibits, and all

court-filed documents even though they contain Highly Confidential or Confidential information, but such retained work product and documents shall remain subject to the terms of this Order. Accordingly, upon final termination of this action, no one other than outside counsel shall retain any information designated Highly Confidential or Confidential obtained in the course of this Proceeding. At the written request of the producing party, any person or entity having received recordings, notes, memoranda, summaries or other written materials, and all copies thereof, relating to or containing its Highly Confidential or Confidential information shall deliver to the producing party a declaration confirming that reasonable efforts have been made to assure that all such Highly Confidential or Confidential information and any copies thereof, any and all records, notes, memoranda, summaries or other written material regarding the Highly Confidential or Confidential information (except for attorney work product and documents permitted to be retained by outside counsel as stated above), have been destroyed or delivered in accordance with the terms of this Order.

### Miscellaneous Provisions

31.     This Order shall be binding upon the parties to this Proceeding and signatories to the Certification, including their successor(s) and assigns, and their respective attorneys, agents, representatives, officers and employees.

32.     This Order shall apply to all information and material produced in this Proceeding, including all previously produced information and material prior to the execution of this Order by the Court.

33.     The parties acknowledge and agree that if any party hereto breaches, or threatens to commit a breach of any of the provisions of this Order, each non-breaching party shall have the right to ask the Court for the remedy, which remedy shall be in addition to and not in lieu of, any other remedies available to the non-breaching party under law or in equity, to have the Order

specifically enforced (without posting any bond), including, without limitation, the right to an

entry against the breaching party of restraining orders and injunctions (preliminary and

permanent) against breaches, threatened or actual, it being agreed and acknowledged that, in the

event of any such breach or threatened breach, the breaching party is not entitled to a

presumption that money damages or legal remedies are sufficient or adequate to remedy such a

breach.

34.    By written agreement of the parties, or upon motion and order of the Court, the terms

of this Order may be amended or modified.

35.    This Order shall continue in force until amended or superseded by express order of

the Court.  This Order shall survive termination of this Proceeding, including any final judgment,

appeal, or settlement to the extent the Highly Confidential or Confidential information is not or

does not become known to the public.

36.    Nothing in this Order shall prejudice the right of any party or third-party to oppose

production of any information for lack of relevance, privilege, or any ground other than

confidentiality.

37.    In the event that a new party is added, substituted, or otherwise brought in to this

Proceeding, this protective order will be binding on and inure to the benefit of the new party,

subject to the right of the new party to seek relief from or modification of this protective order.

38.    The entry of this Order does not prevent any party from seeking a further order of this

Court pursuant to Federal Rule of Civil Procedure 26(c).


Dated: February ___, 2007


_____
The Honorable Joseph J. Farnan, Jr.


21

*/s/ Karen Jacobs Louden*

*/s/ Mary B. Matterer*

Jack B. Blumenfeld (I.D. No. 1014)
Karen Jacobs Louden (I.D. No. 2881)
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
jblumenfeld@mnat.com
klouden@mnat.com

Basil J. Lewris (*pro hac vice*)
Linda A. Wadler (*pro hac vice*)
Barbara R. Rudolph (*pro hac vice*)
Finnegan, Henderson, Farabow,
 Garrett & Dunner L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

Attorneys for Plaintiff
WYETH

732309.1

Mary B. Matterer (I.D. No. 2696)
Morris James Hitchens & Williams LLP
222 Delaware Ave., 10th Floor
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
mmatterer@morrisjames.com

M. Patricia Thayer (*pro hac vice*)
John M. Benassi (*pro hac vice*)
Jessica R. Wolff (*pro hac vice*)
Daniel N. Kassabian (*pro hac vice*)
Samuel F. Ernst (*pro hac vice*)
Heller Ehrman LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA 92101
Telephone: (858) 450-8400
Facsimile: (858) 450-8499

Attorneys for Defendant
IMPAX LABORATORIES, INC.

# EXHIBIT A

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WYETH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 06-222 (JJF) |
| v. | ) | |
| | ) | |
| IMPAX LABORATORIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATION REGARDING STIPULATED PROTECTIVE ORDER

I, _____, declare:

1.    My present address is _____.

My present occupation is_____.

I am not a current employee of any of the parties in the litigation.  My present employer,

if any, is _____, and the address of my present employer is

_____.

2.    I have received a copy of the Stipulated Protective Order in this action.  I have carefully read and understand its provisions.  I consent to the jurisdiction of the Unites States District Court for the District of Delaware solely for the purpose of enforcing the Stipulated Protective Order.

3.    I will comply with all provisions of the Stipulated Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Stipulated Protective Order, and will use only for purposes of this action, any information, documents or things designated as containing Highly Confidential or Confidential information, or stamped with the legend "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL" or "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER", including the substance and any copy, summary, abstract, excerpt, index or

1

description of such material, that is disclosed to me as well as any knowledge or information derived from any of the above mentioned items which I receive in this action, except as allowed in accordance with the Stipulated Protective Order. I will take reasonable steps to restrict access to any Highly Confidential or Confidential information to only those persons authorized by the Protective Order to have such access.

4. I will return all materials containing Highly Confidential or Confidential information that come into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or from whom I received such material when requested to do so.

5. I understand that if I violate the provisions of the Protective Order, I will be subject to sanctions by the Court and that any or all of the parties or third-parties that designate information pursuant to the Protective Order may assert other remedies against me. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

6. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

7. Executed this _____ day of _____, at _____

_____.

_____

732359.1

2

EXHIBIT B

**EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WYETH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 06-222 (JJF) |
| v. | ) | |
| | ) | |
| IMPAX LABORATORIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>CERTIFICATION REGARDING STIPULATED PROTECTIVE ORDER</u>

I, _____, declare:

1.    My present address is _____.

My present occupation is_____.

My present employer is _____, which is a party in this

litigation.

2.    I am currently not involved in the preparation or prosecution of patents in the technology area of extended release formulations of venlafaxine.  I further agree not to be involved in the preparation or prosecution of patents in the technology area of extended release formulations of venlafaxine for one (1) year after the conclusion of this Proceeding (as defined in the Stipulated Protective Order in this action).  I also agree that after exposure  to another parties' confidential information under the Stipulated Protective Order in this Proceeding, until one (1) year after the conclusion of this Proceeding, I will not partake in competitive decisionmaking – i.e., advice and participation in any or all of the party's decisions (pricing, sales, marketing, product design, and regulatory, such as communications with the FDA, etc.) regarding my employer's extended release venlafaxine products – made in light of similar or corresponding confidential information about another party who has produced confidential information under the Stipulated Protective Order in this Proceeding, with the exception of decisions made in furtherance of the conduct or settlement of this Proceeding.

1

3.    I have received a copy of the Stipulated Protective Order in this action.  I have carefully read and understand its provisions.  I consent to the jurisdiction of the Unites States District Court for the District of Delaware solely for the purpose of enforcing the Stipulated Protective Order.

4.    I will comply with all provisions of the Stipulated Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Stipulated Protective Order, and will use only for purposes of this action, any information, documents or things designated as containing Highly Confidential or Confidential information, or stamped with the legend "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL" or "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER", including the substance and any copy, summary, abstract, excerpt, index or description of such material, that is disclosed to me as well as any knowledge or information derived from any of the above mentioned items which I receive in this action, except as allowed in accordance with the Stipulated Protective Order.  I will take reasonable steps to restrict access to any Highly Confidential or Confidential information to only those persons authorized by the Protective Order to have such access.

5.    I will return all materials containing Highly Confidential or Confidential information that come into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed when requested to do so.

6.    I understand that if I violate the provisions of the Protective Order, I will be subject to sanctions by the Court and that any or all of the parties or third-parties that designate information pursuant to the Protective Order may assert other remedies against me.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

7.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

8.    Executed this _____ day of _____, at _____

_____.


_____

732359.1

2