# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| WYETH,<br><br>                         Plaintiff,<br><br>      v.<br><br>IMPAX LABORATORIES, INC.,<br><br>                     Defendant. | )<br>)<br>)<br>)<br>)Civil Action No.: 06-222 JJF<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF MARY B. MATTERER
## IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO
## COMPEL A RESPONSE TO INTERROGATORY NUMBER 35

MARY B. MATTERER (I.D. No. 2696)
MORRIS JAMES LLP
500 Delaware Ave., 15th Floor
Wilmington, DE 19801
Telephone: (302) 888-6800
mmatterer@morrisjames.com

M. PATRICIA THAYER
JOHN M. BENASSI
JESSICA R. WOLFF
SAMUEL F. ERNST
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA 92101
Telephone: (858) 450-8400
Facsimile: (858) 450-8499

Attorneys for Defendant
IMPAX LABORATORIES, INC.

Dated:  February 28, 2007

I, Mary B. Matterer, declare:

1.     I am a partner at the law firm of Morris James LLP, counsel to Defendant Impax Laboratories, Inc. ("Impax") in this matter.

2.     Attached hereto as Exhibit 1 is a copy of Plaintiff's Responses and Objections to Impax's Third Request For Production of Documents and Things (Nos. 87-124).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on this twenty-eighth day of February, 2007 at Wilmington, Delaware.


MARY B. MATTERER (I.D. No. 2696)

# EXHIBIT 1

RECEIVED

OCT 10 2006

RICHARD K. HERRMANN

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WYETH,<br>        Plaintiff,<br><br>    v.<br><br>IMPAX LABORATORIES, INC.,<br>        Defendant. | C. A. No. 06-222 (JJF) |

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO IMPAX'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 87-124)

Plaintiff, Wyeth, hereby responds to the Third Request for Production of Documents and Things (Nos. 87-124) served by Defendant Impax Laboratories, Inc. (hereinafter "Impax") on September 8, 2006 via hand delivery.

### GENERAL OBJECTIONS

1.      Wyeth objects to any request to the extent it seeks to impose on Wyeth any obligation not required by the Federal Rules of Civil Procedure or the local rules of the United States District Court for the District of Delaware.

2.      Wyeth objects generally to the production of documents and things protected by the attorney-client privilege, work product immunity, or any other applicable privilege. To the extent that such documents and things not otherwise objectionable are called for by Impax's requests, they will be identified in a listing of withheld documents which will be prepared in due course and exchanged with Impax on a mutually agreed upon date.

1191079

3.    An objection based on attorney-client privilege and/or work product immunity should not be construed as a representation that such documents exist or existed.  Such objections indicate only that the requests are of such a scope as to embrace subject matter protected by the attorney-client privilege and/or work product immunity.

4.    Wyeth objects generally to Impax's document requests to the extent they seek production of documents and things containing both discoverable and nondiscoverable or objectionable material.  Wyeth reserves the right to redact any matter which is not called for or with respect to which Wyeth has objected to the request for production.

5.    Wyeth objects to Impax's instructions to the extent they include within the definition of Wyeth's possession, custody or control all documents to which Wyeth has any access, however remote.  Thus, Wyeth objects to Impax's document requests to the extent they seek to require Wyeth to provide any information beyond what is available to Wyeth at present from a reasonable search of its own files at its principal offices and pharmaceutical product research and development facilities in the United States and from reasonable inquiry of its present employees on the grounds that such discovery is irrelevant, unreasonably cumulative and unduly burdensome.  Subject to these objections, Wyeth will use reasonable diligence to locate responsive documents in its possession, custody, and control based on an examination of those files reasonably expected to yield responsive documents.

6.    As used in these responses, the phrase "all documents," or similar phrases, should be understood to mean those documents Wyeth and its counsel were

able to locate using reasonable diligence and judgment concerning the existence and whereabouts of responsive documents. Such phraseology should not be construed as a representation that each and every document available to Wyeth has been examined in connection with these responses or any production pursuant thereto.

7.    Wyeth's objections and responses are based on the best knowledge and information known to them at this time. Wyeth's objections and responses are made without prejudice to Wyeth's right to revise or supplement them based on the discovery taken in this case. Further, Wyeth's objections and responses are based on Wyeth's good-faith interpretation of the individual requests for production and are subject to correction for errors or omission, if any.

8.    Wyeth objects to the production of documents in the public domain because the burden of obtaining access to, copying, and production is equal for both parties. Subject to this General Objection, and to the extent not otherwise objectionable, Wyeth will not seek to exclude from production, responsive public documents within its possession, custody, and control.

9.    A response that documents will be produced should not be construed as a representation that such documents exist or existed. Such responses indicate only that documents responsive to the request, subject to applicable objections, will be produced if any such documents are found after a reasonable search.

10.    To the extent that Impax's document requests seek the production of internal work product files from any of Wyeth's counsel, including, but not limited to, Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P. and Morris, Nichols, Arsht &

Tunnell, L.L.P., Wyeth objects to either the production or the listing of these documents on a withheld document list.

11.    Wyeth objects to the production of documents and things subject to the rights of third parties not affiliated with Wyeth. In addition, Wyeth objects to the production of non-Wyeth documents or information subject to a protective order entered in a litigation other than the above-captioned litigation.

12.    Wyeth objects to Impax's definition of the terms "Wyeth" or "Plaintiff." This action involves Wyeth and not its past or present, U.S. or foreign subsidiaries, past or present, U.S. or foreign divisions, or "any related companies." In addition, Wyeth objects to Impax's definition of "Wyeth" or "Plaintiff" to the extent these terms include former officers, directors, employees, agents, attorneys or representatives as potentially including entities outside of Wyeth's possession, custody, or control, and as calling for information that may be subject to confidentiality agreements and/or attorney-client privilege. Consequently, in answering Impax's requests, Wyeth will construe "Wyeth" and "Plaintiff" to mean only those portions of Wyeth involved with the research and development, manufacture, distribution, and/or sale of the venlafaxine hydrochloride extended release product EFFEXOR® XR in the United States. Wyeth further objects to Impax's instructions as unduly burdensome to the extent they seek to impose any further limitations or obligations upon Wyeth with respect to the production of documents within Wyeth's possession, custody, or control other than those set forth above.

13.    Wyeth objects to the production of "electronically produced, electronically stored, photostatic, photographed, recorded, or otherwise reproduced communications

or records of every kind and description," documents as well as "computer files, including backup OR archival copies" as overly broad, unreasonably cumulative and unduly burdensome. Subject to the General and Specific Objections, Wyeth will agree to produce TIFF images of documents produced by Wyeth in the *Wyeth v. Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries, Ltd.* litigation, Civil Action No. 03-CV-1293 (WJM) (hereinafter "Teva litigation") that were obtained from searches of Wyeth's relevant electronic systems, assuming that Impax is willing to provide its produced documents, electronic or otherwise, to Wyeth in TIFF format, and that Impax reimburses Wyeth for half of the cost of imaging copies of documents previously imaged for the Teva litigation and for the full cost of imaging copies of any documents produced solely in this litigation. Alternatively, Wyeth is willing to produce documents to Impax in hard paper copy format and Impax can reimburse Wyeth for the cost of those copies.

14.    Wyeth objects to Impax's requests to the extent they call for information (including listing on a withheld document log) or documents generated subsequent to the February 10, 2003 cut-off date observed in the Teva litigation as irrelevant, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The production or listing on a withheld document log of any document or information generated subsequent to this date should not be construed as a waiver of this objection with respect to any other document or information.

15.    Wyeth objects to the production of documents relating to ongoing clinical trials that are not complete and/or not decoded, analyzed, or reported. Wyeth further objects to the production of information such as voluminous raw data and data

compilations from *in vitro* testing, pre-clinical studies, or clinical trials as unduly burdensome, unreasonably cumulative, unreasonably duplicative and irrelevant.

16.    Wyeth objects to the production of commercial, financial, regulatory, marketing, patent prosecution and proceedings, legal and other documents to the extent they concern countries other than the United States as unduly burdensome, overly broad, and/or irrelevant to any issue in the suit, and not reasonably calculated to lead to the discovery of admissible evidence.

17.    Wyeth objects to the production of routine manufacturing, production, qualification, quality control, quality assurance, batch records, release records, and other routine testing as overly broad, irrelevant, unduly burdensome, unreasonably cumulative and duplicative, and not reasonably calculated to lead to the discovery of admissible evidence.

18.    The incidental production of any document or information covered by any of Wyeth's General or Specific Objections shall not be construed as a waiver of the objection with respect to any other document or information.

19.    Nothing in these responses should be construed as waiving rights or objections which otherwise might be available to Wyeth, nor should Wyeth's answering any discovery request be deemed an admission of relevancy, materiality or admissibility in evidence of the discovery requests or the responses thereto.

20.    The General Objections apply to all of Impax's Document Request Nos. 87-124. To the extent that specific General Objections are cited herein in response to specific document requests, those specific citations are provided because they are believed to be particularly applicable to the request and are not to be construed as a

waiver of any other General Objections applicable to documents falling within the scope of the request.

21.    Wyeth maintains the General and Specific Objections it made in response to requests for production propounded by Defendants in the Teva litigation and hereby incorporates by reference herein all of those General and Specific Objections and Responses.

22.    Although Wyeth objects generally to Impax's request that documents and things be produced at the offices of Heller Ehrman, LLP, Wyeth will forward to the offices of Heller Ehrman, LLP copies of produced documents with the understanding that Heller Ehrman, LLP will promptly reimburse Wyeth for the cost of those copies and that Impax will similarly forward its produced copies to the offices of Finnegan Henderson.  Nevertheless, Wyeth retains the right to produce documents or things by making them available for inspection and copying by Impax at Wyeth's or Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.'s facilities.

23.    Until a protective order is entered in this litigation any production of Wyeth's confidential documents is on an outside counsel eyes only basis pursuant to D. Del. L.R. 26.2.

24.    Wyeth objects to Impax's Instructions to the extent they seek to impose on Wyeth obligations not required by the Federal Rules of Civil Procedure or the local rules of the United States District Court for the District of Delaware and as overly burdensome.

25.    Wyeth objects to Impax's definition of "named inventors" to the extent it encompasses persons beyond Deborah M. Sherman, John C. Clark, John U. Lamer

and Stephen A. White as vague and ambiguous, overly broad, unduly burdensome, and irrelevant to any issue in the suit.

## RESPONSES

### IMPAX DOCUMENT REQUEST NO. 87:

DOCUMENTS sufficient to identify all electronic systems and databases, including without limitation, their location, the extent to which they are text-searchable, the extent to which they separately have fields and codes for metadata such as date, location, author, recipient, custodian, etc., used or maintained by WYETH or its attorneys that store any electronic media, including without limitation, e-mail, e-mail attachments, word processing files, spreadsheet files, files of scanned DOCUMENTS, PDF files, graphics files, compressed files, CONCERNING the PATENTS IN SUIT, the NAMED INVENTORS, EFFEXOR, EFFEXOR XR, EXTENDED RELEASE FORMULATIONS comprising VENLAFAXINE, NDA 20-699, clinical studies 600B-208-US, 600B-209-US, and 600B-367-EU, or the legal action entitled *Wyeth v. Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries Ltd.*, Civil Action No. 03-CV-1293 (WJM) before the United States District Court for the District of New Jersey.

OBJECTION:

Wyeth objects to this request to the extent it calls for documents that are protected by the attorney-client privilege, prepared or obtained in anticipation of litigation or for trial, or are otherwise subject to the work product doctrine or any other applicable rights, privilege, or immunity.

Wyeth also objects to this request as overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks the identification of "all electronic systems and databases" and "any electronic media" that contain any information concerning the topics listed, however routine, trivial, or remote the information may be to any claim or defense in this litigation.  For example, Wyeth further objects to this request as overly broad, vague and ambiguous, unduly burdensome, and not reasonably calculated to

lead to the discovery of admissible evidence to the extent it seeks information regarding the identification of databases regarding routine testing, ordering, production, quality control, distribution, personnel management, marketing, accounting, or other such routine manufacturing, logistics, human resources, or business information.

Wyeth further objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the document request calls for information concerning "Wyeth", as that term is defined by Impax for the reasons set forth in Wyeth's General Objection No. 12, above. This action involves Wyeth and not its past or present, U.S. or foreign subsidiaries, past or present, U.S. or foreign divisions, past or present, U.S. or foreign parent corporations, or "any related companies." Nor does "Wyeth" reasonably include former officers, directors, employees, agents, attorneys, and representatives as potentially including entities outside of Wyeth's possession, custody, or control, or calls for documents that may be subject to confidentiality agreements and/or attorney-client privilege. Consequently, in answering this document request, Wyeth will construe "Wyeth" to mean only those portions of Wyeth involved with the research and development, manufacture, distribution, and/or sale of the venlafaxine hydrochloride extended release product EFFEXOR® XR in the United States. Wyeth further objects to Impax's instructions as unduly burdensome to the extent they seek to impose any further limitations or obligations upon Wyeth with respect to the production of information or documents within Wyeth's possession, custody, or control than those set forth above.

Wyeth further objects to this document request to the extent it uses Impax's definition of "named inventors" encompassing persons beyond Deborah M. Sherman,

John C. Clark, John U. Lamer and Stephen A. White as vague and ambiguous, overly broad, unduly burdensome, and irrelevant to any issue in the suit. Wyeth further objects to this document request to the extent it seeks information concerning any venlafaxine-containing extended release formulation developed after the effective filing date of the patents-in-suit, other than EFFEXOR® XR, as overly broad, unduly burdensome, irrelevant to any issue in the suit, not reasonably calculated to lead to the discovery of admissible evidence and as seeking highly sensitive future product information. Wyeth also objects to this request to the extent it seeks documents and things concerning "EFFEXOR" other than documents reflecting (1) comparisons between immediate release Effexor® and Effexor® XR or (2) nausea and/or vomiting in humans associated immediate release Effexor® as overly broad and unduly burdensome. Wyeth further objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for identification of documents concerning the identified databases beyond those that are ascertainable by a reasonable search.

Wyeth also objects to this document request to the extent that the terms "text searchable," "fields and codes for metadata" and "metadata" are vague and ambiguous. "Text searchable" does not define the extent to which any or all fields in a database are, in fact, searchable, or under what conditions such searches may occur. For purposes of responding to this request, therefore, Wyeth will consider a database as "text searchable" if at least one field may be searched for text during the course of a normal business application of that database. Similarly, "fields and codes for metadata" shall

1191079

10

be construed to refer to metadata that can be accessed using the program(s) commonly used to access that system or database in the normal course of business.

Finally, Wyeth's obligations concerning electronic document production including the production of metadata is the subject of a pending motion to compel. Therefore, Wyeth objects to this document request's request for information concerning metadata fields or codes as overly broad, unduly burdensome, irrelevant to any issue in the suit and not reasonably calculated to lead to the discovery of admissible evidence. Wyeth reserves the right to further supplement this response.

RESPONSE:

Subject to the General and Specific Objections, Wyeth will produce a document containing Wyeth's response to Impax's Interrogatory No. 20.

**IMPAX DOCUMENT REQUEST NO. 88:**

All business plans CONCERNING EFFEXOR XR.

OBJECTION:

Wyeth objects to this request as overly broad, vague and ambiguous, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and as seeking highly sensitive future competitive information. Impax has not defined "business plans" nor has it provided any nexus between the need for such documents and their relevance to any claim or defense in this litigation. Wyeth further objects to this request to the extent it calls for information (including listing on a withheld document log) or documents generated subsequent to the February 10, 2003 cut-off date

observed in the Teva litigation as irrelevant, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Wyeth further objects to this request to the extent it calls for information that is protected by the attorney-client privilege, prepared or obtained in anticipation of litigation or for trial, or is otherwise subject to the work product doctrine or any other applicable rights, privilege, or immunity.

RESPONSE:

Subject to the General and Specific Objections, Wyeth will produce documents and things previously produced by Wyeth in response to document requests in the Teva litigation and will identify protected documents associated with that production on a withheld document log.

**IMPAX DOCUMENT REQUEST NO. 89:**

All DOCUMENTS provided to physicians CONCERNING the characteristics and benefits of EFFEXOR XR.

OBJECTION:

Wyeth objects to this request to the extent it seeks "ALL Documents provided to physicians" as overly broad, vague and ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Impax has not provided any nexus between the need for "all" such documents and their relevance to any claim or defense in this litigation.

RESPONSE:

Subject to the General and Specific Objections, Wyeth will produce documents and things previously produced by Wyeth in response to document requests in the Teva

litigation. In addition, Wyeth will produce additional, more recent advertising for its

Effexor® XR products.

**IMPAX DOCUMENT REQUEST NO. 90:**

To the extent WYETH contends, or will contend in the event the Court adopts the
claim constructions that were found in *Wyeth v. Teva Pharmaceuticals USA, Inc. and
Teva Pharmaceutical Industries Ltd.*, Civil Action No. 03-CV-1293 (WJM), that IMPAX
infringes any asserted claim of the PATENTS IN SUIT under the doctrine of equivalents,
DOCUMENTS CONCERNING WYETH's allegation that IMPAX'S VENLAFAXINE
HYDROCHLORIDE EXTENDED RELEASE CAPSULE has an equivalent element,
performs an equivalent step, or induces performance of an equivalent step, including
without limitation all DOCUMENTS that evidence or refute the legal and factual bases
for such allegations and DOCUMENTS sufficient to IDENTIFY all PERSONS who have
knowledge of these bases.

OBJECTION:

Wyeth objects to this request to the extent it calls for documents that are

protected by the attorney-client privilege, prepared or obtained in anticipation of

litigation or for trial, or are otherwise subject to the work product doctrine or any other

applicable rights, privilege, or immunity.

Wyeth further objects to this request insofar as the phrase "has an equivalent

element, performs an equivalent step, or induces performance of an equivalent step" is

vague and ambiguous and as such is not reasonably calculated to lead to the discovery

of admissible evidence.

Wyeth also objects to this request as premature because under the Court's

Scheduling Order initial expert reports are not due until September 28, 2007. Wyeth

additionally objects to this request as premature in that discovery is still ongoing. In

particular, Wyeth has not received complete discovery from Impax, and has not had

sufficient time to review and analyze the information contained therein. Full discovery

from Impax, including expert discovery, is necessary to identify the full nature and scope

of Impax's infringement. Moreover, because the claims have not been construed by the

Court, the nature of Wyeth's infringement position may evolve depending on how Impax

seeks to construe or apply the claims during the course of the litigation. Wyeth further

objects to this request to the extent it requires a legal conclusion in determining which

documents are responsive to this request.

RESPONSE:

    Subject to the General and Specific Objections, Wyeth will produce the

requested documents to the extent they are not protected by the attorney-client privilege

and/or work product immunity, in accordance with the Court's Scheduling Order.

**IMPAX DOCUMENT REQUEST NO. 91:**

    To the extent WYETH contends that there is a nexus between the commercial
success of EFFEXOR XR or other EXTENDED RELEASE FORMULATIONS
comprising VENLAFAXINE and the asserted claims in the PATENTS IN SUIT such that
their commercial success is a secondary consideration of those claims' non-
obviousness, DOCUMENTS CONCERNING all the factual and legal bases for
WYETH's contention, including without limitation all DOCUMENTS that evidence or
refute those bases and DOCUMENTS sufficient to IDENTIFY all PERSONS who have
knowledge of these bases.

OBJECTION:

    Wyeth objects to this request as premature because fact discovery is just

beginning and as being the subject of expert discovery. Under the Court's pretrial

Scheduling Order, Wyeth's rebuttal expert reports are not due until October 31, 2007.

Wyeth further objects to this request to the extent it requires a legal conclusion in

determining which documents are responsive to this request. Wyeth objects to this request to the extent it calls for documents that are protected by the attorney-client privilege, prepared or obtained in anticipation of litigation or for trial, or are otherwise subject to work product doctrine or any other applicable rights, privilege, or immunity.

RESPONSE:

Subject to the General and Specific Objections, Wyeth will produce the requested documents to the extent they are not protected by the attorney-client privilege and/or work product immunity in accordance with the Court's Scheduling Order.

**IMPAX DOCUMENT REQUEST NO. 92:**

To the extent WYETH contends that the following prior art does not anticipate the asserted claims of the PATENTS IN SUIT, DOCUMENTS CONCERNING all the legal and factual bases for WYETH's assertion that any limitation of the asserted claims is not disclosed in each of the following prior art, including without limitation all DOCUMENTS that evidence or refute these bases and DOCUMENTS sufficient to identify all PERSONS who have knowledge of these bases:

(a)    EP 0 624 366, published 11/17/1994, "Controlled release formulation containing tramadol"

(b)    U.S. Patent No. 6,440,457 B1, "Method of Administering Antidepressant Dosage Form"

(c)    WO 94/27589, published 12/8/1994, "Antidepressant dosage form"

(d)    AU 47732/90, published 7/12/90, "Sustained release pharmaceutical composition"

(e)    WO 95/14460 published 6/1/1995, "Opioid formulations for treating pain"

(f)    Troy *et al., J. Clin. Pharmacol.* 1995 (April) 35:404-409, "The pharmacokinetics of venlafaxine when given in a twice-daily regimen"

OBJECTION:

Wyeth objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege, prepared, or obtained in anticipation of litigation or for trial, or are otherwise subject to the work product doctrine or any other applicable rights, privilege, or immunity.

Wyeth further objects to this request as premature because under the Court's Scheduling Order, rebuttal expert reports are not due until October 31, 2007. Wyeth further objects to this request to the extent it requires a legal conclusion in determining which documents are responsive to this request. Wyeth further objects to this request as overly broad and irrelevant to any issue in the suit because Impax has not yet provided its contentions to Wyeth regarding any alleged anticipation of Wyeth's asserted claims.

RESPONSE:

Subject to the General and Specific Objections, Wyeth will produce the requested documents to the extent they exist and are not protected by the attorney-client privilege and/or work product immunity in accordance with the Court's Scheduling Order.

**IMPAX DOCUMENT REQUEST NO. 93:**

To the extent WYETH contends that there was no motivation to combine two or more of the following prior art at the time of the asserted claims' date(s) of conception, DOCUMENTS CONCERNING all the legal and factual bases for such contention, including without limitation all DOCUMENTS that evidence or refute these bases and DOCUMENTS sufficient to identify all PERSONS who have knowledge of these bases:

(a)    EP 0 624 366, published 11/17/1994, "Controlled release formulation containing tramadol"

(b)    U.S. Patent No. 6,440,457 B1, "Method of Administering Antidepressant Dosage Form"

(c)    WO 94/27589, published 12/8/1994, "Antidepressant dosage form"

(d)    AU 47732/90, published 7/12/90, "Sustained release pharmaceutical composition"

(e)    WO 95/14460 published 6/1/1995, "Opioid formulations for treating pain"

(f)    Troy *et al., J. Clin. Pharmacol.* 1995 (April) 35:404-409, "The pharmacokinetics of venlafaxine when given in a twice-daily regimen"

OBJECTION:

Wyeth objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege, prepared, or obtained in anticipation of litigation or for trial, or are otherwise subject to the work product doctrine or any other applicable rights, privilege, or immunity.

Wyeth further objects to this request as premature because under the Court's Scheduling Order, rebuttal expert reports are not due until October 31, 2007. Wyeth further objects to this request to the extent it requires a legal conclusion in determining which documents are responsive to this request. Wyeth further objects to this request as overly broad and irrelevant to any issue in the suit because Impax has not yet provided its contentions to Wyeth regarding the manner in which any of the cited references allegedly provide motivation to combine two or more of the cited references or how any would allegedly render obvious any of the asserted claims.

RESPONSE:

Subject to the General and Specific Objections, Wyeth will produce the requested documents to the extent they exist and are not protected by the attorney-client privilege and/or work product immunity in accordance with the Court's Scheduling Order.

**IMPAX DOCUMENT REQUEST NO. 94:**

DOCUMENTS CONCERNING the legal and factual bases WYETH relies on in its denials in paragraphs 1, 4-5, 7-36, 38, 40-47, 49-57 of WYETH'S REPLY, including without limitation DOCUMENTS sufficient to IDENTIFY all PERSONS who have knowledge of these bases, what knowledge each PERSON has, and all DOCUMENTS that evidence these bases.

OBJECTION:

Wyeth objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege, prepared, or obtained in anticipation of litigation or for trial, or are otherwise subject to the work product doctrine or any other applicable rights, privilege, or immunity.

RESPONSE:

Subject to the General and Specific Objections, Wyeth will produce the requested documents to the extent they exist and are not protected by the attorney-client privilege and/or work product immunity.

**IMPAX DOCUMENT REQUEST NO. 95:**

To the extent WYETH contends that the statement:

> The use of the one-a-day venlafaxine hydrochloride formulations of this invention reduces by adaptation, the level of nausea and incidence of emesis that attend the administration of multiple daily dosing.

from the PATENTS IN SUIT was not material to patentability and/or was not made to the PTO with the intent to deceive, DOCUMENTS CONCERNING all the factual and legal bases for Wyeth's contention, including without limitation all DOCUMENTS that evidence or refute these bases and DOCUMENTS sufficient to identify all PERSONS who have knowledge of these bases.

OBJECTION:

Wyeth objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege, prepared, or obtained in anticipation of litigation or for trial, or are otherwise subject to the work product doctrine or any other applicable rights, privilege, or immunity.

Wyeth further objects to this request as premature because under the Court's Scheduling Order, rebuttal expert reports are not due until October 31, 2007. Wyeth further objects to this request to the extent it requires a legal conclusion in determining which documents are responsive to this request. Wyeth further objects to this request as overly broad and irrelevant to any issue in the suit because Impax has not yet provided its contention to Wyeth regarding the quoted passage from the patents-in-suit.

RESPONSE:

Subject to the General and Specific Objections, Wyeth will produce the requested documents to the extent they exist and are not protected by the attorney-client privilege and/or work product immunity in accordance with the Court's Scheduling Order.

**IMPAX DOCUMENT REQUEST NO. 96:**

To the extent WYETH contends that the statement:

In clinical trials of venlafaxine hydrochloride ER, the probability of developing nausea in the course of the trials was greatly reduced after the first week.

from the PATENTS IN SUIT was not material to patentability and/or was not made to the PTO with the intent to deceive, DOCUMENTS CONCERNING all the factual and legal bases for Wyeth's contention, including without limitation all DOCUMENTS that evidence or refute these bases and DOCUMENTS sufficient to identify all PERSONS who have knowledge of these bases.

OBJECTION:

Wyeth objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege, prepared, or obtained in anticipation of litigation or for trial, or are otherwise subject to the work product doctrine or any other applicable rights, privilege, or immunity.

Wyeth further objects to this request as premature because under the Court's Scheduling Order, rebuttal expert reports are not due until October 31, 2007. Wyeth further objects to this request to the extent it requires a legal conclusion in determining which documents are responsive to this request. Wyeth further objects to this request as overly broad and irrelevant to any issue in the suit because Impax has not yet provided its contention to Wyeth regarding the quoted passage from the patents-in-suit.

RESPONSE:

Subject to the General and Specific Objections, Wyeth will produce the requested documents to the extent they exist and are not protected by the attorney-client privilege and/or work product immunity in accordance with the Court's Scheduling Order.

**IMPAX DOCUMENT REQUEST NO. 97:**

To the extent WYETH contends that the statement:

Venlafaxine ER showed a statistically significant improvement over conventional venlafaxine hydrochloride tablets in two eight-week and one 12 week clinical studies.

from the PATENTS IN SUIT was not material to patentability and/or was not made to the PTO with the intent to deceive, DOCUMENTS CONCERNING all the factual and legal bases for WYETH's contention, including without limitation all DOCUMENTS that evidence or refute these bases and DOCUMENTS sufficient to IDENTIFY all PERSONS who have knowledge of these bases.

**OBJECTION:**

Wyeth objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege, prepared, or obtained in anticipation of litigation or for trial, or are otherwise subject to the work product doctrine or any other applicable rights, privilege, or immunity.

Wyeth further objects to this request as premature because under the Court's Scheduling Order, rebuttal expert reports are not due until October 31, 2007. Wyeth further objects to this request to the extent it requires a legal conclusion in determining which documents are responsive to this request. Wyeth further objects to this request as overly broad and irrelevant to any issue in the suit because Impax has not yet provided its contention to Wyeth regarding the quoted passage from the patents-in-suit.

**RESPONSE:**

Subject to the General and Specific Objections, Wyeth will produce the requested documents to the extent they exist and are not protected by the attorney-

client privilege and/or work product immunity in accordance with the Court's Scheduling Order.

## IMPAX DOCUMENT REQUEST NO. 98:

To the extent WYETH contends that the statement:

Thus, in accordance with this use aspect of the invention there is provided a method for reducing the level of nausea and incidence of emesis attending the administration of venlafaxine hydrochloride which comprises dosing a patient in need of treatment with venlafaxine hydrochloride with an extended release formulation of venlafaxine hydrochloride once a day in a therapeutically effective amount.

from the PATENTS IN SUIT was not material to patentability and/or was not made to the PTO with the intent to deceive, DOCUMENTS CONCERNING all the factual and legal bases for WYETH's contention, including without limitation all DOCUMENTS that evidence or refute these bases and DOCUMENTS sufficient to IDENTIFY all PERSONS who have knowledge of these bases.

## OBJECTION:

Wyeth objects to this request to the extent that it calls for documents that are protected by the attorney-client privilege, prepared, or obtained in anticipation of litigation or for trial, or are otherwise subject to the work product doctrine or any other applicable rights, privilege, or immunity.

Wyeth further objects to this request as premature because under the Court's Scheduling Order, rebuttal expert reports are not due until October 31, 2007. Wyeth further objects to this request to the extent it requires a legal conclusion in determining which documents are responsive to this request. Wyeth further objects to this request as overly broad and irrelevant to any issue in the suit because Impax has not yet provided its contention to Wyeth regarding the quoted passage from the patents-in-suit.

RESPONSE:

Subject to the General and Specific Objections, Wyeth will produce the

requested documents to the extent they exist and are not protected by the attorney-

client privilege and/or work product immunity in accordance with the Court's Scheduling

Order.


**IMPAX DOCUMENT REQUEST NO. 99:**

DOCUMENTS CONCERNING all the factual and legal bases for WYETH's
statements in paragraphs 18, 19, and 21 of WYETH'S REPLY that "during the
prosecution of the patents-in-suit, Wyeth never represented to the PTO that each
clinical study, standing alone, established a statistically significant improvement of
Effexor® XR over immediate release Effexor®," including without limitation all
DOCUMENTS that evidence or refute these bases and DOCUMENTS sufficient to
IDENTIFY all PERSONS who have knowledge of these bases.


OBJECTION:

Wyeth objects to this document request to the extent that it seeks documents

that are protected by the attorney-client privilege, prepared, or obtained in anticipation

of litigation or for trial, or are otherwise subject to the work product doctrine or any other

applicable rights, privilege, or immunity.  Wyeth further objects to this request to the

extent it requires a legal conclusion in determining which documents are responsive to

this request.

RESPONSE:

Subject to the General and Specific Objections, Wyeth will produce the

requested documents to the extent they exist and are not protected by the attorney-

client privilege and/or work product immunity.

**IMPAX DOCUMENT REQUEST NO. 100:**

DOCUMENTS CONCERNING all the factual and legal bases for WYETH's denial of paragraph 68 of IMPAX's Counterclaims, as stated in paragraph 20 of WYETH'S REPLY, including without limitation all DOCUMENTS that evidence or refute these bases and DOCUMENTS sufficient to IDENTIFY all PERSONS who have knowledge of these bases.

OBJECTION:

Wyeth objects to this request to the extent that it seeks documents that are

protected by the attorney-client privilege, prepared, or obtained in anticipation of

litigation or for trial, or are otherwise subject to the work product doctrine or any other

applicable rights, privilege, or immunity. Wyeth further objects to this request to the

extent it requires a legal conclusion in determining which documents are responsive to

this request.

RESPONSE:

Subject to the General and Specific Objections, Wyeth will produce the

requested documents to the extent they exist and are not protected by the attorney-

client privilege and/or work product immunity.


**IMPAX DOCUMENT REQUEST NO. 101:**

To the extent WYETH contends that WYETH or the NAMED INVENTORS were not aware of an article by Lynn A. Cunningham, M.D., entitled *Once-Daily Venlafaxine Extended Release (XR) and Venlafaxine Immediate Release (IR) in Outpatients with Major Depression*, published in the volume 9, no. 3 of the Annals of Clinical Psychiatry in 1997 during the prosecution of the PATENTS IN SUIT, that this article was not material to patentability, and/or that this article was not withheld from the PTO with the intent to deceive, DOCUMENTS CONCERNING all the factual and legal bases for WYETH's contention, including without limitation all DOCUMENTS that evidence or refute these bases and DOCUMENTS sufficient to IDENTIFY all PERSONS who have knowledge of these bases.

OBJECTION:

Wyeth objects to this request to the extent that it seeks documents that are protected by the attorney-client privilege, prepared or obtained in anticipation of litigation or for trial, or are otherwise subject to the work product doctrine or any other applicable rights, privilege or immunity. Wyeth further objects to this request to the extent it requires a legal conclusion in determining which documents are responsive to this request.

Wyeth objects to this request to the extent it seeks information with respect to "WYETH" using Impax's definition of that term as being overly broad, unduly burdensome, irrelevant to any issue in the suit and not reasonably calculated to lead to the discovery of admissible evidence. This action involves Wyeth and not its past or present, U.S. or foreign subsidiaries, past or present, U.S. or foreign divisions, past or present, U.S. or foreign parent corporations, or "any related companies." In addition, Wyeth objects to Impax's definition of "Wyeth" to the extent these terms include former officers, directors, employees, agents, attorneys, and representatives as potentially including entities outside of Wyeth's possession, custody, or control, or calls for information that may be subject to confidentiality agreements and/or attorney-client privilege.

Wyeth further objects to this request as premature because under the Court's Scheduling Order, rebuttal expert reports are not due until October 31, 2007. Wyeth further objects to this request as overly broad and irrelevant to any issue in the suit because Impax has not yet provided its unenforceability contentions to Wyeth with

respect to the Cunningham article despite its having been served with Wyeth

Interrogatory No. 4 requesting Impax's unenforceability contentions in June 2006.

RESPONSE:

Subject to the General and Specific Objections, Wyeth will produce the

requested documents to the extent they exist and are not protected by the attorney-

client privilege and/or work product immunity.


**IMPAX DOCUMENT REQUEST NO. 102:**

To the extent WYETH contends that, during the prosecution of the PATENTS IN
SUIT, WYETH or the NAMED INVENTORS were not aware of ALZA's development of
an EXTENDED RELEASE FORMULATION comprising VENLAFAXINE beyond the
disclosure in publication WO 94/27589, that the information known about ALZA's
development was not material to patentability, and/or that information known about
ALZA's development was not withheld from the PTO with the intent to deceive,
DOCUMENTS CONCERNING all the legal and factual bases for WYETH's contention,
including without limitation all DOCUMENTS that evidence or refute these bases and
DOCUMENTS sufficient to IDENTIFY all PERSONS who have knowledge of these
bases.


OBJECTION:

Wyeth objects to this request to the extent that it seeks documents that are

protected by the attorney-client privilege, prepared, or obtained in anticipation of

litigation or for trial, or are otherwise subject to the work product doctrine or any other

applicable rights, privilege, or immunity.

Wyeth further objects to this request as premature because under the Court's

Scheduling Order, rebuttal expert reports are not due until October 31, 2007. Wyeth

further objects to this request to the extent it requires a legal conclusion in determining

which documents are responsive to this request. Wyeth further objects to this request

as overly broad and irrelevant to any issue in the suit because Impax has not set forth

allegations or contentions regarding "ALZA's development of an EXTENDED RELEASE

FORMULATION comprising VENLAFAXINE."

RESPONSE:

Subject to the General and Specific Objections, Wyeth will produce documents

and things previously produced by Wyeth in response to document requests in the Teva

litigation and will identify protected documents associated with that production on a

withheld document log in accordance with the Court's Scheduling Order.


**IMPAX DOCUMENT REQUEST NO. 103:**

To the extent WYETH contends that the following passage:

It was completely unexpected that an extended release formulation containing
venlafaxine hydrochloride could be obtained because the hydrochloride of
venlafaxine proved to be extremely water soluble.

from the PATENTS IN SUIT was not material to patentability and/or was not made to
the PTO with the intent to deceive, DOCUMENTS CONCERNING all the factual and
legal bases for WYETH's contention, including without limitation all DOCUMENTS that
evidence or refute these bases and DOCUMENTS sufficient to IDENTIFY all PERSONS
who have knowledge of these bases.


OBJECTION:

Wyeth objects to this request to the extent that it seeks documents that are

protected by the attorney-client privilege, prepared, or obtained in anticipation of

litigation or for trial, or are otherwise subject to the work product doctrine or any other

applicable rights, privilege, or immunity.

Wyeth further objects to this request as premature because under the Court's

Scheduling Order, rebuttal expert reports are not due until October 31, 2007. Wyeth

further objects to this request to the extent it requires a legal conclusion in determining which documents are responsive to this request. Wyeth further objects to this request as overly broad and irrelevant to any issues in the suit because Impax has not pled allegations or made contentions regarding the above quoted passage.

RESPONSE:

Subject to the General and Specific Objections, Wyeth will produce the requested documents to the extent they exist and are not protected by the attorney-client privilege and/or work product immunity in accordance with the Court's Scheduling Order.

**IMPAX DOCUMENT REQUEST NO. 104:**

To the extent WYETH contends that analysis, study, test, trial, research, or experimental results prior to March 25, 1996 demonstrated that the EXTENDED RELEASE FORMULATION comprising VENLAFAXINE claimed in the PATENTS IN SUIT provided a therapeutic blood plasma concentration of VENLAFAXINE over a twenty four hour period with diminished incidences of nausea and emesis, DOCUMENTS sufficient to IDENTIFY such analysis, study, test, trial, research, or experimental results and DOCUMENTS CONCERNING all the factual and legal bases for WYETH's contention, including without limitation all DOCUMENTS that evidence or refute these bases and DOCUMENTS sufficient to IDENTIFY all PERSONS who have knowledge of these bases.

OBJECTION:

Wyeth objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, prepared or obtained in anticipation of litigation or for trial, or are otherwise subject to the work product doctrine or any other applicable rights, privilege, or immunity. Wyeth further objects to this request to the extent it seeks "analysis, study, test, trial, research, or experimental results" as vague and ambiguous, overly broad, and unduly burdensome. Wyeth also objects to this request to the extent

it requires a legal conclusion in determining which documents are responsive to this

request.

RESPONSE:

Subject to the General and Specific Objections, Wyeth will produce the

requested documents to the extent they exist and are not protected by the attorney-

client privilege and/or work product immunity.


**IMPAX DOCUMENT REQUEST NO. 105:**

To the extent WYETH contends that analysis, study, test, trial, research, or
experimental results prior to March 25, 1996 demonstrated that the EXTENDED
RELEASE FORMULATION comprising VENLAFAXINE claimed in the PATENTS IN
SUIT eliminated the troughs and peaks of drug concentration in a patient's blood
plasma attending the therapeutic metabolism of plural daily doses of VENLAFAXINE,
DOCUMENTS sufficient to IDENTIFY such analysis, study, test, trial, research, or
experimental results and DOCUMENTS CONCERNING all the legal and factual bases
for WYETH's contention, including without limitation all DOCUMENTS that evidence or
refute these bases and DOCUMENTS sufficient to IDENTIFY all PERSONS who have
knowledge of these bases.


OBJECTION:

Wyeth objects to this request to the extent it seeks documents that are protected

by the attorney-client privilege, prepared or obtained in anticipation of litigation or for

trial, or are otherwise subject to the work product doctrine or any other applicable rights,

privilege, or immunity.  Wyeth further objects to this request to the extent it seeks

"analysis, study, test, trial, research, or experimental results" as vague and ambiguous,

overly broad, and unduly burdensome.   Wyeth also objects to this request to the extent

it requires a legal conclusion in determining which documents are responsive to this

request.

RESPONSE:

Subject to the General and Specific Objections, Wyeth will produce the requested documents to the extent they exist and are not protected by the attorney-client privilege and/or work product immunity.

**IMPAX DOCUMENT REQUEST NO. 106:**

All of WYETH's responses to Interrogatories and Requests for Admissions in the legal action *Alza Corp. v. Wyeth*, Case No. 06-CV-156, in the United States District Court for the Eastern District of Texas.

OBJECTION AND RESPONSE:

Wyeth objects to this request as unduly burdensome, overly broad, irrelevant to any issue in this suit and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks the production of discovery responses from a different litigation involving a third party patent that is not the subject of this litigation. Impax has raised no specific contentions with respect to Alza nor has it provided any nexus between the relevance of the documents it seeks to any claim or defense in this case. Wyeth further objects to this request to the extent it seeks documents and things subject to the rights of third parties not affiliated with Wyeth. Further, to the extent information is designated as confidential by a third party, it would be unduly burdensome to attempt to redact this information. In addition, Wyeth objects to the production of non-Wyeth information subject to a protective order entered in a litigation other than the above-captioned Impax litigation.

**IMPAX DOCUMENT REQUEST NO. 107:**

All DOCUMENTS CONCERNING any analysis of infringement, non-infringement, validity, invalidity, enforceability, or unenforceability of any of U.S. Patent No. 6,440,457 B1 or the PATENTS IN SUIT, including without limitation any expert report, conducted by, or on behalf of, or at the request of WYETH, in the legal action *Alza Corp. v. Wyeth*, Case No. 06-CV-156, in the United States District Court for the Eastern District of Texas.

OBJECTION AND RESPONSE:

Wyeth objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, prepared or obtained in anticipation of litigation or for trial, or are otherwise subject to the work product doctrine or any other applicable rights, privilege, or immunity. Wyeth further objects to this request as unduly burdensome, overly broad, irrelevant to any issue in this suit, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks the production of documents concerning a different litigation involving a third party patent that is not the subject of this litigation. Wyeth further objects to this request to the extent it seeks documents and things subject to the rights of third parties not affiliated with Wyeth. Further, to the extent information is designated as confidential by a third party, it would be unduly burdensome to attempt to redact this information. In addition, Wyeth objects to the production of non-Wyeth information subject to a protective order entered in a litigation other than the above-captioned Impax litigation.

**IMPAX DOCUMENT REQUEST NO. 108:**

All transcripts of deposition of WYETH's witnesses in the legal action *Alza Corp. v. Wyeth*, Case No. 06-CV-156, in the United States District Court for the Eastern District of Texas.

OBJECTION AND RESPONSE:

Wyeth objects to this request as unduly burdensome, overly broad, irrelevant to any issue in this suit and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks the production of deposition transcripts concerning a different litigation involving a third party patent that is not the subject of this litigation. Wyeth further objects to this request to the extent it seeks documents and things subject to the rights of third parties not affiliated with Wyeth. Further, to the extent information is designated as confidential by a third party, it would be unduly burdensome to attempt to redact this information. In addition, Wyeth objects to the production of non-Wyeth information subject to a protective order entered in a litigation other than the above-captioned Impax litigation.

**IMPAX DOCUMENT REQUEST NO. 109:**

All publications, including without limitation, U.S. and foreign patents, textbooks, articles, conference proceedings, treatises, theses, tutorials, speeches, and presentations, disclosing all or part of the limitations set forth in the claim(s) of any of U.S. Patent No. 6,440,457 B1 or the PATENTS IN SUIT, dated or in existence before March 25, 1996, produced by any party in the legal action *Alza Corp. v. Wyeth*, Case No. 06-CV-156, in the United States District Court for the Eastern District of Texas.

OBJECTION AND RESPONSE:

Wyeth objects to this request as unduly burdensome, overly broad, irrelevant to any issue in this suit and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks the production of documents concerning a different litigation involving a third party patent that is not the subject of this litigation. Wyeth also objects to this request to the extent it requires a legal conclusion in determining which documents are responsive to the request. To the extent this request

does not require a legal conclusion in determining which documents are responsive to

the request, Wyeth objects to this request as overly broad and unduly burdensome,

irrelevant to any issue in the suit and not reasonably calculated to lead to the discovery

of admissible evidence in seeking all publications dated or in existence before

March 31, 1996.


**IMPAX DOCUMENT REQUEST NO. 110:**

All DOCUMENTS CONCERNING claim construction(s) proposed by WYETH in
the legal action *Alza Corp. v. Wyeth*, Case No. 06-CV-156, in the United States District
Court for the Eastern District of Texas.

OBJECTION AND RESPONSE:

Wyeth objects to this request as unduly burdensome, overly broad, irrelevant to

any issue in this suit and not reasonably calculated to lead to the discovery of

admissible evidence to the extent it seeks the production of documents concerning a

different litigation involving a third party patent that is not the subject of this litigation.

Wyeth also objects to this request to the extent it requires a legal conclusion in

determining which documents are responsive to this request. Wyeth further objects to

this request to the extent it seeks documents and things subject to the rights of third

parties not affiliated with Wyeth. Further, to the extent information is designated as

confidential by a third party, it would be unduly burdensome to attempt to redact this

information. In addition, Wyeth objects to the production of non-Wyeth information

subject to a protective order entered in a litigation other than the above-captioned Impax

litigation. Wyeth further objects to this request to the extent it seeks documents that are

protected by the attorney-client privilege, prepared or obtained in anticipation of

litigation or for trial, or are otherwise subject to the work product doctrine or any other applicable rights, privilege, or immunity.

## IMPAX DOCUMENT REQUEST NO. 111:

All publications, including without limitation, U.S. and foreign patents, textbooks, articles, conference proceedings, treatises, theses, tutorials, speeches, and presentations, disclosing all or part of the limitations set forth in the claim(s) of the PATENT IN SUIT, dated or in existence before March 25, 1996, produced by any party in the legal action *Wyeth v. Anchen Pharmaceuticals, Inc.*, Case No. 06-CV-386, in the United States District Court in the Central District of California.

OBJECTION:

Wyeth objects to this request to the extent it requires a legal conclusion in determining which documents are responsive to the request. To the extent this request does not require a legal conclusion in determining which documents are responsive to the request, Wyeth objects to this request as overly broad, unduly burdensome, irrelevant to any issue in the suit and not reasonably calculated to lead to the discovery of admissible evidence in seeking all publications dated or in existence prior to March 26, 1996.

RESPONSE:

Subject to the General and Specific Objections, Wyeth will produce the requested documents.

## IMPAX DOCUMENT REQUEST NO. 112:

All DOCUMENTS CONCERNING claim construction(s) proposed by WYETH in the legal action *Wyeth v. Anchen Pharmaceuticals, Inc.*, Case No. 06-CV-386, in the United States District Court in the Central District of California.

OBJECTION:

Wyeth objects to this request to the extent it seeks documents subject to the rights of third parties not affiliated with Wyeth. In addition, Wyeth objects to the production of non-Wyeth documents or information subject to a protective order entered in a litigation other than the above-captioned litigation. Wyeth further objects to this request as unduly burdensome, overly broad, irrelevant to any issue in this suit and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks the production of pleadings and other documents, including but not limited to, the deposition transcripts of Anchen witnesses, expert reports or expert depositions, and/or hearing transcripts, concerning infringement of products other than those at issue in this litigation. The Anchen litigation involves a different party and product, and information regarding that Party and product is simply not relevant to this present litigation. Furthermore, Anchen is likely to designate the bulk of this information as confidential and subject to the protective order in place in the Anchen litigation, and it would be unduly burdensome to attempt to redact this information. Moreover, Anchen, not Wyeth, would have to redact information it designated as confidential. In addition, Wyeth objects to this request to the extent it seeks documents protected by the attorney-client privilege, prepared or obtained in anticipation of litigation or for trial, or is otherwise subject to the work product doctrine or any other applicable rights, privilege, or immunity.

RESPONSE:

Subject to the General and Specific Objections, Wyeth will produce all non-privileged documents produced by Wyeth in response to document requests in the

Anchen litigation.  Furthermore, Wyeth will produce Markman briefings and portions of expert reports, expert depositions and contention interrogatory answers concerning claim construction in the Anchen litigation once Anchen has redacted its confidential information or given Wyeth permission to produce it.

## IMPAX DOCUMENT REQUEST NO. 113:

All DOCUMENTS CONCERNING any analysis of validity, invalidity, enforceability, or unenforceability of any of the PATENTS IN SUIT, including without limitation any expert report, conducted by, or on behalf of, or at the request of WYETH, in the legal action *Wyeth v. Anchen Pharmaceuticals, Inc.*, Case No. 06-CV-386, in the United States District Court in the Central District of California.

OBJECTION:

Wyeth objects to this request to the extent it seeks documents subject to the rights of third parties not affiliated with Wyeth.  In addition, Wyeth objects to the production of non-Wyeth documents or information subject to a protective order entered in a litigation other than the above-captioned litigation.  Wyeth further objects to this request to the extent it seeks documents that are protected by the attorney-client privilege, prepared or obtained in anticipation of litigation or for trial, or are otherwise subject to the work product doctrine or any other applicable rights, privilege, or immunity.

RESPONSE:

Subject to the General and Specific Objections, Wyeth will produce portions of Wyeth's expert reports, Wyeth's expert depositions and Wyeth's contention interrogatory answers concerning validity and enforceability in the Anchen litigation once Anchen has redacted its confidential information or given Wyeth permission to produce it.

## IMPAX DOCUMENT REQUEST NO. 114:

All DOCUMENTS CONCERNING propranolol, dated or in existence before July 16, 2002, provided to WYETH by Imperial Chemical Industry PLC, a.k.a. ICI, or its affiliates or subsidiaries known to WYETH, including without limitation DOCUMENTS CONCERNING manufacture of EXTENDED RELEASE FORMULATIONS comprising propranolol.

OBJECTION:

Wyeth objects to this document request as overly broad, unduly burdensome, irrelevant to any issue in the suit and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll DOCUMENTS CONCERNING propranol" "provided to WYETH." Wyeth objects to this request to the extent it seeks documents subject to the rights of third parties, including Imperial Chemical Industry, PLC., not affiliated with Wyeth.

RESPONSE:

Subject to the General and Specific Objections, Wyeth will produce non-privileged documents collected in 2004 and produced in the Teva litigation (1) pertaining to Inderal® LA contained in the personal files of the inventors of the patents-in-suit and (2) non-privileged documents located in the archived Rouses Point Pharmaceutical Sciences department  administrative chronological files (the department files for the department in which the inventors worked) pertaining to Inderal® LA that were authored or received by any of the inventors of the patents-in-suit.

## IMPAX DOCUMENT REQUEST NO. 115:

All DOCUMENTS CONCERNING the article by Lynn A. Cunningham, M.D., entitled *Once-Daily* Venlafaxine *Extended Release (XR) and Venlafaxine Immediate Release (IR) in Outpatients with Major Depression*, published in the volume 9, no. 3 of the Annals of Clinical Psychiatry in 1997.

## OBJECTION:

Wyeth objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for "[a]ll DOCUMENTS CONCERNING" the Cunningham article. For example, Wyeth objects to the production of information such as voluminous raw data and data compilations from clinical trials, manufacturing, production, quality control, quality assurance and documents containing patient identifying information that would raise privacy issues.

## RESPONSE:

Subject to the General and Specific Objections, Wyeth will produce documents and things previously produced by Wyeth in response to document requests in the Teva litigation and will identify protected documents associated with that production on a withheld document log.

## IMPAX DOCUMENT REQUEST NO. 116:

All DOCUMENTS CONCERNING the article by Richard Entsuah, Ph.D. and Rohini Chitra, entitled *A benefit-risk analysis of once-daily venlafaxine extended release (XR) and venlafaxine immediate release (IR) in outpatients with major depression*, published in volume 33, no. 4 of Psychopharmacology Bulletin in 1997.

OBJECTION:

Wyeth objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for "[a]ll DOCUMENTS CONCERNING" the Entsuah and Chitra article. For example, Wyeth objects to the production of information such as voluminous raw data and data compilations from clinical trials, manufacturing, production, quality control, quality assurance and documents containing patient identifying information that would raise privacy issues.

RESPONSE:

Subject to the General and Specific Objections, Wyeth will produce documents and things previously produced by Wyeth in response to document requests in the Teva litigation and will identify protected documents associated with that production on a withheld document log.

**IMPAX DOCUMENT REQUEST NO. 117:**

DOCUMENTS CONCERNING all studies, tests, trials, research, or experiments conducted that compare incidences of nausea and emesis between patients receiving EFFEXOR and patients receiving EFFEXOR XR or any WYETH EXTENDED RELEASE FORMULATION comprising VENLAFAXINE, including without limitation all DOCUMENTS sufficient to IDENTIFY all PERSONS who have knowledge of such studies, tests, trials, research, or experiments, what knowledge each PERSON has, and all DOCUMENTS that evidence or refute such studies, tests, trials, research, or experiments.

OBJECTION:

Wyeth objects to this request as overly broad, unduly burdensome, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it calls for "DOCUMENTS CONCERNING all studies, tests, trials,

research, or experiments conducted." For example, Wyeth objects to the production of information such as voluminous raw data and data compilations from clinical trials, manufacturing, production, quality control, quality assurance and documents containing patient identifying information that would raise privacy issues. Wyeth also objects to this document request to the extent it uses the phrase "studies, tests, trials, research, or experiments" as vague and ambiguous, overly broad and unduly burdensome and will construe the phrase as referring to only pharmacokinetic and clinical trials. Wyeth also objects to this request to the extent it seeks documents concerning any "WYETH EXTENDED RELEASE FORMULATION comprising VENLAFAXINE" which was developed after the effective filing date of the patents in suit, other than Effexor® XR, as overly broad, unduly burdensome, irrelevant to any issue in the suit, not reasonably calculated to lead to the discovery of admissible evidence and as seeking highly sensitive future product information. Wyeth further objects to this request to the extent that it seeks documents that are protected by the attorney-client privilege, prepared, or obtained in anticipation of litigation or for trial, or are otherwise subject to the work product doctrine or any other applicable rights, privilege, or immunity.

RESPONSE:

Subject to the General and Specific Objections, Wyeth will produce documents and things previously produced by Wyeth in response to document requests in the Teva litigation and will identify protected documents associated with that production on a withheld document log. In addition, documents identified in Wyeth's response to Impax Interrogatory No. 29 have been produced.

**IMPAX DOCUMENT REQUEST NO. 118:**

DOCUMENTS CONCERNING any and all statistical analyses conducted by, or on behalf of, or at the request of, in the custody or possession of WYETH, that compare nausea and emesis between patients receiving EFFEXOR and patients receiving EFFEXOR XR or any WYETH EXTENDED RELEASE FORMULATION comprising venlafaxine.

OBJECTION:

Wyeth objects to this request to the extent that it calls for information that is protected by the attorney-client privilege, prepared, or obtained in anticipation of litigation or for trial, or is otherwise subject to the work product doctrine or any other applicable rights, privilege, or immunity. Wyeth further objects to this request to the extent it seeks documents concerning any "WYETH EXTENDED RELEASE FORMULATION comprising VENLAFAXINE" which was developed after the effective filing date of the patents in suit, other than Effexor® XR, as overly broad, unduly burdensome, irrelevant to any issue in the suit, not reasonably calculated to lead to the discovery of admissible evidence and as seeking highly sensitive future product information. Wyeth further objects to this Interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the Interrogatory calls for information "in the custody or possession" of "Wyeth", as that term is defined by Impax for the reasons set forth in Wyeth's General Objection No. 12, above.

RESPONSE:

Subject to the General and Specific Objections, Wyeth will produce documents and things previously produced by Wyeth in response to document requests in the Teva litigation and will identify protected documents associated with that production on a

withheld document log. In addition, the March 11, 2005 Memorandum of Gary Carmon and Addendum (WYETH318-008547-8591); the expert reports of Dr. Ronald Thisted (produced in this litigation at production numbers WYETH318-004115-4256); the expert reports of Dr. Eric Hollander (produced in this litigation at production numbers WYETH318-003984-04055); the expert reports of Dr. Ronald Sawchuk (produced in this litigation at production numbers WYETH318-003584-3780); and the deposition transcripts of Lawrence Alaburda and Richard Mangano (produced in this litigation at production numbers WYETH300-000001-302 and WYETH300-000969-1279) have been produced.

## IMPAX DOCUMENT REQUEST NO. 119:

DOCUMENTS CONCERNING all relationships, agreements, pacts, engagements, or understandings between WYETH and ALZA CONCERNING ALZA's research and development of an EXTENDED RELEASE FORMULATION comprising VENLAFAXINE, dated or in existence before July 16, 2002, including without limitation DOCUMENTS sufficient to IDENTIFY all PERSONS who have knowledge of these relationships, agreements, pacts, engagements, or understandings what knowledge each PERSON has, and all DOCUMENTS that evidence these relationships, agreements, pacts, engagements, or understandings, or inquiries.

## OBJECTION:

Wyeth objects to this request as overly broad, unduly burdensome, vague and ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence insofar as Impax has not articulated any nexus between the information sought and any claim or defense in this litigation. Wyeth further objects to this request to the extent it seeks documents concerning any "relationships, agreements, pacts, engagements, or understandings or inquiries" as vague and

ambiguous. Wyeth further objects to this request to the extent that it calls for information that is protected by the attorney-client privilege, prepared, or obtained in anticipation of litigation or for trial, or is otherwise subject to the work product doctrine or any other applicable rights, privilege, or immunity. Wyeth further objects to this request to the extent it encompasses extended release venlafaxine formulation projects not begun until after the effective filing date of the patents in suit as overly broad, unduly burdensome, irrelevant to any issue in the suit, not reasonably calculated to lead to the discovery of admissible evidence and as seeking highly sensitive future product information.

RESPONSE:

Subject to the General and Specific Objections, Wyeth will produce documents and things previously produced by Wyeth in response to document requests in the Teva litigation and will identify protected documents associated with that production on a withheld document log.

## IMPAX DOCUMENT REQUEST NO. 120:

All DOCUMENTS CONCERNING ALZA's research and development of an EXTENDED RELEASE FORMULATION comprising VENLAFAXINE, including without limitation DOCUMENTS sufficient to IDENTIFY all PERSONS who have knowledge of such research and development, what knowledge each PERSON has, and all DOCUMENTS that evidence or refute such research and development.

OBJECTION:

Wyeth objects to this request to the extent it calls for the production of documents outside of the possession or control of Wyeth. Wyeth also objects to this

request to the extent it calls for production of third party documents subject to a protective order in third party litigation.

Wyeth further objects to this request to the extent it encompasses extended release venlafaxine formulation projects not begun until after the effective filing date of the patents in suit as overly broad, unduly burdensome, irrelevant to any issue in the suit, not reasonably calculated to lead to the discovery of admissible evidence and as seeking highly sensitive future product information.

RESPONSE:

Subject to the General and Specific Objections, Wyeth will produce documents and things previously produced by Wyeth in response to document requests in the Teva litigation and will identify protected documents associated with that production on a withheld document log.

**IMPAX DOCUMENT REQUEST NO. 121:**

All DOCUMENTS CONCERNING WYETH's development of EXTENDED RELEASE FORMULATION comprising VENLAFAXINE, including without limitation DOCUMENTS CONCERNING WYETH's efforts to develop Hydrogel tablets, Gelucire capsules or coated spheroids.

OBJECTION:

Wyeth objects to this request as overly broad, unduly burdensome, irrelevant to any issue in the suit, not reasonably calculated to lead to the discovery of admissible evidence, and unreasonably cumulative and duplicative to the extent the request seeks documents from the multitude of Plaintiff's employees involved in, for example, routine testing, scale up, maintenances, purchasing or qualification of raw materials and equipment, manufacturing, packaging, etc. Wyeth also objects to the production of

voluminous raw data gathered from, for example, *in vitro* studies, preclinical studies, clinical trials, production runs, quality control procedures, and routine testing as unduly burdensome and unreasonably cumulative and duplicative.  Wyeth further objects to this request to the extent it seeks documents concerning any venlafaxine-containing extended release formulation developed after the effective filing date of the patents-in-suit other than EFFEXOR® XR, as overly broad, unduly burdensome, irrelevant to any issue in the suit, not reasonably calculated to lead to the discovery of admissible evidence and as seeking highly sensitive future product information.

RESPONSE:

Subject to the General and Specific Objections, Wyeth will produce documents and things previously produced by Wyeth in response to document requests in the Teva litigation and will identify protected documents associated with that production on a withheld document log.


**IMPAX DOCUMENT REQUEST NO. 122:**

To the extent WYETH contends that the asserted claims of the PATENTS IN SUIT are not obvious in view of WYETH's Inderal® LA (propranolol HCl) Long-Acting Capsules, DOCUMENTS CONCERNING all the factual and legal bases for WYETH's contention, including without limitation DOCUMENTS sufficient to IDENTIFY all PERSONS who have knowledge of these bases, what knowledge each person has, and all DOCUMENTS that evidence or refute these bases.


OBJECTION:

Wyeth objects to this request to the extent that it seeks documents that are protected by the attorney-client privilege, prepared, or obtained in anticipation of

litigation or for trial, or are otherwise subject to the work product doctrine or any other applicable rights, privilege, or immunity.

Wyeth further objects to this request to the extent it requires a legal conclusion to determine whether documents are responsive to this request. Wyeth further objects to this request as premature in that under the Court's Scheduling Order, rebuttal expert reports are not due until October 31, 2007.

RESPONSE:

Subject to the General and Specific Objections, Wyeth will produce non-privileged documents responsive to this request in accordance with the Court's Scheduling Order.

**IMPAX DOCUMENT REQUEST NO. 123:**

DOCUMENTS CONCERNING all studies, tests, trials, research, or experiments WYETH conducted prior to July 16, 2002 that compare chemical properties, including without limitation solubility, of propranolol and its salts with that of VENLAFAXINE and its salts, including without limitation DOCUMENTS sufficient to IDENTIFY all PERSONS who have knowledge of such studies, tests, trials, research, or experiments, what knowledge each PERSON has, and all DOCUMENTS that evidence or refute such studies, tests, trials, research, or experiments.

OBJECTION:

Wyeth objects to this request to the extent it seeks "DOCUMENTS CONCERNING all studies, tests, trials, research, or experiments WYETH conducted prior to July 16, 2002 that compare chemical properties" of propranolol and venlafaxine as overly broad, unduly burdensome, and irrelevant to any issue in the suit to the extent it seeks information regarding documents not authored or received by the inventors of the patents-in-suit. Wyeth further objects to this request to the extent it seeks

information regarding "studies, tests, trials, research, or experiments, that compare chemical properties" of venlafaxine and propranolol as vague and ambiguous, overly broad and unduly burdensome.

RESPONSE:

Subject to the General and Specific Objections, Wyeth will produce non-privileged documents collected in 2004 pertaining to Inderal® LA contained in the personal files of the inventors of the patents-in-suit and non-privileged documents located in the archived Rouses Point Pharmaceutical Sciences department administrative chronological files (the department files for the department in which the inventors worked) pertaining to Inderal® LA that were authored or received by any of the inventors of the patents-in-suit.

**IMPAX DOCUMENT REQUEST NO. 124:**

All DOCUMENTS CONCERNING EXTENDED RELEASE FORMULATIONS comprising propranolol developed or manufactured by Inglewood Laboratories or Elan Corporation, PLC, dated or in existence before July 16, 2002.

OBJECTION:

Wyeth objects to this request to the extent it seeks documents concerning extended release formulations comprising propranolol not authored or received by the inventors of the patents-in-suit as overly broad, unduly burdensome, irrelevant to any issue in the suit and not reasonably calculated to lead to the discovery of admissible evidence. Wyeth further objects to this request to the extent it seeks documents subject to the rights of third parties.

RESPONSE:

Subject to the General and Specific Objections, Wyeth will produce non-privileged documents collected in 2004 pertaining to Inderal® LA contained in the personal files of the inventors of the patents-in-suit and non-privileged documents located in the archived Rouses Point Pharmaceutical Sciences department administrative chronological files (the department files for the department in which the inventors worked) pertaining to Inderal® LA that were authored or received by any of the inventors of the patents-in-suit.

Dated:  October 10, 2006          By:

_Linda A. Wadler_

Basil J. Lewris, Esq.
Linda A. Wadler, Esq.
Finnegan, Henderson, Farabow,
   Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 408-4000

Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
Morris, Nichols, Arsht, & Tunnell, LLP
Chase Manhattan Centre, 18th Floor
1201 North Market Street
Wilmington, DE  19899-1347
(302) 658-9200

Attorneys for Plaintiff Wyeth

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of February, 2007, I electronically

filed the foregoing document, **DECLARATION OF MARY B. MATTERER**

**IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO COMPEL A**

**RESPONSE TO INTERROGATORY NO. 35,** with the Clerk of the Court

using CM/ECF which will send notification of such filing to the following:

Jack B. Blumenfeld
Karen Jacobs Louden
Morris Nichols Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801

Additionally, I hereby certify that on the 28th day of February, 2007, the

foregoing document was served as indicated on the following:

**VIA EMAIL AND HAND DELIVERY**
Jack B. Blumenfeld
Karen Jacobs Louden
Morris Nichols Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19801
jblumenfeld@mnat.com
klouden@mnat.com
mmyers@mnat.com

**VIA EMAIL AND FEDEX**
Basil J. Lewris
Linda A. Wadler
Finnegan Henderson Farabow
 Garrett & Dunner
901 New York Avenue, NW
Washington, DE 20001
Bill.Lewris@finnegan.com
Linda.Wadler@finnegan.com

*Mary Matterer*

Mary B. Matterer (I.D. No. 2696)
Morris James LLP
500 Delaware Avenue, 15th Floor
Wilmington, DE 19801
(302) 888-6800
mmatterer@morrisjames.com

Attorneys for
IMPAX LABORATORIES, INC.