IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WYETH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No.  06-222 (JJF) |
| | ) | |
| IMPAX LABORATORIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that the subpoena directed to Christina Leung

attached as Exhibit 1 is being served.


MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden*
_____

Jack Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
klouden@mnat.com
  Attorneys for Plaintiff WyethOF COUNSEL:

Basil J. Lewris
Linda A. Wadler
Finnegan, Henderson, Farabow,
  Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, DC  20001
(202) 408-4000

April 12, 2007

798547

## CERTIFICATE OF SERVICE

I, Karen Jacobs, hereby certify that on April 12, 2007, I electronically filed the foregoing with the Clerk of the court using CM/ECF, which will send notification of such filings(s) to the following:

> Mary B. Matterer
> MORRIS, JAMES, HITCHENS & WILLIAMS, LLP

I also certify that copies were caused to be served on April 12, 2007, upon the following in the manner indicated:

### BY HAND

> Mary B. Matterer
> Morris, James, Hitchens & Williams
> 500 Delaware Avenue
> Suite 1500
> Wilmington, DE  19899

### BY FEDERAL EXPRESS

> M. Patricia Thayer
> John M. Benassi
> Jessica R. Wolf
> Heller Ehrman LLP
> 4350 La Jolla Village Drive
> San Diego, CA  92102

*/s/ Karen Jacobs Louden*
_____
klouden@mnat.com

\

# EXHIBIT 1

GF:111

AO 88 (Rev 11/91) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

**WYETH**

Plaintiff

v.

**IMPAX PHARMACEUTICALS, INC.**

Defendant

### SUBPOENA IN A CIVIL CASE

**CASE NUMBER:** Civil Action No. 06-222 (JJF)
in U.S. District Court for the
District of Delaware

TO:     Christina Leung c/o Daniel N. Kassabian, Esq.
        Heller Ehrman LLP
        333 Bush Street
        San Francisco, CA 94140-2878

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Heller Ehrman LLP<br>333 Bush Street<br>San Francisco, CA 94140-2878<br>or a mutually agreeable place | May 17, 2007, at 9:00 AM or on a mutually agreeable date and time |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the documents or things listed on **Attachment A** at the place, date, and time specified below:

| PLACE     Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.<br>901 New York Avenue, NW<br>Washington, DC 20001-4413 | DATE AND TIME<br>May 1, 2007, at 9:00 AM or on a mutually agreeable date and time |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which a person will testify. Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*                           Attorney for Plaintiff | 4/12/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Alan A. Wright, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.
11955 Freedom Drive
Reston, VA 20190
(571)203-2700

(See Rule 45 of Federal Rules of Civil Procedure Parts C & D on Reverse)

10/94
1325473_1

GF:112

AO 88 (Rev 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)   PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B)  If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

10/94

1325473_1

## ATTACHMENT A

In compliance with Fed. R. Civ. P. 45 and as directed in the United States District Court subpoena attached hereto, you are to produce all documents and things within the scope of the following definitions and descriptions, which are within your possession, custody, or control as defined below.  With respect to documents and things withheld under a claim of privilege, you are required under Rule 45 to describe the nature of the documents and things not produced in a manner sufficient to enable the demanding party to contest the claim.

## DEFINITIONS

a.    The terms "document," "documents," and "things" are used in their customary broad sense and include, without being limited to, the original and any copy, regardless of origin or location, of the following items, whether printed, written, produced by and/or reproduced by any process, namely, but not limited to:  notes, correspondence, internal company communications, e-mails, telegrams, cables, telexes, ledger books, statements, memoranda, summaries or records of conversations, diaries, reports, charts, labels, art work, mockup labels, films, video tapes, photo boards, negatives, drawings, graphs, photographs, microfilms, minutes or records of meetings, reports and/or summaries of interviews or investigations, opinions or reports of consultants or counsel, agreements, notebooks, letters, advertisements, promotional literature, trade letters, press releases, drafts of documents and revisions of drafts of documents, and any other written or recorded material.

b.    The term "communication" means and includes any and all forms of information transmission, including but not limited to written, oral, electronic, telephonic, or videographic: inquiries, responses to inquiries, discussions, conversations, negotiations,

agreements, understandings, meetings, letters, notes, e-mails, telegrams, advertisements, comments, and interviews, and all documents (as defined above) relating to such communication.

c.    The term "referring or relating" (or "refer or relate") means pertaining, describing, evidencing, reflecting, discussing, showing, supporting, contradicting, refuting, constituting, embodying, containing, identifying, or in any way logically or factually connected to the matter discussed.

d.    The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request for information.  The use of a verb in any tense shall be construed as the use of the verb in all other tenses, and the singular form shall be deemed to include the plural and vice-versa. The singular form of any noun shall be deemed to include the plural, and vice versa.

e.    The term "patents-in-suit" refers to U.S. Patent Nos. 6,274,171 B1, 6,403,120 B1, and 6,419,958 B2.

1325470_1

## DESCRIPTION OF DOCUMENTS AND THINGS

All documents, things, or communications that constitute, or refer or relate to, any work done for or on behalf of Impax Laboratories, Inc. concerning venlafaxine, including but not limited to laboratory notebooks, testing results, working papers, and copies of the patents-in-suit.

1325470_1