IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WYETH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 06-222 JJF |
| v. | ) |
| | ) **PUBLIC VERSION** |
| IMPAX LABORATORIES, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT IMPAX LABORATORIES, INC.'S
REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL
DEPOSITION PURSUANT TO FED. R. CIV. P. (30)(b)(6)**

Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES LLP
500 Delaware Avenue, 15th Floor
Wilmington, DE 19801
Telephone: (302) 888-6800
mmatterer@morrisjames.com

M. Patricia Thayer
John M. Benassi
Jessica R. Wolff
Daniel N. Kassabian
Samuel F. Ernst
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA 92101
Telephone: (858) 450-8400

Original Date: April 6, 2007
Redacted Dated: April 13, 2007.

*Attorneys for Defendant IMPAX LABORATORIES, INC*

**TABLE OF CONTENTS**

|   |   |   | Page |
|---|---|---|------|
| I. | INTRODUCTION | | 1 |
| II. | ARGUMENT | | 2 |
| | A. | This Court Has Already Entertained Wyeth's Arguments And Granted The Relief Wyeth Requested And Impax Has Heeded The Court's Instructions In Drafting Its Second Amended Notice | 2 |
| | B. | The Noticed Topics Are Not Overly Broad | 3 |
| | C. | The Fact That Wyeth Has Produced Other Evidence, Including Documents From The *Teva* Litigation, Has No Effect On Impax's Right To A 30(b)(6) Deposition On The Noticed Topics | 4 |
| | D. | The Noticed Topics Are Not "Contention Discovery" | 6 |
| | E. | The Noticed Topics Do Not Seek Privileged Information | 7 |
| III. | CONCLUSION | | 9 |

# TABLE OF AUTHORITIES

**Page**

**Other Authorities**

*Invitrogen Corp. v. Biocrest Mfg., L.P.*,
   2004 U.S. Dist. LEXIS 28975 (W.D. Tex. Feb. 12, 2004).................................................7

*McCook Metals v. Alcoa, Inc.*,
   192 F.R.D. 242 (N.D. Ill. Mar. 2, 2000).............................................................................8

*Medtronic Xomed, Inc. v. Gyrus ENT LLC*,
   No. 304CV400J32, 2006 WL 786425 (M.D. Fla. Mar. 27, 2006)......................................7

*SmithKline Beecham Corp. v. Apotex Corp.*,
   No. 99-CV-4304, 2004 WL 739959 (E.D. Pa. Mar. 23, 2004)...........................................7

*Softview Comp. Prods. Corp. v. Haworth, Inc.*,
   No. 97-8815, 2000 WL 351411 at *9-11 (S.D.N.Y. Mar. 31, 2000)..................................8

*Teleshuttle Tech. LLC v. Microsoft Corp.*,
   2005 U.S. Dist. LEXIS 34824 (N.D. Cal. Nov. 29, 2005)..................................................7

**Rules**

Fed. R. Civ. P. 30(b)(6)..............................................................................................................1, 7

## I. INTRODUCTION

Defendant Impax Laboratories, Inc. ("Impax") has chosen to supplement its personal depositions[1] in this case with a particularized Rule 30(b)(6) deposition notice ("Second Amended Notice") directed to discrete, relevant issues. *See* Declaration of Mary B. Matterer in Support of Defendant's Motion to Compel Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) ("Matterer Decl."), Ex. B. Impax believes this is the best way to focus discovery and dramatically shorten and simplify the issues for trial. The Notice is crafted to discover Wyeth's corporate knowledge of key facts in this case and determine who at Wyeth has personal knowledge of those facts.

Impax served its original 30(b)(6) Notice in November 2006. Wyeth objected on the grounds of overbreadth and undue burden, and Impax narrowed the scope of its original Notice and served an Amended Notice. Wyeth objected again and moved this Court for a protective order to strike the Amended Notice and limit its scope. At a March 2, 2007 hearing, the Court granted Wyeth's motion without prejudice to Impax to re-notice the deposition. The Court observed that the topics raised at the hearing seemed like fair discovery and suggested that Impax draft any further notice with attention to the amount of time to be spent on each topic and the admissible evidence to which each topic is directed. Accordingly, Impax's Second Amended Notice is limited in both time and scope and lists eight relevant general topics with reasonable particularity. Despite the particularity of the topics and the reasonableness of the time frame, Wyeth objected a third time by simply re-stating its previous objections. *See* Matterer Decl., Ex. D.

---

[1] In addition to the Second Amended Notice at issue here, Impax is in the process of deposing fact witnesses in this case. Depositions of two of the four named inventors of the patents-in-suit, Deborah Sherman and John Clark, are scheduled for April 17 and 19, 2007, respectively. In addition, the deposition of Dr. Lynn Cunningham, the author of an article which is one basis for Impax's inequitable conduct defense, is scheduled for May 11, 2007.

Impax believes it has addressed the Court's concerns raised at the March 2, 2007 hearing by carefully focusing its noticed topics to yield admissible evidence on discrete, relevant issues and by indicating reasonable time estimates for each topic (3-4 hours each) and for the deposition as a whole (four days or less). Impax also believes it has accommodated many of Wyeth's objections by narrowing the scope of the topics and expressly excluding certain areas which Wyeth stated were particularly problematic. In short, although Impax's Notice has changed, Wyeth's arguments have not.

Impax respectfully requests that this Court order Wyeth to produce 30(b)(6) witnesses on the eight general topics particularly described in Impax's Second Amended Notice within 30 days. Impax can complete this deposition in four days or less.

## II. ARGUMENT

### A. This Court Has Already Entertained Wyeth's Arguments And Granted The Relief Wyeth Requested And Impax Has Heeded The Court's Instructions In Drafting Its Second Amended Notice

None of Wyeth's objections is new. The arguments have been recycled from its prior Motion for Protective Order. *See* D.I. 82. At the March 2, 2007 hearing, the Court entertained those objections and granted Wyeth the requested relief.[2] In view of the Court's ruling and its suggestions at that hearing, the Second Amended Notice sets forth,

---

[2] THE COURT: ... I'm going to grant the motion, but it's with no prejudice to any renoticing you might do. But I would suggest that any renoticing of the deposition be done with a thought toward the amount of time on each substantive topic.

\*\*\*

I think the notice has correctly been attacked as overly broad. It doesn't say anything about what issues you want to talk about or anything.

I think everything you've told me seems like fair discovery, but I think you have to have a plan of what you want to know. So you may need a little more – well, I'm not going to get into it.

\*\*\*

I'm just going to grant the motion and suggest to you that you develop a little more of a concrete plan.

Matterer Decl., Ex. C at 14-16.

2

in an organized fashion, specific topics addressed to relevant subject matter with time estimates as to each topic. Impax believes it has heeded the Court's instructions and has developed a concrete plan for a 30(b)(6) deposition covering discrete, particularized topics focused on relevant claims and defenses to be completed in four days or less. The topics would yield substantive evidence to simplify the issues for trial. Moreover, these topics directly focus discovery on the facts within Wyeth's possession – facts on which Wyeth relies in making its contentions. Wyeth should not be permitted to block this deposition having already received the benefits of the relief previously granted it by the Court.

### B. The Noticed Topics Are Not Overly Broad

Wyeth's principal objection is that Impax's topics are overbroad and unduly burdensome. *See* D.I. 82 at 9, 10-15; *see also* Wyeth Opp'n, D.I. 124 at 7, 10, 14, 17, 20, 22, 27 and 29. Yet the noticed topics are narrowly tailored to cover very specific factual matters underlying the important issues in this case. For instance, Impax's fourth topic is targeted to critical features of just two pertinent prior art compounds. *See* Matterer Decl., Ex. B at 3-4. Wyeth nonetheless objects to this topic as overbroad. *See* Wyeth Opp'n, D.I. 124 at 17-20. This prior art topic provides a perfect example of Impax's good faith attempt to clearly list some activities and expressly exclude others in very clear terms. *See, e.g.*, Matterer Decl., Ex. B at 3-4, ¶ 9 ("[t]o limit this request further we are acceding to Wyeth's request to <u>not</u> include toxicology, quality control, animal testing, purchasing and qualification of raw materials") (emphasis in original). As one example of the reasonable particularity of its noticed topics, Impax submits that these subtopics targeted to just two publications and a few particular claimed features of the invention are *not* overbroad or unduly burdensome.

C.  **The Fact That Wyeth Has Produced Other Evidence, Including Documents From The *Teva* Litigation, Has No Effect On Impax's Right To A 30(b)(6) Deposition On The Noticed Topics**

Wyeth also argues that it need not produce a designee on topics for which discovery has been served by other means. *See* Wyeth Opp'n, D.I. 124 at 9. However, in some instances, other evidence produced by Wyeth is incomplete or inadequate. Wyeth's Interrogatory Response regarding the factual matters of conception and reduction to practice (Impax's noticed Topic I) consists of one sentence which is nothing more than a conclusory assertion that raises more questions than answers. *See* Matterer Decl., Ex. E at 31

**REDACTED**

Impax is entitled to depose an individual at Wyeth who can fill in the blanks on this issue, and Wyeth, not Impax, should know which individual is equipped to do so.

Wyeth broadly asserts that Impax already has all the information it needs regarding certain issues because Wyeth has produced the inventors' depositions from the *Teva* case. D.I. 124 at 11. This argument is disingenuous at best. The current case involves different accused products and issues which were not covered in the *Teva* depositions. In that case, Teva was not permitted to raise the issue of inequitable conduct, just one example of a claim or defense that Impax is newly asserting in the instant case. It also appears that Teva was unable to explore in any significant detail what Impax believes to be key prior art, such as the Alza formulation. Furthermore, the fact that Wyeth has produced transcripts of depositions from the *Teva* litigation does not preclude Impax from conducting depositions of some of the same individuals or on overlapping subjects in this case.[3] *See, e.g., SmithKline Beecham v. Apotex Corp.*, No.

**REDACTED**

99-CV-4304, 2004 WL 739959, *4 n.6 (E.D. Pa. Mar. 23, 2004) (permitting a Rule 30(b)(6) deposition to go forward on a topic previously litigated by the patentee against another accused infringer in a different case).

Moreover, as discussed in Impax's opening brief,

**REDACTED**

**REDACTED**

**REDACTED**

See D.I. 113 at 15. Thus, production of these transcripts does not shed sufficient light on Wyeth's alleged conception and reduction to practice dates.

### D.    The Noticed Topics Are Not "Contention Discovery"

Because Impax addressed Wyeth's assertions about "contention discovery" in some detail when they were first raised by Wyeth in the prior set of briefs [see D.I. 90 at 15-18], Impax will only touch on this subject briefly here. The noticed subject matter is not "contention discovery." It is fact discovery. Indeed, courts have found many categories similar to the ones at issue here to be appropriate for Rule 30(b)(6) deposition



and have distinguished between legal contentions drawn directly to ultimate questions of law relating to infringement, invalidity and enforceability (i.e., inequitable conduct) and topics drawn to the relevant *facts* that underlie those contentions. *See Medtronic Xomed, Inc. v. Gyrus ENT LLC*, No. 304CV400J32, 2006 WL 786425, *1 (M.D. Fla. Mar. 27, 2006) (granting defendant's motion to compel a 30(b)(6) designee on prior art relevant to the validity of the patent-in-suit because the "factual evidence requested [with respect to prior art] is discoverable through a Fed. R. Civ. P. 30(b)(6) deposition"); *see also SmithKline Beecham*, 2004 WL 739959 at *4 (permitting 30(b)(6) deposition on chemical conversion of patented compounds because "[i]f SmithKline has concluded that its patents are infringed when paroxetine hydrochloride converts to a different form inside the body, it must have some basis for that belief, and Alphapharm is entitled to discover that information").

Thus, it is entirely appropriate for Impax to discover by 30(b)(6) deposition the *facts* underlying issues, including the facts regarding prosecution of the patents-in-suit and Wyeth's alleged conception and reduction to practice of the claimed invention. *See Teleshuttle Tech. LLC v. Microsoft Corp.*, 2005 U.S. Dist. LEXIS 34824, *2-3 (N.D. Cal. Nov. 29, 2005) (referencing 30(b)(6) witness testimony on conception and reduction to practice); *Invitrogen Corp. v. Biocrest Mfg., L.P.*, 2004 U.S. Dist. LEXIS 28975, *49, n.14 (W.D. Tex. Feb. 12, 2004) (same).

### E. The Noticed Topics Do Not Seek Privileged Information

Wyeth's privilege objections are also without merit. Wyeth has lodged these objections to noticed topics seeking the inventors' awareness of two critical articles (Topic V), facts supporting statements in the patents and patent prosecution practice (Topic VI), and non-privileged invention records (Topic I). These topics are each directed to non-privileged documents and exclude attorney-client communications. Moreover, the courts have found such evidence in the realm of patent prosecution to be

7

non-privileged. *See Softview Comp. Prods. Corp. v. Haworth, Inc.*, No. 97-8815, 2000 WL 351411 at *9-11 (S.D.N.Y. Mar. 31, 2000) (finding patent prosecution-related information to be unprivileged, including an authorization of the client to file a patent application, a letter from an attorney informing the client of the deadline for foreign filing and an attorney's notification to a client that a patent is about to issue); *McCook Metals v. Alcoa, Inc.*, 192 F.R.D. 242, 255 (N.D. Ill. Mar. 2, 2000) ("These documents are technical drawings and sketches, tables and test results produced from the inventors and engineering department and sent to the patent department. Some are attachments to letters to in-house patent attorneys in response to a request for information, while others are freestanding. The documents themselves contain no request for legal advice, nor is any given, and thus fall outside the ambit of the privilege") (internal citation omitted).

    Impax believes that Wyeth has no basis for refusing to designate a 30(b)(6) witness on these topics. Rather, the appropriate course of action is for Wyeth to raise objections should questions arise at a deposition that it believes implicate privilege.

## III. CONCLUSION

For the foregoing reasons, Impax respectfully requests that the Court grant its motion to compel Wyeth to designate witnesses for deposition on the topics set forth in Impax's Second Amended Notice.

                                              */s/ Richard K. Herrmann*
Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES LLP
500 Delaware Avenue, 15th Floor
Wilmington, DE 19801
Telephone: (302) 888-6800
mmatterer@morrisjames.com

M. Patricia Thayer
John M. Benassi
Jessica R. Wolff
Daniel N. Kassabian
Samuel F. Ernst
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, CA 92101
Telephone: (858) 450-8400

Attorneys for Defendant IMPAX LABORATORIES, INC

# EXHIBIT 1

# ENTIRE EXHIBIT REDACTED