**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

WYETH,

Plaintiff,

v.

IMPAX LABORATORIES, INC.,

Defendant.

Civil Action No.: 06-222 JJF

**PUBLIC VERSION**

**EXHIBITS TO THE DECLARATION OF KAREN JACOBS LOUDEN**
**IN SUPPORT OF WYETH'S OPENING MARKMAN BRIEF**

**VOLUME 2 OF 3**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
Chase Manhattan Centre, 18th Floor
1201 North Market Street
Wilmington, DE 19801
(302) 658-9200
Attorneys for Plaintiff Wyeth

OF COUNSEL:

Basil J. Lewris
Linda A. Wadler
Barbara R. Rudolph
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 408-4000

Original File Date: May 8, 2007

Public Version File Date: May 14, 2007

# EXHIBIT 11





PW 1006160

THE UNITED STATES OF AMERICA

TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

May 15, 2003

THIS IS TO CERTIFY THAT ANNEXED IS A TRUE COPY FROM THE RECORDS OF THIS OFFICE OF THE FILE WRAPPER AND CONTENTS OF:

APPLICATION NUMBER: *08/821,137*
FILING DATE: *March 20, 1997*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

H. PHILLIPS
Certifying Officer

WYETH 002-000790

UTILITY SERIAL NUMBER 08/821137 | PATENT DATE | PATENT NUMBER

ABANDONED

| SERIAL NUMBER | FILING DATE | CLASS | SUBCLASS | GROUP ART UNIT | EXAMINER |
|---|---|---|---|---|---|
| 08/821,137 | 03/20/97 | 424 | 456 | ~~1502~~ 1501 | HULINA |

APPLICANTS

DEBORAH MARIE SHERMAN, PLATTSBURGH, NY.

**CONTINUING DATA********************** none
VERIFIED
alt

**FOREIGN/PCT APPLICATIONS************ none
VERIFIED
alt

FOREIGN FILING LICENSE GRANTED 07/03/97

| Foreign priority claimed / 35 USC 119 conditions met / Verified and Acknowledged | AS FILED | STATE OR COUNTRY | SHEETS DRWGS. | TOTAL CLAIMS | INDEP. CLAIMS | FILING FEE RECEIVED | ATTORNEY'S DOCKET NO. |
|---|---|---|---|---|---|---|---|
| ☐ yes ☒ no / ☐ yes ☒ no / alt (Examiner's initials) | | NY | 0 | 10 | 5 | $930.00 | AHP-95011 |

ADDRESS

RONALD W. ALICE
AMERICAN HOME PRODUCTS CORPORATION
ONE CAMPUS DRIVE
PARSIPPANY NJ 07054

TITLE

EXTENDED RELEASE FORMULATION

U.S. DEPT. OF COMM./PAT. & TM—PTO-436L (Rev.12-94)

PARTS OF APPLICATION FILED SEPARATELY

Applications Examiner

NOTICE OF ALLOWANCE MAILED: 8/5/97

Assistant Examiner

CLAIMS ALLOWED — Total Claims: 9 — Print Claim: 1

ISSUE FEE — Amount Due: $1290.00 — Date Paid

Amy Hulina
Primary Examiner
Group 1500

Primary Examiner

DRAWING — Sheets Drwg. | Figs. Drwg. | Print Fig.

ISSUE BATCH NUMBER: Q09

Label Area

PREPARED FOR ISSUE

WARNING: The information disclosed herein may be restricted. Unauthorized disclosure may be prohibited by the United States Code Title 35, Sections 122, 181 and 368. Possession outside the U.S. Patent & Trademark Office is restricted to authorized employees and contractors only.

Form PTO-436A (Rev. 8/92)

SCAN 4

(FACE)

08/821137

PATENT APPLICATION SERIAL NO. ____________

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

310 TL 01-1425 04/28/97 08821137
31206 101 930.00CH AHP-95011

PTO-1556
(5/87)

08/821137

MAIL ROOM MAR 20 1997 PATENT & TRADEMARK OFFICE

Certificate of Mailing by Express Mail
"Express Mail" Label Number EH708804113US
Date of Deposit MARCH 20, 1997
I hereby certify that this paper or fee is being deposited with the Unites States Postal Service by "Express Mail Post Office to Addressee" service under 37 CFR 1.10 on the date indicated above and is addressed to the Assistant Commissioner for Patents, Washington, DC 20231

Robert F. Boswell, Jr.
(Typed or printed name of person mailing paper or fee)

Robert F. Boswell Jr.
(Signature of person mailing paper or fee)

U. S. DEPARTMENT OF COMMERCE
Patent and Trademark Office

Address Only:
Assistant Commissioner for Patents
Washington, DC 20231

Case Docket No. AHP-95011

ASSISTANT COMMISSIONER FOR PATENTS
Washington, DC 20231

Sir:

Transmitted herewith for filing is the patent application of

Inventor: SHERMAN

For: EXTENDED RELEASE FORMULATION

Enclosed are:

[ ] ________ sheets of drawings

[ ] A certified copy of a ________________ application

[ ] Associate Power of Attorney

| CLAIMS AS FILED | | | | |
|---|---|---|---|---|
| (1) FOR | (2) NUMBER FILED | (3) NUMBER EXTRA | (4) RATE | (5) BASIC FEE $770 |
| TOTAL CLAIMS | 10 -20 | 0 | X $22.00 | |
| INDEPENDENT CLAIMS | 5 -3 | 2 | X $80.00 | $160.00 |
| MULTIPLE DEPENDENT CLAIMS | | | X $250 | |
| | | | TOTAL FILING FEE——> | $930.00 |

[X] Please charge my Deposit Account No. 01-1425 in the amount of $930.00. A duplicate copy of this sheet is enclosed.

[X] The Commissioner is hereby authorized to charge any fees under 37 CFR 1.16 and 1.17 which may be required during the entire pendency of the application to Deposit Account No. 01-1425. A duplicate copy of this sheet is enclosed

Robert F. Boswell Jr.
Attorney of Record
Robert F. Boswell, Jr.
Telephone No. (804) 257-3613

WYETH 002-000793

MAIL ROOM MAR 20 1997 27 PAT. & TRADEMARK OFF.

# EXTENDED RELEASE FORMULATION

This application claims priority to Provisional Application No. 60/014,016 filed March 25, 1996.

## Background of the invention

Extended release drug formulations are conventionally produced as compressed tablets by hydrogel tablet technology. To produce these sustained release tablet drug dosage forms, the active ingredient is conventionally compounded with cellulose ethers such as methyl cellulose, ethyl cellulose or hydroxypropylmethylcellulose with or without other excipients and the resulting mixture is pressed into tablets. When the tablets are orally administered, the cellulose ethers in the tablets swell upon hydration from moisture in the digestive system, thereby limiting exposure of the active ingredient to moisture. As the cellulose ethers are gradually leached away by moisture, water more deeply penetrates the gel matrix and the active ingredient slowly dissolves and diffuses through the gel, making it available for absorption by the body. An example of such a sustained release dosage form of the analgesic/antiinflammatory drug etodolac (Lodine®) appears in US patent 4,966,768. US patent 4,389,393 discloses sustained release therapeutic compressed solid unit dose forms of an active ingredient plus a carrier base comprised of a high molecular weight hydroxypropylmethylcellulose, methyl cellulose, sodium carboxymethylcellulose and or other cellulose ether.

Where the production of tablets is not feasible, it is conventional in the drug industry to prepare encapsulated drug formulations which provide extended or sustained release properties. In this situation, the extended release capsule dosage forms may be formulated by mixing the drug with one or more binding agents to form a uniform mixture which is then moistened with water or a solvent such as ethanol to form an extrudable plastic mass from which small diameter, typically 1 mm, cylinders of drug/matrix are extruded, chopped into appropriate lengths and transformed into spheroids using standard spheronization equipment. The spheroids, after drying, may then be film-coated to retard dissolution. Gelatin capsules are filled with the film-coated spheroids in the quantity needed to obtain the desired therapeutic effect. Spheroids releasing the drug at different rates may be combined in a gelatin capsule to obtain desired release rates and blood levels. US patent 4,138,475 discloses a sustained release pharmaceutical composition consisting of a hard gelatin capsule filled with film-coated spheroids comprised of propanolol in admixture with microcrystalline cellulose wherein the film coating is composed of ethyl cellulose, optionally with hydroxypropylmethylcellulose and/or a plasticizer.

Venlafaxine, 1-[2-(dimethylamino)-1-(4-methoxyphenyl)ethyl]cyclohexanol, is an important drug in the neuropharmacological arsenal used for treatment of depression. Venlafaxine and the acid addition salts thereof are disclosed in US patent 4,535,186. Venlafaxine hydrochloride is presently administered to adults in compressed tablet form in doses ranging from 75 to 350 mg/day , in divided doses two or three times a day. In therapeutic dosing with venlafaxine hydrochloride tablets, rapid dissolution results in a rapid increase in blood plasma levels of the active compound shortly after administration followed by a decrease in blood plasma levels over several hours as the active compound is eliminated or metabolized, until sub-therapeutic plasma levels are approached after about twelve hours following administration, thus requiring additional dosing with the drug. With the plural daily dosing regimen, the most common side effect is nausea, experienced by about forty five percent of patients under treatment with venlafaxine hydrochloride. Vomiting also occurs in about seventeen percent of the patients.

## Brief Description of the Invention

In accordance with this invention, there is provided an extended release (ER), encapsulated formulation containing venlafaxine hydrochloride as the active drug component, which provides in a single dose, a therapeutic blood serum level over a twenty four hour period.

Through administration of the venlafaxine formulation of this invention, there is provided a method for obtaining a flattened drug plasma concentration to time profile, thereby affording a tighter plasma therapeutic range control than can be obtained with multiple daily dosing. In other words, this invention provides a method for eliminating the sharp peaks and troughs (hills and valleys) in blood plasma drug levels induced by multiple daily dosing with conventional immediate release venlafaxine hydrochloride tablets. In essence, the plasma levels of venlafaxine hydrochloride rise, after administration of the extended release formulations of this invention, for between about five to about eight hours ( optimally about six hours) and then begin to fall through a protracted, substantially linear decrease from the peak plasma level for the remainder of the twenty four hour period, maintaining at least a threshold therapeutic level of the drug during the entire twenty-four period. In contrast, the conventional immediate release venlafaxine hydrochloride tablets give peak blood plasma levels in 2 to 4 hours. Hence, in accordance with the use aspect of this invention, there is provided a method for moderating the plural blood plasma peaks and valleys attending the pharmacokinetic utilization of multiple daily tablet dosing with

venlafaxine hydrochloride which comprises administering to a patient in need of treatment with venlafaxine hydrochloride, a one-a-day, extended release formulation of venlafaxine hydrochloride.

The use of the one-a-day venlafaxine hydrochloride formulations of this invention reduces by adaptation, the level of nausea and incidence of emesis that attend the administration of multiple daily dosing. In clinical trials of venlafaxine hydrochloride ER, the probability of developing nausea in the course of the trials was greatly reduced after the first week. Venlafaxine ER showed a statistically significant improvement over conventional venlafaxine hydrochloride tablets in two eight-week and one 12 week clinical studies. Thus, in accordance with this use aspect of the invention there is provided a method for reducing the level of nausea and incidence of emesis attending the administration of venlafaxine hydrochloride which comprises dosing a patient in need of treatment with venlafaxine hydrochloride with an extended release formulation of venlafaxine hydrochloride once a day in a therapeutically effective amount.

## Detailed Description of the Invention

1-[2-(dimethylamino)-1-(4-methoxyphenyl)ethyl]cyclohexanol hydrochloride is polymorphic. Of the forms isolated and characterized to date, Form I is considered to be the kinetic product of crystallization which can be converted to Form II upon heating in the crystallization solvent. Forms I and II cannot be distinguished by their melting points but do exhibit some differences in their infrared spectra and X-ray diffraction patterns. Any of the polymorphic forms such as Form I or Form II may be used in the formulations of the present invention.

The extended release formulations of this invention are comprised of 1-[2-(dimethylamino)-1-(4-methoxyphenyl)ethyl] cyclohexanol hydrochloride in admixture with microcrystalline cellulose and hydroxypropylmethylcellulose. Formed as beads or spheroids, the drug containing formulation is coated with a mixture of ethyl cellulose and hydroxypropylmethyl cellulose to provide the desired level of coating, generally from about two to about twelve percent on a weight/weight basis of final product or more preferably from about five to about ten percent (w/w), with best results obtained at from about 6 to about 8 percent (w/w). More specifically, the extended release spheroid formulations of this invention comprise from about 30 to 40 percent venlafaxine hydrochloride, from about 50 to about 70 percent microcrystalline cellulose, NF, from about 0.25 to about 1 percent hydroxypropylmethylcellulose, USP, and from about 5 to about 10 percent film coating, all on a weight/weight basis. And preferably, the spheroid formulations contain about 35

percent venlafaxine hydrochloride, about 55 to 60 percent microcrystalline cellulose NF (Avicel® PH101), about one half percent hydroxypropyl methylcellulose 2208 USP (K3, Dow, which has a viscosity of 3 cps for 2% aqueous solutions, a methoxy content of 19–24% and a hydroxypropoxy content of 4–13%), and from about 6 to 8 percent film coating.

The film coating is comprised of 80 to 90 percent of ethyl cellulose, NF and 10 to 20 percent hydroxypropyl methylcellulose (2910), USP on a weight/weight basis. Preferably the ethyl cellulose has a ethoxy content of 44.0–51% and a viscosity of 50 cps for a 5% aqueous solution and the hydroxypropylmethylcellulose is USP 2910 having a viscosity of 6 cps at 2% aqueous solution with a methoxy content of 28–30% and a hydroxypropoxy content of 7–12%. The ethyl cellulose used herein is Aqualon HG 2834.

Other equivalents of the hydroxypropylmethylcelluloses 2208 and 2910 USP and ethyl cellulose, NF, having the same chemical and physical characteristics as the proprietary products named above may be substituted in the formulation without changing the inventive concept.

It was completely unexpected that an extended release formulation containing venlafaxine hydrochloride could be obtained because the hydrochloride of venlafaxine proved to be extremely water soluble. Numerous attempts to produce extended release tablets by hydrogel technology proved to be fruitless because the compressed tablets were either physically unstable (poor compressibility or capping problems) or dissolved too rapidly in dissolution studies. Typically, the tablets prepared as hydrogel sustained release formulations gave 40-50% dissolution at 2 hrs, 60-70% dissolution at 4 hrs and 85-100% dissolution at 8 hrs.

Numerous spheroid formulations were prepared using different grades of microcrystalline cellulose and hydroxypropyl methylcellulose, different ratios of venlafaxine hydrochloride and filler, different binders such as polyvinylpyrrolidone, methylcellulose, water, and polyethylene glycol of different molecular weight ranges in order to find a formulation which would provide a suitable granulation mix which could be extruded properly. In the extrusion process, heat buildup occurred which dried out the extrudate so much that it was difficult to convert the extruded cylinders into spheroids. Addition of hydroxypropylmethylcellulose 2208 to the venlafaxine hydrochloride–microcrystalline cellulose mix made production of spheroids practical.

The following examples are presented to illustrate applicant's solution to the problem of preparation of the extended release drug containing formulations of this invention.

Example 1.

VENLAFAXINE HYDROCHLORIDE EXTENDED RELEASE CAPSULES

A mixture of 44.8 parts ( 88.4 % free base) of venlafaxine hydrochloride, 74.6 parts of the microcrystalline cellulose, NF, and 0.60 parts of hydroxypropylmethyl cellulose 2208, USP, are blended with the addition of 41.0 parts water. The plastic mass of material is extruded, spheronized and dried to provide uncoated drug containing spheroids.

Stir 38.25 parts of ethyl cellulose, NF, HG2834 and 6.75 parts of hydroxypropyl methylcellulose 2910, USP in a 1:1 v/v mixture of methylene chloride and anhydrous methanol until solution of the film coating material is complete.

To a fluidized bed of the uncoated spheroids is applied 0.667 parts of coating solution per part of uncoated spheroids to obtain extended release, film coated spheroids having a coating level of 3%.

The spheroids are sieved to retain the coated spheroids of a particle size between 0.85 mm to 1.76 mm diameter. These selected film coated spheroids are filled into hard gelatin capsules conventionally.

Example 2.

Same as for Example 1 except that 1.11 parts of the film coating solution per part of uncoated spheroids is applied to obtain a coating level of 5%.

Example 3.

Same as for Example 1 except that 1.33 parts of the film coating solution is applied to 1 part of uncoated spheroids to obtain a coating level of 6%.

Example 4.

Same as for Example 1 except that 1.55 parts of the film coating solution is applied to 1 part of uncoated spheroids to obtain a coating level of 7%.

The test for acceptability of the coating level is determined by analysis of the dissolution rate of the finished coated spheroids prior the encapsulation. The dissolution procedure followed uses USP Apparatus 1 (basket) at 100 rpm in purified water at 37°C. Conformance with the dissolution rate given in Table 1 provides the twenty-four hour therapeutic blood levels for the drug component of the extended release capsules of this invention in capsule form. Where a given batch of coated spheroids releases drug too slowly to comply with the desired dissolution rate study, a portion of uncoated spheroids

WYETH 002-000798

or spheroids with a lower coating level may be added to the batch to provide, after thorough mixing, a loading dose for rapid increase of blood drug levels. A batch of coated spheroids that releases the drug too rapidly can receive additional film-coating to give the desired dissolution profile.

Table 1

Acceptable Coated Spheroid Dissolution Rates

| Time (hours) | Average % Venlafaxine HCL released |
|---|---|
| 2 | <30 |
| 4 | 30-55 |
| 8 | 55-80 |
| 12 | 65-90 |
| 24 | >80 |

Batches of the coated venlafaxine hydrochloride containing spheroids which have a dissolution rate corresponding to that of Table 1 are filled into hard gelatin capsules in an amount needed to provide the unit dosage level desired. The standard unit dosage immediate release (IR) tablet used presently provides amounts of venlafaxine hydrochloride equivalent to 25 mg, 37.5 mg, 50 mg, 75 mg and 100 mg venlafaxine. The capsules of this invention are filled to provide an amount of venlafaxine hydrochloride equivalent to that presently used in tablet form and also up to about 150 mg venlafaxine hydrochloride.

Dissolution of the venlafaxine hydrochloride ER capsules is determined as directed in the U. S. Pharmacopoeia (USP) using apparatus 1 at 100 rpm on 0.9 L of water. A filtered sample of the dissolution medium is taken at the times specified. The absorbance of the clear solution is determined from 240 to 450 nanometers (nm) against the dissolution medium. A baseline is drawn from 450 nm through 400 nm and extended to 240 nm. The absorbance at the wavelength of maximum absorbance (about 274 nm) is determined with respect to this baseline. Six hard gelatin capsules are filled with the theoretical amount of venlafaxine hydrochloride spheroids and measured for dissolution. Standard samples consist of venlafaxine hydrochloride standard solutions plus a gelatin capsule correction solution. The percentage of venlafaxine released is determined from the equation

$$\text{\% Venlafaxine hydrochloride released} = \frac{(As)(Wr)(S)(V1)(0.888)(100)}{(Ar)(V2)(C)}$$

where As is absorbance of sample preparation, Wr is weight of reference standard, mg; S is strength of the reference standard, decimal; V1 is the volume of dissolution medium used to dissolve the dosage form, mL; 0.884 is the percent free base, Ar is the absorbance of the standard preparation, V2 is the volume of reference standard solution, mL; and C is the capsule claim in mg.

Table 2 shows the plasma level of venlafaxine versus time for one 75 mg conventional Immediate Release (IR) tablet administered every 12 hours, two 75 mg extended release (ER) capsules administered simultaneously every 24 hours, and one 150 mg extended release (ER) capsule administered once every 24 hours in human male subjects. The subjects were already receiving venlafaxine hydrochloride according to the dosage protocol, thus the plasma blood level at zero time when dosages were administered is not zero.

25020 " 27312580

WYETH 002-000800

Table 2

Plasma venlafaxine level (ng/mL) versus time, conventional tablet (not extended release) versus ER capsule

| Time (hours) | 75 mg (IR)tablet (q 12 h) | 2 x 75 mg (ER)capsules (q 24 hr) | 1 x 150 mg (ER)capsules (q 24 h) |
|---|---|---|---|
| 0 | 62.3 | 55.0 | 55.8 |
| 0.5 | 76.3 | | |
| 1 | 135.6 | 53.3 | 53.2 |
| 2 | 212.1 | 69.8 | 70.9 |
| 4 | 162.0 | 138.6 | 133.3 |
| 6 | 114.6 | 149.0 | 143.5 |
| 8 | 86.7 | 129.3 | 129.5 |
| 10 | | 118.4 | 114.4 |
| 12 | 51.9 | 105.1 | 105.8 |
| 12.5 | 74.7 | | |
| 13 | 127.5 | | |
| 14 | 161.3 | 90.5 | 91.3 |
| 16 | 134.6 | 78.2 | 78.5 |
| 18 | 106.2 | | |
| 20 | 83.6 | 62.7 | 63.3 |
| 24 | 57.6 | 56.0 | 57.3 |

Table 2 shows that the plasma levels of two 75 mg/capsule venlafaxine hydrochloride ER capsules and one 150 mg/capsule venlafaxine hydrochloride ER capsule provide very similar blood levels. The data also show that the plasma level after 24 hours for either extended release regimen is very similar to that provided by two immediate release 75 mg tablets of venlafaxine hydrochloride administered at 12 hour intervals.

Further, the plasma levels of venlafaxine obtained with the extended release formulation do not increase to the peak levels obtained with the conventional immediate release tablets given 12 hours apart. The peak level of venlafaxine from (ER) , somewhat

below 150 ng/ml, is reached in about six hours, plus or minus two hours, based upon this specific dose when administered to patients presently under treatment with venlafaxine hydrochloride (IR). The peak plasma level of venlafaxine, somewhat over 200 ng/ml, following administration of (IR) is reached in two hours and falls rapidly thereafter.

Table 3 shows venlafaxine blood plasma levels in male human subjects having a zero initial blood plasma level. Again, a peak blood plasma concentration of venlafaxine is seen at about 6 hours after dosing with venlafaxine hydrochloride extended release capsules in the quantities indicated. The subjects receiving the single 50 mg immediate release tablet showed a peak plasma level occurring at about 4 hours. For comparative purposes, the plasma levels of venlafaxine for subjects receiving the conventional formulated tablet can be multiplied by a factor of three to approximate the plasma levels expected for a single dose of 150 mg. conventional formulation.

**Table 3. Plasma Blood Levels in Human Males Having No Prior Venlafaxine Blood Level**

| Time (Hours) | 1 x 50 mg IR tablet | 2 x 75 mg ER capsules | 1 x 150 mg ER capsule |
|---|---|---|---|
| 0 | 0 | 0 | 0 |
| 1 | 27.87 | 1.3 | 0 |
| 1.5 | 44.12 | 6.0 | 2.2 |
| 2 | 54.83 | 20.6 | 12.8 |
| 4 | 66.38 | 77.0 | 81.0 |
| 6 | 49.36 | 96.5 | 94.4 |
| 8 | 30.06 | 93.3 | 86.9 |
| 10 | 21.84 | 73.2 | 72.8 |
| 12 | 15.91 | 61.3 | 61.4 |
| 14 | 13.73 | 52.9 | 51.9 |
| 16 | 10.67 | 47.5 | 41.1 |
| 20 | 5.52 | 35.2 | 34.0 |
| 24 | 3.56 | 29.3 | 28.5 |
| 28 | 2.53 | 23.4 | 22.9 |
| 36 | 1.44 | 11.9 | 13.5 |
| 48 | 0.66 | 5.8 | 5.2 |

WYETH 002-000802

The blood plasma levels of venlafaxine were measured according to the following procedure. Blood samples from the subjects were collected in heparinized evacuated blood tubes and the tubes were inverted gently several times. As quickly as possible, the tubes were centrifuged at 2500 rpm for 15 minutes. The plasma was pipetted into plastic tubes and stored at -20°C until analysis could be completed.

To 1 mL of each plasma sample in a plastic tube was added 150 µL of a stock internal standard solution (150 µg/ml). Saturated sodium borate (0.2 mL) solution was added to each tube and vortexed. Five mL of ethyl ether was added to each tube which were then capped and shaken for 10 minutes at high speed. The tubes were centrifuged at 3000 rpm for 5 minutes. The aqueous layer was frozen in dry ice and the organic layer transferred to a clean screw cap tube. A 0.3 mL portion of 0.01 N HCl solution was added to each tube and shaken for 10 minutes at high speed. The aqueous layer was frozen and the organic layer removed and discarded. A 50µL portion of the mobile phase (23:77 acetonitrile:0.1M monobasic ammonium phosphate buffer, pH 4.4) was added to each tube, vortexed, and 50 µL samples were injected on a Supelco Supelcoil LC-8-DB, 5 cm x 4.6 mm, 5 µ column in a high pressure liquid chromatography apparatus equipped with a Waters Lambda Max 481 detector or equivalent at 229 nm. Solutions of venlafaxine hydrochloride at various concentrations were used as standards.

Thus, the desired dissolution rate of a sustained release dosage form of venlafaxine hydrochloride, impossible to achieve with hydrogel tablet technology, has been achieved with the film-coated spheroid compositons of this invention.

WYETH 002-000803

What is claimed is:

1. An encapsulated, extended release formulation of venlafaxine hydrochloride comprising a hard gelatin capsule containing a therapeutically effective amount of spheroids comprised of venlafaxine hydrochloride, microcrystalline cellulose and hydroxypropyl methylcellulose coated with ethyl cellulose and hydroxypropylmethylcellulose.

2. An extended release formulation according to claim 1 wherein the spheroids are composed of about 37.3% by weight of venlafaxine hydrochloride, about 0.5% by weight of hydroxypropylmethylcellulose 2208, and about 62.17% by weight of microcrystalline cellulose.

3. A composition according to claim 1 wherein the film coating is comprised of ethyl cellulose (4.81% of total weight) and hydroxypropylmethylcellulose (0.85% of total weight).

4. A composition according to claim 1 wherein the film coating is comprised of ethyl cellulose (4.04% of total weight) and hydroxypropylmethylcellulose (0.714% of total weight).

5. A composition according to claim 1 wherein the film coating is comprised of ethyl cellulose (2.48% of total weight) and hydroxypropylmethylcellulose (0.437% of total weight).

6 A film coating composition which is composed of ethyl cellulose (15% of total weight), having a 44.0-51.0% content of ethoxy groups, and hydroxypropylmethylcellulose (85% of total weight) having a methoxy content of 28.0-30.0% and a hydroxypropoxy group content of 7.0-12.0%.

7. An extended release formulation of venlafaxine hydrochloride for once daily administration which comprises spheroids containing 37.3% venlafaxine, 62.17% microcrystalline cellulose and 0.5% hydroxypropylmethylcellulose type 2208, coated with a quantity of a mixture comprised of 15% ethyl cellulose type HG 2834 and 85% hydroxypropyl-methylcellulose type 2910 sufficient to give coated spheroids having a dissolution profile which gives the desired release rate over a 24 hour period.

8. An extended release formulation of venlafaxine hydrochloride according to claim 7 which provides lower peak serum levels of up to 150 ng/ml and extended therapeutically effective plasma levels over a twenty four hour period.

9. A method for providing a therapeutic blood plasma concentration of venlafaxine over a twenty four hour period with diminished incidences of nausea and emesis which comprises administering orally to a patient in need thereof, an encapsulated, extended release formulation that provides a peak blood plasma level of venlafaxine in from about four to about eight hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

10. A method for eliminating the troughs and peaks of drug concentration in a patients blood plasma attending the therapeutic metabolism of plural daily doses of which comprises administering orally to a patient in need thereof, an encapsulated, extended release formulation that provides a peak blood plasma level of venlafaxine in from about four to about eight hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

WYETH 002-000805

ABSTRACT

## EXTENDED RELEASE FORMULATION

This invention relates to a 24 hour extended release dosage formulation and unit dosage form thereof of venlafaxine hydrochloride, an antidepressant, which provides better control of blood plasma levels than conventional tablet formulations which must be administered two or more times a day and further provides a lower incidence of nausea and vomiting than the conventional tablets.

# DECLARATION AND POWER OF ATTORNEY

As a below-named inventor, I hereby declare that:

My residence, post office address and citizenship are as stated below next to my name:

I believe I am the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is sought on the invention entitled EXTENDED RELEASE FORMULATION, the specification of which is attached hereto unless the following box is checked:

☐ was filed on ____________ as United States Application Number or PCT Application Number ____________ and was amended on ____________ (if applicable)

I hereby state that I have reviewed and understand the contents of the above-identified specification, including the claims, as amended by any amendment referred to above.

I acknowledge the duty to disclose information which is material to the examination of this application in accordance with Title 37, Code of Federal Regulations, Section 1.56.

I hereby claim foreign priority benefits under Title 35, United States Code, Section 119(a)-(d) of any foreign application(s) for patent or inventor's certificate listed below and have also identified below any foreign application for patent or inventor's certificate having a filing date before that of the application on which priority is claimed:

| (Number) | (Country) | (Day/Month/Year Filed) | Priority Claimed |
|---|---|---|---|
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |

I hereby claim the benefit under Title 35 United States Code, §119(e) of any United States Provisional application(s) listed below.

| (Application Number) | (Filing Date) |
|---|---|
| 60/014,006 | 3/25/96 |
| | |

I hereby claim the benefit under Title 35, United States Code, Section 120 of any United States Application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code, Section 112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, Section 1.56(a) which occurred between the filing date of the prior application and the national or PCT international filing date of this application:

| (Application Serial No.) | (Filing Date) | (Status: patented, pending, abandoned) |
|---|---|---|
| | | |
| | | |

AHP-95011

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

I hereby appoint the following attorneys to prosecute this application and to transact all business in the Patent and Trademark Office connected therewith:

Egon E. Berg, Reg. No. 21,117; Ronald W. Alice, Reg. No. 27,609; both of Five Giralda Farms, Madison, New Jersey 07940-0874; and Arthur G. Seifert, Reg. No. 28,040; George Tarnowski, Reg. No. 27,472; Robert Wiser, Reg. No. 24,457; Arnold S. Milowsky, Reg. No. 35,288; Steven R. Eck, Reg. No. 36,126; all of P.O. Box 8299, Philadelphia, Pennsylvania, 19101; and Robert F. Boswell, Jr., Reg. No. 35,072 of 1407 Cummings Drive, Richmond, Virginia 23220.

Address all telephone calls to Robert F. Boswell, Jr., at telephone number (804)257-3613.

Address all correspondence to Ronald W. Alice, American Home Products Corporation, Patent Law Department, One Campus Drive, Parsippany, NJ 07054.

Full name of sole or first inventor Deborah Marie Sherman

Inventor's signature Deborah Marie Sherman 18 Mar 97
Date

Residence 5 Belmont Avenue, Plattsburgh, New York 12901

Citizenship United States of America

Post Office Address Same as residence

Full name of second joint inventor ______

Inventor's signature ______ ______
Date

Residence ______

Citizenship ______

Post Office Address ______

WYETH 002-000808



MAIL ROOM
MAR 20 1997
27
PAT. & TRADEMARK OFF.

WYETH 002-000809

# AMERICAN HOME PRODUCTS

## LAW DEPARTMENT

### Patent Section

Richmond Office
A. H. Robins Co.
1407 Cummings Drive
Richmond, Virginia 23220

## FACSIMILE TRANSMISSION

| | |
|---|---|
| Attention: | Examiner Amy Hulina |
| Company: | USPTO |
| Fax Number | 703-305-5408 |
| ☎: | 703-308-2974 |
| From: | R. F. Boswell, Jr. |
| ☎: | (804) 257-3613 |
| Fax Number | (804) 257-2168 |
| Date: | July 30, 1997 |
| Pages (including this page): | 5 |

Message: Enclosed is a copy of the IDS submitted on July 10, 1997.

CONFIDENTIALITY NOTE

IMPORTANT: This message and any documents accompanying it are intended for the use of the individual or entity to which they are transmitted and may contain information that is privileged, confidential and exempt from disclosure under applicable laws. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original communication to us at the address above via the U.S. Postal Service. We will reimburse you for the mailing costs. THANK YOU.

JUL 30 '97 11:23AM W R CON ANCE P.2/5

Docket No. AHP-95011

RECEIVED BY THE UNITED STATES PATENT OFFICE ON DATE STAMPED BELOW

Paper Information Disclosure Statement

Applicant Sherman

Application No. 08/821,137

Filing Date 3/20/97

Group No.

Examiner

Express Mail

Mailed 7/10/97

WYETH 002-000811

AHP-95011
PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of: SHERMAN

Application No.: 08/821,137 Group Art Unit:

Filed: 3/20/97 Examiner:

For: EXTENDED RELEASE FORMULATION

Assistant Commissioner for Patents
Washington, DC 20231

TRANSMITTAL OF INFORMATION DISCLOSURE STATEMENT WITHIN THREE MONTHS OF FILING OR BEFORE MAILING OF FIRST OFFICE ACTION

I hereby certify that this correspondence is being deposited with the United States Postal Service as First Class Mail in an envelope addressed to: Assistant Commissioner for Patents, Washington, DC 20231, on the date appearing below.

Robert F. Boswell, Jr.

Robert F. Boswell, Jr.
(Typed or printed name of person mailing paper)

DATE July 10, 1997

Respectfully submitted,

Robert F. Boswell, Jr.

Robert F. Boswell, Jr.
Registration No. 35,072

Dated: July 10, 1997
Telephone: (804)257-3613

#11 08-06-97

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of : Sherman

Application No.: 08/821,137 Group Art Unit:

Filed: 3/20/97 Examiner:

For: EXTENDED RELEASE FORMULATION

## INFORMATION DISCLOSURE STATEMENT UNDER RULE 97

Assistant Commissioner for Patents
Washington, DC 20231

Sir:

Applicants submit herewith patents, publications or other information of which they are aware, which they believe to be material to the examination of this application and in respect of which there may be a duty to disclose in accordance with 37 CFR 1.56. The filing of this information disclosure statement shall not be construed as a representation that a search has been made (37 CFR 1.56(g)), an admission that the information cited is, or is considered to be, material to patentability or that no other material information exists.

The filing of this information disclosure statement shall not be construed as an admission against interest in any manner. Notice of January 9, 1992, 1135 O.G. 13-25, at 25.

The references submitted are listed on the accompanying Form PTO-1449.

Copies of the listed patents, publications or abstracts thereof are enclosed herewith.

Respectfully submitted,

Robert F. Boswell, Jr.

Robert F. Boswell, Jr.
Registration No. 35,072

Dated: July 10, 1997
Telephone: (804)257-3613

JUL 30 '97 11:24AM W R C ... NCE P.5/5

| FORM PTO-1449 (REV. 2-32) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | ATTY. DOCKET NO. AHP-95011 | APPLICATION NO. 08/821,137 |
|---|---|---|---|
| | INFORMATION DISCLOSURE STATEMENT BY APPLICANT | APPLICANT Sherman | |
| | (Use several sheets if necessary) | FILING DATE March 20, 1997 | GROUP |

## U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| [initials] | | 3 9 5 4 9 5 9 | 8/27/75 | Pedersen | 424 | 21 | |
| [initials] | | 4 3 6 9 1 7 2 | 1/18/83 | Schor | 424 | 19 | |
| [initials] | | 4 1 3 8 4 7 5 | 2/6/79 | McAinsh | 424 | 19 | |
| [initials] | | 4 3 8 9 3 9 3 | 6/21/83 | Schor | 424 | 19 | |
| [initials] | | 4 9 6 6 7 6 8 | 10/30/90 | Michelucci | 424 | 468 | |

## FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | TRANSLATION NO |
|---|---|---|---|---|---|---|---|---|

## OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

EXAMINER [signature] DATE CONSIDERED 7/30/97

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.



**UNITED S[...]ES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/821,137 | 03/20/97 | SHERMAN | D AHP-95011 |

15M2/0805

| EXAMINER | |
|---|---|
| HULINA,A | |
| ART UNIT | PAPER NUMBER |
| 1501 | 2 |

RONALD W. ALICE
AMERICAN HOME PRODUCTS CORPORATION
ONE CAMPUS DRIVE
PARSIPPANY NJ 07054

**DATE MAILED:** 08/05/97

**INTERVIEW SUMMARY**

All participants (applicant, applicant's representative, PTO personnel):

(1) Amy Hulina (3) ____

(2) Robert Boswell, Jr. (4) ____

Date of Interview 7/30/97

Type: ☒ Telephonic ☐ Personal (copy is given to ☐ applicant ☐ applicant's representative).

Exhibit shown or demonstration conducted: ☐ Yes ☒ No If yes, brief description: ____

Agreement ☒ was reached. ☐ was not reached.

Claim(s) discussed: 6, 9 and 10

Identification of prior art discussed: Upton et al. (5,506,270)

Description of the general nature of what was agreed to if an agreement was reached, or any other comments: Agreed to amend claims 9 and 10 to depend from claim 1 to avoid rejection over Upton which discloses extended release venlafaxine at col. 5, lines 25-27

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

1. ☐ It is not necessary for applicant to provide a separate record of the substance of the interview.

Unless the paragraph above has been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW. (See MPEP Section 713.04). If a response to the last Office action has are ready been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.

2. ☐ Since the Examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action. Applicant is not relieved from providing a separate record of the interview unless box 1 above is also checked.

Examiner Note: You must sign this form unless it is an attachment to another form.

**Manual of Patent Examining Procedure, Section 713.04 Substance of Interview must Be Made of Record**

A complete written statement as to the substance of any face-to-face or telephone interview with regard to an application must be made of record in the application, whether or not an agreement with the examiner was reached at the interview.

§1.133 Interviews

* * * * *

(b) In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant. An interview does not remove the necessity for response to Office action as specified in §§ 1.111,1.135. (35 U.S.C.132)

§ 1.2. Business to be transacted in writing. All business with the Patent or Trademark Office should be transacted in writing. The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so. It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete a two-sheet carbon interleaf Interview Summary Form for each interview held after January 1, 1978 where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks in neat handwritten form using a ball point pen. Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below.

The Interview Summary Form shall be given an appropriate paper number, placed in the right hand portion of the file, and listed on the "Contents" list on the file wrapper. The docket and serial register cards need not be updated to reflect interviews. In a personal interview, the duplicate copy of the Form is removed and given to the applicant (or attorney or agent) at the conclusion of the interview. In the case of a telephonic interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the telephonic interview rather than with the next official communication.

The Form provides for recordation of the following information:

- –Serial Number of the application
- –Name of applicant
- –Name of examiner
- –Date of interview
- –Type of interview (personal or telephonic)
- –Name of participant(s) (applicant, attorney or agent, etc.)
- –An indication whether or not an exhibit was shown or a demonstration conducted
- –An identification of the claims discussed
- –An identification of the specific prior art discussed
- –An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable). (Agreements as to allowability are tentative and do not restrict further action by the examiner to the contrary.)
- –The signature of the examiner who conducted the interview
- –Names of other Patent and Trademark Office personnel present.

The Form also contains a statement reminding the applicant of his responsibility to record the substance of the interview.

It is desireable that the examiner orally remind the applicant of his obligation to record the substance of the interview in each case unless both applicant and examiner agree that the examiner will record same. Where the examiner agrees to record the substance of the interview, or when it is adequately recorded on the Form or in an attachment to the Form, the examiner should check a box at the bottom of the Form informing the applicant that he need not supplement the Form by submitting a separate record of the substance of the interview.

It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview:

A complete and proper recordation of the substance of any interview should include at least the following applicable items:

1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner. The identification of arguments need not be lengthy or elaborate. A verbatim or highly detailed description of the arguments is not required. The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file. Of course, the applicant may desire to emphasize and fully describe those arguments which he feels were or might be persuasive to the examiner,
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.

Examiners are expected to carefully review the applicant's record of the substance of an interview. If the record is not complete or accurate, the examiner will give the applicant one month from the date of the notifying letter or the remainder of any period for response, whichever is longer, to complete the response and thereby avoid abandonment of the application (37 CFR 1.135(c) ).

Examiner to Check for Accuracy

Applicant's summary of what took place at the interview should be carefully checked to determine the accuracy of any argument or statement attributed to the examiner during the interview. If there is an inaccuracy and it bears directly on the question of patentability, it should be pointed out in the next Office letter. If the claims are allowable for other reasons of record, the examiner should send a letter setting forth his or her version of the statement attributed to him. If the record is complete and accurate, the examiner should place the indication "Interview record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

*U.S. GPO: 1996-404-496/40513

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/821,137 | 03/20/97 | SHERMAN D | AHP-95011 |

EXAMINER: HULINA, A

15M2/0805

RONALD W. ALICE
AMERICAN HOME PRODUCTS CORPORATION
ONE CAMPUS DRIVE
PARSIPPANY NJ 07054

| ART UNIT | PAPER NUMBER |
|---|---|
| 1501 | 3/a |

DATE MAILED: 08/05/97 8-4-97

## NOTICE OF ALLOWABILITY

PART I.

1. [X] This communication is responsive to 7/30/97
2. [X] All the claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice Of Allowance And Issue Fee Due or other appropriate communication will be sent in due course.
3. [X] The allowed claims are 1-5, 7-10
4. [ ] The drawings filed on ______ are acceptable.
5. [ ] Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has [_] been received. [_] not been received. [_] been filed in parent application Serial No. ______, filed on ______.
6. [X] Note the attached Examiner's Amendment.
7. [X] Note the attached Examiner Interview Summary Record, PTOL-413.
8. [X] Note the attached Examiner's Statement of Reasons for Allowance.
9. [X] Note the attached NOTICE OF REFERENCES CITED, PTO-892.
10. [X] Note the attached INFORMATION DISCLOSURE CITATION, PTO-1449.

PART II.

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE "DATE MAILED" indicated on this form. Failure to timely comply will result in the ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

1. [ ] Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.
2. [ ] APPLICANT MUST MAKE THE DRAWING CHANGES INDICATED BELOW IN THE MANNER SET FORTH ON THE REVERSE SIDE OF THIS PAPER.
   a. [ ] Drawing informalities are indicated on the NOTICE RE PATENT DRAWINGS, PTO-948, attached hereto or to Paper No. ______. CORRECTION IS REQUIRED.
   b. [ ] The proposed drawing correction filed on ______ has been approved by the examiner. CORRECTION IS REQUIRED.
   c. [ ] Approved drawing corrections are described by the examiner in the attached EXAMINER'S AMENDMENT. CORRECTION IS REQUIRED.
   d. [ ] Formal drawings are now REQUIRED.

---

Any response to this letter should include in the upper right hand corner, the following information from the NOTICE OF ALLOWANCE AND ISSUE FEE DUE: ISSUE BATCH NUMBER, DATE OF THE NOTICE OF ALLOWANCE, AND SERIAL NUMBER.

Attachments:
- X Examiner's Amendment
- X Examiner Interview Summary Record, PTOL-413
- X Reasons for Allowance
- X Notice of References Cited, PTO-892
- X Information Disclosure Citation, PTO-1449
- _ Notice of Informal Application, PTO-152
- _ Notice re Patent Drawings, PTO-948
- _ Listing of Bonded Draftsmen
- _ Other

Amy Hulina
Primary Examiner
Group 1500

WYETH 002-000852

***Election/Restriction***

1. Restriction to one of the following inventions is required under 35 U.S.C. 121:

 I. Claims 1-5,7-10, drawn to a composition and method, classified in class 424, subclass 461.

 II. Claim 6, drawn to a film coating, classified in class 427, subclass 3.

2. The inventions are distinct, each from the other because of the following reasons: Inventions I and II are related as combination and subcombination. Inventions in this relationship are distinct if it can be shown that (1) the combination as claimed does not require the particulars of the subcombination as claimed for patentability, and (2) that the subcombination has utility by itself or in other combinations (MPEP § 806.05(c)). In the instant case, the combination as claimed does not require the particulars of the subcombination as claimed because claim 1 does not require the specific ethyl cellulose and hydroxypropylmethylcellulose in the particular amounts recited in claim 6. The subcombination has separate utility such as a film coating.

3. Because these inventions are distinct for the reasons given above and have acquired a separate status in the art as shown by their different classification, restriction for examination purposes as indicated is proper.

4. During a telephone conversation with Robert Boswell, Jr. on 7/30/97 a provisional election was made with traverse to prosecute the invention of I, claims 1-5,7-10. Affirmation of this election must be made by applicant in responding to this Office action. Claim 6 is withdrawn

from further consideration by the examiner, 37 CFR 1.142(b), as being drawn to a non-elected invention.

5. An examiner's amendment to the record appears below. Should the changes and/or additions be unacceptable to applicant, an amendment may be filed as provided by 37 CFR 1.312. To ensure consideration of such an amendment, it MUST be submitted no later than the payment of the issue fee.

Authorization for this examiner's amendment was given in a telephone interview with Robert Boswell, Jr. on 7/30/97.

6. The application has been amended as follows:

7. Claim 6 has been cancelled.

8. In claim 9, line 3, after "thereof", "an" has been changed to "the"; in line 4, after "formulation", ---of claim 1--- has been inserted; in line 4, after "formulation", "that" has been changed to "which".

9. In claim 10, line 3, after "thereof", "an" has been changed to "the"; in line 4, after "formulation", ---of claim 1--- has been inserted; in line 4, after "formulation", "that" has been changed to "which". The following is an examiner's statement of reasons for allowance: The prior art does not teach or suggest the specific extended release claim formulation according to claim 1.

Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue

fee. Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

10. The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

11. Any inquiry concerning this communication or earlier communications from the examiner should be directed to Amy Hulina whose telephone number is (703) 308-2974.

Amy Hulina
Primary Examiner
Group 1500

AH

August 4, 1997

TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP-APART AND DISCARD CARBON

FORM PTO-892 (REV. 2-92)

U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE

SERIAL NO. 08/821,137 | GROUP ART UNIT 1501 | ATTACHMENT TO PAPER NUMBER 3

## NOTICE OF REFERENCES CITED

APPLICANT(S): Sherman

### U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| * | A | 5506270 | 4/96 | Upton et al | 514 | 730 | |
| * | B | 5532244 | 7/96 | Wong et al | 514 | 255 | |
| * | C | 5530013 | 6/96 | Husbands et al | 514 | 330 | |
| * | D | 4535186 | 8/85 | Husbands et al | 564 | 336 | |
| * | E | 4761501 | 8/88 | Husbands et al | 564 | 167 | |
| | F | | | | | | |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

### FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| | L | | | | | | | | |
| | M | | | | | | | | |
| | N | | | NONE | | | | | |
| | O | | | | | | | | |
| | P | | | | | | | | |
| | Q | | | | | | | | |

### OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| R | |
| S | |
| T | |
| U | |

EXAMINER: [signature] | DATE: 7/30/97

* A copy of this reference is not being furnished with this office action. (See Manual of Patent Examining Procedure, section 707.05 (a).)

# UNITED STATES PATENT AND TRADEMARK OFFICE

## CERTIFICATE EXTENDING PATENT TERM UNDER 35 U.S.C. § 156

PATENT NO. : 4,535,186

DATED : August 13, 1985

INVENTOR(S) : G. E. Morris Husbands et al.

PATENT OWNER : American Home Products

This is to certify that there has been presented to the

COMMISSIONER OF PATENTS AND TRADEMARKS

an application under 35 U.S.C. § 156 for an extension of the patent term. Since it appears that the requirements of the law have been met, this certificate extends the term of the patent for the period of

FIVE YEARS

from the original expiration date of the patent, December 13, 2002, subject to the requirements of 35 U.S.C. § 41, with all rights pertaining thereto as provided by 35 U.S.C. § 156(b).

I have caused the seal of the Patent and Trademark Office to be affixed this 25th day of April 1996.

Bruce A. Lehman

Bruce A. Lehman
Assistant Secretary of Commerce and
Commissioner of Patents and Trademarks



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office

Address: Box ISSUE FEE
ASSISTANT COMMISSIONER FOR PATENTS
WASHINGTON, D.C. 20231

# NOTICE OF ALLOWANCE AND ISSUE FEE DUE

15M2/0805

RONALD W. ALICE
AMERICAN HOME PRODUCTS CORPORATION
ONE CAMPUS DRIVE
PARSIPPANY NJ 07054

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 08/821,137 | 03/20/97 | 009 | HULINA, A | 1501 | 08/05/97 |

First Named Applicant: SHERMAN, DEBORAH MARIE

TITLE OF INVENTION: EXTENDED RELEASE FORMULATION

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| AHP-95011 | 424-456.000 | Q09 | UTILITY | NO | $1290.00 | 11/05/97 |

***THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.***

***THE ISSUE FEE MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED.***

## *HOW TO RESPOND TO THIS NOTICE:*

I. Review the SMALL ENTITY status shown above. If the SMALL ENTITY is shown as yes, verify your current SMALL ENTITY status:

A. If the status is changed, pay twice the amount of the FEE DUE shown and notify the Patent and Trademark Office of the change in status, or
B. If the status is the same, pay the FEE DUE shown above.

If the SMALL ENTITY is shown as NO:

A. Pay FEE DUE shown above, or

B. File verified statementof Small Entity Status before, or with, payment of 1/2 the FEE DUE shown above.

II. Part B of this notice should be completed and returned to the Patent and Trademark Office (PTO) with your ISSUE FEE. Even if the ISSUE FEE has already been paid by charge to deposit account, Part B should be completed and returned. If you are charging the ISSUE FEE to your deposit account, section "6b" of Part B should be completed.

III. All communications regarding this application must give application number and batch number. Please direct all communication prior to issuance to Box ISSUE FEE unless advised to the contrary.

***IMPORTANT REMINDER: Patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.***

3. PATENT AND TRADEMARK OFFICE COPY

PTOL-85 (REV. 05-96) (0651-0033)

*U.S. GPO: 1996-404-496/40511

WYETH 002-000907

AHP-95011

#4
8-22-97

OIPE 70579 JUL 14 1997 PATENT & TRADEMARK OFFICE

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of : Sherman

JUL 30 1997 RECEIVED

Application No.: 08/821,137 Group Art Unit:

Filed: 3/20/97 Examiner:

For: EXTENDED RELEASE FORMULATION

**INFORMATION DISCLOSURE STATEMENT UNDER RULE 97**

Assistant Commissioner for Patents
Washington, DC 20231

Sir:

Applicants submit herewith patents, publications or other information of which they are aware, which they believe to be material to the examination of this application and in respect of which there may be a duty to disclose in accordance with 37 CFR 1.56. The filing of this information disclosure statement shall not be construed as a representation that a search has been made (37 CFR 1.56(g)), an admission that the information cited is, or is considered to be, material to patentability or that no other material information exists.

The filing of this information disclosure statement shall not be construed as an admission against interest in any manner. Notice of January 9, 1992, 1135 O.G. 13-25, at 25.

The references submitted are listed on the accompanying Form PTO-1449.

Copies of the listed patents, publications or abstracts thereof are enclosed herewith.

Respectfully submitted,

Robert F. Boswell Jr

Robert F. Boswell, Jr.
Registration No. 35,072

Dated: July 10, 1997
Telephone: (804)257-3613



QP1501

AHP-95011
PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of: SHERMAN

Application No.: 08/821,137 Group Art Unit:

Filed: 3/20/97 Examiner:

For: EXTENDED RELEASE FORMULATION

Assistant Commissioner for Patents
Washington, DC 20231

**TRANSMITTAL OF INFORMATION DISCLOSURE STATEMENT WITHIN THREE MONTHS OF FILING OR BEFORE MAILING OF FIRST OFFICE ACTION**

I hereby certify that this correspondence is being deposited with the United States Postal Service as First Class Mail in an envelope addressed to: Assistant Commissioner for Patents, Washington, DC 20231, on the date appearing below.

Robert F. Boswell Jr.

Robert F. Boswell, Jr.
(Typed or printed name of person mailing paper)

DATE July 10, 1997

Respectfully submitted,

Robert F. Boswell Jr.

Robert F. Boswell, Jr.
Registration No. 35,072

Dated: July 10, 1997
Telephone: (804)257-3613

Sheet 1 of 1

| FORM PTO-1449 (REV. 2-32) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | ATTY. DOCKET NO. AHP-95011 | APPLICATION NO. 08/821,137 |
|---|---|---|---|
| | INFORMATION DISCLOSURE STATEMENT BY APPLICANT | APPLICANT Sherman | |
| | (Use several sheets if necessary) | FILING DATE March 20, 1997 | GROUP 150 |

70579 JUL 1 1997 PATENT & TRADEMARK OFFICE

#4

## U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | | 3954959 | 8/27/75 | Pedersen | 424 | 21 | |
| | | 4369172 | 1/18/83 | Schor | 424 | 19 | |
| | | 4138475 | 2/6/79 | McAinsh | 424 | 19 | |
| | | 4389393 | 6/21/83 | Schor | 424 | 19 | |
| | | 4966768 | 10/30/90 | Michelucci | 424 | 468 | |

## FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | TRANSLATION NO |
|---|---|---|---|---|---|---|---|---|

## OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

| EXAMINER | DATE CONSIDERED |
|---|---|

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609. Draw *line through citation if not in conformance and not considered. Include copy of this form with next* communication to applicant.



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/821,137 | 03/20/97 | SHERMAN D | AHP-95011 |

75F1/0203

RONALD W. ALICE
AMERICAN HOME PRODUCTS CORPORATION
ONE CAMPUS DRIVE
PARSIPPANY NJ 07054

| EXAMINER | |
|---|---|
| HULINA, A | |
| ART UNIT | PAPER NUMBER |
| 1501 | 05 |

DATE MAILED: 02/03/98

## NOTICE OF ABANDONMENT

This application is abandoned in view of:

1. ☐ Applicant's failure to respond to the Office letter, mailed __________.
2. ☐ Applicant's letter of express abandonment which is in compliance with 37 C.F.R. 1.138.
3. ☐ Applicant's failure to timely file the response received __________ within the period set in the Office letter.
4. ☑ Applicant's failure to pay the required issue fee within the statutory period of 3 months from the mailing date of 08/05/97 of the Notice of Allowance.

   ☐ The issue fee was received on __________.

   ☐ The issue fee has not been received in Allowed Files Branch as of __________.

   In accordance with 35 U.S.C. 151, and under the provisions of 37 C.F.R. 1.316(b), applicant(s) may petition the Commissioner to accept the delayed payment of the issue fee if the delay in payment was unavoidable. The petition must be accompanied by the issue fee, unless it has been previously submitted, in the amount specified by 37 C.F.R. 1.17 (l), and a verified showing as to the causes of the delay.

   If applicant(s) never received the Notice of Allowance, a petition for a new Notice of Allowance and withdrawal of the holding of abandonment may be appropriate in view of Delgar Inc. v. Schuyler, 172 U.S.P.Q. 513.

5. ☐ Applicant's failure to timely correct the drawings and/or submit new or substitute formal drawings by __________ as required in the last Office action.

   ☐ The corrected and/or substitute drawings were received on __________.

6. ☐ The reason(s) below.

DIRECT ANY INQUIRIES TO:
PUBLISHING DIVISION
MARCIA CAMPBELL-JONES
(703) 305-8190
OR
PRISCILLA FULLER
(703) 305-8203.

WYETH 002-000911

PTO-1432 (REV. 5-83)

PTO/SB/68 (11-96)
Approved for use through 10/31/99. OMB 0651-0031
Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# REQUEST FOR ACCESS OF ABANDONED APPLICATION UNDER 37 CFR 1.14(a)

| In re Application of | |
|---|---|
| Sherman et al | |
| Application Number | Filed |
| 08/821,137 | 3/20/97 |
| Group Art Unit | Examiner |
| 1502 | Huling |

RECEIVED
SEP 25 2001
File Information Unit

Paper No. 6

Assistant Commissioner for Patents
Washington, DC 20231

I hereby request access under 37 CFR 1.14(a)(3)(iv) to the application file record of the above-identified ABANDONED application, which is: (CHECK ONE)

✓ (A) referred to in United States Patent Number 6274171, column 1

___ (B) referred to in an application that is open to public inspection as set forth in 37 CFR 1.11, i.e., Application No. ________ filed ________, on page ____ of paper number ____

___ (C) an application that claims the benefit of the filing date of an application that is open to public inspection, i.e., Application No. ________ filed ________, or

___ (D) an application in which the applicant has filed an authorization to lay open the complete application to the public.

Please direct any correspondence concerning this request to the following address:

______________________________

______________________________

______________________________

Signature: [signature] Date: 9/25/01

Typed or printed name: Kathy Gore

FOR PTO USE ONLY
Approved by: ________ (initials)
Unit: ________

WYETH 002-000912

This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office ... DO NOT SEND FORMS TO THIS ADDRESS. SEND TO:

PTO/SB/68 (04-01)
Approved for use through 10/31/2002. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# REQUEST FOR ACCESS TO AN APPLICATION UNDER 37 CFR 1.14(e)

RECEIVED
DEC 05 2001
File Information Unit

| In re Application of Sherman | |
|---|---|
| Application Number 08/821,137 | Filed 3-20-97 |
| Art Unit | Examiner Spear |

Paper No. #4

Assistant Commissioner for Patents
Washington, DC 20231

1. ☑ I hereby request access under 37 CFR 1.14(e)(2) to the application file record of the above-identified ABANDONED Application, which is not within the file jacket of a pending Continued Prosecution Application (CPA) (37 CFR 1.53(d)) and is: (CHECK ONE)

☑ (A) referred to in:

United States Patent Application Publication No. ________, page ____, line ______,

United States Patent Number 6,274,171 B1, column FF, line ______, or

an International Application which was filed on or after November 29, 2000 and which designates the United States, WIPO Pub. No. ________, page ____, line ____.

☐ (B) referred to in an application that is open to public inspection as set forth in 37 CFR 1.11(b) or 1.14(e)(2)(i), i.e., Application No. ________, paper No. ______, page ______, line ______.

2. ☐ I hereby request access under 37 CFR 1.14(e)(1) to an application in which the applicant has filed an authorization to lay open the complete application to the public.

John Semiklose
Signature

Dec. 5, 2001
Date

John Semiklose
Typed or printed name

FOR PTO USE ONLY

Approved by: [initials] (Initials)

Unit: F-IU

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

PTO/SB/68 (11-98)
Approved for use through 10/31/99. OMB 0651-0031
Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# REQUEST FOR ACCESS OF ABANDONED APPLICATION UNDER 37 CFR 1.14(a)

RECEIVED
JAN 2 4 2002
File Information Unit

| In re Application of | |
|---|---|
| Application Number 08/821137 | Filed 03-20-97 |
| Group Art Unit 1501 | Examiner Huling |

Paper No. 8

Assistant Commissioner for Patents
Washington, DC 20231

I hereby request access under 37 CFR 1.14(a)(3)(iv) to the application file record of the above-identified ABANDONED application, which is: (CHECK ONE)

✓ (A) referred to in United States Patent Number 6274171, column ______,

___ (B) referred to in an application that is open to public inspection as set forth in 37 CFR 1.11, i.e., Application No. ______, filed ______, on page ______ of paper number ______,

___ (C) an application that claims the benefit of the filing date of an application that is open to public inspection, i.e., Application No. ______, filed ______, or

___ (D) an application in which the applicant has filed an authorization to lay open the complete application to the public.

Please direct any correspondence concerning this request to the following address:

______________________________

______________________________

______________________________

[signature] 01-24-02
Signature Date

Shoaib Khayyer
Typed or printed name

FOR PTO USE ONLY
Approved by: ______ (initials)
Unit: ______

RECEIVED
JAN 2 4 2002
File Information Unit

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

PTO/SB/68 ...
Approved for use through 10/31/ ... OMB 0651-
Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control nu

# REQUEST FOR ACCESS OF ABANDONED APPLICATION UNDER 37 CFR 1.14(e

| In re Application of | |
|---|---|
| Application Number: 08-821137 | Filed: Mar 20, 1997 |
| Group Art Unit | Examiner |

RECEIVED
FEB 2 1 2002
File Information Unit

Paper No. #9

Assistant Commissioner for Patents
Washington, DC 20231

I hereby request access under 37 CFR 1.14(a)(3)(iv) to the application file record of the above-identified ABANDONED application, which is: (CHECK ONE):

____ (A) referred to in United States Patent Number 6274171, column ______

____ (B) referred to in an application that is open to public inspection as set forth in 37 CFR 1.11, i.e. Application No. ______, filed ______, on page ______ or paper number ______

____ (C) an application that claims the benefit of the filing date of an application that is open to public inspection, i.e., Application No. ______, filed ______, o

____ (D) an application in which the applicant has filed an authorization to lay open the complete application to the public.

Please direct any correspondence concerning this request to the following address:

______

______

______

Darlene Jones
Signature

2.21.02
Date

Darlene Jones
Typed or printed name

RECEIVED
FEB 2 1 2002
File Information Unit

FOR PTO USE ONLY
Approved by: [initials]
(Initials)
Unit: ______

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

PTO/SB/68 (04-01)
Approved for use through 10/31/2002. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# REQUEST FOR ACCESS TO AN APPLICATION UNDER 37 CFR 1.14(e)

| In re Application of | |
|---|---|
| Application Number 08/821137 | Filed 3-20-97 |
| Art Unit | Examiner |

RECEIVED
JUN 1 8 2002
File Information Unit

Paper No. #10

Assistant Commissioner for Patents
Washington, DC 20231

1. ☑ I hereby request access under 37 CFR 1.14(e)(2) to the application file record of the above-identified ABANDONED Application, which is not within the file jacket of a pending Continued Prosecution Application (CPA) (37 CFR 1.53(d)) and is: (CHECK ONE)

☑ (A) referred to in:

United States Patent Application Publication No. 6279171, page ——, line ——,

United States Patent Number ____________, column ______, line ______, or

an International Application which was filed on or after November 29, 2000 and which designates the United States, WIPO Pub. No. ____________, page _____, line _____.

☐ (B) referred to in an application that is open to public inspection as set forth in 37 CFR 1.11(b) or 1.14(e)(2)(i), i.e., Application No. ____________, paper No. ______, page ______, line ______.

2. ☐ I hereby request access under 37 CFR 1.14(e)(1) to an application in which the applicant has filed an authorization to lay open the complete application to the public.

[signature]
Signature

6-16-02
Date

Henry Dunn
Typed or printed name

| FOR PTO USE ONLY |
|---|
| Approved by: [initials] (initials) |
| Unit: [illegible] |

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

PTO/SB/68 (04-01)
Approved for use through 10/31/2002. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# REQUEST FOR ACCESS TO AN APPLICATION UNDER 37 CFR 1.14(e)

RECEIVED
JUL 2 3 2002
File Information Unit

In re Application of

Application Number 08/821137

Filed 3/20/97

Art Unit

Examiner

Paper No. #11

Assistant Commissioner for Patents
Washington, DC 20231

1. ☐ I hereby request access under 37 CFR 1.14(e)(2) to the application file record of the above-identified ABANDONED Application, which is not within the file jacket of a pending Continued Prosecution Application (CPA) (37 CFR 1.53(d)) and is: (CHECK ONE)

☐ (A) referred to in:

United States Patent Application Publication No. ____________, page _____, line_______,

United States Patent Number 6403120 ________, column _______, line _______, or

an International Application which was filed on or after November 29, 2000 and which designates the United States, WIPO Pub. No. ____________, page _____, line______.

☐ (B) referred to in an application that is open to public inspection as set forth in 37 CFR 1.11(b) or 1.14(e)(2)(i), i.e., Application No.____________, paper No. ______, page ______, line _____.

2. ☐ I hereby request access under 37 CFR 1.14(e)(1) to an application in which the applicant has filed an authorization to lay open the complete application to the public.

[signature]
Signature

7/23/02
Date

David E Hess
Typed or printed name

FOR PTO USE ONLY

Approved by: [signature] (initials)

Unit: FIEU

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

PTO/SB/68 (04-01)
Approved for use through 10/31/2002. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# REQUEST FOR ACCESS TO AN APPLICATION UNDER 37 CFR 1.14(e)

| In re Application of | |
|---|---|
| Application Number 08-821137 | Filed 3-20-97 |
| Art Unit | Examiner |

RECEIVED
AUG 0 6 2002
File Information Unit

Paper No. #12

Assistant Commissioner for Patents
Washington, DC 20231

1. ☐ I hereby request access under 37 CFR 1.14(e)(2) to the application file record of the above-identified ABANDONED Application, which is not within the file jacket of a pending Continued Prosecution Application (CPA) (37 CFR 1.53(d)) and is: (CHECK ONE)

☐ (A) referred to in:

United States Patent Application Publication No. ________, page ____, line ____,

United States Patent Number 6274171, column ____, line ____, or

an International Application which was filed on or after November 29, 2000 and which designates the United States, WIPO Pub. No. ________, page ____, line ____.

☐ (B) referred to in an application that is open to public inspection as set forth in 37 CFR 1.11(b) or 1.14(e)(2)(i), i.e., Application No. ________, paper No. ____, page ____, line ____.

2. ☐ I hereby request access under 37 CFR 1.14(e)(1) to an application in which the applicant has filed an authorization to lay open the complete application to the public.

V Telleria
Signature

8-6-02
Date

Victor Telleria
Typed or printed name

FOR PTO USE ONLY

Approved by: gu (Initials)

Unit: PLY

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

WYETH 002-000918

PTO/SB/68 (04-01)
Approved for use through 10/31/2002. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# REQUEST FOR ACCESS TO AN APPLICATION UNDER 37 CFR 1.14(e)

| In re Application of | |
|---|---|
| Application Number 08·821137 | Filed 3 20 97 |
| Art Unit | Examiner |

RECEIVED
SEP 2 7 2002
File Information Unit

Paper No. #13

Assistant Commissioner for Patents
Washington, DC 20231

1. ☐ I hereby request access under 37 CFR 1.14(e)(2) to the application file record of the above-identified ABANDONED Application, which is not within the file jacket of a pending Continued Prosecution Application (CPA) (37 CFR 1.53(d)) and is: (CHECK ONE)

☐ (A) referred to in:

United States Patent Application Publication No. ____________, page _____, line _______,

United States Patent Number 6274171 ________, column _______, line _______, or

an International Application which was filed on or after November 29, 2000 and which designates the United States, WIPO Pub. No. ______________, page _____, line _____.

☐ (B) referred to in an application that is open to public inspection as set forth in 37 CFR 1.11(b) or 1.14(e)(2)(i), i.e., Application No. ____________, paper No. ______, page ______, line ______.

2. ☐ I hereby request access under 37 CFR 1.14(e)(1) to an application in which the applicant has filed an authorization to lay open the complete application to the public.

Moe Johnson
Signature

9 27 02
Date

MOE JOHNSON
Typed or printed name

FOR PTO USE ONLY

Approved by: ________ (initials)

Unit: File Information Unit

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

WYETH 002-000919

PTO/SB/68 (04-01)
Approved for use through 10/31/2002. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# REQUEST FOR ACCESS TO AN APPLICATION UNDER 37 CFR 1.14(e)

RECEIVED
NOV 0 4 2002
File Information Unit

| In re Application of | | |
|---|---|---|
| Application Number 08/821137 | | Filed MAR 20, 1997 |
| Art Unit 1501 | Examiner Hulms | |

Paper No. 14

Assistant Commissioner for Patents
Washington, DC 20231

1. ☐ I hereby request access under 37 CFR 1.14(e)(2) to the application file record of the above-identified ABANDONED Application, which is not within the file jacket of a pending Continued Prosecution Application (CPA) (37 CFR 1.53(d)) and is: (CHECK ONE)

☐ (A) referred to in:

United States Patent Application Publication No. 6419958, page ____, line____,

United States Patent Number__________, column ____, line ____, or

an International Application which was filed on or after November 29, 2000 and which designates the United States, WIPO Pub. No. ________, page ____, line____.

☐ (B) referred to in an application that is open to public inspection as set forth in 37 CFR 1.11(b) or 1.14(e)(2)(i), i.e., Application No.________, paper No. ____, page ____, line ____.

2. ☐ I hereby request access under 37 CFR 1.14(e)(1) to an application in which the applicant has filed an authorization to lay open the complete application to the public.

Darlene Innis
Signature

Date

Darlene Innis
Typed or printed name

| FOR PTO USE ONLY |
|---|
| Approved by: ______ (initials) |
| Unit: ______ |

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

WYETH 002-000920

PTO/SB/68 (11-96)
Patent and Trademark for use through 10/31/1999. CMB 0651-0031
Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Production Act of 1995, no persons are required to respond to a collection of information unless it dispalys a valid CMB control number.

## REQUEST FOR ACCESS OF ABANDONED APPLICATION UNDER 37 CFR 1.14(A)

RECEIVED
DEC 0 9 2002
File Information Unit

In re Application of **Sherman, et al**

Application Number **08/821,137** Filed **3/20/97**

Group Art Unit 1501 Examiner Hu/ina

Assistant Commissioner for Patients
Washington, DC 20231

Paper No. 15

**I hereby request access under 37 CFR 1.14(a)(3)(iv) to the application file record of the above identified ABANDONED application, which is: (CHECK ONE)**

☒ (A) referred to in United States Patent Number **6,274,171**, column _____.

☐ (B) referred to in an application that is open to public inspection as set forth in 37 CFR 1.11, i.e., Application No. ______, filed _____, on page _____ of paper number _____.

☐ (C) an application that claims the benefit of the filing date of an application that is open to public inspection, i.e., Application No. ______, filed _____, or

☐ (D) an application in which the applicant has filed an authorization to lay open the complete application to the public.

**Please direct any correspondence concerning this request to the following address:**

**Cantwell and Paxton, Inc.**
**Signature**

**Type or Printed Name**

12-9-02
**Date**

**FOR PTO USE ONLY**

**Approved by:** _____
**Initials**

**Unit:** _____

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS, SEND TO: Assistant Commissioner for the Patents, Washington, DC 20231.

2-22C

PTO/SB/68 (04-01)
Approved for use through 10/31/2002. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# REQUEST FOR ACCESS TO AN APPLICATION UNDER 37 CFR 1.14(e)

| In re Application of Sherman et al | |
|---|---|
| Application Number 08/821,137 | Filed 3/20/97 |
| Art Unit | Examiner |

RECEIVED
FEB 07 2003
File Information Unit

Paper No. #16

Assistant Commissioner for Patents
Washington, DC 20231

1. ☐ I hereby request access under 37 CFR 1.14(e)(2) to the application file record of the above-identified ABANDONED Application, which is not within the file jacket of a pending Continued Prosecution Application (CPA) (37 CFR 1.53(d)) and is: (CHECK ONE)

☐ (A) referred to in:

United States Patent Application Publication No. 6274171, page _____, line_______,

United States Patent Number_______________________, column _______, line ______, or

an International Application which was filed on or after November 29, 2000 and which designates the United States, WIPO Pub. No. _________________, page _____, line_ _____.

☐ (B) referred to in an application that is open to public inspection as set forth in 37 CFR 1.11(b) or 1.14(e)(2)(i), i.e., Application No.________________, paper No. ______, page ______, line _____.

2. ☐ I hereby request access under 37 CFR 1.14(e)(1) to an application in which the applicant has filed an authorization to lay open the complete application to the public.

Nancy Perry (signature)
Signature

2/7/03
Date

Nancy Perry
Typed or printed name

| FOR PTO USE ONLY |
|---|
| Approved by: [initials] (initials) |
| Unit: [illegible] |

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

PTO/SB/68 (04-01)
Approved for use through 10/31/2002. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# REQUEST FOR ACCESS TO AN APPLICATION UNDER 37 CFR 1.14(e)

RECEIVED
MAR 11 2003
File Information Unit

| In re Application of Sherman | |
|---|---|
| Application Number 08/821137 | Filed 3/20/97 |
| Art Unit | Examiner |

Paper No. #12

Assistant Commissioner for Patents
Washington, DC 20231

1. ☐ I hereby request access under 37 CFR 1.14(e)(2) to the application file record of the above-identified ABANDONED Application, which is not within the file jacket of a pending Continued Prosecution Application (CPA) (37 CFR 1.53(d)) and is: (CHECK ONE)

☐ (A) referred to in:

United States Patent Application Publication No. 6274171, page ____, line ____,

United States Patent Number ____________, column ______, line ______, or

an International Application which was filed on or after November 29, 2000 and which designates the United States, WIPO Pub. No. ____________, page _____, line _____.

☐ (B) referred to in an application that is open to public inspection as set forth in 37 CFR 1.11(b) or 1.14(e)(2)(i), i.e., Application No. ____________, paper No. ______, page ______, line ______.

2. ☐ I hereby request access under 37 CFR 1.14(e)(1) to an application in which the applicant has filed an authorization to lay open the complete application to the public.

Anita Myles
Signature

3/11/03
Date

Anita Myles
Typed or printed name

FOR PTO USE ONLY

Approved by: ________ (initials)

Unit: ________

RECEIVED
MAR 2003
File Information Unit

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

4-125B

PTO/SB/68 (04-01)
Approved for use through 10/31/2002. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# REQUEST FOR ACCESS TO AN APPLICATION UNDER 37 CFR 1.14(e)

| In re Application of Sherman | |
|---|---|
| Application Number 08/821137 | Filed 3/20/97 |
| Art Unit | Examiner |

RECEIVED
APR 2 4 2003
File Information Unit

Paper No. 18

Assistant Commissioner for Patents
Washington, DC 20231

1. ☐ I hereby request access under 37 CFR 1.14(e)(2) to the application file record of the above-identified ABANDONED Application, which is not within the file jacket of a pending Continued Prosecution Application (CPA) (37 CFR 1.53(d)) and is: (CHECK ONE)

☐(A) referred to in:

United States Patent Application Publication No. 6274171, page _____, line_______,

United States Patent Number________________________, column ________, line _______, or

an International Application which was filed on or after November 29, 2000 and which designates the United States, WIPO Pub. No. ____________________, page _____, line_ _____.

☐(B) referred to in an application that is open to public inspection as set forth in 37 CFR 1.11(b) or 1.14(e)(2)(i), i.e., Application No.________________, paper No. ______, page _______, line ______.

2. ☐ I hereby request access under 37 CFR 1.14(e)(1) to an application in which the applicant has filed an authorization to lay open the complete application to the public.

Anita Styles
Signature

4/24/03
Date

Anita Styles
Typed or printed name

FOR PTO USE ONLY
Approved by: APR 2 4 2003 (initials)
Unit: ________

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

PTO/SB/68 (04-01)
Approved for use through 10/31/2002. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# REQUEST FOR ACCESS TO AN APPLICATION UNDER 37 CFR 1.14(e)

| In re Application of Sherman et al | |
|---|---|
| Application Number 08/821,137 | Filed 3/20/97 |
| Art Unit | Examiner |

RECEIVED
MAY 01 2003
File Information Unit

Paper No. ~~#~~ 19

Assistant Commissioner for Patents
Washington, DC 20231

1. ☐ I hereby request access under 37 CFR 1.14(e)(2) to the application file record of the above-identified ABANDONED Application, which is not within the file jacket of a pending Continued Prosecution Application (CPA) (37 CFR 1.53(d)) and is: (CHECK ONE)

☑ (A) referred to in:

United States Patent Application Publication No. ________, page _____, line ______,

United States Patent Number 6274171, column ______, line ______, or

an International Application which was filed on or after November 29, 2000 and which designates the United States, WIPO Pub. No. ________, page _____, line _____.

☐ (B) referred to in an application that is open to public inspection as set forth in 37 CFR 1.11(b) or 1.14(e)(2)(i), i.e., Application No.________, paper No. ______, page ______, line ______.

2. ☐ I hereby request access under 37 CFR 1.14(e)(1) to an application in which the applicant has filed an authorization to lay open the complete application to the public.

[signature]
Signature

4/25/03
Date

Nancy Perry
Typed or printed name

| FOR PTO USE ONLY |
|---|
| Approved by: [initials] (initials) |
| Unit: [initials] |

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.



US006274171B1

(12) **United States Patent**
**Sherman et al.**

(10) **Patent No.:** **US 6,274,171 B1**
(45) **Date of Patent:** **Aug. 14, 2001**

(54) **EXTENDED RELEASE FORMULATION OF VENLAFAXINE HYDROCHLORIDE**

(75) Inventors: **Deborah M. Sherman**, Plattsburgh; **John C. Clark**, Peru, both of NY (US); **John U. Lamer**, St. Albans, VT (US); **Steven A. White**, Champlain, NY (US)

(73) Assignee: **American Home Products Corporation**, Madison, NJ (US)

(*) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **09/488,629**

(22) Filed: **Jan. 20, 2000**

**Related U.S. Application Data**

(63) Continuation-in-part of application No. 08/964,328, filed on Nov. 5, 1997, now abandoned, which is a continuation-in-part of application No. 08/821,137, filed on Mar. 20, 1997, now abandoned.

(60) Provisional application No. 60/014,006, filed on Mar. 25, 1996.

(51) **Int. Cl.**$^{7}$ ........................ A61K 9/52; A61K 9/54; A61K 9/62

(52) **U.S. Cl.** .................... 424/461; 424/457; 424/458; 424/459; 514/781; 514/962

(58) **Field of Search** ........................ 424/495, 494, 424/461, 458, 459, 457, 456, 462

(56) **References Cited**

U.S. PATENT DOCUMENTS

3,954,959 5/1976 Pedersen .......................... 424/21
4,138,475 * 2/1979 McAinsh et al. .................. 424/19
4,369,172 1/1983 Schor et al. ...................... 424/19
4,389,393 6/1983 Schor et al. ...................... 424/19
4,535,186 8/1985 Husbands et al. ................ 564/336
4,966,768 10/1990 Michelucci et al. ............. 424/468
5,506,270 4/1996 Upton et al. .................... 514/730
5,552,429 * 9/1996 Wong et al. .................... 514/415

FOREIGN PATENT DOCUMENTS

0654264 11/1994 (EP).
0667150 1/1995 (EP).
0797991 10/1997 (EP).
9427589 12/1994 (WO).
9737640 10/1997 (WO).

* cited by examiner

*Primary Examiner*—James M. Spear
(74) *Attorney, Agent, or Firm*—Rebecca R. Barrett

(57) **ABSTRACT**

This invention relates to a 24 hour extended release dosage formulation and unit dosage form thereof of venlafaxine hydrochloride, an antidepressant, which provides better control of blood plasma levels than conventional tablet formulations which must be administered two or more times a day and further provides a lower incidence of nausea and vomiting than the conventional tablets. More particularly, the invention comprises an extended release formulation of venlafaxine hydrochloride comprising a therapeutically effective amount of venlafaxine hydrochloride in spheroids comprised of venlafaxine hydrochloride, microcrystalline cellulose and, optionally, hydroxypropylmethylcellulose coated with a mixture of ethyl cellulose and hydroxypropylmethylcellulose.

**25 Claims, No Drawings**

WYETH 002-000927

STAPLE AREA

☆ U.S. GOVERNMENT PRINTING OFFICE: 1997—424-353

PATENT NUMBER

APPLICATION SERIAL NUMBER
08/821,137

APPLICANT'S NAME (PLEASE PRINT)
Sherman

IF REISSUE, ORIGINAL PATENT NUMBER

INTERNATIONAL CLASSIFICATION

| | | | | | |
|---|---|---|---|---|---|
| A | 6 | 1 | K | | 9/58 |
| | | | | | / |
| | | | | | / |
| | | | | | / |

ORIGINAL CLASSIFICATION

| CLASS | SUBCLASS |
|---|---|
| 424 | 456 |

CROSS REFERENCE(S)

| CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) | | | |
|---|---|---|---|---|
| 424 | 457 | 458 | 461 | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

GROUP ART UNIT

ASSISTANT EXAMINER (PLEASE STAMP OR PRINT FULL NAME)
Amy Hulina

PRIMARY EXAMINER (PLEASE STAMP OR PRINT FULL NAME)
Primary Examiner
Group 1500

PTO 270
(REV. 5-91)

ISSUE CLASSIFICATION SLIP

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

Staple Issue Slip Here

| POSITION | | ID NO. | DATE |
|---|---|---|---|
| CLASSIFIER | | 12 | 5/2/97 |
| EXAMINER | | 813 | 8/13/97 |
| TYPIST | | ✓ | ✓ |
| VERIFIER | | | |
| CORPS CORR. | | | |
| SPEC. HAND | | | |
| FILE MAINT. | | | |
| DRAFTING | | | |

## INDEX OF CLAIMS

| Claim Final | Claim Original | Date 8/9/97 | Date | Date | Date | Date | Date | Date | Date |
|---|---|---|---|---|---|---|---|---|---|
| 1 | (1) | = | | | | | | | |
| 2 | 2 | = | | | | | | | |
| 3 | 3 | = | | | | | | | |
| 4 | 4 | = | | | | | | | |
| 5 | 5 | = | | | | | | | |
| | (6) | | | | | | | | |
| 6 | (7) | = | | | | | | | |
| 7 | 8 | = | | | | | | | |
| 8 | (9) | = | | | | | | | |
| 9 | (10) | = | | | | | | | |
| | 11 | | | | | | | | |
| | 12 | | | | | | | | |
| | 13 | | | | | | | | |
| | 14 | | | | | | | | |
| | 15 | | | | | | | | |
| | 16 | | | | | | | | |
| | 17 | | | | | | | | |
| | 18 | | | | | | | | |
| | 19 | | | | | | | | |
| | 20 | | | | | | | | |
| | 21 | | | | | | | | |
| | 22 | | | | | | | | |
| | 23 | | | | | | | | |
| | 24 | | | | | | | | |
| | 25 | | | | | | | | |
| | 26 | | | | | | | | |
| | 27 | | | | | | | | |
| | 28 | | | | | | | | |
| | 29 | | | | | | | | |
| | 30 | | | | | | | | |
| | 31 | | | | | | | | |
| | 32 | | | | | | | | |
| | 33 | | | | | | | | |
| | 34 | | | | | | | | |
| | 35 | | | | | | | | |
| | 36 | | | | | | | | |
| | 37 | | | | | | | | |
| | 38 | | | | | | | | |
| | 39 | | | | | | | | |
| | 40 | | | | | | | | |
| | 41 | | | | | | | | |
| | 42 | | | | | | | | |
| | 43 | | | | | | | | |
| | 44 | | | | | | | | |
| | 45 | | | | | | | | |
| | 46 | | | | | | | | |
| | 47 | | | | | | | | |
| | 48 | | | | | | | | |
| | 49 | | | | | | | | |
| | 50 | | | | | | | | |

| Claim Final | Claim Original | Date | Date | Date | Date | Date | Date | Date | Date |
|---|---|---|---|---|---|---|---|---|---|
| | 51 | | | | | | | | |
| | 52 | | | | | | | | |
| | 53 | | | | | | | | |
| | 54 | | | | | | | | |
| | 55 | | | | | | | | |
| | 56 | | | | | | | | |
| | 57 | | | | | | | | |
| | 58 | | | | | | | | |
| | 59 | | | | | | | | |
| | 60 | | | | | | | | |
| | 61 | | | | | | | | |
| | 62 | | | | | | | | |
| | 63 | | | | | | | | |
| | 64 | | | | | | | | |
| | 65 | | | | | | | | |
| | 66 | | | | | | | | |
| | 67 | | | | | | | | |
| | 68 | | | | | | | | |
| | 69 | | | | | | | | |
| | 70 | | | | | | | | |
| | 71 | | | | | | | | |
| | 72 | | | | | | | | |
| | 73 | | | | | | | | |
| | 74 | | | | | | | | |
| | 75 | | | | | | | | |
| | 76 | | | | | | | | |
| | 77 | | | | | | | | |
| | 78 | | | | | | | | |
| | 79 | | | | | | | | |
| | 80 | | | | | | | | |
| | 81 | | | | | | | | |
| | 82 | | | | | | | | |
| | 83 | | | | | | | | |
| | 84 | | | | | | | | |
| | 85 | | | | | | | | |
| | 86 | | | | | | | | |
| | 87 | | | | | | | | |
| | 88 | | | | | | | | |
| | 89 | | | | | | | | |
| | 90 | | | | | | | | |
| | 91 | | | | | | | | |
| | 92 | | | | | | | | |
| | 93 | | | | | | | | |
| | 94 | | | | | | | | |
| | 95 | | | | | | | | |
| | 96 | | | | | | | | |
| | 97 | | | | | | | | |
| | 98 | | | | | | | | |
| | 99 | | | | | | | | |
| | 100 | | | | | | | | |

SYMBOLS

- ✓ ........ Rejected
- = ........ Allowed
- \- (Through numeral) Canceled
- \+ ........ Restricted
- N ........ Non-elected
- I ........ Interference
- A ........ Appeal
- O ........ Objected

(LEFT INSIDE)

WYETH 002-000929

## SEARCHED

| Class | Sub. | Date | Exmr. |
|---|---|---|---|
| 424 ↓ | 458<br>461<br>457 | 7/97 | ad |

## INTERFERENCE SEARCHED

| Class | Sub. | Date | Exmr. |
|---|---|---|---|
| 424 ↓ | 456<br>458<br>457<br>461 | 7/97 | ad |

## SEARCH NOTES

| | Date | Exmr. |
|---|---|---|
| none | 7/97 | ad |

(RIGHT OUTSIDE)

WYETH 002-000930

# PATENT APPLICATION FEE DETERMINATION RECORD

Effective October 1, 1996

Application or Docket Number: 08/821137

## CLAIMS AS FILED - PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | SMALL ENTITY RATE | SMALL ENTITY FEE | OR | OTHER THAN SMALL ENTITY RATE | OTHER THAN SMALL ENTITY FEE |
|---|---|---|---|---|---|---|---|
| BASIC FEE | | | | 385.00 | OR | | 770.00 |
| TOTAL CLAIMS | 10 minus 20 = | * 0 | x$11= | | OR | x$22= | |
| INDEPENDENT CLAIMS | 5 minus 3 = | * 2 | x40= | | OR | x80= | 160 |
| MULTIPLE DEPENDENT CLAIM PRESENT | | | +130= | | OR | +260= | |
| | | | TOTAL | | OR | TOTAL | 930 |

* If the difference in column 1 is less than zero, enter "0" in column 2

## CLAIMS AS AMENDED - PART II

### AMENDMENT A

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE | ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | * | Minus | ** | = | x$11= | | OR | x$22= | |
| Independent | * | Minus | *** | = | x40= | | OR | x80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +130= | | OR | +260= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

### AMENDMENT B

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE | ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | * | Minus | ** | = | x$11= | | OR | x$22= | |
| Independent | * | Minus | *** | = | x40= | | OR | x80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +130= | | OR | +260= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

### AMENDMENT C

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE | ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | * | Minus | ** | = | x$11= | | OR | x$22= | |
| Independent | * | Minus | *** | = | x40= | | OR | x80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +130= | | OR | +260= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
***If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

Form PTO 1130
(REV 2/94)

# PACE DATA ENTRY CODING SHEET

U.S. DEPARTMENT OF COMMERCE
Patent and Trademark Office

| 1ST EXAMINER | Theresa Oka | DATE | 7/3/97 |
| --- | --- | --- | --- |
| 2ND EXAMINER | | DATE | |

| APPLICATION NUMBER | TYPE APPL | FILING DATE (MONTH DAY YEAR) | SPECIAL HANDLING | GROUP ART UNIT | CLASS | SHEETS OF DRAWING |
| --- | --- | --- | --- | --- | --- | --- |
| 08/821137 | 1 | 03 20 97 | 0 | 1502 | 424 | |

| TOTAL CLAIMS | INDEPENDENT CLAIMS | SMALL ENTITY? | FILING FEE | FOREIGN LICENSE | ATTORNEY DOCKET NUMBER |
| --- | --- | --- | --- | --- | --- |
| 10 | 5 | 0 | 930 | Y | AHP-95011 |

## CONTINUITY DATA

| CONT CODE | STATUS CODE | PARENT APPLICATION SERIAL NUMBER | PCT APPLICATION SERIAL NUMBER | PARENT PATENT NUMBER | PARENT FILING DATE (MONTH DAY YEAR) |
| --- | --- | --- | --- | --- | --- |
| | | | PCT/ / | | |
| | | | PCT/ / | | |
| | | | PCT/ / | | |
| | | | PCT/ / | | |
| | | | PCT/ / | | |

## PCT/FOREIGN APPLICATION DATA

| FOREIGN PRIORITY CLAIMED | COUNTRY CODE | PCT/FOREIGN APPLICATION SERIAL NUMBER | FOREIGN FILING DATE (MONTH DAY YEAR) |
| --- | --- | --- | --- |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

WYETH 002-000932

WYETH 002-000933

TITLE OF INVENTION

ATTORNEY REGISTRATION NUMBERS

CORRESPONDENCE NAME AND ADDRESS

APPLICANT/INVENTOR DATA

AUTHORITY CODE

FAMILY NAME

GIVEN NAME

CITY

NAME SUFFIX

STATE/CTRY CODE

AUTHORITY CODE

FAMILY NAME

GIVEN NAME

CITY

NAME SUFFIX

STATE/CTRY CODE

MORE

08821137

PATENT APPLICATION

08821137

APPROVED FOR LICENSE

INITIALS MAY 029745

RECEIVED MAY 22 1997 GROUP 1500

# CONTENTS

| Date Entered or Counted | | Date Received or Mailed |
|---|---|---|
| | 1. Application D.S. papers. | 07-30-97 |
| 7/20/97 | 2. Interview Summary | 8/5/97 |
| 8-4 | 3. Ex Amdt / A | 8/5/97 |
| | 4. IDS | 7-14-97 |
| | 5. ABANDONED | FEB - 3 1998 |
| | 6. Request for Access | 9-25-01 |
| | 7. Request for Access | 12-5-01 |
| | 8. Request for Access | 1-24-02 |
| | 9. Request for Access | 2/21/02 |
| | 10. Request for Access | 6/18/02 |
| | 11. Request for Access | 7/23/02 |
| | 12. Request for Access | 8/6/02 |
| | 13. Request for Access | 9/27/02 |
| | 14. Request for Access | 11/9/02 |
| | 15. Request for Access | 12/9/02 |
| | 16. Request for Access | 2/7/03 |
| | 17. Request for Access | 3-1-03 |
| | 18. Request for Access | 4/24/03 |
| | 19. Request for Access | 5/1/03 |
| | 20. | |
| | 21. | |
| | 22. | |
| | 23. | |
| | 24. | |
| | 25. | |
| | 26. | |
| | 27. | |
| | 28. | |
| | 29. | |
| | 30. | |
| | 31. | |
| | 32. | |

(FRONT)



U.S. DEPARTMENT OF COMMERCE
PATENT & TRADEMARK OFFICE
R

WYETH 002-000935

PTO-1683
(Rev. 7-96)

WYETH 002-000936

# EXHIBIT 12



PW 1006163

# THE UNITED STATES OF AMERICA

TO ALL TO WHOM THESE PRESENTS SHALL COME:

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**

**May 28, 2003**

**THIS IS TO CERTIFY THAT ANNEXED IS A TRUE COPY FROM THE RECORDS OF THIS OFFICE OF THE FILE WRAPPER AND CONTENTS OF:**

**APPLICATION NUMBER:** ***08/964,328***
**FILING DATE:** ***November 05, 1997***

**By Authority of the**
**COMMISSIONER OF PATENTS AND TRADEMARKS**

L. Edelen

**L. EDELEN**
**Certifying Officer**

WYETH 002-000563

SCANNED

UTILITY SERIAL NUMBER | PATENT DATE | PATENT NUMBER

| SERIAL NUMBER | FILING DATE | CLASS | SUBCLASS | GROUP ART UNIT | EXAMINER |
|---|---|---|---|---|---|
| 08/964,328 | 11/05/97 | 424 | 465 | 1615 | SPEAR |

APPLICANTS

DEBORAH MARIE SHERMAN, PLATTSBURGH, NY; JOHN CLIFTON CLARK, PERU, NY; JOHN ULRICK LAMER, ST. ALBANS, VT.

**CONTINUING DATA*********************
VERIFIED THIS APPLN IS A CIP OF 08/821,137 03/20/97 ABN
PROVISIONAL APPLICATION NO. 60/014,006 03/25/96

JS

**FOREIGN APPLICATIONS************
VERIFIED

JS

FOREIGN FILING LICENSE GRANTED 02/20/98

| Foreign priority claimed ☐ yes ☑ no<br>35 USC 119 conditions met ☐ yes ☑ no JS<br>Verified and Acknowledged Examiner's initials | AS FILED | STATE OR COUNTRY | SHEETS DRWGS. | TOTAL CLAIMS | INDEP. CLAIMS | FILING FEE RECEIVED | ATTORNEY'S DOCKET NO. |
|---|---|---|---|---|---|---|---|
| | | NY | 0 | 18 | 4 | $1,002.00 | AHP-95011-1- |

ADDRESS

RONALD W ALICE
AMERICAN HOME PRODUCTS CORPORATION
PATENT LAW DEPARTMENT
ONE CAMPUS DRIVE
PARSIPPANY NJ 07054

TITLE

~~EXTENDED RELEASE FORMULATION~~
Venlafaxine Extended Release Formulations

U.S. DEPT. OF COMM./PAT. & TM—PTO-436L (Rev. 12-94)

PARTS OF APPLICATION FILED SEPARATELY

Applications Examiner

NOTICE OF ALLOWANCE MAILED

Assistant Examiner

CLAIMS ALLOWED

Total Claims | Print Claim

ISSUE FEE

Amount Due | Date Paid

DRAWING

Sheets Drwg. | Figs. Drwg. | Print Fig.

Primary Examiner

ISSUE BATCH NUMBER

Label Area

PREPARED FOR ISSUE

WARNING: The information disclosed herein may be restricted. Unauthorized disclosure may be prohibited by the United States Code Title 35, Sections 122, 181 and 368. Possession outside the U.S. Patent & Trademark Office is restricted to authorized employees and contractors only.

FORM PTO-436A (Rev. 8/92)

SCAN

CERTIFICATE OF MAILING BY "E... ...G MAIL"

"EXPRESS MAIL" MAILING LABEL NUMBER EM474051411US

DATE OF DEPOSIT November 5, 1997

I HEREBY CERTIFY THAT THIS PAPER OR FEE IS BEING DEPOSITED WITH THE UNITED STATES POSTAL SERVICE BY "EXPRESS MAIL POST OFFICE TO ADDRESSEE" SERVICE UNDER 37 CFR 1.10 ON THE DATE INDICATED ABOVE AND IS ADDRESSED TO THE ASSISTANT COMMISSIONER FOR PATENTS, WASHINGTON, D.C. 20231

Arthur G. Seifert

(TYPED OR PRINTED NAME OF PERSON MAILING PAPER OR FEE)

(SIGNATURE OF PERSON MAILING PAPER OR FEE)

U.S. ...EPARTMENT OF COMMERCE
Paten... and Trademark Office

Address Only: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

Case Docket No. AHP-95011-1-C1
PATENT

66534 U.S. PTO
08/964328
11/05/97

ASSISTANT COMMISSIONER FOR PATENTS
Washington, D.C. 20231

Sir:

Transmitted herewith for filing is the patent application of

Inventor: Deborah M. Sherman, John Clifton Clark, John Ulrick Lamar

For: Extended Release Formulation

Enclosed are:

☐ ________sheets of drawing.

☐ An assignment of the invention to________________________________

☐ A certified copy of a ________________application.

☐ Associate power of attorney.

| CLAIMS AS FILED | | | | |
|---|---|---|---|---|
| (1) FOR | (2) NUMBER FILED | (3) NUMBER EXTRA | (4) RATE | (5) BASIC FEE $790.00 |
| TOTAL CLAIMS | 18 −20 = | 0 | x $22.00 | 0.00 |
| INDEPENDENT CLAIMS | 5 −3 = | 2 | x $82.00 | 164.00 |
| MULTIPLE DEPENDENT CLAIMS | 0 | 0 | $270.00 | 0.00 |
| | | | TOTAL FILING FEE → | 954.00 |

☒ Please charge my Deposit Account No. 01-1425 in the amount of $ 954.00 Two additional copies of this sheet are enclosed.

☒ The Commissioner is hereby authorized to charge any fees under 37 CFR 1.16 and 1.17 which may be required during the entire pendency of the application to Deposit Account No. 01-1425. Two additional copies of this sheet are enclosed.

☐ A check in the amount of ____________ to cover the filing fee is enclosed.

☒ This application is a continuation-in-part under 37 CFR 1.53(b) of copending Application No. 08/821,137, filed March 20, 1997, which, in turn, claims priority from Provisional Application No. 60/014,006 filed March 25, 1996.

Arthur G. Seifert
Reg. No. 28,040

WYETH 002-000565

FORM PO-1082 (11-69) USCOMM-DC 60424-P69

M2769 L (9/96)

CERTIFICATE OF MAILING BY "EXPRESS MAIL"

"EXPRESS MAIL" MAILING LABEL NUMBER 4051411US

DATE OF DEPOSIT November 5, 1997

I HEREBY CERTIFY THAT THIS PAPER OR FEE IS BEING DEPOSITED WITH THE UNITED STATES POSTAL SERVICE BY "EXPRESS MAIL POST OFFICE TO ADDRESSEE" SERVICE UNDER 37 CFR 1.10 ON THE DATE INDICATED ABOVE AND IS ADDRESSED TO THE ASSISTANT COMMISSIONER FOR PATENTS, WASHINGTON, D.C. 20231.

Arthur G. Seifert

(TYPED OR PRINTED NAME OF PERSON MAILING PAPER OR FEE)

(SIGNATURE OF PERSON MAILING PAPER OR FEE)

U.S. DEPARTMENT OF COMMERCE
Patent and Trademark Office

Address Only: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

Case Docket No. AHP-95011-1-C1
PATENT

ASSISTANT COMMISSIONER FOR PATENTS
Washington, D.C. 20231

Sir:

Transmitted herewith for filing is the patent application of

Inventor: Deborah M. Sherman, John Clifton Clark, John Ulrick Lamar

For: Extended Release Formulation

Enclosed are:

☐ ________ sheets of drawing.

☐ An assignment of the invention to ________

☐ A certified copy of a ________ application.

☐ Associate power of attorney.

| CLAIMS AS FILED | | | | |
|---|---|---|---|---|
| (1) FOR | (2) NUMBER FILED | (3) NUMBER EXTRA | (4) RATE | (5) BASIC FEE $790.00 |
| TOTAL CLAIMS | 18 −20 = | 0 | × $22.00 | 0.00 |
| INDEPENDENT CLAIMS | 5 −3 = | 2 | × $82.00 | 164.00 |
| MULTIPLE DEPENDENT CLAIMS | 0 | 0 | $270.00 | 0.00 |
| | | | TOTAL FILING FEE → | 954.00 |

☒ Please charge my Deposit Account No. 01-1425 in the amount of $ 954.00 Two additional copies of this sheet are enclosed.

☒ The Commissioner is hereby authorized to charge any fees under 37 CFR 1.16 and 1.17 which may be required during the entire pendency of the application to Deposit Account No. 01-1425. Two additional copies of this sheet are enclosed.

☐ A check in the amount of ________ to cover the filing fee is enclosed.

☒ This application is a continuation-in-part under 37 CFR 1.53(b) of copending Application No. 08/821,137, filed March 20, 1997, which, in turn, claims priority from Provisional Application No. 60/014,006 filed March 25, 1996.

Arthur G. Seifert
Reg. No. 28,040

FORM PO-1082 (11-69) USCOMM-DC 60424-P69

N2769 L (9/96)

66534 U.S. PTO
08/964328
11/05/97

PATENT APPLICATION SERIAL NO. 08/964328

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

01/15/1998 MGORDON 00000021 DAH:011425 08964328
01 FC:101 790.00 CH
02 FC:102 82.00 CH

PTO-1556
(5/87)

ABSTRACT

**EXTENDED RELEASE FORMULATION**

This invention relates to a 24 hour extended release dosage formulation and unit dosage form thereof of venlafaxine hydrochloride, an antidepressant, which provides better control of blood plasma levels than conventional tablet formulations which must be administered two or more times a day and further provides a lower incidence of nausea and vomiting than the conventional tablets.

WYETH 002-000568

# EXTENDED RELEASE FORMULATION

This application is a continuation-in-part of copending Application No. 08/821,137, filed March 20, 1997, which, in turn, claims priority from Provisional Application No. 60/014,006 filed March 25, 1996.

## Background of the Invention

Extended release drug formulations are conventionally produced as compressed tablets by hydrogel tablet technology. To produce these sustained release tablet drug dosage forms, the active ingredient is conventionally compounded with cellulose ethers such as methyl cellulose, ethyl cellulose or hydroxypropylmethylcellulose with or without other excipients and the resulting mixture is pressed into tablets. When the tablets are orally administered, the cellulose ethers in the tablets swell upon hydration from moisture in the digestive system, thereby limiting exposure of the active ingredient to moisture. As the cellulose ethers are gradually leached away by moisture, water more deeply penetrates the gel matrix and the active ingredient slowly dissolves and diffuses through the gel, making it available for absorption by the body. An example of such a sustained release dosage form of the analgesic/antiinflammatory drug etodolac (Lodine®) appears in US patent 4,966,768. US patent 4,389,393 discloses sustained release therapeutic compressed solid unit dose forms of an active ingredient plus a carrier base comprised of a high molecular weight hydroxypropylmethylcellulose, methyl cellulose, sodium carboxymethylcellulose and or other cellulose ether.

Where the production of tablets is not feasible, it is conventional in the drug industry to prepare encapsulated drug formulations which provide extended or sustained release properties. In this situation, the extended release capsule dosage forms may be formulated by mixing the drug with one or more binding agents to form a uniform mixture which is then moistened with water or a solvent such as ethanol to form an extrudable plastic mass from which small diameter, typically 1 mm, cylinders of drug/matrix are extruded, chopped into appropriate lengths and transformed into spheroids using standard spheronization equipment. The spheroids, after drying, may then be film-coated to retard dissolution. Gelatin capsules are filled with the film-coated spheroids in the quantity needed to obtain the desired therapeutic effect. Spheroids releasing the drug at different rates may be combined in a gelatin capsule to obtain desired release rates and blood levels. US patent 4,138,475 discloses a sustained release pharmaceutical composition consisting of a hard gelatin capsule filled with film-coated spheroids comprised of propanolol in admixture with microcrystalline cellulose

wherein the film coating is composed of ethyl cellulose, optionally, with hydroxypropylmethylcellulose and/or a plasticizer.

Venlafaxine, 1-[2-(dimethylamino)-1-(4-methoxyphenyl)ethyl]cyclohexanol, is an important drug in the neuropharmacological arsenal used for treatment of depression. Venlafaxine and the acid addition salts thereof are disclosed in US patent 4,535,186. Venlafaxine hydrochloride is presently administered to adults in compressed tablet form in doses ranging from 75 to 350 mg/day, in divided doses two or three times a day. In therapeutic dosing with venlafaxine hydrochloride tablets, rapid dissolution results in a rapid increase in blood plasma levels of the active compound shortly after administration followed by a decrease in blood plasma levels over several hours as the active compound is eliminated or metabolized, until sub-therapeutic plasma levels are approached after about twelve hours following administration, thus requiring additional dosing with the drug. With the plural daily dosing regimen, the most common side effect is nausea, experienced by about forty five percent of patients under treatment with venlafaxine hydrochloride. Vomiting also occurs in about seventeen percent of the patients.

## Brief Description of the Invention

In accordance with this invention, there is provided an extended release (ER), encapsulated formulation containing venlafaxine hydrochloride as the active drug component, which provides in a single dose, a therapeutic blood serum level over a twenty four hour period.

Through administration of the venlafaxine formulation of this invention, there is provided a method for obtaining a flattened drug plasma concentration to time profile, thereby affording a tighter plasma therapeutic range control than can be obtained with multiple daily dosing. In other words, this invention provides a method for eliminating the sharp peaks and troughs (hills and valleys) in blood plasma drug levels induced by multiple daily dosing with conventional immediate release venlafaxine hydrochloride tablets. In essence, the plasma levels of venlafaxine hydrochloride rise, after administration of the extended release formulations of this invention, for between about five to about eight hours ( optimally about six hours) and then begin to fall through a protracted, substantially linear decrease from the peak plasma level for the remainder of the twenty four hour period, maintaining at least a threshold therapeutic level of the drug during the entire twenty-four period. In contrast, the conventional immediate release venlafaxine hydrochloride tablets give peak blood plasma levels in 2 to 4 hours.

Hence, in accordance with the use aspect of this invention, there is provided a method for moderating the plural blood plasma peaks and valleys attending the pharmacokinetic utilization of multiple daily tablet dosing with venlafaxine hydrochloride which comprises administering to a patient in need of treatment with venlafaxine hydrochloride, a one-a-day, extended release formulation of venlafaxine hydrochloride.

The use of the one-a-day venlafaxine hydrochloride formulations of this invention reduces by adaptation, the level of nausea and incidence of emesis that attend the administration of multiple daily dosing. In clinical trials of venlafaxine hydrochloride ER, the probability of developing nausea in the course of the trials was greatly reduced after the first week. Venlafaxine ER showed a statistically significant improvement over conventional venlafaxine hydrochloride tablets in two eight-week and one 12 week clinical studies. Thus, in accordance with this use aspect of the invention there is provided a method for reducing the level of nausea and incidence of emesis attending the administration of venlafaxine hydrochloride which comprises dosing a patient in need of treatment with venlafaxine hydrochloride with an extended release formulation of venlafaxine hydrochloride once a day in a therapeutically effective amount.

Detailed Description of the Invention

1-[2-(dimethylamino)-1-(4-methoxyphenyl)ethyl]cyclohexanol hydrochloride is polymorphic. Of the forms isolated and characterized to date, Form I is considered to be the kinetic product of crystallization which can be converted to Form II upon heating in the crystallization solvent. Forms I and II cannot be distinguished by their melting points but do exhibit some differences in their infrared spectra and X-ray diffraction patterns. Any of the polymorphic forms such as Form I or Form II may be used in the formulations of the present invention.

The extended release formulations of this invention are comprised of 1-[2-(dimethylamino)-1-(4-methoxyphenyl)ethyl] cyclohexanol hydrochloride in admixture with microcrystalline cellulose and hydroxypropylmethylcellulose. Formed as beads or spheroids, the drug containing formulation is coated with a mixture of ethyl cellulose and hydroxypropylmethyl cellulose to provide the desired level of coating, generally from about two to about twelve percent on a weight/weight basis of final product or more preferably from about five to about ten percent (w/w), with best results obtained at from about 6 to about 8 percent (w/w). More specifically, the extended release spheroid formulations of this invention comprise from about 30 to 40 percent

venlafaxine hydrochloride, from about 50 to about 70 percent microcrystalline cellulose, NF, from about 0.25 to about 1 percent hydroxypropylmethylcellulose, USP, and from about 5 to about 10 percent film coating, all on a weight/weight basis. And preferably, the spheroid formulations contain about 35 percent venlafaxine hydrochloride, about 55 to 60 percent microcrystalline cellulose NF (Avicel® PH101), about one half percent hydroxypropyl methylcellulose 2208 USP (K3, Dow, which has a viscosity of 3 cps for 2% aqueous solutions, a methoxy content of 19–24% and a hydroxypropoxy content of 4–13%), and from about 6 to 8 percent film coating.

The film coating is comprised of 80 to 90 percent of ethyl cellulose, NF and 10 to 20 percent hydroxypropyl methylcellulose (2910), USP on a weight/weight basis. Preferably the ethyl cellulose has a ethoxy content of 44.0–51% and a viscosity of 50 cps for a 5% aqueous solution and the hydroxypropylmethylcellulose is USP 2910 having a viscosity of 6 cps at 2% aqueous solution with a methoxy content of 28–30% and a hydroxypropoxy content of 7–12%. The ethyl cellulose used herein is Aqualon HG 2834.

Other equivalents of the hydroxypropylmethylcelluloses 2208 and 2910 USP and ethyl cellulose, NF, having the same chemical and physical characteristics as the proprietary products named above may be substituted in the formulation without changing the inventive concept. Important characteristics of suitable hydroxypropylmethylcelluloses include a low viscosity, preferably less than 10 cps and more preferably 2-5 cps, and a gel temperature above that of the temperature of the extrudate during extrusion. As explained below, these and other characteristics which enable the extrudate to remain moist and soft (pliable) are preferred for the hydroxypropylmethylcellulose. In the examples below, the extrudate temperature was generally 50-55°C.

It was completely unexpected that an extended release formulation containing venlafaxine hydrochloride could be obtained because the hydrochloride of venlafaxine proved to be extremely water soluble. Numerous attempts to produce extended release tablets by hydrogel technology proved to be fruitless because the compressed tablets were either physically unstable (poor compressibility or capping problems) or dissolved too rapidly in dissolution studies. Typically, the tablets prepared as hydrogel sustained release formulations gave 40-50% dissolution at 2 hrs, 60-70% dissolution at 4 hrs and 85-100% dissolution at 8 hrs.

Numerous spheroid formulations were prepared using different grades of microcrystalline cellulose and hydroxypropyl methylcellulose, different ratios of venlafaxine hydrochloride and filler, different binders such as polyvinylpyrrolidone,

methylcellulose, water, and polyethylene glycol of different molecular weight ranges in order to find a formulation which would provide a suitable granulation mix which could be extruded properly. In the extrusion process, heat buildup occurred which dried out the extrudate so much that it was difficult to convert the extruded cylinders into spheroids. Addition of hydroxypropylmethylcellulose 2208 to the venlafaxine hydrochloride–microcrystalline cellulose mix made production of spheroids practical.

The following examples are presented to illustrate applicant's solution to the problem of preparation of the extended release drug containing formulations of this invention.

Example 1.

VENLAFAXINE HYDROCHLORIDE EXTENDED RELEASE CAPSULES

A mixture of 44.8 parts ( 88.4 % free base) of venlafaxine hydrochloride, 74.6 parts of the microcrystalline cellulose, NF, and 0.60 parts of hydroxypropylmethyl cellulose 2208, USP, are blended with the addition of 41.0 parts water. The plastic mass of material is extruded, spheronized and dried to provide uncoated drug containing spheroids.

Stir 38.25 parts of ethyl cellulose, NF, HG2834 and 6.75 parts of hydroxypropyl methylcellulose 2910, USP in a 1:1 v/v mixture of methylene chloride and anhydrous methanol until solution of the film coating material is complete.

To a fluidized bed of the uncoated spheroids is applied 0.667 parts of coating solution per part of uncoated spheroids to obtain extended release, film coated spheroids having a coating level of 3%.

The spheroids are sieved to retain the coated spheroids of a particle size between 0.85 mm to 1.76 mm diameter. These selected film coated spheroids are filled into hard gelatin capsules conventionally.

Example 2.

Same as for Example 1 except that 1.11 parts of the film coating solution per part of uncoated spheroids is applied to obtain a coating level of 5%.

Example 3.

Same as for Example 1 except that 1.33 parts of the film coating solution is applied to 1 part of uncoated spheroids to obtain a coating level of 6%.

Example 4.

Same as for Example 1 except that 1.55 parts of the film coating solution is applied to 1 part of uncoated spheroids to obtain a coating level of 7%.

In the foregoing failed experiments and in Examples 1-4, the extrusion was carried out on an Alexanderwerk extruder. Subsequent experiments carried out on Hutt and Nica extruders surprisingly demonstrated that acceptable, and even improved, spheroids could be made without the use of an hydroxypropylmethyl cellulose.

In such further experiments the applicability of the invention was extended to formulations wherein the weight percentage of venlafaxine hydrochloride is 6% to 40%, preferably 8% to 35%. Thus, the extended release spheroid formulations of this invention comprise from about 6 to 40 percent venlafaxine hydrochloride, from about 50 to about 94 percent microcrystalline cellulose, NF, optionally, from about 0.25 to about 1 percent hydroxypropylmethylcellulose, and from about 2 to about 12 percent, preferably about 3 to 9 percent, film coating.

Spheroids of the invention were produced having 8.25% (w/w) venlafaxine hydrochloride and the remainder (91.75%, w/w) being microcrystalline cellulose, with a coating of from 3 to 5 % (w/w), preferably 4%, of the total weight. The spheroids with 8.25% venlafaxine hydrochloride and 4% coating were filled into No. 2 white opaque shells with a target fill weight of 236 mg.

Further spheroids of the invention were produced having 16.5% (w/w) venlafaxine hydrochloride and the remainder (83.5%,w/w) being microcrystalline cellulose, with a coating of from 4 to 6 % (w/w), preferably 5%, of the total weight. The spheroids 16.5% venlafaxine hydrochloride and 5% coating were filled into No. 2 white opaque shells with a target fill weight of 122 mg.

The test for acceptability of the coating level is determined by analysis of the dissolution rate of the finished coated spheroids prior the encapsulation. The dissolution procedure followed uses USP Apparatus 1 (basket) at 100 rpm in purified water at 37°C.

Conformance with the dissolution rate given in Table 1 provides the twenty-four hour therapeutic blood levels for the drug component of the extended release capsules of this invention in capsule form. Where a given batch of coated spheroids releases drug too slowly to comply with the desired dissolution rate study, a portion of uncoated spheroids or spheroids with a lower coating level may be added to the batch to provide,

after thorough mixing, a loading dose for rapid increase of blood drug levels. A batch of coated spheroids that releases the drug too rapidly can receive additional film-coating to give the desired dissolution profile.

Table 1

Acceptable Coated Spheroid Dissolution Rates

| Time (hours) | Average % Venlafaxine HCl released |
|---|---|
| 2 | <30 |
| 4 | 30-55 |
| 8 | 55-80 |
| 12 | 65-90 |
| 24 | >80 |

Batches of the coated venlafaxine hydrochloride containing spheroids which have a dissolution rate corresponding to that of Table 1 are filled into hard gelatin capsules in an amount needed to provide the unit dosage level desired. The standard unit dosage immediate release (IR) tablet used presently provides amounts of venlafaxine hydrochloride equivalent to 25 mg, 37.5 mg, 50 mg, 75 mg and 100 mg venlafaxine. The capsules of this invention are filled to provide an amount of venlafaxine hydrochloride equivalent to that presently used in tablet form and also up to about 150 mg venlafaxine hydrochloride.

Dissolution of the venlafaxine hydrochloride ER capsules is determined as directed in the U. S. Pharmacopoeia (USP) using apparatus 1 at 100 rpm on 0.9 L of water. A filtered sample of the dissolution medium is taken at the times specified. The absorbance of the clear solution is determined from 240 to 450 nanometers (nm) against the dissolution medium. A baseline is drawn from 450 nm through 400 nm and extended to 240 nm. The absorbance at the wavelength of maximum absorbance (about 274 nm) is determined with respect to this baseline. Six hard gelatin capsules are filled with the theoretical amount of venlafaxine hydrochloride spheroids and measured for dissolution. Standard samples consist of venlafaxine hydrochloride standard solutions plus a gelatin capsule correction solution.

The percentage of venlafaxine released is determined from the equation

$$\%\text{ Venlafaxine hydrochloride released} = \frac{(As)(Wr)(S)(V1)(0.888)(100)}{(Ar)(V2)(C)}$$

where As is absorbance of sample preparation, Wr is weight of reference standard, mg; S is strength of the reference standard, decimal; V1 is the volume of dissolution medium used to dissolve the dosage form, mL; 0.884 is the percent free base, Ar is the absorbance of the standard preparation, V2 is the volume of reference standard solution, mL; and C is the capsule claim in mg.

Table 2 shows the plasma level of venlafaxine versus time for one 75 mg conventional Immediate Release (IR) tablet administered every 12 hours, two 75 mg extended release (ER) capsules administered simultaneously every 24 hours, and one 150 mg extended release (ER) capsule administered once every 24 hours in human male subjects. The subjects were already receiving venlafaxine hydrochloride according to the dosage protocol, thus the plasma blood level at zero time when dosages were administered is not zero.

[Text continues with Table 2 on next page]

Table 2

Plasma venlafaxine level (ng/mL) versus time, conventional tablet (not extended release) versus ER capsule

| Time (hours) | 75 mg (IR)tablet (q 12 h) | 2 x 75 mg (ER)capsules (q 24 hr) | 1 x 150 mg (ER)capsules (q 24 h) |
|---|---|---|---|
| 0 | 62.3 | 55.0 | 55.8 |
| 0.5 | 76.3 | | |
| 1 | 135.6 | 53.3 | 53.2 |
| 2 | 212.1 | 69.8 | 70.9 |
| 4 | 162.0 | 138.6 | 133.3 |
| 6 | 114.6 | 149.0 | 143.5 |
| 8 | 86.7 | 129.3 | 129.5 |
| 10 | | 118.4 | 114.4 |
| 12 | 51.9 | 105.1 | 105.8 |
| 12.5 | 74.7 | | |
| 13 | 127.5 | | |
| 14 | 161.3 | 90.5 | 91.3 |
| 16 | 134.6 | 78.2 | 78.5 |
| 18 | 106.2 | | |
| 20 | 83.6 | 62.7 | 63.3 |
| 24 | 57.6 | 56.0 | 57.3 |

Table 2 shows that the plasma levels of two 75 mg/capsule venlafaxine hydrochloride ER capsules and one 150 mg/capsule venlafaxine hydrochloride ER capsule provide very similar blood levels. The data also show that the plasma level after 24 hours for either extended release regimen is very similar to that provided by two immediate release 75 mg tablets of venlafaxine hydrochloride administered at 12 hour intervals.

Further, the plasma levels of venlafaxine obtained with the extended release formulation do not increase to the peak levels obtained with the conventional immediate

release tablets given 12 hours apart. The peak level of venlafaxine from (ER), somewhat below 150 ng/ml, is reached in about six hours, plus or minus two hours, based upon this specific dose when administered to patients presently under treatment with venlafaxine hydrochloride (IR). The peak plasma level of venlafaxine, somewhat over 200 ng/ml, following administration of (IR) is reached in two hours and falls rapidly thereafter.

Table 3 shows venlafaxine blood plasma levels in male human subjects having a zero initial blood plasma level. Again, a peak blood plasma concentration of venlafaxine is seen at about 6 hours after dosing with venlafaxine hydrochloride extended release capsules in the quantities indicated. The subjects receiving the single 50 mg immediate release tablet showed a peak plasma level occurring at about 4 hours. For comparative purposes, the plasma levels of venlafaxine for subjects receiving the conventional formulated tablet can be multiplied by a factor of three to approximate the plasma levels expected for a single dose of 150 mg. conventional formulation.

Table 3.

Plasma Blood Levels in Human Males Having No Prior Venlafaxine Blood Level

| Time (Hours) | 1 x 50 mg IR tablet | 2 x 75 mg ER capsules | 1 x 150 mg ER capsule |
|---|---|---|---|
| 0 | 0 | 0 | 0 |
| 1 | 27.87 | 1.3 | 0 |
| 1.5 | 44.12 | 6.0 | 2.2 |
| 2 | 54.83 | 20.6 | 12.8 |
| 4 | 66.38 | 77.0 | 81.0 |
| 6 | 49.36 | 96.5 | 94.4 |
| 8 | 30.06 | 93.3 | 86.9 |
| 10 | 21.84 | 73.2 | 72.8 |
| 12 | 15.91 | 61.3 | 61.4 |
| 14 | 13.73 | 52.9 | 51.9 |
| 16 | 10.67 | 47.5 | 41.1 |
| 20 | 5.52 | 35.2 | 34.0 |
| 24 | 3.56 | 29.3 | 28.5 |
| 28 | 2.53 | 23.4 | 22.9 |
| 36 | 1.44 | 11.9 | 13.5 |
| 48 | 0.66 | 5.8 | 5.2 |

The blood plasma levels of venlafaxine were measured according to the following procedure. Blood samples from the subjects were collected in heparinized evacuated blood tubes and the tubes were inverted gently several times. As quickly as possible, the tubes were centrifuged at 2500 rpm for 15 minutes. The plasma was pipetted into plastic tubes and stored at -20°C until analysis could be completed.

To 1 mL of each plasma sample in a plastic tube was added 150 µL of a stock internal standard solution (150 µg/ml). Saturated sodium borate (0.2 mL) solution was added to each tube and vortexed. Five mL of ethyl ether was added to each tube which were then capped and shaken for 10 minutes at high speed. The tubes were centrifuged at 3000 rpm for 5 minutes. The aqueous layer was frozen in dry ice and the organic layer transferred to a clean screw cap tube. A 0.3 mL portion of 0.01 N HCl solution was added to each tube and shaken for 10 minutes at high speed. The aqueous layer was frozen and the organic layer removed and discarded. A 50µL portion of the mobile phase (23:77 acetonitrile:0.1M monobasic ammonium phosphate buffer, pH 4.4) was added to each tube, vortexed, and 50 µL samples were injected on a Supelco Supelcoil LC-8-DB, 5 cm x 4.6 mm, 5 µ column in a high pressure liquid chromatography apparatus equipped with a Waters Lambda Max 481 detector or equivalent at 229 nm. Solutions of venlafaxine hydrochloride at various concentrations were used as standards.

Thus, the desired dissolution rate of a sustained release dosage form of venlafaxine hydrochloride, impossible to achieve with hydrogel tablet technology, has been achieved with the film-coated spheroid compositions of this invention.

What is claimed is:

1. An encapsulated, extended release formulation of venlafaxine hydrochloride comprising a hard gelatin capsule containing a therapeutically effective amount of venlafaxine hydrochloride in spheroids comprised of venlafaxine hydrochloride, microcrystalline cellulose and, optionally, hydroxypropylmethylcellulose coated with a mixture of ethyl cellulose and hydroxypropylmethylcellulose.

2. An extended release formulation according to claim 1 wherein the spheroids are comprised of about 30% to 40% venlafaxine hydrochloride by weight, about 50% to about 70% microcrystalline cellulose, NF, by weight, and from about 0.25% to about 1% by weight of hydroxypropylmethylcellulose, USP, and coated with from about 2% to about 12% of total weight of film coating comprised of from about 80% to about 90% by weight of film coating of ethyl cellulose, NF, and from about 10% to about 20% by weight of film coating of hydroxypropylmethylcellulose, USP.

3. An encapsulated, extended release formulation of venlafaxine hydrochloride according to claim 1 having the following dissolution profile in USP Apparatus 1 (basket) at 100 rpm in purified water at 37°C:

| Time (hours) | Average % Venlafaxine HCl released |
|---|---|
| 2 | <30 |
| 4 | 30-55 |
| 8 | 55-80 |
| 12 | 65-90 |
| 24 | >80 |

4. An extended release formulation according to claim 2 wherein the spheroids are composed of about 37% by weight of venlafaxine hydrochloride, about 0.5% by weight of hydroxypropylmethylcellulose 2208, and about 62% by weight of microcrystalline cellulose.

5. A composition according to claim 2 wherein the film coating is comprised of ethyl cellulose (4.81% of total weight) and hydroxypropylmethylcellulose (0.85% of total weight).

6. A composition according to claim 2 wherein the film coating comprises 6- 8% by weight of total weight.

7. A composition according to claim 2 wherein the film coating is comprised of ethyl cellulose (2.48% of total weight) and hydroxypropylmethylcellulose (0.437% of total weight).

8. A composition according to claim 2 wherein film coating composition is comprised of ethyl cellulose having a 44.0-51.0% content of ethoxy groups and hydroxypropylmethylcellulose having a methoxy content of 28.0-30.0% and a hydroxypropoxy group content of 7.0-12.0%.

9. A film coating composition according to claim 7 which is comprised of about 85% by total weight of film coating of ethyl cellulose having a 44.0-51.0% content of ethoxy groups, and about 15% by total weight of film coating of hydroxypropylmethylcellulose having a methoxy content of 28.0-30.0% and a hydroxypropoxy group content of 7.0-12.0%.

10. A film coating composition according to claim 7 which is comprised of 85% by weight of ethyl cellulose type HG 2834 and 15% by weight of hydroxypropylmethylcellulose type 2910.

11. An extended release formulation of venlafaxine hydrochloride for once daily administration which comprises spheroids containing 37.3% venlafaxine, 62.17% microcrystalline cellulose and 0.5% hydroxypropylmethylcellulose type 2208, coated with a quantity of a mixture comprised of 85% ethyl cellulose type HG 2834 and 15% hydroxypropyl-methylcellulose type 2910 sufficient to give coated spheroids having a dissolution profile which gives the desired release rate over a 24 hour period.

12. An extended release formulation of venlafaxine hydrochloride according to claim 7 which provides peak serum levels of up to 150 ng/ml and extended therapeutically effective plasma levels over a twenty four hour period.

13. A method for providing a therapeutic blood plasma concentration of venlafaxine over a twenty four hour period with diminished incidences of nausea and emesis which comprises administering orally to a patient in need thereof, an encapsulated, extended release formulation that provides a peak blood plasma level of venlafaxine in from about four to about eight hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

14. A method for eliminating the troughs and peaks of drug concentration in a patients blood plasma attending the therapeutic metabolism of plural daily doses of venlafaxine hydrochloride which comprises administering orally to a patient in need thereof, an encapsulated, extended release formulation that provides a peak blood plasma level of venlafaxine in from about four to about eight hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

Sub A4

15. An extended release formulation according to claim 1 wherein the spheroids are comprised of about 6% to 40% venlafaxine hydrochloride by weight, about 50% to about 940% microcrystalline cellulose, NF, by weight, and, optionally, from about 0.25% to about 1% by weight of hydroxypropylmethylcellulose, USP, and coated with from about 2% to about 12% of total weight of film coating comprised of from about 80% to about 90% by weight of film coating of ethyl cellulose, NF, and from about 10% to about 20% by weight of film coating of hydroxypropylmethylcellulose, USP.

16. An encapsulated, extended release formulation of venlafaxine hydrochloride according to claim 15 having the following dissolution profile in USP Apparatus 1 (basket) at 100 rpm in purified water at 37°C:

| Time (hours) | Average % Venlafaxine HCl released |
|---|---|
| 2 | <30 |
| 4 | 30-55 |
| 8 | 55-80 |
| 12 | 65-90 |
| 24 | >80 |

A4

17. An extended release formulation according to claim 14 wherein the spheroids are composed of about 8.25% by weight of venlafaxine hydrochloride and about 91.75% by weight of microcrystalline cellulose, with a coating of from 3 to 5 % by weight of the total weight.

18. An extended release formulation according to claim 14 wherein the spheroids are composed of about 16.5% by weight of venlafaxine hydrochloride and about 83.5% by weight of microcrystalline cellulose, with a coating of from 4 to 6 % by weight of the total weight.

Add A5

HP-95011-1-C1

## DECLARATION AND POWER OF ATTORNEY

As a below-named inventor, I hereby declare that:

My residence, post office address and citizenship are as stated below next to my name:

I believe I am the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is sought on the invention entitled EXTENDED RELEASE FORMULATION, the specification of which is attached hereto unless the following box is checked:

☐ was filed on ________ as United States Application Number or PCT Application Number ________ and was amended on ________ (if applicable)

I hereby state that I have reviewed and understand the contents of the above-identified specification, including the claims, as amended by any amendment referred to above.

I acknowledge the duty to disclose information which is material to the examination of this application in accordance with Title 37, Code of Federal Regulations, Section 1.56.

I hereby claim foreign priority benefits under Title 35, United States Code, Section 119(a)-(d) of any foreign application(s) for patent or inventor's certificate listed below and have also identified below any foreign application for patent or inventor's certificate having a filing date before that of the application on which priority is claimed:

| (Number) | (Country) | (Day/Month/Year Filed) | Priority Claimed |
|---|---|---|---|
| NONE | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |

I hereby claim the benefit under Title 35 United States Code, §119(e) of any United States Provisional application(s) listed below.

| (Application Number) | (Filing Date) |
|---|---|
| 60/014,006 | 3/25/96 |
| | |

I hereby claim the benefit under Title 35, United States Code, Section 120 of any United States Application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code, Section 112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, Section 1.56(a) which occurred between the filing date of the prior application and the national or PCT international filing date of this application:

| (Application Serial No.) | (Filing Date) | (Status: patented, pending, abandoned) |
|---|---|---|
| 08/821,137 | 3/20/97 | pending |

AHP-95011-1-C1

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

I hereby appoint the following attorneys to prosecute this application and to transact all business in the Patent and Trademark Office connected therewith:

Egon E. Berg, Reg. No. 21,117; Ronald W. Alice, Reg. No. 27,609; and Thomas J. DesRosier, Reg. No. 30,168, all of One Campus Drive, Parsippany, New Jersey 07054; and Arthur G. Seifert, Reg. No. 28,040; George Tarnowski, Reg. No. 27,472; Rebecca R. Barrett, Reg. No. 35,152; Arnold S. Milowsky, Reg. No. 35,288; Steven R. Eck, Reg. No. 36,126; and Michael R. Nagy, Reg. No. 33,432, all of P.O. Box 8299, Philadelphia, Pennsylvania, 19101; Daniel B. Moran, Reg. No. P-41,204 of 401 N. Middletown Road, Pearl River, New York 19065-1299, and Robert F. Boswell, Jr., Reg. No. 35,072 of 1407 Cummings Drive, Richmond, Virginia 23220.

Address all telephone calls to Robert F. Boswell, Jr., at telephone number (804)257-3613.

Address all correspondence to Ronald W. Alice, American Home Products Corporation, Patent Law Department, One Campus Drive, Parsippany, NJ 07054.

Full name of sole or first inventor Deborah Marie Sherman

Inventor's signature ______________________ ____________ Date

Residence 5 Belmont Avenue, Plattsburgh, New York 12901

Citizenship United States of America

Post Office Address Same as residence

Full name of second joint inventor John Clifton Clark

Inventor's signature ______________________ ____________ Date

Residence 1 Rounds Drive, Peru, New York 12972

Citizenship United States of America

Post Office Address Same as Residence

Full name of third joint inventor John Ulrick Lamar

Inventor's signature ______________________ ____________ Date

Residence 22 Farrar Street, St. Albans, Vermont 05478

Citizenship United States of America

Post Office Address Same as Residence

WYETH 002-000585



UNIT STAT. S DEPARTMENT OF COMMERCE
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING/RECEIPT DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO./TITLE |
|---|---|---|---|
| 08/964,328 | 11/05/97 | SHERMAN | D AHP-95011-1- |

0232/0224

RONALD W ALICE
AMERICAN HOME PRODUCTS CORPORATION
PATENT LAW DEPARTMENT
ONE CAMPUS DRIVE
PARSIPPANY NJ 07054

NOT ASSIGNED

1615

DATE MAILED: 02/24/98

## NOTICE TO FILE MISSING PARTS OF APPLICATION

***Filing Date Granted***

An Application Number and Filing Date have been assigned to this application. However, the items indicated below are missing. The required items and fees identified below must be timely submitted ALONG WITH THE PAYMENT OF A SURCHARGE for items 1 and 3-6 only of $ 130 for a ☑ large entity ☐ small entity in compliance with 37 CFR 1.27. The surcharge is set forth in 37 CFR 1.16(e). Applicant is given TWO MONTHS FROM THE DATE OF THIS NOTICE within which to file all required items and pay any fees required above to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

***If all required items on this form are filed within the period set above, the total amount owed by applicant as a ☑ large entity ☐ small entity (verified statement filed), is $ 130.***

☐ 1. The statutory basic filing fee is:
- ☐ missing.
- ☐ insufficient.

*Applicant must submit $______ to complete the basic filing fee and/or file a verified small entity statement claiming such status (37 CFR 1.27).*

☐ 2. Additional claim fees of $______, including any multiple dependent claim fees, are required.
*Applicant must either submit the additional claim fees or cancel additional claims for which fees are due.*

☐ 3. The oath or declaration:
- ☐ is missing.
- ☐ does not cover the newly submitted items.
- ☐ does not identify the application to which it applies.
- ☐ does not include the city and state or foreign country of applicant's residence.

*An oath or declaration in compliance with 37 CFR 1. 63, including residence information and identifying the application by the above Application Number and Filing Date is required.*

☑ 4. The signature(s) to the oath or declaration is/are:
- ☑ missing.
- ☐ by a person other than inventor or person qualified under 37 CFR 1.42, 1.43, or 1.47.

*A properly signed oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date, is required.*

☐ 5. The signature of the following joint inventor(s) is missing from the oath or declaration:

______

*An oath or declaration listing the names of all inventors and signed by the omitted inventor(s), identifying this application by the above Application Number and Filing Date, is required.*

☐ 6. A $______ processing fee is required since your check was returned without payment (37 CFR 1.21(m)).

☐ 7. Your filing receipt was mailed in error because your check was returned without payment.

☐ 8. The application does not comply with the Sequence Rules.
*See attached "Notice to Comply with Sequence Rules 37 CFR 1.821-1.825."*

☐ 9. OTHER:

Direct the response and any questions about this notice to "Attention: Box Missing Parts."

***A copy of this notice MUST be returned with the response.***

[signature]
Customer Service Center
Initial Patent Examination Division (703) 308-1202

FORM PTO-1533 (REV.7-96)

PART 3 - OFFICE COPY

*U.S. GPO: 1996-404-496/4051

WYETH 002-000586

I HEREBY CERTIF[illegible] [illegible]AT THIS CORRESPONDENCE IS BEING DEPOSITED WITH [illegible] UNITED STATES POSTAL SERVICE AS FIRST CLASS MAIL IN AN ENVELOPE ADDRESSED TO: COMMISSIONER OF PATENTS AND TRADEMARKS, WASHINGTON, DC, 20231, ON THE DATE APPEARING BELOW.

Arthur G. Seifert

DATE March 23, 1998

AHP-95011-1-C1 #3
PATENT

OIPE
MAR 2 6 1998
PATENT & TRADEMARK OFFICE

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

**In re Patent Application of:** Deborah M. Sherman, John C. Clark, John U. Lamer

**Serial No.:** 08/964,328 **Examiner:**

**Filed:** November 5, 1997 **Group No.:**

**For:** Extended Release Formulation

Assistant Commissioner for Patents
Washington, DC 20231

**LETTER TRANSMITTING**
**ORIGINAL DECLARATION UNDER 37 CFR 1.63**
**AND PAYMENT OR SURCHARGE UNDER 37 CFR 1.16**

Sir:

This is in reply to the Notice to File Missing Parts of Application mailed February 24, 1998.

Enclosed herewith is the original executed Declaration and Power of Attorney for the above application.

Please charge the large entity surcharge of $130 to Deposit Account 01-1425 as well as any additional required fee or credit.

Two additional copies of this letter are attached.

Respectfully submitted,

Arthur G. Seifert

Arthur G. Seifert
Attorney for Applicant
Reg. No. 28,040

Dated: March 23, 1998
Telephone: (610) 902-2627

I HEREBY CERTIFY T[illegible] THIS CORRESPONDENCE IS BEING DEPOSITED WITH T[illegible] [illegible]ITED STATES POSTAL SERVICE AS FIRST CLASS MAIL I[illegible] [illegible]N ENVELOPE ADDRESSED TO: COMMISSIONER OF PATENTS AND TRADEMARKS, WASHINGTON, DC, 20231, ON THE DATE APPEARING BELOW.

Arthur G. Seifert

DATE March 23, 1998

#3

AHP-95011-1-C1
PATENT

OIPE
MAR 2 6 1998
PATENT & TRADEMARK OFFICE

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

**In re Patent Application of:** Deborah M. Sherman, John C. Clark, John U. Lamer

**Serial No.:** 08/964,328 **Examiner:**

**Filed:** November 5, 1997 **Group No.:**

**For:** Extended Release Formulation

Assistant Commissioner for Patents
Washington, DC 20231

**LETTER TRANSMITTING**
**ORIGINAL DECLARATION UNDER 37 CFR 1.63**
**AND PAYMENT OR SURCHARGE UNDER 37 CFR 1.16**

Sir:

This is in reply to the Notice to File Missing Parts of Application mailed February 24, 1998.

Enclosed herewith is the original executed Declaration and Power of Attorney for the above application.

Please charge the large entity surcharge of $130 to Deposit Account 01-1425 as well as any additional required fee or credit.

Two additional copies of this letter are attached.

Respectfully submitted,

Arthur G. Seifert

Arthur G. Seifert
Attorney for Applicant
Reg. No. 28,040

Dated: March 23, 1998
Telephone: (610) 902-2627

OIPE
MAR 2 6 1998
PATENT & TRADEMARK OFFICE

#3

AHP-95011-1-C1
PATENT

# DECLARATION AND POWER OF ATTORNEY

As a below-named inventor, I hereby declare that:

My residence, post office address and citizenship are as stated below next to my name:

I believe I am the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is sought on the invention entitled ______________________________

______________________________, the specification of which

(check one) ________ is attached hereto.

X was filed on November 5, 1997 as Application Serial No. 08/964,328 and was amended on ______________. (if applicable)

I hereby state that I have reviewed and understand the contents of the above-identified specification, including the claims, as amended by any amendment referred to above.

I acknowledge the duty to disclose information which is material to the patentability of this application in accordance with Title 37, Code of Federal Regulations, Section 1.56.

I hereby claim foreign priority benefits under Title 35, United States Code, Section 119 of any foreign application(s) for patent or inventor's certificate listed below and have also identified below any foreign application for patent or inventor's certificate having a filing date before that of the application on which priority is claimed:

| (Number) | (Country) | (Day/Month/Year Filed) | Priority Claimed Yes | No |
|---|---|---|---|---|
| NONE | | | | |

I hereby claim the benefit under Title 35, United States Code, Section 119(e) of any United States Provisional Application(s) for Patent listed below:

| (Provisional Appln. No.) | (Filing Date) |
|---|---|
| 60/014,006 | 3/25/96 |
| | |

I hereby claim the benefit under Title 35, United States Code, Section 120 of any United States Application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code, Section 112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, Section 1.56(a) which occurred between the filing date of the prior application and the national or PCT international filing date of this application:

| (Application Serial No.) | (Filing Date) | (Status - Patented, pending, abandoned) |
|---|---|---|
| 08/821,137 | 3/20/97 | Abandoned |
| | | |

WYETH 002-000589

AHP-95011-1-C1
PATENT

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

I hereby appoint the following attorneys to prosecute this application and to transact all business in the Patent and Trademark Office connected therewith:

Egon E. Berg, Reg. No. 21,117; Ronald W. Alice, Reg. No. 27,609; Thomas J. DesRosier, Reg. No. 30,168; all of One Campus Drive, Parsippany, New Jersey, 07054; and Rebecca R. Barrett, Reg. No. 35,152; Steven R. Eck, Reg. No. 36,126; Arnold S. Milowsky, Reg. No. 35,288; Michael R. Nagy, Reg. No. 33,432; Arthur G. Seifert, Reg. No. 28,040; George Tarnowski, Reg. No. 27,472; all of P.O. Box 8299, Philadelphia, Pennsylvania, 19101; Robert F. Boswell, Jr., Reg. No. 35,072, of P. O. Box 26609, Richmond, Virginia, 23261-6609; and Daniel B. Moran, Reg. No. 41,204 of 401 N. Middletown Road, Pearl River, New York, 10965.

Address all telephone calls to Arthur G. Seifert at telephone number (610) 902-2627.

Address all correspondence to Ronald W. Alice, American Home Products Corporation, Patent Law Department - 2B, One Campus Drive, Parsippany, New Jersey, 07054.

Full name of sole or first inventor Deborah Marie Sherman

Inventor's signature Deborah Marie Sherman 13 Mar 98
Date

Residence 5 Belmont Avenue, Plattsburgh, New York 12901

Citizenship United States of America

Post Office Address Same as residence

Full name of second joint inventor, if any John Clifton Clark

Inventor's signature John Clifton Clark 16 Mar 98
Date

Residence 1 Rounds Drive, Peru, New York 12972

Citizenship United States of America

Post Office Address Same as Residence

Full name of third joint inventor, if any John Ulrick Lamer

Inventor's signature [signature] 16 Mar 98
Date

Residence 22 Farrar Street, St. Albans, Vermont 05478

Citizenship United States of America

Post Office Address Same as Residence

OIPE MAR 2 6 1998 PATENT & TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING/RECEIPT DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO./TITLE |
|---|---|---|---|
| 08/964,328 | 11/05/97 | SHERMAN | D AHP-95011-1- |

0232/0224

RONALD W ALICE
AMERICAN HOME PRODUCTS CORPORATION
PATENT LAW DEPARTMENT
ONE CAMPUS DRIVE
PARSIPPANY NJ 07054

NOT ASSIGNED

1615

DATE MAILED: 02/24/98

## NOTICE TO FILE MISSING PARTS OF APPLICATION

***Filing Date Granted***

An Application Number and Filing Date have been assigned to this application. However, the items indicated below are missing. The required items and fees identified below must be timely submitted ALONG WITH THE PAYMENT OF A SURCHARGE for items 1 and 3-6 only of $ 130 for a ☒ large entity ☐ small entity in compliance with 37 CFR 1.27. The surcharge is set forth in 37 CFR 1.16(e). Applicant is given TWO MONTHS FROM THE DATE OF THIS NOTICE within which to file all required items and pay any fees required above to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

***If all required items on this form are filed within the period set above, the total amount owed by applicant as a ☒ large entity ☐ small entity (verified statement filed), is $ 130.***

☐ 1. The statutory basic filing fee is:
- ☐ missing.
- ☐ insufficient.

*Applicant must submit $________ to complete the basic filing fee and/or file a verified small entity statement claiming such status (37 CFR 1.27).*

☐ 2. Additional claim fees of $________, including any multiple dependent claim fees, are required. *Applicant must either submit the additional claim fees or cancel additional claims for which fees are due.*

☐ 3. The oath or declaration:
- ☐ is missing.
- ☐ does not cover the newly submitted items.
- ☐ does not identify the application to which it applies.
- ☐ does not include the city and state or foreign country of applicant's residence.

*An oath or declaration in compliance with 37 CFR 1. 63, including residence information and identifying the application by the above Application Number and Filing Date is required.*

☒ 4. The signature(s) to the oath or declaration is/are:
- ☒ missing.
- ☐ by a person other than inventor or person qualified under 37 CFR 1.42, 1.43, or 1.47.

*A properly signed oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date, is required.*

☐ 5. The signature of the following joint inventor(s) is missing from the oath or declaration:

*An oath or declaration listing the names of all inventors and signed by the omitted inventor(s), identifying this application by the above Application Number and Filing Date, is required.*

☐ 6. A $________ processing fee is required since your check was returned without payment (37 CFR 1.21(m)).

☐ 7. Your filing receipt was mailed in error because your check was returned without payment.

☐ 8. The application does not comply with the Sequence Rules.
*See attached "Notice to Comply with Sequence Rules 37 CFR 1.821-1.825."*

☐ 9. OTHER:

Direct the response and any questions about this notice to "Attention: Box Missing Parts."

***A copy of this notice MUST be returned with the response.***

Customer Service Center
Initial Patent Examination Division (703) 308-1202

03/30/1998 NVILLAR1 00000027 DAN:01140 08964328
01 FC:105 130.00 CH



O2CO

AHP-95011-1-C1
PATENT

#4
2/13/98

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of: SHERMAN

Application No.: 08/964,328 Group Art Unit:

Filed: NOVEMBER 5, 1997 Examiner:

For: EXTENDED RELEASE FORMULATION

Assistant Commissioner for Patents
Washington, DC 20231

**TRANSMITTAL OF INFORMATION DISCLOSURE STATEMENT WITHIN THREE MONTHS OF FILING OR BEFORE MAILING OF FIRST OFFICE ACTION**

I hereby certify that this correspondence is being deposited with the United States Postal Service as First Class Mail in an envelope addressed to: Assistant Commissioner for Patents, Washington, DC 20231, on the date appearing below.

Robert F. Boswell Jr.

Robert F. Boswell, Jr.
(Typed or printed name of person mailing paper)

DATE Feb. 9, 1998

Respectfully submitted,

Robert F. Boswell Jr.

Robert F. Boswell, Jr.
Registration No. 35,072

Dated: Feb. 9, 1998
Telephone: (804)257-3613



AHP-95011-1-C1

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of :SHERMAN

Application No.: 08/964,328 Group Art Unit:

Filed: NOVEMBER 5, 1997 Examiner:

For: EXTENDED RELEASE FORMULATION

**INFORMATION DISCLOSURE STATEMENT UNDER RULE 97**

Assistant Commissioner for Patents
Washington, DC 20231

Sir:

Applicants submit herewith patents, publications or other information of which they are aware, which they believe to be material to the examination of this application and in respect of which there may be a duty to disclose in accordance with 37 CFR 1.56. The filing of this information disclosure statement shall not be construed as a representation that a search has been made (37 CFR 1.56(g)), an admission that the information cited is, or is considered to be, material to patentability or that no other material information exists.

The filing of this information disclosure statement shall not be construed as an admission against interest in any manner. Notice of January 9, 1992, 1135 O.G. 13-25, at 25.

The references submitted are listed on the accompanying Form PTO-1449.

Copies of the listed patents, publications or abstracts thereof are enclosed herewith.

Respectfully submitted,

Robert F. Boswell, Jr.
Registration No. 35,072

Dated: February 9, 1998
Telephone: (804)257-3613

OIPE FEB 13 1998 PATENT & TRADEMARK OFFICE

File copy

Sheet 1 of 1

| FORM PTO-1449 (REV. 2-32) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | ATTY. DOCKET NO. AHP-95011-1-C1 | APPLICATION NO. 08/964,328 |
|---|---|---|---|
| | INFORMATION DISCLOSURE STATEMENT BY APPLICANT | APPLICANT Sherman | |
| | (Use several sheets if necessary) | FILING DATE November 5, 1997 | GROUP Au 1615 |

## U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| JS | | 3954959 | 8/27/75 | Pedersen | 424 | 21 | |
| JS | | 4369172 | 1/18/83 | Schor | 424 | 19 | |
| JS | | 4138475 | 2/6/79 | McAinsh | 424 | 19 | |
| JS | | 4389393 | 6/21/83 | Schor | 424 | 19 | |
| JS | | 4966768 | 10/30/90 | Michelucci | 424 | 468 | |
| JS | | 5506270 | 4/9/96 | Upton | 514 | 730 | |
| JS | | 4535186 | 8/13/86 | Husbands | 564 | 336 | |

## FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | TRANSLATION NO |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

## OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

| EXAMINER JAMES M. SPEAR | DATE CONSIDERED 9-27-98 |
|---|---|

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

I HEREBY CERTIFY THAT THIS CORRESPONDENCE IS BEING DEPOSITED WITH THE UNITED STATES POSTAL SERVICE AS FIRST CLASS MAIL IN AN ENVELOPE ADDRESSED TO: COMMISSIONER OF PATENTS AND TRADEMARKS, WASHINGTON, DC 20231, ON THE DATE APPEARING BELOW.

Arthur G. Seifert

DATE March 11, 1998

AHP-95011-1-C1
PATENT #5

OIPE MAR 13 1998 JC39 PATENT & TRADEMARK OFFICE

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of: Deborah M. Sherman, John C. Clark, John U. Lamer

Serial No.: 08/964,328 Group No.:

Filed: November 5, 1997 Examiner:

For: Extended Release Formulation

Assistant Commissioner for Patents
Washington, D.C. 20231

REQUEST FOR CORRECTED FILING RECEIPT

1. Attached is a copy of the official filing receipt received from the PTO in the above application for which issuance of a corrected filing receipt is respectfully requested.

2. There is an error in that the following data is:

☒ incorrectly entered
*and/or*
☐ omitted

RECEIVED JUN 4 1998

☒ Applicant's name
☐ Applicant's address
☐ Title
☐ Filing Date
☐ Serial Number
☐ Foreign/PCT Application Reference
☐ Other

in that the filing receipt should read as follows:

Third Applicant's name should read: John Ulrick Lamer

3. A. ☐ The correction is not due to any error by applicant and no fee is due.

**OR**

B. ☒ The correction is due to applicant's error and the fee therefor under 37 CFR 1.19(i) of $25.00 is paid as follows:

☒ charge Account 01-1425 $25.00.

Dated: March 11, 1998
Telephone: (610) 971-2627

Arthur G. Seifert
Arthur G. Seifert
Reg. No. 28,040

WYETH 002-000642

I HEREBY CERTIFY THAT THIS CORRESPONDENCE IS BEING DEPOSITED WITH THE UNITED STATES POSTAL SERVICE AS FIRST CLASS MAIL IN AN ENVELOPE ADDRESSED TO: COMMISSIONER OF PATENTS AND TRADEMARKS, WASHINGTON, DC, 20231, ON THE DATE APPEARING BELOW.

Arthur G. Seifert

DATE March 11, 1998

Receipt #5

AHP-95011-1-C1
PATENT

OIPE
MAR 1 3 1998
JC36
PATENT & TRADEMARK OFFICE

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of: Deborah M. Sherman, John C. Clark, John U. Lamer

Serial No.: 08/964,328 Group No.: 1615

Filed: November 5, 1997 Examiner: Spear

For: Extended Release Formulation

Assistant Commissioner for Patents
Washington, D.C. 20231

REQUEST FOR CORRECTED FILING RECEIPT

1. Attached is a copy of the official filing receipt received from the PTO in the above application for which issuance of a corrected filing receipt is respectfully requested.

2. There is an error in that the following data is:

RECEIVED
JUN 4 1998

☒ incorrectly entered
*and/or*
☐ omitted

☒ Applicant's name
☐ Applicant's address
☐ Title
☐ Filing Date
☐ Serial Number
☐ Foreign/PCT Application Reference
☐ Other

in that the filing receipt should read as follows:

Third Applicant's name should read: John Ulrick Lamer

3. A. ☐ The correction is not due to any error by applicant and no fee is due.

OR

B. ☒ The correction is due to applicant's error and the fee therefor under 37 CFR 1.19(i) of $25.00 is paid as follows:

☒ charge Account 01-1425 $25.00.

Dated: March 11, 1998
Telephone: (610) 971-2627

Arthur G. Seifert
Reg. No. 28,040

PTO-103X (Rev. 8-95)

FILING RECEIPT

UNITED STATE EPARTMENT OF COMMERCE
Patent and Trade :k Office
ASSISTANT SECRE ARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING DATE | GRP ART UNIT | FIL FEE REC'D | ATTORNEY DOCKET NO. | DRWGS | TOT CL | IND CL |
|---|---|---|---|---|---|---|---|
| 08/964,328 | 11/05/97 | 1615 | $872.00 | AHP-95011-1- | 0 | 18 | 4 |

RONALD W ALICE
AMERICAN HOME PRODUCTS CORPORATION
PATENT LAW DEPARTMENT
ONE CAMPUS DRIVE
PARSIPPANY NJ 07054

Receipt is acknowledged of this nonprovisional Patent Application. It will be considered in its order and you will be notified as to the results of the examination. Be sure to provide the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION when inquiring about this application. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. If an error is noted on this Filing Receipt, please write to the Application Processing Division's Customer Correction Branch within 10 days of receipt. Please provide a copy of the Filing Receipt with the changes noted thereon.

Applicant(s)

DEBORAH MARIE SHERMAN, PLATTSBURGH, NY; JOHN CLIFTON CLARK, PERU, NY; JOHN ULRICK LAMAR, ST. ALBANS, VT.

CONTINUING DATA AS CLAIMED BY APPLICANT-
THIS APPLN IS A CIP OF 08/821,137 03/20/97 ABN
PROVISIONAL APPLICATION NO. 60/014,006 03/25/96

FOREIGN FILING LICENSE GRANTED 02/20/98
TITLE
EXTENDED RELEASE FORMULATION

PRELIMINARY CLASS: 424

AM. HOME PROD. CORP.
MAR 4 1998
PATENT DEPT., RADNOR

WYETH 002-000644

(see reverse)

I HEREBY CERTIFY THAT CORRESPONDENCE IS BEING DEPOSITED WITH THE UNITED STATES POSTAL SERVICE AS FIRST CLASS MAIL IN AN ENVELOPE ADDRESSED TO: ASSISTANT COMMISSIONER FOR PATENTS, WASHINGTON, DC, 20231, ON THE DATE APPEARING BELOW.

Mary Ellen Fiala

DATE August 13, 1998

AHP-95011-1-C1
PATENT

#6

OIPE AUG 1 7 1998 PATENT & TRADEMARK OFFICE

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

**In re Patent Application of:** Deborah M. Sherman, John C. Clark, John U. Lamer

**Serial No.:** 08/964,328 **Examiner:**

**Filed:** November 5, 1997 **Group:** 1615

**For:** Extended Release Formulation

Assistant Commissioner of Patents
Washington, D.C. 20231

**SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT UNDER 37 CFR 1.97 (c) WITH FEE UNDER 37 CFR 1.17(p)**

Sir:

1. The information disclosure statement transmitted herewith is being filed after three months of the filing date of this national application or the date of entry of the national stage as set forth in §1.491 in an international application or after the mailing date of the first Office action on the merits, whichever event occurred last but before the mailing date of either:

(1) a final action under §1.113 or

(2) a notice of allowance under §1.311,

whichever occurs first.

2. Please charge the fee under 37 CFR 1.17(p) in the amount of $240.00 to American Home Products Corporation Deposit Account No. 01-1425. Two additional copies of this sheet are enclosed.

The Commissioner is hereby authorized to charge any fees under 37 CFR 1.16 and 1.17 which may be required during the entire pendency of this application to American Home Products Corporation Deposit Account No. 01-1425.

08/19/1998 SLEWIS 00000030 011425 08964328
01 FC:126 240.00 CH

With respect to the subject matter of the above-identified application, applicants have become are aware of the following references which may be material to the examination of the invention claimed:

AHP-95011-1-C1
PATENT

EP 0 654 264 A1

EP 0 667 150 A1

WO 94/277589

Copies of the above-cited references are enclosed herewith.

Respectfully submitted,

Arthur G. Seifert
Reg. No. 28,040

Dated: August 13, 1998
Telephone: (610) 902-2627

... CERTIFY THAT THIS CORRESPONDENCE IS BEING DEPOSITED WITH THE UN[ITED S]TATES POSTAL SERVICE AS FIRST CLASS MAIL IN AN E[NVE]LOPE ADDRESSED TO: ASSISTANT COMMISSIONER FOR PATENTS, WASHINGTON, DC 20231, ON THE DATE APPEARING BELOW.

Mary Ellen Fiala

DATE August 13, 1998

...HP-95011-1-C1
PATENT

GAU 1615
#6

OIPE
AUG 17 1998
JCS
PATENT & TRADEMARK OFFICE

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

**In re Patent Application of:** Deborah M. Sherman, John C. Clark, John U. Lamer

**Serial No.:** 08/964,328 **Examiner:**

**Filed:** November 5, 1997 **Group:** 1615

**For:** Extended Release Formulation

RECEIVED
AUG 20 PAID
GROUP 1800

Assistant Commissioner of Patents
Washington, D.C. 20231

**SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT UNDER 37 CFR 1.97 (c) WITH FEE UNDER 37 CFR 1.17(p)**

Sir:

1. The information disclosure statement transmitted herewith is being filed after three months of the filing date of this national application or the date of entry of the national stage as set forth in §1.491 in an international application or after the mailing date of the first Office action on the merits, whichever event occurred last but before the mailing date of either:

(1) a final action under §1.113 or

(2) a notice of allowance under §1.311,

whichever occurs first.

2. Please charge the fee under 37 CFR 1.17(p) in the amount of $240.00 to American Home Products Corporation Deposit Account No. 01-1425. Two additional copies of this sheet are enclosed.

The Commissioner is hereby authorized to charge any fees under 37 CFR 1.16 and 1.17 which may be required during the entire pendency of this application to American Home Products Corporation Deposit Account No. 01-1425.

With respect to the subject matter of the above-identified application, applicants have become are aware of the following references which may be material to the examination of the invention claimed:

AHP-95011-1-C1
PATENT

EP 0 654 264 A1

EP 0 667 150 A1

WO 94/277589

Copies of the above-cited references are enclosed herewith.

Respectfully submitted,

*[signature]*
Arthur G. Seifert
Reg. No. 28,040

Dated: August 13, 1998
Telephone: (610) 902-2627

Sheet 1 of 1

File Copy

| FORM PTO-1449 (REV. 2-32) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | ATTY. DOCKET NO. AHP-95011-1-C1 | SERIAL NO. 08,964,328 |
|---|---|---|---|
| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | APPLICANT Deborah Sherman et al. | |
| (Use several sheets if necessary) | | FILING DATE November 5, 1998 | GROUP AU 1615 1615 |

OIPE AUG 17 1998 JCS PATENT & TRADEMARK OFFICE

## U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | | ~~6 5 4 2 6 4~~ | ~~11/94~~ | ~~EP~~ | | | |
| | | ~~6 6 7 1 5 0~~ | ~~1/95~~ | ~~EP~~ | | | |
| | ~~WO~~ | ~~9 4 2 7 5 8 9~~ | ~~12/94~~ | ~~WIPO~~ | | | |

## FOREIGN PATENT DOCUMENTS

| EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | TRANSLATION NO |
|---|---|---|---|---|---|---|---|---|
| JS | | 6 5 4 2 6 4 | 11/94 | EPA | — | — | | |
| JS | | 6 6 7 1 5 0 | 1/95 | EPA | — | — | | |
| JS | WO | 9 4 2 7 5 8 9 | 12/94 | WIPO | — | — | | |

## OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

| EXAMINER JAMES M. SPEAR | DATE CONSIDERED 09-27-98 |
|---|---|

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/964,328 | 11/05/97 | SHERMAN | D | AHP-95011-1- |

HM42/1014

RONALD W ALICE
AMERICAN HOME PRODUCTS CORPORATION
PATENT LAW DEPARTMENT
ONE CAMPUS DRIVE
PARSIPPANY NJ 07054

| EXAMINER | |
|---|---|
| SPEAR, J | |
| ART UNIT | PAPER NUMBER |
| 1615 | #7 |

DATE MAILED: 10/14/98

**Please find below and/or attached an Office communication concerning this application or proceeding.**

**Commissioner of Patents and Trademarks**

WYETH 002-000715

PTO-90C (Rev. 2/95)
*U.S. GPO: 1997-417-381/62715

2 - Mail Copy

| **Office Action Summary** | Application No. 08/964,328 | Applicant(s) SHERMAN, ET AL. | |
|---|---|---|---|
| | Examiner JAMES M. SPEAR | | Group Art Unit 1615 |

☒ Responsive to communication(s) filed on *Nov 5, 1997*.

☐ This action is **FINAL**.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire *THREE* month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) *1-18* is/are pending in the application.

Of the above, claim(s) ______ is/are withdrawn from consideration.

☒ Claim(s) *11, 13, and 14* is/are allowed.

☒ Claim(s) *1, 15, 17, and 18* is/are rejected.

☒ Claim(s) *2-10, 12, and 16* is/are objected to.

☐ Claims ______ *are subject to restriction or election requirement.*

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on ______ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on ______ is ☐approved ☐disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

☐ received.

☐ received in Application No. (Series Code/Serial Number) ______.

☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

*Certified copies not received: ______.

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☒ Notice of References Cited, PTO-892

☒ Information Disclosure Statement(s), PTO-1449, Paper No(s). *6*

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

*— SEE OFFICE ACTION ON THE FOLLOWING PAGES —*

The following is a quotation of the first paragraph of 35 U.S.C. 112:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same and shall set forth the best mode contemplated by the inventor of carrying out his invention.

Claim 15 is rejected under 35 U.S.C. 112, first paragraph, because the specification, while being enabling for 50 to about 70 percent micro-crystalline cellulose, does not reasonably provide enablement for 940 percent microcrystalline cellulose. The specification does not enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the invention commensurate in scope with these claims. This claim appears to be a typographical error, see page 6, line 14.

The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

Claims 17 and 18 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

Claims 17 and 18 recite the limitation "the spheroids" in line 1. There is insufficient antecedent basis for this limitation in the claim.

Claims 17 and 18 are objected to under 37 CFR 1.75(c), as being of improper dependent form for failing to further limit the subject matter of a previous claim. Applicant is required to cancel the claim(s), or amend the claim(s) to place the claim(s) in proper dependent form, or rewrite the claim(s) in independent form. The formulation of claims 17 and 18 improperly depends on claim 14 a method since claim 14 does not recite any limitations describing the formulation.

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

Claim 1 is rejected under 35 U.S.C. 103(a) as being unpatentable over McAinsh et al. US 4,138,475 in view of Wong et al. US 5,552,429.

McAinsh et al. shows a hard gelatin capsule comprised spheroids coated with a mixture of ethyl-cellulose and hydroxypropylmethyl-cellulose. The active

agent propranolol is blended with micro-crystalline cellulose. See Abstract, example and claim 1. The reference does not show venlafaxine. Wong et al. is relied on for teaching extended release dosage forms comprised of the same ingredients as McAinsh et al. including the drugs venlafaxine and propranolol. See column 4, lines 7-10, column 6, lines 54-55, column 7, lines 18-22, formulation 5. To use the venlafaxine of Wong et al. in the McAinsh et al. capsule with a reasonable expectation of success would have been obvious to one of ordinary skill in the art. The motivation being a desire to obtain optimum drug efficacy over a prolonged period of time while improving patient compliance by reducing the number of dosages required.

Claims 2-10, 12 and 16 are objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

Claims 11, 13 and 14 are allowed.

Claims 1, 15, 17 and 18 are rejected.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Examiner James M. Spear whose telephone

number is (703) 308-2457. The examiner can normally be reached on Monday through Friday from 6:30 AM to 12:30 PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Thurman K. Page, can be reached on (703) 308-2927. The fax phone number for the organization where this application or proceeding is assigned is (703) 305-3592 or (703) 308-4556.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist whose telephone number is (703) 308-1235.

SPEAR; aco

October 5, 1998

James M. Spear
PATENT EXAMINER
ART UNIT 1615

| *Notice of References Cited* | Application No. 08/964,328 | Applicant(s) SHERMAN, ET AL. | |
|---|---|---|---|
| | Examiner JAMES M. SPEAR | Group Art Unit 1615 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|
| A | 5,552,429 | 09/03/96 | WONG, ET AL. | 514 | 415 |
| B | | | | | |
| C | | | | | |
| D | | | | | |
| E | | | | | |
| F | | | | | |
| G | | | | | |
| H | | | | | |
| I | | | | | |
| J | | | | | |
| K | | | | | |
| L | | | | | |
| M | | | | | |

**FOREIGN PATENT DOCUMENTS**

| | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| N | | | | | | |
| O | | | | | | |
| P | | | | | | |
| Q | | | | | | |
| R | | | | | | |
| S | | | | | | |
| T | | | | | | |

**NON-PATENT DOCUMENTS**

| | DOCUMENT (Including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|
| U | | |
| V | | |
| W | | |
| X | | |

I HEREBY CERTIFY THAT THIS CORRESPO[illegible]NCE IS BEING DEPOSITED WITH THE UNITED STATES POSTAL SERVICE AS FIRST CLASS MAIL IN AN ENVELOPE ADDRESSED TO: ASSISTANT COMMISSIONER FOR PATENTS, WASHINGTON, D.C. 20231

Arthur G. Seifert

DATE April 13, 1999

U.S. DEPA[illegible]MENT OF COMMERCE
Patent and Trademark Office

Address Only: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

Docket No. AHP-95011-1-C1

In re Patent Application of Deborah M. Sherman, John C. Clark, John U. Lamar

Serial No. 08/964,328 Examiner Spear, J.

Filed November 5, 1997 Group 1615

For Extended Release Formulation

ASSISTANT COMMISSIONER FOR PATENTS
Washington, D.C. 20231

Sir:

Transmitted herewith is an amendment in the above-identified application.

☐ No additional fee is required.

The fee has been calculated as shown below.

| CLAIMS AS AMENDED | | | | | | | |
|---|---|---|---|---|---|---|---|
| (1) | (2) CLAIMS REMAINING AFTER AMENDMENT | (3) | (4) HIGHEST NO. PREVIOUSLY PAID FOR | (5) PRESENT EXTRA | (6) RATE | (7) ADDITIONAL FEE |
| TOTAL CLAIMS | * 25 | MINUS | ** 20 | 5 | x $18. | 90.00 |
| INDEP. CLAIMS | * 6 | MINUS | *** 5 | 1 | x $78. | 78.00 |
| MULTIPLE DEPENDENT CLAIMS | 0 | | 0 | 0 | $260. | 168.00 |
| | | | TOTAL ADDITIONAL FEE FOR THIS AMENDMENT ——→ | | | |

* If the entry in Column 2 is less than the entry in Column 4, write "0" in Column 5.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, write "20" in this space.
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, write "3" in this space.

☐ Fee for Terminal Disclaimer under 37CFR 1.20 (d) ($110.00) is also transmitted herewith.

☒ Fee of $ 870.00 pursuant to 37 CFR 1.17(a) for extension of time under 37 CFR 1.136(a) is also transmitted herewith. (3 mos. extension)

☒ Charge $ 1,038.00 to American Home Products Corporation Deposit Account No. 01-1425. Two additional copies of this sheet are enclosed.

☒ The Commissioner is hereby authorized to charge any fees under 37 CFR 1.16 and 1.17 which may be required by this paper to American Home Products Corporation Deposit Account No. 01-1425. Two additional copies of this sheet are enclosed.

Arthur G. Seifert
Arthur G. Seifert
Reg. No. 28,040

WYETH 002-000732

I HEREBY CERTIFY THAT THIS CORRESPOND... E IS BEING DEPOSITED WITH THE UNITED STATES POSTAL SERVICE AS FIRST CLASS MAIL IN AN ENVELOPE ADDRESSED TO: ASSISTANT COMMISSIONER FOR PATENTS, WASHINGTON, D.C. 20231

Arthur G. Seifert

DATE: April 13, 1999

GAU 1615

U.S. DEPARTMENT OF COMMERCE
Patent and Trademark Office

Address Only: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

#8

Docket No. AHP-95011-1-C1

In re Patent Application of Deborah M. Sherman, John C. Clark, John U. Lamar

Serial No. 08/964,328 Examiner Spear, J.

Filed November 5, 1997 Group 1615

For Extended Release Formulation

ASSISTANT COMMISSIONER FOR PATENTS
Washington, D.C. 20231

APR 2 1 1999
GROUP 18

Sir:

Transmitted herewith is an amendment in the above-identified application.

☐ No additional fee is required.

The fee has been calculated as shown below.

| CLAIMS AS AMENDED | | | | | | | |
|---|---|---|---|---|---|---|---|
| | (1) | (2) CLAIMS REMAINING AFTER AMENDMENT | (3) | (4) HIGHEST NO. PREVIOUSLY PAID FOR | (5) PRESENT EXTRA | (6) RATE | (7) ADDITIONAL FEE |
| | TOTAL CLAIMS | * 25 | MINUS | ** 20 | 5 | x $18. | 90.00 |
| | INDEP. CLAIMS | * 6 | MINUS | *** 5 | 1 | x $78. | 78.00 |
| | MULTIPLE DEPENDENT CLAIMS | 0 | | 0 | 0 | $260. | 168.00 |
| | | | | TOTAL ADDITIONAL FEE FOR THIS AMENDMENT → | | | |

* If the entry in Column 2 is less than the entry in Column 4, write "0" in Column 5.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, write "20" in this space.
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, write "3" in this space.

☐ Fee for Terminal Disclaimer under 37CFR 1.20 (d) ($110.00) is also transmitted herewith.

☒ Fee of $ 870.00 pursuant to 37 CFR 1.17(a) for extension of time under 37 CFR 1.136(a) is also transmitted herewith. (3 mos. extension)

☒ Charge $ 1,038.00 to American Home Products Corporation Deposit Account No. 01-1425. Two additional copies of this sheet are enclosed.

☒ The Commissioner is hereby authorized to charge any fees under 37 CFR 1.16 and 1.17 which may be required by this paper to American Home Products Corporation Deposit Account No. 01-1425. Two additional copies of this sheet are enclosed.

Arthur G. Seifert
Arthur G. Seifert
Reg. No. 28,040



I HEREBY CERTIFY THAT THIS CORRESPONDENCE IS BEING DEPOSITED WITH THE UNITED STATES POSTAL SERVICE AS FIRST CLASS MAIL IN AN ENVELOPE ADDRESSED TO: COMMISSIONER OF PATENTS AND TRADEMARKS, WASHINGTON, DC, 20231, ON THE DATE APPEARING BELOW.

Walter G. Seegell

DATE April 13, 1999

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

**In re Patent Application of:** Deborah M. Sherman, John C. Clark, John U. Lamar

**Serial No.:** 08/964,328 **Examiner:** Spear, J.

**Filed:** November 5, 1997 **Group:** 1615

**For:** Extended Release Formulations

Assistant Commissioner for Patents
Washington, D.C. 20231

**REPLY UNDER RULE 111 WITH AMENDMENT UNDER RULE 115**

Sir:

Pending claims 1-18 were examined in the Office Action dated October 14, 1999. Claims 11, 13 and 14 are allowed. Claims 1 is rejected under 35 USC 103 as being obvious. Dependent claims 2 -10, 12 and 16 are objected to as being based upon the rejected claim 1. Claim 15 is rejected under 35 USC 112, paragraph two, with respect to the typographical error "940%". Claims 17 and 18 are objected to as being improperly dependent upon claim 14.

Entry of the following amendments is respectfully requested.

**In the Title**

Amend the title to read as follows:

"Venlafaxine Extended Release Formulations"

**In the Claims**

Cancel claim 1.

Amend claims 2, 3, 5-8, and 15-18 as follows:

04/20/1999 SWEBIA 00000076 011485 08964328
01 FC:102 78.00 CH
02 FC:103 90.00 CH
03 FC:117 870.00 CH

--2. (Amended) An extended release formulation [according to claim 1] of venlafaxine hydrochloride spheroids in a capsule wherein the spheroids are comprised of about 30% to 40% venlafaxine hydrochloride by weight, about 50% to about 70% microcrystalline cellulose, NF, by weight, and from about 0.25% to about 1% by weight of hydroxypropylmethylcellulose, USP, and coated with from about 2% to about 12% of total weight of film coating comprised of from about 80% to about 90% by weight of film coating of ethyl cellulose, NF, and from about 10% to about 20% by weight of film coating of hydroxypropylmethylcellulose, USP.

3. (Amended) An [encapsulated,] extended release formulation of venlafaxine hydrochloride according to claim [1] 2 having the following dissolution profile in USP Apparatus 1 (basket) at 100 rpm in purified water at 37°C:

| Time (hours) | Average % Venlafaxine HCl released |
|---|---|
| 2 | <30 |
| 4 | 30-55 |
| 8 | 55-80 |
| 12 | 65-90 |
| 24 | >80. -- |

5. (Amended) [A composition] An extended release formulation according to claim 2 wherein the film coating is comprised of ethyl cellulose (4.81% of total weight) and hydroxypropylmethylcellulose (0.85% of total weight).

6. (Amended) [A composition] An extended release formulation according to claim 2 wherein the film coating comprises 6- 8% by weight of total weight.

7. (Amended) [A composition] An extended release formulation according to claim 2 wherein the film coating is comprised of ethyl cellulose (2.48% of total weight) and hydroxypropylmethylcellulose (0.437% of total weight).

8. (Amended) [A composition] An extended release formulation according to claim 2 wherein film coating composition is comprised of ethyl cellulose having a 44.0-51.0% content of ethoxy groups and hydroxypropylmethylcellulose having a methoxy content of 28.0-30.0% and a hydroxypropoxy group content of 7.0-12.0%.

11. (Amended) An extended release formulation of venlafaxine hydrochloride for once daily administration which comprises spheroids containing 37.3% venlafaxine, 62.17% microcrystalline cellulose and 0.5% hydroxypropylmethylcellulose type 2208, coated with a quantity of a mixture comprised of 85% ethyl cellulose type HG 2834 and 15% hydroxypropyl-methylcellulose type 2910 sufficient to give coated spheroids having [a dissolution profile which gives the desired release rate over a 24 hour period] the following dissolution profile in USP Apparatus 1 (basket) at 100 rpm in purified water at 37°C:

| Time (hours) | Average % Venlafaxine HCl released |
|---|---|
| 2 | <30 |
| 4 | 30-55 |
| 8 | 55-80 |
| 12 | 65-90 |
| 24 | >80. |

A3

15. (Amended) An extended release formulation [according to claim 1] of venlafaxine hydrochloride spheroids in a capsule wherein the spheroids are comprised of about 6% to 40% venlafaxine hydrochloride by weight, about 50% to about [940%] 94% microcrystalline cellulose, NF, by weight, and, optionally, from about 0.25% to about 1% by weight of hydroxypropylmethylcellulose, USP, and coated with from about 2% to about 12% of total weight of film coating comprised of from about 80% to about 90% by weight of film coating of ethyl cellulose, NF, and from about 10% to about 20% by weight of film coating of hydroxypropylmethylcellulose, USP.

A4

16. (Amended) An [encapsulated,] extended release formulation of venlafaxine hydrochloride according to claim 15 having the following dissolution profile in USP Apparatus 1 (basket) at 100 rpm in purified water at 37°C:

| Time (hours) | Average % Venlafaxine HCl released |
|---|---|
| 2 | <30 |
| 4 | 30-55 |
| 8 | 55-80 |
| 12 | 65-90 |
| 24 | >80. |

AHP-95011-1-C1
Patent

A4 Con't

17. (Amended) An extended release formulation according to claim [14] 15 wherein the spheroids are composed of about 8.25% by weight of venlafaxine hydrochloride and about 91.75% by weight of microcrystalline cellulose, with a coating of from 3 to 5 % by weight of the total weight.

18. (Amended) An extended release formulation according to claim [14] 15 wherein the spheroids are composed of about 16.5% by weight of venlafaxine hydrochloride and about 83.5% by weight of microcrystalline cellulose, with a coating of from 4 to 6 % by weight of the total weight.

Add new claims 19-26 as follows:

19. An extended release formulation of venlafaxine hydrochloride spheroids in a capsule according to claim 15 wherein the capsule is a hard gelatin capsule.

20. An extended release formulation of venlafaxine hydrochloride spheroids in a capsule according to claim 2 wherein the capsule is a hard gelatin capsule.

21. A method according to claim 13 wherein the extended release formulation is encapsulated in a hard gelatin capsule.

22. A method according to claim 14 wherein the extended release formulation is encapsulated in a hard gelatin capsule.

23. Coated spheroids of venlafaxine hydrochloride for extended release, said spheroids comprising venlafaxine hydrochloride, microcrystalline cellulose and, optionally, hydroxypropylmethylcellulose and being coated with a mixture of ethyl cellulose and hydroxypropylmethylcellulose.

24. An extended release dosage form of venlafaxine hydrochloride comprised of a capsule filled with a therapeutically effective amount of coated spheroids of venlafaxine chloride according to claim 23.

25. An extended release dosage form of venlafaxine hydrochloride according to claim 24 wherein the capsule is made of hard gelatin.

AHP-95011-1-C1
Patent

A5 Cont'd

26 An extended release formulation of venlafaxine hydrochloride according to claim 24 having the following dissolution profile in USP Apparatus 1 (basket) at 100 rpm in purified water at 37°C:

| Time (hours) | Average % Venlafaxine HCl released |
|---|---|
| 2 | <30 |
| 4 | 30-55 |
| 8 | 55-80 |
| 12 | 65-90 |
| 24 | >80. |

## Remarks

Entry of the amendments to the claims presented above is respectfully solicited.

Amendments to the Claims

By the foregoing amendment, Claim 2 is put in independent form and is therefore in condition for allowance. Claim 3 is amended to be dependent upon claim 2 rather than claim 1. Claims 5-8 are amended to be directed to "An extended release formulation" rather than a "composition" for proper dependency from claim 2. Claims 9 and 10 are already properly dependent from claim 2. Therefore, claims 3-10 are now all properly dependent upon allowable claim 2 and are also allowable.

Allowed Claim 11 is amended to include the disclosed dissolution profile.

By the foregoing amendment, Claim 15 is also put in independent form and the typographical error concerning the upper percentage of microcrystalline cellulose has been corrected. Therefore, claim 15 is in condition for allowance. Dependent Claim 16 is amended to remove the incorrect word "encapsulated". By the foregoing amendments, the dependency of claims 17 and 18 has been corrected from claim 14 to claim 15. Therefore, amended claims 16, 17 and 18 are also in condition for allowance.

New claims 19-22 are dependent upon allowable claims 15, 2, 13 and 14, respectively, and are directed to the hard gelatin capsule form. New claims 19-22 are therefore allowable also.

Cancelled Claim 1 is replaced by Claim 23 which is directed to the gravamen of Applicants' invention, namely, the coated spheroids containing venlafaxine hydrochloride, microcrystalline cellulose and, optionally, hydroxypropylmethylcellulose for extended release. New Claims 24 and 25, dependent upon Claim 23 are directed to a dosage form in a capsule and in a hard gelatin capsule, respectively, containing the coated spheroids of Claim 23. New claim 26 is directed to the extended release dosage form of Claim 23 having the disclosed dissolution rate.

Rejection of Claim 1 (new Claim 23) for obviousness

The rejection of Claim 1 under 35 USC 103 for obviousness over McAnish et al. (US Patent 4,138,475) in view of Wong et al. (US 5,552,429) is respectfully traversed. (Claim 1 has been cancelled and replaced by new Claim 23.) McAnish is relied upon for showing a hard gelatin capsule comprised of spheroids containing an admixture of the active ingredient propranolol HCl and microcrystalline cellulose and coated with ethyl cellulose and hydroxypropylmethyl cellulose. As noted by the Examiner, venlafaxine is not mentioned in this disclosure. (Additionally, venlafaxine and propranolol are not structurally related.) Wong et al. is relied upon for teaching extended release dosage forms comprised of the same ingredients as McAnish et al. including the drugs venlafaxine and propranolol.

The Examiner's statement of the teaching of Wong et al. is incorrect. Wong et al. is not directed to providing sustained/extended release compositions and only discloses the existence of particular sustained release compositions for pindolol. Rather, Wong et al. discloses a method of potentiating the action of a first component chosen from flouxetine, venlafaxine, milnacipran, and duloxetine in increasing the availability of serotonin, norepinephrine and dopamine in the brain, comprising administering such first component in combination with a second component chosen from the group consisting of alprenolol, WAY 100135, spiperone, pindolol, (S)-UH-301, penbutolol, propanolol, tertatolol, and compounds of a given structural formula I. (See col. 1, line 65, through col. 2, line 10.) In fact, the dose of venlafaxine indicated in col. 6, lines 54-55, is from about 10 to about 150 mg once-thrice/day; preferred, from 25 to 125 mg thrice/day.

At page 7, lines 33-65, Wong et al. discusses the preference of combining the two components in one dosage form. However, they state that this may not be possible for the desired combination. At col. 8, lines 35-53, i.e. after the disclosure of

referencing specific pindolol sustained release formulations, Wong et al. states that the second component may possibly be used in its sustained release formulation in its combination with the first component in order to provide substantially constant blood levels of the second component.. Moreover, under "Benefits of the Invention", at col. 13, lines 32-44, Wong et al. states that the invention provides a more rapid onset of action than is usually provided by treatment of fluoxetine or duloxetine alone. Thus, it is clear that it is not an object of Wong et al. to provide new sustained release formulations of the first and second components alone or combined.

Finally, none of the 8 exemplified formulations includes venlafaxine. The two formulations including microcrystalline cellulose, that is, Formulations 4 and 5, include substantial portions of at least one other pharmaceutical excipient-but not hydroxypropylmethylcellulose.

For these reasons, the teaching of Wong et al. is deemed not particularly relevant to Applicants' invention of coated spheroids of venlafaxine hydrochloride for extended release.

Further, the teaching of a sustained release formulation of microcrystalline cellulose and propranol hydrochloride in McAnish et al. is not deemed sufficiently relevant to venlafaxine because the two compounds are not structurally related. Moreover, there is a tremendous difference in water solubility of the two compounds. The water solubility of propranolol hydrochloride is 93 mg/ml, whereas that of venlafaxine hydrochloride is 574 mg/ml - i.e. 6 fold greater. Therefore, Applicants' invention, as claimed in claims 23, 2 and 15, is indeed unobvious.

In view of the foregoing amendments and Remarks, Applicants respectfully solicit allowance of Claims 2-26, as amended or newly presented herein..

Respectfully submitted,

Date: April 13, 1999

Arthur G. Seifert
Reg. No. 28,040
Telephone (610) 902-2627



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

HL

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/964,328 | 11/05/97 | SHERMAN D | AHP-95011-1- |

HM12/0721

RONALD W ALICE
AMERICAN HOME PRODUCTS CORPORATION
PATENT LAW DEPARTMENT
ONE CAMPUS DRIVE
PARSIPPANY NJ 07054

| EXAMINER | |
|---|---|
| SPEAR, J | |
| **ART UNIT** | **PAPER NUMBER** |
| 1615 | 10 |

DATE MAILED: 07/21/99

**Please find below and/or attached an Office communication concerning this application or proceeding.**

**Commissioner of Patents and Trademarks**

WYETH 002-000741

| **Office Action Summary** | Application No. 08/964,328 | Applicant(s) SHERMAN, ET AL. |
|---|---|---|
| | Examiner JAMES M. SPEAR | Group Art Unit 1615 |

☒ Responsive to communication(s) filed on *Apr 16, 1999*.

☐ This action is **FINAL.**

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire *THREE* month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) *2-26* is/are pending in the application.

Of the above, claim(s) ______ is/are withdrawn from consideration.

☒ Claim(s) *2-22* is/are allowed.

☒ Claim(s) *23-26* is/are rejected.

☐ Claim(s) ______ is/are objected to.

☐ Claims ______ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on ______ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on ______ is ☐approved ☐disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

☐ received.

☐ received in Application No. (Series Code/Serial Number) ______.

☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

*Certified copies not received: ______.

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☐ Notice of References Cited, PTO-892

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). ______

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

*— SEE OFFICE ACTION ON THE FOLLOWING PAGES —*

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

Claims 23-26 are rejected under 35 U.S.C. 103(a) as being unpatentable over McAinsh et al. U.S. 4,138,475 in view of Wong et al. U.S. 5,552,429.

The claims are rejected for the reasons set forth in Paper No. 7 as applied to now canceled claim 1. Applicants' arguments filed April 16, 1999 have been fully considered but they are not persuasive. Applicants state that, as noted by the examiner, venlafaxine is not mentioned in the McAinsh et al. reference. Applicants further state that venlafaxine and propranolol are not structurally related. This is true, however the only difference in the McAinsh et al. reference is that the only drug disclosed is propranolol. Wong et al. is not relied on for showing a sustained release dosage form of either drug, but is relied on for teaching that it is known the two drugs can be combined and administered together. To one skilled in the art with the disclosure of both McAinsh et al. and Wong et al. displayed together it would be reasonable to expect possible combinations. It would have been obvious to one of ordinary skill in the art to use the Wong et al. venlafaxine in the McAinsh et al. sustained release dosage form comprised of spheroids. Propranolol common to both McAinsh et al. and Wong et al. can be combined with venlafaxine. A combination of both in a sustained release dosage form would increase patient compliance when the need arises to administer the two together. The scope of applicant's claims in reciting

comprising does not exclude additional active agents. A dosage form of propranolol alone or propranolol and venlafaxine meets the limitations of applicants' claims.

Claims 2-22 are allowed. Claim 1 has been canceled. Claims 23-26 are rejected.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to James M. Spear whose telephone number is (703) 308-2457. The examiner can normally be reached on Monday thru Friday from 6:30 A.M. to 3:00 P.M.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Thurman Page, can be reached on (703) 308-2927. The fax phone number for this Group is (703) 305-3592 or 308-4556.

Communications via Internet e-mail regarding this application, other than those under 35 U.S.C. 132 or which otherwise require a signature, may be used by the applicant and should be addressed to [**thurman.page@uspto.gov**].

All Internet e-mail communications will be made of record in the application file. PTO employees do not engage in Internet communications where there exists a possibility that sensitive information could be identified or exchanged unless the record includes a properly signed express waiver of the confidentiality requirements of 35 U.S.C. 122. This is more clearly set forth in the Interim Internet Usage Policy published in the Official Gazette of the Patent and Trademark on February 25, 1997 at 1195 OG 89.

Application/Control Number: 08/964,328                                    Page 4

Art Unit: 1615

Any inquiry of a general nature or relating to the status of
this application or proceeding should be directed to the Group
receptionist whose telephone number is (703) 308 1235.

James M. Spear

July 9, 1999

James M. Spear
PRIMARY EXAMINER
ART UNIT 1615

WYETH 002-000745

# PAPER # 11 : MISSING FROM THE FILE

I HEREBY CERTIFY THA S CORRESPON DEPOSITED WITH THE U. D STATES PGS. AS FIRST CLASS MAIL IN AN ENVELOPE ADDRESSED TO: ASSISTANT COMMISSIONER FOR PATENTS, WASHINGTON, DC, 20231 ON THE DATE APPEARING BELOW.

DATE 1/20/00

AHP-95011 P2

OIPE JC74 JAN 20 2000 PATENT & TRADEMARK OFFICE

#12 2/10/00

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

**In re Patent Application of:** Deborah M. Sherman et al.

**Serial No.:** 08/964,328 **Examiner:** J. Spear

**Filed:** November 5, 1997 **Art Unit:** 1615

**For:** Extended Release Formulation

Assistant Commissioner for Patents
Washington, D.C. 20231

**PETITION AND FEE FOR EXTENSION OF TIME [37 CFR 1.136 (a)]**

Sir:

1. This is a petition for an extension of time to respond to the Official Action dated July 21, 1999. Applicants hereby request an extension of time for a period of 3 month(s), as specified below.

2. Applicants are other than a small entity.

3.

| Extention (months) | Fee for other than a small entity |
|---|---|
| ( ) one month | $110.00 |
| ( ) two months | $380.00 |
| ( x ) three months | $870.00 |
| ( ) four months | $1360.00 |
| Fee Due: | $870.00 |

01/24/2000 SDUONG 00000056 011425 08964328
01 FC:117 870.00 CH

This application will be abandoned in favor of a continuation-in-part application which is being filed on January 20, 2000.

4. The Commissioner is hereby authorized to charge any fees under 37 CFR 1.16 and 1.17 which may be required by this paper to American Home Products Corporation Deposit Account No. 01-1425. Two additional copies of this Petition are enclosed.

Respectfully submitted,

Steven R. Eck
Reg. No. 36,126

Dated: January 19, 2000

Telephone: (610) 902-2628

01-21-00

GP1615

AHP-95011 P2

I HEREBY CERTIFY THIS CORRESPONDENCE IS BEING DEPOSITED WITH THE UNITED STATES POSTAL SERVICE AS FIRST CLASS MAIL IN AN ENVELOPE ADDRESSED TO: ASSISTANT COMMISSIONER FOR PATENTS, WASHINGTON, DC, 20231 ON THE DATE APPEARING BELOW.

DATE 1/20/00

OIPE JC74 JAN 20 2000 PATENT & TRADEMARK OFFICE

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

**In re Patent Application of:** Deborah M. Sherman et al.

**Serial No.:** 08/964,328

**Examiner:** J. Spear

**Filed:** November 5, 1997

**Art Unit:** 1615

RECEIVED JAN 31 2000

**For:** Extended Release Formulation

Assistant Commissioner for Patents
Washington, D.C. 20231

## PETITION AND FEE FOR EXTENSION OF TIME [37 CFR 1.136 (a)]

Sir:

1. This is a petition for an extension of time to respond to the Official Action dated July 21, 1999. Applicants hereby request an extension of time for a period of 3 month(s), as specified below.

2. Applicants are other than a small entity.

3.

| Extention (months) | Fee for other than a small entity |
|---|---|
| ( ) one month | $110.00 |
| ( ) two months | $380.00 |
| ( x ) three months | $870.00 |
| ( ) four months | $1360.00 |

| Fee Due: | $870.00 |
|---|---|

This application will be abandoned in favor of a continuation-in-part application which is being filed on January 20, 2000.

4. The Commissioner is hereby authorized to charge any fees under 37 CFR 1.16 and 1.17 which may be required by this paper to American Home Products Corporation Deposit Account No. 01-1425. Two additional copies of this Petition are enclosed.

Respectfully submitted,

Steven R. Eck
Reg. No. 36,126

Dated: January 19, 2000

Telephone: (610) 902-2628



UNITED STAT. DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/964,328 | 11/05/97 | SHERMAN D | AHP-95011-1- |

HM12/0216

RONALD W ALICE
AMERICAN HOME PRODUCTS CORPORATION
PATENT LAW DEPARTMENT
ONE CAMPUS DRIVE
PARSIPPANY NJ 07054

| EXAMINER | |
|---|---|
| SPEAR, J | |
| **ART UNIT** | **PAPER NUMBER** |
| 1615 | 13 |

DATE MAILED: 02/16/00

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

WYETH 002-000763

| *Notice of Abandonment* | Application No. 08/964,328 | Applicant(s) SHERMAN, ET AL. |
|---|---|---|
| | Examiner JAMES M. SPEAR | Group Art Unit 1615 |

This application is abandoned in view of:

☒ applicant's failure to timely file a proper response to the Office letter mailed on *Jul 21, 1999*.

☐ A response (with a Certificate of Mailing or Transmission of ________) was received on ________, which is after the expiration of the period for response (including a total extension of time of ___ month(s)) which expired on ________.

☐ A proposed response was received on ________, but it does not constitute a proper response to the final rejection.
(A proper response to a final rejection consists only of: a timely filed amendment which places the application in condition for allowance; a Notice of Appeal; or the filing of a continuing application under 37 CFR 1.62 (FWC)).

☒ No response has been received.

☐ applicant's failure to timely pay the required issue fee within the statutory period of three months from the mailing date of the Notice of Allowance.

☐ The issue fee (with a Certificate of Mailing or Transmission of ________) was received on ________.

☐ The submitted issue fee of $______ is insufficient. The issue fee required by 37 CFR 1.18 is $______.

☐ The issue fee has not been received.

☐ applicant's failure to timely file new formal drawings as required in the Notice of Allowability.

☐ Proposed new formal drawings (with a Certificate of Mailing or Transmission of ________) were received on ________.

☐ The proposed new formal drawings filed ________ are not acceptable.

☐ No proposed new formal drawings have been received.

☐ the express abandonment under 37 CFR 1.62(g) in favor of the FWC application filed on ________.

☐ the letter of express abandonment which is signed by the attorney or agent of record, the assignee of the entire interest, or all of the applicants.

☐ the letter of express abandonment which is signed by an attorney or agent (acting in a representative capacity under 37 CFR 1.34(a)) upon the filing of a continuing application.

☐ the decision by the Board of Patent Appeals and Interferences rendered on ________ and because the period for seeking court review of the decision has expired and there are no allowed claims.

☐ the reason(s) below:

James M. Spear
PRIMARY EXAMINER
ART UNIT 1615

PTO/SB/68 (11-96)
Approved for use through 10/31/99. OMB 0651-0031
Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# REQUEST FOR ACCESS OF ABANDONED APPLICATION UNDER 37 CFR 1.14(a)

In re Application of: Sherman et al.

Application Number: 08/964,328 | Filed: 11/05/97

Group Art Unit: 1615 | Examiner: Spear

Paper No. 14

RECEIVED
SEP 25 2001
File Information Unit

Assistant Commissioner for Patents
Washington, DC 20231

I hereby request access under 37 CFR 1.14(a)(3)(iv) to the application file record of the above-identified ABANDONED application, which is: (CHECK ONE)

✓ (A) referred to in United States Patent Number 6274171, column 1

___ (B) referred to in an application that is open to public inspection as set forth in 37 CFR 1.11, i.e., Application No. ________ filed ________, on page ________ of paper number ________

___ (C) an application that claims the benefit of the filing date of an application that is open to public inspection, i.e., Application No. ________ filed ________, or

___ (D) an application in which the applicant has filed an authorization to lay open the complete application to the public.

Please direct any correspondence concerning this request to the following address:

________________________________

________________________________

________________________________

[Signature] Kathy Gore — Signature

9/25/01 — Date

Kathy Gore — Typed or printed name

FOR PTO USE ONLY
Approved by: ________ (initials)
Unit: ________

This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual [illegible] required to complete this form should be sent to the Chief Information Officer, Patent [illegible] PTO FORMS TO THIS ADDRESS. SEND TO:

WYETH 002-000765

PTO/SB/68 (11-96)
Approved through 10/31/99. OMB 0651-0031
Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# REQUEST FOR ACCESS OF ABANDONED APPLICATION UNDER 37 CFR 1.14(a)

RECEIVED
JAN 24 2002
File Information Unit

In re Application of

Application Number: 08/964328
Filed: 11-05-97
Group Art Unit:
Examiner:

Paper No. #15

Assistant Commissioner for Patents
Washington, DC 20231

I hereby request access under 37 CFR 1.14(a)(3)(iv) to the application file record of the above-identified ABANDONED application, which is: (CHECK ONE)

✓ (A) referred to in United States Patent Number 6274171, column ______.

___ (B) referred to in an application that is open to public inspection as set forth in 37 CFR 1.11, i.e., Application No. ______, filed ______, on page ______ of paper number ______,

___ (C) an application that claims the benefit of the filing date of an application that is open to public inspection, i.e., Application No. ______, filed ______, or

___ (D) an application in which the applicant has filed an authorization to lay open the complete application to the public.

Please direct any correspondence concerning this request to the following address:

______

______

______

[signature] Signature — Date: 01-24-02

Shoaib Chagpar
Typed or printed name

FOR PTO USE ONLY
Approved by: [initials] (Initials)
Unit:

RECEIVED
JAN 24 2002
File Information Unit

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

PTO/SB/68 (11-96)
Approved for use through 10/31/99. OMB 0651-0031
Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# REQUEST FOR ACCESS OF ABANDONED APPLICATION UNDER 37 CFR 1.14(a)

RECEIVED
JUN 2 9 2002
File Information Unit

| In re Application of | |
|---|---|
| Application Number 08/964,328 | Filed 11/5/97 |
| Group Art Unit 1615 | Examiner Spear |

Paper No. 16

Assistant Commissioner for Patents
Washington, DC 20231

I hereby request access under 37 CFR 1.14(a)(3)(iv) to the application file record of the above-identified ABANDONED application, which is: (CHECK ONE)

___ (A) referred to in United States Patent Number 6,274,171, column ______,

___ (B) referred to in an application that is open to public inspection as set forth in 37 CFR 1.11, i.e., Application No. ______________, filed ______________, on page ______ of paper number ______,

___ (C) an application that claims the benefit of the filing date of an application that is open to public inspection, i.e., Application No. ______________, filed ______________, or

___ (D) an application in which the applicant has filed an authorization to lay open the complete application to the public.

Please direct any correspondence concerning this request to the following address:

______________________________

______________________________

______________________________

Specialized Patent Services 1/29/02
Signature Date

______________________________
Typed or printed name

| FOR PTO USE ONLY |
|---|
| Approved by: ________ (initials) |
| Unit: ________ |

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

PTO/SB/68 (...)
Approved for use through .../... OMB ...
Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# REQUEST FOR ACCESS OF ABANDONED APPLICATION UNDER 37 CFR 1.14(e)

| In re Application of | |
|---|---|
| Application Number: 08-964308 | Filed: Nov 5, 1997 |
| Group Art Unit | Examiner |

RECEIVED
MAR 04 2002
File Information Unit

Paper No. #17

Assistant Commissioner for Patents
Washington, DC 20231

I hereby request access under 37 CFR 1.14(e)(3)(iv) to the application file record of the above-identified ABANDONED application, which is: (CHECK ONE:

___ (A) referred to in United States Patent Number 6274171, column ____

___ (B) referred to in an application that is open to public inspection as set forth in 37 CFR 1.11, i.e., Application No. ________, filed ________, on page ____ or paper number ____

___ (C) an application that claims the benefit of the filing date of an application that is open to public inspection, i.e., Application No. ________, filed ________ o

___ (D) an application in which the applicant has filed an authorization to lay open the complete application to the public.

Please direct any correspondence concerning this request to the following address:

______________________________

______________________________

______________________________

Darlene Jones — Signature

3/4-02 — Date

Darlene Jones — Typed or printed name

| FOR PTO USE ONLY |
|---|
| Approved by: [initials] (Initials) |
| Unit: [illegible] |

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the ... case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, ... and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO ... for Patents, Washington, DC 20231.

PTO/SB/68 (04-01)
Approved for use through 10/31/2002. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# REQUEST FOR ACCESS TO AN APPLICATION UNDER 37 CFR 1.14(e)

| In re Application of | |
|---|---|
| Application Number 08\964328 | Filed |
| Art Unit | Examiner |

RECEIVED
MAR 8 2002
File Information Unit

Paper No. 18

Assistant Commissioner for Patents
Washington, DC 20231

1. ☐ I hereby request access under 37 CFR 1.14(e)(2) to the application file record of the above-identified ABANDONED Application, which is not within the file jacket of a pending Continued Prosecution Application (CPA) (37 CFR 1.53(d)) and is: (CHECK ONE)

☐ (A) referred to in:

United States Patent Application Publication No. 08\964328, page _____, line______,

United States Patent Number 6274171, column ______, line ______, or

an International Application which was filed on or after November 29, 2000 and which designates the United States, WIPO Pub. No. ________________, page _____, line _____.

☐ (B) referred to in an application that is open to public inspection as set forth in 37 CFR 1.11(b) or 1.14(e)(2)(i), i.e., Application No.______________, paper No. _____, page _____, line _____.

2. ☐ I hereby request access under 37 CFR 1.14(e)(1) to an application in which the applicant has filed an authorization to lay open the complete application to the public.

Moe Johnson
Signature

3 8 02
Date

MOE JOHNSON
Typed or printed name

| FOR PTO USE ONLY |
|---|
| Approved by: [initials] (initials) |
| Unit: |

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

PTO/SB/68 (04-01)
Approved for use through 10/31/2002. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## REQUEST FOR ACCESS TO AN APPLICATION UNDER 37 CFR 1.14(e)

In re Application of

| Application Number | Filed |
|---|---|
| 08/964328 | 11-5-97 |

| Art Unit | Examiner |
|---|---|
| | |

RECEIVED
JUN 19 2002
File Information Unit

Paper No. #19

Assistant Commissioner for Patents
Washington, DC 20231

1. ☑ I hereby request access under 37 CFR 1.14(e)(2) to the application file record of the above-identified ABANDONED Application, which is not within the file jacket of a pending Continued Prosecution Application (CPA) (37 CFR 1.53(d)) and is: (CHECK ONE)

☑ (A) referred to in:

United States Patent Application Publication No. 6274171, page ____, line ____,

United States Patent Number____, column ____, line ____; or

an International Application which was filed on or after November 29, 2000 and which designates the United States, WIPO Pub. No. ____, page ____, line____.

☐ (B) referred to in an application that is open to public inspection as set forth in 37 CFR 1.11(b) or 1.14(e)(2)(i), i.e., Application No.____, paper No. ____, page ____, line ____.

2. ☐ I hereby request access under 37 CFR 1.14(e)(1) to an application in which the applicant has filed an authorization to lay open the complete application to the public.

[signature]
Signature

6-19-02
Date

HENRY DUONG
Typed or printed name

FOR PTO USE ONLY
Approved by: [initials] (initials)
Unit: FIU

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

PTO/SB/68 (04-01)
Approved for use through 10/31/2002. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# REQUEST FOR ACCESS TO AN APPLICATION UNDER 37 CFR 1.14(e)

| In re Application of | |
|---|---|
| Application Number 09/964348 | Filed |
| Art Unit | Examiner |

RECEIVED
JUL 23 2002
File Information Unit

Paper No. #20

Assistant Commissioner for Patents
Washington, DC 20231

1. ☐ I hereby request access under 37 CFR 1.14(e)(2) to the application file record of the above-identified ABANDONED Application, which is not within the file jacket of a pending Continued Prosecution Application (CPA) (37 CFR 1.53(d)) and is: (CHECK ONE)

☐ (A) referred to in:

United States Patent Application Publication No. 6403120, page ____, line ____,

United States Patent Number ____________, column ____, line ____, or

an International Application which was filed on or after November 29, 2000 and which designates the United States, WIPO Pub. No. ____________, page ____, line ____.

☐ (B) referred to in an application that is open to public inspection as set forth in 37 CFR 1.11(b) or 1.14(e)(2)(i), i.e., Application No. ____________, paper No. ____, page ____, line ____.

2. ☐ I hereby request access under 37 CFR 1.14(e)(1) to an application in which the applicant has filed an authorization to lay open the complete application to the public.

[signature]
Signature

7/23/02
Date

Daube-Hess
Typed or printed name

| FOR PTO USE ONLY |
|---|
| Approved by: D. Bryant (initials) |
| Unit: FIU |

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

PTO/SB/68 (04-01)
...ved for use through 10/31/2002. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# REQUEST FOR ACCESS TO AN APPLICATION UNDER 37 CFR 1.14(e)

RECEIVED
AUG 0 6 2002
File Information Unit

| In re Application of | |
|---|---|
| Application Number 08-964328 | Filed 11-5-97 |
| Art Unit | Examiner |

Paper No. #21

Assistant Commissioner for Patents
Washington, DC 20231

1. ☐ I hereby request access under 37 CFR 1.14(e)(2) to the application file record of the above-identified ABANDONED Application, which is not within the file jacket of a pending Continued Prosecution Application (CPA) (37 CFR 1.53(d)) and is: (CHECK ONE)

☐ (A) referred to in:

United States Patent Application Publication No. ________, page ____, line ____,

____ United States Patent Number 6403120 ________, column ____, line ____, or

an International Application which was filed on or after November 29, 2000 and which designates the United States, WIPO Pub. No. ________, page ____, line ____.

☐ (B) referred to in an application that is open to public inspection as set forth in 37 CFR 1.11(b) or 1.14(e)(2)(i), i.e., Application No. ________, paper No. ____, page ____, line ____.

2. ☐ I hereby request access under 37 CFR 1.14(e)(1) to an application in which the applicant has filed an authorization to lay open the complete application to the public.

[signature]
Signature

8-6-02
Date

Victor Telleria
Typed or printed name

FOR PTO USE ONLY

Approved by: ________ (initials) [initials]

Unit: ________ FIU

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

PTO/SB/68 (04-01)
Approved for use through 10/31/2002. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# REQUEST FOR ACCESS TO AN APPLICATION UNDER 37 CFR 1.14(e)

In re Application of

Application Number 08-964328

Filed 11-5-97

Art Unit

Examiner

RECEIVED
SEP 1 8 2002
File Information Unit

Paper No. #22

Assistant Commissioner for Patents
Washington, DC 20231

1. ☐ I hereby request access under 37 CFR 1.14(e)(2) to the application file record of the above-identified ABANDONED Application, which is not within the file jacket of a pending Continued Prosecution Application (CPA) (37 CFR 1.53(d)) and is: (CHECK ONE)

☐ (A) referred to in:

United States Patent Application Publication No. ________, page ____, line ____,

United States Patent Number 6274171, column ____, line ____, or

an International Application which was filed on or after November 29, 2000 and which designates the United States, WIPO Pub. No. ________, page ____, line ____.

☐ (B) referred to in an application that is open to public inspection as set forth in 37 CFR 1.11(b) or 1.14(e)(2)(i), i.e., Application No. ________, paper No. ____, page ____, line ____.

2. ☐ I hereby request access under 37 CFR 1.14(e)(1) to an application in which the applicant has filed an authorization to lay open the complete application to the public.

Moe Johnson
Signature

9 18 02
Date

MOE JOHNSON
Typed or printed name

FOR PTO USE ONLY

Approved by: [initials] (initials)

Unit: FIU

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

PTO/SB/68 (04-01)
Approved for use through 10/31/2002. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## REQUEST FOR ACCESS TO AN APPLICATION UNDER 37 CFR 1.14(e)

| In re Application of | |
|---|---|
| Application Number 08/964,328 | Filed Nov 5, 1997 |
| Art Unit 1615 | Examiner Spear |

RECEIVED
NOV 04 2002
File Information Unit

Paper No. 23

Assistant Commissioner for Patents
Washington, DC 20231

1. ☐ I hereby request access under 37 CFR 1.14(e)(2) to the application file record of the above-identified ABANDONED Application, which is not within the file jacket of a pending Continued Prosecution Application (CPA) (37 CFR 1.53(d)) and is: (CHECK ONE)

☐ (A) referred to in:

United States Patent Application Publication No. 6419958, page ____, line ____,

United States Patent Number ____________, column ____, line ____, or

an International Application which was filed on or after November 29, 2000 and which designates the United States, WIPO Pub. No. ____________, page ____, line ____.

☐ (B) referred to in an application that is open to public inspection as set forth in 37 CFR 1.11(b) or 1.14(e)(2)(i), i.e., Application No. ____________, paper No. ____, page ____, line ____.

2. ☐ I hereby request access under 37 CFR 1.14(e)(1) to an application in which the applicant has filed an authorization to lay open the complete application to the public.

Darlene Jones
Signature

____________
Date

Darlene Jones
Typed or printed name

FOR PTO USE ONLY

Approved by: ____________ (initials)

Unit: ____________

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

PTO/SB/68 (11-96)
Patent and Trademark for use through 10/31/1999. CMB 0651-0031
Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Production Act of 1995, no persons are required to respond to a collection of information unless it dispalys a valid CMB control number.

# REQUEST FOR ACCESS OF ABANDONED APPLICATION UNDER 37 CFR 1.14(A)

RECEIVED
DEC 09 2002
File Information Unit

In re Application of **Sherman, et al**

Application Number **08/964,328** Filed **11/5/97**

Group Art Unit 1615 Examiner Spean

**Assistant Commissioner for Patients**
**Washington, DC 20231**

**Paper No.** 24

**I hereby request access under 37 CFR 1.14(a)(3)(iv) to the application file record of the above identified ABANDONED application, which is: (CHECK ONE)**

☒ (A) referred to in United States Patent Number **6,274,171**, column _____.

☐ (B) referred to in an application that is open to public inspection as set forth in 37 CFR 1.11, i.e., Application No. _____, filed _____, on page _____ of paper number _____.

☐ (C) an application that claims the benefit of the filing date of an application that is open to public inspection, i.e., Application No. _____, filed _____, or

☐ (D) an application in which the applicant has filed an authorization to lay open the complete application to the public.

**Please direct any correspondence concerning this request to the following address:**

**Cantwell and Paxton, Inc.**
**Signature**

**Type or Printed Name**

12-9-02
**Date**

**FOR PTO USE ONLY**

**Approved by:** _____
**Inititals**

**Unit:** _____

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS, SEND TO: Assistant Commissioner for the Patents, Washington, DC 20231.

PTO/SB/68 (04-01)
Approved for use through 10/31/2002. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# REQUEST FOR ACCESS TO AN APPLICATION UNDER 37 CFR 1.14(e)

In re Application of Sherman

Application Number 08/964328 | Filed 11/5/97

Art Unit | Examiner

RECEIVED
FEB 1 1 2003
File Information Unit

Paper No. #25

Assistant Commissioner for Patents
Washington, DC 20231

1. ☐ I hereby request access under 37 CFR 1.14(e)(2) to the application file record of the above-identified ABANDONED Application, which is not within the file jacket of a pending Continued Prosecution Application (CPA) (37 CFR 1.53(d)) and is: (CHECK ONE)

☐ (A) referred to in:

United States Patent Application Publication No. 6274171, page _____, line_______,

United States Patent Number________________________, column _______, line _______, or

an International Application which was filed on or after November 29, 2000 and which designates the United States, WIPO Pub. No. __________________, page _____, line _____.

☐ (B) referred to in an application that is open to public inspection as set forth in 37 CFR 1.11(b) or 1.14(e)(2)(i), i.e., Application No.________________, paper No. ______, page ______, line _____.

2. ☐ I hereby request access under 37 CFR 1.14(e)(1) to an application in which the applicant has filed an authorization to lay open the complete application to the public.

Angela Myles
Signature

Angela Myles
Typed or printed name

2/11/03
Date

FOR PTO USE ONLY

RECEIVED
FEB 1 1 2003
File Information Unit

Approved by: __________ (initials)

Unit: __________

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

PTO/SB/68 (04-01)
Approved for use through 10/31/2002. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# REQUEST FOR ACCESS TO AN APPLICATION UNDER 37 CFR 1.14(e)

| In re Application of | Sherman | |
|---|---|---|
| Application Number 08/964,328 | | Filed 11/5/97 |
| Art Unit | Examiner | |

RECEIVED
MAR 11 2003
File Information Unit

Paper No. #26

Assistant Commissioner for Patents
Washington, DC 20231

1. ☐ I hereby request access under 37 CFR 1.14(e)(2) to the application file record of the above-identified ABANDONED Application, which is not within the file jacket of a pending Continued Prosecution Application (CPA) (37 CFR 1.53(d)) and is: (CHECK ONE)

☐ (A) referred to in:

United States Patent Application Publication No. 6274171, page _____, line _______,

United States Patent Number _______________, column _______, line _______, or

an International Application which was filed on or after November 29, 2000 and which designates the United States, WIPO Pub. No. _______________, page _____, line _____.

☐ (B) referred to in an application that is open to public inspection as set forth in 37 CFR 1.11(b) or 1.14(e)(2)(i), i.e., Application No. _______________, paper No. ______, page ______, line _____.

2. ☐ I hereby request access under 37 CFR 1.14(e)(1) to an application in which the applicant has filed an authorization to lay open the complete application to the public.

Anita Myles
Signature

3/11/03
Date

Anita Myles
Typed or printed name

FOR PTO USE ONLY
Approved by: [initials]
(initials)
Unit: FIU

RECEIVED
MAR 11 2003
File Information Unit

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

4-125C

PTO/SB/58 (04-01)
Approved for use through 10/31/2002. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# REQUEST FOR ACCESS TO AN APPLICATION UNDER 37 CFR 1.14(e)

RECEIVED
APR 2 4 2003
File Information Unit

In re Application of Sherman

Application Number 08/964328 | Filed 11/5/97

Art Unit | Examiner

Paper No. #27

*Assistant Commissioner for Patents*
Washington, DC 20231

1. ☐ I hereby request access under 37 CFR 1.14(e)(2) to the application file record of the above-identified ABANDONED Application, which is not within the file jacket of a pending Continued Prosecution Application (CPA) (37 CFR 1.53(d)) and is: (CHECK ONE)

☐(A) referred to in:

United States Patent Application Publication No. 6274171, page ____, line____,

United States Patent Number________________, column ______, line _____, or

an International Application which was filed on or after November 29, 2000 and which designates the United States, WIPO Pub. No. ______________, page _____, line_____.

☐(B) referred to in an application that is open to public inspection as set forth in 37 CFR 1.11(b) or 1.14(e)(2)(i), i.e., Application No.______________, paper No. ______, page ______, line _____.

2. ☐ I hereby request access under 37 CFR 1.14(e)(1) to an application in which the applicant has filed an authorization to lay open the complete application to the public.

[Signature]
Signature

4/24/03
Date

Anita Myles
Typed or printed name

FOR PTO USE ONLY
Approved by: APR 2 4 2003 [initials]
(initials)
Unit:

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.



US006274171B1

(12) **United States Patent**
Sherman et al.

(10) Patent No.: **US 6,274,171 B1**
(45) Date of Patent: **Aug. 14, 2001**

(54) **EXTENDED RELEASE FORMULATION OF VENLAFAXINE HYDROCHLORIDE**

(75) Inventors: **Deborah M. Sherman**, Plattsburgh; **John C. Clark**, Peru, both of NY (US); **John U. Lamer**, St. Albans, VT (US); **Steven A. White**, Champlain, NY (US)

(73) Assignee: **American Home Products Corporation**, Madison, NJ (US)

(*) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **09/488,629**

(22) Filed: **Jan. 20, 2000**

**Related U.S. Application Data**

(63) Continuation-in-part of application No. 08/964,328, filed on Nov. 5, 1997, now abandoned, which is a continuation-in-part of application No. 08/821,137, filed on Mar. 20, 1997, now abandoned.

(60) Provisional application No. 60/014,006, filed on Mar. 25, 1996.

(51) Int. Cl.[7] ........ A61K 9/52; A61K 9/54; A61K 9/62

(52) U.S. Cl. ........ 424/461; 424/457; 424/458; 424/459; 514/781; 514/962

(58) Field of Search ........ 424/495, 494, 424/461, 458, 459, 457, 456, 462

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 3,954,959 | 5/1976 | Pedersen | 424/21 |
| 4,138,475 * | 2/1979 | McAinsh et al. | 424/19 |
| 4,369,172 | 1/1983 | Schor et al. | 424/19 |
| 4,389,393 | 6/1983 | Schor et al. | 424/19 |
| 4,535,186 | 8/1985 | Husbands et al. | 564/336 |
| 4,966,768 | 10/1990 | Michelucci et al. | 424/468 |
| 5,506,270 | 4/1996 | Upton et al. | 514/730 |
| 5,552,429 * | 9/1996 | Wong et al. | 514/415 |

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| 0654264 | 11/1994 | (EP). |
| 0667150 | 1/1995 | (EP). |
| 0797991 | 10/1997 | (EP). |
| 9427589 | 12/1994 | (WO). |
| 9737640 | 10/1997 | (WO). |

* cited by examiner

*Primary Examiner*—James M. Spear
(74) *Attorney, Agent, or Firm*—Rebecca R. Barrett

(57) **ABSTRACT**

This invention relates to a 24 hour extended release dosage formulation and unit dosage form thereof of venlafaxine hydrochloride, an antidepressant, which provides better control of blood plasma levels than conventional tablet formulations which must be administered two or more times a day and further provides a lower incidence of nausea and vomiting than the conventional tablets. More particularly, the invention comprises an extended release formulation of venlafaxine hydrochloride comprising a therapeutically effective amount of venlafaxine hydrochloride in spheroids comprised of venlafaxine hydrochloride, microcrystalline cellulose and, optionally, hydroxypropylmethylcellulose coated with a mixture of ethyl cellulose and hydroxypropylmethylcellulose.

**25 Claims, No Drawings**

PTO/SB/68 (04-01)
Approved for use through 10/31/2002. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# REQUEST FOR ACCESS TO AN APPLICATION UNDER 37 CFR 1.14(e)

| In re Application of Shermanet al | |
|---|---|
| Application Number 08/964,328 | Filed 11/5/97 |
| Art Unit | Examiner |

RECEIVED
MAY 01 2003
File Information Unit

Paper No. #28

Assistant Commissioner for Patents
Washington, DC 20231

1. ☐ I hereby request access under 37 CFR 1.14(e)(2) to the application file record of the above-identified ABANDONED Application, which is not within the file jacket of a pending Continued Prosecution Application (CPA) (37 CFR 1.53(d)) and is: (CHECK ONE)

☐ (A) referred to in:

United States Patent Application Publication No. ________, page ____, line ____,

United States Patent Number 6274171, column ____, line ____, or

an International Application which was filed on or after November 29, 2000 and which designates the United States, WIPO Pub. No. ________, page ____, line ____.

☐ (B) referred to in an application that is open to public inspection as set forth in 37 CFR 1.11(b) or 1.14(e)(2)(i), i.e., Application No. ________, paper No. ____, page ____, line ____.

2. ☐ I hereby request access under 37 CFR 1.14(e)(1) to an application in which the applicant has filed an authorization to lay open the complete application to the public.

[signature]
Signature

4/25/03
Date

Nancy P[signature]
Typed or printed name

FOR PTO USE ONLY

Approved by: [initials] (initials)

Unit: [signature]

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

Form PTO 1130
(REV 2/94)

# PACE DATA ENTRY CODING SHEET

U.S. DEPARTMENT OF COMMERCE
Patent and Trademark Office

1ST EXAMINER | DATE

2ND EXAMINER | DATE

66534 U.S. PTO
08/964328
11/05/97

APPLICATION NUMBER | TYPE APPL | FILING DATE (MONTH, DAY, YEAR) | SPECIAL HANDLING | GROUP ART UNIT | CLASS | SHEETS OF DRAWING

TOTAL CLAIMS | INDEPENDENT CLAIMS | SMALL ENTITY? | FILING FEE | FOREIGN LICENSE | ATTORNEY DOCKET NUMBER

## CONTINUITY DATA

| CONT CODE | STATUS CODE | PARENT APPLICATION SERIAL NUMBER | PCT APPLICATION SERIAL NUMBER | PARENT PATENT NUMBER | PARENT FILING DATE MONTH | DAY | YEAR |
|---|---|---|---|---|---|---|---|
| | | | P C T / / | | | | |
| | | | P C T / / | | | | |
| | | | P C T / / | | | | |
| | | | P C T / / | | | | |
| | | | P C T / / | | | | |

## PCT/FOREIGN APPLICATION DATA

| FOREIGN PRIORITY CLAIMED | COUNTRY CODE | PCT/FOREIGN APPLICATION SERIAL NUMBER | FOREIGN FILING DATE MONTH | DAY | YEAR |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

TITLE OF INVENTION

ATTORNEY REGISTRATION NUMBERS

CORRESPONDENCE NAME AND ADDRESS

APPLICANT/INVENTOR DATA

UTHORITY CODE

AMILY NAME

GIVEN NAME

NAME SUFFIX

STATE/CTRY CODE

TY

UTHORITY CODE

MILY NAME

IVEN NAME

NAME SUFFIX

STATE/CTRY CODE

Y

MORE

*U.S. Government Printing Office: 1996 - 404-474/40903

WYETH 002-000782

1-11-13-14-

# PATENT APPLICATION FEE DETERMINATION RECORD

Effective October 1, 1997

Application or Docket Number

## CLAIMS AS FILED - PART I

| FOR | (Column 1) NUMBER FILED | (Column 2) NUMBER EXTRA | SMALL ENTITY TYPE RATE | FEE | OR | OTHER THAN SMALL ENTITY RATE | FEE |
|---|---|---|---|---|---|---|---|
| BASIC FEE | | | | 395.00 | OR | | 790.00 |
| TOTAL CLAIMS | 18 minus 20 = | * | x$11= | | OR | x$22= | |
| INDEPENDENT CLAIMS | 4 minus 3 = | * 1 | x41= | | OR | x82= | 82 |
| MULTIPLE DEPENDENT CLAIM PRESENT | | | +135= | | OR | +270= | |
| | | | TOTAL | | OR | TOTAL | 872 |

* If the difference in column 1 is less than zero, enter "0" in column 2

## CLAIMS AS AMENDED - PART II

| AMENDMENT A | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE | ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | * 25 | Minus | ** 20 | = 5 | x$11= | | OR | x$22= | 98.00 |
| Independent | * 4 | Minus | *** 5 | = 1 | x41= | | OR | x82= | 78.00 |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +135= | | OR | +270= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | — |

| AMENDMENT B | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE | ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | * | Minus | ** | = | x$11= | | OR | x$22= | |
| Independent | * | Minus | *** | = | x41= | | OR | x82= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +135= | | OR | +270= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

| AMENDMENT C | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE | ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | * | Minus | ** | = | x$11= | | OR | x$22= | |
| Independent | * | Minus | *** | = | x41= | | OR | x82= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +135= | | OR | +270= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

FORM PTO-875 (Rev. 8/97) *U.S. Government Printing Office: 1997 - 430-571/69194 Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE

```
> D HIS

     (FILE 'USPAT' ENTERED AT 16:51:39 ON 27 SEP 1998)
L1            21 S VENLAFAXINE?
L2            19 S L1 AND CAPSULE?
L3             0 S L2 AND CAPSULE?/CLM
L4             2 S VENLAFAXINE?(P)CAPSULE?
L5             0 S L4 AND MICROCRYSTALLINE?
L6            15 S VENLAFAXINE? AND MICROCRYSTALLINE?
L7            14 S L6 AND CAPSULE?
L8            12 S L7 AND COAT?
L9            12 S L8 AND ETHYLCELLULOSE?
L10            7 S L9 AND HYDROXYPROPYLMETHYL?

=> D L10 1-7
```

1. 5,776,969, Jul. 7, 1998, Treatment of sleep disorders; Steven Parker James, 514/418, 415, 416; 548/302.4 [IMAGE AVAILABLE]

2. 5,552,429, Sep. 3, 1996, Potentiation of drug response; David T. Wong, et al., 514/415, 651 [IMAGE AVAILABLE]

3. 5,538,992, Jul. 23, 1996, Potentiation of drug response; David T. Wong, et al., 514/415, 183, 211, 221, 224.2, 230.5, 259, 312, 367, 373, 375, 387, 394, 406, 418, 443, 691 [IMAGE AVAILABLE]

4. 5,532,268, Jul. 2, 1996, Potentiation of drug response; David T. Wong, et al., 514/432, 249, 256, 651, 652 [IMAGE AVAILABLE]

5. 5,532,264, Jul. 2, 1996, Potentiation of drug response; David T. Wong, et al., 514/415, 211, 224.2, 230.5, 259, 312, 367, 373, 375, 394, 406, 418, 438, 443, 624, 652, 654 [IMAGE AVAILABLE]

6. 5,532,250, Jul. 2, 1996, Potentiation of drug response; David T. Wong, et al., 514/415, 211, 224.2, 230.5, 249, 256, 259, 312, 367, 373, 375, 394, 406, 418, 432, 438, 443, 620, 624, 650, 651, 652, 654 [IMAGE AVAILABLE]

7. 5,532,244, Jul. 2, 1996, Potentiation of drug response; David T. Wong, et al., 514/255, 256, 438, 620, 654 [IMAGE AVAILABLE]

Staple Issue Slip Here

| POSITION | | ID NO. | DATE |
|---|---|---|---|
| CLASSIFIER | | 32 | [illegible] |
| EXAMINER | | [illegible] | 2-20-98 |
| TYPIST | | | |
| VERIFIER | | | |
| CORPS CORR. | | | |
| SPEC. HAND | | [illegible] | [illegible] |
| FILE MAINT. | | | |
| DRAFTING | | | |

## INDEX OF CLAIMS

| Claim Final | Claim Original | Date 9/28/98 | Date 2/6/99 | Date | Date | Date | Date | Date | Date |
|---|---|---|---|---|---|---|---|---|---|
| | 1 | ✓ | | | | | | | |
| | 2 | O | = | | | | | | |
| | 3 | ↑ | ↑ | | | | | | |
| | 4 | | | | | | | | |
| | 5 | | | | | | | | |
| | 6 | | | | | | | | |
| | 7 | | | | | | | | |
| | 8 | | | | | | | | |
| | 9 | ↓ | | | | | | | |
| | 10 | O | | | | | | | |
| | 11 | = | | | | | | | |
| | 12 | O | | | | | | | |
| | 13 | = | | | | | | | |
| | 14 | = | | | | | | | |
| | 15 | ✓ | | | | | | | |
| | 16 | O | | | | | | | |
| | 17 | ✓ | | | | | | | |
| | 18 | ✓ | | | | | | | |
| | 19 | | | | | | | | |
| | 20 | | | | | | | | |
| | 21 | | ✓ | | | | | | |
| | 22 | | = | | | | | | |
| | 23 | | ✓ | | | | | | |
| | 24 | | ✓ | | | | | | |
| | 25 | | ✓ | | | | | | |
| | 26 | | ✓ | | | | | | |
| | 27 | | | | | | | | |
| | 28 | | | | | | | | |
| | 29 | | | | | | | | |
| | 30 | | | | | | | | |
| | 31 | | | | | | | | |
| | 32 | | | | | | | | |
| | 33 | | | | | | | | |
| | 34 | | | | | | | | |
| | 35 | | | | | | | | |
| | 36 | | | | | | | | |
| | 37 | | | | | | | | |
| | 38 | | | | | | | | |
| | 39 | | | | | | | | |
| | 40 | | | | | | | | |
| | 41 | | | | | | | | |
| | 42 | | | | | | | | |
| | 43 | | | | | | | | |
| | 44 | | | | | | | | |
| | 45 | | | | | | | | |
| | 46 | | | | | | | | |
| | 47 | | | | | | | | |
| | 48 | | | | | | | | |
| | 49 | | | | | | | | |
| | 50 | | | | | | | | |

| Claim Final | Claim Original | Date | Date | Date | Date | Date | Date | Date | Date |
|---|---|---|---|---|---|---|---|---|---|
| | 51 | | | | | | | | |
| | 52 | | | | | | | | |
| | 53 | | | | | | | | |
| | 54 | | | | | | | | |
| | 55 | | | | | | | | |
| | 56 | | | | | | | | |
| | 57 | | | | | | | | |
| | 58 | | | | | | | | |
| | 59 | | | | | | | | |
| | 60 | | | | | | | | |
| | 61 | | | | | | | | |
| | 62 | | | | | | | | |
| | 63 | | | | | | | | |
| | 64 | | | | | | | | |
| | 65 | | | | | | | | |
| | 66 | | | | | | | | |
| | 67 | | | | | | | | |
| | 68 | | | | | | | | |
| | 69 | | | | | | | | |
| | 70 | | | | | | | | |
| | 71 | | | | | | | | |
| | 72 | | | | | | | | |
| | 73 | | | | | | | | |
| | 74 | | | | | | | | |
| | 75 | | | | | | | | |
| | 76 | | | | | | | | |
| | 77 | | | | | | | | |
| | 78 | | | | | | | | |
| | 79 | | | | | | | | |
| | 80 | | | | | | | | |
| | 81 | | | | | | | | |
| | 82 | | | | | | | | |
| | 83 | | | | | | | | |
| | 84 | | | | | | | | |
| | 85 | | | | | | | | |
| | 86 | | | | | | | | |
| | 87 | | | | | | | | |
| | 88 | | | | | | | | |
| | 89 | | | | | | | | |
| | 90 | | | | | | | | |
| | 91 | | | | | | | | |
| | 92 | | | | | | | | |
| | 93 | | | | | | | | |
| | 94 | | | | | | | | |
| | 95 | | | | | | | | |
| | 96 | | | | | | | | |
| | 97 | | | | | | | | |
| | 98 | | | | | | | | |
| | 99 | | | | | | | | |
| | 100 | | | | | | | | |

SYMBOLS

- ✓ ............ Rejected
- = ............ Allowed
- – (Through numeral) Canceled
- ÷ ............ Restricted
- N ............ Non-elected
- I ............ Interference
- A ............ Appeal
- O ............ Objected



SEARCHED

| Class | Sub. | Date | Exmr. |
|---|---|---|---|
| 424 | 451 | 9-27-98 | [illegible] |
| | 452 | " | " |
| | 456 | " | " |
| | 457 | " | " |
| | 458 | " | " |
| | 459 | " | " |
| | 461 | " | " |
| Above To Date | | 7-5-99 | [illegible] |

INTERFERENCE SEARCHED

| Class | Sub. | Date | Exmr. |
|---|---|---|---|

SEARCH NOTES

| | Date | Exmr. |
|---|---|---|



66534 U.S. PTO
08/964328
11/05/97

**PATENT APPLICATION**

08964328

APPROVED FOR LICENSE ☐

INITIALS JAN 2 4 98 94

ABANDONED

## CONTENTS

| Date Entered or Counted | | Contents | Date Received or Mailed |
|---|---|---|---|
| | 1. | Application ____ papers. | |
| | 2. | Ltr re Bd. on Dom. | 2-24-98 |
| | 3. | LTR. RE. Fee-Surcharge | 3-26-98 |
| | 4. | Disclosure Statement | 2/13/98 |
| | 5. | CFR | 3-13-98 |
| | 6. | IDS | 8-17-98 |
| T 9-30 | 7. | Rej (3) | 10-14-98 |
| | 8. | Ext of Time (3) | 4-16-99 |
| | 9. | Amdt A | 4-16-99 |
| T 7-6 | 10. | Rejection (3mo) | 07/21/99 |
| | 11. | Supp Amdt | 7/16/99 |
| | 12. | Req. Time Ext 3mo | 1/20/00 |
| m 2-14 | 13. | Notice of Abandonment | 02-16-00 |
| | 14. | Request for access | 9-25-01 |
| | 15. | Request for access | 1/24/02 |
| | 16. | Request for access | 1/29/02 |
| | 17. | Request for access | 3/4/02 |
| | 18. | [illegible] | 3-5-02 |
| | 19. | Request for access | 6-19-02 |
| | 20. | Request for access | 7-23-02 |
| | 21. | Request for access | 8/6/02 |
| | 22. | Request for access | 9-18-02 |
| | 23. | Request for access | 11-4-02 |
| | 24. | Request for access | 12-9-02 |
| | 25. | Request for access | 2/18/03 |
| | 26. | Request for access | 3/11/03 |
| | 27. | Request for access | 4/24/03 |
| | 28. | Request for access | 5/1/03 |
| | 29. | | |
| | 30. | | |
| | 31. | | |
| | 32. | | |

A COVERBIND® COVER 1-800-366-6060
Classic PTO-1683-DB for 181 to 240 sheets

WYETH 002-000788

PTO-1683
(Rev. 7-96)

WYETH 002-000789

# EXHIBIT 13



IW 992372

# THE UNITED STATES OF AMERICA

TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

April 28, 2003

THIS IS TO CERTIFY THAT ANNEXED IS A TRUE COPY FROM THE RECORDS OF THIS OFFICE OF THE FILE WRAPPER AND CONTENTS OF:

APPLICATION NUMBER: *09/488,629*
FILING DATE: *January 20, 2000*
PATENT NUMBER: *6,274,171*
ISSUE DATE: *August 14, 2001*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

H. PHILLIPS
Certifying Officer

WYETH 002-000001

424 461 Class Subclass ISSUE CLASSIFICATION

09/488629 01/20/00

PATENT NUMBER

6274171

U.S. UTILITY Patent Application

O.I.P.E.

PATENT DATE AUG 14 2001

| APPLICATION NO. | CONT/PRIOR | CLASS | SUBCLASS | ART UNIT | EXAMINER |
|---|---|---|---|---|---|
| 09/488629 | D | 424 | 461 | 1615 | SPEAR |

APPLICANTS: Deborah Sherman, John Clark, John Lamer 08/964,328

TITLE: Extended release formulation

PTO-2040 12/99

## ISSUING CLASSIFICATION

| ORIGINAL | | CROSS REFERENCE(S) | | | | | | |
|---|---|---|---|---|---|---|---|---|
| CLASS | SUBCLASS | CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) | | | | | |
| 424 | 461 | 424 | 457 | 458 | 459 | | | |
| INTERNATIONAL CLASSIFICATION | | 514 | 781 | 962 | | | | |
| A61K 9/52 | | | | | | | | |
| A61K 9/54 | | | | | | | | |
| A61K 9/62 | | | | | | | | |

☐ Continued on Issue Slip Inside File Jacket

| TERMINAL DISCLAIMER | DRAWINGS | | | CLAIMS ALLOWED | |
|---|---|---|---|---|---|
| | Sheets Drwg. | Figs. Drwg. | Print Fig. | Total Claims | Print Claim for O.G. |
| | 0 | 0 | 0 | 25 | 1 |

☐ The term of this patent subsequent to ____________ (date) has been disclaimed.

(Assistant Examiner) (Date)

NOTICE OF ALLOWANCE MAILED: 5/09/01

☐ The term of this patent shall not extend beyond the expiration date of U.S Patent. No. ____________

JAMES M. SPEAR
PRIMARY EXAMINER
ART UNIT 1615

James M. Spear 5-7-01
(Primary Examiner) (Date)

ISSUE FEE

| Amount Due | Date Paid |
|---|---|
| 1240.00 | 6/18/01 |

☐ The terminal ___ months of this patent have been disclaimed.

(Legal Instruments Examiner) 6/12/01 (Date)

ISSUE BATCH NUMBER: G14

**WARNING:**
The information disclosed herein may be restricted. Unauthorized disclosure may be prohibited by the United States Code Title 35, Sections 122, 181 and 368. Possession outside the U.S. Patent & Trademark Office is restricted to authorized employees and contractors only.

Form PTO-436A (Rev. 6/99)

FILED WITH: ☐ DISK (CRF) ☐ FICHE ☐ CD-ROM
(Attached in pocket on right inside flap)

Issue Fee In File

(FACE)



UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
WASHINGTON, D.C. 20231
www.uspto.gov

Bib Data Sheet

CONFIRMATION NO. 4728

| SERIAL NUMBER | FILING DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 09/488,629 | 01/20/2000 RULE | 424 | 1615 | AHP-95011-P2 |

APPLICANTS

Deborah M. Sherman, Plattsburgh, NY;
John C. Clark, Peru, NY;
John U. Lamer, St. Albans, VT;
Steven A. White, Champlain, NY;

** CONTINUING DATA *************************

THIS APPLICATION IS A CIP OF 08/964,328 11/05/1997 ABN
WHICH IS A CIP OF 08/821,137 03/20/1997 ABN
AND CLAIMS BENEFIT OF 60/014,006 03/25/1996

** FOREIGN APPLICATIONS ********************

IF REQUIRED, FOREIGN FILING LICENSE GRANTED ** 03/20/2000

| Foreign Priority claimed: ☐ yes ☑ no<br>35 USC 119 (a-d) conditions met: ☐ yes ☑ no ☐ Met after Allowance<br>Verified and Acknowledged: Spear — Examiner's Signature — Initials | STATE OR COUNTRY | SHEETS DRAWING | TOTAL CLAIMS | INDEPENDENT CLAIMS |
|---|---|---|---|---|
| | NY | | 22 | 4 |

ADDRESS

25291

TITLE

EXTENDED RELEASE FORMULATION OF VENLAFAXINE HYDROCHLORIDE

| FILING FEE RECEIVED | | |
|---|---|---|
| 1228 | FEES: Authority has been given in Paper No. ________ to charge/credit DEPOSIT ACCOUNT No. ________ for following: | ☐ All Fees<br>☐ 1.16 Fees ( Filing )<br>☐ 1.17 Fees ( Processing Ext. of time )<br>☐ 1.18 Fees ( Issue )<br>☐ Other ________<br>☐ Credit |



US006274171B1

(12) **United States Patent**
(10) **Patent No.:** **US 6,274,171 B1**
(45) **Date of Patent:** **Aug. 14, 2001**

**Sherman et al.**

(54) **EXTENDED RELEASE FORMULATION OF VENLAFAXINE HYDROCHLORIDE**

(75) Inventors: Deborah M. Sherman, Plattsburgh; John C. Clark, Peru, both of NY (US); John U. Lamer, St. Albans, VT (US); Steven A. White, Champlain, NY (US)

(73) Assignee: American Home Products Corporation, Madison, NJ (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: 09/488,629

(22) Filed: Jan. 20, 2000

**Related U.S. Application Data**

(63) Continuation-in-part of application No. 08/964,328, filed on Nov. 5, 1997, now abandoned, which is a continuation-in-part of application No. 08/821,137, filed on Mar. 20, 1997, now abandoned.

(60) Provisional application No. 60/014,006, filed on Mar. 25, 1996.

(51) Int. Cl.[7] ........................ A61K 9/52; A61K 9/54; A61K 9/62

(52) U.S. Cl. ........................ 424/461; 424/457; 424/458; 424/459; 514/781; 514/962

(58) Field of Search ........................ 424/495, 494, 424/461, 458, 459, 457, 456, 462

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 3,954,959 | 5/1976 | Pedersen | 424/21 |
| 4,138,475 * | 2/1979 | McAinsh et al. | 424/19 |
| 4,369,172 | 1/1983 | Schor et al. | 424/19 |
| 4,389,393 | 6/1983 | Schor et al. | 424/19 |
| 4,535,186 | 8/1985 | Husbands et al. | 564/336 |
| 4,966,768 | 10/1990 | Michelucci et al. | 424/468 |
| 5,506,270 | 4/1996 | Upton et al. | 514/730 |
| 5,552,429 * | 9/1996 | Wong et al. | 514/415 |

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| 0654264 | 11/1994 | (EP) . |
| 0667150 | 1/1995 | (EP) . |
| 0797991 | 10/1997 | (EP) . |
| 9427589 | 12/1994 | (WO) . |
| 9737640 | 10/1997 | (WO) . |

* cited by examiner

*Primary Examiner*—James M. Spear
(74) *Attorney, Agent, or Firm*—Rebecca R. Barrett

(57) **ABSTRACT**

This invention relates to a 24 hour extended release dosage formulation and unit dosage form thereof of venlafaxine hydrochloride, an antidepressant, which provides better control of blood plasma levels than conventional tablet formulations which must be administered two or more times a day and further provides a lower incidence of nausea and vomiting than the conventional tablets. More particularly, the invention comprises an extended release formulation of venlafaxine hydrochloride comprising a therapeutically effective amount of venlafaxine hydrochloride in spheroids comprised of venlafaxine hydrochloride, microcrystalline cellulose and, optionally, hydroxypropylmethylcellulose coated with a mixture of ethyl cellulose and hydroxypropylmethylcellulose.

**25 Claims, No Drawings**

## EXTENDED RELEASE FORMULATION OF VENLAFAXINE HYDROCHLORIDE

This application continuation-in-part of Application Ser. No. 08/964,328, filed Nov. 5, 1997 abandoned, which is a continuation-in-part of Application Ser. No. 08/821,137, filed Mar. 20, 1997 abandoned, which, in turn, claims priority from Provisional Application No. 60/014,006 filed Mar. 25, 1996.

### BACKGROUND OF THE INVENTION

Extended release drug formulations are conventionally produced as compressed tablets by hydrogel tablet technology. To produce these sustained release tablet drug dosage forms, the active ingredient is conventionally compounded with cellulose ethers such as methyl cellulose, ethyl cellulose or hydroxypropylmethylcellulose with or without other excipients and the resulting mixture is pressed into tablets. When the tablets are orally administered, the cellulose ethers in the tablets swell upon hydration from moisture in the digestive system, thereby limiting exposure of the active ingredient to moisture. As the cellulose ethers are gradually leached away by moisture, water more deeply penetrates the gel matrix and the active ingredient slowly dissolves and diffuses through the gel, making it available for absorption by the body. An example of such a sustained release dosage form of the analgesic/anti-inflammatory drug etodolac (Lodine®) appears in U.S. Pat. No. 4,966,768. U.S. Pat. No. 4,389,393 discloses sustained release therapeutic compressed solid unit dose forms of an active ingredient plus a carrier base comprised of a high molecular weight hydroxypropylmethylcellulose, methyl cellulose, sodium carboxymethylcellulose and or other cellulose ether.

Where the production of tablets is not feasible, it is conventional in the drug industry to prepare encapsulated drug formulations which provide extended or sustained release properties. In this situation, the extended release capsule dosage forms may be formulated by mixing the drug with one or more binding agents to form a uniform mixture which is then moistened with water or a solvent such as ethanol to form an extrudable plastic mass from which small diameter, typically 1 mm, cylinders of drug/matrix are extruded, broken into appropriate lengths and transformed into spheroids using standard spheronization equipment. The spheroids, after drying, may then be film-coated to retard dissolution. The film-coated spheroids may then be placed in pharmaceutically acceptable capsules, such as starch or gelatin capsules, in the quantity needed to obtain the desired therapeutic effect. Spheroids releasing the drug at different rates may be combined in a capsule to obtain desired release rates and blood levels. U.S. Pat. No. 4,138,475 discloses a sustained release pharmaceutical composition consisting of a hard gelatin capsule filled with film-coated spheroids comprised of propanolol in admixture with microcrystalline cellulose wherein the film coating is composed of ethyl cellulose, optionally, with hydroxypropylmethylcellulose and/or a plasticizer.

Venlafaxine, 1-[2-dimethylamino)-1-(4-methoxyphenyl)ethyl]cyclohexanol, is an important drug in the neuropharmacological arsenal used for treatment of depression. Venlafaxine and the acid addition salts thereof are disclosed in U.S. Pat. No. 4,535,186. Venlafaxine hydrochloride is presently administered to adults in compressed tablet form in doses ranging from 75 to 350 mg/day, in divided doses two or three times a day. In therapeutic dosing with venlafaxine hydrochloride tablets, rapid dissolution results in a rapid

increase in blood plasma levels of the active compound shortly after administration followed by a decrease in blood plasma levels over several hours as the active compound is eliminated or metabolized, until subtherapeutic plasma levels are approached after about twelve hours following administration, thus requiring additional dosing with the drug. With the plural daily dosing regimen, the most common side effect is nausea, experienced by about forty five percent of patients under treatment with venlafaxine hydrochloride. Vomiting also occurs in about seventeen percent of the patients.

### BRIEF DESCRIPTION OF THE INVENTION

In accordance with this invention, there is provided an extended release (ER), encapsulated formulation containing venlafaxine hydrochloride as the active drug s component, which provides in a single dose, a therapeutic blood serum level over a twenty four hour period.

Through administration of the venlafaxine formulation of this invention, there is provided a method for obtaining a flattened drug plasma concentration to time profile, thereby affording a tighter plasma therapeutic range control than can be obtained with multiple daily dosing. In other words, this invention provides a method for eliminating the sharp peaks and troughs (hills and valleys) in blood plasma drug levels induced by multiple daily dosing with conventional immediate release venlafaxine hydrochloride tablets. In essence, the plasma levels of venlafaxine is hydrochloride rise, after administration of the extended release formulations of this invention, for between about five to about eight hours (optimally about six hours) and then begin to fall through a protracted, substantially linear decrease from the peak plasma level for the remainder of the twenty four hour period, maintaining at least a threshold therapeutic level of the drug during the entire twenty-four period. In contrast, the conventional immediate release venlafaxine hydrochloride tablets give peak blood plasma levels in 2 to 4 hours. Hence, in accordance with the use aspect of this invention, there is provided a method for moderating the plural blood plasma peaks and valleys attending the pharmacokinetic utilization of multiple daily tablet dosing with venlafaxine hydrochloride which comprises administering to a patient in need of treatment with venlafaxine hydrochloride, a one-a-day, extended release formulation of venlafaxine hydrochloride.

The use of the one-a-day venlafaxine hydrochloride formulations of this invention reduces by adaptation, the level of nausea and incidence of emesis that attend the administration of multiple daily dosing. In clinical trials of venlafaxine hydrochloride ER, the probability of developing nausea in the course of the trials was greatly reduced after the first week. Venlafaxine ER showed a statistically significant improvement over conventional venlafaxine hydrochloride tablets in two eight-week and one 12 week clinical studies. Thus, in accordance with this use aspect of the invention there is provided a method for reducing the level of nausea and incidence of emesis attending the administration of venlafaxine hydrochloride which comprises dosing a patient in need of treatment with venlafaxine hydrochloride with an extended release formulation of venlafaxine hydrochloride once a day in a therapeutically effective amount.

The formulations of this invention comprise an extended release formulation of venlafaxine hydrochloride comprising a therapeutically effective amount of venlafaxine hydrochloride in spheroids comprised of venlafaxine hydrochloride, microcrystalline cellulose and, optionally,

hydroxypropylmethylcellulose coated with a mixture of ethyl cellulose and hydroxypropylmethylcellulose. Unless otherwise noted, the percentage compositions mentioned herein refer to percentages of the total weight of the final composition or formulation.

More particularly, the extended release formulations of this invention are those above wherein the spheroids are comprised of from about 6% to about 40% venlafaxine hydrochloride by weight, about 50% to about 95% microcrystalline cellulose, NF, by weight, and, optionally, from about 0.25% to about 1% by weight of hydroxypropylmethylcellulose, USP, and coated with from about 2% to about 12% of total weight of film coating comprised of from about 80% to about 90% by weight of film coating of ethyl cellulose, NF, and from about 10% to about 20% by weight of film coating of hydroxypropylmethylcellulose, USP.

A preferred embodiment of this invention are formulations wherein the spheroids are comprised of about 30% to about 40% venlafaxine hydrochloride by weight, about 50% to about 70% microcrystalline cellulose, NF, by weight, and, optionally, from about 0.25% to about 1% by weight of hydroxypropylmethylcellulose, USP, and coated with from about 2% to about 12% of total weight of film coating comprised of from about 80% to about 90% by weight of film coating of ethyl cellulose, NF, and from about 10% to about 20% by weight of film coating of hydroxypropylmethylcellulose, USP.

Another preferred lower dose formulation of this invention are those wherein the spheroids are comprised less than 30% venlafaxine hydrochloride. These formulations comprise spheroids of from about 6% to about 30% venlafaxine hydrochloride by weight, about 70% to about 94% microcrystalline cellulose, NF, by weight, and, optionally, from about 0.25% to about 1% by weight of hydroxypropylmethylcellulose, USP, and coated with from about 2% to about 12% of total weight of film coating comprised of from about 80% to about 90% by weight of film coating of ethyl cellulose, NF, and from about 10% to about 20% by weight of film coating of hydroxypropylmethylcellulose, USP.

Within this subgroup of lower dose formulations are formulations in which the spheroids are comprised of from about 6% to about 25% venlafaxine hydrochloride and from about 94% to about 75% microcrystalline cellulose, with an optional amount of from 0.25% to about 1% by weight of hydroxypropylmethylcellulose. Another preferred subgroup of spheroids in these formulations comprises from about 6% to about 25% venlafaxine hydrochloride and from about 94% to about 75% microcrystalline cellulose, with an optional amount of from 0.25% to about 1% by weight of hydroxypropylmethylcellulose. A further preferred subgroup of spheroids in these formulations comprises from about 6% to about 20% venlafaxine hydrochloride and from about 94% to about 80% microcrystalline cellulose, with an optional amount of from 0.25% to about 1% by weight of hydroxypropylmethylcellulose. Within each of these subgroups is understood to be formulations in which the spheroids are comprised of venlafaxine HCl and microcrystalline cellulose in the amounts indicated, with no hydroxypropylmethylcellulose present. Each of these formulations is also preferably contained in a gelatin capsule, preferably a hard gelatin capsule.

## DETAILED DESCRIPTION OF THE INVENTION

1-[2-(dimethylamino)-1-(4-methoxyphenyl)ethyl] cyclohexanol hydrochloride is polymorphic. Of the forms isolated and characterized to date, Form I is considered to be the kinetic product of crystallization which can be converted to Form II upon heating in the crystallization solvent. Forms I and II cannot be distinguished by their melting points but do exhibit some differences in their infrared spectra and X-ray diffraction patterns. Any of the polymorphic forms such as Form I or Form II may be used in the formulations of the present invention.

The extended release formulations of this invention are comprised of 1-[2-(dimethylamino)-1-(4-methoxyphenyl) ethyl]cyclohexanol hydrochloride in admixture with microcrystalline cellulose and hydroxypropylmethylcellulose. Formed as beads or spheroids, the drug containing formulation is coated with a mixture of ethyl cellulose and hydroxypropylmethyl cellulose to provide the desired level of coating, generally from about two to about twelve percent on a weight/weight basis of final product or more preferably from about five to about ten percent (w/w), with best results obtained at from about 6 to about 8 percent (w/w). More specifically, the extended release spheroid formulations of this invention comprise from about 30 to 40 percent venlafaxine hydrochloride, from about 50 to about 70 percent microcrystalline cellulose, NF, from about 0.25 to about 1 percent hydroxypropylmethylcellulose, USP, and from about 5 to about 10 percent film coating, all on a weight/weight basis. And preferably, the spheroid formulations contain about 35 percent venlafaxine hydrochloride, about 55 to 60 percent microcrystalline cellulose NF (Avicel® PH101), about one half percent hydroxypropylmethylcellulose 2208 USP (K3, Dow, which has a viscosity of 3 cps for 2% aqueous solutions, a methoxy content of 19–24% and a hydroxypropoxy content of 4–13%), and from about 6 to 8 percent film coating.

The film coating is comprised of 80 to 90 percent of ethyl cellulose, NF and 10 to 20 percent hydroxypropylmethylcellulose (2910), USP on a weight/weight basis. Preferably the ethyl cellulose has a ethoxy content of 44.0–51% and a viscosity of 50 cps for a 5% aqueous solution and the hydroxypropylmethylcellulose is USP 2910 having a viscosity of 6 cps at 2% aqueous solution with a methoxy content of 28–30% and a hydroxypropoxy content of 7–12%. The ethyl cellulose used herein is Aqualon HG 2834.

Other equivalents of the hydroxypropylmethylcelluloses 2208 and 2910 USP and ethyl cellulose, NF, having the same chemical and physical characteristics as the proprietary products named above may be substituted in the formulation without changing the inventive concept. Important characteristics of suitable hydroxypropylmethylcelluloses include a low viscosity, preferably less than 10 cps and more preferably 2–5 cps, and a gel temperature above that of the temperature of the extrudate during extrusion. As explained below, these and other characteristics which enable the extrudate to remain moist and soft (pliable) are preferred for the hydroxypropylmethylcellulose. In the examples below, the extrudate temperature was generally 50–55° C.

It was completely unexpected that an extended release formulation containing venlafaxine hydrochloride could be obtained because the hydrochloride of venlafaxine proved to be extremely water soluble. Numerous attempts to produce extended release tablets by hydrogel technology proved to be fruitless because the compressed tablets were either physically unstable (poor compressibility or capping problems) or dissolved too rapidly in dissolution studies. Typically, the tablets prepared as hydrogel sustained release formulations gave 40–50% dissolution at 2 hrs, 60–70% dissolution at 4 hrs and 85–100% dissolution at 8 hrs.

Numerous spheroid formulations were prepared using different grades of microcrystalline cellulose and hydroxypropylmethylcellulose, different ratios of venlafaxine hydrochloride and filler, different binders such as polyvinylpyrrolidone, methylcellulose, water, and polyethylene glycol of different molecular weight ranges in order to find a formulation which would provide a suitable granulation mix which could be extruded properly. In the extrusion process, heat buildup occurred which dried out the extrudate so much that it was difficult to convert the extruded cylinders into spheroids. Addition of hydroxypropylmethylcellulose 2208 to the venlafaxine hydrochloride-microcrystalline cellulose mix made production of spheroids practical.

The encapsulated formulations of this invention may be produced in a uniform dosage for a specified dissolution profile upon oral administration by techniques understood in the art. For instance, the spheroid components may be blended for uniformity with a desired concentration of active ingredient, then spheronized and dried. The resulting spheroids can then be sifted through a mesh of appropriate pore size to obtain a spheroid batch of uniform and prescribed size.

The resulting spheroids can be coated and resifted to remove any agglomerates produced in the coating steps. During the coating process samples of the coated spheroids may be tested for their distribution profile. If the dissolution occurs too rapidly, additional coating may be applied until the spheroids present a desired dissolution rate.

The following examples are presented to illustrate applicant's solution to the problem of preparation of the extended release drug containing formulations of this invention.

## EXAMPLE NO. 1

### Venlafaxine Hydrochloride Extended Release Capsules

A mixture of 44.8 parts (88.4% free base) of venlafaxine hydrochloride, 74.6 parts of the microcrystalline cellulose, NF, and 0.60 parts of hydroxypropylmethyl cellulose 2208, USP, are blended with the addition of 41.0 parts water. The plastic mass of material is extruded, spheronized and dried to provide uncoated drug containing spheroids.

Stir 38.25 parts of ethyl cellulose, NF, HG2834 and 6.75 parts of hydroxypropylmethylcellulose 2910, USP in a 1:1 v/v mixture of methylene chloride and anhydrous methanol until solution of the film coating material is complete.

To a fluidized bed of the uncoated spheroids is applied 0.667 parts of coating solution per part of uncoated spheroids to obtain extended release, film coated spheroids having a coating level of 3%.

The spheroids are sieved to retain the coated spheroids of a particle size between 0.85 mm to 1.76 mm diameter. These selected film coated spheroids are filled into pharmaceutically acceptable capsules conventionally, such as starch or gelatin capsules.

## EXAMPLE NO. 2

Same as for Example 1 except that 1.11 parts of the film coating solution per part of uncoated spheroids is applied to obtain a coating level of 5%.

## EXAMPLE NO. 3

Same as for Example 1 except that 1.33 parts of the film coating solution is applied to 1 part of uncoated spheroids to obtain a coating level of 6%.

## EXAMPLE NO. 4

Same as for Example 1 except that 1.55 parts of the film coating solution is applied to 1 part of uncoated spheroids to obtain a coating level of 7%.

In the foregoing failed experiments and in Examples 1–4, the extrusion was carried out on an Alexanderwerk extruder. Subsequent experiments carried out on Hutt and Nica extruders surprisingly demonstrated that acceptable, and even improved, spheroids could be made without the use of an hydroxypropylmethylcellulose.

In such further experiments the applicability of the invention was extended to formulations wherein the weight percentage of venlafaxine hydrochloride is 6% to 40%, preferably 8% to 35%. Thus, the extended release spheroid formulations of this invention comprise from about 6 to about 40 percent venlafaxine hydrochloride, from about 50 to about 94 percent microcrystalline cellulose, NF, optionally, from about 0.25 to about 1 percent hydroxypropylmethylcellulose, and from about 2 to about 12 percent, preferably about 3 to 9 percent, film coating.

Spheroids of the invention were produced having 8.25% (w/w) venlafaxine hydrochloride and the remainder (91.75%, w/w) being microcrystalline cellulose, with a coating of from 3 to 5% (w/w), preferably 4%, of the total weight. The spheroids with 8.25% venlafaxine hydrochloride and 4% coating were filled into No. 2 white opaque shells with a target fill weight of 236 mg.

Further spheroids of the invention were produced having 16.5% (w/w) venlafaxine hydrochloride and the remainder (83.5%,w/w) being microcrystalline-cellulose, with a coating of from 4 to 6% (w/w), preferably 5%, of the total weight. The spheroids 16.5% venlafaxine hydrochloride and 5% coating were filled into No. 2 white opaque shells with a target fill weight of 122 mg.

The test for acceptability of the coating level is determined by analysis of the dissolution rate of the finished coated spheroids prior the encapsulation. The dissolution procedure followed uses USP Apparatus 1 (basket) at 100 rpm in purified water at 37° C.

Conformance with the dissolution rate given in Table 1 provides the twenty-four hour therapeutic blood levels for the drug component of the extended release capsules of this invention in capsule form. Where a given batch of coated spheroids releases drug too slowly to comply with the desired dissolution rate study, a portion of uncoated spheroids or spheroids with a lower coating level may be added to the batch to provide, after thorough mixing, a loading dose for rapid increase of blood drug levels. A batch of coated spheroids that releases the drug too rapidly can receive additional film-coating to give the desired dissolution profile.

TABLE 1

Acceptable Coated Spheroid Dissolution Rates

| Time (hours) | Average % Venlafaxine HCl released |
|---|---|
| 2 | <30 |
| 4 | 30–55 |
| 8 | 55–80 |
| 12 | 65–90 |
| 24 | >80 |

Batches of the coated venlafaxine hydrochloride containing spheroids which have a dissolution rate corresponding to that of Table 1 are filled into pharmaceutically acceptable

WYETH 002-000007

capsules in an amount needed to provide the unit dosage level desired. The standard unit dosage immediate release (IR) tablet used presently provides amounts of venlafaxine hydrochloride equivalent to 25 mg, 37.5 mg, 50 mg, 75 mg and 100 mg venlafaxine. The capsules of this invention are filled to provide an amount of venlafaxine hydrochloride equivalent to that presently used in tablet form and also up to about 150 mg venlafaxine hydrochloride.

Dissolution of the venlafaxine hydrochloride ER capsules is determined as directed in the U. S. Pharmacopoeia (USP) using apparatus 1 at 100 rpm on 0.9 L of water. A filtered sample of the dissolution medium is taken at the times specified. The absorbance of the clear solution is determined from 240 to 450 nanometers (nm) against the dissolution medium. A baseline is drawn from 450 nm through 400 nm and extended to 240 nm. The absorbance at the wavelength of maximum absorbance (about 274 nm) is determined with respect to this baseline. Six hard gelatin capsules are filled with the theoretical amount of venlafaxine hydrochloride spheroids and measured for dissolution. Standard samples consist of venlafaxine hydrochloride standard solutions plus a gelatin capsule correction solution.

The percentage of venlafaxine released is determined from the equation

$$\% \text{ Venlafaxine hydrochloride released} = \frac{(As)(Wr)(S)(V1)(0.888)(100)}{(Ar)(V2)(C)}$$

where As is absorbance of sample preparation, Wr is weight of reference standard, mg; S is strength of the reference standard, decimal; V1 is the volume of dissolution medium used to dissolve the dosage form, mL; 0.884 is the percent free base, Ar is the absorbance of the standard preparation, V2 is the volume of reference standard solution, mL; and C is the capsule claim in mg.

Table 2 shows the plasma level of venlafaxine versus time for one 75 mg conventional Immediate Release (IR) tablet administered every 12 hours, two 75 mg extended release (ER) capsules administered simultaneously every 24 hours, and one 150 mg extended release (ER) capsule administered once every 24 hours in human male subjects. The subjects were already receiving venlafaxine hydrochloride according to the dosage protocol, thus the plasma blood level at zero time when dosages were administered is not zero.

TABLE 2

Plasma venlafaxine level (ng/mL) versus time, conventional tablet (not extended release) versus ER capsule

| Time (hours) | 75 mg (IR)tablet (q 12 h) | 2 × 75 mg (ER)capsules (q 24 hr) | 1 × 150 mg (ER)capsules (q 24 h) |
|---|---|---|---|
| 0 | 62.3 | 55.0 | 55.8 |
| 0.5 | 76.3 | | |
| 1 | 135.6 | 53.3 | 53.2 |
| 2 | 212.1 | 69.8 | 70.9 |
| 4 | 162.0 | 138.6 | 133.3 |
| 6 | 114.6 | 149.0 | 143.5 |
| 8 | 86.7 | 129.3 | 129.5 |
| 10 | | 118.4 | 114.4 |
| 12 | 51.9 | 105.1 | 105.8 |
| 12.5 | 74.7 | | |
| 13 | 127.5 | | |
| 14 | 161.3 | 90.5 | 91.3 |
| 16 | 134.6 | 78.2 | 78.5 |
| 18 | 106.2 | | |
| 20 | 83.6 | 62.7 | 63.3 |
| 24 | 57.6 | 56.0 | 57.3 |

Table 2 shows that the plasma levels of two 75 mg/capsule venlafaxine hydrochloride ER capsules and one 150 mg/capsule venlafaxine hydrochloride ER capsule provide very similar blood levels. The data also show that the plasma level after 24 hours for either extended release regimen is very similar to that provided by two immediate release 75 mg tablets of venlafaxine hydrochloride administered at 12 hours intervals.

Further, the plasma levels of venlafaxine obtained with the extended release formulation do not increase to the peak levels obtained with the conventional immediate release tablets given 12 hours apart. The peak level of venlafaxine from (ER), somewhat below 150 ng/ml, is reached in about six hours, plus or minus two hours, based upon this specific dose when administered to patients presently under treatment with venlafaxine hydrochloride (IR). The peak plasma level of venlafaxine, somewhat over 200 ng/ml, following administration of (IR) is reached in two hours and falls rapidly thereafter.

Table 3 shows venlafaxine blood plasma levels in male human subjects having a zero initial blood plasma level. Again, a peak blood plasma concentration of venlafaxine is seen at about 6 hours after dosing with venlafaxine hydrochloride extended release capsules in the quantities indicated. The subjects receiving the single 50 mg immediate release tablet showed a peak plasma level occurring at about 4. hours. For comparative purposes, the plasma levels of venlafaxine for subjects receiving the conventional formulated tablet can be multiplied by a factor of three to approximate the plasma levels expected for a single dose of 150 mg. conventional formulation.

TABLE 3

Plasma Blood Levels in Human Males Having No Prior Venlafaxine Blood Level

| Time (Hours) | 1 × 50 mg IR tablet | 2 × 75 mg ER capsules | 1 × 150 mg ER capsule |
|---|---|---|---|
| 0 | 0 | 0 | 0 |
| 1 | 27.87 | 13 | 0 |
| 1.5 | 44.12 | 6.0 | 2.2 |
| 2 | 54.83 | 20.6 | 12.8 |
| 4 | 66.38 | 77.0 | 81.0 |
| 6 | 49.36 | 96.5 | 94.4 |
| 8 | 30.06 | 93.3 | 86.9 |
| 10 | 21.84 | 73.2 | 72.8 |
| 12 | 15.91 | 61.3 | 61.4 |
| 14 | 13.73 | 52.9 | 51.9 |
| 16 | 10.67 | 47.5 | 41.1 |
| 20 | 5.52 | 35.2 | 34.0 |
| 24 | 3.56 | 29.3 | 28.5 |
| 28 | 2.53 | 23.4 | 22.9 |
| 36 | 1.44 | 11.9 | 13.5 |
| 48 | 0.66 | 5.8 | 5.2 |

The blood plasma levels of venlafaxine were measured according to the following procedure. Blood samples from the subjects were collected in heparinized evacuated blood tubes and the tubes were inverted gently several times. As

WYETH 002-000008

quickly as possible, the tubes were centrifuged at 2500 rpm for 15 minutes. The plasma was pipetted into plastic tubes and stored at −20° C. until analysis could be completed.

To 1 mL of each plasma sample in a plastic tube was added 150 µL of a stock internal standard solution (150 µg/ml). Saturated sodium borate (0.2 mL) solution was added to each tube and vortexed. Five mL of ethyl ether was added to each tube which were then capped and shaken for 10 minutes at high speed. The tubes were centrifuged at 3000 rpm for 5 minutes. The aqueous layer was frozen in dry ice and the organic layer transferred to a clean screw cap tube. A 0.3 mL portion of 0.01 N HCl solution was added to each tube and shaken for 10 minutes at high speed. The aqueous layer was frozen and the organic layer removed and discarded. A 50 µL portion of the mobile phase (23:77 acetonitrile:0.1M monobasic ammonium phosphate buffer, pH 4.4) was added to each tube, vortexed, and 50 µL samples were injected on a Supelco Supelcoil LC-8-DB, 5 cm×4.6 mm, 5 µ; column in a high pressure liquid chromatography apparatus equipped with a Waters Lambda Max 481 detector or equivalent at 229 nm. Solutions of venlafaxine hydrochloride at various concentrations were used as standards.

EXAMPLE NO. 5

Manufactured by the techniques described herein, another preferred formulation of this invention comprises spheroids of from about 30% to about 35% venlafaxine hydrochloride and from about 0.3% to about 0.6% hydroxypropylmethylcellulose. These spheroids are then coated with a film coating, as described above, to a coating level of from about 5% to about 9%, preferably from about 6% to about 8%. A specific formulation of this type comprises spheroids of about 33% venlafaxine hydrochloride and about 0.5% hydroxypropylmethylcellulose, with a film coating of about 7%.

Lower dosage compositions or formulations of this invention may also be produced by the techniques described herein. These lower dosage forms may be administered alone for initial titration or initiation of treatment, prior to a dosage increase. They may also be used for an overall low-dose administration regimen or in combination with higher dosage compositions, such as capsule formulations, to optimize individual dosage regimens.

These lower dose compositions may be used to create encapsulated formulations, such as those containing doses of venlafaxine hydrochloride from about 5 mg to about 50 mg per capsule. Particular final encapsulated dosage forms may include, but are not limited to, individual doses of 7.5 mg, 12.5 mg, 18.75 mg, or 28.125 mg of venlafaxine HCl per capsule.

The spheroids useful in these lower dose formulations may comprise from about 5% to about 29.99% venlafaxine HCl, preferably from about 5% to about 25%, from about 75% to about 95% microcrystalline cellulose, and, optionally from about 0.25% to about 1.0% hydroxypropylmethylcellulose. The spheroids may be coated as described above, preferably with a film coating of from about 5% to about 10% by is weight. In some preferred formulations, the spheroids comprise the cited venlafaxine HCl and microcrystalline cellulose, with no hydroxypropylmethyl cellulose.

EXAMPLE NO. 6

Spheroids comprising 16.5% venlafaxine HCl and 83.5% microcrystalline cellulose were mixed with approximately 50% water (w/w) to granulate in a Littleford Blender Model FM-50E/1Z (Littleford Day Inc., P.O. Box 128, Florence, Ky. 41022-0218, U.S.A.) at a fixed speed of 180 rpm. The blended material was extruded through a 1.25 mm screen using a Nica extruder/speronization machine (Aeromatic-Fielder Division, Niro Inc., 9165 Rumsey Rd., Columbia, Md. 21045, U.S.A.) for a 12/20 mesh cut after drying. Two portions of the resulting spheroids were coated with a 5% and 7% coating level, respectively, by techniques described above using the coating formulation:

| Ingredient | % (w/w) |
|---|---|
| Methylene Chloride | 60.000 |
| Methanol Anhydrous | 35.500 |
| Ethylcellulose, NF, HG 2834, 50 cps | 3.825 |
| Hydroxypropyl Methylcellulose, 2910 USP, 6 cps | 0.675 |

These 5% and 7% coated lots were tested for dissolution on a Hewlett Packard automated dissolution system over a 24 hour period, resulting in the following dissolution patterns

| Time/hr | % Dissolved 16.5%/5% | % Dissolved 16.5%/7% |
|---|---|---|
| 2 | 12.4 | 5.6 |
| 4 | 42.8 | 25.4 |
| 8 | 70.7 | 60.4 |
| 12 | 82.2 | 75.4 |
| 24 | 94.3 | 92.7 |

EXAMPLE NO. 7

A formulation of spheroids containing 8.25% venlafaxine HCl and 91.75% microcellulose was prepared according to the techniques of Example No. 6 and coated with a 5% film coating. In the Hewlett Packard automated dissolution system these spheroids provided the following dissolution profile:

| Time/hr | % Dissolved 8.25%/5% |
|---|---|
| 2 | 4.4 |
| 4 | 24.2 |
| 8 | 62.9 |
| 12 | 77.8 |
| 24 | 93.5 |

Thus, the desired dissolution rates of sustained release dosage forms of venlafaxine hydrochloride, impossible to achieve with hydrogel tablet technology, has been achieved with the film-coated spheroid compositions of this invention.

What is claimed is:

1. An extended release formulation of venlafaxine hydrochloride comprising a pharmaceutically acceptable capsule containing spheroids comprised of from about 6% to about 40% venlafaxine hydrochloride by weight, about 50% to about 94% microcrystalline cellulose, NF, by weight, and optionally from about 0.25% to about 1% by weight of hydroxypropyl-methylcellulose, USP, wherein the spheroids are coated with a film coating composition comprised of ethyl cellulose and hydroxypropylmethylcellulose.

WYETH 002-000009

2. An extended release formulation of venlafaxine hydrochloride according to claim 1 which provides peak serum levels of up to 150 ng/ml and extended therapeutically effective plasma levels over a twenty four hour period.

3. An extended release formulation according to claim 1 wherein the spheroids are coated with from about 2% to about 12% of total formulation weight of film coating comprised of from about 80% to about 90% by weight of film coating of ethyl cellulose, NF, and from about 10% to about 20% by weight of film coating of hydroxypropylmethylcellulose, USP.

4. An extended release formulation according to claim 1 wherein the spheroids are comprised of from about 30% to 40% venlafaxine hydrochloride by weight, about 50% to about 70% microcrystalline cellulose, NF, by weight, and, optionally, from about 0.25% to about 1% by weight of hydroxypropylmethylcellulose, USP.

5. An extended release formulation according to claim 4 wherein the spheroids are coated with from about 2% to about 12% of total formulation weight of film coating comprised of from about 80% to about 90% by weight of film coating of ethyl cellulose, NF, and from about 10% to about 20% by weight of film coating of hydroxypropylmethylcellulose, USP.

6. An extended release formulation according to claim 1 wherein the spheroids comprise from about 6% to about 30% venlafaxine hydrochloride by weight, about 70.1% to about 94% microcrystalline cellulose, NF, by weight and, optionally, from about 0.25% to about 1% by weight of hydroxypropylmethylcellulose.

7. An extended release formulation according to claim 6 wherein the spheroids are coated with from about 2% to about 12% of total weight of film coating comprised of from about 80% to about 90% by weight of film coating of ethyl cellulose, NF, and from about 10% to about 20% by weight of film coating of hydroxypropylmethylcellulose, USP.

8. An extended release formulation according to claim 1 wherein the spheroids comprise from about 5% to about 25% venlafaxine hydrochloride and from about 95% to about 75% microcrystalline cellulose, with an optional amount of from 0.25% to about 1% by weight of hydroxypropylmethylcellulose.

9. An extended release formulation according to claim 6 wherein the spheroids comprise from about 6% to about 25% venlafaxine hydrochloride and from about 94% to about 75% microcrystalline cellulose, with an optional amount of from 0.25% to about 1% by weight of hydroxypropylmethylcellulose.

10. An extended release formulation according to claim 6 wherein the spheroids comprise from about 6% to about 20% venlafaxine hydrochloride and from about 94% to about 80% microcrystalline cellulose, with an optional amount of from 0.25% to about 1% by weight of hydroxypropylmethylcellulose.

11. An encapsulated, extended release formulation of venlafaxine hydrochloride according to claim 1 having the following dissolution profile in USP Apparatus 1 (basket) at 100 rpm in purified water at 37° C.:

| Time (hours) | Average % Venlafaxine HCl released |
|---|---|
| 2 | <30 |
| 4 | 30–55 |
| 8 | 55–80 |
| 12 | 65–90 |
| 24 | >80 |

12. An extended release formulation according to claim 1 wherein the spheroids are composed of about 37% by weight of venlafaxine hydrochloride, about 0.5% by weight of hydroxypropylmethylcellulose, and about 62% by weight of microcrystalline cellulose.

13. An extended release formulation according to claim 1 wherein the film coating is comprised of ethyl cellulose (4.81% of total weight) and hydroxypropylmethylcellulose (0.85% of total weight).

14. An extended release formulation according to claim 1 wherein the film coating comprises 6–8% by weight of total weight.

15. An extended release formulation according to claim 1 wherein the film coating is comprised of ethyl cellulose (2.48% of total weight) and hydroxypropylmethylcellulose (0.437% of total weight).

16. An extended release formulation according to claim 1 wherein the film coating composition is comprised of ethyl cellulose having a 44.0–51.0% content of ethoxy groups and hydroxypropylmethylcellulose having a methoxy content of 28.0–30.0% and a hydroxypropoxy group content of 7.0–12.0%.

17. An extended release formulation according to claim 1 wherein the film coating composition is comprised of about 85% by total weight of film coating of ethyl cellulose having 44.0–51% content of ethoxy groups and about 15% by total weight of film coating of hydroxypropylmethylcellulose having a methoxy content of 28.0–30.0% and a hydroxypropoxy group content of 7.0–12.0%.

18. An extended release formulation according to claim 1 wherein the film coating composition is comprised of 85% by weight of ethyl cellulose having an ethoxy content of 44.0–51% and a viscosity of 50% cps for a 5% aqueous solution, and 15% by weight of hydroxypropylmethylcellulose having a viscosity of 6 cps at 2% aqueous solution with a methoxy content of 28–30% and a hydroxypropoxy content of 7–12%.

19. An extended release formulation of venlafaxine hydrochloride for once daily administration which comprises spheroids containing 37.3% venlafaxine, 62.17% microcrystalline cellulose and 0.5% hydroxypropylmethylcellulose coated with a quantity of a mixture comprised of 85% ethyl cellulose and 15% hydroxypropylmethylcellulose sufficient to give coated spheroids having a dissolution profile in USP Apparatus 1 (basket) at 100 rpm in purified water at 37° C.:

| Time | Average % Venlafaxine HCl Released |
|---|---|
| 2 | <30 |
| 4 | 30–55 |
| 8 | 55–80 |
| 12 | 65–90 |
| 24 | >80. |

20. A method for providing a therapeutic blood plasma concentration of venlafaxine over a twenty four hour period with diminished incidences of nausea and emesis which comprises administering orally to a patient in need thereof, an encapsulated, extended release formulation that provides

WYETH 002-000010

a peak blood plasma level of venlafaxine in from about four to about eight hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

21. A method for eliminating the troughs and peaks of drug concentration in a patients blood plasma attending the therapeutic metabolism of plural daily doses of venlafaxine hydrochloride which comprises administering orally to a patient in need thereof, an encapsulated, extended release formulation that provides a peak blood plasma level of venlafaxine in from about four to about eight hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

22. A method for providing a therapeutic blood plasma concentration of venlafaxine over a twenty-four hour period with diminished incidence of nausea and emesis which comprises administering orally to a patient in need thereof, an encapsulated extended release formulation that provides a peak blood plasma level of venlafaxine in from about 5 to about 8 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

23. A method for providing a therapeutic blood plasma concentration of venlafaxine over a twenty-four hour period with diminished incidence of nausea and emesis which comprises administering orally to a patient in need thereof, an encapsulated extended release formulation that provides a peak blood plasma level of venlafaxine in about 6 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

24. A method for eliminating the troughs and peaks of drug concentration in a patient's blood plasma attending the therapeutic metabolism of plural daily doses of venlafaxine hydrochloride which comprises administering orally to a patient in need thereof, an encapsulated, extended release formulation that provides a peak blood plasma level of venlafaxine in from about 5 to about 8 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

25. A method for eliminating the troughs and peaks of drug concentration in a patient's blood plasma attending the therapeutic metabolism of plural daily doses of venlafaxine hydrochloride which comprises administering orally to a patient in need thereof, an encapsulated, extended release formulation that provides a peak blood plasma level of venlafaxine in about 6 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

* * * * *

01.21.00

CERTIFICATE OF MAILING "EXPRESS MAIL"

"EXPRESS MAIL" MAILING LABEL NUMBER EL163893364US

DATE OF DEPOSIT January 20, 2000

I HEREBY CERTIFY THAT THIS PAPER OR FEE IS BEING DEPOSITED WITH THE UNITED STATES POSTAL SERVICE BY "EXPRESS MAIL POST OFFICE TO ADDRESSEE" SERVICE UNDER 37 CFR 1.10 ON THE DATE INDICATED ABOVE AND IS ADDRESSED TO THE ASSISTANT COMMISSIONER FOR PATENTS, WASHINGTON, D.C. 20231

Adam Rifkind
(TYPED OR PRINTED NAME OF PERSON MAILING PAPER OR FEE)

(SIGNATURE OF PERSON MAILING PAPER OR FEE)

U.S. DEPARTMENT OF COMMERCE
Patent and Trademark Office

Address Only: Assistant Commissioner for Patents Washington, D.C. 20231

Case Docket No. AHP-95011-P2
PATENT

JC542 U.S. PTO 09/488629 01/20/00

OIPE JC74 JAN 20 2000 PATENT & TRADEMARK OFFICE

Sir:

Transmitted herewith for filing is the patent application of

Inventor: Deborah M. Sherman et al.

For: Extended Release Formulation

This application is a:

☐ New Application ☒ CIP Application

☐ Divisional Application ☐ Continuation Application of prior application No. 08/964,328. The entire disclosure of the prior application, from which a copy of the oath or declaration is supplied, is considered as being part of the disclosure of the accompanying application and is hereby incorporated by reference.

Enclosed are:

0 sheets of drawing.

☐ Information Disclosure Statement.

☐ Preliminary Amendment.

☐ Signed statement attached deleting inventor(s) named in the prior application.

| CLAIMS AS FILED | | | | | |
|---|---|---|---|---|---|
| (1) FOR | (2) NUMBER FILED | | (3) NUMBER EXTRA | (4) RATE | (5) BASIC FEE $690.00 |
| TOTAL CLAIMS | 22 | -20 = | 2 | X 18.00 | 36.00 |
| INDEPENDENT CLAIMS | 6 | -3 = | 3 | X 78.00 | 234.00 |
| MULTIPLE DEPENDENT CLAIMS | 0 | | 0 | 260.00 | 0.00 |
| | | | | TOTAL FILING FEE | 960.00 |

☒ Please charge American Home Products Corporation Deposit Account No. 01-1425 in the amount of $ 960.00. Two additional copies of this sheet are enclosed.

☒ The Commissioner is hereby authorized to charge any fees under 37 CFR 1.16 and 1.17 which may be required during the entire pendency of this application to American Home Products Corporation Deposit Account No. 01-1425.

Steven R. Eck
Reg. No. 36,126

PATENT APPLICATION SERIAL NO. ____________

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

02/03/2000 TDADE1 00000013 011425 09488629

01 FC:101 690.00 CH
02 FC:103 36.00 CH

PTO-1556
(5/87)
*U.S. GPO 1998-433-214/80404

20 January 2000
SRE/rlk/apr
AHP-95011-P2
PATENT

## EXTENDED RELEASE FORMULATION

This application continuation-in-part of Application Serial No. 08/964,328, filed November 5, 1997, ABANDONED which is a continuation-in-part of copending Application No. 08/821,137, filed March 20, 1997, ABANDONED which, in turn, claims priority from Provisional Application No. 60/014,006 filed March 25, 1996.

### Background of the Invention

Extended release drug formulations are conventionally produced as compressed tablets by hydrogel tablet technology. To produce these sustained release tablet drug dosage forms, the active ingredient is conventionally compounded with cellulose ethers such as methyl cellulose, ethyl cellulose or hydroxypropylmethylcellulose with or without other excipients and the resulting mixture is pressed into tablets. When the tablets are orally administered, the cellulose ethers in the tablets swell upon hydration from moisture in the digestive system, thereby limiting exposure of the active ingredient to moisture. As the cellulose ethers are gradually leached away by moisture, water more deeply penetrates the gel matrix and the active ingredient slowly dissolves and diffuses through the gel, making it available for absorption by the body. An example of such a sustained release dosage form of the analgesic/anti-inflammatory drug etodolac (Lodine®) appears in US patent 4,966,768. US patent 4,389,393 discloses sustained release therapeutic compressed solid unit dose forms of an active ingredient plus a carrier base comprised of a high molecular weight hydroxypropylmethylcellulose, methyl cellulose, sodium carboxymethylcellulose and or other cellulose ether.

Where the production of tablets is not feasible, it is conventional in the drug industry to prepare encapsulated drug formulations which provide extended or sustained release properties. In this situation, the extended release capsule dosage forms may be formulated by mixing the drug with one or more binding agents to form a uniform mixture which is then moistened with water or a solvent such as ethanol to

20 January 2000
SRE/rlk/apr
AHP-95011-P2
PATENT

form an extrudable plastic mass from which small diameter, typically 1 mm, cylinders of drug/matrix are extruded, broken into appropriate lengths and transformed into spheroids using standard spheronization equipment. The spheroids, after drying, may then be film-coated to retard dissolution. The film-coated spheroids may then be placed in pharmaceutically acceptable capsules, such as starch or gelatin capsules, in the quantity needed to obtain the desired therapeutic effect. Spheroids releasing the drug at different rates may be combined in a capsule to obtain desired release rates and blood levels. US patent 4,138,475 discloses a sustained release pharmaceutical composition consisting of a hard gelatin capsule filled with film-coated spheroids comprised of propanolol in admixture with microcrystalline cellulose wherein the film coating is composed of ethyl cellulose, optionally, with hydroxypropylmethylcellulose and/or a plasticizer.

Venlafaxine, 1-[2-(dimethylamino)-1-(4-methoxyphenyl)ethyl]cyclohexanol, is an important drug in the neuropharmacological arsenal used for treatment of depression. Venlafaxine and the acid addition salts thereof are disclosed in US patent 4,535,186. Venlafaxine hydrochloride is presently administered to adults in compressed tablet form in doses ranging from 75 to 350 mg/day, in divided doses two or three times a day. In therapeutic dosing with venlafaxine hydrochloride tablets, rapid dissolution results in a rapid increase in blood plasma levels of the active compound shortly after administration followed by a decrease in blood plasma levels over several hours as the active compound is eliminated or metabolized, until sub-therapeutic plasma levels are approached after about twelve hours following administration, thus requiring additional dosing with the drug. With the plural daily dosing regimen, the most common side effect is nausea, experienced by about forty five percent of patients under treatment with venlafaxine hydrochloride. Vomiting also occurs in about seventeen percent of the patients.

20 January 2000
SRE/rlk/apr
AHP-95011-P2
PATENT

**Brief Description of the Invention**

In accordance with this invention, there is provided an extended release (ER), encapsulated formulation containing venlafaxine hydrochloride as the active drug component, which provides in a single dose, a therapeutic blood serum level over a twenty four hour period.

Through administration of the venlafaxine formulation of this invention, there is provided a method for obtaining a flattened drug plasma concentration to time profile, thereby affording a tighter plasma therapeutic range control than can be obtained with multiple daily dosing. In other words, this invention provides a method for eliminating the sharp peaks and troughs (hills and valleys) in blood plasma drug levels induced by multiple daily dosing with conventional immediate release venlafaxine hydrochloride tablets. In essence, the plasma levels of venlafaxine hydrochloride rise, after administration of the extended release formulations of this invention, for between about five to about eight hours ( optimally about six hours) and then begin to fall through a protracted, substantially linear decrease from the peak plasma level for the remainder of the twenty four hour period, maintaining at least a threshold therapeutic level of the drug during the entire twenty-four period. In contrast, the conventional immediate release venlafaxine hydrochloride tablets give peak blood plasma levels in 2 to 4 hours. Hence, in accordance with the use aspect of this invention, there is provided a method for moderating the plural blood plasma peaks and valleys attending the pharmacokinetic utilization of multiple daily tablet dosing with venlafaxine hydrochloride which comprises administering to a patient in need of treatment with venlafaxine hydrochloride, a one-a-day, extended release formulation of venlafaxine hydrochloride.

The use of the one-a-day venlafaxine hydrochloride formulations of this invention reduces by adaptation, the level of nausea and incidence of emesis that attend the administration of multiple daily dosing. In clinical trials of venlafaxine hydrochloride ER, the probability of developing nausea in the course of the trials was

greatly reduced after the first week. Venlafaxine ER showed a statistically significant improvement over conventional venlafaxine hydrochloride tablets in two eight-week and one 12 week clinical studies. Thus, in accordance with this use aspect of the invention there is provided a method for reducing the level of nausea and incidence of emesis attending the administration of venlafaxine hydrochloride which comprises dosing a patient in need of treatment with venlafaxine hydrochloride with an extended release formulation of venlafaxine hydrochloride once a day in a therapeutically effective amount.

The formulations of this invention comprise an extended release formulation of venlafaxine hydrochloride comprising a therapeutically effective amount of venlafaxine hydrochloride in spheroids comprised of venlafaxine hydrochloride, microcrystalline cellulose and, optionally, hydroxypropylmethylcellulose coated with a mixture of ethyl cellulose and hydroxypropylmethylcellulose. Unless otherwise noted, the percentage compositions mentioned herein refer to percentages of the total weight of the final composition or formulation.

More particularly, the extended release formulations of this invention are those above wherein the spheroids are comprised of from about 6% to about 40% venlafaxine hydrochloride by weight, about 50% to about 95% microcrystalline cellulose, NF, by weight, and, optionally, from about 0.25% to about 1% by weight of hydroxypropylmethylcellulose, USP, and coated with from about 2% to about 12% of total weight of film coating comprised of from about 80% to about 90% by weight of film coating of ethyl cellulose, NF, and from about 10% to about 20% by weight of film coating of hydroxypropylmethylcellulose, USP.

A preferred embodiment of this invention are formulations wherein the spheroids are comprised of about 30% to about 40% venlafaxine hydrochloride by weight, about 50% to about 70% microcrystalline cellulose, NF, by weight, and, optionally, from about 0.25% to about 1% by weight of hydroxypropylmethylcellulose, USP, and coated with from about 2% to about 12% of

20 January 2000
SRE/rlk/apr
AHP-95011-P2
PATENT

total weight of film coating comprised of from about 80% to about 90% by weight of film coating of ethyl cellulose, NF, and from about 10% to about 20% by weight of film coating of hydroxypropylmethylcellulose, USP.

Another preferred lower dose formulation of this invention are those wherein the spheroids are comprised less than 30% venlafaxine hydrochloride. These formulations comprise spheroids of from about 6% to about 30% venlafaxine hydrochloride by weight, about 70 % to about 94% microcrystalline cellulose, NF, by weight, and, optionally, from about 0.25% to about 1% by weight of hydroxypropylmethylcellulose, USP, and coated with from about 2% to about 12% of total weight of film coating comprised of from about 80% to about 90% by weight of film coating of ethyl cellulose, NF, and from about 10% to about 20% by weight of film coating of hydroxypropylmethylcellulose, USP.

Within this subgroup of lower dose formulations are formulations in which the spheroids are comprised of from about 6% to about 25% venlafaxine hydrochloride and from about 94% to about 75% microcrystalline cellulose, with an optional amount of from 0.25% to about 1% by weight of hydroxypropylmethylcellulose. Another preferred subgroup of spheroids in these formulations comprises from about 6% to about 25% venlafaxine hydrochloride and from about 94% to about 75% microcrystalline cellulose, with an optional amount of from 0.25% to about 1% by weight of hydroxypropylmethylcellulose. A further preferred subgroup of spheroids in these formulations comprises from about 6% to about 20% venlafaxine hydrochloride and from about 94% to about 80% microcrystalline cellulose, with an optional amount of from 0.25% to about 1% by weight of hydroxypropylmethylcellulose. Within each of these subgroups is understood to be formulations in which the spheroids are comprised of venlafaxine HCl and microcrystalline cellulose in the amounts indicated, with no hydroxypropylmethylcellulose present. Each of these formulations is also preferably contained in a gelatin capsule, preferably a hard gelatin capsule.

**Detailed Description of the Invention**

1-[2-(dimethylamino)-1-(4-methoxyphenyl)ethyl]cyclohexanol hydrochloride is polymorphic. Of the forms isolated and characterized to date, Form I is considered to be the kinetic product of crystallization which can be converted to Form II upon heating in the crystallization solvent. Forms I and II cannot be distinguished by their melting points but do exhibit some differences in their infrared spectra and X-ray diffraction patterns. Any of the polymorphic forms such as Form I or Form II may be used in the formulations of the present invention.

The extended release formulations of this invention are comprised of 1-[2-(dimethylamino)-1-(4-methoxyphenyl)ethyl] cyclohexanol hydrochloride in admixture with microcrystalline cellulose and hydroxypropylmethylcellulose. Formed as beads or spheroids, the drug containing formulation is coated with a mixture of ethyl cellulose and hydroxypropylmethyl cellulose to provide the desired level of coating, generally from about two to about twelve percent on a weight/weight basis of final product or more preferably from about five to about ten percent (w/w), with best results obtained at from about 6 to about 8 percent (w/w). More specifically, the extended release spheroid formulations of this invention comprise from about 30 to 40 percent venlafaxine hydrochloride, from about 50 to about 70 percent microcrystalline cellulose, NF, from about 0.25 to about 1 percent hydroxypropylmethylcellulose, USP, and from about 5 to about 10 percent film coating, all on a weight/weight basis. And preferably, the spheroid formulations contain about 35 percent venlafaxine hydrochloride, about 55 to 60 percent microcrystalline cellulose NF (Avicel® PH101), about one half percent hydroxypropylmethylcellulose 2208 USP (K3, Dow, which has a viscosity of 3 cps for 2% aqueous solutions, a methoxy content of 19–24% and a hydroxypropoxy content of 4–13%), and from about 6 to 8 percent film coating.

The film coating is comprised of 80 to 90 percent of ethyl cellulose, NF and 10 to 20 percent hydroxypropylmethylcellulose (2910), USP on a weight/weight basis.

Preferably the ethyl cellulose has a ethoxy content of 44.0–51% and a viscosity of 50 cps for a 5% aqueous solution and the hydroxypropylmethylcellulose is USP 2910 having a viscosity of 6 cps at 2% aqueous solution with a methoxy content of 28–30% and a hydroxypropoxy content of 7–12%. The ethyl cellulose used herein is Aqualon HG 2834.

Other equivalents of the hydroxypropylmethylcelluloses 2208 and 2910 USP and ethyl cellulose, NF, having the same chemical and physical characteristics as the proprietary products named above may be substituted in the formulation without changing the inventive concept. Important characteristics of suitable hydroxypropylmethylcelluloses include a low viscosity, preferably less than 10 cps and more preferably 2-5 cps, and a gel temperature above that of the temperature of the extrudate during extrusion. As explained below, these and other characteristics which enable the extrudate to remain moist and soft (pliable) are preferred for the hydroxypropylmethylcellulose. In the examples below, the extrudate temperature was generally 50-55°C.

It was completely unexpected that an extended release formulation containing venlafaxine hydrochloride could be obtained because the hydrochloride of venlafaxine proved to be extremely water soluble. Numerous attempts to produce extended release tablets by hydrogel technology proved to be fruitless because the compressed tablets were either physically unstable (poor compressibility or capping problems) or dissolved too rapidly in dissolution studies. Typically, the tablets prepared as hydrogel sustained release formulations gave 40-50% dissolution at 2 hrs, 60-70% dissolution at 4 hrs and 85-100% dissolution at 8 hrs.

Numerous spheroid formulations were prepared using different grades of microcrystalline cellulose and hydroxypropylmethylcellulose, different ratios of venlafaxine hydrochloride and filler, different binders such as polyvinylpyrrolidone, methylcellulose, water, and polyethylene glycol of different molecular weight ranges in order to find a formulation which would provide a suitable granulation mix which

could be extruded properly. In the extrusion process, heat buildup occurred which dried out the extrudate so much that it was difficult to convert the extruded cylinders into spheroids. Addition of hydroxypropylmethylcellulose 2208 to the venlafaxine hydrochloride–microcrystalline cellulose mix made production of spheroids practical.

The encapsulated formulations of this invention may be produced in a uniform dosage for a specified dissolution profile upon oral administration by techniques understood in the art. For instance, the spheroid components may be blended for uniformity with a desired concentration of active ingredient, then spheronized and dried. The resulting spheroids can then be sifted through a mesh of appropriate pore size to obtain a spheroid batch of uniform and prescribed size.

The resulting spheroids can be coated and resifted to remove any agglomerates produced in the coating steps. During the coating process samples of the coated spheroids may be tested for their distribution profile. If the dissolution occurs too rapidly, additional coating may be applied until the spheroids present a desired dissolution rate.

The following examples are presented to illustrate applicant's solution to the problem of preparation of the extended release drug containing formulations of this invention.

Example No. 1.

Venlafaxine Hydrochloride Extended Release Capsules

A mixture of 44.8 parts ( 88.4 % free base) of venlafaxine hydrochloride, 74.6 parts of the microcrystalline cellulose, NF, and 0.60 parts of hydroxypropylmethyl cellulose 2208, USP, are blended with the addition of 41.0 parts water. The plastic mass of material is extruded, spheronized and dried to provide uncoated drug containing spheroids.

Stir 38.25 parts of ethyl cellulose, NF, HG2834 and 6.75 parts of hydroxypropylmethylcellulose 2910, USP in a 1:1 v/v mixture of methylene chloride and anhydrous methanol until solution of the film coating material is complete.

To a fluidized bed of the uncoated spheroids is applied 0.667 parts of coating solution per part of uncoated spheroids to obtain extended release, film coated spheroids having a coating level of 3%.

The spheroids are sieved to retain the coated spheroids of a particle size between 0.85 mm to 1.76 mm diameter. These selected film coated spheroids are filled into pharmaceutically acceptable capsules conventionally, such as starch or gelatin capsules.

Example No. 2

Same as for Example 1 except that 1.11 parts of the film coating solution per part of uncoated spheroids is applied to obtain a coating level of 5%.

Example No. 3

Same as for Example 1 except that 1.33 parts of the film coating solution is applied to 1 part of uncoated spheroids to obtain a coating level of 6%.

Example No. 4

Same as for Example 1 except that 1.55 parts of the film coating solution is applied to 1 part of uncoated spheroids to obtain a coating level of 7%.

In the foregoing failed experiments and in Examples 1-4, the extrusion was carried out on an Alexanderwerk extruder. Subsequent experiments carried out on Hutt and Nica extruders surprisingly demonstrated that acceptable, and even improved, spheroids could be made without the use of an hydroxypropylmethylcellulose.

In such further experiments the applicability of the invention was extended to formulations wherein the weight percentage of venlafaxine hydrochloride is 6% to 40%, preferably 8% to 35%. Thus, the extended release spheroid formulations of this invention comprise from about 6 to about 40 percent venlafaxine hydrochloride, from about 50 to about 94 percent microcrystalline cellulose, NF, optionally, from about 0.25 to about 1 percent hydroxypropylmethylcellulose, and from about 2 to about 12 percent, preferably about 3 to 9 percent, film coating.

Spheroids of the invention were produced having 8.25% (w/w) venlafaxine hydrochloride and the remainder (91.75%, w/w) being microcrystalline cellulose, with a coating of from 3 to 5 % (w/w), preferably 4%, of the total weight. The spheroids with 8.25% venlafaxine hydrochloride and 4% coating were filled into No. 2 white opaque shells with a target fill weight of 236 mg.

Further spheroids of the invention were produced having 16.5% (w/w) venlafaxine hydrochloride and the remainder (83.5%,w/w) being microcrystalline cellulose, with a coating of from 4 to 6 % (w/w), preferably 5%, of the total weight. The spheroids 16.5% venlafaxine hydrochloride and 5% coating were filled into No. 2 white opaque shells with a target fill weight of 122 mg.

The test for acceptability of the coating level is determined by analysis of the dissolution rate of the finished coated spheroids prior the encapsulation. The dissolution procedure followed uses USP Apparatus 1 (basket) at 100 rpm in purified water at 37°C.

Conformance with the dissolution rate given in Table 1 provides the twenty-four hour therapeutic blood levels for the drug component of the extended release capsules of this invention in capsule form. Where a given batch of coated spheroids releases drug too slowly to comply with the desired dissolution rate study, a portion of uncoated spheroids or spheroids with a lower coating level may be added to the batch to provide, after thorough mixing, a loading dose for rapid increase of blood drug levels. A batch of coated spheroids that releases the drug too rapidly can receive additional film-coating to give the desired dissolution profile.

Table 1
Acceptable Coated Spheroid Dissolution Rates

| Time (hours) | Average % Venlafaxine HCl released |
|---|---|
| 2 | <30 |
| 4 | 30-55 |
| 8 | 55-80 |
| 12 | 65-90 |
| 24 | >80 |

T0120

Batches of the coated venlafaxine hydrochloride containing spheroids which have a dissolution rate corresponding to that of Table 1 are filled into pharmaceutically acceptable capsules in an amount needed to provide the unit dosage level desired. The standard unit dosage immediate release (IR) tablet used presently provides amounts of venlafaxine hydrochloride equivalent to 25 mg, 37.5 mg, 50 mg, 75 mg and 100 mg venlafaxine. The capsules of this invention are filled to provide an amount of venlafaxine hydrochloride equivalent to that presently used in tablet form and also up to about 150 mg venlafaxine hydrochloride.

Dissolution of the venlafaxine hydrochloride ER capsules is determined as directed in the U. S. Pharmacopoeia (USP) using apparatus 1 at 100 rpm on 0.9 L of water. A filtered sample of the dissolution medium is taken at the times specified. The absorbance of the clear solution is determined from 240 to 450 nanometers (nm) against the dissolution medium. A baseline is drawn from 450 nm through 400 nm and extended to 240 nm. The absorbance at the wavelength of maximum absorbance (about 274 nm) is determined with respect to this baseline. Six hard gelatin capsules

are filled with the theoretical amount of venlafaxine hydrochloride spheroids and measured for dissolution. Standard samples consist of venlafaxine hydrochloride standard solutions plus a gelatin capsule correction solution.

The percentage of venlafaxine released is determined from the equation

T0130

$$\% \text{ Venlafaxine hydrochloride released} = \frac{(As)(Wr)(S)(V1)(0.888)(100)}{(Ar)(V2)(C)}$$

where As is absorbance of sample preparation, Wr is weight of reference standard, mg; S is strength of the reference standard, decimal; V1 is the volume of dissolution medium used to dissolve the dosage form, mL; 0.884 is the percent free base, Ar is the absorbance of the standard preparation, V2 is the volume of reference standard solution, mL; and C is the capsule claim in mg.

Table 2 shows the plasma level of venlafaxine versus time for one 75 mg conventional Immediate Release (IR) tablet administered every 12 hours, two 75 mg extended release (ER) capsules administered simultaneously every 24 hours, and one 150 mg extended release (ER) capsule administered once every 24 hours in human male subjects. The subjects were already receiving venlafaxine hydrochloride according to the dosage protocol, thus the plasma blood level at zero time when dosages were administered is not zero.

Table 2
Plasma venlafaxine level (ng/mL) versus time, conventional tablet (not extended release) versus ER capsule

| Time (hours) | 75 mg (IR)tablet (q 12 h) | 2 x 75 mg (ER)capsules (q 24 hr) | 1 x 150 mg (ER)capsules (q 24 h) |
|---|---|---|---|
| 0 | 62.3 | 55.0 | 55.8 |
| 0.5 | 76.3 | | |
| 1 | 135.6 | 53.3 | 53.2 |
| 2 | 212.1 | 69.8 | 70.9 |
| 4 | 162.0 | 138.6 | 133.3 |
| 6 | 114.6 | 149.0 | 143.5 |
| 8 | 86.7 | 129.3 | 129.5 |
| 10 | | 118.4 | 114.4 |
| 12 | 51.9 | 105.1 | 105.8 |
| 12.5 | 74.7 | | |
| 13 | 127.5 | | |
| 14 | 161.3 | 90.5 | 91.3 |
| 16 | 134.6 | 78.2 | 78.5 |
| 18 | 106.2 | | |
| 20 | 83.6 | 62.7 | 63.3 |
| 24 | 57.6 | 56.0 | 57.3 |

Table 2 shows that the plasma levels of two 75 mg/capsule venlafaxine hydrochloride ER capsules and one 150 mg/capsule venlafaxine hydrochloride ER capsule provide very similar blood levels. The data also show that the plasma level after 24 hours for either extended release regimen is very similar to that provided by two immediate release 75 mg tablets of venlafaxine hydrochloride administered at 12 hour intervals.

Further, the plasma levels of venlafaxine obtained with the extended release formulation do not increase to the peak levels obtained with the conventional immediate release tablets given 12 hours apart. The peak level of venlafaxine from (ER), somewhat below 150 ng/ml, is reached in about six hours, plus or minus two hours, based upon this specific dose when administered to patients presently under treatment with venlafaxine hydrochloride (IR). The peak plasma level of venlafaxine, somewhat over 200 ng/ml, following administration of (IR) is reached in two hours and falls rapidly thereafter.

20 January 2000
SRE/rlk/apr
AHP-95011-P2
PATENT

Table 3 shows venlafaxine blood plasma levels in male human subjects having a zero initial blood plasma level. Again, a peak blood plasma concentration of venlafaxine is seen at about 6 hours after dosing with venlafaxine hydrochloride extended release capsules in the quantities indicated. The subjects receiving the single 50 mg immediate release tablet showed a peak plasma level occurring at about 4 hours. For comparative purposes, the plasma levels of venlafaxine for subjects receiving the conventional formulated tablet can be multiplied by a factor of three to approximate the plasma levels expected for a single dose of 150 mg. conventional formulation.

Table 3.
Plasma Blood Levels in Human Males Having No Prior Venlafaxine Blood Level

| Time (Hours) | 1 x 50 mg IR tablet | 2 x 75 mg ER capsules | 1 x 150 mg ER capsule |
|---|---|---|---|
| 0 | 0 | 0 | 0 |
| 1 | 27.87 | 1.3 | 0 |
| 1.5 | 44.12 | 6.0 | 2.2 |
| 2 | 54.83 | 20.6 | 12.8 |
| 4 | 66.38 | 77.0 | 81.0 |
| 6 | 49.36 | 96.5 | 94.4 |
| 8 | 30.06 | 93.3 | 86.9 |
| 10 | 21.84 | 73.2 | 72.8 |
| 12 | 15.91 | 61.3 | 61.4 |
| 14 | 13.73 | 52.9 | 51.9 |
| 16 | 10.67 | 47.5 | 41.1 |
| 20 | 5.52 | 35.2 | 34.0 |
| 24 | 3.56 | 29.3 | 28.5 |
| 28 | 2.53 | 23.4 | 22.9 |
| 36 | 1.44 | 11.9 | 13.5 |
| 48 | 0.66 | 5.8 | 5.2 |

T0150

The blood plasma levels of venlafaxine were measured according to the following procedure. Blood samples from the subjects were collected in heparinized evacuated blood tubes and the tubes were inverted gently several times. As quickly as possible, the tubes were centrifuged at 2500 rpm for 15 minutes. The plasma was pipetted into plastic tubes and stored at -20°C until analysis could be completed.

WYETH 002-000027

To 1 mL of each plasma sample in a plastic tube was added 150 µL of a stock internal standard solution (150 µg/ml). Saturated sodium borate (0.2 mL) solution was added to each tube and vortexed. Five mL of ethyl ether was added to each tube which were then capped and shaken for 10 minutes at high speed. The tubes were centrifuged at 3000 rpm for 5 minutes. The aqueous layer was frozen in dry ice and the organic layer transferred to a clean screw cap tube. A 0.3 mL portion of 0.01 N HCl solution was added to each tube and shaken for 10 minutes at high speed. The aqueous layer was frozen and the organic layer removed and discarded. A 50µL portion of the mobile phase (23:77 acetonitrile:0.1M monobasic ammonium phosphate buffer, pH 4.4) was added to each tube, vortexed, and 50 µL samples were injected on a Supelco Supelcoil LC-8-DB, 5 cm x 4.6 mm, 5 µ column in a high pressure liquid chromatography apparatus equipped with a Waters Lambda Max 481 detector or equivalent at 229 nm. Solutions of venlafaxine hydrochloride at various concentrations were used as standards.

<u>Example No. 5</u>

Manufactured by the techniques described herein, another preferred formulation of this invention comprises spheroids of from about 30% to about 35% venlafaxine hydrochloride and from about 0.3% to about 0.6% hydroxypropylmethylcellulose. These spheroids are then coated with a film coating, as described above, to a coating level of from about 5% to about 9%, preferably from about 6% to about 8%. A specific formulation of this type comprises spheroids of about 33% venlafaxine hydrochloride and about 0.5% hydroxypropylmethylcellulose, with a film coating of about 7%.

Lower dosage compositions or formulations of this invention may also be produced by the techniques described herein. These lower dosage forms may be administered alone for initial titration or initiation of treatment, prior to a dosage increase. They may also be used for an overall low-dose administration regimen or in

combination with higher dosage compositions, such as capsule formulations, to optimize individual dosage regimens.

These lower dose compositions may be used to create encapsulated formulations, such as those containing doses of venlafaxine hydrochloride from about 5 mg to about 50 mg per capsule. Particular final encapsulated dosage forms may include, but are not limited to, individual doses of 7.5 mg, 12.5 mg, 18.75 mg, or 28.125 mg of venlafaxine HCl per capsule.

The spheroids useful in these lower dose formulations may comprise from about 5% to about 29.99% venlafaxine HCl, preferably from about 5% to about 25%, from about 75% to about 95% microcrystalline cellulose, and, optionally from about 0.25% to about 1.0% hydroxypropylmethylcellulose. The spheroids may be coated as described above, preferably with a film coating of from about 5% to about 10% by weight. In some preferred formulations, the spheroids comprise the cited venlafaxine HCl and microcrystalline cellulose, with no hydroxypropylmethyl cellulose.

Example No. 6

Spheroids comprising 16.5% venlafaxine HCl and 83.5% microcrystalline cellulose were mixed with approximately 50% water (w/w) to granulate in a Littleford Blender Model FM-50E/1Z (Littleford Day Inc., P.O. Box 128, Florence, Kentucky 41022-0218, U.S.A.) at a fixed speed of 180 rpm. The blended material was extruded through a 1.25 mm screen using a Nica extruder/speronization machine (Aeromatic-Fielder Division, Niro Inc., 9165 Rumsey Rd., Columbia, Maryland 21045, U.S.A.) for a 12/20 mesh cut after drying. Two portions of the resulting spheroids were coated with a 5% and 7% coating level, respectively, by techniques described above using the coating formulation:

| Ingredient | % (w/w) |
|---|---|
| Methylene Chloride | 60.000 |
| Methanol Anhydrous | 35.500 |
| Ethylcellulose, NF, HG 2834, 50 cps | 3.825 |
| Hydroxypropyl Methylcellulose, 2910 USP, 6 cps | 0.675 |

T0180

These 5% and 7% coated lots were tested for dissolution on a Hewlett Packard automated dissolution system over a 24 hour period, resulting in the following dissolution patterns:

| Time/hr | % Dissoluded 16.5% / 5% | % Dissolved 16.5% / 7% |
|---|---|---|
| 2 | 12.4 | 5.6 |
| 4 | 42.8 | 25.4 |
| 8 | 70.7 | 60.4 |
| 12 | 82.2 | 75.4 |
| 24 | 94.3 | 92.7 |

T0181

Example No. 7

A formulation of spheroids containing 8.25% venlafaxine HCl and 91.75% microcrystalline cellulose was prepared according to the techniques of Example No. 6 and coated with a 5% film coating. In the Hewlett Packard automated dissolution system these spheroids provided the following dissolution profile:

| Time/hr | % Dissolved 8.25% / 5% |
|---|---|
| 2 | 4.4 |
| 4 | 24.2 |
| 8 | 62.9 |
| 12 | 77.8 |
| 24 | 93.5 |

T0182

20 January 2000
SRE/rlk/apr
AHP-95011-P2
PATENT

Thus, the desired dissolution rates of sustained release dosage forms of venlafaxine hydrochloride, impossible to achieve with hydrogel tablet technology, has been achieved with the film-coated spheroid compositions of this invention.

20 January 2000
SRE/rlk/apr
AHP-95011-P2
PATENT

What is claimed is:

1. An encapsulated, extended release formulation of venlafaxine hydrochloride comprising a pharmaceutically acceptable capsule containing a therapeutically effective amount of venlafaxine hydrochloride in spheroids comprised of venlafaxine hydrochloride, microcrystalline cellulose and, optionally, hydroxypropylmethylcellulose coated with a mixture of ethyl cellulose and hydroxypropylmethylcellulose.

2. An extended release formulation according to Claim 1 wherein the spheroids are comprised of from about 6% to about 40% venlafaxine hydrochloride by weight, about 50% to about 94% microcrystalline cellulose, NF, by weight, and, optionally, from about 0.25% to about 1% by weight of hydroxypropylmethylcellulose, USP.

3. An extended release formulation according to Claim 1 wherein the spheroids are coated with from about 2% to about 12% of total formulation weight of film coating comprised of from about 80% to about 90% by weight of film coating of ethyl cellulose, NF, and from about 10% to about 20% by weight of film coating of hydroxypropylmethylcellulose, USP.

4. An extended release formulation according to Claim 1 wherein the spheroids are comprised of from about 30% to 40% venlafaxine hydrochloride by weight, about 50% to about 70% microcrystalline cellulose, NF, by weight, and, optionally, from about 0.25% to about 1% by weight of hydroxypropylmethylcellulose, USP.

5. An extended release formulation according to Claim 4 wherein the spheroids are coated with from about 2% to about 12% of total formulation weight of film coating comprised of from about 80% to about 90% by weight of film coating of ethyl cellulose, NF, and from about 10% to about 20% by weight of film coating of hydroxypropylmethylcellulose, USP.

6. An extended release formulation according to Claim 1 wherein the spheroids comprise from about 6% to about 30% venlafaxine hydrochloride by weight, about 70.1 % to about 94% microcrystalline cellulose, NF, by weight and, optionally, from about 0.25% to about 1% by weight of hydroxypropylmethylcellulose,

7. An extended release formulation according to Claim 6 wherein the spheroids are coated with from about 2% to about 12% of total weight of film coating comprised of from about 80% to about 90% by weight of film coating of ethyl cellulose, NF, and from about 10% to about 20% by weight of film coating of hydroxypropylmethylcellulose, USP.

8. An extended release formulation according to Claim 6 wherein the spheroids comprise from about 5% to about 25% venlafaxine hydrochloride and from about 95% to about 75% microcrystalline cellulose, with an optional amount of from 0.25% to about 1% by weight of hydroxypropylmethylcellulose

9. An extended release formulation according to Claim 6 wherein the spheroids comprise from about 6% to about 25% venlafaxine hydrochloride and from about 94% to about 75% microcrystalline cellulose, with an optional amount of from 0.25% to about 1% by weight of hydroxypropylmethylcellulose.

10. An extended release formulation according to Claim 6 wherein the spheroids comprise from about 6% to about 20% venlafaxine hydrochloride and from about 94% to about 80% microcrystalline cellulose, with an optional amount of from 0.25% to about 1% by weight of hydroxypropylmethylcellulose.

11. An encapsulated, extended release formulation of venlafaxine hydrochloride according to Claim 1 having the following dissolution profile in USP Apparatus 1 (basket) at 100 rpm in purified water at 37°C:

| Time (hours) | Average % Venlafaxine HCl released |
|---|---|
| 2 | <30 |
| 4 | 30-55 |

| | |
|---|---|
| 8 | 55-80 |
| 12 | 65-90 |
| 24 | >80 |

12. An extended release formulation according to claim 2 wherein the spheroids are composed of about 37% by weight of venlafaxine hydrochloride, about 0.5% by weight of hydroxypropylmethylcellulose 2208, and about 62% by weight of microcrystalline cellulose.

13. A composition according to claim 2 wherein the film coating is comprised of ethyl cellulose (4.81% of total weight) and hydroxypropylmethylcellulose (0.85% of total weight).

14. A composition according to claim 2 wherein the film coating comprises 6-8% by weight of total weight.

15. A composition according to claim 2 wherein the film coating is comprised of ethyl cellulose (2.48% of total weight) and hydroxypropylmethylcellulose (0.437% of total weight).

16. A composition according to claim 2 wherein film coating composition is comprised of ethyl cellulose having a 44.0-51.0% content of ethoxy groups and hydroxypropylmethylcellulose having a methoxy content of 28.0-30.0% and a hydroxypropoxy group content of 7.0-12.0%.

17. A film coating composition according to Claim 2 which is comprised of about 85% by total weight of film coating of ethyl cellulose having a 44.0-51.0% content of ethoxy groups, and about 15% by total weight of film coating of hydroxypropylmethylcellulose having a methoxy content of 28.0-30.0% and a hydroxypropoxy group content of 7.0-12.0%.

20 January 2000
SRE/rlk/apr
AHP-95011-P2
PATENT

18. A film coating composition according to Claim 2 which is comprised of 85% by weight of ethyl cellulose type HG 2834 and 15% by weight of hydroxypropylmethylcellulose type 2910.

19. An extended release formulation of venlafaxine hydrochloride for once daily administration which comprises spheroids containing 37.3% venlafaxine, 62.17% microcrystalline cellulose and 0.5% hydroxypropylmethylcellulose type 2208, coated with a quantity of a mixture comprised of 85% ethyl cellulose type HG 2834 and 15% hydroxypropylmethylcellulose type 2910 sufficient to give coated spheroids having a ~~dissolution profile which gives the desired release rate over a 24 hour period.~~

Sub a23 a017

2
~~20~~. An extended release formulation of venlafaxine hydrochloride according to Claim ~~2~~ 1 which provides peak serum levels of up to 150 ng/ml and extended therapeutically effective plasma levels over a twenty four hour period.

20
~~21~~. A method for providing a therapeutic blood plasma concentration of venlafaxine over a twenty four hour period with diminished incidences of nausea and emesis which comprises administering orally to a patient in need thereof, an encapsulated, extended release formulation that provides a peak blood plasma level of venlafaxine in from about four to about eight hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

21
~~22~~. A method for eliminating the troughs and peaks of drug concentration in a patients blood plasma attending the therapeutic metabolism of plural daily doses of venlafaxine hydrochloride which comprises administering orally to a patient in need thereof, an encapsulated, extended release formulation that provides a peak blood plasma level of venlafaxine in from about four to about eight hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

add a4

73

20 January 2000
SRE/rlk/apr
AHP-95011-P2
PATENT
09/488,629

## ABSTRACT OF THE DISCLOSURE

## EXTENDED RELEASE FORMULATION

This invention relates to a 24 hour extended release dosage formulation and unit dosage form thereof of venlafaxine hydrochloride, an antidepressant, which provides better control of blood plasma levels than conventional tablet formulations which must be administered two or more times a day and further provides a lower incidence of nausea and vomiting than the conventional tablets. More particularly, the invention comprises an extended release formulation of venlafaxine hydrochloride comprising a therapeutically effective amount of venlafaxine hydrochloride in spheroids comprised of venlafaxine hydrochloride, microcrystalline cellulose and, optionally, hydroxypropylmethylcellulose coated with a mixture of ethyl cellulose and hydroxypropylmethylcellulose.

09488629.012000



AHP-95011 P2
PATENT

# DECLARATION AND POWER OF ATTORNEY

As a below-named inventor, I hereby declare that:

My residence, post office address and citizenship are as stated below next to my name:

I believe I am the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is sought on the invention entitled ___Extended Release Formulation___ ___,the specification of which

(check one) ___X___ is attached hereto.

_____ was filed on _____ as Application Serial No. _____ and was amended on _____. (if applicable)

I hereby state that I have reviewed and understand the contents of the above-identified specification, including the claims, as amended by any amendment referred to above.

I acknowledge the duty to disclose information which is material to the patentability of this application in accordance with Title 37, Code of Federal Regulations, Section 1.56.

I hereby claim foreign priority benefits under Title 35, United States Code, Section 119 of any foreign application(s) for patent or inventor's certificate listed below and have also identified below any foreign application for patent or inventor's certificate having a filing date before that of the application on which priority is claimed:

| | | | Priority Claimed Yes | No |
|---|---|---|---|---|
| (Number) | (Country) | (Day/Month/Year Filed) | | |

I hereby claim the benefit under Title 35, United States Code, Section 119(e) of any United States Provisional Application(s) for Patent listed below:

| 60/014,006 | March 25, 1996 |
|---|---|
| (Provisional Appln. No.) | (Filing Date) |
| | |
| (Provisional Appln. No.) | (Filing Date) |

I hereby claim the benefit under Title 35, United States Code, Section 120 of any United States Application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code, Section 112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, Section 1.56(a) which occurred between the filing date of the prior application and the national or PCT international filing date of this application:

WYETH 002-000037

AHP-95011 P2
PATENT

| 08/821,137 | March 20, 1997 | Abandoned |
|---|---|---|
| (Application Serial No.) | (Filing Date) | (Status - Patented, pending, abandoned) |
| 08/964,328 | November 5, 1997 | Pending |
| (Application Serial No.) | (Filing Date) | (Status - Patented, pending, abandoned) |

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

I hereby appoint the following attorneys to prosecute this application and to transact all business in the Patent and Trademark Office connected therewith:

Egon E. Berg, Reg. No. 21,117, of One Campus Drive, Parsippany, New Jersey, 07054; and Rebecca R. Barrett, Reg. No. 35,152; Steven R. Eck, Reg. No. 36,126; Arnold S. Milowsky, Reg. No. 35,288; Michael R. Nagy, Reg. No. 33,432; George Tarnowski, Reg. No. 27,472; all of P.O. Box 8299, Philadelphia, Pennsylvania, 19101; and Daniel B. Moran, Reg. No. 41,204 of 401 N. Middletown Road, Pearl River, New York, 10965.

Address all telephone calls to Steven R. Eck at telephone number (610) 902-2628 .

Address all correspondence to Egon E. Berg, American Home Products Corporation, Patent Law Department - 2B, One Campus Drive, Parsippany, New Jersey, 07054.

Full name of sole or first inventor Deborah M. Sherman

Inventor's signature ______________________ ____________
Date

Residence 5 Belmont Avenue, Plattsburgh, New York, 12901

Citizenship United States of America

Post Office Address Same as residence

Full name of second joint inventor, if any John C. Clark

Inventor's signature ______________________ ____________
Date

Residence 1 Rounds Drive, Peru, New York, 12972

Citizenship United States of America

Post Office Address Same as residence

Full name of third joint inventor, if any ____ John U. Lamer ____

Inventor's signature ________________________ ____________
Date

Residence ____ 22 Farrar Street, St. Albans, Vermont, 05478 ____

Citizenship ____ United States of America ____

Post Office Address ____ Same as residence ____

09488629.012000

I HEREBY CERTIFY THAT CORRESPONDENCE IS BEING DEPOSITED WITH THE UNITED STATES POSTAL SERVICE AS FIRST CLASS MAIL IN AN ENVELOPE ADDRESSED TO: ASSISTANT COMMISSIONER FOR PATENTS, WASHINGTON, DC 20231, ON THE DATE APPEARING BELOW.

DATE July 13, 1999

GAU 1615

AHP-95011-1-C1
PATENT

OIPE JC68 JUL 16 1999 PATENT & TRADEMARK OFFICE

RECEIVED JUL 21 1999 TC 1600 MAIL ROOM

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

**In re Patent Application of:** Deborah M. Sherman et al.

**Serial No.:** 08/964,328 **Examiner:** J. Spear

**Filed:** November 5, 1997 **Group:** 1615

**For:** Extended Release Formulation

Assistant Commissioner of Patents
Washington, DC 20231

## SUPPLEMENTARY INFORMATION DISCLOSURE STATEMENT UNDER 37 CFR 1.97(c)

Sir:

With respect to the subject matter of the above-identified application, the applicants have become aware of the following references, which may have relevance to the examination of the invention claimed.

WO 97/37640, published October 16, 1997; and
EP 0 797 991, published October 1, 1997

Form PTO-1449 and copies of the above references are enclosed.

The undersigned hereby states that each item contained in this Supplemental Information Disclosure Statement was cited in the PCT Search Report, dated June 1, 199, in the counterpart PCT application. Since this Supplemental Information Disclosure Statement is being submitted with three months of the PCT Search Report, no fee is due.

The Commissioner is hereby authorized to charge any additional fee due as required under 37 C.F.R. 1.17(p) by this paper to American Home Products

Corporation Deposit Account No. 01-1425. Two additional copies of this sheet are enclosed.

Respectfully submitted,

Steven R. Eck
Reg. No. 36,126

Dated: July 13, 1999

Telephone: (610) 902-2628

Enclosure: Form PTO-1449 with copies of references

#2

**FORMALITIES LETTER**

*OC000000004999542*

**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENT AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING/RECEIPT DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NUMBER |
|---|---|---|---|
| 09/488,629 | 01/20/2000 | Deborah M. Sherman | AHP-95011-P2 |

Egon E Berg
American Home Products Corporation
Patent Law Department 2B
One Campus Drive
Parsippany, NJ 07054

Date Mailed: 03/20/2000

## NOTICE TO FILE MISSING PARTS OF NONPROVISIONAL APPLICATION

**FILED UNDER 37 CFR 1.53(b)**

***Filing Date Granted***

An application number and filing date have been accorded to this application. The item(s) indicated below, however, are missing. Applicant is given TWO MONTHS from the date of this Notice within which to file all required items and pay any fees required below to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

- Total additional claim fee(s) for this application is $78.
  - $78 for 1 independent claims over 3 .
- The oath or declaration is unsigned.
- To avoid abandonment, a late filing fee or oath or declaration surcharge as set forth in 37 CFR 1.16(e) of $130 for a non-small entity, must be submitted with the missing items identified in this letter.
- **The balance due by applicant is $ 208.**

---

*A copy of this notice MUST be returned with the reply.*

Customer Service Center
Initial Patent Examination Division (703) 308-1202

PART 3 - OFFICE COPY

WYETH 002-000042



I HEREBY CERTIFY THAT THIS CORRESPONDENCE IS BEING DEPOSITED WITH THE UNITED STATES POSTAL SERVICE AS FIRST CLASS MAIL IN AN ENVELOPE ADDRESSED TO: ASSISTANT COMMISSIONER FOR PATENTS, WASHINGTON, DC, 20231, ON THE DATE APPEARING BELOW.

DATE April 19, 2000

0300

AHP-95011 P2
PATENT

2/2

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

**In re Patent Application of:** Deborah M. Sherman et al.

**Serial No.:** 09/488,629

**Filed:** January 20, 2000

**For:** Extended Release Formulation

Assistant Commissioner for Patents
Washington, DC 20231

INFORMATION DISCLOSURE STATEMENT UNDER RULE 97

Sir:

With respect to the subject matter of the above-identified application, the applicants are aware of the references cited on the attached form PTO-1449 that were either cited by the applicants or by the Examiner during the prosecution of parent application Serial No. 08/964,328, filed November 5, 1997, of which the instant application is a continuation-in-part. Copies of these references are not enclosed.

Respectfully submitted,

Steven R. Eck
Reg. No. 36,126

Dated: April 19, 2000

Telephone: (610) 902-2628

OIPE APR 24 2000 JC17 PATENT & TRADEMARK OFFICE

File copy

Page 1 of 1

| FORM PTO-1449 (REV. 2-32) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | ATTY. DOCKET NO. AHP-95011-P2 | SERIAL NO. 09/488,629 |
|---|---|---|---|
| | INFORMATION DISCLOSURE STATEMENT BY APPLICANT | APPLICANT Deborah M. Sherman et al. | |
| | (Use several sheets if necessary) | FILING DATE January 20, 2000 | GROUP AU 1615 |

## U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | | DOCUMENT NUMBER | | | | | | | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| JS | AA | 3 | 9 | 5 | 4 | 9 | 5 | 9 | 8/75 | Pedersen 5/16 | 424 | 21 | |
| ↑ | AB | 4 | 3 | 6 | 9 | 1 | 7 | 2 | 1/83 | Schor et al. | 424 | 19 | |
| | AC | 4 | 1 | 3 | 8 | 4 | 7 | 5 | 2/79 | McAinsh et al. | 424 | 19 | |
| | AD | 4 | 3 | 8 | 9 | 3 | 9 | 3 | 6/83 | Schor et al. | 424 | 19 | |
| | AE | 4 | 9 | 6 | 6 | 7 | 6 | 8 | 10/90 | Michelucci et al. | 424 | 468 | |
| | AF | 5 | 5 | 0 | 6 | 2 | 7 | 0 | 4/96 | Upton et al. | 514 | 730 | |
| ↓ | AG | 4 | 5 | 3 | 5 | 1 | 8 | 6 | 8/865 | Husbands et al. | 564 | 336 | |
| JS | AH | 5 | 5 | 5 | 2 | 4 | 2 | 9 | 9/96 | Wong et al. | 514 | 415 | |
| | AI | | | | | | | | | | | | |
| | AJ | | | | | | | | | | | | |
| | AK | | | | | | | | | | | | |

## FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | | | | | | | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | TRANSLATION NO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| JS | AL | 0 | 6 | 5 | 4 | 2 | 6 | 4 | 11/94 | EP | — | — | | |
| ↑ | AM | 0 | 6 | 6 | 7 | 1 | 5 | 0 | 1/95 | EP | — | — | | |
| | AN | 9 | 4 | 2 | 7 | 5 | 8 | 9 | 12/94 | WO | — | — | | |
| ↓ | AO | 9 | 7 | 3 | 7 | 6 | 4 | 0 | 10/97 | WO | — | — | | |
| JS | AP | 0 | 7 | 9 | 7 | 9 | 9 | 1 | 10/97 | EP | — | — | | |

## OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

| | | |
|---|---|---|
| | AQ | |
| | AR | |
| | AS | |
| | AT | |
| | AU | |
| | AV | |

| EXAMINER | DATE CONSIDERED |
|---|---|
| JAMES M. SPEAR | 12-17-2000 |

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

WASHINGTON, DC, 20231, ON THE DATE APPEARING BELOW.

PATENT

DATE May 12, 2000

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

**In re Patent Application of:** Deborah M. Sherman
John C. Clark
John U. Lamer

**Serial No.:** 09/488,629

**Filed:** January 20, 2000

**For:** Extended Release Formulation

Assistant Commissioner for Patents
Washington, DC 20231

**ATTENTION:** Box Missing Parts

**COMPLETION OF FILING REQUIREMENTS**

Sir:

This is in reply to the Notice to File Missing Parts of Application mailed March 20, 2000.

The original Declaration and Power of Attorney which was filed with the application was determined to be defective because the signatures were missing. A new original Declaration and a copy of Form PTO-1533 are attached.

It was also noted that there is a total of four independent claims, and not six independent claims, as indicated on the Transmittal Letter filed with the application. Therefore, the Commissioner is hereby authorized to charge the fee of $78.00 for the additional independent claim to American Home Products Corporation Deposit Account No. 01-1425.

Also enclosed is Request for a Corrected Filing Receipt.

As the applicants are other than a small entity, a surcharge fee of $130.00 for filing a Declaration later than the filing date of the application is due pursuant to 37 CFR 1.16(e). The Commissioner is hereby authorized to charge any fees under 35 CFR 1.16 and 1.17 which may be required by this paper to American Home Products

Corporation Deposit Account No. 01-1425. Two additional copies of this paper are enclosed for this purpose.

Respectfully submitted,

Steven R. Eck
Reg. No. 36,126

Dated: May 12, 2000
Telephone: (610) 902-2628

I HEREBY CERTIFY THAT THIS CORRESPONDENCE IS BEING DEPOSITED WITH THE UNITED STATES POSTAL SERVICE AS FIRST CLASS MAIL IN AN ENVELOPE ADDRESSED TO: ASSISTANT COMMISSIONER FOR PATENTS, WASHINGTON, DC 20231, ON THE DATE APPEARING BELOW.

Raymond S. Kelly

DATE May 12, 2000

Sector 8

AHP-95011 P2
PATENT

OIPE JC93 MAY 1 7 2000 PATENT & TRADEMARK OFFICE

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

**In re Patent Application of:** Deborah M. Sherman, John C. Clark, John U. Lamer

**Serial No.:** 09/488,629

**Filed:** January 20, 2000

**For:** Extended Release Formulation

Assistant Commissioner for Patents
Washington, DC 20231

**ATTENTION:** Box Missing Parts

**COMPLETION OF FILING REQUIREMENTS**

Sir:

This is in reply to the Notice to File Missing Parts of Application mailed March 20, 2000.

The original Declaration and Power of Attorney which was filed with the application was determined to be defective because the signatures were missing. A new original Declaration and a copy of Form PTO-1533 are attached.

It was also noted that there is a total of four independent claims, and not six independent claims, as indicated on the Transmittal Letter filed with the application. Therefore, the Commissioner is hereby authorized to charge the fee of $78.00 for the additional independent claim to American Home Products Corporation Deposit Account No. 01-1425.

Also enclosed is Request for a Corrected Filing Receipt.

As the applicants are other than a small entity, a surcharge fee of $130.00 for filing a Declaration later than the filing date of the application is due pursuant to 37 CFR 1.16(e). The Commissioner is hereby authorized to charge any fees under 35 CFR 1.16 and 1.17 which may be required by this paper to American Home Products

Corporation Deposit Account No. 01-1425. Two additional copies of this paper are enclosed for this purpose.

Respectfully submitted,

Steven R. Eck
Reg. No. 36,126

Dated: May 12, 2000
Telephone: (610) 902-2628



3

FORMALITIES LETTER

*OC000000004999542*

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENT AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING/RECEIPT DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NUMBER |
|---|---|---|---|
| 09/488,629 | 01/20/2000 | Deborah M. Sherman | AHP-95011-P2 |

Egon E Berg
American Home Products Corporation
Patent Law Department 2B
One Campus Drive
Parsippany, NJ 07054

Date Mailed: 03/20/2000

## NOTICE TO FILE MISSING PARTS OF NONPROVISIONAL APPLICATION

**FILED UNDER 37 CFR 1.53(b)**

***Filing Date Granted***

An application number and filing date have been accorded to this application. The item(s) indicated below, however, are missing. Applicant is given TWO MONTHS from the date of this Notice within which to file all required items and pay any fees required below to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

- Total additional claim fee(s) for this application is $78.
  - $78 for 1 independent claims over 3 .
- The oath or declaration is unsigned.
- To avoid abandonment, a late filing fee or oath or declaration surcharge as set forth in 37 CFR 1.16(e) of $130 for a non-small entity, must be submitted with the missing items identified in this letter.
- **The balance due by applicant is $ 208.**

---

*A copy of this notice MUST be returned with the reply.*

Harrison T

Customer Service Center
Initial Patent Examination Division (703) 308-1202
PART 2 - COPY TO BE RETURNED WITH RESPONSE

05/19/2000 EHAMMOND 00000095 011425 09488629

01 FC:102 78.00 CH
02 FC:105 130.00 CH



AHP-95011 P2
PATENT

DECLARATION AND POWER OF ATTORNEY

As a below-named inventor, I hereby declare that:

My residence, post office address and citizenship are as stated below next to my name:

I believe I am the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is sought on the invention entitled ___Extended Release Formulation__________ ,the specification of which

(check one) ____X___ is attached hereto.

________ was filed on ________________ as
Application Serial No. ________________
and was amended on ________________.
(if applicable)

I hereby state that I have reviewed and understand the contents of the above-identified specification, including the claims, as amended by any amendment referred to above.

I acknowledge the duty to disclose information which is material to the patentability of this application in accordance with Title 37, Code of Federal Regulations, Section 1.56.

I hereby claim foreign priority benefits under Title 35, United States Code, Section 119 of any foreign application(s) for patent or inventor's certificate listed below and have also identified below any foreign application for patent or inventor's certificate having a filing date before that of the application on which priority is claimed:

Priority Claimed
Yes No

(Number) (Country) (Day/Month/Year Filed)

I hereby claim the benefit under Title 35, United States Code, Section 119(e) of any United States Provisional Application(s) for Patent listed below:

60/014,006 March 25, 1996
(Provisional Appln. No.) (Filing Date)

(Provisional Appln. No.) (Filing Date)

I hereby claim the benefit under Title 35, United States Code, Section 120 of any United States Application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code, Section 112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, Section 1.56(a) which occurred between the filing date of the prior application and the national or PCT international filing date of this application:

WYETH 002-000233

AHP-95011 P2
PATENT

| 08/821,137 | March 20, 1997 | Abandoned |
|---|---|---|
| (Application Serial No.) | (Filing Date) | (Status - Patented, pending, abandoned) |
| 08/964,328 | November 5, 1997 | Pending |
| (Application Serial No.) | (Filing Date) | (Status - Patented, pending, abandoned) |

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

I hereby appoint the following attorneys to prosecute this application and to transact all business in the Patent and Trademark Office connected therewith:

Egon E. Berg, Reg. No. 21,117, of One Campus Drive, Parsippany, New Jersey, 07054; and Rebecca R. Barrett, Reg. No. 35,152; Steven R. Eck, Reg. No. 36,126; Arnold S. Milowsky, Reg. No. 35,288; Michael R. Nagy, Reg. No. 33,432; George Tarnowski, Reg. No. 27,472; all of P.O. Box 8299, Philadelphia, Pennsylvania, 19101; and Daniel B. Moran, Reg. No. 41,204 of 401 N. Middletown Road, Pearl River, New York, 10965.

Address all telephone calls to Steven R. Eck at telephone number (610) 902-2628.

Address all correspondence to Egon E. Berg, American Home Products Corporation, Patent Law Department - 2B, One Campus Drive, Parsippany, New Jersey, 07054.

Full name of sole or first inventor Deborah M. Sherman

Inventor's signature [signature] Date 26 Jan 00

Residence 5 Belmont Avenue, Plattsburgh, New York, 12901

Citizenship United States of America

Post Office Address Same as residence

Full name of second joint inventor, if any John C. Clark

Inventor's signature [signature] Date 27 Jan 00

Residence 1 Rounds Drive, Peru, New York, 12972

Citizenship United States of America

Post Office Address Same as residence

AHP-95011 P2
PATENT

Full name of third joint inventor, if any John U. Lamer

Inventor's signature [signature] 27 Jan 00
Date

Residence 22 Farrar Street, St. Albans, Vermont, 05478

Citizenship United States of America

Post Office Address Same as residence

See Change of Inventorship Papers Filed 04-13-01 [initials]
#7



I HEREBY CERTIFY THAT TH[illegible]ORRESPONDENCE IS BEING DEPOSITED WITH THE UNIT[illegible]ATES POSTAL SER[illegible]CE AS FIRST CLASS MAIL IN AN ENV[illegible]OPE ADDRESSED TO: ASSISTANT COMMISSIONER FOR PATENTS, WASHINGTON, DC. 20231, ON THE DATE APPEARING BELOW.

Lyanne J. Kelly

DATE May 12, 2000

AHP-95011 P2
PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

**In re Patent Application of:** Deborah M. Sherman
John C. Clark
John U. Lamer

**Serial No.:** 09/488,629

**Filed:** January 20, 2000

**For:** Extended Release Formulation

Assistant Commissioner for Patents
Washington, DC 20231

## REQUEST FOR CORRECTED FILING RECEIPT

Sir:

Attached is a copy of the official Filing Receipt received from the USPTO in the above-identified application for which issuance of a corrected Filing Receipt is respectfully requested.

There is an error in the "Continuing Data As Claimed by Applicant". It should appear as follows:

Continuing Data as Claimed by Applicant

| | | |
|---|---|---|
| THIS APPLN IS A CIP OF 08/964,328 | 11/05/1997 | ABN |
| WHICH IS A CIP OF 08/821,137 | 03/20/1997 | ABN |
| AND CLAIMS THE BENEFIT OF 60/014,006 | 03/25/1996 | ABN |

The correction is not due to any error by applicant and no fee is due.

Respectfully submitted,

Steven R. Eck
Reg. No. 36,136

Dated: May 12, 2000
Telephone: (610) 902-2628
*Enclosure:* Copy of filing receipt

WYETH 002-000236

FILING RECEIPT

*OC000000004999541*

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: ASSISTANT SECRETARY AND COMMISSIONER OF PATENT AND TRADEMARKS Washington, D.C. 20231

3

| APPLICATION NUMBER | FILING DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | DRAWINGS | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|---|
| 09/488,629 | 01/20/2000 | 1615 | 726 | AHP-95011-P2 | - | 22 | 4 |

Egon E Berg
American Home Products Corporation
Patent Law Department 2B
One Campus Drive
Parsippany, NJ 07054

Date Mailed: 03/20/2000

Receipt is acknowledged of this nonprovisional Patent Application. It will be considered in its order and you will be notified as to the results of the examination. Be sure to provide the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION when inquiring about this application. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. **If an error is noted on this Filing Receipt, please write to the Office of Initial Patent Examination's Customer Service Center. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts" for this application, please submit any corrections to this Filing Receipt with your reply to the Notice. When the PTO processes the reply to the Notice, the PTO will generate another Filing Receipt incorporating the requested corrections (if appropriate).**

**Applicant(s)**

Deborah M. Sherman, Pittsburgh, PA ;
John C. Clark, Peru, NY ;
John U. Lamer, St. Albans, VT ;

**Continuing Data as Claimed by Applicant**

THIS APPLICATION IS A CIP OF 08/964,328 11/05/1997 ABN
THIS APPLICATION IS A CIP OF 08/964,328 11/05/1997 ABN
THIS APPLICATION IS A CIP OF 08/964,328 11/05/1997 ABN
WHICH IS A CIP OF 08/821,137 03/20/1997 ABN
AND A CIP OF 08/821,137 03/20/1997 ABN
AND A CIP OF 08/821,137 03/20/1997 ABN
AND CLAIMS BENEFIT OF 60/014,006 03/25/1996
AND CLAIMS BENEFIT OF 60/014,006 03/25/1996
AND CLAIMS BENEFIT OF 60/014,006 03/25/1996

**Foreign Applications**

**If Required, Foreign Filing License Granted 03/20/2000**

AM. HOME PROD. CORP.
MAR 31 2000
PATENT DEPT. RADNOR

**Title**

Extended release formulation

WYETH 002-000237



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 09/488,629 | 01/20/00 | SHERMAN | D | AHP-95011-P2 |

HM12/0104

Egon E Berg
American Home Products Corporation
Patent Law Department 2B
One Campus Drive
Parsippany NJ 07054

| EXAMINER | |
|---|---|
| SPEAR, J | |
| ART UNIT | PAPER NUMBER |
| 1615 | 4 |

DATE MAILED: 01/04/01

**Please find below and/or attached an Office communication concerning this application or proceeding.**

**Commissioner of Patents and Trademarks**

PTO-90C (Rev. 2/95)

1- File Copy

WYETH 002-000238

| Office Action Summary | Application No. 09/488,629 | Applicant(s) SHERMAN, ET AL. |
|---|---|---|
| | Examiner JAMES M. SPEAR | Group Art Unit 1615 |

☒ Responsive to communication(s) filed on *Jan 20, 2000*.

☐ This action is FINAL.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire *THREE* month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) *1-22* is/are pending in the application.

Of the above, claim(s) ______ is/are withdrawn from consideration.

☒ Claim(s) *21 and 22* is/are allowed.

☒ Claim(s) *1, 12, 18, and 19* is/are rejected.

☒ Claim(s) *2-11, 13-17, and 20* is/are objected to.

☐ Claims ______ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on ______ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on ______ is ☐ approved ☐ disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

☐ received.

☐ received in Application No. (Series Code/Serial Number) ______.

☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

*Certified copies not received: ______.

☒ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☒ Notice of References Cited, PTO-892

☒ Information Disclosure Statement(s), PTO-1449, Paper No(s). *2.5*

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

*— SEE OFFICE ACTION ON THE FOLLOWING PAGES —*

This application currently names joint inventors. In considering patentability of the claims under 35 U.S.C. 103(a), the examiner presumes that the subject matter of the various claims was commonly owned at the time any inventions covered therein were made absent any evidence to the contrary. Applicant is advised of the obligation under 37 CFR 1.56 to point out the inventor and invention dates of each claim that was not commonly owned at the time a later invention was made in order for the examiner to consider the applicability of 35 U.S.C. 103© and potential 35 U.S.C. 102(f) or (g) prior art under 35 U.S.C. 103(a).

The following is a quotation of the second paragraph of 35 U.S.C. 112:

> **The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.**

Claims 12, 18 and 19 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

Claims 12, 18 and 19 contain the trademark/trade name HYDROXYPROPYLMETHYLCELLULOSE TYPE 2208 and TYPE 2910 and ETHYLCELLULOSE TYPE HG 2834. Where a trademark or trade name is used in a claim as a limitation to identify or describe a particular material or product, the claim does not comply with the requirements of 35 U.S.C. 112, second paragraph. See *Ex parte Simpson*, 218 USPQ 1020 (Bd. App. 1982). The claim scope is uncertain since the trademark or trade name cannot be used properly to identify any particular material or product. A trademark or trade name is used to

identify a source of goods, and not the goods themselves. Thus, a trademark or trade name does not identify or describe the goods associated with the trademark or trade name. In the present case, the trademark/trade name is used to identify/describe a hydroxyalkylcellulose (hydroxypropylmethylcellulose) and ethylcellulose and, accordingly, the identification/description is indefinite. It is unclear as to what the type terminology is indicative of and how the various compounds differ based on the number notation.

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

Claim 1 is rejected under 35 U.S.C. 103(a) as being unpatentable over McAinsh et al U.S. 4,138,475 in view of Wong et al U.S. 5,552,429.

McAinsh et al shows a hard gelatin capsule comprised of spheroids coated with a mixture of ethylcellulose and hydroxypropylmethylcellulose. The active agent propranolol is blended with microcrystalline cellulose to formulate the core spheroid. See Abstract, example and claim 1. The reference does not show venlafaxine. Wong et al is relied on for teaching extended release dosage forms comprised of the same ingredients as McAinsh et al including the drugs venlafaxine and propranolol. See column 4, lines 7-10, column 6, lines 54-55, column 7, lines 18-22, formùlation 5. To use the venlafaxine of Wong et al in the McAinsh et al capsule with a reasonable expectation of success would have been obvious to one of ordinary skill in the art.

Given the teachings of the prior art it would be reasonable to expect that propranolol common to both McAinsh et al and Wong et al could be combined with venlafaxine in a sustained release dosage form to increase patient compliance when the need arises to administer both drugs. The motivation being a desire to obtain optimum drug efficacy over a prolonged period of time while reducing the total number of dosages required.

Claims 2-11, 13-17 and 20 are objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims. Claim 1, 12, 18 and 19 are rejected.

Claims 21 and 22 are allowed.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to James M. Spear whose telephone number is (703) 308-2457. The examiner can normally be reached on Monday thru Friday from 6:30 A.M. to 3:00 P.M.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Thurman Page, can be reached on (703) 308-2927. The fax phone number for this Group is (703) 305-3592 or 308-4556.

Communications via Internet e-mail regarding this application, other than those under 35 U.S.C. 132 or which otherwise require a signature, may be used by the applicant and should be addressed to [**thurman.page@uspto.gov**].

All Internet e-mail communications will be made of record in the application file. PTO employees do not engage in Internet communications where there exists a possibility that sensitive information could be identified or exchanged unless the record includes a properly signed express waiver of the confidentiality requirements of 35 U.S.C. 122. This is more clearly set forth in the Interim Internet Usage Policy published in the Official Gazette of the Patent and Trademark on February 25, 1997 at 1195 OG 89.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the Group receptionist whose telephone number is (703) 308 1235.

James M. Spear

January 3, 2001

James M. Spear
JAMES M. SPEAR
PRIMARY EXAMINER
ART UNIT 1615

| *Notice of References Cited* | Application No. 09/488,629 | Applicant SHERMAN, ET AL. | |
|---|---|---|---|
| | Examiner JAMES M. SPEAR | Group Art Unit 1615 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|
| A | 4,138,475 | 2/1979 | McAinsh, et al | 424 | 19 |
| B | 5,552,429 | 9/1996 | WONG, ET AL. | 514 | 415 |
| C | | | | | |
| D | | | | | |
| E | | | | | |
| F | | | | | |
| G | | | | | |
| H | | | | | |
| I | | | | | |
| J | | | | | |
| K | | | | | |
| L | | | | | |
| M | | | | | |

**FOREIGN PATENT DOCUMENTS**

| | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| N | | | | | | |
| O | | | | | | |
| P | | | | | | |
| Q | | | | | | |
| R | | | | | | |
| S | | | | | | |
| T | | | | | | |

**NON-PATENT DOCUMENTS**

| | DOCUMENT (Including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|
| U | | |
| V | | |
| W | | |
| X | | |

U. S. Patent and Trademark Office
PTO-892 (Rev. 9-95) Notice of References Cited Part of Paper No. 4

WYETH 002-000244



UNITED STAT DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] |

Egon E Berg
American Home Products Corporation
Patent Law Department 2B
One Campus Drive
Parsippany NJ 07054

| EXAMINER | |
|---|---|
| [illegible] | |
| ART UNIT | PAPER NUMBER |
| [illegible] | 5 |

DATE MAILED: [illegible]

**Please find below and/or attached an Office communication concerning this application or proceeding.**

**Commissioner of Patents and Trademarks**

PTO-90C (Rev. 2/95)
*U.S. GPO: 2000-473-000/44602

1- File Copy

## Interview Summary

| Application No. | Applicant(s) | | |
|---|---|---|---|
| 09/488,629 | SHERMAN, ET AL. | | |
| **Examiner** | | **Group Art Unit** | |
| JAMES M. SPEAR | | 1615 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) *JAMES M. SPEAR* (3) ____________

(2) *REBECCA R. BARRETT* (4) ____________

Date of Interview *Feb 16, 2001*

Type: ☒ Telephonic ☐ Personal (copy is given to ☐ applicant ☐ applicant's representative).

Exhibit shown or demonstration conducted: ☐ Yes ☒ No. If yes, brief description:

Agreement ☒ was reached. ☐ was not reached.

Claim(s) discussed: *ALL PENDING CLAIMS*

Identification of prior art discussed:
*Art of record.*

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:
*Discussed canceling claim one to overcome art rejection and amending claims 12, 18 and 19 to overcome 112 rejection. The examiner would consider claims 21 and 22, amended to delete encapsulated, for allowability pending further search. An amendment will follow.*

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendents which would render the claims allowable is available, a summary thereof must be attached.)

1. ☒ It is not necessary for applicant to provide a separate record of the substance of the interview.

Unless the paragraph above has been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW. (See MPEP Section 713.04). If a response to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.

2. ☐ Since the Examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action. Applicant is not relieved from providing a separate record of the interview unless box 1 above is also checked.

James M. Spear
JAMES M. SPEAR
PRIMARY EXAMINER
ART UNIT 1615

Examiner Note: You must sign and stamp this form unless it is an attachment to a signed Office action.

02-20-01

CERTIFICATE OF MAILING BY "EXPRESS MAIL"

"EXPRESS MAIL" MAILING LABEL NUMBER EM574058701US

DATE OF DEPOSIT February 16, 2001

I HEREBY CERTIFY THAT THIS PAPER OR FEE IS BEING DEPOSITED WITH THE UNITED STATES POSTAL SERVICE BY "EXPRESS MAIL POST OFFICE TO ADDRESSEE" SERVICE UNDER 37 CFR 1.10 ON THE DATE INDICATED ABOVE AND IS ADDRESSED TO THE ASSISTANT COMMISSIONER FOR PATENTS, WASHINGTON, D.C. 20231

Judith A. Johnston
(TYPED OR PRINTED NAME OF PERSON MAILING PAPER OR FEE)

Judith A. Johnston
(SIGNATURE OF PERSON MAILING PAPER OR FEE)

#1615

U.S. DEPARTMENT OF COMMERCE
Patent and Trademark Office

Address Only: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

Docket No. AHP-98011-P2
PATENT

RECEIVED

O I P E JC55
FEB 16 2001
PATENT & TRADEMARK OFFICE

In re Patent Application of D.M.Sherman; J.C.Clark & J.U.Lamer

Serial No. 09/488,629 — Examiner J. Spear

Filed January 20, 2000 — Group 1615

For Extended Release Formulation — CONFIRMATION NO. 4728

ASSISTANT COMMISSIONER FOR PATENTS
Washington, D.C. 20231

Sir:

Transmitted herewith is an amendment in the above-identified application.

☐ No additional fee is required.

The fee has been calculated as shown below.

CLAIMS AS AMENDED

| (1) | (2) CLAIMS REMAINING AFTER AMENDMENT | (3) | (4) HIGHEST NO. PREVIOUSLY PAID FOR | (5) PRESENT EXTRA | (6) RATE | (7) ADDITIONAL FEE |
|---|---|---|---|---|---|---|
| TOTAL CLAIMS | * 25 | MINUS | ** 22 | 3 | x $18. | 54.00 |
| INDEP. CLAIMS | * 9 | MINUS | *** 6 | 3 | x $80. | 240.00 |
| MULTIPLE DEPENDENT CLAIMS | 0 | | 0 | 0 | $270. | 0.00 |
| | | | TOTAL ADDITIONAL FEE FOR THIS AMENDMENT → | | | 294.00 |

* If the entry in Column 2 is less than the entry in Column 4, write "0" in Column 5.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, write "20" in this space.
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, write "3" in this space.

☐ Fee for Terminal Disclaimer under 37CFR 1.20 (d) ($110.00) is also transmitted herewith.

☐ Fee of $_________ pursuant to 37 CFR 1.17(a) for extension of time under 37 CFR 1.136(a) is also transmitted herewith.

☒ Charge $ 294.00 to American Home Products Corporation Deposit Account No. 01-1425. Two additional copies of this sheet are enclosed.

☒ The Commissioner is hereby authorized to charge any fees under 37 CFR 1.16 and 1.17 which may be required by this paper to American Home Products Corporation Deposit Account No. 01-1425. Two additional copies of this sheet are enclosed.

Rebecca R. Barrett
Rebecca R. Barrett
Reg. No. 35,152
February 16, 2001

M2789-1N (12/00) FORM PO-1083 (11-89) USCOMM-DC 60425-P89

CERTIFICATE OF MAILING BY "EXPRESS MAIL"

"EXPRESS MAIL" MAILING LABEL NUMBER EM474058701US

DATE OF DEPOSIT February 16, 2001

I HEREBY CERTIFY THAT THIS PAPER OR FEE IS BEING DEPOSITED WITH THE UNITED STATES POSTAL SERVICE BY "EXPRESS MAIL POST OFFICE TO ADDRESSEE" SERVICE UNDER 37 CFR 1.10 ON THE DATE INDICATED ABOVE AND IS ADDRESSED TO THE ASSISTANT COMMISSIONER FOR PATENTS, WASHINGTON, D.C. 20231

Judith A. Johnston
(TYPED OR PRINTED NAME OF PERSON MAILING PAPER OR FEE)

Judith A. Johnston
(SIGNATURE OF PERSON MAILING PAPER OR FEE)

U.S. DEPARTMENT OF COMMERCE
Patent and Trademark Office

Address Only: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

Docket No. AHP-95011-P2
PATENT

O I P E JC55 FEB 1 6 2001 PATENT & TRADEMARK OFFICE

In re Patent Application of D.M.Sherman; J.C.Clark & J.U.Lamer

Serial No. 09/488,629 Examiner J. Spear

Filed January 20, 2000 Group 1615

For Extended Release Formulation CONFIRMATION NO. 4728

ASSISTANT COMMISSIONER FOR PATENTS
Washington, D.C. 20231

RECEIVED FEB 27 2001 TECH CENTER 1600/2900

Sir:

Transmitted herewith is an amendment in the above-identified application.

☐ No additional fee is required.

The fee has been calculated as shown below.

CLAIMS AS AMENDED

| (1) | (2) CLAIMS REMAINING AFTER AMENDMENT | (3) | (4) HIGHEST NO. PREVIOUSLY PAID FOR | (5) PRESENT EXTRA | (6) RATE | (7) ADDITIONAL FEE |
|---|---|---|---|---|---|---|
| TOTAL CLAIMS | * 25 | MINUS | ** 22 | 3 | x $18. | 54.00 |
| INDEP. CLAIMS | * 9 | MINUS | *** 6 | 3 | x $80. | 240.00 |
| MULTIPLE DEPENDENT CLAIMS | 0 | | 0 | 0 | $270. | 0.00 |
| | | | TOTAL ADDITIONAL FEE FOR THIS AMENDMENT → | | | 294.00 |

* If the entry in Column 2 is less than the entry in Column 4, write "0" in Column 5.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, write "20" in this space.
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, write "3" in this space.

☐ Fee for Terminal Disclaimer under 37CFR 1.20 (d) ($110.00) is also transmitted herewith.

☐ Fee of $__________ pursuant to 37 CFR 1.17(a) for extension of time under 37 CFR 1.136(a) is also transmitted herewith.

☒ Charge $ 294.00 to American Home Products Corporation Deposit Account No. 01-1425. Two additional copies of this sheet are enclosed.

☒ The Commissioner is hereby authorized to charge any fees under 37 CFR 1.16 and 1.17 which may be required by this paper to American Home Products Corporation Deposit Account No. 01-1425. Two additional copies of this sheet are enclosed.

Rebecca R. Barrett
Rebecca R. Barrett
Reg. No. 35,152
February 16, 2001

M2769-1N (12/00) FORM PO-1083 (11-89) USCOMM-DC 60425-P89

CERTIFICATE OF MAILING BY "EXPRESS MAIL"

"Express Mail" mailing label number EM4740587 JS

Date of Deposit February 16, 2001

I hereby certify that this paper or fee is being deposited with the United States Postal Service "Express Mail Post Office to Addressee" service under 37 CFR 1.10 on the date indicated above and is addressed to the Assistant Commissioner for Patents, Washington, DC, 20231.

Judith A. Johnston
Name of Person Mailing Paper or Fee

Judith A. Johnston
Signature of Person Mailing Paper or Fee

AHP-95011-P2
PATENT

RECEIVED
FEB 27 2001
TECH CENTER 1600/2900

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

**In re Patent Application of:** Deborah M. Sherman
John C. Clark
John U. Lamer

**Serial No.:** 09/488,629 **Confirmation No.:** 4728

**Filed:** January 20, 2000 **Examiner:** J. Spear

**For:** Extended Release Formulation **Group:** 1615

Assistant Commissioner for Patents
Washington, D.C. 20231

**REQUEST FOR RECONSIDERATION UNDER 37 C.F.R. §1.111**

Sir:

This is in response to the Office Action issued in connection with this case. The Office Action has been carefully reviewed and the following response prepared. Please amend the application as follows:

In the Claims:

Please cancel Claim 1.

Please amend the claims as follows:

1 2. An extended release formulation [according to Claim 1] of venlafaxine hydrochloride comprising a pharmaceutically acceptable capsule [wherein the] containing spheroids [are] comprised of from about 6% to about 40% venlafaxine hydrochloride by weight, about 50% to about 94% microcrystalline cellulose, NF, by weight, and optionally from about 0.25% to about 1% by weight of hydroxypropyl-methylcellulose, USP, wherein the spheroids are coated with a film coating composition comprised of ethyl cellulose and hydroxypropylmethylcellulose.

02/22/2001 SHARIS1 00000063 011425 09488629

01 FC:102 240.00 CH
02 FC:103 54.00 CH

24


12. (Amended) An extended release formulation according to Claim 2 1 wherein the spheroids are composed of about 37% by weight of venlafaxine hydrochloride, about 0.5% by weight of hydroxypropylmethylcellulose [2208], and about 62% by weight of microcrystalline cellulose.

a2

17. (Amended) [A film coating composition] An extended release formulation according to Claim 2 1 wherein the film coating composition is [which is] comprised of about 85% by total weight of film coating of ethyl cellulose having 44.0 - 51.0% content of ethoxy groups, and about 15% by total weight of film coating of hydroxypropylmethylcellulose having a methoxy content of 28.0-30.0% and a hydroxypropoxy group content of 7.0-12.0%.

18. (Amended) [A film coating composition] An extended release formulation according to Claim 2 1 [which] wherein the film coating composition is comprised of 85% by weight of ethyl cellulose having an ethoxy content of 44.0-51% and a viscosity of 50 cps for a 5% aqueous solution, [type HG 2834] and 15% by weight of hydroxypropylmethylcellulose having a viscosity of 6 cps at 2% aqueous solution with a methoxy content of 28-30% and a hydroxypropoxy content of 7-12% [type 2910].

a3

19. (Amended) An extended release formulation of venlafaxine hydrochloride for once daily administration which comprises spheroids containing 37.3% venlafaxine, 62.17% microcrystalline cellulose and 0.5% hydroxypropylmethylcellulose [type 2208], coated with a quantity of a mixture comprised of 85% ethyl cellulose [type HG 2834] and 15% hydroxypropylmethylcellulose [type 2910] sufficient to give coated spheroids having a dissolution profile [which gives the desired release rate over a 24 hour period] in USP Apparatus 1 (basket) at 100 rpm in purified water at 37°C:

| Time | Average % Venlafaxine HCl Released |
|---|---|
| 2 | <30 |
| 4 | 30-55 |
| 8 | 55-80 |
| 12 | 65-90 |
| 24 | >80. |

T0250

A

AHP-95011-P2
PATENT

In Claims 3, 4, 6 and 11, please delete "Claim 1" and insert --Claim 2-- therefor.

In Claim 8, please delete "Claim 6" and insert --Claim 2-- therefor.

In Claims 13, 14, 15, and 16, please delete "A composition" and insert --An extended release formulation-- therefor.

Please add the following new claims: 6

22 ~~23~~. A method for providing a therapeutic blood plasma concentration of venlafaxine over a twenty-four hour period with diminished incidence of nausea and emesis which comprises administering orally to a patient in need thereof, an encapsulated extended release formulation that provides a peak blood plasma level of venlafaxine in from about 5 to about 8 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

23 ~~24~~. A method for providing a therapeutic blood plasma concentration of venlafaxine over a twenty-four hour period with diminished incidence of nausea and emesis which comprises administering orally to a patient in need thereof, an encapsulated extended release formulation that provides a peak blood plasma level of venlafaxine in about 6 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

a4

24 ~~25~~. A method for eliminating the troughs and peaks of drug concentration in a patient's blood plasma attending the therapeutic metabolism of plural daily doses of venlafaxine hydrochloride which comprises administering orally to a patient in need thereof, an encapsulated, extended release formulation that provides a peak blood plasma level of venlafaxine in from about 5 to about 8 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

27-0148

25 ~~26~~. A method for eliminating the troughs and peaks of drug concentration in a patient's blood plasma attending the therapeutic metabolism of plural daily doses o venlafaxine hydrochloride which comprises administering orally to a patient in need

A

thereof, an encapsulated, extended release formulation that provides a peak blood plasma level of venlafaxine in about 6 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

**Remarks**

Claims 1-22 were pending in this case. Applicants appreciate the Examiner's indication that Claims 21 and 22 are allowed and that Claims 2-11, 13-17 and 20 are allowable. Claims 1, 12, 18 and 19 were rejected. Claim 1 was cancelled by this paper, without prejudice to its presentation in a divisional application. Claim 2 was rewritten in independent form by incorporating the subject matter of Claim 1. Claims 3, 4, 6 and 11 were amended to depend from Claim 2 rather than from cancelled Claim 1. Claims 12, 18 and 19 were amended to delete reference to trademarks/-tradenames. Claim 19 was also amended to specifically enumerate the dissolution profile referenced in the claim. Claims 13-18 were amended to proper dependen form by conforming their preambles to that of Claim 2 from which Claims 13-18 depend. Claims 8-10 were amended to depend from Claim 2 rather than from Claim 6 (which depends from Claim 2). New Claims 23 through 26 were added. New Claims 23 through 26 are supported throughout the specification and particularly, for example, at page 3, lines 14-19. No change in claim scope is intended by these amendments.

Claims 12, 18 and 19 were rejected under 35 U.S.C. §112, second paragraph, because they recited trademarks or tradenames. Applicants have amended Claims 12, 18 and 19 to delete trademarks/names. Reference is made generically instead to hydroxypropylmethylcellulose or ethylcellulose as supported, for example, in Claim 2, and in the specification at Page 6, line 30 through Page 7, line 4. Claims 12, 18 and 19 should not be limited to the particular hydroxypropylmethylcellose or ethylcellulose identified by the trademark/name.

Claim 1 was rejected under 35 U.S.C. §103(a). Claim 1 was cancelled, without prejudice to its presentation in a divisional application. Accordingly, this rejection is moot.

Claims 2-11, 13-17 and 20 were objected to as being dependent upon a rejected base claim. Claim 2 has been rewritten as an independent claim. Claims 3-

11, 13-17 and 20 have been amended so that they depend, directly or indirectly, from allowable Claim 2. Accordingly, this objection should be withdrawn.

In view of the foregoing, Claims 2-26 are in condition ready for allowance. An early and favorable Notice of Allowance is respectfully requested.

Respectfully submitted,

Rebecca R. Barrett

Rebecca R. Barret
Reg. No. 35,152

Dated: February 16, 2001

Telephone: (610)-902-2646

AHP-95011 P2
PATENT

7/ Petition under 1.48(a)

HAND-CARRIED

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

**In re Patent Application of:** Deborah M. Sherman, John C. Clark, John U. Lamer

**Serial No.:** 09/488,629 **Examiner:** Spear J.

**Filed:** January 20, 2000 **Group:** 1615

**For:** Extended Release Formulation

Assistant Commissioner for Patents
Washington, D.C. 20231

4-10-01
Approved For Entry
JSpear

Bet
4-18-01

25291
PATENT TRADEMARK OFFICE

**AMENDMENT, PETITION AND FEE TO ADD INVENTOR UNDER 37 CFR § 1.48 (a)**

1. This amendment and petition is to correct the incorrect original naming of inventor(s) in the declaration filed on January 20, 2000.

2. Please add the following previously unnamed person as an inventor of this application:

Stephen A. White

3. Attached is:

(a) A statement from Stephen A. White that the error occurred without deceptive intention on his part. 37 C.F.R. § 1.48(a)(1).

(b) a declaration by each of the actual inventor(s) as required by 37 C.F.R. 1.63 (or as permitted by §§ 1.42, 1.43 or 1.47). 37 C.F.R. §1.48(a)(2).

(c) written assent of the assignee (if any of the original inventors executed an assignment) 37 C.F.R. §1.48(a)(4).

04/18/2001 CWILLIAM 00000001 011425 09488629
01 FC:122 130.00 CH

AHP-95011 P2
PATENT

4. Fee Payment (37 C.F.R. §1.17(i)
The fee required is paid as follows:
__X__ Charge Deposit Account 01-1425 the sum of $130.00

[signature]
Signature of Practitioner

Reg. No. 35,152

Rebecca R. Barrett
(type or print name of practitioner)

Tele. No. : (610) 902-2646
Date:

AHP-95011 P2
PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

**In re Patent Application of:** Deborah M. Sherman, John C. Clark, John U. Lamer

**Serial No.:** 09/488,629 **Examiner:** Spear J.

**Filed:** January 20, 2000 **Group:** 1615

**For:** Extended Release Formulation Confirmation No. 4728

Assistant Commissioner for Patents
Washington, D.C. 20231

RECEIVED

**STATEMENT UNDER 37 CFR § 1.48 (a)(1)**

I, Stephen A. White hereby state that the error in inventorship in the above-captioned case occurred without deceptive intent on my part.

I further declare that all statements made herein from my own knowledge are true and that all statements made on information and belief are believed to be true.

I further declare that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment or both under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of this patent application or any patent issuing thereon.

Further, declarant sayeth not.

Date: 10 Apr 01 Declarant [signature]
Stephen A.White

AHP-95011 P2
PATENT

# DECLARATION AND POWER OF ATTORNEY

As a below-named inventor, I hereby declare that:

My residence, post office address and citizenship are as stated below next to my name:

I believe I am the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is the invention entitled EXTENDED RELEASE FORMULATION, the specification of which

(check one) ________ is attached hereto.

X was filed on January 20, 2000 as Application Serial No 09/488,629 and was last amended on February 16, 2001. (if applicable)

I hereby state that I have reviewed and understand the contents of the above-identified specification, including the claims, as amended by any amendment referred to above.

I acknowledge the duty to disclose information which is material to the examination of this application in accordance with Title 37, Code of Federal Regulations, Section 1.56 (a).

I hereby claim foreign priority benefits under Title 35, United States Code, Section 119 of any foreign application(s) for patent or inventor's certificate listed below and have also identified below any foreign application for patent or inventor's certificate having a filing date before that of the application on which priority is claimed:

| (Number) | (Country) | (Day/Month/Year Filed) | Priority Claimed Yes | Priority Claimed No |
|---|---|---|---|---|
| NONE | | | | |

I hereby claim the benefit under Title 35, United States Code, Section 119(e) of any United States Provisional Application(s) for Patent listed below:

| (Provisional Appln. No.) | (Filing Date) |
|---|---|
| 60/014,006 | March 25, 1996 |
| | |

I hereby claim the benefit under Title 35, United States Code, Section 120 of any United States Application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code, Section 112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, Section 1.56(a) which occurred between the filing date of the prior application and the national or PCT international filing date of this application:

AHP-95011 P2
PATENT

| 08/821,137 | 3/20/97 | Abandoned |
|---|---|---|
| (Application Serial No.) | (Filing Date) | (Status - Patented, pending, abandoned) |
| 08/964,328 | 11/5/97 | Abandoned |
| (Application Serial No.) | (Filing Date) | (Status - Patented, pending, abandoned) |

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

I hereby appoint the following attorneys to prosecute this application and to transact all business in the Patent and Trademark Office connected therewith:

Egon E. Berg, Reg. No. 21,117; of Five Giralda Farms, Madison, New Jersey, 07940; and Rebecca R. Barrett, Reg. No. 35,152; Steven R. Eck, Reg. No. 36,126; Arnold S. Milowsky, Reg. No. 35,288; Michael R. Nagy, Reg. No. 33,432; George Tarnowski, Reg. No. 27,472; all of P.O. Box 8299, Philadelphia, Pennsylvania, 19101; and Daniel B. Moran, Reg. No. P-41,204 of 401 N. Middletown Road, Pearl River, New York, 10965.

Address all telephone calls to Rebecca R. Barrett at telephone number (610) 902-2646.

Address all correspondence to Egon E. Berg, American Home Products Corporation, Patent Law Department - 2B, Five Giralda Farms, Madison, New Jersey, 07940.

Full name of sole or first inventor Deborah M. Sherman

Inventor's signature Deborah M Sherman — Date: 15 Mar 01

Residence 5 Belmont Avenue, Plattsburgh, New York 12901

Citizenship United States of America

Post Office Address Same as residence

Full name of second joint inventor, if any John C. Clark

Inventor's signature John C Clark — Date: 29 Mar 01

Residence 375 Pleasant St., Peru, New York 12972

Citizenship United States of America

Post Office Address Same as Residence

AHP-95011 P2
PATENT

Full name of third joint inventor, if any John U. Lamer

Inventor's signature [signature] 29 Mar 01
Date

Residence 22 Farrar Street, St. Albans, Vermont 05478

Citizenship United States of America

Post Office Address Same as Residence

Full name of fourth joint inventor, if any Steven A. White

Inventor's signature [signature] 29 Mar 01
Date

Residence 309 Southwick Rd., Champlain, NY 12919

Citizenship United States of America

Post Office Address Same as Residence

AHP-95011PC2
PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

**In re Patent Application of:** Deborah M. Sherman, John C. Clark, John U. Lamer

**Serial No.:** 09/488,629 **Examiner:** Spear J.

**Filed:** January 20, 2000 **Group:** 1615

**For:** Extended Release Formulation

Assistant Commissioner for Patents
Washington, D.C. 20231

**CONSENT OF ASSIGNEE TO CHANGE OF INVENTORSHIP IN PATENT**

Sir:

American Home Products Corporation, owner by assignment of the above patent in the assignment recorded in the U.S. Patent and Trademark Office on March 7, 2001, Reel 011368 and Frame 0195, hereby consents to the amendment of the inventorship of this patent as requested in the accompanying papers.

AMERICAN HOME PRODUCTS CORPORATION

By: Egon E. Berg
Egon E. Berg
Vice President

Dated: April 3, 2001



UNITED ST ES DEPARTMENT OF COMMERCE
Patent and Trademark Office
ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

RECEIVED
APR 24 2001
TECH CENTER 1600/2900

# CHANGE OF ADDRESS/POWER OF ATTORNEY

FILE LOCATION 16C3 SERIAL NUMBER 09488629 PATENT NUMBER

THE CORRESPONDENCE ADDRESS HAS BEEN CHANGED TO CUSTOMER # 25291

THE PRACTITIONERS OF RECORD HAVE BEEN CHANGED TO CUSTOMER # 25291

THE FEE ADDRESS HAS BEEN CHANGED TO CUSTOMER # 25291

ON 04/03/01 THE ADDRESS OF RECORD FOR CUSTOMER NUMBER 25291 IS:

AMERICAN HOME PRODUCTS CORPORATION
PATENT SECTION
FIVE GIRALDA FARMS
MADISON NJ 07940-0874

AND THE PRACTITIONERS OF RECORD FOR CUSTOMER NUMBER 25291 ARE:

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 21117 | 22847 | 26942 | 27324 | 27472 | 27626 | 28049 | 28469 | 29520 | 29639 |
| 30637 | 31088 | 32245 | 32269 | 32703 | 32803 | 33365 | 33432 | 34210 | 34276 |
| 34614 | 35152 | 35288 | 36126 | 39206 | 41148 | 41204 | 41859 | 45822 | |

PTO INSTRUCTIONS: PLEASE TAKE THE FOLLOWING ACTION WHEN THE CORRESPONDENCE ADDRESS HAS BEEN CHANGED TO CUSTOMER NUMBER: RECORD, ON THE NEXT AVAILABLE CONTENTS LINE OF THE FILE JACKET, 'ADDRESS CHANGE TO CUSTOMER NUMBER'. LINE THROUGH THE OLD ADDRESS ON THE FILE JACKET LABEL AND ENTER ONLY THE 'CUSTOMER NUMBER' AS THE NEW ADDRESS. FILE THIS LETTER IN THE FILE JACKET. WHEN ABOVE CHANGES ARE ONLY TO FEE ADDRESS AND/OR PRACTITIONERS OF RECORD, FILE LETTER IN THE FILE JACKET.
THIS FILE IS ASSIGNED TO GAU 1615.

PTO-FMD
TALBOT-1/97

| ***Notice of Allowability*** | Application No. 09/488,629 | Applicant(s) SHERMAN, ET AL. | |
|---|---|---|---|
| | Examiner JAMES M. SPEAR | Art Unit 1615 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance and Issue Fee Due or other appropriate communication will be mailed in due course. THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS. This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *THE AMENDMENT FILED FEBRUARY 16, 2001*.

2. ☒ The allowed claim(s) is/are *2-26*.

3. ☐ The drawings filed on ________ are acceptable as formal drawings.

4. ☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).
   a) ☐ All b) ☐ Some* c) ☐ None of the:
   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. ________.
   3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

   *Certified copies not received: ________.

5. ☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE FOR SUBMITTING NEW FORMAL DRAWINGS, OR A SUBSTITUTE OATH OR DECLARATION. This three-month period for complying with the REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL is extendable under 37 CFR 1.136(a).**

6. ☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

7. ☐ Applicant MUST submit NEW FORMAL DRAWINGS
   (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review (PTO-948) attached
   1) ☐ hereto or 2) ☐ to Paper No. ____.
   (b) ☐ including changes required by the proposed drawing correction filed ________, which has been approved by the examiner.
   (c) ☐ including changes required by the attached Examiner's Amendment/Comment or in the Office action of Paper No. ____.

   **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson.**

8. ☐ Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Any reply to this letter should include, in the upper right hand corner, the APPLICATION NUMBER (SERIES CODE/SERIAL NUMBER). If applicant has received a Notice of Allowance and Issue Fee Due, the ISSUE BATCH NUMBER and DATE of the NOTICE OF ALLOWANCE should also be included.

**Attachment(s)**

1 ☐ Notice of References Cited (PTO-892)
2 ☐ Notice of Informal Patent Application (PTO-152)
3 ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
4 ☐ Interview Summary (PTO-413), Paper No. ____.
5 ☐ Information Disclosure Statement(s) (PTO-1449), Paper No(s). ____
6 ☐ Examiner's Amendment/Comment
7 ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
8 ☐ Examiner's Statement of Reasons for Allowance
9 ☐ Other

James M. Spear
JAMES M. SPEAR
PRIMARY EXAMINER
ART UNIT 1615

# *ATTACHMENT TO AND MODIFICATION OF NOTICE OF ALLOWABILITY (PTO-37)*

*(November, 2000)*

**NO EXTENSIONS OF TIME ARE PERMITTED TO FILE CORRECTED OR FORMAL DRAWINGS, OR A SUBSTITUTE OATH OR DECLARATION,** notwithstanding any indication to the contrary in the attached Notice of Allowability (PTO-37).

If the following language appears on the attached Notice of Allowability, the portion lined through below is of no force and effect and is to be ignored[1]:

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE "DATE MAILED" of this Office action. Failure to comply will result in ABANDONMENT of this application. ~~Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).~~

Similar language appearing in any attachments to the Notice of Allowability, such as in an Examiner's Amendment/Comment or in a Notice of Draftperson's Patent Drawing Review, PTO-948, is also to be ignored.

---

[1] The language which is crossed out is contrary to amended 37 CFR 1.85(c) and 1.136. See "*Changes to Implement the Patent Business Goals*", 65 *Fed. Reg.* 54603, 54629, 54641, 54670, 54674 (September 8, 2000), 1238 *Off. Gaz. Pat. Office* 77, 99, 110, 135, 139 (September 19, 2000)



UNITED STATE EPARTMENT OF COMMERCE
Patent and Trademark Office

# NOTICE OF ALLOWANCE AND ISSUE FEE DUE

025291 HM42/0517
AMERICAN HOME PRODUCTS CORPORATION
PATENT SECTION
FIVE GIRALDA FARMS
MADISON NJ 07940-0874

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 09/488,629 | 01/20/00 | 025 | SPEAR, J | 1616 | 05/09/01 |

First Named Applicant: SHERMAN, 35 USC 154(b) term ext. = 0 Days.

TITLE OF INVENTION: EXTENDED RELEASE FORMULATION OF VENLAFAXINE HYDROCHLORIDE

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 1 AHP-95011-P2 | 424-461.000 | 814 | UTILITY | NO | $1240.00 | 08/09/01 |

***THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.***

***THE ISSUE FEE MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED.***

## HOW TO RESPOND TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above.
If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is changed, pay twice the amount of the FEE DUE shown above and notify the Patent and Trademark Office of the change in status, or

B. If the status is the same, pay the FEE DUE shown above.

If the SMALL ENTITY is shown as NO:

A. Pay FEE DUE shown above, or

B. File verified statement of Small Entity Status before, or with, payment of 1/2 the FEE DUE shown above.

II. Part B-Issue Fee Transmittal should be completed and returned to the Patent and Trademark Office (PTO) with your ISSUE FEE. Even if the ISSUE FEE has already been paid by charge to deposit account, Part B Issue Fee Transmittal should be completed and returned. If you are charging the ISSUE FEE to your deposit account, section "4b" of Part B-Issue Fee Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give application number and batch number.
Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

***IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.***

PATENT AND TRADEMARK OFFICE COPY

PTOL-85 (REV. 10-96) Approved for use through 06/30/99. (0651-0033)

OIPE JUN 1 3 2001

**PART B—ISSUE FEE TRANSMITTAL**

Complete and mail this form, together with applicable fees, to: Box ISSUE FEE, Assistant Commissioner for Patents, Washington, D.C. 20231

*MAILING INSTRUCTIONS:* This form should be used for transmitting the ISSUE FEE. Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Issue Fee Receipt, the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1)

025291 HM22/0509
AMERICAN HOME PRODUCTS CORPORATION
PATENT SECTION
FIVE GIRALDA FARMS
MADISON NJ 07940-0874

CERTIFICATE OF MAILING BY "EXPRESS MAIL"

"Express Mail" Mailing Label Number EM47057842US

Date of Deposit June 13, 2001

I HEREBY CERTIFY THAT THIS PAPER OR FEE IS BEING DEPOSITED WITH THE UNITED STATES POSTAL SERVICE BY "EXPRESS MAIL POST OFFICE TO ADDRESSEE" SERVICE UNDER 37 CFR 1.10 ON THE DATE INDICATED ABOVE AND IS ADRESSED TO THE ASSISTANT COMMISSIONER FOR PATENTS WASHINGTON, DC, 20231.

Rebecca R. Barrett
(TYPED OR PRINTED NAME OF PERSON MAILING PAPER OR FEE)

Rebecca R. Barrett
(SIGNATURE OF PERSON MAILING PAPER OR FEE)

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 09/488,629 | 01/20/00 | 025 | SPEAR, J | 1615 | 05/09/01 |

First Named Applicant: SHERMAN, 35 USC 154(b) term ext. = 0 Days.

TITLE OF INVENTION EXTENDED RELEASE FORMULATION

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 1 AHP-95011-P2 | 424-461.000 | G14 | UTILITY | NO | $1240.00 | 08/09/01 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363). Use of PTO form(s) and Customer Number are recommended, but not required.

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" indication form PTO/SB/47) attached.

2. For printing on the patent front page, list (1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 Rebecca R. Barrett
2 ______
3 ______

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)
PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the PTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE AMERICAN HOME PRODUCTS CORPORATION

(B) RESIDENCE: (CITY & STATE OR COUNTRY) MADISON, NEW JERSEY

Please check the appropriate assignee category indicated below (will not be printed on the patent)
☐ individual ☒ corporation or other private group entity ☐ government

4a. The following fees are enclosed (make check payable to Commissioner of Patents and Trademarks):
☐ Issue Fee
☐ Advance Order - # of Copies ______

4b. The following fees or deficiency in these fees should be charged to:
DEPOSIT ACCOUNT NUMBER 01-1425
(ENCLOSE AN EXTRA COPY OF THIS FORM)
☒ Issue Fee
☒ Advance Order - # of Copies 15

The COMMISSIONER OF PATENTS AND TRADEMARKS IS requested to apply the Issue Fee to the application identified above.

(Authorized Signature) Rebecca R. Barrett (Date) 6/13/01

NOTE: The Issue Fee will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the Patent and Trademark Office.

*Burden Hour Statement:* This form is estimated to take 0.2 hours to complete. Time will vary depending on the needs of the individual case. Any comments on the amount of time required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND FEES AND THIS FORM TO: Box Issue Fee, Assistant Commissioner for Patents, Washington D.C. 20231

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

06/15/2001 HMEHNE1 00000168 011425 09488629
01 FC:142 1240.00 CH
02 FC:561 45.00 CH

**TRANSMIT THIS FORM WITH FEE**

# UNITED STATES PATENT AND TRADEMARK OFFICE

## CERTIFICATE EXTENDING PATENT TERM UNDER 35 U.S.C. § 156

PATENT NO. : 4,535,186

DATED : August 13, 1985

INVENTOR(S) : G. E. Morris Husbands et al.

PATENT OWNER : American Home Products

This is to certify that there has been presented to the

COMMISSIONER OF PATENTS AND TRADEMARKS

an application under 35 U.S.C. § 156 for an extension of the patent term. Since it appears that the requirements of the law have been met, this certificate extends the term of the patent for the period of

FIVE YEARS

from the original expiration date of the patent, December 13, 2002, subject to the requirements of 35 U.S.C. § 41, with all rights pertaining thereto as provided by 35 U.S.C. § 156(b).

I have caused the seal of the Patent and Trademark Office to be affixed this 25th day of April 1996.

Bruce A. Lehman

Bruce A. Lehman
Assistant Secretary of Commerce and
Commissioner of Patents and Trademarks

CERTIFICATE OF MAILING BY "EXPRESS MAIL"

"EXPRESS MAIL" MAILING LABEL NUMBER EL163893364US

DATE OF DEPOSIT January 20, 2000

I HEREBY CERTIFY THAT THIS PAPER OR FEE IS BEING DEPOSITED WITH THE UNITED STATES POSTAL SERVICE BY "EXPRESS MAIL POST OFFICE TO ADDRESSEE" SERVICE UNDER 37 CFR 1.10 ON THE DATE INDICATED ABOVE AND IS ADDRESSED TO THE ASSISTANT COMMISSIONER FOR PATENTS, WASHINGTON, D.C. 20231

Adam Rifkind
(TYPED OR PRINTED NAME OF PERSON MAILING PAPER OR FEE)

(SIGNATURE OF PERSON MAILING PAPER OR FEE)

U.S. DEPARTMENT OF COMMERCE
Patent and Trademark Office

Address Only: Assistant Commissioner for Patents Washington, D.C. 20231

Case Docket No. AHP-95011-P2
PATENT

O I P E JC74 JAN 20 2000 PATENT & TRADEMARK OFFICE

Sir:

Transmitted herewith for filing is the patent application of

Inventor: Deborah M. Sherman et al.

For: Extended Release Formulation

This application is a:

☐ New Application ☒ CIP Application

☐ Divisional Application ☐ Continuation Application of prior application No. 08/964,328. The entire disclosure of the prior application, from which a copy of the oath or declaration is supplied, is considered as being part of the disclosure of the accompanying application and is hereby incorporated by reference.

Enclosed are:

0 sheets of drawing.

☐ Information Disclosure Statement.

☐ Preliminary Amendment.

☐ Signed statement attached deleting inventor(s) named in the prior application.

| CLAIMS AS FILED | | | | |
|---|---|---|---|---|
| (1) FOR | (2) NUMBER FILED | (3) NUMBER EXTRA | (4) RATE | (5) BASIC FEE $690.00 |
| TOTAL CLAIMS | 22 -20 = | 2 | X 18.00 | 36.00 |
| INDEPENDENT CLAIMS | 6 -3 = | 3 | X 78.00 | 234.00 |
| MULTIPLE DEPENDENT CLAIMS | 0 | 0 | 260.00 | 0.00 |
| | | | TOTAL FILING FEE | 960.00 |

☒ Please charge American Home Products Corporation Deposit Account No. 01-1425 in the amount of $ 960.00. Two additional copies of this sheet are enclosed.

☒ The Commissioner is hereby authorized to charge any fees under 37 CFR 1.16 and 1.17 which may be required during the entire pendency of this application to American Home Products Corporation Deposit Account No. 01-1425.

Steven R. Eck
Reg. No. 36,126

I HEREBY CERTIFY THAT CORRESPONDENCE IS BEING DEPOSITED WITH THE U STATES POSTAL SERVICE AS FIRST CLASS MAIL IN AN ENVELOPE ADDRESSED TO: ASSISTANT COMMISSIONER FOR PATENTS, WASHINGTON, DC 20231, ON THE DATE APPEARING BELOW.

Rafone T. Kelly

DATE July 13, 1999

AHP-95011-1-C1
PATENT

OIPE JC68 JUL 16 1999 PATENT & TRADEMARK OFFICE

RECEIVED JUL 21 1999 TC 1600 MAIL ROOM

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

**In re Patent Application of:** Deborah M. Sherman et al.

**Serial No.:** 08/964,328 **Examiner:** J. Spear

**Filed:** November 5, 1997 **Group:** 1615

**For:** Extended Release Formulation

Assistant Commissioner of Patents
Washington, DC 20231

SUPPLEMENTARY INFORMATION DISCLOSURE STATEMENT
UNDER 37 CFR 1.97(c)

Sir:

With respect to the subject matter of the above-identified application, the applicants have become aware of the following references, which may have relevance to the examination of the invention claimed.

WO 97/37640, published October 16, 1997; and
EP 0 797 991, published October 1, 1997

Form PTO-1449 and copies of the above references are enclosed.

The undersigned hereby states that each item contained in this Supplemental Information Disclosure Statement was cited in the PCT Search Report, dated June 1, 199, in the counterpart PCT application. Since this Supplemental Information Disclosure Statement is being submitted with three months of the PCT Search Report, no fee is due.

The Commissioner is hereby authorized to charge any additional fee due as required under 37 C.F.R. 1.17(p) by this paper to American Home Products

Corporation Deposit Account No. 01-1425. Two additional copies of this sheet are enclosed.

Respectfully submitted,

Steven R. Eck
Reg. No. 36,126

Dated: July 13, 1999

Telephone: (610) 902-2628

Enclosure: Form PTO-1449 with copies of references

I HEREBY CERTIFY THAT CORRESPONDENCE IS BEING DEPOSITED WITH THE UNITED STATES POSTAL SERVICE AS FIRST CLASS MAIL IN AN ENVELOPE ADDRESSED TO: ASSISTANT COMMISSIONER FOR PATENTS, WASHINGTON, DC 20231, ON THE DATE APPEARING BELOW.

[signature]

DATE July 13, 1999

AHP-95011-1-C1
PATENT

OIPE JC68
JUL 16 1999
PATENT & TRADEMARK OFFICE

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

**In re Patent Application of:** Deborah M. Sherman et al.

**Serial No.:** 08/964,328 **Examiner:** J. Spear

**Filed:** November 5, 1997 **Group:** 1615

**For:** Extended Release Formulation

Assistant Commissioner of Patents
Washington, DC 20231

**SUPPLEMENTARY INFORMATION DISCLOSURE STATEMENT UNDER 37 CFR 1.97(c)**

Sir:

With respect to the subject matter of the above-identified application, the applicants have become aware of the following references, which may have relevance to the examination of the invention claimed.

WO 97/37640, published October 16, 1997; and
EP 0 797 991, published October 1, 1997

Form PTO-1449 and copies of the above references are enclosed.

The undersigned hereby states that each item contained in this Supplemental Information Disclosure Statement was cited in the PCT Search Report, dated June 1, 199, in the counterpart PCT application. Since this Supplemental Information Disclosure Statement is being submitted with three months of the PCT Search Report, no fee is due.

The Commissioner is hereby authorized to charge any additional fee due as required under 37 C.F.R. 1.17(p) by this paper to American Home Products

Corporation Deposit Account No. 01-1425. Two additional copies of this sheet are enclosed.

Respectfully submitted,

Steven R. Eck
Reg. No. 36,126

Dated: July 13, 1999

Telephone: (610) 902-2628

Enclosure: Form PTO-1449 with copies of references

Freeform Search http://westbrs:8820/bin/gate.exe?f=tfsea...&start=1&dbname=USPT,JPAB,EPAB,DWPI,TDBD

WEST

# Freeform Search

Database: US Patents Full-Text Database / JPO Abstracts Database / EPO Abstracts Database / Derwent World Patents Index / IBM Technical Disclosure Bulletins

Term: venlafaxine same method.clm.

Display: 10 Documents in Display Format: TI Starting with Number 1

Generate: ○ Hit List ◉ Hit Count ○ Image

Search | Clear | Help | Logout | Interrupt

Main Menu | Show S Numbers | Edit S Numbers | Preferences

## Search History

Today's Date: 1/3/2001

| DB Name | Query | Hit Count | Set Name |
|---|---|---|---|
| USPT,JPAB,EPAB,DWPI,TDBD | venlafaxine same method.clm. | 15 | L2 |
| USPT,JPAB,EPAB,DWPI,TDBD | venlafaxine same method.ab. | 4 | L1 |

1 of 1 1/3/01 12:51 PM

WYETH 002-000330

Freeform Search http://westbrs:8820/bin/gate.exe?f=ffsea . . start=1&dbname=USPT,JPAB,EPAB,DWPI,TDBD

WEST

# Freeform Search

Database: US Patents Full-Text Database / JPO Abstracts Database / EPO Abstracts Database / Derwent World Patents Index / IBM Technical Disclosure Bulletins

Term: l6 and microcrystalline

Display: 10 Documents in Display Format: TI Starting with Number 1

Generate: ○ Hit List ◉ Hit Count ○ Image

Search | Clear | Help | Logout | Interrupt

Main Menu | Show S Numbers | Edit S Numbers | Preferences

## Search History

**Today's Date: 12/18/2000**

| DB Name | Query | Hit Count | Set Name |
|---|---|---|---|
| USPT,JPAB,EPAB,DWPI,TDBD | l7 and microcrystalline.clm. | 0 | L8 |
| USPT,JPAB,EPAB,DWPI,TDBD | l6 and microcrystalline | 10 | L7 |
| USPT,JPAB,EPAB,DWPI,TDBD | l5 and capsule | 13 | L6 |
| USPT,JPAB,EPAB,DWPI,TDBD | venlafaxine.ab. | 44 | L5 |
| USPT,JPAB,EPAB,DWPI,TDBD | venlafaxine same capsule | 7 | L4 |
| USPT,JPAB,EPAB,DWPI,TDBD | l1 and capsule.clm. | 1 | L3 |
| USPT,JPAB,EPAB,DWPI,TDBD | l1 and capsule | 65 | L2 |
| USPT,JPAB,EPAB,DWPI,TDBD | venlafaxine | 104 | L1 |

1 of 1 12/18/00 1:15 AM

WYETH 002-000331

WEST 2.0 Refine Search http://westbrs:8820/bin/cgi-bin/PreSearch.pl

**WEST**

Help | Logout | Interrupt

Main Menu | Search Form | Posting Counts | Show S Numbers | Edit S Numbers | Preferences

**Search Results -**

| Terms | Documents |
|---|---|
| venlafaxine same capsule | 7 |

US Patents Full-Text Database
JPO Abstracts Database
EPO Abstracts Database
Derwent World Patents Index
IBM Technical Disclosure Bulletins

**Database:**

venlafaxine same capsule

Refine Search: Clear

**Search History**

**Today's Date: 1/2/2001**

| DB Name | Query | Hit Count | Set Name |
|---|---|---|---|
| USPT,JPAB,EPAB,DWPI,TDBD | venlafaxine same capsule | 7 | L3 |
| USPT,JPAB,EPAB,DWPI,TDBD | venlafaxine | 104 | L2 |
| USPT,JPAB,EPAB,DWPI,TDBD | venlafaxine same microcrystalline | 3 | L1 |

of 1 1/2/01 2:52 PM

WYETH 002-000332

**WEST**

Generate Collection

L4: Entry 5 of 7 File: JPAB Jan 13, 1998

PUB-NO: JP410007552A
DOCUMENT-IDENTIFIER: JP 10007552 A
TITLE: SUSTAINED RELEASE PHARMACEUTICAL PREPARATION

PUBN-DATE: January 13, 1998

INVENTOR-INFORMATION:

| NAME | |
|---|---|
| SHERMAN, DEBORAH | MARIE |

ASSIGNEE-INFORMATION:

| NAME | COUNTRY |
|---|---|
| AMERICAN HOME PROD CORP | N/A |

APPL-NO: JP09060781
APPL-DATE: March 14, 1997

INT-CL (IPC): A61K 31/135; A61K 9/48; A61K 9/52

ABSTRACT:

PROBLEM TO BE SOLVED: To prepare the subject pharmaceutical preparation, comprising a hard gelatin capsule filled with a specific fine granule, capable of providing a desired dissolution profile and reducing adverse effects such as nausea or emesis and useful for treating depression.

SOLUTION: This sustained release pharmaceutical preparation comprises a hard gelatin capsule, filled with a therapeutically effective amount of a fine granule, containing (A) venlafaxine hydrochloride, (B) microcrystalline cellulose and (C) hydroxypropyl methyl cellulose and coated with (D) ethyl cellulose and the ingredient C. Furthermore, the fine granule is preferably composed of about 37.3wt.% ingredient A, about 0.5wt.% ingredient C and about 62.17wt.% ingredient B. The film coating composition is preferably composed of the ingredient D having 44.0-51.0wt.% content of ethoxy groups (15wt.% based on the total weight) and the ingredient C having 28.0-30.0wt.% content of methoxy groups and 7.0-12.0wt.% content of hydroxypropoxy groups (85wt.% based on the total weight).

COPYRIGHT: (C)1998,JPO

**WEST**

**End of Result Set**

Generate Collection

L4: Entry 7 of 7 File: DWPI Jun 29, 1999

DERWENT-ACC-NO: 1997-472908
DERWENT-WEEK: 199931
COPYRIGHT 2000 DERWENT INFORMATION LTD

TITLE: Encapsulated, extended release formulation of venlafaxine - used as anti-depressant, providing better control of blood plasma levels than conventional formulations

INVENTOR: SHERMAN, D M; CLARK, J C

PATENT-ASSIGNEE:

| ASSIGNEE | CODE |
|---|---|
| AMERICAN HOME PROD CORP | AMHP |

PRIORITY-DATA:
1996US-0014006 March 25, 1996

PATENT-FAMILY:

| PUB-NO | PUB-DATE | LANGUAGE | PAGES | MAIN-IPC |
|---|---|---|---|---|
| NZ 314442 A | June 29, 1999 | N/A | 000 | A61K031/135 |
| EP 797991 A1 | October 1, 1997 | E | 009 | A61K031/135 |
| AU 9716400 A | October 2, 1997 | N/A | 000 | A61K009/24 |
| NO 9701206 A | September 26, 1997 | N/A | 000 | A61K009/48 |
| SK 9700301 A3 | October 7, 1997 | N/A | 000 | A61K009/48 |
| CZ 9700772 A3 | November 12, 1997 | N/A | 000 | A61K031/045 |
| JP 10007552 A | January 13, 1998 | N/A | 007 | A61K031/135 |
| HU 9700589 A2 | September 29, 1997 | N/A | 000 | A61K009/52 |
| CA 2199778 A | September 25, 1997 | N/A | 000 | A61K009/62 |
| KR 97064599 A | October 13, 1997 | N/A | 000 | A61K031/045 |
| BR 9701304 A | September 29, 1998 | N/A | 000 | A61K009/24 |
| MX 9701873 A1 | September 1, 1997 | N/A | 000 | A61K031/135 |
| ZA 9702403 A | November 25, 1998 | N/A | 014 | A61J000/00 |

DESIGNATED-STATES: AL AT BE CH DE DK ES FI FR GB GR IE IT LI LT LU LV NL PT RO SE SI

CITED-DOCUMENTS: EP 112669; EP 639374 ; EP 654264 ; WO 9427589

APPLICATION-DATA:

| PUB-NO | APPL-DESCRIPTOR | APPL-NO | APPL-NO |
|---|---|---|---|
| NZ 314442A | March 19, 1997 | 1997NZ-0314442 | N/A |
| EP 797991A1 | March 21, 1997 | 1997EP-0301937 | N/A |
| AU 9716400A | March 20, 1997 | 1997AU-0016400 | N/A |
| NO 9701206A | March 14, 1997 | 1997NO-0001206 | N/A |
| SK 9700301A3 | March 7, 1997 | 1997SK-0000301 | N/A |
| CZ 9700772A3 | March 13, 1997 | 1997CZ-0000772 | N/A |
| JP10007552A | March 14, 1997 | 1997JP-0060781 | N/A |
| HU 9700589A2 | March 14, 1997 | 1997HU-0000589 | N/A |
| CA 2199778A | March 12, 1997 | 1997CA-2199778 | N/A |
| KR97064599A | March 14, 1997 | 1997KR-0008590 | N/A |
| BR 9701304A | March 14, 1997 | 1997BR-0001304 | N/A |
| MX 9701873A1 | March 12, 1997 | 1997MX-0001873 | N/A |
| ZA 9702403A | March 19, 1997 | 1997ZA-0002403 | N/A |

INT-CL (IPC): A61J 0/00; A61K 9/16; A61K 9/24; A61K 9/48; A61K 9/50; A61K 9/52; A61K 9/54; A61K 9/62; A61K 31/015; A61K 31/045; A61K 31/13; A61K 31/135; A61K 47/38

ABSTRACTED-PUB-NO: EP 797991A
BASIC-ABSTRACT:

An encapsulated, extended release formulation of venlafaxine hydrochloride comprises a hard gelatin capsule containing venlafaxine hydrochloride spheroids, microcrystalline cellulose and hydroxypropyl methylcellulose coated with ethyl cellulose and hydroxypropylmethyl cellulose. Also claimed is a film coating composition formed from ethyl cellulose (15 wt. %), ethoxy groups and hydroxypropylmethyl cellulose (85 wt. %).

USE - The formulation is used to provide a therapeutic blood plasma concentration of venlafaxine over 24 hours, with diminished incidences of nausea and emesis. The formulation provides a peak plasma level for 4-8 hours (claimed).

ADVANTAGE - The treatment eliminates the troughs and peaks of drug concentration in patients attending the therapeutic metabolism of a plurality of daily doses (claimed).

CHOSEN-DRAWING: Dwg.0/0

TITLE-TERMS: ENCAPSULATE EXTEND RELEASE FORMULATION ANTI DEPRESS CONTROL BLOOD PLASMA LEVEL CONVENTION FORMULATION

DERWENT-CLASS: A96 B05 P33

CPI-CODES: A03-A01; A03-A04A1; A03-C01; A12-V01; A12-W05; B04-C02A1; B04-C02A2; B10-B03B; B12-M10A; B12-M11C; B14-J01A1;

CHEMICAL-CODES:

Chemical Indexing M2 *01*
    Fragmentation Code
    G013 G030 G038 G111 G563 H1 H103 H181 H4 H401
    H461 H5 H541 H8 M1 M123 M132 M210 M211 M272
    M273 M281 M282 M312 M321 M332 M343 M373 M391 M414
    M431 M510 M520 M531 M541 M640 M782 M903 M904 N103
    P451 Q110 Q120 Q130 Q140
    Markush Compounds
    199744-05101-M

Chemical Indexing M1 *02*
    Fragmentation Code
    H4 H401 H481 H5 H521 H8 M210 M211 M272 M281
    M313 M321 M331 M332 M342 M383 M391 M423 M431 M782

M903 M904 N103 Q110 Q120 Q130 Q140 V713
Specfic Compounds
06563M

ENHANCED-POLYMER-INDEXING:
Polymer Index [1.1] 018 ; R01852*R G3634 D01 D03 D11 D10 D23 D22 D31 D42 D50 D76 D86 F24 F29 F26 F34 H0293 P0599 G3623 Polymer Index [1.2] 018 ; ND01 ; Q9999 Q7250 ; Q9999 Q7523 ; Q9999 Q8037 Q7987 Polymer Index [1.3] 018 ; B9999 B4795 B4773 B4740 Polymer Index [1.4] 018 ; Q9999 Q7114*R Polymer Index [2.1] 018 ; R01858 G3678 G3634 D01 D03 D11 D10 D23 D22 D31 D42 D50 D76 D92 F24 F34 H0293 P0599 G3623 ; R06563 G3678 G3634 G3623 P0599 D01 D03 D11 D10 D23 D22 D31 D42 D50 F24 F26 F34 H0293 Polymer Index [2.2] 018 ; ND01 ; Q9999 Q7250 ; Q9999 Q7523 ; Q9999 Q8037 Q7987 Polymer Index [2.3] 018 ; K9745*R Polymer Index [3.1] 018 ; R24033 G3714 P0599 D01 F70 Polymer Index [3.2] 018 ; ND01 ; Q9999 Q7250 ; Q9999 Q7523 ; Q9999 Q8037 Q7987 Polymer Index [3.3] 018 ; B9999 B3792 B3747

SECONDARY-ACC-NO:
CPI Secondary Accession Numbers: C1997-150386

## SEARCHED

| Class | Sub. | Date | Exmr. |
|---|---|---|---|
| 424 | 495 | 12-18-00 | JSpear |
| | 494 | " | " |
| | 461 | " | " |
| | 458 | " | " |
| | 459 | " | " |
| | 461 | " | " |
| | 457 | " | " |
| | 456 | " | " |
| | 462 | " | " |
| Above | To Date | 05-07-01 | JSpear |

## SEARCH NOTES (INCLUDING SEARCH STRATEGY)

| | Date | Exmr. |
|---|---|---|
| WEST | 12-18-00 | JSpear |

## INTERFERENCE SEARCHED

| Class | Sub. | Date | Exmr. |
|---|---|---|---|
| 424 | 495 | 5-7-01 | JSpear |
| | 494 | " | " |
| | 461 | " | " |
| | 458 | " | " |
| | 459 | " | " |
| | 461 | | |
| | 457 | " | " |
| | 456 | " | " |
| | 462 | " | " |

(RIGHT OUTSIDE)

ISSUE SLIP STAPLE AREA (for additional cross references)

| POSITION | INITIALS | ID NO. | DATE |
|---|---|---|---|
| | | | |
| FEE DETERMINATION | T. P. | | 3-2-00 |
| O.I.P.E. CLASSIFIER | | | 2-16-00 |
| FORMALITY REVIEW | [illegible] | 21423 | 3-20-00 |
| RESPONSE FORMALITY REVIEW | | 21423 | 5-24-00 |
| | | | |

## INDEX OF CLAIMS

✓ ..................... Rejected
= ..................... Allowed
— (Through numeral)... Canceled
÷ ..................... Restricted
N ..................... Non-elected
I ..................... Interference
A ..................... Appeal
O ..................... Objected

| Claim Final | Claim Original | 12/18/00 | 5/2/01 |
|---|---|---|---|
| | 1 | = | |
| 1 | 2 | ↑ | = |
| 3 | 3 | | ↑ |
| 4 | 4 | | |
| 5 | 5 | | |
| 6 | 6 | | |
| 7 | 7 | | |
| 8 | 8 | | |
| 9 | 9 | | |
| 10 | 10 | ✓ | |
| 11 | 11 | = | |
| 12 | 12 | ✓ | |
| 13 | 13 | = | |
| 14 | 14 | ↑ | |
| 15 | 15 | | |
| 16 | 16 | ✓ | |
| 17 | 17 | = | |
| 18 | 18 | ✓ | |
| 19 | 19 | ✓ | |
| 2 | 20 | = | |
| 20 | 21 | = | |
| 21 | 22 | = | |
| 22 | 23 | | |
| 23 | 24 | | |
| 24 | 25 | | ✓ |
| 25 | 26 | | = |
| | 27 | | |
| | 28 | | |
| | 29 | | |
| | 30 | | |
| | 31 | | |
| | 32 | | |
| | 33 | | |
| | 34 | | |
| | 35 | | |
| | 36 | | |
| | 37 | | |
| | 38 | | |
| | 39 | | |
| | 40 | | |
| | 41 | | |
| | 42 | | |
| | 43 | | |
| | 44 | | |
| | 45 | | |
| | 46 | | |
| | 47 | | |
| | 48 | | |
| | 49 | | |
| | 50 | | |
| | 51 | | |
| | 52 | | |
| | 53 | | |
| | 54 | | |
| | 55 | | |
| | 56 | | |
| | 57 | | |
| | 58 | | |
| | 59 | | |
| | 60 | | |
| | 61 | | |
| | 62 | | |
| | 63 | | |
| | 64 | | |
| | 65 | | |
| | 66 | | |
| | 67 | | |
| | 68 | | |
| | 69 | | |
| | 70 | | |
| | 71 | | |
| | 72 | | |
| | 73 | | |
| | 74 | | |
| | 75 | | |
| | 76 | | |
| | 77 | | |
| | 78 | | |
| | 79 | | |
| | 80 | | |
| | 81 | | |
| | 82 | | |
| | 83 | | |
| | 84 | | |
| | 85 | | |
| | 86 | | |
| | 87 | | |
| | 88 | | |
| | 89 | | |
| | 90 | | |
| | 91 | | |
| | 92 | | |
| | 93 | | |
| | 94 | | |
| | 95 | | |
| | 96 | | |
| | 97 | | |
| | 98 | | |
| | 99 | | |
| | 100 | | |
| | 101 | | |
| | 102 | | |
| | 103 | | |
| | 104 | | |
| | 105 | | |
| | 106 | | |
| | 107 | | |
| | 108 | | |
| | 109 | | |
| | 110 | | |
| | 111 | | |
| | 112 | | |
| | 113 | | |
| | 114 | | |
| | 115 | | |
| | 116 | | |
| | 117 | | |
| | 118 | | |
| | 119 | | |
| | 120 | | |
| | 121 | | |
| | 122 | | |
| | 123 | | |
| | 124 | | |
| | 125 | | |
| | 126 | | |
| | 127 | | |
| | 128 | | |
| | 129 | | |
| | 130 | | |
| | 131 | | |
| | 132 | | |
| | 133 | | |
| | 134 | | |
| | 135 | | |
| | 136 | | |
| | 137 | | |
| | 138 | | |
| | 139 | | |
| | 140 | | |
| | 141 | | |
| | 142 | | |
| | 143 | | |
| | 144 | | |
| | 145 | | |
| | 146 | | |
| | 147 | | |
| | 148 | | |
| | 149 | | |
| | 150 | | |

If more than 150 claims or 10 actions staple additional sheet here

(LEFT INSIDE)

# CLAIMS ONLY

| SERIAL NO. | FILING DATE |
|---|---|
| APPLICANT(S) | |

CLAIMS

| | AS FILED | | AFTER 1st AMENDMENT | | AFTER 2nd AMENDMENT | |
|---|---|---|---|---|---|---|
| | IND. | DEP. | IND. | DEP. | IND. | DEP. |
| 1 | 1 | | | | | |
| 2 | | 1 | | | | |
| 3 | | 1 | | | | |
| 4 | | 1 | | | | |
| 5 | | 1 | | | | |
| 6 | | 1 | | | | |
| 7 | | 1 | | | | |
| 8 | | 1 | | | | |
| 9 | | 1 | | | | |
| 10 | | 1 | | | | |
| 11 | | 1 | | | | |
| 12 | | 1 | | | | |
| 13 | | 1 | | | | |
| 14 | | 1 | | | | |
| 15 | | 1 | | | | |
| 16 | | 1 | | | | |
| 17 | | 1 | | | | |
| 18 | | 1 | | | | |
| 19 | 1 | | | | | |
| 20 | | 1 | | | | |
| 21 | 1 | | | | | |
| 22 | 1 | | | | | |
| 23 | | | | | | |
| 24 | | | | | | |
| 25 | | | | | | |
| 26 | | | | | | |
| 27 | | | | | | |
| 28 | | | | | | |
| 29 | | | | | | |
| 30 | | | | | | |
| 31 | | | | | | |
| 32 | | | | | | |
| 33 | | | | | | |
| 34 | | | | | | |
| 35 | | | | | | |
| 36 | | | | | | |
| 37 | | | | | | |
| 38 | | | | | | |
| 39 | | | | | | |
| 40 | | | | | | |
| 41 | | | | | | |
| 42 | | | | | | |
| 43 | | | | | | |
| 44 | | | | | | |
| 45 | | | | | | |
| 46 | | | | | | |
| 47 | | | | | | |
| 48 | | | | | | |
| 49 | | | | | | |
| 50 | | | | | | |
| TOTAL IND. | 4 | | | | | |
| TOTAL DEP. | 18 | | | | | |
| TOTAL CLAIMS | 22 | | | | | |

| | * | | * | | * | |
|---|---|---|---|---|---|---|
| | IND. | DEP. | IND. | DEP. | IND. | DEP. |
| 51 | | | | | | |
| 52 | | | | | | |
| 53 | | | | | | |
| 54 | | | | | | |
| 55 | | | | | | |
| 56 | | | | | | |
| 57 | | | | | | |
| 58 | | | | | | |
| 59 | | | | | | |
| 60 | | | | | | |
| 61 | | | | | | |
| 62 | | | | | | |
| 63 | | | | | | |
| 64 | | | | | | |
| 65 | | | | | | |
| 66 | | | | | | |
| 67 | | | | | | |
| 68 | | | | | | |
| 69 | | | | | | |
| 70 | | | | | | |
| 71 | | | | | | |
| 72 | | | | | | |
| 73 | | | | | | |
| 74 | | | | | | |
| 75 | | | | | | |
| 76 | | | | | | |
| 77 | | | | | | |
| 78 | | | | | | |
| 79 | | | | | | |
| 80 | | | | | | |
| 81 | | | | | | |
| 82 | | | | | | |
| 83 | | | | | | |
| 84 | | | | | | |
| 85 | | | | | | |
| 86 | | | | | | |
| 87 | | | | | | |
| 88 | | | | | | |
| 89 | | | | | | |
| 90 | | | | | | |
| 91 | | | | | | |
| 92 | | | | | | |
| 93 | | | | | | |
| 94 | | | | | | |
| 95 | | | | | | |
| 96 | | | | | | |
| 97 | | | | | | |
| 98 | | | | | | |
| 99 | | | | | | |
| 100 | | | | | | |
| TOTAL IND. | | | | | | |
| TOTAL DEP. | | | | | | |
| TOTAL CLAIMS | | | | | | |

* MAY BE USED FOR ADDITIONAL CLAIMS OR ADMENDMENTS

FORM PTO-2022 (1-98)

U.S.DEPARTMENT OF COMMERCE
Patent and Trademark Office

*U.S. GPO: 1998-443-593/89152

# PATENT APPLICATION FEE DETERMINATION RECORD

Effective December 29, 1999

Application or Docket Number: 09/488629

## CLAIMS AS FILED - PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) |
|---|---|---|
| BASIC FEE | | |
| TOTAL CLAIMS | 22 minus 20= | * 2 |
| INDEPENDENT CLAIMS | 4 minus 3 = | * |
| MULTIPLE DEPENDENT CLAIM PRESENT | | |

* If the difference in column 1 is less than zero, enter "0" in column 2

SMALL ENTITY TYPE ☐ OR OTHER THAN SMALL ENTITY

| SMALL ENTITY RATE | FEE | OR | OTHER THAN SMALL ENTITY RATE | FEE |
|---|---|---|---|---|
| | 345.00 | OR | | 690.00 |
| X$ 9= | | OR | X$18= | 36 |
| X39= | | OR | X78= | |
| +130= | | OR | +260= | |
| TOTAL | | OR | TOTAL | 726 |

## CLAIMS AS AMENDED - PART II

### AMENDMENT A

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) |
|---|---|---|---|---|
| Total | * | Minus | ** | = |
| Independent | * | Minus | *** | = |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | |

| SMALL ENTITY RATE | ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDITIONAL FEE |
|---|---|---|---|---|
| X$ 9= | | OR | X$18= | |
| X39= | | OR | X78= | |
| +130= | | OR | +260= | |
| TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

### AMENDMENT B

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) |
|---|---|---|---|---|
| Total | * | Minus | ** | = |
| Independent | * | Minus | *** | = |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | |

| SMALL ENTITY RATE | ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDITIONAL FEE |
|---|---|---|---|---|
| X$ 9= | | OR | X$18= | |
| X39= | | OR | X78= | |
| +130= | | OR | +260= | |
| TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

### AMENDMENT C

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) |
|---|---|---|---|---|
| Total | * | Minus | ** | = |
| Independent | * | Minus | *** | = |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | |

| SMALL ENTITY RATE | ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDITIONAL FEE |
|---|---|---|---|---|
| X$ 9= | | OR | X$18= | |
| X39= | | OR | X78= | |
| +130= | | OR | +260= | |
| TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
***If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

PATENT APPLICATION

09488629

FEB 16 0035

INITIALS ________

# CONTENTS

| | Date Received (Incl. C. of M.) or Date Mailed | | Date Received (Incl. C. of M.) or Date Mailed |
|---|---|---|---|
| 1. Application papers. | 7/14/99 | 42. | |
| 2. Part Fee | 3/20/00 | 43. | |
| 2. 1/2 IDS 7/1K. | 4/24/00 | 44. | |
| 3. | 5-17-00 | 45. | |
| 4. Rejection (3 mo) | 01/4/01 | 46. | |
| 5. Examiner Interview Summary | 2-16-01 | 47. | |
| 6. Amdt A | 2-16-01 | 48. | |
| 7. Petition under 1.45(a) | 4-13-01 | 49. | |
| 8. Change of address | 4-24-01 | 50. | |
| 9. Notice of allowance | 05/09/01 | 51. | |
| 10. | | 52. | |
| 11. | | 53. | |
| 12. | | 54. | |
| 13. | | 55. | |
| 14. | | 56. | |
| 15. | | 57. | |
| 16. | | 58. | |
| 17. | | 59. | |
| 18. | | 60. | |
| 19. | | 61. | |
| 20. | | 62. | |
| 21. | | 63. | |
| 22. | | 64. | |
| 23. | | 65. | |
| 24. | | 66. | |
| 25. | | 67. | |
| 26. | | 68. | |
| 27. | | 69. | |
| 28. | | 70. | |
| 29. | | 71. | |
| 30. | | 72. | |
| 31. | | 73. | |
| 32. | | 74. | |
| 33. | | 75. | |
| 34. | | 76. | |
| 35. | | 77. | |
| 36. | | 78. | |
| 37. | | 79. | |
| 38. | | 80. | |
| 39. | | 81. | |
| 40. | | 82. | |
| 41. | | | |

(LEFT OUTSIDE)

WYETH 002-000341

WYETH 002-000342

PTO-1683
(Rev. 7-96)

WYETH 002-000343

# EXHIBIT 14



IW 992376

# THE UNITED STATES OF AMERICA

TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

April 28, 2003

THIS IS TO CERTIFY THAT ANNEXED IS A TRUE COPY FROM THE RECORDS OF THIS OFFICE OF THE FILE WRAPPER AND CONTENTS OF:

APPLICATION NUMBER: *09/884,412*
FILING DATE: *June 19, 2001*
PATENT NUMBER: *6,419,958*
ISSUE DATE: *July 16, 2002*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

H. L. Jackson

H. L. JACKSON
Certifying Officer

WYETH 002-000450

424 | Class | ISSUE

PATENT NUMBER
6419958
6419958

U.S. UTILITY Patent Application

| O.I.P.E. | PATENT DATE |
|---|---|
| SCANNED KS3 Q.A. AB3 | JUL 16 2002 |

| APPLICATION NO. | CONT/PRIOR | CLASS | SUBCLASS | ART UNIT | EXAMINER |
|---|---|---|---|---|---|
| 09/884412 | D | 424 | 489 | 1615 | SPEAR |

APPLICANTS
Deborah Sherman 09/468,629
John Clark
John Lamer
Steven White

TITLE
Extended release formulation

PTO-2040 12/99

## ISSUING CLASSIFICATION

| ORIGINAL | | CROSS REFERENCE(S) | | | | | |
|---|---|---|---|---|---|---|---|
| CLASS | SUBCLASS | CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) | | | | |
| 424 | 489 | 424 | 451 | | | | |
| INTERNATIONAL CLASSIFICATION | | | | | | | |
| A61K 9/14 | | | | | | | |

☐ Continued on Issue Slip Inside File Jacket

| ☑ TERMINAL DISCLAIMER | DRAWINGS | | | CLAIMS ALLOWED | |
|---|---|---|---|---|---|
| | Sheets Drwg. | Figs. Drwg. | Print Fig. | Total Claims | Print Claim for O.G. |
| | 0 | 0 | 0 | 6 | 1 |

☐ The term of this patent subsequent to ________ (date) has been disclaimed.

(Assistant Examiner) (Date)

NOTICE OF ALLOWANCE MAILED
05/07/02

☑ The term of this patent shall not extend beyond the expiration date of U.S Patent. No. 6,274,171

JAMES M. SPEAR
PRIMARY EXAMINER
ART UNIT 1615
James M. Spear 5-6-02
(Primary Examiner) (Date)

ISSUE FEE

| Amount Due | Date Paid |
|---|---|
| $1280.00 | 5/20/02 |

☐ The terminal ____ months of this patent have been disclaimed.

(Legal Instruments Examiner) 5-9-02 (Date)

ISSUE BATCH NUMBER

**WARNING:**
The information disclosed herein may be restricted. Unauthorized disclosure may be prohibited by the United States Code Title 35, Sections 122, 181 and 368. Possession outside the U.S. Patent & Trademark Office is restricted to authorized employees and contractors only.

Form PTO-436A (Rev. 6/99)

FILED WITH: ☐ DISK (CRF) ☐ FICHE ☐ CD-ROM
(Attached in pocket on right inside flap)



UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
WASHINGTON, D.C. 20231
www.uspto.gov

Bib Data Sheet

CONFIRMATION NO. 2298

| SERIAL NUMBER | FILING DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 09/884,412 | 06/19/2001 RULE | 424 | 1615 | |

**APPLICANTS**

Deborah M. Sherman, Plattsburg, NY;
John C. Clark, Peru, NY;
John U. Lamer, Albans, VT;
Steven A. White, Champlain, NY;

** CONTINUING DATA *************************

THIS APPLICATION IS A DIV OF 09/488,629 01/20/2000 PAT 6,274,171
WHICH IS A CIP OF 08/964,328 11/05/1997 ABN
WHICH IS A CIP OF 08/821,137 03/20/1997 ABN
WHICH CLAIMS BENEFIT OF 60/014,006 03/25/1996

** FOREIGN APPLICATIONS ********************

IF REQUIRED, FOREIGN FILING LICENSE GRANTED
** 08/10/2001

| Foreign Priority claimed / 35 USC 119 (a-d) conditions met / Verified and Acknowledged | STATE OR COUNTRY | SHEETS DRAWING | TOTAL CLAIMS | INDEPENDENT CLAIMS |
|---|---|---|---|---|
| Foreign Priority claimed: ☐ yes ☑ no; 35 USC 119 (a-d) conditions met: ☐ yes ☑ no ☐ Met after Allowance; Verified and Acknowledged: [signature] Examiner's Signature, Initials | NY | | 3 | 3 |

**ADDRESS**

25291

**TITLE**

Extended release formulation, OF VENLAFAXINE HYDROCHLORIDE

98
6-02

| FILING FEE RECEIVED | FEES: Authority has been given in Paper | |
|---|---|---|
| 710 | FEES: Authority has been given in Paper No. ________ to charge/credit DEPOSIT ACCOUNT No. ________ for following: | ☐ All Fees<br>☐ 1.16 Fees ( Filing )<br>☐ 1.17 Fees ( Processing Ext. of time )<br>☐ 1.18 Fees ( Issue )<br>☐ Other ________<br>☐ Credit |

06/19/01 jc962 U.S. PTO

AHP-95011-D1
PATENT

jc978 U.S. PTO 09/884412 06/19/01

Assistant Commissioner for Patents
Box Patent Application
Washington, DC 20231

NEW APPLICATION FOR TRANSMITTAL

Transmitted herewith for filing is the patent application of the following Inventor(s): Deborah SHERMAN; John C. CLARK; John U. LAMER; Stephen A. WHITE ;

For: Extended Release Formulation

1. Papers enclosed which are required for a filing date under 35 CFR 1.53(b):
   - ☒ Pages of specification – 23 pages
   - ☐ Sequence Listing – pages on:
     - ☐ CD Rom or CD-R (2 copies); or
     - ☐ paper
   - ☒ Pages of claims – 4 pages
   - ☒ Page(s) of abstract – 1 page
   - ☐ Sheets of drawing – pages
     - ☐ Formal
     - ☐ Informal

2. Additional papers enclosed
   - ☒ Information Disclosure Statement
   - ☒ Form PTO-1449
   - ☐ Citations
   - ☐ Declaration of Biological Deposit
   - ☐ Computer Readable Form of Sequence Listing
   - ☐ Declaration Under 37 CFR 1.821(f)
   - ☒ Other: Preliminary Amendment

3. Declaration
   - ☒ Enclosed and executed by all inventor(s)
   - ☐ Not enclosed or not executed by all inventor(s)

---

CERTIFICATE OF MAILING 37 CFR §1.10

I hereby certify that this paper and the documents referred to as enclosed therein are being deposited with the United States Postal Service on the date written below in an envelope as "Express Mail Post Office to Addressee" Mailing Label Number EM474058074US addressed to the Commissioner for Patents, Box Patent Application, Washington, DC 20231.

June 19, 2001 — Date

Mary Ellen Fiala (signature) — Mary Ellen Fiala

---

WYETH 002-000453

4. Assignment
An assignment of the invention to:

American Home Products Corporation
Five Giralda Farms
Madison, NJ 07054-0874

☒ was made in the prior application and recorded in PTO.

☐ is attached under separate Recordation Form Cover Sheet.
☐ will follow.

5. Filing Fee Calculation

| CLAIMS | | | | |
|---|---|---|---|---|
| (1)<br>FOR | (2)<br>NUMBER FILED | (3)<br>NUMBER EXTRA x RATE | | (4)<br>BASIC FEE |
| | | | | $710.00 |
| TOTAL CLAIMS | 3 | 0 | x $ 18.00 | 0.00 |
| INDEPENDENT CLAIMS | 3 | 0 | x $ 80.00 | 0.00 |
| MULTIPLE DEPENDENCY FEE | 0 | | $ 270.00 | 0.00 |
| | | **Total Filing Fee:** | | $710.00 |

6. Method of Payment of Fees:
Charge American Home Products Corporation Deposit Account No. 01-1425 in the amount of $710.00.
A duplicate of this transmittal is attached.

7. Instructions as to Overpayment:
Credit any overpayment to Deposit Account No. 01-1425.

8. General Authorization:
During the pendency of this application treat any reply requiring a petition for extension of time for its timely submission as containing a request therefor for the appropriate length of time. The Commissioner is hereby authorized to charge all required extension of time fees during the entire pendency of this application to Deposit Account No. 01-1425.

WYETH 002-000454

AHP-95011-D1
PATENT

9. Authorization to Charge Additional Fees

☒ The Commissioner is hereby authorized to charge the following additional fees by this paper and during the entire pendency of this application to Deposit Account No. 01-1425

☒ 37 CFR 1.16(a), (f), or (g) filing fees
☒ 37 CFR 1.16(b), (c), and (d) presentation of extra claims
☒ 37 CFR 1.16(e) surcharge for filing the basic filing fee and/or declaration on a date later than the filing date of the application.
☒ 37 CFR 1.17 application processing fees

10. Relate back (35 USC 119(e)).

☐ Amend the Specification by inserting before the first line the sentence:

—This application claims priority from copending provisional application(s) serial number 60/ filed on .

11. Request and Certification Under 35 U.S.C 122(b)(2)(B)(i).

☐ A request not to publish this application and certification under 35 U.S.C. 122(b)(2)(B)(i) is attached.

12. Correspondence Address and Telephone Number

SEND CORRESPONDENCE TO:
Customer Number: 25291
Ms. Kay E. Brady
Patent Law Department
American Home Products Corporation
Five Giralda Farms
Madison, NJ 07940-0874

Bar Code:

25291

PATENT TRADEMARK OFFICE

DIRECT ALL TELEPHONE CALLS TO:
Name: Rebecca R. Barrett
Tel. No. 610-902-2646

13. ☒ Return Receipt Postcard is attached.

Rebecca R. Barrett
Rebecca R. Barrett

Reg. No. 35,152

American Home Products Corporation
Patent Law Department
Five Giralda Farms
Madison, NJ 07940-0874
Tel. No. (973) 683-2130

WYETH 002-000455

20 January 2000
SRE/rlk/apr
AHP-95011-P2
PATENT

# EXTENDED RELEASE FORMULATION

INSAI LQ1 ~~This application continuation-in-part of Application Serial No. 08/964,328, filed November 5, 1997, which is a continuation-in-part of copending Application No. 08/821,137, filed March 20, 1997, which, in turn, claims priority from Provisional Application No. 60/014,006 filed March 25, 1996.~~

## Background of the Invention

Extended release drug formulations are conventionally produced as compressed tablets by hydrogel tablet technology. To produce these sustained release tablet drug dosage forms, the active ingredient is conventionally compounded with cellulose ethers such as methyl cellulose, ethyl cellulose or hydroxypropylmethylcellulose with or without other excipients and the resulting mixture is pressed into tablets. When the tablets are orally administered, the cellulose ethers in the tablets swell upon hydration from moisture in the digestive system, thereby limiting exposure of the active ingredient to moisture. As the cellulose ethers are gradually leached away by moisture, water more deeply penetrates the gel matrix and the active ingredient slowly dissolves and diffuses through the gel, making it available for absorption by the body. An example of such a sustained release dosage form of the analgesic/anti-inflammatory drug etodolac (Lodine®) appears in US patent 4,966,768. US patent 4,389,393 discloses sustained release therapeutic compressed solid unit dose forms of an active ingredient plus a carrier base comprised of a high molecular weight hydroxypropylmethylcellulose, methyl cellulose, sodium carboxymethylcellulose and or other cellulose ether.

Where the production of tablets is not feasible, it is conventional in the drug industry to prepare encapsulated drug formulations which provide extended or sustained release properties. In this situation, the extended release capsule dosage forms may be formulated by mixing the drug with one or more binding agents to form a uniform mixture which is then moistened with water or a solvent such as ethanol to

form an extrudable plastic mass from which small diameter, typically 1 mm, cylinders of drug/matrix are extruded, broken into appropriate lengths and transformed into spheroids using standard spheronization equipment. The spheroids, after drying, may then be film-coated to retard dissolution. The film-coated spheroids may then be placed in pharmaceutically acceptable capsules, such as starch or gelatin capsules, in the quantity needed to obtain the desired therapeutic effect. Spheroids releasing the drug at different rates may be combined in a capsule to obtain desired release rates and blood levels. US patent 4,138,475 discloses a sustained release pharmaceutical composition consisting of a hard gelatin capsule filled with film-coated spheroids comprised of propanolol in admixture with microcrystalline cellulose wherein the film coating is composed of ethyl cellulose, optionally, with hydroxypropylmethylcellulose and/or a plasticizer.

Venlafaxine, 1-[2-(dimethylamino)-1-(4-methoxyphenyl)ethyl]cyclohexanol, is an important drug in the neuropharmacological arsenal used for treatment of depression. Venlafaxine and the acid addition salts thereof are disclosed in US patent 4,535,186. Venlafaxine hydrochloride is presently administered to adults in compressed tablet form in doses ranging from 75 to 350 mg/day , in divided doses two or three times a day. In therapeutic dosing with venlafaxine hydrochloride tablets, rapid dissolution results in a rapid increase in blood plasma levels of the active compound shortly after administration followed by a decrease in blood plasma levels over several hours as the active compound is eliminated or metabolized, until sub-therapeutic plasma levels are approached after about twelve hours following administration, thus requiring additional dosing with the drug. With the plural daily dosing regimen, the most common side effect is nausea, experienced by about forty five percent of patients under treatment with venlafaxine hydrochloride. Vomiting also occurs in about seventeen percent of the patients.

**Brief Description of the Invention**

In accordance with this invention, there is provided an extended release (ER), encapsulated formulation containing venlafaxine hydrochloride as the active drug component, which provides in a single dose, a therapeutic blood serum level over a twenty four hour period.

Through administration of the venlafaxine formulation of this invention, there is provided a method for obtaining a flattened drug plasma concentration to time profile, thereby affording a tighter plasma therapeutic range control than can be obtained with multiple daily dosing. In other words, this invention provides a method for eliminating the sharp peaks and troughs (hills and valleys) in blood plasma drug levels induced by multiple daily dosing with conventional immediate release venlafaxine hydrochloride tablets. In essence, the plasma levels of venlafaxine hydrochloride rise, after administration of the extended release formulations of this invention, for between about five to about eight hours ( optimally about six hours) and then begin to fall through a protracted, substantially linear decrease from the peak plasma level for the remainder of the twenty four hour period, maintaining at least a threshold therapeutic level of the drug during the entire twenty-four period. In contrast, the conventional immediate release venlafaxine hydrochloride tablets give peak blood plasma levels in 2 to 4 hours. Hence, in accordance with the use aspect of this invention, there is provided a method for moderating the plural blood plasma peaks and valleys attending the pharmacokinetic utilization of multiple daily tablet dosing with venlafaxine hydrochloride which comprises administering to a patient in need of treatment with venlafaxine hydrochloride, a one-a-day, extended release formulation of venlafaxine hydrochloride.

The use of the one-a-day venlafaxine hydrochloride formulations of this invention reduces by adaptation, the level of nausea and incidence of emesis that attend the administration of multiple daily dosing. In clinical trials of venlafaxine hydrochloride ER, the probability of developing nausea in the course of the trials was

greatly reduced after the first week. Venlafaxine ER showed a statistically significant improvement over conventional venlafaxine hydrochloride tablets in two eight-week and one 12 week clinical studies. Thus, in accordance with this use aspect of the invention there is provided a method for reducing the level of nausea and incidence of emesis attending the administration of venlafaxine hydrochloride which comprises dosing a patient in need of treatment with venlafaxine hydrochloride with an extended release formulation of venlafaxine hydrochloride once a day in a therapeutically effective amount.

The formulations of this invention comprise an extended release formulation of venlafaxine hydrochloride comprising a therapeutically effective amount of venlafaxine hydrochloride in spheroids comprised of venlafaxine hydrochloride, microcrystalline cellulose and, optionally, hydroxypropylmethylcellulose coated with a mixture of ethyl cellulose and hydroxypropylmethylcellulose. Unless otherwise noted, the percentage compositions mentioned herein refer to percentages of the total weight of the final composition or formulation.

More particularly, the extended release formulations of this invention are those above wherein the spheroids are comprised of from about 6% to about 40% venlafaxine hydrochloride by weight, about 50% to about 95% microcrystalline cellulose, NF, by weight, and, optionally, from about 0.25% to about 1% by weight of hydroxypropylmethylcellulose, USP, and coated with from about 2% to about 12% of total weight of film coating comprised of from about 80% to about 90% by weight of film coating of ethyl cellulose, NF, and from about 10% to about 20% by weight of film coating of hydroxypropylmethylcellulose, USP.

A preferred embodiment of this invention are formulations wherein the spheroids are comprised of about 30% to about 40% venlafaxine hydrochloride by weight, about 50% to about 70% microcrystalline cellulose, NF, by weight, and, optionally, from about 0.25% to about 1% by weight of hydroxypropylmethylcellulose, USP, and coated with from about 2% to about 12% of

WYETH 002-000459

total weight of film coating comprised of from about 80% to about 90% by weight of film coating of ethyl cellulose, NF, and from about 10% to about 20% by weight of film coating of hydroxypropylmethylcellulose, USP.

Another preferred lower dose formulation of this invention are those wherein the spheroids are comprised less than 30% venlafaxine hydrochloride. These formulations comprise spheroids of from about 6% to about 30% venlafaxine hydrochloride by weight, about 70 % to about 94% microcrystalline cellulose, NF, by weight, and, optionally, from about 0.25% to about 1% by weight of hydroxypropylmethylcellulose, USP, and coated with from about 2% to about 12% of total weight of film coating comprised of from about 80% to about 90% by weight of film coating of ethyl cellulose, NF, and from about 10% to about 20% by weight of film coating of hydroxypropylmethylcellulose, USP.

Within this subgroup of lower dose formulations are formulations in which the spheroids are comprised of from about 6% to about 25% venlafaxine hydrochloride and from about 94% to about 75% microcrystalline cellulose, with an optional amount of from 0.25% to about 1% by weight of hydroxypropylmethylcellulose. Another preferred subgroup of spheroids in these formulations comprises from about 6% to about 25% venlafaxine hydrochloride and from about 94% to about 75% microcrystalline cellulose, with an optional amount of from 0.25% to about 1% by weight of hydroxypropylmethylcellulose. A further preferred subgroup of spheroids in these formulations comprises from about 6% to about 20% venlafaxine hydrochloride and from about 94% to about 80% microcrystalline cellulose, with an optional amount of from 0.25% to about 1% by weight of hydroxypropylmethylcellulose. Within each of these subgroups is understood to be formulations in which the spheroids are comprised of venlafaxine HCl and microcrystalline cellulose in the amounts indicated, with no hydroxypropylmethylcellulose present. Each of these formulations is also preferably contained in a gelatin capsule, preferably a hard gelatin capsule.

**Detailed Description of the Invention**

1-[2-(dimethylamino)-1-(4-methoxyphenyl)ethyl]cyclohexanol hydrochloride is polymorphic. Of the forms isolated and characterized to date, Form I is considered to be the kinetic product of crystallization which can be converted to Form II upon heating in the crystallization solvent. Forms I and II cannot be distinguished by their melting points but do exhibit some differences in their infrared spectra and X-ray diffraction patterns. Any of the polymorphic forms such as Form I or Form II may be used in the formulations of the present invention.

The extended release formulations of this invention are comprised of 1-[2-(dimethylamino)-1-(4-methoxyphenyl)ethyl] cyclohexanol hydrochloride in admixture with microcrystalline cellulose and hydroxypropylmethylcellulose. Formed as beads or spheroids, the drug containing formulation is coated with a mixture of ethyl cellulose and hydroxypropylmethyl cellulose to provide the desired level of coating, generally from about two to about twelve percent on a weight/weight basis of final product or more preferably from about five to about ten percent (w/w), with best results obtained at from about 6 to about 8 percent (w/w). More specifically, the extended release spheroid formulations of this invention comprise from about 30 to 40 percent venlafaxine hydrochloride, from about 50 to about 70 percent microcrystalline cellulose, NF, from about 0.25 to about 1 percent hydroxypropylmethylcellulose, USP, and from about 5 to about 10 percent film coating, all on a weight/weight basis. And preferably, the spheroid formulations contain about 35 percent venlafaxine hydrochloride, about 55 to 60 percent microcrystalline cellulose NF (Avicel® PH101), about one half percent hydroxypropylmethylcellulose 2208 USP (K3, Dow, which has a viscosity of 3 cps for 2% aqueous solutions, a methoxy content of 19–24% and a hydroxypropoxy content of 4–13%), and from about 6 to 8 percent film coating.

The film coating is comprised of 80 to 90 percent of ethyl cellulose, NF and 10 to 20 percent hydroxypropylmethylcellulose (2910), USP on a weight/weight basis.

20 January 2000
SRE/rlk/apr
AHP-95011-P2
PATENT

Preferably the ethyl cellulose has a ethoxy content of 44.0–51% and a viscosity of 50 cps for a 5% aqueous solution and the hydroxypropylmethylcellulose is USP 2910 having a viscosity of 6 cps at 2% aqueous solution with a methoxy content of 28–30% and a hydroxypropoxy content of 7–12%. The ethyl cellulose used herein is Aqualon HG 2834.

Other equivalents of the hydroxypropylmethylcelluloses 2208 and 2910 USP and ethyl cellulose, NF, having the same chemical and physical characteristics as the proprietary products named above may be substituted in the formulation without changing the inventive concept. Important characteristics of suitable hydroxypropylmethylcelluloses include a low viscosity, preferably less than 10 cps and more preferably 2-5 cps, and a gel temperature above that of the temperature of the extrudate during extrusion. As explained below, these and other characteristics which enable the extrudate to remain moist and soft (pliable) are preferred for the hydroxypropylmethylcellulose. In the examples below, the extrudate temperature was generally 50-55°C.

It was completely unexpected that an extended release formulation containing venlafaxine hydrochloride could be obtained because the hydrochloride of venlafaxine proved to be extremely water soluble. Numerous attempts to produce extended release tablets by hydrogel technology proved to be fruitless because the compressed tablets were either physically unstable (poor compressibility or capping problems) or dissolved too rapidly in dissolution studies. Typically, the tablets prepared as hydrogel sustained release formulations gave 40-50% dissolution at 2 hrs, 60-70% dissolution at 4 hrs and 85-100% dissolution at 8 hrs.

Numerous spheroid formulations were prepared using different grades of microcrystalline cellulose and hydroxypropylmethylcellulose, different ratios of venlafaxine hydrochloride and filler, different binders such as polyvinylpyrrolidone, methylcellulose, water, and polyethylene glycol of different molecular weight ranges in order to find a formulation which would provide a suitable granulation mix which

could be extruded properly. In the extrusion process, heat buildup occurred which dried out the extrudate so much that it was difficult to convert the extruded cylinders into spheroids. Addition of hydroxypropylmethylcellulose 2208 to the venlafaxine hydrochloride–microcrystalline cellulose mix made production of spheroids practical.

The encapsulated formulations of this invention may be produced in a uniform dosage for a specified dissolution profile upon oral administration by techniques understood in the art. For instance, the spheroid components may be blended for uniformity with a desired concentration of active ingredient, then spheronized and dried. The resulting spheroids can then be sifted through a mesh of appropriate pore size to obtain a spheroid batch of uniform and prescribed size.

The resulting spheroids can be coated and resifted to remove any agglomerates produced in the coating steps. During the coating process samples of the coated spheroids may be tested for their distribution profile. If the dissolution occurs too rapidly, additional coating may be applied until the spheroids present a desired dissolution rate.

The following examples are presented to illustrate applicant's solution to the problem of preparation of the extended release drug containing formulations of this invention.

Example No. 1.

Venlafaxine Hydrochloride Extended Release Capsules

A mixture of 44.8 parts (88.4 % free base) of venlafaxine hydrochloride, 74.6 parts of the microcrystalline cellulose, NF, and 0.60 parts of hydroxypropylmethyl cellulose 2208, USP, are blended with the addition of 41.0 parts water. The plastic mass of material is extruded, spheronized and dried to provide uncoated drug containing spheroids.

WYETH 002-000463

Stir 38.25 parts of ethyl cellulose, NF, HG2834 and 6.75 parts of hydroxypropylmethylcellulose 2910, USP in a 1:1 v/v mixture of methylene chloride and anhydrous methanol until solution of the film coating material is complete.

To a fluidized bed of the uncoated spheroids is applied 0.667 parts of coating solution per part of uncoated spheroids to obtain extended release, film coated spheroids having a coating level of 3%.

The spheroids are sieved to retain the coated spheroids of a particle size between 0.85 mm to 1.76 mm diameter. These selected film coated spheroids are filled into pharmaceutically acceptable capsules conventionally, such as starch or gelatin capsules.

10951042.012201

Example No. 2

Same as for Example 1 except that 1.11 parts of the film coating solution per part of uncoated spheroids is applied to obtain a coating level of 5%.

Example No. 3

Same as for Example 1 except that 1.33 parts of the film coating solution is applied to 1 part of uncoated spheroids to obtain a coating level of 6%.

Example No. 4

Same as for Example 1 except that 1.55 parts of the film coating solution is applied to 1 part of uncoated spheroids to obtain a coating level of 7%.

10

In the foregoing failed experiments and in Examples 1-4, the extrusion was carried out on an Alexanderwerk extruder. Subsequent experiments carried out on Hutt and Nica extruders surprisingly demonstrated that acceptable, and even improved, spheroids could be made without the use of an hydroxypropylmethylcellulose.

In such further experiments the applicability of the invention was extended to formulations wherein the weight percentage of venlafaxine hydrochloride is 6% to 40%, preferably 8% to 35%. Thus, the extended release spheroid formulations of this invention comprise from about 6 to about 40 percent venlafaxine hydrochloride, from about 50 to about 94 percent microcrystalline cellulose, NF, optionally, from about 0.25 to about 1 percent hydroxypropylmethylcellulose, and from about 2 to about 12 percent, preferably about 3 to 9 percent, film coating.

Spheroids of the invention were produced having 8.25% (w/w) venlafaxine hydrochloride and the remainder (91.75%, w/w) being microcrystalline cellulose, with a coating of from 3 to 5 % (w/w), preferably 4%, of the total weight. The spheroids with 8.25% venlafaxine hydrochloride and 4% coating were filled into No. 2 white opaque shells with a target fill weight of 236 mg.

Further spheroids of the invention were produced having 16.5% (w/w) venlafaxine hydrochloride and the remainder (83.5%,w/w) being microcrystalline cellulose, with a coating of from 4 to 6 % (w/w), preferably 5%, of the total weight. The spheroids 16.5% venlafaxine hydrochloride and 5% coating were filled into No. 2 white opaque shells with a target fill weight of 122 mg.

The test for acceptability of the coating level is determined by analysis of the dissolution rate of the finished coated spheroids prior the encapsulation. The dissolution procedure followed uses USP Apparatus 1 (basket) at 100 rpm in purified water at 37°C.

Conformance with the dissolution rate given in Table 1 provides the twenty-four hour therapeutic blood levels for the drug component of the extended release capsules of this invention in capsule form. Where a given batch of coated spheroids releases drug too slowly to comply with the desired dissolution rate study, a portion of uncoated spheroids or spheroids with a lower coating level may be added to the batch to provide, after thorough mixing, a loading dose for rapid increase of blood drug levels. A batch of coated spheroids that releases the drug too rapidly can receive additional film-coating to give the desired dissolution profile.

Table 1
Acceptable Coated Spheroid Dissolution Rates

| Time (hours) | Average % Venlafaxine HCl released |
|---|---|
| 2 | <30 |
| 4 | 30-55 |
| 8 | 55-80 |
| 12 | 65-90 |
| 24 | >80 |

T0120

Batches of the coated venlafaxine hydrochloride containing spheroids which have a dissolution rate corresponding to that of Table 1 are filled into pharmaceutically acceptable capsules in an amount needed to provide the unit dosage level desired. The standard unit dosage immediate release (IR) tablet used presently provides amounts of venlafaxine hydrochloride equivalent to 25 mg, 37.5 mg, 50 mg, 75 mg and 100 mg venlafaxine. The capsules of this invention are filled to provide an amount of venlafaxine hydrochloride equivalent to that presently used in tablet form and also up to about 150 mg venlafaxine hydrochloride.

Dissolution of the venlafaxine hydrochloride ER capsules is determined as directed in the U. S. Pharmacopoeia (USP) using apparatus 1 at 100 rpm on 0.9 L of water. A filtered sample of the dissolution medium is taken at the times specified. The absorbance of the clear solution is determined from 240 to 450 nanometers (nm) against the dissolution medium. A baseline is drawn from 450 nm through 400 nm and extended to 240 nm. The absorbance at the wavelength of maximum absorbance (about 274 nm) is determined with respect to this baseline. Six hard gelatin capsules

are filled with the theoretical amount of venlafaxine hydrochloride spheroids and measured for dissolution. Standard samples consist of venlafaxine hydrochloride standard solutions plus a gelatin capsule correction solution.

The percentage of venlafaxine released is determined from the equation

T or 30

$$\% \text{ Venlafaxine hydrochloride released} = \frac{(As)(Wr)(S)(V1)(0.888)(100)}{(Ar)(V2)(C)}$$

where As is absorbance of sample preparation, Wr is weight of reference standard, mg; S is strength of the reference standard, decimal; V1 is the volume of dissolution medium used to dissolve the dosage form, mL; 0.884 is the percent free base, Ar is the absorbance of the standard preparation, V2 is the volume of reference standard solution, mL; and C is the capsule claim in mg.

Table 2 shows the plasma level of venlafaxine versus time for one 75 mg conventional Immediate Release (IR) tablet administered every 12 hours, two 75 mg extended release (ER) capsules administered simultaneously every 24 hours, and one 150 mg extended release (ER) capsule administered once every 24 hours in human male subjects. The subjects were already receiving venlafaxine hydrochloride according to the dosage protocol, thus the plasma blood level at zero time when dosages were administered is not zero.

WYETH 002-000467

Table 2
Plasma venlafaxine level (ng/mL) versus time, conventional tablet (not extended release) versus ER capsule

| Time (hours) | 75 mg (IR)tablet (q 12 h) | 2 x 75 mg (ER)capsules (q 24 hr) | 1 x 150 mg (ER)capsules (q 24 h) |
|---|---|---|---|
| 0 | 62.3 | 55.0 | 55.8 |
| 0.5 | 76.3 | | |
| 1 | 135.6 | 53.3 | 53.2 |
| 2 | 212.1 | 69.8 | 70.9 |
| 4 | 162.0 | 138.6 | 133.3 |
| 6 | 114.6 | 149.0 | 143.5 |
| 8 | 86.7 | 129.3 | 129.5 |
| 10 | | 118.4 | 114.4 |
| 12 | 51.9 | 105.1 | 105.8 |
| 12.5 | 74.7 | | |
| 13 | 127.5 | | |
| 14 | 161.3 | 90.5 | 91.3 |
| 16 | 134.6 | 78.2 | 78.5 |
| 18 | 106.2 | | |
| 20 | 83.6 | 62.7 | 63.3 |
| 24 | 57.6 | 56.0 | 57.3 |

Table 2 shows that the plasma levels of two 75 mg/capsule venlafaxine hydrochloride ER capsules and one 150 mg/capsule venlafaxine hydrochloride ER capsule provide very similar blood levels. The data also show that the plasma level after 24 hours for either extended release regimen is very similar to that provided by two immediate release 75 mg tablets of venlafaxine hydrochloride administered at 12 hour intervals.

Further, the plasma levels of venlafaxine obtained with the extended release formulation do not increase to the peak levels obtained with the conventional immediate release tablets given 12 hours apart. The peak level of venlafaxine from (ER), somewhat below 150 ng/ml, is reached in about six hours, plus or minus two hours, based upon this specific dose when administered to patients presently under treatment with venlafaxine hydrochloride (IR). The peak plasma level of venlafaxine, somewhat over 200 ng/ml, following administration of (IR) is reached in two hours and falls rapidly thereafter.

Table 3 shows venlafaxine blood plasma levels in male human subjects having a zero initial blood plasma level. Again, a peak blood plasma concentration of venlafaxine is seen at about 6 hours after dosing with venlafaxine hydrochloride extended release capsules in the quantities indicated. The subjects receiving the single 50 mg immediate release tablet showed a peak plasma level occurring at about 4 hours. For comparative purposes, the plasma levels of venlafaxine for subjects receiving the conventional formulated tablet can be multiplied by a factor of three to approximate the plasma levels expected for a single dose of 150 mg. conventional formulation.

Table 3.
Plasma Blood Levels in Human Males Having No Prior Venlafaxine Blood Level

| Time (Hours) | 1 x 50 mg IR tablet | 2 x 75 mg ER capsules | 1 x 150 mg ER capsule |
|---|---|---|---|
| 0 | 0 | 0 | 0 |
| 1 | 27.87 | 1.3 | 0 |
| 1.5 | 44.12 | 6.0 | 2.2 |
| 2 | 54.83 | 20.6 | 12.8 |
| 4 | 66.38 | 77.0 | 81.0 |
| 6 | 49.36 | 96.5 | 94.4 |
| 8 | 30.06 | 93.3 | 86.9 |
| 10 | 21.84 | 73.2 | 72.8 |
| 12 | 15.91 | 61.3 | 61.4 |
| 14 | 13.73 | 52.9 | 51.9 |
| 16 | 10.67 | 47.5 | 41.1 |
| 20 | 5.52 | 35.2 | 34.0 |
| 24 | 3.56 | 29.3 | 28.5 |
| 28 | 2.53 | 23.4 | 22.9 |
| 36 | 1.44 | 11.9 | 13.5 |
| 48 | 0.66 | 5.8 | 5.2 |

TO150

The blood plasma levels of venlafaxine were measured according to the following procedure. Blood samples from the subjects were collected in heparinized evacuated blood tubes and the tubes were inverted gently several times. As quickly as possible, the tubes were centrifuged at 2500 rpm for 15 minutes. The plasma was pipetted into plastic tubes and stored at -20°C until analysis could be completed.

WYETH 002-000469

20 January 2000
SRE/rlk/apr
AHP-95011-P2
PATENT

To 1 mL of each plasma sample in a plastic tube was added 150 µL of a stock internal standard solution (150 µg/ml). Saturated sodium borate (0.2 mL) solution was added to each tube and vortexed. Five mL of ethyl ether was added to each tube which were then capped and shaken for 10 minutes at high speed. The tubes were centrifuged at 3000 rpm for 5 minutes. The aqueous layer was frozen in dry ice and the organic layer transferred to a clean screw cap tube. A 0.3 mL portion of 0.01 N HCl solution was added to each tube and shaken for 10 minutes at high speed. The aqueous layer was frozen and the organic layer removed and discarded. A 50µL portion of the mobile phase (23:77 acetonitrile:0.1M monobasic ammonium phosphate buffer, pH 4.4) was added to each tube, vortexed, and 50 µL samples were injected on a Supelco Supelcoil LC-8-DB, 5 cm x 4.6 mm, 5 µ column in a high pressure liquid chromatography apparatus equipped with a Waters Lambda Max 481 detector or equivalent at 229 nm. Solutions of venlafaxine hydrochloride at various concentrations were used as standards.

Example No. 5

Manufactured by the techniques described herein, another preferred formulation of this invention comprises spheroids of from about 30% to about 35% venlafaxine hydrochloride and from about 0.3% to about 0.6% hydroxypropylmethylcellulose. These spheroids are then coated with a film coating, as described above, to a coating level of from about 5% to about 9%, preferably from about 6% to about 8%. A specific formulation of this type comprises spheroids of about 33% venlafaxine hydrochloride and about 0.5% hydroxypropylmethylcellulose, with a film coating of about 7%.

Lower dosage compositions or formulations of this invention may also be produced by the techniques described herein. These lower dosage forms may be administered alone for initial titration or initiation of treatment, prior to a dosage increase. They may also be used for an overall low-dose administration regimen or in

combination with higher dosage compositions, such as capsule formulations, to optimize individual dosage regimens.

These lower dose compositions may be used to create encapsulated formulations, such as those containing doses of venlafaxine hydrochloride from about 5 mg to about 50 mg per capsule. Particular final encapsulated dosage forms may include, but are not limited to, individual doses of 7.5 mg, 12.5 mg, 18.75 mg, or 28.125 mg of venlafaxine HCl per capsule.

The spheroids useful in these lower dose formulations may comprise from about 5% to about 29.99% venlafaxine HCl, preferably from about 5% to about 25%, from about 75% to about 95% microcrystalline cellulose, and, optionally from about 0.25% to about 1.0% hydroxypropylmethylcellulose. The spheroids may be coated as described above, preferably with a film coating of from about 5% to about 10% by weight. In some preferred formulations, the spheroids comprise the cited venlafaxine HCl and microcrystalline cellulose, with no hydroxypropylmethyl cellulose.

Example No. 6

Spheroids comprising 16.5% venlafaxine HCl and 83.5% microcrystalline cellulose were mixed with approximately 50% water (w/w) to granulate in a Littleford Blender Model FM-50E/1Z (Littleford Day Inc., P.O. Box 128, Florence, Kentucky 41022-0218, U.S.A.) at a fixed speed of 180 rpm. The blended material was extruded through a 1.25 mm screen using a Nica extruder/speronization machine (Aeromatic-Fielder Division, Niro Inc., 9165 Rumsey Rd., Columbia, Maryland 21045, U.S.A.) for a 12/20 mesh cut after drying. Two portions of the resulting spheroids were coated with a 5% and 7% coating level, respectively, by techniques described above using the coating formulation:

20 January 2000
SRE/rlk/apr
AHP-95011-P2
PATENT

| Ingredient | % (w/w) |
|---|---|
| Methylene Chloride | 60.000 |
| Methanol Anhydrous | 35.500 |
| Ethylcellulose, NF, HG 2834, 50 cps | 3.825 |
| Hydroxypropyl Methylcellulose, 2910 USP, 6 cps | 0.675 |

These 5% and 7% coated lots were tested for dissolution on a Hewlett Packard automated dissolution system over a 24 hour period, resulting in the following dissolution patterns:

| Time/hr | % Dissoluded 16.5% / 5% | % Dissolved 16.5% / 7% |
|---|---|---|
| 2 | 12.4 | 5.6 |
| 4 | 42.8 | 25.4 |
| 8 | 70.7 | 60.4 |
| 12 | 82.2 | 75.4 |
| 24 | 94.3 | 92.7 |

Example No. 7

A formulation of spheroids containing 8.25% venlafaxine HCl and 91.75% microcrystalline cellulose was prepared according to the techniques of Example No. 6 and coated with a 5% film coating. In the Hewlett Packard automated dissolution system these spheroids provided the following dissolution profile:

| Time/hr | % Dissolved 8.25% / 5% |
|---|---|
| 2 | 4.4 |
| 4 | 24.2 |
| 8 | 62.9 |
| 12 | 77.8 |
| 24 | 93.5 |

WYETH 002-000472

20 January 2000
SRE/rlk/apr
AHP-95011-P2
PATENT

Thus, the desired dissolution rates of sustained release dosage forms of venlafaxine hydrochloride, impossible to achieve with hydrogel tablet technology, has been achieved with the film-coated spheroid compositions of this invention.

09884412.061901

19

20 January 2000
SRE/rlk/apr
AHP-95011-P2
PATENT

What is claimed is:

1. An encapsulated, extended release formulation of venlafaxine hydrochloride comprising a pharmaceutically acceptable capsule containing a therapeutically effective amount of venlafaxine hydrochloride in spheroids comprised of venlafaxine hydrochloride, microcrystalline cellulose and, optionally, hydroxypropylmethylcellulose coated with a mixture of ethyl cellulose and hydroxypropylmethylcellulose.

2. An extended release formulation according to Claim 1 wherein the spheroids are comprised of from about 6% to about 40% venlafaxine hydrochloride by weight, about 50% to about 94% microcrystalline cellulose, NF, by weight, and, optionally, from about 0.25% to about 1% by weight of hydroxypropylmethylcellulose, USP.

3. An extended release formulation according to Claim 1 wherein the spheroids are coated with from about 2% to about 12% of total formulation weight of film coating comprised of from about 80% to about 90% by weight of film coating of ethyl cellulose, NF, and from about 10% to about 20% by weight of film coating of hydroxypropylmethylcellulose, USP.

4. An extended release formulation according to Claim 1 wherein the spheroids are comprised of from about 30% to 40% venlafaxine hydrochloride by weight, about 50% to about 70% microcrystalline cellulose, NF, by weight, and, optionally, from about 0.25% to about 1% by weight of hydroxypropylmethylcellulose, USP.

5. An extended release formulation according to Claim 4 wherein the spheroids are coated with from about 2% to about 12% of total formulation weight of film coating comprised of from about 80% to about 90% by weight of film coating of ethyl cellulose, NF, and from about 10% to about 20% by weight of film coating of hydroxypropylmethylcellulose, USP.

WYETH 002-000474

20 January 2000
SRE/rlk/apr
AHP-95011-P2
PATENT

6. An extended release formulation according to Claim 1 wherein the spheroids comprise from about 6% to about 30% venlafaxine hydrochloride by weight, about 70.1 % to about 94% microcrystalline cellulose, NF, by weight and, optionally, from about 0.25% to about 1% by weight of hydroxypropylmethylcellulose,

7. An extended release formulation according to Claim 6 wherein the spheroids are coated with from about 2% to about 12% of total weight of film coating comprised of from about 80% to about 90% by weight of film coating of ethyl cellulose, NF, and from about 10% to about 20% by weight of film coating of hydroxypropylmethylcellulose, USP.

8. An extended release formulation according to Claim 6 wherein the spheroids comprise from about 5% to about 25% venlafaxine hydrochloride and from about 95% to about 75% microcrystalline cellulose, with an optional amount of from 0.25% to about 1% by weight of hydroxypropylmethylcellulose.

9. An extended release formulation according to Claim 6 wherein the spheroids comprise from about 6% to about 25% venlafaxine hydrochloride and from about 94% to about 75% microcrystalline cellulose, with an optional amount of from 0.25% to about 1% by weight of hydroxypropylmethylcellulose.

10. An extended release formulation according to Claim 6 wherein the spheroids comprise from about 6% to about 20% venlafaxine hydrochloride and from about 94% to about 80% microcrystalline cellulose, with an optional amount of from 0.25% to about 1% by weight of hydroxypropylmethylcellulose.

11. An encapsulated, extended release formulation of venlafaxine hydrochloride according to Claim 1 having the following dissolution profile in USP Apparatus 1 (basket) at 100 rpm in purified water at 37°C:

| Time (hours) | Average % Venlafaxine HCl released |
|---|---|
| 2 | <30 |
| 4 | 30-55 |

20 January 2000
SRE/rlk/apr
AHP-95011-P2
PATENT

| | |
|---|---|
| 8 | 55-80 |
| 12 | 65-90 |
| 24 | >80 |

12. An extended release formulation according to claim 2 wherein the spheroids are composed of about 37% by weight of venlafaxine hydrochloride, about 0.5% by weight of hydroxypropylmethylcellulose 2208, and about 62% by weight of microcrystalline cellulose.

13. A composition according to claim 2 wherein the film coating is comprised of ethyl cellulose (4.81% of total weight) and hydroxypropylmethylcellulose (0.85% of total weight).

14. A composition according to claim 2 wherein the film coating comprises 6-8% by weight of total weight.

15. A composition according to claim 2 wherein the film coating is comprised of ethyl cellulose (2.48% of total weight) and hydroxypropylmethylcellulose (0.437% of total weight).

16. A composition according to claim 2 wherein film coating composition is comprised of ethyl cellulose having a 44.0-51.0% content of ethoxy groups and hydroxypropylmethylcellulose having a methoxy content of 28.0-30.0% and a hydroxypropoxy group content of 7.0-12.0%.

17. A film coating composition according to Claim 2 which is comprised of about 85% by total weight of film coating of ethyl cellulose having a 44.0-51.0% content of ethoxy groups, and about 15% by total weight of film coating of hydroxypropylmethylcellulose having a methoxy content of 28.0-30.0% and a hydroxypropoxy group content of 7.0-12.0%.

20 January 2000
SRE/rlk/apr
AHP-95011-P2
PATENT

18. A film coating composition according to Claim 2 which is comprised of 85% by weight of ethyl cellulose type HG 2834 and 15% by weight of hydroxypropylmethylcellulose type 2910.

19. An extended release formulation of venlafaxine hydrochloride for once daily administration which comprises spheroids containing 37.3% venlafaxine, 62.17% microcrystalline cellulose and 0.5% hydroxypropylmethylcellulose type 2208, coated with a quantity of a mixture comprised of 85% ethyl cellulose type HG 2834 and 15% hydroxypropylmethylcellulose type 2910 sufficient to give coated spheroids having a dissolution profile which gives the desired release rate over a 24 hour period.

20. An extended release formulation of venlafaxine hydrochloride according to Claim 2 which provides peak serum levels of up to 150 ng/ml and extended therapeutically effective plasma levels over a twenty four hour period.

21. A method for providing a therapeutic blood plasma concentration of venlafaxine over a twenty four hour period with diminished incidences of nausea and emesis which comprises administering orally to a patient in need thereof, an encapsulated, extended release formulation that provides a peak blood plasma level of venlafaxine in from about four to about eight hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

22. A method for eliminating the troughs and peaks of drug concentration in a patients blood plasma attending the therapeutic metabolism of plural daily doses of venlafaxine hydrochloride which comprises administering orally to a patient in need thereof, an encapsulated, extended release formulation that provides a peak blood plasma level of venlafaxine in from about four to about eight hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

add A2

add B1

20 January 2000
SRE/rlk/apr
AHP-95011-P2
PATENT

## ABSTRACT OF THE DISCLOSURE

## EXTENDED RELEASE FORMULATION

This invention relates to a 24 hour extended release dosage formulation and unit dosage form thereof of venlafaxine hydrochloride, an antidepressant, which provides better control of blood plasma levels than conventional tablet formulations which must be administered two or more times a day and further provides a lower incidence of nausea and vomiting than the conventional tablets. More particularly, the invention comprises an extended release formulation of venlafaxine hydrochloride comprising a therapeutically effective amount of venlafaxine hydrochloride in spheroids comprised of venlafaxine hydrochloride, microcrystalline cellulose and, optionally, hydroxypropylmethylcellulose coated with a mixture of ethyl cellulose and hydroxypropylmethylcellulose.

09634712 . 012501

AHP-95011 P2
PATENT

## DECLARATION AND POWER OF ATTORNEY

As a below-named inventor, I hereby declare that:

My residence, post office address and citizenship are as stated below next to my name:

I believe I am the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is the invention entitled EXTENDED RELEASE FORMULATION, the specification of which

(check one) ________ is attached hereto.

X was filed on January 20, 2000 as Application Serial No 09/488,629 and was last amended on February 16, 2001. (if applicable)

I hereby state that I have reviewed and understand the contents of the above-identified specification, including the claims, as amended by any amendment referred to above.

I acknowledge the duty to disclose information which is material to the examination of this application in accordance with Title 37, Code of Federal Regulations, Section 1.56 (a).

I hereby claim foreign priority benefits under Title 35, United States Code, Section 119 of any foreign application(s) for patent or inventor's certificate listed below and have also identified below any foreign application for patent or inventor's certificate having a filing date before that of the application on which priority is claimed:

| (Number) | (Country) | (Day/Month/Year Filed) | Priority Claimed Yes | No |
|---|---|---|---|---|
| NONE | | | | |

I hereby claim the benefit under Title 35, United States Code, Section 119(e) of any United States Provisional Application(s) for Patent listed below:

| (Provisional Appln. No.) | (Filing Date) |
|---|---|
| 60/014,006 | March 25, 1996 |
| | |

I hereby claim the benefit under Title 35, United States Code, Section 120 of any United States Application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code, Section 112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, Section 1.56(a) which occurred between the filing date of the prior application and the national or PCT international filing date of this application:

WYETH 002-000479

AHP-95011 P2
PATENT

| 08/821,137 | 3/20/97 | Abandoned |
|---|---|---|
| (Application Serial No.) | (Filing Date) | (Status - Patented, pending, abandoned) |
| 08/964,328 | 11/5/97 | Abandoned |
| (Application Serial No.) | (Filing Date) | (Status - Patented, pending, abandoned) |

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

I hereby appoint the following attorneys to prosecute this application and to transact all business in the Patent and Trademark Office connected therewith:

Egon E. Berg, Reg. No. 21,117; of Five Giralda Farms, Madison, New Jersey, 07940; and Rebecca R. Barrett, Reg. No. 35,152; Steven R. Eck, Reg. No. 36,126; Arnold S. Milowsky, Reg. No. 35,288; Michael R. Nagy, Reg. No. 33,432; George Tarnowski, Reg. No. 27,472; all of P.O. Box 8299, Philadelphia, Pennsylvania, 19101; and Daniel B. Moran, Reg. No. P-41,204 of 401 N. Middletown Road, Pearl River, New York, 10965.

Address all telephone calls to Rebecca R. Barrett at telephone number (610) 902-2646.

Address all correspondence to Egon E. Berg, American Home Products Corporation, Patent Law Department - 2B, Five Giralda Farms, Madison, New Jersey, 07940.

Full name of sole or first inventor Deborah M. Sherman

Inventor's signature Deborah M Sherman    15 Mar 01
Date

Residence 5 Belmont Avenue, Plattsburgh, New York 12901

Citizenship United States of America

Post Office Address Same as residence

Full name of second joint inventor, if any John C. Clark

Inventor's signature John C Clark    29 Mar 01
Date

Residence 375 Pleasant St., Peru, New York 12972

Citizenship United States of America

Post Office Address Same as Residence

WYETH 002-000480

AHP-95011 P2
PATENT

Full name of third joint inventor, if any John U. Lamer

Inventor's signature [signature] 29 Mar 01
Date

Residence 22 Farrar Street, St. Albans, Vermont 05478

Citizenship United States of America

Post Office Address Same as Residence

Full name of fourth joint inventor, if any Steven A. White

Inventor's signature [signature] 29 Mar 01
Date

Residence 309 Southwick Rd., Champlain, NY 12919

Citizenship United States of America

Post Office Address Same as Residence

WYETH 002-000481

PATENT APPLICATION SERIAL NO. 09-884412

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

06/22/2001 HLE333 00000014 011425 09884412

01 FC:101 710.00 CH

PTO-1556
(5/87)

*U.S. GPO: 2000-468-987/39595

AHP-95011-1-D1
PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of: Deborah M. Sherman, John C. Clark, John U. Lamer, Stephen A. White

Serial No.: (Div. of USSN 09/488,629)

Examiner:

Filed: Herewith

Group:

For: Extended Release Formulation

Assistant Commissioner for Patents
Washington, D.C. 20231

PRELIMINARY AMENDMENT

Sir:

Prior to issuance of an Office Action in this case, please amend the application as follows:

In the Application:

At page 1, line 3, please delete "This application continuation-in-part of Application Serial No. 08/964,328, filed November 5, 1997, which is a continuation-in-part of copending Application No. 08/821,137, filed March 20, 1997, which, in turn, claims priority from Provisional Application No. 60/014,006 filed March 25, 1996" and insert - - "This application is a divisional application of Serial No. 09/488,629, filed January 20, 2000, US 6,274,171 which is a continuation-in-part of Application Serial No. 08/964,328, filed November 5, 1997, now abandoned, which is a continuation-in-part of Application No. 08/821,137, filed March 20, 1997, now abandoned, which claims priority from Provisional Application No. 60/014,006 filed March 25, 1996" - -.

In the Claims:

Cancel Claims 2-22 without prejudice.

Add new Claims 23-24 as follows:

- - 23. A method for providing a therapeutic blood plasma concentration of venlafaxine over a twenty-four hour period with diminished incidence of nausea and emesis which comprises administering orally to a patient in need thereof, an

WYETH 002-000483

AHP-95011-1-D1
PATENT

extended release formulation that provides a peak blood plasma level of venlafaxine in from about 4 to about 8 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

A2 concl. 24. A method for eliminating the troughs and peaks of drug concentration in a patient's blood plasma attending the therapeutic metabolism of plural daily doses of venlafaxine hydrochloride which comprises administering orally to a patient in need thereof, extended release formulation that provides a peak blood plasma level of venlafaxine in from about 4 to about 8 hours, said formulation containing venlafaxine hydrochloride as the active ingredient. - -

In view of the foregoing, Applicants respectfully maintain that Claims 1 and 23-24 are in condition ready for allowance and respectfully request an early and favorable Notice of Allowance.

Respectfully submitted,

Rebecca R. Barrett
Rebecca R. Barrett
Reg. No. 35,152

Dated: June 19, 2001
Telephone: (610) 902-2646

10571025.061401

36

WYETH 002-000484

Docket No: 95011-1-D1
Patent

#3

JC978 U.S. PTO 09/884412 06/19/01

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of: Deborah M. Sherman et al.
Serial No.: Not Yet Known Group Art No.: 1615
Filed: Herewith Examiner:
For: Extended Release Formulation
Confirmation No.:
Customer Number: 25291

Assistant Commissioner for Patents
Washington, DC 20231

INFORMATION DISCLOSURE STATEMENT

1. Preliminary Statements
In accordance with 37 CFR 1.97 and 1.98, Applicants submit herewith patents, publications, or other information of which they are aware, which they believe may be material to the examination of this application and in respect of which there may be a duty to disclose in accordance with 37 CFR 1.56. This Information Disclosure Statement is not to be construed as a representation that: (i) a search has been made; (ii) the information is material to the examination of this application; (iii) additional information material to the examination of this application does not exist; (iv) the information, protocols, results and the like reported by third parties are accurate or enabling; or (v) the information constitutes prior art to the subject invention.

**CERTIFICATE OF MAILING 37 CFR §1.10**

I hereby certify that this paper and the documents referred to as enclosed therein are being deposited with the United States Postal Service on the date written below in an envelope as "Express Mail Post Office to Addressee" Mailing Label Number EM474058074USaddressed to the Assistant Commissioner for Patents, Washington, DC 20231.

June 19, 2001
Date

Mary Ellen Fiala
Mary Ellen Fiala

WYETH 002-000485

Docket No: 95011-1-D1
Patent

2. Identification of Time of Filing
This Information Disclosure Statement

a. ☒ is filed within three months of the filing date of the application.
b. ☐ is filed before the mailing date of a first Office Action on the merits.
c. ☐ is filed before the mailing date of a first Office Action after the filing of a request for continued examination under 37 CFR 1.114.
d. ☐ is filed after the period specified in 2(a), 2(b) or 2(c) above, but before the mailing date of a final action under 37 CFR 1.311. This statement includes a certification under 37 CFR 1.97(e) or the fee set forth in 37 CFR 1.17(p).
e. ☐ is filed after the mailing date of a final action or Notice of Allowance but before payment of the issue fee. This statement includes (i) a certification under 37 CFR 1.97(e), and (ii) the fee set forth in 37 CFR 1.17(p).

3. ☐ Certification under 37 CFR 1.97(e)
The undersigned attorney certifies

a. ☐ that each item of information contained in the Information Disclosure Statement was cited in a communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of the statement, or
b. ☐ that no item of information contained in the Information Disclosure Statement was cited in a communication from a foreign patent office in a counterpart foreign application or, to the knowledge of the person signing the certification after making reasonable inquiry, was known to any individual designated in 37 CFR 1.56(c) more than three months prior to the filing of the statement.
c. ☐ The undersigned attorney certifies that each item of information contained in the Information Disclosure Statement was cited in a communication from a foreign patent office in a counterpart foreign application and was not received by any individual designated in 37 CFR 1.56(c) more than thirty (30) days prior to the filing of the statement.

☐ Newly Cited Information
A legible copy of the patents, publications or other information cited on the attached form PTO 1449 is enclosed, except that no copy of a pending U.S. application is enclosed.

☒ Previously Cited Information
No copy of the patents, publications or other information cited on the attached form PTO-1449 is enclosed because it has been previously cited by or submitted to the Office in a prior application which is relied upon for an earlier filing date under 35 USC 120.
Prior application is Serial Number 09/488,620, filed on January 20, 2000 of Sherman et al. for Extended Release Formulation..

WYETH 002-000486

Docket No: 95011-1-D1
Patent

☐ Concise Explanation
Documents cited above which are not in the English Language
a. ☐ have been explained in the specification.
b. ☐ have an abstract (or other concise explanation) in English enclosed or if readily available a translation into English of the document is enclosed.

Form PTO-1449 is enclosed in duplicate.

☐ Fees
☐ Fee for filing under 37 CFR 1.97(c) or (d) Fee: $0.00

Method of Payment of Fees:
Charge American Home Products Corporation Deposit Account No. 01-1425 in the amount of $0.00
A duplicate of this statement is enclosed.

Instructions as to Overpayment/Underpayment:
Credit any overpayment and charge any underpayment to Deposit Account No. 01-1425.

Rebecca R. Barrett
Rebecca R. Barrett
Reg. No. 35,152

American Home Products Corporation
Patent Law Department
Five Giralda Farms
Madison, NJ 07940-0874
Tel. No. (610) 902-2646

25291
PATENT TRADEMARK OFFICE

File copy

#3

| FORM PTO-1449 (REV. 2-32) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | ATTY. DOCKET NO. AHP-95011-D1 | SERIAL NO. Not Yet Known |
|---|---|---|---|
| | INFORMATION DISCLOSURE STATEMENT BY APPLICANT | APPLICANT Deborah M. Sherman et al. | |
| | (Use several sheets if necessary) | FILING DATE Not Yet Known | GROUP 1615 |

jc978 U.S. PTO 09/884412 06/19/01

## U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| JS | AA | 3 9 5 4 9 5 9 | 8/75 | Pedersen | | | |
| ↑ | AB | 4 3 6 9 1 7 2 | 1/83 | Schor et al. | | | |
| | AC | 4 1 3 8 4 7 5 | 2/79 | McAinsh et al. | | | |
| | AD | 4 3 8 9 3 9 3 | 6/83 | Schor et al. | | | |
| | AE | 4 9 6 6 7 6 8 | 10/90 | Michelucci et al. | | | |
| | AF | 5 5 0 6 2 7 0 | 4/96 | Upton et al. | | | |
| ↓ | AG | 4 5 3 5 1 8 6 | 8/86 | Husbands et al. | | | |
| JS | AH | 5 5 5 2 4 2 9 | 9/96 | Wong et al. | | | |
| | AI | | | | | | |
| | AJ | | | | | | |
| | AK | | | | | | |

## FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | TRANSLATION NO |
|---|---|---|---|---|---|---|---|---|
| JS | AL | 0 6 5 4 2 6 4 | 11/94 | EP | | | | |
| ↑ | AM | 0 6 6 7 1 5 0 | 1/95 | EP | | | | |
| | AN | 9 4 2 7 5 8 9 | 12/94 | WO | | | | |
| ↓ | AO | 9 7 3 7 6 4 0 | 10/97 | WO | | | | |
| JS | AP | 0 7 9 7 9 9 1 | 10/97 | EP | | | | |

**OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)**

| | | |
|---|---|---|
| AQ | | |
| AR | | |
| AS | | |
| AT | | |
| AU | | |
| AV | | |

| EXAMINER JAMES M. SPEAR | DATE CONSIDERED 01-13-2002 |
|---|---|

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/884,412 | 06/19/2001 | Deborah M. Sherman | | 2298 |

25291 7590 01/14/2002

AMERICAN HOME PRODUCTS CORPORATION
FIVE GIRALDA FARMS
PATENT LAW
MADISON, NJ 07940

| EXAMINER | |
|---|---|
| SPEAR, JAMES M | |
| ART UNIT | PAPER NUMBER |
| 1615 | |

DATE MAILED: 01/14/2002 4

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 07-01)

| Office Action Summary | Application No. 09/884,412 | Applicant(s) SHERMAN, ET AL |
|---|---|---|
| | Examiner JAMES M. SPEAR | Art Unit 1615 |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE *THREE* MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136 (a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on *Jun 19, 2001*.

2a) ☐ This action is **FINAL**. 2b) ☒ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) *1, 23, and 24* is/are pending in the application.

4a) Of the above, claim(s) ______ is/are withdrawn from consideration.

5) ☐ Claim(s) ______ is/are allowed.

6) ☒ Claim(s) *1, 23, and 24* is/are rejected.

7) ☐ Claim(s) ______ is/are objected to.

8) ☐ Claims ______ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.

10) ☐ The drawing(s) filed on ______ is/are objected to by the Examiner.

11) ☐ The proposed drawing correction filed on ______ is: a) ☐ approved b) ☐ disapproved.

12) ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

13) ☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

a) ☐ All b) ☐ Some* c) ☐ None of:

1. ☐ Certified copies of the priority documents have been received.
2. ☐ Certified copies of the priority documents have been received in Application No. ______.
3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

*See the attached detailed Office action for a list of the certified copies not received.

14) ☒ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

15) ☒ Notice of References Cited (PTO-892)

16) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

17) ☒ Information Disclosure Statement(s) (PTO-1449) Paper No(s). *3*

18) ☐ Interview Summary (PTO-413) Paper No(s). ______

19) ☐ Notice of Informal Patent Application (PTO-152)

20) ☐ Other:

This application currently names joint inventors. In considering patentability of the claims under 35 U.S.C. 103(a), the examiner presumes that the subject matter of the various claims was commonly owned at the time any inventions covered therein were made absent any evidence to the contrary. Applicant is advised of the obligation under 37 CFR 1.56 to point out the inventor and invention dates of each claim that was not commonly owned at the time a later invention was made in order for the examiner to consider the applicability of 35 U.S.C. 103© and potential 35 U.S.C. 102(f) or (g) prior art under 35 U.S.C. 103(a).

The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple assignees. See *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970);and, *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321© may be used to overcome an actual or provisional rejection based on a nonstatutory double patenting ground provided the conflicting application or patent is shown to be commonly owned with this application. See 37 CFR 1.130(b).

Effective January 1, 1994, a registered attorney or agent of record may sign a terminal disclaimer. A terminal disclaimer signed by the assignee must fully comply with 37 CFR 3.73(b).

Claims 23 and 24 are rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claims 20 and 21 of U.S. Patent No. 6,274,171. Although the conflicting claims are not identical, they are not patentably distinct from each other because while the claims of the patent require an encapsulated dosage form, to administer the extended release formulation in an unencapsulated form would have been obvious to one of ordinary skill in the art. The encapsulation is a means for containing the extended release dosage form. Since the capsule dose not provide the means for extended release, it would be reasonable to expect one skilled in the art would modify the dosage form and administer the venlafaxine spheroids as unencapsulated dosages. The motivation being to optimize patient compliance and convenience of administration. Individuals having difficulty swallowing capsules would be more apt to comply with a dosage regimen when the formulation is unencapsulated and therefore easier to swallow.

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be

patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

Claim 1 is rejected under 35 U.S.C. 103(a) as being unpatentable over McAinsh et al US 4,138,475 in view of Wong et al US 5,552,429.

McAinsh et al shows a hard gelatin capsule comprised of spheroids coated with a mixture of ethylcellulose and hydroxypropylmethylcellulose. The active agent propranolol is blended with microcrystalline cellulose to form a core spheroid. See Abstract, the example and claim 1. The sustained release results from the coating applied to the individual spheroids. The reference does not show venlafaxine. Wong et al is relied on for teaching extended release dosage forms comprised of the same ingredients as McAinsh et al including the drugs venlafaxine and propranolol. See column 4, lines 7-10, column 6, lines 54-55, column 7, lines 18-22, formulation 5. To use the venlafaxine of Wong et al in the McAinsh et al capsule, coated for sustained release, with a reasonable expectation of success would have been obvious to one of ordinary skill in the art. It would be reasonable to expect that propranolol common to both McAinsh et al and Wong et al could be combined with venlafaxine in a sustained release dosage form to increase patient

compliance when the need arises to administer both drugs. The resulting combination dosage form would provide optimum drug efficacy over a prolonged period of time while reducing the total number of dosages required.

Claims 1, 23 and 24 are rejected. Claims 2-22 have been canceled.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to James M. Spear whose telephone number is (703) 308 2457. The examiner can normally be reached on Monday thru Friday from 6:30 AM to 3 PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Thurman Page, can be reached on (703) 308 2927. The fax phone number for the organization where this application or proceeding is assigned is (703) 305 3592 or 308 4556.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist whose telephone number is (703) 308 1235.

James M. Spear January 13, 2002

James M. Spear
JAMES M. SPEAR
PRIMARY EXAMINER
ART UNIT 1615

| Notice of References Cited | Applicant/Patent: SHERMAN, ET AL | Application/Control No.: 09/884,412 | |
|---|---|---|---|
| | Examiner: JAMES M. SPEAR | Art Unit: 1615 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY[1] | Name | Classification[2] | |
|---|---|---|---|---|---|---|
| | A | 4,138,475 | 2/1979 | McAINSH, ET AL | 424 | 19 |
| | B | 5,552,429 | 9/1996 | WONG, ET AL | 514 | 415 |
| | C | 6,274,171 | 8/2001 | SHERMAN, ET AL | 424 | 461 |
| | D | | | | | |
| | E | | | | | |
| | F | | | | | |
| | G | | | | | |
| | H | | | | | |
| | I | | | | | |
| | J | | | | | |
| | K | | | | | |
| | L | | | | | |
| | M | | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY[1] | Country | Name | Classification[2] | |
|---|---|---|---|---|---|---|---|
| | N | | | | | | |
| | O | | | | | | |
| | P | | | | | | |
| | Q | | | | | | |
| | R | | | | | | |
| | S | | | | | | |
| | T | | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include, as applicable: Author, Title, Date, Publisher, Edition or Volume, Pertinent Pages |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

* A copy of this reference is not being furnished with this Office action. See MPEP § 707.05(a). [1] Dates in MM-YYYY format are publication dates. [2] Classifications may be U.S. or foreign.

US006274171B1

(12) **United States Patent**
Sherman et al.

(10) Patent No.: **US 6,274,171 B1**
(45) Date of Patent: **Aug. 14, 2001**

(54) **EXTENDED RELEASE FORMULATION OF VENLAFAXINE HYDROCHLORIDE**

(75) Inventors: **Deborah M. Sherman**, Plattsburgh; **John C. Clark**, Peru, both of NY (US); **John U. Lamer**, St. Albans, VT (US); **Steven A. White**, Champlain, NY (US)

(73) Assignee: **American Home Products Corporation**, Madison, NJ (US)

(*) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **09/488,629**

(22) Filed: **Jan. 20, 2000**

**Related U.S. Application Data**

(63) Continuation-in-part of application No. 08/964,328, filed on Nov. 5, 1997, now abandoned, which is a continuation-in-part of application No. 08/821,137, filed on Mar. 20, 1997, now abandoned.

(60) Provisional application No. 60/014,006, filed on Mar. 25, 1996.

(51) **Int. Cl.**$^{7}$ .................... A61K 9/52; A61K 9/54; A61K 9/62

(52) **U.S. Cl.** .................... 424/461; 424/457; 424/458; 424/459; 514/781; 514/962

(58) **Field of Search** .................... 424/495, 494, 424/461, 458, 459, 457, 456, 462

(56) **References Cited**

U.S. PATENT DOCUMENTS

3,954,959 5/1976 Pedersen .................... 424/21
4,138,475 * 2/1979 McAinsh et al. .................... 424/19
4,369,172 1/1983 Schor et al. .................... 424/19
4,389,393 6/1983 Schor et al. .................... 424/19
4,535,186 8/1985 Husbands et al. .................... 564/336
4,966,768 10/1990 Michelucci et al. .................... 424/468
5,506,270 4/1996 Upton et al. .................... 514/730
5,552,429 * 9/1996 Wong et al. .................... 514/415

FOREIGN PATENT DOCUMENTS

0654264 11/1994 (EP).
0667150 1/1995 (EP).
0797991 10/1997 (EP).
9427589 12/1994 (WO).
9737640 10/1997 (WO).

* cited by examiner

*Primary Examiner*—James M. Spear
(74) *Attorney, Agent, or Firm*—Rebecca R. Barrett

(57) **ABSTRACT**

This invention relates to a 24 hour extended release dosage formulation and unit dosage form thereof of venlafaxine hydrochloride, an antidepressant, which provides better control of blood plasma levels than conventional tablet formulations which must be administered two or more times a day and further provides a lower incidence of nausea and vomiting than the conventional tablets. More particularly, the invention comprises an extended release formulation of venlafaxine hydrochloride comprising a therapeutically effective amount of venlafaxine hydrochloride in spheroids comprised of venlafaxine hydrochloride, microcrystalline cellulose and, optionally, hydroxypropylmethylcellulose coated with a mixture of ethyl cellulose and hydroxypropylmethylcellulose.

**25 Claims, No Drawings**

WYETH 002-000509

## EXTENDED RELEASE FORMULATION OF VENLAFAXINE HYDROCHLORIDE

This application continuation-in-part of Application Ser. No. 08/964,328, filed Nov. 5, 1997 abandoned, which is a continuation-in-part of Application Ser. No. 08/821,137, filed Mar. 20, 1997 abandoned, which, in turn, claims priority from Provisional Application No. 60/014,006 filed Mar. 25, 1996.

### BACKGROUND OF THE INVENTION

Extended release drug formulations are conventionally produced as compressed tablets by hydrogel tablet technology. To produce these sustained release tablet drug dosage forms, the active ingredient is conventionally compounded with cellulose ethers such as methyl cellulose, ethyl cellulose or hydroxypropylmethylcellulose with or without other excipients and the resulting mixture is pressed into tablets. When the tablets are orally administered, the cellulose ethers in the tablets swell upon hydration from moisture in the digestive system, thereby limiting exposure of the active ingredient to moisture. As the cellulose ethers are gradually leached away by moisture, water more deeply penetrates the gel matrix and the active ingredient slowly dissolves and diffuses through the gel, making it available for absorption by the body. An example of such a sustained release dosage form of the analgesic/anti-inflammatory drug etodolac (Lodine®) appears in U.S. Pat. No. 4,966,768. U.S. Pat. No. 4,389,393 discloses sustained release therapeutic compressed solid unit dose forms of an active ingredient plus a carrier base comprised of a high molecular weight hydroxypropylmethylcellulose, methyl cellulose, sodium carboxymethylcellulose and or other cellulose ether.

Where the production of tablets is not feasible, it is conventional in the drug industry to prepare encapsulated drug formulations which provide extended or sustained release properties. In this situation, the extended release capsule dosage forms may be formulated by mixing the drug with one or more binding agents to form a uniform mixture which is then moistened with water or a solvent such as ethanol to form an extrudable plastic mass from which small diameter, typically 1 mm, cylinders of drug/matrix are extruded, broken into appropriate lengths and transformed into spheroids using standard spheronization equipment. The spheroids, after drying, may then be film-coated to retard dissolution. The film-coated spheroids may then be placed in pharmaceutically acceptable capsules, such as starch or gelatin capsules, in the quantity needed to obtain the desired therapeutic effect. Spheroids releasing the drug at different rates may be combined in a capsule to obtain desired release rates and blood levels. U.S. Pat. No. 4,138,475 discloses a sustained release pharmaceutical composition consisting of a hard gelatin capsule filled with film-coated spheroids comprised of propanolol in admixture with microcrystalline cellulose wherein the film coating is composed of ethyl cellulose, optionally, with hydroxypropylmethylcellulose and/or a plasticizer.

Venlafaxine, 1-[2-dimethylamino)-1-(4-methoxyphenyl) ethyl]cyclohexanol, is an important drug in the neuropharmacological arsenal used for treatment of depression. Venlafaxine and the acid addition salts thereof are disclosed in U.S. Pat. No. 4,535,186. Venlafaxine hydrochloride is presently administered to adults in compressed tablet form in doses ranging from 75 to 350 mg/day, in divided doses two or three times a day. In therapeutic dosing with venlafaxine hydrochloride tablets, rapid dissolution results in a rapid

increase in blood plasma levels of the active compound shortly after administration followed by a decrease in blood plasma levels over several hours as the active compound is eliminated or metabolized, until subtherapeutic plasma levels are approached after about twelve hours following administration, thus requiring additional dosing with the drug. With the plural daily dosing regimen, the most common side effect is nausea, experienced by about forty five percent of patients under treatment with venlafaxine hydrochloride. Vomiting also occurs in about seventeen percent of the patients.

### BRIEF DESCRIPTION OF THE INVENTION

In accordance with this invention, there is provided an extended release (ER), encapsulated formulation containing venlafaxine hydrochloride as the active drug s component, which provides in a single dose, a therapeutic blood serum level over a twenty four hour period.

Through administration of the venlafaxine formulation of this invention, there is provided a method for obtaining a flattened drug plasma concentration to time profile, thereby affording a tighter plasma therapeutic range control than can be obtained with multiple daily dosing. In other words, this invention provides a method for eliminating the sharp peaks and troughs (hills and valleys) in blood plasma drug levels induced by multiple daily dosing with conventional immediate release venlafaxine hydrochloride tablets. In essence, the plasma levels of venlafaxine ls hydrochloride rise, after administration of the extended release formulations of this invention, for between about five to about eight hours (optimally about six hours) and then begin to fall through a protracted, substantially linear decrease from the peak plasma level for the remainder of the twenty four hour period, maintaining at least a threshold therapeutic level of the drug during the entire twenty-four period. In contrast, the conventional immediate release venlafaxine hydrochloride tablets give peak blood plasma levels in 2 to 4 hours. Hence, in accordance with the use aspect of this invention, there is provided a method for moderating the plural blood plasma peaks and valleys attending the pharmacokinetic utilization of multiple daily tablet dosing with venlafaxine hydrochloride which comprises administering to a patient in need of treatment with venlafaxine hydrochloride, a one-a-day, extended release formulation of venlafaxine hydrochloride.

The use of the one-a-day venlafaxine hydrochloride formulations of this invention reduces by adaptation, the level of nausea and incidence of emesis that attend the administration of multiple daily dosing. In clinical trials of venlafaxine hydrochloride ER, the probability of developing nausea in the course of the trials was greatly reduced after the first week. Venlafaxine ER showed a statistically significant improvement over conventional venlafaxine hydrochloride tablets in two eight-week and one 12 week clinical studies. Thus, in accordance with this use aspect of the invention there is provided a method for reducing the level of nausea and incidence of emesis attending the administration of venlafaxine hydrochloride which comprises dosing a patient in need of treatment with venlafaxine hydrochloride with an extended release formulation of venlafaxine hydrochloride once a day in a therapeutically effective amount.

The formulations of this invention comprise an extended release formulation of venlafaxine hydrochloride comprising a therapeutically effective amount of venlafaxine hydrochloride in spheroids comprised of venlafaxine hydrochloride, microcrystalline cellulose and, optionally,

hydroxypropylmethylcellulose coated with a mixture of ethyl cellulose and hydroxypropylmethylcellulose. Unless otherwise noted, the percentage compositions mentioned herein refer to percentages of the total weight of the final composition or formulation.

More particularly, the extended release formulations of this invention are those above wherein the spheroids are comprised of from about 6% to about 40% venlafaxine hydrochloride by weight, about 50% to about 95% microcrystalline cellulose, NF, by weight, and, optionally, from about 0.25% to about 1% by weight of hydroxypropylmethylcellulose, USP, and coated with from about 2% to about 12% of total weight of film coating comprised of from about 80% to about 90% by weight of film coating of ethyl cellulose, NF, and from about 10% to about 20% by weight of film coating of hydroxypropylmethylcellulose, USP.

A preferred embodiment of this invention are formulations wherein the spheroids are comprised of about 30% to about 40% venlafaxine hydrochloride by weight, about 50% to about 70% microcrystalline cellulose, NF, by weight, and, optionally, from about 0.25% to about 1% by weight of hydroxypropylmethylcellulose, USP, and coated with from about 2% to about 12% of total weight of film coating comprised of from about 80% to about 90% by weight of film coating of ethyl cellulose, NF, and from about 10% to about 20% by weight of film coating of hydroxypropylmethylcellulose, USP.

Another preferred lower dose formulation of this invention are those wherein the spheroids are comprised less than 30% venlafaxine hydrochloride. These formulations comprise spheroids of from about 6% to about 30% venlafaxine hydrochloride by weight, about 70% to about 94% microcrystalline cellulose, NF, by weight, and, optionally, from about 0.25% to about 1% by weight of hydroxypropylmethylcellulose, USP, and coated with from about 2% to about 12% of total weight of film coating comprised of from about 80% to about 90% by weight of film coating of ethyl cellulose, NF, and from about 10% to about 20% by weight of film coating of hydroxypropylmethylcellulose, USP.

Within this subgroup of lower dose formulations are formulations in which the spheroids are comprised of from about 6% to about 25% venlafaxine hydrochloride and from about 94% to about 75% microcrystalline cellulose, with an optional amount of from 0.25% to about 1% by weight of hydroxypropylmethylcellulose. Another preferred subgroup of spheroids in these formulations comprises from about 6% to about 25% venlafaxine hydrochloride and from about 94% to about 75% microcrystalline cellulose, with an optional amount of from 0.25% to about 1% by weight of hydroxypropylmethylcellulose. A further preferred subgroup of spheroids in these formulations comprises from about 6% to about 20% venlafaxine hydrochloride and from about 94% to about 80% microcrystalline cellulose, with an optional amount of from 0.25% to about 1% by weight of hydroxypropylmethylcellulose. Within each of these subgroups is understood to be formulations in which the spheroids are comprised of venlafaxine HCl and microcrystalline cellulose in the amounts indicated, with no hydroxypropylmethylcellulose present. Each of these formulations is also preferably contained in a gelatin capsule, preferably a hard gelatin capsule.

## DETAILED DESCRIPTION OF THE INVENTION

1-[2-(dimethylamino)-1-(4-methoxyphenyl)ethyl] cyclohexanol hydrochloride is polymorphic. Of the forms isolated and characterized to date, Form I is considered to be the kinetic product of crystallization which can be converted to Form II upon heating in the crystallization solvent. Forms I and II cannot be distinguished by their melting points but do exhibit some differences in their infrared spectra and X-ray diffraction patterns. Any of the polymorphic forms such as Form I or Form II may be used in the formulations of the present invention.

The extended release formulations of this invention are comprised of 1-[2-(dimethylamino)-1-(4-methoxyphenyl) ethyl]cyclohexanol hydrochloride in admixture with microcrystalline cellulose and hydroxypropylmethylcellulose. Formed as beads or spheroids, the drug containing formulation is coated with a mixture of ethyl cellulose and hydroxypropylmethyl cellulose to provide the desired level of coating, generally from about two to about twelve percent on a weight/weight basis of final product or more preferably from about five to about ten percent (w/w), with best results obtained at from about 6 to about 8 percent (w/w). More specifically, the extended release spheroid formulations of this invention comprise from about 30 to 40 percent venlafaxine hydrochloride, from about 50 to about 70 percent microcrystalline cellulose, NF, from about 0.25 to about 1 percent hydroxypropylmethylcellulose, USP, and from about 5 to about 10 percent film coating, all on a weight/weight basis. And preferably, the spheroid formulations contain about 35 percent venlafaxine hydrochloride, about 55 to 60 percent microcrystalline cellulose NF (Avicel® PH101), about one half percent hydroxypropylmethylcellulose 2208 USP (K3, Dow, which has a viscosity of 3 cps for 2% aqueous solutions, a methoxy content of 19–24% and a hydroxypropoxy content of 4–13%), and from about 6 to 8 percent film coating.

The film coating is comprised of 80 to 90 percent of ethyl cellulose, NF and 10 to 20 percent hydroxypropylmethylcellulose (2910), USP on a weight/weight basis. Preferably the ethyl cellulose has a ethoxy content of 44.0–51% and a viscosity of 50 cps for a 5% aqueous solution and the hydroxypropylmethylcellulose is USP 2910 having a viscosity of 6 cps at 2% aqueous solution with a methoxy content of 28–30% and a hydroxypropoxy content of 7–12%. The ethyl cellulose used herein is Aqualon HG 2834.

Other equivalents of the hydroxypropylmethylcelluloses 2208 and 2910 USP and ethyl cellulose, NF, having the same chemical and physical characteristics as the proprietary products named above may be substituted in the formulation without changing the inventive concept. Important characteristics of suitable hydroxypropylmethylcelluloses include a low viscosity, preferably less than 10 cps and more preferably 2–5 cps, and a gel temperature above that of the temperature of the extrudate during extrusion. As explained below, these and other characteristics which enable the extrudate to remain moist and soft (pliable) are preferred for the hydroxypropylmethylcellulose. In the examples below, the extrudate temperature was generally 50–55° C.

It was completely unexpected that an extended release formulation containing venlafaxine hydrochloride could be obtained because the hydrochloride of venlafaxine proved to be extremely water soluble. Numerous attempts to produce extended release tablets by hydrogel technology proved to be fruitless because the compressed tablets were either physically unstable (poor compressibility or capping problems) or dissolved too rapidly in dissolution studies. Typically, the tablets prepared as hydrogel sustained release formulations gave 40–50% dissolution at 2 hrs, 60–70% dissolution at 4 hrs and 85–100% dissolution at 8 hrs.

Numerous spheroid formulations were prepared using different grades of microcrystalline cellulose and hydroxypropylmethylcellulose, different ratios of venlafaxine hydrochloride and filler, different binders such as polyvinylpyrrolidone, methylcellulose, water, and polyethylene glycol of different molecular weight ranges in order to find a formulation which would provide a suitable granulation mix which could be extruded properly. In the extrusion process, heat buildup occurred which dried out the extrudate so much that it was difficult to convert the extruded cylinders into spheroids. Addition of hydroxypropylmethylcellulose 2208 to the venlafaxine hydrochloride-microcrystalline cellulose mix made production of spheroids practical.

The encapsulated formulations of this invention may be produced in a uniform dosage for a specified dissolution profile upon oral administration by techniques understood in the art. For instance, the spheroid components may be blended for uniformity with a desired concentration of active ingredient, then spheronized and dried. The resulting spheroids can then be sifted through a mesh of appropriate pore size to obtain a spheroid batch of uniform and prescribed size.

The resulting spheroids can be coated and resifted to remove any agglomerates produced in the coating steps. During the coating process samples of the coated spheroids may be tested for their distribution profile. If the dissolution occurs too rapidly, additional coating may be applied until the spheroids present a desired dissolution rate.

The following examples are presented to illustrate applicant's solution to the problem of preparation of the extended release drug containing formulations of this invention.

EXAMPLE NO. 1

Venlafaxine Hydrochloride Extended Release Capsules

A mixture of 44.8 parts (88.4% free base) of venlafaxine hydrochloride, 74.6 parts of the microcrystalline cellulose, NF, and 0.60 parts of hydroxypropylmethyl cellulose 2208, USP, are blended with the addition of 41.0 parts water. The plastic mass of material is extruded, spheronized and dried to provide uncoated drug containing spheroids.

Stir 38.25 parts of ethyl cellulose, NF, HG2834 and 6.75 parts of hydroxypropylmethylcellulose 2910, USP in a 1:1 v/v mixture of methylene chloride and anhydrous methanol until solution of the film coating material is complete.

To a fluidized bed of the uncoated spheroids is applied 0.667 parts of coating solution per part of uncoated spheroids to obtain extended release, film coated spheroids having a coating level of 3%.

The spheroids are sieved to retain the coated spheroids of a particle size between 0.85 mm to 1.76 mm diameter. These selected film coated spheroids are filled into pharmaceutically acceptable capsules conventionally, such as starch or gelatin capsules.

EXAMPLE NO. 2

Same as for Example 1 except that 1.11 parts of the film coating solution per part of uncoated spheroids is applied to obtain a coating level of 5%.

EXAMPLE NO. 3

Same as for Example 1 except that 1.33 parts of the film coating solution is applied to 1 part of uncoated spheroids to obtain a coating level of 6%.

EXAMPLE NO. 4

Same as for Example 1 except that 1.55 parts of the film coating solution is applied to 1 part of uncoated spheroids to obtain a coating level of 7%.

In the foregoing failed experiments and in Examples 1–4, the extrusion was carried out on an Alexanderwerk extruder. Subsequent experiments carried out on Hutt and Nica extruders surprisingly demonstrated that acceptable, and even improved, spheroids could be made without the use of an hydroxypropylmethylcellulose.

In such further experiments the applicability of the invention was extended to formulations wherein the weight percentage of venlafaxine hydrochloride is 6% to 40%, preferably 8% to 35%. Thus, the extended release spheroid formulations of this invention comprise from about 6 to about 40 percent venlafaxine hydrochloride, from about 50 to about 94 percent microcrystalline cellulose, NF, optionally, from about 0.25 to about 1 percent hydroxypropylmethylcellulose, and from about 2 to about 12 percent, preferably about 3 to 9 percent, film coating.

Spheroids of the invention were produced having 8.25% (w/w) venlafaxine hydrochloride and the remainder (91.75%, w/w) being microcrystalline cellulose, with a coating of from 3 to 5% (w/w), preferably 4%, of the total weight. The spheroids with 8.25% venlafaxine hydrochloride and 4% coating were filled into No. 2 white opaque shells with a target fill weight of 236 mg.

Further spheroids of the invention were produced having 16.5% (w/w) venlafaxine hydrochloride and the remainder (83.5%,w/w) being microcrystalline cellulose, with a coating of from 4 to 6% (w/w), preferably 5%, of the total weight. The spheroids 16.5% venlafaxine hydrochloride and 5% coating were filled into No. 2 white opaque shells with a target fill weight of 122 mg.

The test for acceptability of the coating level is determined by analysis of the dissolution rate of the finished coated spheroids prior the encapsulation. The dissolution procedure followed uses USP Apparatus 1 (basket) at 100 rpm in purified water at 37° C.

Conformance with the dissolution rate given in Table 1 provides the twenty-four hour therapeutic blood levels for the drug component of the extended release capsules of this invention in capsule form. Where a given batch of coated spheroids releases drug too slowly to comply with the desired dissolution rate study, a portion of uncoated spheroids or spheroids with a lower coating level may be added to the batch to provide, after thorough mixing, a loading dose for rapid increase of blood drug levels. A batch of coated spheroids that releases the drug too rapidly can receive additional film-coating to give the desired dissolution profile.

TABLE 1

Acceptable Coated Spheroid Dissolution Rates

| Time (hours) | Average % Venlafaxine HCl released |
|---|---|
| 2 | <30 |
| 4 | 30–55 |
| 8 | 55–80 |
| 12 | 65–90 |
| 24 | >80 |

Batches of the coated venlafaxine hydrochloride containing spheroids which have a dissolution rate corresponding to that of Table 1 are filled into pharmaceutically acceptable

WYETH 002-000512

capsules in an amount needed to provide the unit dosage level desired. The standard unit dosage immediate release (IR) tablet used presently provides amounts of venlafaxine hydrochloride equivalent to 25 mg, 37.5 mg, 50 mg, 75 mg and 100 mg venlafaxine. The capsules of this invention are filled to provide an amount of venlafaxine hydrochloride equivalent to that presently used in tablet form and also up to about 150 mg venlafaxine hydrochloride.

Dissolution of the venlafaxine hydrochloride ER capsules is determined as directed in the U. S. Pharmacopoeia (USP) using apparatus 1 at 100 rpm on 0.9 L of water. A filtered sample of the dissolution medium is taken at the times specified. The absorbance of the clear solution is determined from 240 to 450 nanometers (nm) against the dissolution medium. A baseline is drawn from 450 nm through 400 nm and extended to 240 nm. The absorbance at the wavelength of maximum absorbance (about 274 nm) is determined with respect to this baseline. Six hard gelatin capsules are filled with the theoretical amount of venlafaxine hydrochloride spheroids and measured for dissolution. Standard samples consist of venlafaxine hydrochloride standard solutions plus a gelatin capsule correction solution.

The percentage of venlafaxine released is determined from the equation

$$\%\text{ Venlafaxine hydrochloride released} = \frac{(As)(Wr)(S)(V1)(0.888)(100)}{(Ar)(V2)(C)}$$

where As is absorbance of sample preparation, Wr is weight of reference standard, mg; S is strength of the reference standard, decimal; V1 is the volume of dissolution medium used to dissolve the dosage form, mL; 0.884 is the percent free base, Ar is the absorbance of the standard preparation, V2 is the volume of reference standard solution, mL; and C is the capsule claim in mg.

Table 2 shows the plasma level of venlafaxine versus time for one 75 mg conventional Immediate Release (IR) tablet administered every 12 hours, two 75 mg extended release (ER) capsules administered simultaneously every 24 hours, and one 150 mg extended release (ER) capsule administered once every 24 hours in human male subjects. The subjects were already receiving venlafaxine hydrochloride according to the dosage protocol, thus the plasma blood level at zero time when dosages were administered is not zero.

TABLE 2

Plasma venlafaxine level (ng/mL) versus time, conventional tablet (not extended release) versus ER capsule

| Time (hours) | 75 mg (IR)tablet (q 12 h) | 2 × 75 mg (ER)capsules (q 24 hr) | 1 × 150 mg (ER)capsules (q 24 h) |
|---|---|---|---|
| 0 | 62.3 | 55.0 | 55.8 |
| 0.5 | 76.3 | | |
| 1 | 135.6 | 53.3 | 53.2 |
| 2 | 212.1 | 69.8 | 70.9 |
| 4 | 162.0 | 138.6 | 133.3 |
| 6 | 114.6 | 149.0 | 143.5 |
| 8 | 86.7 | 129.3 | 129.5 |
| 10 | | 118.4 | 114.4 |
| 12 | 51.9 | 105.1 | 105.8 |
| 12.5 | 74.7 | | |
| 13 | 127.5 | | |
| 14 | 161.3 | 90.5 | 91.3 |
| 16 | 134.6 | 78.2 | 78.5 |
| 18 | 106.2 | | |

TABLE 2-continued

Plasma venlafaxine level (ng/mL) versus time, conventional tablet (not extended release) versus ER capsule

| Time (hours) | 75 mg (IR)tablet (q 12 h) | 2 × 75 mg (ER)capsules (q 24 hr) | 1 × 150 mg (ER)capsules (q 24 h) |
|---|---|---|---|
| 20 | 83.6 | 62.7 | 63.3 |
| 24 | 57.6 | 56.0 | 57.3 |

Table 2 shows that the plasma levels of two 75 mg/capsule venlafaxine hydrochloride ER capsules and one 150 mg/capsule venlafaxine hydrochloride ER capsule provide very similar blood levels. The data also show that the plasma level after 24 hours for either extended release regimen is very similar to that provided by two immediate release 75 mg tablets of venlafaxine hydrochloride administered at 12 hours intervals.

Further, the plasma levels of venlafaxine obtained with the extended release formulation do not increase to the peak levels obtained with the conventional immediate release tablets given 12 hours apart. The peak level of venlafaxine from (ER), somewhat below 150 ng/ml, is reached in about six hours, plus or minus two hours, based upon this specific dose when administered to patients presently under treatment with venlafaxine hydrochloride (IR). The peak plasma level of venlafaxine, somewhat over 200 ng/ml, following administration of (IR) is reached in two hours and falls rapidly thereafter.

Table 3 shows venlafaxine blood plasma levels in male human subjects having a zero initial blood plasma level. Again, a peak blood plasma concentration of venlafaxine is seen at about 6 hours after dosing with venlafaxine hydrochloride extended release capsules in the quantities indicated. The subjects receiving the single 50 mg immediate release tablet showed a peak plasma level occurring at about 4. hours. For comparative purposes, the plasma levels of venlafaxine for subjects receiving the conventional formulated tablet can be multiplied by a factor of three to approximate the plasma levels expected for a single dose of 150 mg. conventional formulation.

TABLE 3

Plasma Blood Levels in Human Males Having No Prior Venlafaxine Blood Level

| Time (Hours) | 1 × 50 mg IR tablet | 2 × 75 mg ER capsules | 1 × 150 mg ER capsule |
|---|---|---|---|
| 0 | 0 | 0 | 0 |
| 1 | 27.87 | 1.3 | 0 |
| 1.5 | 44.12 | 6.0 | 2.2 |
| 2 | 54.83 | 20.6 | 12.8 |
| 4 | 66.38 | 77.0 | 81.0 |
| 6 | 49.36 | 96.5 | 94.4 |
| 8 | 30.06 | 93.3 | 86.9 |
| 10 | 21.84 | 73.2 | 72.8 |
| 12 | 15.91 | 61.3 | 61.4 |
| 14 | 13.73 | 52.9 | 51.9 |
| 16 | 10.67 | 47.5 | 41.1 |
| 20 | 5.52 | 35.2 | 34.0 |
| 24 | 3.56 | 29.3 | 28.5 |
| 28 | 2.53 | 23.4 | 22.9 |
| 36 | 1.44 | 11.9 | 13.5 |
| 48 | 0.66 | 5.8 | 5.2 |

The blood plasma levels of venlafaxine were measured according to the following procedure. Blood samples from the subjects were collected in heparinized evacuated blood tubes and the tubes were inverted gently several times. As

quickly as possible, the tubes were centrifuged at 2500 rpm for 15 minutes. The plasma was pipetted into plastic tubes and stored at −20° C. until analysis could be completed.

To 1 mL of each plasma sample in a plastic tube was added 150 μL of a stock internal standard solution (150 μg/ml). Saturated sodium borate (0.2 mL) solution was added to each tube and vortexed. Five mL of ethyl ether was added to each tube which were then capped and shaken for 10 minutes at high speed. The tubes were centrifuged at 3000 rpm for 5 minutes. The aqueous layer was frozen in dry ice and the organic layer transferred to a clean screw cap tube. A 0.3 mL portion of 0.01 N HCl solution was added to each tube and shaken for 10 minutes at high speed. The aqueous layer was frozen and the organic layer removed and discarded. A 50 μL portion of the mobile phase (23:77 acetonitrile:0.1M monobasic ammonium phosphate buffer, pH 4.4) was added to each tube, vortexed, and 50 μL samples were injected on a Supelco Supelcoil LC-8-DB, 5 cmx4.6 mm, 5 μ; column in a high pressure liquid chromatography apparatus equipped with a Waters Lambda Max 481 detector or equivalent at 229 nm. Solutions of venlafaxine hydrochloride at various concentrations were used as standards.

EXAMPLE NO. 5

Manufactured by the techniques described herein, another preferred formulation of this invention comprises spheroids of from about 30% to about 35% venlafaxine hydrochloride and from about 0.3% to about 0.6% hydroxypropylmethylcellulose. These spheroids are then coated with a film coating, as described above, to a coating level of from about 5% to about 9%, preferably from about 6% to about 8%. A specific formulation of this type comprises spheroids of about 33% venlafaxine hydrochloride and about 0.5% hydroxypropylmethylcellulose, with a film coating of about 7%.

Lower dosage compositions or formulations of this invention may also be produced by the techniques described herein. These lower dosage forms may be administered alone for initial titration or initiation of treatment, prior to a dosage increase. They may also be used for an overall low-dose administration regimen or in combination with higher dosage compositions, such as capsule formulations, to optimize individual dosage regimens.

These lower dose compositions may be used to create encapsulated formulations, such as those containing doses of venlafaxine hydrochloride from about 5 mg to about 50 mg per capsule. Particular final encapsulated dosage forms may include, but are not limited to, individual doses of 7.5 mg, 12.5 mg, 18.75 mg, or 28.125 mg of venlafaxine HCl per capsule.

The spheroids useful in these lower dose formulations may comprise from about 5% to about 29.99% venlafaxine HCl, preferably from about 5% to about 25%, from about 75% to about 95% microcrystalline cellulose, and, optionally from about 0.25% to about 1.0% hydroxypropylmethylcellulose. The spheroids may be coated as described above, preferably with a film coating of from about 5% to about 10% by is weight. In some preferred formulations, the spheroids comprise the cited venlafaxine HCl and microcrystalline cellulose, with no hydroxypropylmethyl cellulose.

EXAMPLE NO. 6

Spheroids comprising 16.5% venlafaxine HCl and 83.5% microcrystalline cellulose were mixed with approximately 50% water (w/w) to granulate in a Littleford Blender Model FM-50E/1Z (Littleford Day Inc., P.O. Box 128, Florence, Ky. 41022-0218, U.S.A.) at a fixed speed of 180 rpm. The blended material was extruded through a 1.25 mm screen using a Nica extruder/speronization machine (Aeromatic-Fielder Division, Niro Inc., 9165 Rumsey Rd., Columbia, Md. 21045, U.S.A.) for a 12/20 mesh cut after drying. Two portions of the resulting spheroids were coated with a 5% and 7% coating level, respectively, by techniques described above using the coating formulation:

| Ingredient | % (w/w) |
|---|---|
| Methylene Chloride | 60.000 |
| Methanol Anhydrous | 35.500 |
| Ethylcellulose, NF, HG 2834, 50 cps | 3.825 |
| Hydroxypropyl Methylcellulose, 2910 USP, 6 cps | 0.675 |

These 5% and 7% coated lots were tested for dissolution on a Hewlett Packard automated dissolution system over a 24 hour period, resulting in the following dissolution patterns

| Time/hr | % Dissoluded 16.5%/5% | % Dissolved 16.5%/7% |
|---|---|---|
| 2 | 12.4 | 5.6 |
| 4 | 42.8 | 25.4 |
| 8 | 70.7 | 60.4 |
| 12 | 82.2 | 75.4 |
| 24 | 94.3 | 92.7 |

EXAMPLE NO. 7

A formulation of spheroids containing 8.25% venlafaxine HCl and 91.75% microcellulose was prepared according to the techniques of Example No. 6 and coated with a 5% film coating. In the Hewlett Packard automated dissolution system these spheroids provided the following dissolution profile:

| Time/hr | % Dissolved 8.25%/5% |
|---|---|
| 2 | 4.4 |
| 4 | 24.2 |
| 8 | 62.9 |
| 12 | 77.8 |
| 24 | 93.5 |

Thus, the desired dissolution rates of sustained release dosage forms of venlafaxine hydrochloride, impossible to achieve with hydrogel tablet technology, has been achieved with the film-coated spheroid compositions of this invention.

What is claimed is:

1. An extended release formulation of venlafaxine hydrochloride comprising a pharmaceutically acceptable capsule containing spheroids comprised of from about 6% to about 40% venlafaxine hydrochloride by weight, about 50% to about 94% microcrystalline cellulose, NF, by weight, and optionally from about 0.25% to about 1% by weight of hydroxypropyl-methylcellulose, USP, wherein the spheroids are coated with a film coating composition comprised of ethyl cellulose and hydroxypropylmethylcellulose.

2. An extended release formulation of venlafaxine hydrochloride according to claim 1 which provides peak serum levels of up to 150 ng/ml and extended therapeutically effective plasma levels over a twenty four hour period.

3. An extended release formulation according to claim 1 wherein the spheroids are coated with from about 2% to about 12% of total formulation weight of film coating comprised of from about 80% to about 90% by weight of film coating of ethyl cellulose, NF, and from about 10% to about 20% by weight of film coating of hydroxypropylmethylcellulose, USP.

4. An extended release formulation according to claim 1 wherein the spheroids are comprised of from about 30% to 40% venlafaxine hydrochloride by weight, about 50% to about 70% microcrystalline cellulose, NF, by weight, and, optionally, from about 0.25% to about 1% by weight of hydroxypropylmethylcellulose, USP.

5. An extended release formulation according to claim 4 wherein the spheroids are coated with from about 2% to about 12% of total formulation weight of film coating comprised of from about 80% to about 90% by weight of film coating of ethyl cellulose, NF, and from about 10% to about 20% by weight of film coating of hydroxypropylmethylcellulose, USP.

6. An extended release formulation according to claim 1 wherein the spheroids comprise from about 6% to about 30% venlafaxine hydrochloride by weight, about 70.1% to about 94% microcrystalline cellulose, NF, by weight and, optionally, from about 0.25% to about 1% by weight of hydroxypropylmethylcellulose.

7. An extended release formulation according to claim 6 wherein the spheroids are coated with from about 2% to about 12% of total weight of film coating comprised of from about 80% to about 90% by weight of film coating of ethyl cellulose, NF, and from about 10% to about 20% by weight of film coating of hydroxypropylmethylcellulose, USP.

8. An extended release formulation according to claim 1 wherein the spheroids comprise from about 5% to about 25% venlafaxine hydrochloride and from about 95% to about 75% microcrystalline cellulose, with an optional amount of from 0.25% to about 1% by weight of hydroxypropylmethylcellulose.

9. An extended release formulation according to claim 6 wherein the spheroids comprise from about 6% to about 25% venlafaxine hydrochloride and from about 94% to about 75% microcrystalline cellulose, with an optional amount of from 0.25% to about 1% by weight of hydroxypropylmethylcellulose.

10. An extended release formulation according to claim 6 wherein the spheroids comprise from about 6% to about 20% venlafaxine hydrochloride and from about 94% to about 80% microcrystalline cellulose, with an optional amount of from 0.25% to about 1% by weight of hydroxypropylmethylcellulose.

11. An encapsulated, extended release formulation of venlafaxine hydrochloride according to claim 1 having the following dissolution profile in USP Apparatus 1 (basket) at 100 rpm in purified water at 37° C:

| Time (hours) | Average % Venlafaxine HCl released |
|---|---|
| 2 | <30 |
| 4 | 30–55 |
| 8 | 55–80 |
| 12 | 65–90 |
| 24 | >80 |

12. An extended release formulation according to claim 1 wherein the spheroids are composed of about 37% by weight of venlafaxine hydrochloride, about 0.5% by weight of hydroxypropylmethylcellulose, and about 62% by weight of microcrystalline cellulose.

13. An extended release formulation according to claim 1 wherein the film coating is comprised of ethyl cellulose (4.81% of total weight) and hydroxypropylmethylcellulose (0.85% of total weight).

14. An extended release formulation according to claim 1 wherein the film coating comprises 6–8% by weight of total weight.

15. An extended release formulation according to claim 1 wherein the film coating is comprised of ethyl cellulose (2.48% of total weight) and hydroxypropylmethylcellulose (0.437% of total weight).

16. An extended release formulation according to claim 1 wherein the film coating composition is comprised of ethyl cellulose having a 44.0–51.0% content of ethoxy groups and hydroxypropylmethylcellulose having a methoxy content of 28.0–30.0% and a hydroxypropoxy group content of 7.0–12.0%.

17. An extended release formulation according to claim 1 wherein the film coating composition is comprised of about 85% by total weight of film coating of ethyl cellulose having 44.0–51% content of ethoxy groups and about 15% by total weight of film coating of hydroxypropylmethylcellulose having a methoxy content of 28.0–30.0% and a hydroxypropoxy group content of 7.0–12.0%.

18. An extended release formulation according to claim 1 wherein the film coating composition is comprised of 85% by weight of ethyl cellulose having an ethoxy content of 44.0–51% and a viscosity of 50% cps for a 5% aqueous solution, and 15% by weight of hydroxypropylmethylcellulose having a viscosity of 6 cps at 2% aqueous solution with a methoxy content of 28–30% and a hydroxypropoxy content of 7–12%.

19. An extended release formulation of venlafaxine hydrochloride for once daily administration which comprises spheroids containing 37.3% venlafaxine, 62.17% microcrystalline cellulose and 0.5% hydroxypropylmethylcellulose coated with a quantity of a mixture comprised of 85% ethyl cellulose and 15% hydroxypropylmethylcellulose sufficient to give coated spheroids having a dissolution profile in USP Apparatus 1 (basket) at 100 rpm in purified water at 37° C.:

| Time | Average % Venlafaxine HCl Released |
|---|---|
| 2 | <30 |
| 4 | 30–55 |
| 8 | 55–80 |
| 12 | 65–90 |
| 24 | >80. |

20. A method for providing a therapeutic blood plasma concentration of venlafaxine over a twenty four hour period with diminished incidences of nausea and emesis which comprises administering orally to a patient in need thereof, an encapsulated, extended release formulation that provides

a peak blood plasma level of venlafaxine in from about four to about eight hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

21. A method for eliminating the troughs and peaks of drug concentration in a patients blood plasma attending the therapeutic metabolism of plural daily doses of venlafaxine hydrochloride which comprises administering orally to a patient in need thereof, an encapsulated, extended release formulation that provides a peak blood plasma level of venlafaxine in from about four to about eight hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

22. A method for providing a therapeutic blood plasma concentration of venlafaxine over a twenty-four hour period with diminished incidence of nausea and emesis which comprises administering orally to a patient in need thereof, an encapsulated extended release formulation that provides a peak blood plasma level of venlafaxine in from about 5 to about 8 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

23. A method for providing a therapeutic blood plasma concentration of venlafaxine over a twenty-four hour period with diminished incidence of nausea and emesis which comprises administering orally to a patient in need thereof, an encapsulated extended release formulation that provides a peak blood plasma level of venlafaxine in about 6 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

24. A method for eliminating the troughs and peaks of drug concentration in a patient's blood plasma attending the therapeutic metabolism of plural daily doses of venlafaxine hydrochloride which comprises administering orally to a patient in need thereof, an encapsulated, extended release formulation that provides a peak blood plasma level of venlafaxine in from about 5 to about 8 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

25. A method for eliminating the troughs and peaks of drug concentration in a patient's blood plasma attending the therapeutic metabolism of plural daily doses of venlafaxine hydrochloride which comprises administering orally to a patient in need thereof, an encapsulated, extended release formulation that provides a peak blood plasma level of venlafaxine in about 6 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

* * * * *

4-17-02

GAU 1615

OIPE APR 15 2002 PATENT & TRADEMARK OFFICE

Docket No: AHP-95011 P1
Patent

RECEIVED APR 19 2002 TECH CENTER 1600/2900

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re of Application of: | Deborah M. SHERMAN, et al | | |
| Serial No.: | 09/884,412 | Group Art No.: | 1615 |
| Filed: | June 19, 2001 | Examiner: | James M. Spear |
| For: | EXTENDED RELEASE FORMULATION | | |
| Confirmation No.: | 2298 | | |
| Customer Number: | 25291 | | |

Commissioner for Patents
Washington, DC 20231

Sir:

AMENDMENT TRANSMITTAL LETTER

1. Enclosed please find the following documents for the above-identified application:

a. Response to Office Action mailed on January 14, 2002

b. Terminal Disclaimer

**CERTIFICATE OF MAILING 37 CFR §1.10**

I hereby certify that this paper and the documents referred to as enclosed therein are being deposited with the United States Postal Service on the date written below in an envelope as "Express Mail Post Office to Addressee" Mailing Label Number ET302331255US addressed to the Commissioner for Patents, Washington, DC 20231.

4/15/02 — Date

Bubinea D. Owens (signature)
Bubinea D. Owens

B

WYETH 002-000517

2. Fee calculation

| CLAIMS AS AMENDED | | | | | |
|---|---|---|---|---|---|
| (1) FOR | (2) CLAIMS REMAINING AFTER AMENDMENT | (3) HIGHEST NUMBER PAID FOR | (4) NUMBER EXTRA x RATE | | (5) ADDITIONAL FEE |
| TOTAL CLAIMS | 6 | 20 | 0 | x $ 18.00 | 0.00 |
| INDEPENDENT CLAIMS | 6 | 3 | 3 | x $ 84.00 | 252.00 |
| MULTIPLE DEPENDENCY FEE | | | | $ 280.00 | |
| | | | **Total Amendment Fee:** | | $252.00 |

Fee for filing terminal disclaimer under 37 C.F.R. 1.20(d) $110.00

☒ Please charge Deposit Account No. 01-1425 for:$362.00

The Commissioner is hereby authorized to charge any additional fees required by this paper, including the enclosed documents, and during the entire pendency of this application and to credit any excess amounts paid to Deposit Account No. 01-1425. A copy of this letter is enclosed for use by the Deposit Account Branch.

Respectfully submitted,

Rebecca R. Barrett

Rebecca R. Barrett
Attorney for Applicants
Reg. No. 35,152

Wyeth
Patent Law Department
Five Giralda Farms
Madison, NJ 07940-0874
Tel. No. (610) 902-2646

B

WYETH 002-000518



Docket No.: AHP-95011-D1
Patent

RECEIVED
APR 19 2002
TECH CENTER 1600/2900

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re of Application of: Deborah M. SHERMAN, et al.

Serial No.: 09/884,412 Group No.: 1615

Filed: June 19, 2001 Examiner: James M. Spear

For: EXTENDED RELEASE FORMULATION

Confirmation No.: 2298

Customer Number: 25291

Commissioner for Patents
Washington, DC 20231

## AMENDMENT

This is in response to the Office Action issued in connection with this case on January 14, 2002.

Please amend the application as follows:

### In the Claims

Please cancel Claim 1, without prejudice.

Please add the following new claims:

3 --25. A method for providing a therapeutic drug plasma concentration of venlafaxine over a twenty-four hour period with diminished incidence of nausea and emesis which comprises administering orally to a patient in need thereof, an extended release formulation that provides a peak blood plasma level of venlafaxine in from about 5 to about 8 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

04/18/2002 TBESHAH1 00000032 011425 09884412
01 FC:102 252.00 CH

WYETH 002-000519

26. A method for providing a therapeutic drug plasma concentration of venlafaxine over a twenty-four hour period with diminished incidence of nausea and emesis which comprises administering orally to a patient in need thereof, an extended release formulation that provides a peak blood plasma level of venlafaxine in about 6 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

Claim 1 was rejected under 35 U.S.C. §103. Claim 1 has been cancelled without prejudice, making this rejection moot.

27. A method for eliminating the troughs and peaks of drug concentration in a patient's blood plasma attending the therapeutic metabolism of plural daily doses of venlafaxine hydrochloride which comprises administering orally to a patient in need thereof, an extended release formulation that provides a peak blood plasma level of venlafaxine in from about 5 to about 8 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

CERTIFICATE OF MAILING 37 CFR §1.8

28. A method for eliminating the troughs and peaks of drug concentration in a patient's blood plasma attending the therapeutic metabolism of plural daily doses of venlafaxine hydrochloride which comprises administering orally to a patient in need thereof, an extended release formulation that provides a peak blood plasma level of venlafaxine in about 6 hours, said formulation containing venlafaxine hydrochloride as the active ingredient. --

Rebecca R. Barrett

## Remarks

Reg. No. 35,152

Claims 1, 23 and 24 were pending in this case. Claims 1, 23 and 24 were rejected. Claims 25-28 were added to more fully claim Applicants' invention. No new matter was added by these claims.

Madison, NJ 07940-0874

Claims 23 and 24 were rejected under the doctrine of obviousness type double patenting as being unpatentable over Claims 20 and 21 of U.S. 6,274,171. The Examiner states that it would be reasonable to expect one skilled in the art to modify the dosage form and administer the venlafaxine spheroids as unencapsulated dosages. Applicants disagree with the Examiner's characterization of the invention

Docket No: AHP-95011 D1
Patent

and note that the claims are not limited simply to unencapsulated spheroids. However, to facilitate prosecution, Applicants have submitted herewith a terminal disclaimer, disclaiming any portion of this application beyond the term of the '171 patent.

Claim 1 was rejected under 35 U.S.C. §103. Claim 1 has been cancelled, without prejudice, making this rejection moot.

In view of the foregoing, Applicants respectfully maintain that Claims 23-28 are in condition ready for allowance and request an early and favorable Notice of Allowance.

**CERTIFICATE OF MAILING 37 CFR §1.10**

I hereby certify that this paper and the documents referred to as enclosed therein are being deposited with the United States Postal Service on the date written below in an envelope as "Express Mail Post Office to Addressee" Mailing Label Number ET 302331255US addressed to the Commissioner for Patents, Washington, DC 20231.

Date

Bubinea D. Owens

Rebecca R. Barrett

Rebecca R. Barrett

Reg. No. 35,152

Wyeth
Patent Law Department
Five Giralda Farms
Madison, NJ 07940-0874
Tel. No. (610) 902-2646

WYETH 002-000521



Docket No: AHP-95011 D1
Patent

RECEIVED
APR 1 9 2002
TECH CENTER 1600/2900

Version with Markings to Show Changes Made

Amend the application as follows:

Please cancel Claim 1, without prejudice.

Please add the following new claims:

--25. A method for providing a therapeutic drug plasma concentration of venlafaxine over a twenty-four hour period with diminished incidence of nausea and emesis which comprises administering orally to a patient in need thereof, an extended release formulation that provides a peak blood plasma level of venlafaxine in from about 5 to about 8 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

26. A method for providing a therapeutic drug plasma concentration of venlafaxine over a twenty-four hour period with diminished incidence of nausea and emesis which comprises administering orally to a patient in need thereof, an extended release formulation that provides a peak blood plasma level of venlafaxine in about 6 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

27. A method for eliminating the troughs and peaks of drug concentration in a patient's blood plasma attending the therapeutic metabolism of plural daily doses of venlafaxine hydrochloride which comprises administering orally to a patient in need thereof, an extended release formulation that provides a peak blood plasma level of venlafaxine in from about 5 to about 8 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

28. A method for eliminating the troughs and peaks of drug concentration in a patient's blood plasma attending the therapeutic metabolism of plural daily doses of venlafaxine hydrochloride which comprises administering orally to a patient in need thereof, an extended release formulation that provides a peak blood plasma level of

WYETH 002-000522

B

Docket No: AHP-95011 D1
Patent

venlafaxine in about 6 hours, said formulation containing venlafaxine hydrochloride as the active ingredient. --

AmendmentForm.dot - Rev 2/01 Page 5 of 5 Amendment B

WYETH 002-000523

Docket No: AHP-95011 D1
Patent

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| In re of Application of: | Deborah M. SHERMAN, et al | | |
| Serial No.: | 09/884,412 | Group Art No.: | 1615 |
| Filed: | June 19, 2001 | Examiner: | James M. Spear |
| For: | EXTENDED RELEASE FORMULATION | | |
| Confirmation No.: | 2298 | | |
| Customer Number: | 25291 | | |

FAX RECEIVED
APR 16 2002
GROUP 1600

Commissioner for Patents
Washington, DC 20231

OFFICIAL

Sir:

AMENDMENT TRANSMITTAL LETTER

1. Enclosed please find the following documents for the above-identified application:

a. Response to Office Action mailed on January 14, 2002

b. Terminal Disclaimer

**CERTIFICATE OF FACSIMILE TRANSMISSION**

I hereby certify that this paper and the documents referred to as enclosed therein are being facsimile transmitted with the United States Patent Office at 703-305-3592 on the date written below

April 15, 2002
Date

Rebecca Barrett
Rebecca Barrett

04/15/02 MON 17:01 [TX/RX NO 9479]

WYETH 002-000524

Docket No: AHP-95011 D1
Patent

2. Fee calculation

| CLAIMS AS AMENDED | | | | | | |
|---|---|---|---|---|---|---|
| (1) FOR | (2) CLAIMS REMAINING AFTER AMENDMENT | (3) HIGHEST NUMBER PAID FOR | (4) NUMBER EXTRA x RATE | | | (5) ADDITIONAL FEE |
| TOTAL CLAIMS | 6 | 20 | 0 | x | $ 18.00 | 0.00 |
| INDEPENDENT CLAIMS | 6 | 3 | 3 | x | $ 84.00 | 252.00 |
| MULTIPLE DEPENDENCY FEE | | | | | $ 280.00 | |
| | | | Total Amendment Fee: | | | $252.00 |

Fee for filing terminal disclaimer under 37 C.F.R. 1.20(d) $110.00

☒ Please charge Deposit Account No. 01-1425 for: $252.00

The Commissioner is hereby authorized to charge any additional fees required by this paper, including the enclosed documents, and during the entire pendency of this application and to credit any excess amounts paid to Deposit Account No. 01-1425. A copy of this letter is enclosed for use by the Deposit Account Branch.

Respectfully submitted,

Rebecca Barrett

Rebecca R. Barrett
Attorney for Applicants
Reg. No. 35,152

Wyeth
Patent Law Department
Five Giralda Farms
Madison, NJ 07940-0874
Tel. No. (610) 902-2646

B

Docket No: AHP-95011 D1
Patent

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re of Application of: Deborah M. SHERMAN, et al.
Serial No.: 09/884,412 Group No.: 1615
Filed: June 19, 2001 Examiner: James M. Spear
For: EXTENDED RELEASE FORMULATION
Confirmation No.: 2298
Customer Number: 25291

Commissioner for Patents
Washington, DC 20231

AMENDMENT

This is in response to the Office Action issued in connection with this case on January 14, 2002.

Please amend the application as follows:

In the Claims

Please cancel Claim 1, without prejudice.

Please add the following new claims:

--25. A method for providing a therapeutic drug plasma concentration of venlafaxine over a twenty-four hour period with diminished incidence of nausea and emesis which comprises administering orally to a patient in need thereof, an extended release formulation that provides a peak blood plasma level of venlafaxine in from about 5 to about 8 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

B

26. A method for providing a therapeutic drug plasma concentration of venlafaxine over a twenty-four hour period with diminished incidence of nausea and emesis which comprises administering orally to a patient in need thereof, an extended release formulation that provides a peak blood plasma level of venlafaxine in about 6 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

27. A method for eliminating the troughs and peaks of drug concentration in a patient's blood plasma attending the therapeutic metabolism of plural daily doses of venlafaxine hydrochloride which comprises administering orally to a patient in need thereof, an extended release formulation that provides a peak blood plasma level of venlafaxine in from about 5 to about 8 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

28. A method for eliminating the troughs and peaks of drug concentration in a patient's blood plasma attending the therapeutic metabolism of plural daily doses of venlafaxine hydrochloride which comprises administering orally to a patient in need thereof, an extended release formulation that provides a peak blood plasma level of venlafaxine in about 6 hours, said formulation containing venlafaxine hydrochloride as the active ingredient. --

Remarks

Claims 1, 23 and 24 were pending in this case. Claims 1, 23 and 24 were rejected. Claims 25-28 were added to more fully claim Applicants' invention. No new matter was added by these claims.

Claims 23 and 24 were rejected under the doctrine of obviousness type double patenting as being unpatentable over Claims 20 and 21 of U.S. 6,274,171. The Examiner states that it would be reasonable to expect one skilled in the art to modify the dosage form and administer the venlafaxine spheroids as unencapsulated dosages. Applicants disagree with the Examiner's characterization of the invention

B

Docket No: AHP-95011 D1
Patent

and note that the claims are not limited simply to unencapsulated spheroids. However, to facilitate prosecution, Applicants have submitted herewith a terminal disclaimer, disclaiming any portion of this application beyond the term of the '171 patent.

Claim 1 was rejected under 35 U.S.C. §103. Claim 1 has been cancelled, without prejudice, making this rejection moot.

In view of the foregoing, Applicants respectfully maintain that Claims 23-28 are in condition ready for allowance and request an early and favorable Notice of Allowance.

Rebecca R. Barrett
Rebecca R. Barrett

Reg. No. 35,152

Wyeth
Patent Law Department
Five Giralda Farms
Madison, NJ 07940-0874
Tel. No. (610) 902-2646

B

Docket No: AHP-95011 D1
Patent

Version with Markings to Show Changes Made

Amend the application as follows:

Please cancel Claim 1, without prejudice.

Please add the following new claims:

--25. A method for providing a therapeutic drug plasma concentration of venlafaxine over a twenty-four hour period with diminished incidence of nausea and emesis which comprises administering orally to a patient in need thereof, an extended release formulation that provides a peak blood plasma level of venlafaxine in from about 5 to about 8 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

26. A method for providing a therapeutic drug plasma concentration of venlafaxine over a twenty-four hour period with diminished incidence of nausea and emesis which comprises administering orally to a patient in need thereof, an extended release formulation that provides a peak blood plasma level of venlafaxine in about 6 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

27. A method for eliminating the troughs and peaks of drug concentration in a patient's blood plasma attending the therapeutic metabolism of plural daily doses of venlafaxine hydrochloride which comprises administering orally to a patient in need thereof, an extended release formulation that provides a peak blood plasma level of venlafaxine in from about 5 to about 8 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

28. A method for eliminating the troughs and peaks of drug concentration in a patient's blood plasma attending the therapeutic metabolism of plural daily doses of venlafaxine hydrochloride which comprises administering orally to a patient in need thereof, an extended release formulation that provides a peak blood plasma level of

B

04/15/2002 18:01 FAX 610 688 WYETH PATENT DEPARTMENT

Docket No: AHP-95011 D1
Patent

venlafaxine in about 6 hours, said formulation containing venlafaxine hydrochloride as the active ingredient. --

AmendmentForm.doc - Rev 2/01 Page 5 of 5 Amendment

B

04/15/02 MON 17:01 [TX/RX NO 9479]

WYETH 002-000530



AHP-95011-P1
PATENT

RECEIVED
APR 1 9 2002
TECH CENTER 1600/2900

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

**In re Patent Application of:** Sherman, et al.

**Serial No.:** 09/884,412 **Examiner:** Spear

**Filed:** June 19, 2001 **Group:** 1615

**For:** Extended Release Formulation

Assistant Commissioner for Patents
Washington, DC 20231

## TERMINAL DISCLAIMER

Sir:

Your Petitioner, Wyeth, formerly American Home Products Corporation, a corporation duly organized and existing under the laws of the State of Delaware, with offices at Five Giralda Farms, Madison, New Jersey 07940-0874, the assignee of the entire right, title and interest in U.S. Patent 6,274,171 (by virtue of assignments recorded at Reel 011368, Frame 0195 and Reel 011866 Frame 0884) and U.S. Patent Application Serial No. 09/884,412 (by virtue of an assignment recorded at Reel 011368, Frame 0195 and Reel 011866 Frame 0884) does hereby disclaim the terminal part of any patent granted on U.S. Patent Application Serial No. 09/884,412 which would extend beyond the expiration date of the full statutory term, including any statutory extension thereof, as presently shortened by any terminal disclaimer, of U.S. Patent 6,274,171, except to the extent that the term of this Application Serial No. 09/884,412 might be extended pursuant to the Drug Price Competition and Patent Term Restoration Act of 1984 (35 USC 156) or any other applicable act of Congress.

Wyeth hereby agrees that any patent granted on U.S. Patent Application Serial No. 09/884,412 shall be enforceable only for and during such period that the legal title to U.S. Patent 6,274,171 shall be the same as the legal title to any patent granted on said U.S. Patent Application Serial No. 09/884,412, this agreement to run with any patent granted on said U.S. Patent Application Serial No. 09/884,412 and to be binding upon the grantee, its successors or assigns.

Wyeth does not disclaim any terminal part of any patent granted on this U.S. Patent Application Serial No. 09/884,412 prior to the expiration date of the full statutory term as presently shortened by any terminal disclaimer of U.S. Patent 6,274,171 in the event that later

04/18/2002 TBESHAH1 00000032 011425 09884412
02 FC:148 110.00 CH

AHP-95011-D1
PATENT

said U.S. Patent 6,274,171 expires for failure to pay a maintenance fee, is held unenforceable, is found invalid, is statutorily disclaimed in whole or terminally disclaimed under 37 CFR §1.321(a), has all claims canceled by a reexamination certificate, or is otherwise terminated prior to the expiration of its statutory term as presently shortened by any terminal disclaimer, except for the separation of legal title stated above.

Wyeth has reviewed the evidentiary documents submitted to establish its ownership of the patents and patent applications referred to in this Terminal Disclaimer and certifies that to the best of its knowledge and belief, title is in Wyeth, formerly American Home Products Corporation.

Petitioner hereby authorizes payment of the requisite fee for this Terminal Disclaimer pursuant to 37 C.F.R. §1.20 (d) by charging Deposit Account No. 01-1425. A duplicate copy of the transmittal letter is enclosed for deposit account charging purposes.

WYETH

Rebecca R Barrett

Rebecca R. Barrett
Attorney of Record
for Wyeth
Reg. No. 35,152

Dated:
Telephone (610) 902-2646

WYETH 002-000532

AHP-95011-D1
PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

**In re Patent Application of:** Sherman, et al.

**Serial No.:** 09/884,412 **Examiner:** Spear

**Filed:** June 19, 2001 **Group:** 1615

**For:** Extended Release Formulation

Assistant Commissioner for Patents
Washington, DC 20231

TERMINAL DISCLAIMER

Sir:

Your Petitioner, Wyeth, formerly American Home Products Corporation, a corporation duly organized and existing under the laws of the State of Delaware, with offices at Five Giralda Farms, Madison, New Jersey 07940-0874, the assignee of the entire right, title and interest in U.S. Patent 6,274,171 (by virtue of assignments recorded at Reel 011368, Frame 0195 and Reel 011866 Frame 0884) and U.S. Patent Application Serial No. 09/884,412 (by virtue of an assignment recorded at Reel 011368, Frame 0195 and Reel 011866 Frame 0884) does hereby disclaim the terminal part of any patent granted on U.S. Patent Application Serial No. 09/884,412 which would extend beyond the expiration date of the full statutory term, including any statutory extension thereof, as presently shortened by any terminal disclaimer, of U.S. Patent 6,274,171, except to the extent that the term of this Application Serial No. 09/884,412 might be extended pursuant to the Drug Price Competition and Patent Term Restoration Act of 1984 (35 USC 156) or any other applicable act of Congress.

Wyeth hereby agrees that any patent granted on U.S. Patent Application Serial No. 09/884,412 shall be enforceable only for and during such period that the legal title to U.S. Patent 6,274,171 shall be the same as the legal title to any patent granted on said U.S. Patent Application Serial No. 09/884,412, this agreement to run with any patent granted on said U.S. Patent Application Serial No. 09/884,412 and to be binding upon the grantee, its successors or assigns.

Wyeth does not disclaim any terminal part of any patent granted on this U.S. Patent Application Serial No. 09/884,412 prior to the expiration date of the full statutory term as presently shortened by any terminal disclaimer of U.S. Patent 6,274,171 in the event that later

WYETH 002-000533

AHP-95011-D1
PATENT

said U.S. Patent 6,274,171 expires for failure to pay a maintenance fee, is held unenforceable, is found invalid, is statutorily disclaimed in whole or terminally disclaimed under 37 CFR §1.321(a), has all claims canceled by a reexamination certificate, or is otherwise terminated prior to the expiration of its statutory term as presently shortened by any terminal disclaimer, except for the separation of legal title stated above.

Wyeth has reviewed the evidentiary documents submitted to establish its ownership of the patents and patent applications referred to in this Terminal Disclaimer and certifies that to the best of its knowledge and belief, title is in Wyeth, formerly American Home Products Corporation.

Petitioner hereby authorizes payment of the requisite fee for this Terminal Disclaimer pursuant to 37 C.F.R. §1.20 (d) by charging Deposit Account No. 01-1425 . A duplicate copy of the transmittal letter is enclosed for deposit account charging purposes.

WYETH

Rebecca R Barrett
Rebecca R. Barrett
Attorney of Record
for Wyeth
Reg. No. 35,152

Dated: April 15, 2002
Telephone (610) 902-2646

WYETH 002-000534

| **Notice of Allowability** | Application No. 09/884,412 | Applicant(s) SHERMAN, ET AL |
|---|---|---|
| | Examiner JAMES M. SPEAR | Art Unit 1615 |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance and Issue Fee Due or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *THE AMENDMENT AND DISCLAIMER FILED APRIL 15, 2002*.

2. ☒ The allowed claim(s) is/are *23-28*.

3. ☐ The drawings filed on ______ are acceptable as formal drawings.

4. ☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).
   a) ☐ All b) ☐ Some* c) ☐ None of the:
   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. ______.
   3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

   *Certified copies not received: ______.

5. ☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

6. ☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

7. ☐ Applicant MUST submit NEW FORMAL DRAWINGS
   (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review (PTO-948) attached
   1) ☐ hereto or 2) ☐ to Paper No. ______.
   (b) ☐ including changes required by the proposed drawing correction filed ______, which has been approved by the examiner.
   (c) ☐ including changes required by the attached Examiner's Amendment/Comment or in the Office action of Paper No. ______.

   **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson.**

8. ☐ Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Any reply to this letter should include, in the upper right hand corner, the APPLICATION NUMBER (SERIES CODE/SERIAL NUMBER). If applicant has received a Notice of Allowance and Issue Fee Due, the ISSUE BATCH NUMBER and DATE of the NOTICE OF ALLOWANCE should also be included.

**Attachment(s)**

1 ☐ Notice of References Cited (PTO-892)
2 ☐ Notice of Informal Patent Application (PTO-152)
3 ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
4 ☐ Interview Summary (PTO-413), Paper No. ______.
5 ☐ Information Disclosure Statement(s) (PTO-1449), Paper No(s). ______
6 ☐ Examiner's Amendment/Comment
7 ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
8 ☐ Examiner's Statement of Reasons for Allowance
9 ☐ Other

James M. Spear
JAMES M. SPEAR
PRIMARY EXAMINER
ART UNIT 1615

WYETH 002-000535

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

25291 7590 05/07/2002

WYETH
FIVE GIRALDA FARMS
MADISON, NJ 07940

| EXAMINER | |
|---|---|
| SPEAR, JAMES M | |
| ART UNIT | CLASS-SUBCLASS |
| 1615 | 424-489000 |

DATE MAILED: 05/07/2002

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/884,412 | 06/19/2001 | Deborah M. Sherman | | 2298 |

TITLE OF INVENTION: EXTENDED RELEASE FORMULATION

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | NO | $1280 | $300 | $1580 | 08/07/2002 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED. SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE REFLECTS A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE APPLIED IN THIS APPLICATION. THE PTOL-85B (OR AN EQUIVALENT) MUST BE RETURNED WITHIN THIS PERIOD EVEN IF NO FEE IS DUE OR THE APPLICATION WILL BE REGARDED AS ABANDONED.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the SMALL ENTITY status shown above. If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is changed, pay the PUBLICATION FEE (if required) and twice the amount of the ISSUE FEE shown above and notify the United States Patent and Trademark Office of the change in status, or

B. If the status is the same, pay the TOTAL FEE(S) DUE shown above.

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status before, or is now claiming SMALL ENTITY status, check the box below and enclose the PUBLICATION FEE and 1/2 the ISSUE FEE shown above.

☐ Applicant claims SMALL ENTITY status. See 37 CFR 1.27.

II. PART B - FEE(S) TRANSMITTAL should be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). Even if the fee(s) have already been paid, Part B - Fee(s) Transmittal should be completed and returned. If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

*PTOL-85 (REV. 04-02) Approved for use through 01/31/2004.*

## PART B - FEE(S) TRANSMITTAL

**Complete and send this form, together with applicable fee(s), to: Mail Box ISSUE FEE**
**Commissioner for Patents**
**Washington, D.C. 20231**
**Fax (703)746-4000**

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1)
25291 7590 05/07/2002

WYETH
FIVE GIRALDA FARMS
MADISON, NJ 07940

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**

I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Box Issue Fee address above, or being facsimile transmitted to the USPTO, on the date indicated below.

(Depositor's name)

(Signature)

(Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/884,412 | 06/19/2001 | Deborah M. Sherman | | 2298 |

TITLE OF INVENTION: EXTENDED RELEASE FORMULATION

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | NO | $1280 | $300 | $1580 | 08/07/2002 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| SPEAR, JAMES M | 1615 | 424-489000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47) attached. Use of a Customer Number is required.

2. For printing on the patent front page, list (1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 ____________
2 ____________
3 ____________

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the USPTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE

(B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) ☐ individual ☐ corporation or other private group entity ☐ government

4a. The following fee(s) are enclosed:

☐ Issue Fee
☐ Publication Fee
☐ Advance Order - # of Copies ____________

4b. Payment of Fee(s):

☐ A check in the amount of the fee(s) is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☐ The Commissioner is hereby authorized by charge the required fee(s), or credit any overpayment, to Deposit Account Number ____________ (enclose an extra copy of this form).

Commissioner for Patents is requested to apply the Issue Fee and Publication Fee (if any) or to re-apply any previously paid issue fee to the application identified above.

(Authorized Signature) (Date)

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, Washington, DC 20231.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

TRANSMIT THIS FORM WITH FEE(S)

PTOL-85 (REV. 04-02) Approved for use through 01/31/2004. OMB 0651-0033 U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/884,412 | 06/19/2001 | Deborah M. Sherman | | 2298 |

25291 7590 05/07/2002

WYETH
FIVE GIRALDA FARMS
MADISON, NJ 07940

| EXAMINER | |
|---|---|
| SPEAR, JAMES M | |
| **ART UNIT** | **PAPER NUMBER** |
| 1615 | 7 |

DATE MAILED: 05/07/2002

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)

**(application filed on or after May 29, 2000)**

The patent term adjustment to date is 0 days. If the issue fee is paid on the date that is three months after the mailing date of this notice and the patent issues on the Tuesday before the date that is 28 weeks (six and a half months) after the mailing date of this notice, the term adjustment will be 0 days.

If a continued prosecution application (CPA) was filed in the above-identified application, the filing date that determines patent term adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) system. (http://pair.uspto.gov)

PTOL-85 (REV. 04-02) Approved for use through 01/31/2004.



Hm

# PART B - FEE(S) TRANSMITTAL

Complete and send this form, together with applicable fee(s), to: Mail Box ISSUE FEE
Commissioner for Patents
Washington, D.C. 20231
Fax (703)746-4000

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1)
25291 7590 05/07/2002

WYETH
FIVE GIRALDA FARMS
MADISON, NJ 07940

Certificate of Mailing
"Express Mail" mailing label number ET302328494US
Date of Deposit May 20, 2002
I hereby certify that this paper or fee is being deposited with the United States Postal Service "Express Mail Post Office to Addressee" service Under 37 CFR 1.10 on the date indicated above and is addressed to BOX ISSUE FEE, Assistant Commissioner for Patents, Washington, DC, 20231.
Bubinea D. Owens
Name of Person Mailing Paper or Fee
[signature]
Signature of Person Mailing Paper or Fee

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/884,412 | 06/19/2001 | Deborah M. Sherman | | 2298 |

TITLE OF INVENTION: EXTENDED RELEASE FORMULATION

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | NO | $1280 | $300 | $1580 | 08/07/2002 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| SPEAR, JAMES M | 1615 | 424-489000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47) attached. Use of a Customer Number is required.

2. For printing on the patent front page, list (1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 Rebecca R. Barrett
2 ____
3 ____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the USPTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE: Wyeth

(B) RESIDENCE: (CITY and STATE OR COUNTRY): Madison, New Jersey

Please check the appropriate assignee category or categories (will not be printed on the patent) ☐ individual ☐ corporation or other private group entity ☐ government

4a. The following fee(s) are enclosed:

X ☐ Issue Fee
X ☐ Publication Fee
X ☐ Advance Order - # of Copies 15

4b. Payment of Fee(s):

X ☐ A check in the amount of the fee(s) is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
X ☐ The Commissioner is hereby authorized by charge the required fee(s), or credit any overpayment, to Deposit Account Number 01-1425 (enclose an extra copy of this form).

Commissioner for Patents is requested to apply the Issue Fee and Publication Fee (if any) or to re-apply any previously paid issue fee to the application identified above.

(Authorized Signature) Rebecca R. Barrett (Date) 5/20/02

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, Washington, DC 20231.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

05/23/2002 CCHAU2 00000089 011425 09884412

01 FC:142 1280.00 CH
02 FC:561 45.00 CH
03 FC:195 300.00 CH

TRANSMIT THIS FORM WITH FEE(S)

WEST

# Freeform Search

**Database:**
US Patents Full-Text Database
US Pre-Grant Publication Full-Text Database
JPO Abstracts Database
EPO Abstracts Database
Derwent World Patents Index
IBM Technical Disclosure Bulletins

**Term:** venlafaxine and (peak)

**Display:** 10 **Documents in Display Format:** CIT **Starting with Number** 1

**Generate:** ○ Hit List ◉ Hit Count ○ Image

Search | Clear | Help | Logout | Interrupt

Main Menu | Show S Numbers | Edit S Numbers | Preferences

**Search History**

**Today's Date: 1/13/2002**

| DB Name | Query | Hit Count | Set Name |
|---|---|---|---|
| USPT,PGPB,JPAB,EPAB,DWPI,TDBD | venlafaxine and (peak) | 44 | L2 |
| USPT,PGPB,JPAB,EPAB,DWPI,TDBD | venlafaxine and (peak adj blood) | 2 | L1 |

WEST

# Freeform Search

**Database:** US Patents Full-Text Database; US Pre-Grant Publication Full-Text Database; JPO Abstracts Database; EPO Abstracts Database; Derwent World Patents Index; IBM Technical Disclosure Bulletins

**Term:** 12 and (ethylcellulose and hydroxypropylmethylcellulose)

**Display:** 10 **Documents in Display Format:** CIT **Starting with Number** 1

**Generate:** ○ Hit List ◉ Hit Count ○ Image

Search | Clear | Help | Logout | Interrupt

Main Menu | Show S Numbers | Edit S Numbers | Preferences

**Search History**

**Today's Date: 1/13/2002**

| DB Name | Query | Hit Count | Set Name |
|---|---|---|---|
| USPT,PGPB,JPAB,EPAB,DWPI,TDBD | l2 and (ethylcellulose and hydroxypropylmethylcellulose) | 11 | L8 |
| USPT,PGPB,JPAB,EPAB,DWPI,TDBD | l2 and (coat or coating or coated) | 106 | L7 |
| USPT,PGPB,JPAB,EPAB,DWPI,TDBD | l2 and (coat or coating or coated) | 106 | L6 |
| USPT,PGPB,JPAB,EPAB,DWPI,TDBD | l4 and (coating or coated) | 23 | L5 |
| USPT,PGPB,JPAB,EPAB,DWPI,TDBD | venlafaxine.clm. | 34 | L4 |
| USPT,PGPB,JPAB,EPAB,DWPI,TDBD | venlafaxinecclm. | 0 | L3 |
| USPT,PGPB,JPAB,EPAB,DWPI,TDBD | venlafaxine | 187 | L2 |
| USPT,PGPB,JPAB,EPAB,DWPI,TDBD | 6274171.pn. | 2 | L1 |

WEST

Generate Collection

L1: Entry 1 of 2 File: USPT Aug 14, 2001

US-PAT-NO: 6274171
DOCUMENT-IDENTIFIER: US 6274171 B1

TITLE: Extended release formulation of venlafaxine hydrochloride

DATE-ISSUED: August 14, 2001

INVENTOR-INFORMATION:

| NAME | CITY | STATE | ZIP CODE | COUNTRY |
|---|---|---|---|---|
| Sherman; Deborah M. | Plattsburgh | NY | | |
| Clark; John C. | Peru | NY | | |
| Lamer; John U. | St. Albans | VT | | |
| White; Steven A. | Champlain | NY | | |

US-CL-CURRENT: 424/461; 424/457, 424/458, 424/459, 514/781, 514/962

CLAIMS:

What is claimed is:
1. An extended release formulation of venlafaxine hydrochloride comprising a pharmaceutically acceptable capsule containing spheroids comprised of from about 6% to about 40% venlafaxine hydrochloride by weight, about 50% to about 94% microcrystalline cellulose, NF, by weight, and optionally from about 0.25% to about 1% by weight of hydroxypropyl-methylcellulose, USP, wherein the spheroids are coated with a film coating composition comprised of ethyl cellulose and hydroxypropylmethylcellulose.
2. An extended release formulation of venlafaxine hydrochloride according to claim 1 which provides peak serum levels of up to 150 ng/ml and extended therapeutically effective plasma levels over a twenty four hour period.
3. An extended release formulation according to claim 1 wherein the spheroids are coated with from about 2% to about 12% of total formulation weight of film coating comprised of from about 80% to about 90% by weight of film coating of ethyl cellulose, NF, and from about 10% to about 20% by weight of film coating of hydroxypropylmethylcellulose, USP.
4. An extended release formulation according to claim 1 wherein the spheroids are comprised of from about 30% to 40% venlafaxine hydrochloride by weight, about 50% to about 70% microcrystalline cellulose, NF, by weight, and, optionally, from about 0.25% to about 1% by weight of

WYETH 002-000542

hydroxypropylmethylcellulose, USP.

5. An extended release formulation according to claim 4 wherein the spheroids are coated with from about 2% to about 12% of total formulation weight of film coating comprised of from about 80% to about 90% by weight of film coating of ethyl cellulose, NF, and from about 10% to about 20% by weight of film coating of hydroxypropylmethylcellulose, USP.

6. An extended release formulation according to claim 1 wherein the spheroids comprise from about 6% to about 30% venlafaxine hydrochloride by weight, about 70.1% to about 94% microcrystalline cellulose, NF, by weight and, optionally, from about 0.25% to about 1% by weight of hydroxypropylmethylcellulose.

7. An extended release formulation according to claim 6 wherein the spheroids are coated with from about 2% to about 12% of total weight of film coating comprised of from about 80% to about 90% by weight of film coating of ethyl cellulose, NF, and from about 10% to about 20% by weight of film coating of hydroxypropylmethylcellulose, USP.

8. An extended release formulation according to claim 1 wherein the spheroids comprise from about 5% to about 25% venlafaxine hydrochloride and from about 95% to about 75% microcrystalline cellulose, with an optional amount of from 0.25% to about 1% by weight of hydroxypropylmethylcellulose.

9. An extended release formulation according to claim 6 wherein the spheroids comprise from about 6% to about 25% venlafaxine hydrochloride and from about 94% to about 75% microcrystalline cellulose, with an optional amount of from 0.25% to about 1% by weight of hydroxypropylmethylcellulose.

10. An extended release formulation according to claim 6 wherein the spheroids comprise from about 6% to about 20% venlafaxine hydrochloride and from about 94% to about 80% microcrystalline cellulose, with an optional amount of from 0.25% to about 1% by weight of hydroxypropylmethylcellulose.

11. An encapsulated, extended release formulation of venlafaxine hydrochloride according to claim 1 having the following dissolution profile in USP Apparatus 1 (basket) at 100 rpm in purified water at 37.degree. C:

Time (hours) Average % Venlafaxine HCl released 2 <30 4 30-55 8 55-80 12 65-90 24 >80

12. An extended release formulation according to claim 1 wherein the spheroids are composed of about 37% by weight of venlafaxine hydrochloride, about 0.5% by weight of hydroxypropylmethylcellulose, and about 62% by weight of microcrystalline cellulose.

13. An extended release formulation according to claim 1 wherein the film coating is comprised of ethyl cellulose (4.81% of total weight) and hydroxypropylmethylcellulose (0.85% of total weight).

14. An extended release formulation according to claim 1 wherein the film coating comprises 6-8% by weight of total weight.

15. An extended release formulation according to claim 1 wherein the film coating is comprised of ethyl cellulose (2.48% of total weight) and hydroxypropylmethylcellulose (0.437% of total weight).

16. An extended release formulation according to claim 1

WYETH 002-000543

wherein the film coating composition is comprised of ethyl cellulose having a 44.0-51.0% content of ethoxy groups and hydroxypropylmethylcellulose having a methoxy content of 28.0-30.0% and a hydroxypropoxy group content of 7.0-12.0%.
17. An extended release formulation according to claim 1 wherein the film coating composition is comprised of about 85% by total weight of film coating of ethyl cellulose having 44.0-51% content of ethoxy groups and about 15% by total weight of film coating of hydroxypropylmethylcellulose having a methoxy content of 28.0-30.0% and a hydroxypropoxy group content of 7.0-12.0%.
18. An extended release formulation according to claim 1 wherein the film coating composition is comprised of 85% by weight of ethyl cellulose having an ethoxy content of 44.0-51% and a viscosity of 50% cps for a 5% aqueous solution, and 15% by weight of hydroxypropylmethylcellulose having a viscosity of 6 cps at 2% aqueous solution with a methoxy content of 28-30% and a hydroxypropoxy content of 7-12%.
19. An extended release formulation of venlafaxine hydrochloride for once daily administration which comprises spheroids containing 37.3% venlafaxine, 62.17% microcrystalline cellulose and 0.5% hydroxypropylmethylcellulose coated with a quantity of a mixture comprised of 85% ethyl cellulose and 15% hydroxypropylmethylcellulose sufficient to give coated spheroids having a dissolution profile in USP Apparatus 1 (basket) at 100 rpm in purified water at 37.degree. C.: Time Average % Venlafaxine HCl Released 2 <30 4 30-55 8 55-80 12 65-90 24 >80.
20. A method for providing a therapeutic blood plasma concentration of venlafaxine over a twenty four hour period with diminished incidences of nausea and emesis which comprises administering orally to a patient in need thereof, an encapsulated, extended release formulation that provides a peak blood plasma level of venlafaxine in from about four to about eight hours, said formulation containing venlafaxine hydrochloride as the active ingredient.
21. A method for eliminating the troughs and peaks of drug concentration in a patients blood plasma attending the therapeutic metabolism of plural daily doses of venlafaxine hydrochloride which comprises administering orally to a patient in need thereof, an encapsulated, extended release formulation that provides a peak blood plasma level of venlafaxine in from about four to about eight hours, said formulation containing venlafaxine hydrochloride as the active ingredient.
22. A method for providing a therapeutic blood plasma concentration of venlafaxine over a twenty-four hour period with diminished incidence of nausea and emesis which comprises administering orally to a patient in need thereof, an encapsulated extended release formulation that provides a peak blood plasma level of venlafaxine in from about 5 to about 8 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.
23. A method for providing a therapeutic blood plasma concentration of venlafaxine over a twenty-four hour period with diminished incidence of nausea and emesis which comprises administering orally to a patient in need thereof, an encapsulated extended release formulation that provides a peak

blood plasma level of venlafaxine in about 6 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

24. A method for eliminating the troughs and peaks of drug concentration in a patient's blood plasma attending the therapeutic metabolism of plural daily doses of venlafaxine hydrochloride which comprises administering orally to a patient in need thereof, an encapsulated, extended release formulation that provides a peak blood plasma level of venlafaxine in from about 5 to about 8 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

25. A method for eliminating the troughs and peaks of drug concentration in a patient's blood plasma attending the therapeutic metabolism of plural daily doses of venlafaxine hydrochloride which comprises administering orally to a patient in need thereof, an encapsulated, extended release formulation that provides a peak blood plasma level of venlafaxine in about 6 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

CODE SHEET FOR CONTINUING DATA

| LINE | CODE | SERIAL No. | FILING DATE | STATUS | DOCUMENT No. | ISSUE DATE |
|---|---|---|---|---|---|---|
| 104 | 74 | 09/488,629 | 01-20-00 | 01 | 6,274,171 | |
| 105 | 82 | 08/964,328 | 11-05-97 | 03 | | |
| 106 | 82 | 08/821,137 | 03-20-97 | 03 | | |
| 107 | 68 | 60/014,006 | 03-25-96 | | | |
| 108 | | | | | | |
| 109 | | | | | | |
| 110 | | | | | | |
| 111 | | | | | | |
| 112 | | | | | | |
| 113 | | | | | | |
| 114 | | | | | | |
| 115 | | | | | | |
| 116 | | | | | | |
| 117 | | | | | | |

CONDITION AND STATUS CODES FOR CONTINUING DATA

CONDITION CODE

71 Continuation of application No.
81 which is a continuation of application No.
91 and a continuation of application No.

72 Continuation-in-part of application No.
82 which is a continuation-in-part of application No.
75 and a continuation-in-part of application No.

74 Division of application No.
84 which is a division of application No.
76 and a division of application No.

86 , said application No.
89 Application No.
90 and application No.
92 each

65 filed as application No.
66 Substitute for application No.
68 Provisional application No.

STATUS CODE

01 Patent No.
03 abandoned
04 SIR No.

NOTE I: When the codes 86 and 92 are used, they must be followed by 81, 82 or 84 – conditions beginning with "which is"

NOTE II: Codes 71, 72 and 74 may be used only on the first line; one of them must be used on the first line in regular continuing data, 66 or 68 may be used on the first line in Substitute or Provisional cases. Remember, however, that if there is Provisional and other continuing data, the Provisional is always listed last.

# CLAIMS ONLY

SERIAL NO. 09854/12 | FILING DATE 0-20-01

APPLICANT(S)

CLAIMS

| | AS FILED | | AFTER 1st AMENDMENT | | AFTER 2nd AMENDMENT | |
|---|---|---|---|---|---|---|
| | IND. | DEP. | IND. | DEP. | IND. | DEP. |
| 1 | / | | | | | |
| 2 | | | | | | |
| 3 | | | | | | |
| 4 | | | | | | |
| 5 | | | | | | |
| 6 | | | | | | |
| 7 | | | | | | |
| 8 | | | | | | |
| 9 | | | | | | |
| 10 | | | | | | |
| 11 | | | | | | |
| 12 | | | | | | |
| 13 | | | | | | |
| 14 | | | | | | |
| 15 | | | | | | |
| 16 | | | | | | |
| 17 | | | | | | |
| 18 | | | | | | |
| 19 | | | | | | |
| 20 | | | | | | |
| 21 | | | | | | |
| 22 | | | | | | |
| 23 | / | | | | | |
| 24 | / | | | | | |
| 25 | | | | | | |
| 26 | | | | | | |
| 27 | | | | | | |
| 28 | | | | | | |
| 29 | | | | | | |
| 30 | | | | | | |
| 31 | | | | | | |
| 32 | | | | | | |
| 33 | | | | | | |
| 34 | | | | | | |
| 35 | | | | | | |
| 36 | | | | | | |
| 37 | | | | | | |
| 38 | | | | | | |
| 39 | | | | | | |
| 40 | | | | | | |
| 41 | | | | | | |
| 42 | | | | | | |
| 43 | | | | | | |
| 44 | | | | | | |
| 45 | | | | | | |
| 46 | | | | | | |
| 47 | | | | | | |
| 48 | | | | | | |
| 49 | | | | | | |
| 50 | | | | | | |
| TOTAL IND. | 3 | | | | | |
| TOTAL DEP. | | | | | | |
| TOTAL CLAIMS | 3 | | | | | |

| | * | | * | | * | |
|---|---|---|---|---|---|---|
| | IND. | DEP. | IND. | DEP. | IND. | DEP. |
| 51 | | | | | | |
| 52 | | | | | | |
| 53 | | | | | | |
| 54 | | | | | | |
| 55 | | | | | | |
| 56 | | | | | | |
| 57 | | | | | | |
| 58 | | | | | | |
| 59 | | | | | | |
| 60 | | | | | | |
| 61 | | | | | | |
| 62 | | | | | | |
| 63 | | | | | | |
| 64 | | | | | | |
| 65 | | | | | | |
| 66 | | | | | | |
| 67 | | | | | | |
| 68 | | | | | | |
| 69 | | | | | | |
| 70 | | | | | | |
| 71 | | | | | | |
| 72 | | | | | | |
| 73 | | | | | | |
| 74 | | | | | | |
| 75 | | | | | | |
| 76 | | | | | | |
| 77 | | | | | | |
| 78 | | | | | | |
| 79 | | | | | | |
| 80 | | | | | | |
| 81 | | | | | | |
| 82 | | | | | | |
| 83 | | | | | | |
| 84 | | | | | | |
| 85 | | | | | | |
| 86 | | | | | | |
| 87 | | | | | | |
| 88 | | | | | | |
| 89 | | | | | | |
| 90 | | | | | | |
| 91 | | | | | | |
| 92 | | | | | | |
| 93 | | | | | | |
| 94 | | | | | | |
| 95 | | | | | | |
| 96 | | | | | | |
| 97 | | | | | | |
| 98 | | | | | | |
| 99 | | | | | | |
| 100 | | | | | | |
| TOTAL IND. | | | | | | |
| TOTAL DEP. | | | | | | |
| TOTAL CLAIMS | | | | | | |

* MAY BE USED FOR ADDITIONAL CLAIMS OR ADMENDMENTS

FORM PTO-2022 (1-98)

U.S.DEPARTMENT OF COMMERCE
Patent and Trademark Office

*U.S. GPO: 1998-443-593/89152

WYETH 002-000547

# PATENT APPLICATION FEE DETERMINATION RECORD

Effective October 1, 2000

Application or Docket Number: 09884442

## CLAIMS AS FILED - PART I

| | (Column 1) | (Column 2) | SMALL ENTITY TYPE RATE | FEE | OR | OTHER THAN SMALL ENTITY RATE | FEE |
|---|---|---|---|---|---|---|---|
| TOTAL CLAIMS | 3 | | | | | | |
| FOR | NUMBER FILED | NUMBER EXTRA | BASIC FEE | 355.00 | OR | BASIC FEE | 710.00 |
| TOTAL CHARGEABLE CLAIMS | 3 minus 20= | * 0 | X$ 9= | | OR | X$18= | |
| INDEPENDENT CLAIMS | 3 minus 3 = | * 0 | X40= | | OR | X80= | |
| MULTIPLE DEPENDENT CLAIM PRESENT ☐ | | | +135= | | OR | +270= | |
| | | | TOTAL | | OR | TOTAL | 710 |

* If the difference in column 1 is less than zero, enter "0" in column 2

## CLAIMS AS AMENDED - PART II

### AMENDMENT A

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE | ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | * | Minus | ** | = | X$ 9= | | OR | X$18= | |
| Independent | * | Minus | *** | = | X40= | | OR | X80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM ☐ | | | | | +135= | | OR | +270= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

### AMENDMENT B

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE | ADDITIONAL FEE | OR | RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | * | Minus | ** | = | X$ 9= | | OR | X$18= | |
| Independent | * | Minus | *** | = | X40= | | OR | X80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM ☐ | | | | | +135= | | OR | +270= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

### AMENDMENT C

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE | ADDITIONAL FEE | OR | RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | * | Minus | ** | = | X$ 9= | | OR | X$18= | |
| Independent | * | Minus | *** | = | X40= | | OR | X80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM ☐ | | | | | +135= | | OR | +270= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
***If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

FORM PTO-875
(Rev. 8/00)

Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE

US006419958B2

(12) **United States Patent**
Sherman et al.

(10) Patent No.: **US 6,419,958 B2**
(45) Date of Patent: ***Jul. 16, 2002**

(54) **EXTENDED RELEASE FORMULATION OF VENLAFAXINE HYDROCHLORIDE**

(75) Inventors: Deborah M. Sherman, Plattsburgh; John C. Clark, Peru, both of NY (US); John U. Lamer, St. Albans, VT (US); Steven A. White, Champlain, NY (US)

(73) Assignee: Wyeth, Madison, NJ (US)

(*) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

This patent is subject to a terminal disclaimer.

(21) Appl. No.: 09/884,412

(22) Filed: **Jun. 19, 2001**

**Related U.S. Application Data**

(60) Division of application No. 09/488,629, filed on Jan. 20, 2000, now Pat. No. 6,274,171, which is a continuation-in-part of application No. 08/964,328, filed on Nov. 5, 1997, now abandoned, which is a continuation-in-part of application No. 08/821,137, filed on Mar. 20, 1997, now abandoned.

(60) Provisional application No. 60/014,006, filed on Mar. 25, 1996.

(51) Int. Cl.[7] .......... A61K 9/14
(52) U.S. Cl. .......... 424/489; 424/457
(58) Field of Search .......... 424/495, 494, 424/461, 458, 459, 457, 456, 462, 489

(56) **References Cited**

U.S. PATENT DOCUMENTS

3,954,959 A 5/1976 Pedersen
4,138,475 A * 2/1979 McAinsh et al. .......... 424/19
4,369,172 A 1/1983 Schor et al.
4,389,393 A 6/1983 Schor et al.
4,535,186 A 8/1985 Husbands et al.
4,966,768 A 10/1990 Michelucci et al.
5,506,270 A 4/1996 Upton et al.
5,552,429 A * 9/1996 Wong et al. .......... 514/415
6,274,171 B1 * 8/2001 Sherman et al. .......... 424/461

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| EP | 0654264 | 11/1994 |
| EP | 0667150 | 1/1995 |
| EP | 0797991 | 10/1997 |
| WO | 9427589 | 12/1994 |
| WO | 9737640 | 10/1997 |

* cited by examiner

*Primary Examiner*—James M. Spear
(74) *Attorney, Agent, or Firm*—Rebecca R. Barrett

(57) **ABSTRACT**

This invention relates to a 24 hour extended release dosage formulation and unit dosage form thereof of venlafaxine hydrochloride, an antidepressant, which provides better control of blood plasma levels than conventional tablet formulations which must be administered two or more times a day and further provides a lower incidence of nausea and vomiting than the conventional tablets. More particularly, the invention comprises an extended release formulation of venlafaxine hydrochloride comprising a therapeutically effective amount of venlafaxine hydrochloride in spheroids comprised of venlafaxine hydrochloride, microcrystalline cellulose and, optionally, hydroxypropylmethylcellulose coated with a mixture of ethyl cellulose and hydroxypropylmethylcellulose.

**6 Claims, No Drawings**

## EXTENDED RELEASE FORMULATION OF VENLAFAXINE HYDROCHLORIDE

This application is a divisional application of Ser. No. 09/488,629, filed Jan. 20, 2000 U.S. Pat. No. 6,274,171 which is a continuation-in-part of application Ser. No. 08/964,328, filed Nov. 5, 1997, now abandoned, which is a continuation-in-part of application Ser. No. 08/821,137, filed Mar. 20, 1997, now abandoned, which claims priority from Provisional Application No. 60/014,006 filed Mar. 25, 1996.

### BACKGROUND OF THE INVENTION

Extended release drug formulations are conventionally produced as compressed tablets by hydrogel tablet technology. To produce these sustained release tablet drug dosage forms, the active ingredient is conventionally compounded with cellulose ethers such as methyl cellulose, ethyl cellulose or hydroxypropylmethylcellulose with or without other excipients and the resulting mixture is pressed into tablets. When the tablets are orally administered, the cellulose ethers in the tablets swell upon hydration from moisture in the digestive system, thereby limiting exposure of the active ingredient to moisture. As the cellulose ethers are gradually leached away by moisture, water more deeply penetrates the gel matrix and the active ingredient slowly dissolves and diffuses through the gel, making it available for absorption by the body. An example of such a sustained release dosage form of the analgesic/anti-inflammatory drug etodolac (Lodine®) appears in U.S. Pat. No. 4,966,768. U.S. Pat. No. 4,389,393 discloses sustained release therapeutic compressed solid unit dose forms of an active ingredient plus a carrier base comprised of a high molecular weight hydroxypropylmethylcellulose, methyl cellulose, sodium carboxymethylcellulose and or other cellulose ether.

Where the production of tablets is not feasible, it is conventional in the drug industry to prepare encapsulated drug formulations which provide extended or sustained release properties. In this situation, the extended release capsule dosage forms may be formulated by mixing the drug with one or more binding agents to form a uniform mixture which is then moistened with water or a solvent such as ethanol to form an extrudable plastic mass from which small diameter, typically 1 mm, cylinders of drug/matrix are extruded, broken into appropriate lengths and transformed into spheroids using standard spheronization equipment. The spheroids, after drying, may then be film-coated to retard dissolution. The film-coated spheroids may then be placed in pharmaceutically acceptable capsules, such as starch or gelatin capsules, in the quantity needed to obtain the desired therapeutic effect. Spheroids releasing the drug at different rates may be combined in a capsule to obtain desired release rates and blood levels. U.S. Pat. No. 4,138,475 discloses a sustained release pharmaceutical composition consisting of a hard gelatin capsule filled with film-coated spheroids comprised of propanolol in admixture with microcrystalline cellulose wherein the film coating is composed of ethyl cellulose, optionally, with hydroxypropylmethylcellulose and/or a plasticizer.

Venlafaxine, 1-[2-(dimethylamino)-1-(4-methoxyphenyl)ethyl]cyclohexanol, is an important drug in the neuropharmacological arsenal used for treatment of depression. Venlafaxine and the acid addition salts thereof are disclosed in U.S. Pat. No. 4,535,186. Venlafaxine hydrochloride is presently administered to adults in compressed tablet form in doses ranging from 75 to 350 mg/day, in divided doses two

or three times a day. In therapeutic dosing with venlafaxine hydrochloride tablets, rapid dissolution results in a rapid increase in blood plasma levels of the active compound shortly after administration followed by a decrease in blood plasma levels over several hours as the active compound is eliminated or metabolized, until sub-therapeutic plasma levels are approached after about twelve hours following administration, thus requiring additional dosing with the drug. With the plural daily dosing regimen, the most common side effect is nausea, experienced by about forty five percent of patients under treatment with venlafaxine hydrochloride. Vomiting also occurs in about seventeen percent of the patients.

### BRIEF DESCRIPTION OF THE INVENTION

In accordance with this invention, there is provided an extended release (ER), encapsulated formulation containing venlafaxine hydrochloride as the active drug component, which provides in a single dose, a therapeutic blood serum level over a twenty four hour period.

Through administration of the venlafaxine formulation of this invention, there is provided a method for obtaining a flattened drug plasma concentration to time profile, thereby affording a tighter plasma therapeutic range control than can be obtained with multiple daily dosing. In other words, this invention provides a method for eliminating the sharp peaks and troughs (hills and valleys) in blood plasma drug levels induced by multiple daily dosing with conventional immediate release venlafaxine hydrochloride tablets. In essence, the plasma levels of venlafaxine hydrochloride rise, after administration of the extended release formulations of this invention, for between about five to about eight hours (optimally about six hours) and then begin to fall through a protracted, substantially linear decrease from the peak plasma level for the remainder of the twenty four hour period, maintaining at least a threshold therapeutic level of the drug during the entire twenty-four period. In contrast, the conventional immediate release venlafaxine hydrochloride tablets give peak blood plasma levels in 2 to 4 hours. Hence, in accordance with the use aspect of this invention, there is provided a method for moderating the plural blood plasma peaks and valleys attending the pharmacokinetic utilization of multiple daily tablet dosing with venlafaxine hydrochloride which comprises administering to a patient in need of treatment with venlafaxine hydrochloride, a one-a-day, extended release formulation of venlafaxine hydrochloride.

The use of the one-a-day venlafaxine hydrochloride formulations of this invention reduces by adaptation, the level of nausea and incidence of emesis that attend the administration of multiple daily dosing. In clinical trials of venlafaxine hydrochloride ER, the probability of developing nausea in the course of the trials was greatly reduced after the first week. Venlafaxine ER showed a statistically significant improvement over conventional venlafaxine hydrochloride tablets in two eight-week and one 12 week clinical studies. Thus, in accordance with this use aspect of the invention there is provided a method for reducing the level of nausea and incidence of emesis attending the administration of venlafaxine hydrochloride which comprises dosing a patient in need of treatment with venlafaxine hydrochloride with an extended release formulation of venlafaxine hydrochloride once a day in a therapeutically effective amount.

The formulations of this invention comprise an extended release formulation of venlafaxine hydrochloride comprising a therapeutically effective amount of venlafaxine hydro-

chloride in spheroids comprised of venlafaxine hydrochloride, microcrystalline cellulose and, optionally, hydroxypropylmethylcellulose coated with a mixture of ethyl cellulose and hydroxypropylmethylcellulose. Unless otherwise noted, the percentage compositions mentioned herein refer to percentages of the total weight of the final composition or formulation.

More particularly, the extended release formulations of this invention are those above wherein the spheroids are comprised of from about 6% to about 40% venlafaxine hydrochloride by weight, about 50% to about 95% microcrystalline cellulose, NF, by weight, and, optionally, from about 0.25% to about 1% by weight of hydroxypropylmethylcellulose, USP, and coated with from about 2% to about 12% of total weight of film coating comprised of from about 80% to about 90% by weight of film coating of ethyl cellulose, NF, and from about 10% to about 20% by weight of film coating of hydroxypropylmethylcellulose, USP.

A preferred embodiment of this invention are formulations wherein the spheroids are comprised of about 30% to about 40% venlafaxine hydrochloride by weight, about 50% to about 70% microcrystalline cellulose, NF, by weight, and, optionally, from about 0.25% to about 1% by weight of hydroxypropylmethylcellulose, USP, and coated with from about 2% to about 12% of total weight of film coating comprised of from about 80% to about 90% by weight of film coating of ethyl cellulose, NF, and from about 10% to about 20% by weight of film coating of hydroxypropylmethylcellulose, USP.

Another preferred lower dose formulation of this invention are those wherein the spheroids are comprised less than 30% venlafaxine hydrochloride. These formulations comprise spheroids of from about 6% to about 30% venlafaxine hydrochloride by weight, about 70% to about 94% microcrystalline cellulose, NF, by weight, and, optionally, from about 0.25% to about 1% by weight of hydroxypropylmethylcellulose, USP, and coated with from about 2% to about 12% of total weight of film coating comprised of from about 80% to about 90% by weight of film coating of ethyl cellulose, NF, and from about 10% to about 20% by weight of film coating of hydroxypropylmethylcellulose, USP.

Within this subgroup of lower dose formulations are formulations in which the spheroids are comprised of from about 6% to about 25% venlafaxine hydrochloride and from about 94% to about 75% microcrystalline cellulose, with an optional amount of from 0.25% to about 1% by weight of hydroxypropylmethylcellulose. Another preferred subgroup of spheroids in these formulations comprises from about 6% to about 25% venlafaxine hydrochloride and from about 94% to about 75% microcrystalline cellulose, with an optional amount of from 0.25% to about 1% by weight of hydroxypropylmethylcellulose. A further preferred subgroup of spheroids in these formulations comprises from about 6% to about 20% venlafaxine hydrochloride and from about 94% to about 80% microcrystalline cellulose, with an optional amount of from 0.25% to about 1% by weight of hydroxypropylmethylcellulose. Within each of these subgroups is understood to be formulations in which the spheroids are comprised of venlafaxine HCl and microcrystalline cellulose in the amounts indicated, with no hydroxypropylmethylcellulose present. Each of these formulations is also preferably contained in a gelatin capsule, preferably a hard gelatin capsule.

## DETAILED DESCRIPTION OF THE INVENTION

1-[2-(dimethylamino)-1-(4-methoxyphenyl)ethyl] cyclohexanol hydrochloride is polymorphic. Of the forms isolated and characterized to date, Form I is considered to be the kinetic product of crystallization which can be converted to Form II upon heating in the crystallization solvent. Forms I and II cannot be distinguished by their melting points but do exhibit some differences in their infrared spectra and X-ray diffraction patterns. Any of the polymorphic forms such as Form I or Form II may be used in the formulations of the present invention.

The extended release formulations of this invention are comprised of 1-[2-(dimethylamino)-1-(4-methoxyphenyl) ethyl] cyclohexanol hydrochloride in admixture with microcrystalline cellulose and hydroxypropylmethylcellulose. Formed as beads or spheroids, the drug containing formulation is coated with a mixture of ethyl cellulose and hydroxypropylmethyl cellulose to provide the desired level of coating, generally from about two to about twelve percent on a weight/weight basis of final product or more preferably from about five to about ten percent (w/w), with best results obtained at from about 6 to about 8 percent (w/w). More specifically, the extended release spheroid formulations of this invention comprise from about 30 to 40 percent venlafaxine hydrochloride, from about 50 to about 70 percent microcrystalline cellulose, NF, from about 0.25 to about 1 percent hydroxypropylmethylcellulose, USP, and from about 5 to about 10 percent film coating, all on a weight/weight basis. And preferably, the spheroid formulations contain about 35 percent venlafaxine hydrochloride, about 55 to 60 percent microcrystalline cellulose NF (Avicel® PH101), about one half percent hydroxypropylmethylcellulose 2208 USP (K3, Dow, which has a viscosity of 3 cps for 2% aqueous solutions, a methoxy content of 19–24% and a hydroxypropoxy content of 4–13%), and from about 6 to 8 percent film coating.

The film coating is comprised of 80 to 90 percent of ethyl cellulose, NF and 10 to 20 percent hydroxypropylmethylcellulose (2910), USP on a weight/weight basis. Preferably the ethyl cellulose has a ethoxy content of 44.0–51% and a viscosity of 50 cps for a 5% aqueous solution and the hydroxypropylmethylcellulose is USP 2910 having a viscosity of 6 cps at 2% aqueous solution with a methoxy content of 28–30% and a hydroxypropoxy content of 7–12%. The ethyl cellulose used herein is Aqualon HG 2834.

Other equivalents of the hydroxypropylmethylcelluloses 2208 and 2910 USP and ethyl cellulose, NF, having the same chemical and physical characteristics as the proprietary products named above may be substituted in the formulation without changing the inventive concept. Important characteristics of suitable hydroxypropylmethylcelluloses include a low viscosity, preferably less than 10 cps and more preferably 2–5 cps, and a gel temperature above that of the temperature of the extrudate during extrusion. As explained below, these and other characteristics which enable the extrudate to remain moist and soft (pliable) are preferred for the hydroxypropylmethylcellulose. In the examples below, the extrudate temperature was generally 50–55° C.

It was completely unexpected that an extended release formulation containing venlafaxine hydrochloride could be obtained because the hydrochloride of venlafaxine proved to be extremely water soluble. Numerous attempts to produce extended release tablets by hydrogel technology proved to be fruitless because the compressed tablets were either physically unstable (poor compressibility or capping problems) or dissolved too rapidly in dissolution studies. Typically, the tablets prepared as hydrogel sustained release formulations gave 40–50% dissolution at 2 hrs, 60–70% dissolution at 4 hrs and 85–100% dissolution at 8 hrs.

Numerous spheroid formulations were prepared using different grades of microcrystalline cellulose and hydroxypropylmethylcellulose, different ratios of venlafaxine hydrochloride and filler, different binders such as polyvinylpyrrolidone, methylcellulose, water, and polyethylene glycol of different molecular weight ranges in order to find a formulation which would provide a suitable granulation mix which could be extruded properly. In the extrusion process, heat buildup occurred which dried out the extrudate so much that it was difficult to convert the extruded cylinders into spheroids. Addition of hydroxypropylmethylcellulose 2208 to the venlafaxine hydrochloride-microcrystalline cellulose mix made production of spheroids practical.

The encapsulated formulations of this invention may be produced in a uniform dosage for a specified dissolution profile upon oral administration by techniques understood in the art. For instance, the spheroid components may be blended for uniformity with a desired concentration of active ingredient, then spheronized and dried. The resulting spheroids can then be sifted through a mesh of appropriate pore size to obtain a spheroid batch of uniform and prescribed size.

The resulting spheroids can be coated and resifted to remove any agglomerates produced in the coating steps. During the coating process samples of the coated spheroids may be tested for their distribution profile. If the dissolution occurs too rapidly, additional coating may be applied until the spheroids present a desired dissolution rate.

The following examples are presented to illustrate applicant's solution to the problem of preparation of the extended release drug containing formulations of this invention.

EXAMPLE NO. 1

Venlafaxine Hydrochloride Extended Release Capsules

A mixture of 44.8 parts (88.4% free base) of venlafaxine hydrochloride, 74.6 parts of the microcrystalline cellulose, NF, and 0.60 parts of hydroxypropylmethyl cellulose 2208, USP, are blended with the addition of 41.0 parts water. The plastic mass of material is extruded, spheronized and dried to provide uncoated drug containing spheroids.

Stir 38.25 parts of ethyl cellulose, NF, HG2834 and 6.75 parts of hydroxypropylmethylcellulose 2910, USP in a 1:1 v/v mixture of methylene chloride and anhydrous methanol until solution of the film coating material is complete.

To a fluidized bed of the uncoated spheroids is applied 0.667 parts of coating solution per part of uncoated spheroids to obtain extended release, film coated spheroids having a coating level of 3%.

The spheroids are sieved to retain the coated spheroids of a particle size between 0.85 mm to 1.76 mm diameter. These selected film coated spheroids are filled into pharmaceutically acceptable capsules conventionally, such as starch or gelatin capsules.

EXAMPLE NO. 2

Same as for Example 1 except that 1.11 parts of the film coating solution per part of uncoated spheroids is applied to obtain a coating level of 5%.

EXAMPLE NO. 3

Same as for Example 1 except that 1.33 parts of the film coating solution is applied to 1 part of uncoated spheroids to obtain a coating level of 6%.

EXAMPLE NO. 4

Same as for Example 1 except that 1.55 parts of the film coating solution is applied to 1 part of uncoated spheroids to obtain a coating level of 7%.

In the foregoing failed experiments and in Examples 1–4, the extrusion was carried out on an Alexanderwerk extruder. Subsequent experiments carried out on Hutt and Nica extruders surprisingly demonstrated that acceptable, and even improved, spheroids could be made without the use of an hydroxypropylmethylcellulose.

In such further experiments the applicability of the invention was extended to formulations wherein the weight percentage of venlafaxine hydrochloride is 6% to 40%, preferably 8% to 35%. Thus, the extended release spheroid formulations of this invention comprise from about 6 to about 40 percent venlafaxine hydrochloride, from about 50 to about 94 percent microcrystalline cellulose, NF, optionally, from about 0.25 to about 1 percent hydroxypropylmethylcellulose, and from about 2 to about 12 percent, preferably about 3 to 9 percent, film coating.

Spheroids of the invention were produced having 8.25% (w/w) venlafaxine hydrochloride and the remainder (91.75%, w/w) being microcrystalline cellulose, with a coating of from 3 to 5% (w/w), preferably 4%, of the total weight. The spheroids with 8.25% venlafaxine hydrochloride and 4% coating were filled into No. 2 white opaque shells with a target fill weight of 236 mg.

Further spheroids of the invention were produced having 16.5% (w/w) venlafaxine hydrochloride and the remainder (83.5%, w/w) being microcrystalline cellulose, with a coating of from 4 to 6% (w/w), preferably 5%, of the total weight. The spheroids 16.5% venlafaxine hydrochloride and 5% coating were filled into No. 2 white opaque shells with a target fill weight of 122 mg.

The test for acceptability of the coating level is determined by analysis of the dissolution rate of the finished coated spheroids prior the encapsulation. The dissolution procedure followed uses USP Apparatus 1 (basket) at 100 rpm in purified water at 37° C.

Conformance with the dissolution rate given in Table 1 provides the twenty-four hour therapeutic blood levels for the drug component of the extended release capsules of this invention in capsule form. Where a given batch of coated spheroids relases drug too slowly to comply with the desired dissolution rate study, a portion of uncoated spheroids or spheroids with a lower coating level may be added to the batch to provide, after thorough mixing, a loading dose for rapid increase of blood drug level. A batch of coated spheroids that releases the drug too rapidly can receive additional film-coating to give the desired dissolution profile.

TABLE 1

Acceptable Coated Spheroid Dissolution Rates

| Time (hours) | Average % Venlafaxine HCl released |
|---|---|
| 2 | <30 |
| 4 | 30–55 |
| 8 | 55–80 |
| 12 | 65–90 |
| 24 | >80 |

Batches of the coated venlafaxine hydrochloride containing spheroids which have a dissolution rate corresponding to

that of Table 1 are filled into pharmaceutically acceptable capsules in an amount needed to provide the unit dosage level desired. The standard unit dosage immediate release (IR) tablet used presently provides amounts of venlafaxine hydrochloride equivalent to 25 mg, 37.5 mg, 50 mg, 75 mg and 100 mg venlafaxine. The capsules of this invention are filled to provide an amount of venlafaxine hydrochloride equivalent to that presently used in tablet form and also up to about 150 mg venlafaxine hydrochloride.

Dissolution of the venlafaxine hydrochloride ER capsules is determined as directed in the U.S. Pharmacopoeia (USP) using apparatus 1 at 100 rpm on 0.9 L of water. A filtered sample of the dissolution medium is taken at the times specified. The absorbance of the clear solution is determined from 240 to 450 nanometers (nm) against the dissolution medium. A baseline is drawn from 450 nm through 400 nm and extended to 240 nm. The absorbance at the wavelength of maximum absorbance (about 274 nm) is determined with respect to this baseline. Six hard gelatin capsules are filled with the theoretical amount of venlafaxine hydrochloride spheroids and measured for dissolution. Standard samples consist of venlafaxine hydrochloride standard solutions plus a gelatin capsule correction solution.

The percentage of venlafaxine released is determined from the equation

$$\%\ \textit{Venlafaxine hydrochloride released} = \frac{(As)(Wr)(S)(V1)(0.888)(100)}{(Ar)(V2)(C)}$$

where As is absorbance of sample preparation, Wr is weight of reference standard, mg; S is strength of the reference standard, decimal; V1 is the volume of dissolution medium used to dissolve the dosage form, mL; 0.884 is the percent free base, Ar is the absorbance of the standard preparation, V2 is the volume of reference standard solution, mL; and C is the capsule claim in mg.

Table 2 shows the plasma level of venlafaxine versus time for one 75 mg conventional Immediate Release (IR) tablet administered every 12 hours, two 75 mg extended release (ER) capsules administered simultaneously every 24 hours, and one 150 mg extended release (ER) capsule administered once every 24 hours in human male subjects. The subjects were already receiving venlafaxine hydrochloride according to the dosage protocol, thus the plasma blood level at zero time when dosages were administered is not zero.

TABLE 2

| | Plasma venlafaxine level (ng/mL) versus time, conventional tablet (not extended release) versus ER capsule | | |
|---|---|---|---|
| Time (hours) | 75 mg (IR) tablet (q 12h) | 2 × 75 mg (ER) capsules (q 24hr) | 1 × 150 mg (ER) capsules (q 24h) |
| 0 | 62.3 | 55.0 | 55.8 |
| 0.5 | 76.3 | | |
| 1 | 135.6 | 53.3 | 53.2 |
| 2 | 212.1 | 69.8 | 70.9 |
| 4 | 162.0 | 138.6 | 133.3 |
| 6 | 114.6 | 149.0 | 143.5 |
| 8 | 86.7 | 129.3 | 129.5 |
| 10 | | 118.4 | 114.4 |
| 12 | 51.9 | 105.1 | 105.8 |
| 12.5 | 74.7 | | |
| 13 | 127.5 | | |
| 14 | 161.3 | 90.5 | 91.3 |
| 16 | 134.6 | 78.2 | 78.5 |

TABLE 2-continued

| | Plasma venlafaxine level (ng/mL) versus time, conventional tablet (not extended release) versus ER capsule | | |
|---|---|---|---|
| Time (hours) | 75 mg (IR) tablet (q 12h) | 2 × 75 mg (ER) capsules (q 24hr) | 1 × 150 mg (ER) capsules (q 24h) |
| 18 | 106.2 | | |
| 20 | 83.6 | 62.7 | 63.3 |
| 24 | 57.6 | 56.0 | 57.3 |

Table 2 shows that the plasma levels of two 75 mg/capsule venlafaxine hydrochloride ER capsules and one 150 mg/capsule venlafaxine hydrochloride ER capsule provide very similar blood levels. The data also show that the plasma level after 24 hours for either extended release regimen is very similar to that provided by two immediate release 75 mg tablets of venlafaxine hydrochloride administered at 12 hour intervals.

Further, the plasma levels of venlafaxine obtained with the extended release formulation do not increase to the peak levels obtained with the conventional immediate release tablets given 12 hours apart. The peak level of venlafaxine from (ER), somewhat below 150 ng/ml, is reached in about six hours, plus or minus two hours, based upon this specific dose when administered to patients presently under treatment with venlafaxine hydrochloride (IR). The peak plasma level of venlafaxine, somewhat over 200 ng/ml, following administration of (IR) is reached in two hours and falls rapidly thereafter.

Table 3 shows venlafaxine blood plasma levels in male human subjects having a zero initial blood plasma level. Again, a peak blood plasma concentration of venlafaxine is seen at about 6 hours after dosing with venlafaxine hydrochloride extended release capsules in the quantities indicated. The subjects receiving the single 50 mg immediate release tablet showed a peak plasma level occurring at about 4 hours. For comparative purposes, the plasma levels of venlafaxine for subjects receiving the conventional formulated tablet can be multiplied by a factor of three to approximate the plasma levels expected for a single dose of 150 mg. conventional formulation.

TABLE 3

| | Plasma Blood Levels in Human Males Having No Prior Venlafaxine Blood Level | | |
|---|---|---|---|
| Time (Hours) | 1 × 50 mg IR tablet | 2 × 75 mg ER capsules | 1 × 150 mg ER capsules |
| 0 | 0 | 0 | 0 |
| 1 | 27.87 | 1.3 | 0 |
| 1.5 | 44.12 | 6.0 | 2.2 |
| 2 | 54.83 | 20.6 | 12.8 |
| 4 | 66.38 | 77.0 | 81.0 |
| 6 | 49.36 | 96.5 | 94.4 |
| 8 | 30.06 | 93.3 | 86.9 |
| 10 | 21.84 | 73.2 | 72.8 |
| 12 | 15.91 | 61.3 | 61.4 |
| 14 | 13.73 | 52.9 | 51.9 |
| 16 | 10.67 | 47.5 | 41.1 |
| 20 | 5.52 | 35.2 | 34.0 |
| 24 | 3.56 | 29.3 | 28.5 |
| 28 | 2.53 | 23.4 | 22.9 |
| 36 | 1.44 | 11.9 | 13.5 |
| 48 | 0.66 | 5.8 | 5.2 |

The blood plasma levels of venlafaxine were measured according to the following procedure. Blood samples from

the subjects were collected in heparinized evacuated blood tubes and the tubes were inverted gently several times. As quickly as possible, the tubes were centrifuged at 2500 rpm for 15 minutes. The plasma was to plastic tubes and stored at −20° C. until analysis could be completed.

To 1 mL of each plasma sample in a plastic tube was added 150 μL of a stock internal standard solution (150 μg/ml). Saturated sodium borate (0.2 mL) solution was added to each tube and vortexed. Five mL of ethyl ether was added to each tube which were then capped and shaken for 10 minutes at high speed. The tubes were centrifuged at 3000 rpm for 5 minutes. The aqueous layer was frozen in dry ice and the organic layer transferred to a clean screw cap tube. A 0.3 mL portion of 0.01 N HCl solution was added to each tube and shaken for 10 minutes at high speed. The aqueous layer was frozen and the organic layer removed and discarded. A 50 μL portion of the mobile phase (23:77 acetonitrile:0.1M monobasic ammonium phosphate buffer, pH 4.4) was added to each tube, vortexed, and 50 μL samples were injected on a Supelco Supelcoil LC-8-DB, 5 cm×4.6 mm, 5 μ column in a high pressure liquid chromatography apparatus equipped with a Waters Lambda Max 481 detector or equivalent at 229 nm. Solutions of venlafaxine hydrochloride at various concentrations were used as standards.

## EXAMPLE NO. 5

Manufactured by the techniques described herein, another preferred formulation of this invention comprises spheroids of from about 30% to about 35% venlafaxine hydrochloride and from about 0.3% to about 0.6% hydroxypropylmethylcellulose. These spheroids are then coated with a film coating, as described above, to a coating level of from about 5% to about 9%, preferably from about 6% to about 8%. A specific formulation of this type comprises spheroids of about 33% venlafaxine hydrochloride and about 0.5% hydroxypropylmethylcellulose, with a film coating of about 7%.

Lower dosage compositions or formulations of this invention may also be produced by the techniques described herein. These lower dosage forms may be administered alone for initial titration or initiation of treatment, prior to a dosage increase. They may also be used for an overall low-dose administration regimen or in combination with higher dosage compositions, such as capsule formulations, to optimize individual dosage regimens.

These lower dose compositions may be used to create encapsulated formulations, such as those containing doses of venlafaxine hydrochloride from about 5 mg to about 50 mg per capsule. Particular final encapsulated dosage forms may include, but are not limited to, individual doses of 7.5 mg, 12.5 mg, 18.75 mg, or 28.125 mg of venlafaxine HCl per capsule.

The spheroids useful in these lower dose formulations may comprise from about 5% to about 29.99% venlafaxine HCl, preferably from about 5% to about 25%, from about 75% to about 95% microcrystalline cellulose, and, optionally from about 0.25% to about 1.0% hydroxypropylmethylcellulose. The spheroids may be coated as described above, preferably with a film coating of from about 5% to about 10% by weight. In some preferred formulations, the spheroids comprise the cited venlafaxine HCl and microcrystalline cellulose, with no hydroxypropylmethyl cellulose.

## EXAMPLE NO. 6

Spheroids comprising 16.5% venlafaxine HCl and 83.5% microcrystalline cellulose were mixed with approximately 50% water (w/w) to granulate in a Littleford Blender Model FM-50E/1Z (Littleford Day Inc., P.O. Box 128, Florence, Ky. 41022-0218, U.S.A.) at a fixed speed of 180 rpm. The blended material was extruded through a 1.25 mm screen using a Nica extruder/speronization machine (Aeromatic-Fielder Division, Niro Inc., 9165 Rumsey Rd., Columbia, Md. 21045, U.S.A.) for a 12/20 mesh cut after drying. Two portions of the resulting spheroids were coated with a 5% and 7% coating level, respectively, by techniques described above using the coating formulation:

| Ingredient | % (w/w) |
|---|---|
| Methylene Chloride | 60.000 |
| Methanol Anhydrous | 35.500 |
| Ethylcellulose, NF, HG 2834, 50 cps | 3.825 |
| Hydroxypropyl Methylcellulose, 2910 USP, 6 cps | 0.675 |

These 5% and 7% coated lots were tested for dissolution on a Hewlett Packard automated dissolution system over a 24 hour period, resulting in the following dissolution patterns:

| Time/hr | % Dissoluded 16.5%/5% | % Dissolved 16.5%/7% |
|---|---|---|
| 2 | 12.4 | 5.6 |
| 4 | 42.8 | 25.4 |
| 8 | 70.7 | 60.4 |
| 12 | 82.2 | 75.4 |
| 24 | 94.3 | 92.7 |

A formulation of spheroids containing 8.25% venlafaxine HCl and 91.75% microcrystalline cellulose was prepared according to the techniques of Example No. 6 and coated with a 5% film coating. In the Hewlett Packard automated dissolution system these spheroids provided the following dissolution profile:

| Time/hr | % Dissolved 8.25%/5% |
|---|---|
| 2 | 4.4 |
| 4 | 24.2 |
| 8 | 62.9 |
| 12 | 77.8 |
| 24 | 93.5 |

Thus, the desired dissolution rates of sustained release dosage forms of venlafaxine hydrochloride, impossible to achieve with hydrogel tablet technology, has been achieved with the film-coated spheroid compositions of this invention.

What is claimed is:

1. A method for providing a therapeutic blood plasma concentration of venlafaxine over a twenty-four hour period with diminished incidence of nausea and emesis which comprises administering orally to a patient in need thereof, an extended release formulation that a peak blood plasma level of venlafaxine in from about 4 to about 8 hours. said formulation containing venlafaxine hydrochloride as the active ingredient.

2. A method for eliminating the troughs and peaks of drug concentration in a patient's blood plasma attending the therapeutic metabolism of plural daily doses of venlafaxine

hydrochloride which comprises administering orally to a patient in need thereof, extended release formulation that provides a peak blood plasma level of venlafaxine in from about 4 to about 8 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

3. A method for providing a therapeutic drug plasma concentration of venlafaxine over a twenty-four hour period with diminished incidence of nausea and emesis which comprises administering orally to a patient in need thereof, an extended release formulation that provides a peak blood plasma level of venlafaxine in from about 5 to about 8 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

4. A method for providing a therapeutic drug plasma concentration of venlafaxine over a twenty-four hour period with diminished incidence of nausea and emesis which comprises administering orally to a patient in need thereof, an extended release formulation that provides a peak blood plasma level of venlafaxine in about 6 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

5. A method for eliminating the troughs and peaks of drug concentration in a patient's blood plasma attending the therapeutic metabolism of plural daily doses of venlafaxine hydrochloride which comprises administering orally to a patient in need thereof, an extended release formulation that provides a peak blood plasma level of venlafaxine in from about 5 to about 8 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

6. A method for eliminating the troughs and peaks of drug concentration in a patient's blood plasma attending the therapeutic metabolism of plural daily doses of venlafaxine hydrochloride which comprises administering orally to a patient in need thereof, an extended release formulation that provides a peak blood plasma level of venlafaxine in about 6 hours, said formulation containing venlafaxine hydrochloride as the active ingredient.

* * * * *



# SEARCHED

| Class | Sub. | Date | Exmr. |
|---|---|---|---|
| 424 | 495 | 1-13-02 | gspear |
| | 494 | | |
| | 461 | | |
| | 458 | | |
| | 459 | | |
| | 457 | | |
| | 456 | | |
| | 462 | | |
| | 489 | | |
| Above | To Date | 5-6-02 | gspear |

# SEARCH NOTES
(INCLUDING SEARCH STRATEGY)

| | Date | Exmr. |
|---|---|---|
| WEST 2.0 | 1-13-02 | gspear |

## INTERFERENCE SEARCHED

| Class | Sub. | Date | Exmr. |
|---|---|---|---|
| 424 | 495 | 5-6-02 | gspear |
| | 494 | | |
| | 461 | | |
| | 458 | | |
| | 459 | | |
| | 457 | | |
| | 456 | | |
| | 462 | | |
| | 489 | " | " |

(RIGHT OUTSIDE)

WYETH 002-000556



# CLASSIFICATION NOTES

| Examiner/ Classifier | Class | Date | Initials |
|---|---|---|---|
| | | | |

ATTACH
DISK/FICHE/CD-ROM
ENVELOPE
HERE

(RIGHT INSIDE)

WYETH 002-000558

ISSUE SLIP STAPLE AREA (for additional cross references)

| POSITION | INITIALS | ID NO. | DATE |
|---|---|---|---|
| | | | |
| FEE DETERMINATION | JL | | 6-22-01 |
| O.I.P.E. CLASSIFIER | | 19 | 7 3 01 |
| FORMALITY REVIEW | JAD | 110 | 8-10-01 |
| RESPONSE FORMALITY REVIEW | | | |
| | | | |

## INDEX OF CLAIMS

✔ ................................ Rejected
= ................................ Allowed
— (Through numeral)... Canceled
÷ ................................ Restricted
N ................................ Non-elected
I ................................ Interference
A ................................ Appeal
O ................................ Objected

| Final | Original | Date: 1/13/02 | Date: 5/16/02 |
|---|---|---|---|
| | 1 | ✓ | |
| | 2 | | |
| | 3 | | |
| | 4 | | |
| | 5 | | |
| | 6 | | |
| | 7 | | |
| | 8 | | |
| | 9 | | |
| | 10 | | |
| | 11 | | |
| | 12 | | |
| | 13 | | |
| | 14 | | |
| | 15 | | |
| | 16 | | |
| | 17 | | |
| | 18 | | |
| | 19 | | |
| | 20 | | |
| | 21 | | |
| | 22 | | |
| 1 | 23 | ✓ | = |
| 2 | 24 | ✓ | = |
| 3 | 25 | | = |
| 4 | 26 | | = |
| 5 | 27 | | = |
| 6 | 28 | | = |
| | 29 | | |
| | 30 | | |
| | 31 | | |
| | 32 | | |
| | 33 | | |
| | 34 | | |
| | 35 | | |
| | 36 | | |
| | 37 | | |
| | 38 | | |
| | 39 | | |
| | 40 | | |
| | 41 | | |
| | 42 | | |
| | 43 | | |
| | 44 | | |
| | 45 | | |
| | 46 | | |
| | 47 | | |
| | 48 | | |
| | 49 | | |
| | 50 | | |

| Final | Original | Date |
|---|---|---|
| | 51 | |
| | 52 | |
| | 53 | |
| | 54 | |
| | 55 | |
| | 56 | |
| | 57 | |
| | 58 | |
| | 59 | |
| | 60 | |
| | 61 | |
| | 62 | |
| | 63 | |
| | 64 | |
| | 65 | |
| | 66 | |
| | 67 | |
| | 68 | |
| | 69 | |
| | 70 | |
| | 71 | |
| | 72 | |
| | 73 | |
| | 74 | |
| | 75 | |
| | 76 | |
| | 77 | |
| | 78 | |
| | 79 | |
| | 80 | |
| | 81 | |
| | 82 | |
| | 83 | |
| | 84 | |
| | 85 | |
| | 86 | |
| | 87 | |
| | 88 | |
| | 89 | |
| | 90 | |
| | 91 | |
| | 92 | |
| | 93 | |
| | 94 | |
| | 95 | |
| | 96 | |
| | 97 | |
| | 98 | |
| | 99 | |
| | 100 | |

| Final | Original | Date |
|---|---|---|
| | 101 | |
| | 102 | |
| | 103 | |
| | 104 | |
| | 105 | |
| | 106 | |
| | 107 | |
| | 108 | |
| | 109 | |
| | 110 | |
| | 111 | |
| | 112 | |
| | 113 | |
| | 114 | |
| | 115 | |
| | 116 | |
| | 117 | |
| | 118 | |
| | 119 | |
| | 120 | |
| | 121 | |
| | 122 | |
| | 123 | |
| | 124 | |
| | 125 | |
| | 126 | |
| | 127 | |
| | 128 | |
| | 129 | |
| | 130 | |
| | 131 | |
| | 132 | |
| | 133 | |
| | 134 | |
| | 135 | |
| | 136 | |
| | 137 | |
| | 138 | |
| | 139 | |
| | 140 | |
| | 141 | |
| | 142 | |
| | 143 | |
| | 144 | |
| | 145 | |
| | 146 | |
| | 147 | |
| | 148 | |
| | 149 | |
| | 150 | |

If more than 150 claims or 10 actions staple additional sheet here

(LEFT INSIDE)

WYETH 002-000559



09884412

jc978 U.S. PTO
09/884412
06/19/01

INITIALS JUL 03 0114

# CONTENTS

| | Date Received (Incl. C. of M.) or Date Mailed | | Date Received (Incl. C. of M.) or Date Mailed |
|---|---|---|---|
| 1. Application O.K.-t papers. | | 42. | |
| 2. Pre-Amdt-A | 6-19-01 | 43. | |
| 3. IDS | 6-19-01 | 44. | |
| 4. Rejection (3mo) | 01/14/02 | 45. | |
| 5. Amdt B | 4/15/02 | 46. | |
| 6. Terminal Discl. | 4-15-02 | 47. | |
| 7. Allowance | 05.07.02 | 48. | |
| 8. | | 49. | |
| 9. | | 50. | |
| 10. | | 51. | |
| 11. | | 52. | |
| 12. | | 53. | |
| 13. | | 54. | |
| 14. | | 55. | |
| 15. | | 56. | |
| 16. | | 57. | |
| 17. | | 58. | |
| 18. | | 59. | |
| 19. | | 60. | |
| 20. | | 61. | |
| 21. | | 62. | |
| 22. | | 63. | |
| 23. | | 64. | |
| 24. | | 65. | |
| 25. | | 66. | |
| 26. | | 67. | |
| 27. | | 68. | |
| 28. | | 69. | |
| 29. | | 70. | |
| 30. | | 71. | |
| 31. | | 72. | |
| 32. | | 73. | |
| 33. | | 74. | |
| 34. | | 75. | |
| 35. | | 76. | |
| 36. | | 77. | |
| 37. | | 78. | |
| 38. | | 79. | |
| 39. | | 80. | |
| 40. | | 81. | |
| 41. | | 82. | |

m 1-14

(LEFT OUTSIDE)

WYETH 002-000560

1 COVERBIND® COVER 1-800-366-6060
1/2" PTO 1683-5 for 91 to 120 sheets

U.S. DEPARTMENT OF COMMERCE • PATENT & TRADEMARK OFFICE •

WYETH 002-000561

WYETH 002-000562

PTO-1683
(Rev. 7-96)