# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

May 16, 2007

Hon. Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 N. King Street
Wilmington, DE  19801

      Re:    Wyeth v. Impax Laboratories, Inc.
               C.A. No. 06-222 (JJF)

Dear Judge Farnan:

      Notwithstanding the provision of paragraph 9 of the Scheduling Order, Impax last night submitted to the Court a letter concerning its request for a telephone conference regarding its Rule 30(b)(6) deposition notice, in addition to the email it sent to the Court earlier in the day. If the Court is going to consider that letter, we respectfully request permission to submit this response.

      As set forth below, in an attempt to get the last word on claim construction, Impax has manufactured a dispute where none existed before the end of last week. Specifically, in mid-April, shortly after receiving the Court's Order, Wyeth approached Impax regarding deposition scheduling in conjunction with the upcoming Markman briefing. On April 19, the parties agreed to submit opposition Markman briefs on May 25, without reply briefs. Impax said nothing at that time about any need to complete the Rule 30(b)(6) deposition (or prioritizing any specific topics) prior to the filing of the opposition briefs.

      On April 27, Wyeth provided Impax with the names of three Rule 30(b)(6) witnesses and dates they would be available -- May 11, 17, 18 and 31. This proposal thus included dates after what Impax now says was a May 14 deadline for completing all thirty-two topics of the Rule 30(b)(6) deposition and after the May 25 date for the parties' Markman opposition briefs. On May 3, Wyeth asked Impax whether it would accept the proposed dates. Impax accepted certain proposed dates after May 14, and also declined certain dates before May 14. Impax expressed no concern whatsoever about the completion of the deposition after May 14 or before the completion of Markman briefing.

Opening Markman Briefs were filed on May 8. Then, last Thursday, May 10, for the first time, Impax raised with Wyeth its desire to prioritize and proceed with certain categories of its 30(b)(6) Notice before the May 25 Markman opposition briefs. In its letter to the Court, Impax says that its "only goal is to be able to use the 30(b)(6) deposition in support of its claim construction briefing." That plainly was not Impax's goal on May 3, however, when it accepted Wyeth's proposed dates.

Wyeth and its witnesses have agreed repeatedly to reschedule depositions noticed by Impax to accommodate Impax counsel's schedules. For example, the depositions of two inventors and a third-party clinical investigator have each been postponed at Impax's request shortly before their scheduled dates. Any delay in providing the numerous Rule 30(b)(6) witnesses sought by Impax is understandable considering the preparation and scheduling conflicts created by concurrent Markman briefing, Impax's enormously broad Rule 30(b)(6) Notice, and Wyeth's accommodation of Impax's requests to reschedule.

At 12:22 a.m. yesterday, Impax sent Wyeth a letter changing its position as to the topics it said it needed, requesting a witness prior to June 8 on topics 1 and 2 - topics never mentioned on May 10. Impax also requested Wyeth's consent for Impax alone to be permitted to file an additional claim construction brief on Sunday, June 10, two days before the June 12 Markman hearing. Before Wyeth could even respond, Impax sent an e-mail to the Court at 9:56 a.m. yesterday, requesting a telephone conference.

Before Impax wrote to the Court last night, Wyeth had provided Impax with a witness and a proposed date for all remaining Rule 30(b)(6) topics. Thus, Wyeth has now offered dates for depositions on all thirty-two Rule 30(b)(6) topics on or before June 15. The only topics that will not be completed prior to the Markman hearing have little, if any, bearing on claim construction. They are:

1. FACTS supporting or evidencing WYETH's conception and reduction to practice of the alleged invention(s) claimed in each of the asserted claims of the PATENTS IN SUIT and claim 1 of U.S. Patent No. 6,274,171 B1. . . .

2. Non-privileged information, unless Wyeth knowingly waives privilege, regarding all invention records CONCERNING the asserted claims of the PATENTS IN SUIT and claim 1 of U.S. Patent No. 6,274,171 B1. . . .

12. FACTS showing that the NAMED INVENTORS and persons involved in the prosecution of the PATENTS IN SUIT, were aware of an article by Lynn A. Cunningham, M.D., entitled Once-Daily Venlafaxine Extended Release (XR) and Venlafaxine Immediate Release (IR) in Outpatients with Major Depression, published in volume 9, no. 3 of the Annals of Clinical Psychiatry in 1997 prior to and during the prosecution of the PATENTS IN SUIT.

13. The persons at WYETH involved in drafting, reviewing, editing, commenting on, or revising drafts of the article by Lynn A. Cunningham, M.D. entitled Once-Daily Venlafaxine Extended Release (XR) and Venlafaxine Immediate Release (IR) in Outpatients with Major Depression, published in volume 9, no. 3 of the Annals of Clinical Psychiatry in

1997, including the titles of, job responsibilities of, and reporting structure surrounding those persons.

14. FACTS showing that NAMED INVENTORS and persons involved in the prosecution of the PATENTS IN SUIT, were aware of an article by Richard Entsuah, Ph.D. et al, entitled A Benefit Risk Analysis of Once-Daily Venlafaxine Extended Release (XR) and Venlafaxine Immediate Release (IR) in Outpatients with Major Depression, published in volume 33, no. 4 of the Psychopharmacology Bulletin in 1997 prior to and during the prosecution of the PATENTS IN SUIT.

15. The persons at WYETH involved in drafting, reviewing, editing, commenting on, or revising drafts of the article by Richard Entsuah, Ph.D. et al, entitled A Benefit Risk Analysis of Once-Daily Venlafaxine Extended Release (XR) and Venlafaxine Immediate Release (IR) in Outpatients with Major Depression, published in volume 33, no. 4 of the Psychopharmacology Bulletin in 1997, including the titles of, job responsibilities of, and reporting structure surrounding those persons.

23. WYETH's practices and policies from June 1990 through July 2002 with respect to the prosecution of U.S. patent applications. . . .

24. WYETH's procedures for collecting and maintaining DOCUMENTS and/or THINGS in their central files, archival or storage locations, and/or kept by individual employees. . . .

We would be happy to participate in a telephone conference regarding this matter if the Court so desires. Wyeth believes, however, that it has been scheduling and conducting depositions in response to Impax's Rule 30(b)(6) notice as expeditiously as possible and that there is no basis for Impax's attempt to change the agreed-upon deposition schedule or for Impax to get an additional Markman brief two days before the hearing.

Respectfully,

Jack B. Blumenfeld

/cbh
cc:   Clerk of the Court (by hand)
      Richard K. Herrmann, Esq. (by email)
      Daniel N. Kassabian, Esq. (by email)
      Joseph C. Gratz, Esq. (by email)

828527