IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

———————————————————————

| | |
|---|---|
| WYETH, | ) |
| | ) |
| Plaintiff, | ) |
| | )   Civil Action No.: 06-222 (JJF) |
| v. | ) |
| | ) |
| IMPAX LABORATORIES, INC., | )   **PUBLIC VERSION** |
| | ) |
| Defendant. | ) |

———————————————————————

**DECLARATION OF KAREN JACOBS LOUDEN IN SUPPORT OF
WYETH'S ANSWERING BRIEF IN OPPOSITION TO MOTION TO COMPEL
PRODUCTION OF PROPERLY PREPARED RULE 30(b)(6) WITNESSES**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
*Attorneys for Plaintiff Wyeth*

OF COUNSEL:

Basil J. Lewris
Linda A. Wadler
Barbara R. Rudolph
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 408-4000

Original File Date: June 27, 2007
Public Version File Date: July 3, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WYETH, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C. A. No.: 06-222 (JJF) |
| v. | ) | |
| | ) | FILED UNDER SEAL |
| IMPAX LABORATORIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

DECLARATION OF KAREN JACOBS LOUDEN IN SUPPORT OF
WYETH'S ANSWERING BRIEF IN OPPOSITION TO MOTION TO COMPEL
PRODUCTION OF PROPERLY PREPARED RULE 30(b)(6) WITNESSES

I, Karen Jacobs Louden, hereby declare as follows:

1.      I am a partner with the law firm of Morris, Nichols, Arsht & Tunnell, LLP.  I am one of the attorneys representing Wyeth in the current litigation.

2.      Attached hereto as Exhibit 1 is a true and correct copy of a June 5, 2007 letter from  J. Gratz to B. Rudolph;

3.      Attached hereto as Exhibit 2 is a true and correct copy of a June 7, 2007 letter from  B. Rudolph to J. Gratz;

4.      Attached hereto as Exhibit 3 is a true and correct copy of a June 12, 2007 letter from  B. Rudolph to D. Purcell;

5.      Attached hereto as Exhibit 4 is a true and correct copy of the April 27, 2007 letter from  B. Rudolph to D. Durie;

6.      Attached hereto as Exhibit 5 is a true and correct copy of excerpts of the May 18, 2007 deposition transcript of Robin Enever, Ph.D;

**REDACTED**

7.    Attached hereto as Exhibit 6 is a true and correct copy of WYETH 168-000002 through WYETH 168-000005,

8.    Attached hereto as Exhibit 7 is a true and correct copy of Impax Deposition Exhibit No. 60,

9.    Attached hereto as Exhibit 8 is a true and correct copy of Impax Deposition Exhibit No. 61,

10.    Attached hereto as Exhibit 9 is a true and correct copy of Impax Deposition Exhibit No. 63,

11.    Attached hereto as Exhibit 10 is a true and correct copy of Impax Deposition Exhibit No. 64,

12.    Attached hereto as Exhibit 11 is a true and correct copy of Impax Deposition Exhibit No. 65,

13.    Attached hereto as Exhibit 12 is a true and correct copy of Impax Deposition Exhibit No. 73,

14.    Attached hereto as Exhibit 13 is a true and correct copy of Impax Deposition Exhibit No. 76,

**REDACTED**

15.    Attached hereto as Exhibit 14 is a true and correct copy of Impax Deposition Exhibit No. 79,

16.    Attached hereto as Exhibit 15 is a true and correct copy of Impax Deposition Exhibit No. 174,

17.    Attached hereto as Exhibit 16 is a true and correct copy of the May 22, 2007 letter from R. Pollock to P. Blizzard;

18.    Attached hereto as Exhibit 17 is a true and correct copy of excerpts of the May 31, 2007 deposition transcript of Richard Kavoussi, M.D.

19.    Attached hereto as Exhibit 18 is a true and correct copy of Impax Deposition Exhibit Nos. 88 and 175;

20.    Attached hereto as Exhibit 19 is a true and correct copy of

21.    Attached hereto as Exhibit 20 is a true and correct copy of excerpts of the UNCERTIFIED ROUGH DRAFT transcript of the June 15, 2007, Rule 30(b)(6) deposition of Lawrence Alaburda;

22.    Attached hereto as Exhibit 21 is a true and correct copy of excerpts of the January 14, 2005 deposition transcript of Douglas Smith produced at WYETH 300-003907 through 004123 from *Wyeth v. Teva Pharmaceuticals USA, Inc. et al.*, Civil Action No. 03-1293 (WJM).

23.    Attached hereto as Exhibit 22 is a true and correct copy of *Ansell Healthcare Prods LLC v. Tillotson Corp.*, C.A. No. 06-527 (JJF) (D. Del. April 13, 2007).

24.    Attached hereto as Exhibit 23 is a true and correct copy of the June 6, 2007 letter from J. Gratz to B. Rudolph.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on this 27th day of June, 2007.

*/s/ Karen Jacobs Louden*

Karen Jacobs Louden (#2881)

907074

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on June 27, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Mary B. Matterer
> MORRIS JAMES LLP

I also certify that copies were caused to be served on June 27, 2007 upon the following in the manner indicated:

### BY HAND AND EMAIL

> Mary B. Matterer
> Morris James LLP
> 500 Delaware Avenue
> Suite 1500
> Wilmington, DE 19899

### BY E-MAIL

> M. Patricia Thayer
> John M. Benassi
> Jessica R. Wolf
> Heller Ehrman LLP
> 4350 La Jolla Village Drive
> San Diego, CA 92102

> Joseph C. Gratz
> Keker & Van Nest LLP
> 710 Sansome Street
> San Francisco, CA 94111-1704

> */s/ Karen Jacobs Louden*
> klouden@mnat.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on July 3, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Mary B. Matterer
> MORRIS JAMES LLP

I also certify that copies were caused to be served on July 3, 2007 upon the following in the manner indicated:

### BY HAND

Mary B. Matterer
Morris James LLP
500 Delaware Avenue
Suite 1500
Wilmington, DE  19899

### BY E-MAIL

M. Patricia Thayer
John M. Benassi
Jessica R. Wolf
Heller Ehrman LLP
4350 La Jolla Village Drive
San Diego, CA  92102

Joseph C. Gratz
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA  94111-1704

*/s/ Karen Jacobs Louden*
klouden@mnat.com

# EXHIBIT 1

LAW OFFICES

# KEKER & VAN NEST
### LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

JOSEPH C. GRATZ
JGRATZ@KVN.COM

June 5, 2007

**VIA EMAIL & U.S. MAIL**

Barbara R. Rudolph, Ph.D., Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001

Re:    Wyeth v. Impax Laboratories, Inc.

Dear Dr. Rudolph:

      I am writing regarding deposition scheduling.  Impax accepts Wyeth's proposed date of June 15, 2007 for the Rule 30(b)(6) deposition of Lawrence Alaburda.  Impax accepts Dr. Cunningham's proposed date of July 13, 2007 for his deposition.  Impax declines Wyeth's proposed date of June 8, 2007 for the Rule 30(b)(6) deposition of Robin Enever.

      In addition, we note that we are still awaiting dates for the depositions of Deborah Sherman and John Clark.

Very truly yours,

Joseph C. Gratz

JCG/ajt

cc:    Bonita Ford
       Robert A. Pollock, Ph.D., Esq.
       Daniel N. Kassabian, Esq

398751.01

Wyeth v. Impax Laboratories, Inc.                                    Page 1 of 1

## Rudolph, Barbara

| | |
|---|---|
| **From:** | Alisa Thompson [AThompson@kvn.com] |
| **Sent:** | Tuesday, June 05, 2007 9:30 PM |
| **To:** | Rudolph, Barbara |
| **Cc:** | Pollock, Robert; daniel.kassabian@hellerehrman.com; Ford, Bonita |
| **Subject:** | Wyeth v. Impax Laboratories, Inc. |
| **Attachments:** | 6.5.07 ltr.pdf |

Please see the attached letter dated June 5, 2007.
<<6.5.07 ltr.pdf>>
Alisa J. Thompson
Night Secretary
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
tel: 415-773-6617-direct
fax: 415-397-7188

# EXHIBIT 2



**FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP**

901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

BARBARA R. RUDOLPH
202.408.4346
barbara.rudolph@finnegan.com

June 7, 2007

Joseph C. Gratz, Esq.
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111

*Via Email and Confirmation
Copy via U.S. Mail*

<u>*Wyeth v. Impax Laboratories, Inc.*, Civil Action No.: 06-222 (D. Del.)</u>

Dear Joseph:

We write in response to your letter of June 5, 2007. We are perplexed by your decision to cancel the Rule 30(b)(6) deposition of Dr. Robin Enever **less than 3 days** prior to the deposition without explanation. This is particularly disturbing in view of Impax's May 15, 2007 emergency request to the Court in which it demanded that all depositions be completed by the Markman hearing, and the fact that Wyeth worked hard to accommodate this request.

Wyeth proposed the June 8th date for Dr. Robin Enever on May 12, 2007, in light of Impax's insistence that the Rule 30(b)(6) depositions proceed prior to the Markman hearing. Wyeth has been diligently preparing for the June 8th deposition, despite its proximity to the June 12th Markman hearing. Impax's decision to wait until after 9 pm (east coast time) on June 5th to "decline" the June 8th date is manifestly unreasonable.

Wyeth has expended significant efforts rearranging the deposition schedule in an attempt to accommodate Impax's many requests (not limited to counsel's requests to rearrange for attorney retreats, family commitments, and change of counsel). Nonetheless, we will once again identify mutually agreeable times for the Rule 30(b)(6) deposition of Dr. Robin Enever and the deposition of Ms. Deborah Sherman. We understand that Impax will proceed with the Rule 30(b)(6) deposition of Mr. Lawrence Alaburda on June 15, and with Dr. Lynn Cunningham's deposition on July 13. Finally, Mr. John Clark will be available for deposition on July 20.

Washington, DC ▪ Atlanta, GA ▪ Cambridge, MA ▪ Palo Alto, CA ▪ Reston, VA ▪ Brussels ▪ Taipei ▪ Tokyo

Joseph C. Gratz, Esq.
June 7, 2007
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

Sincerely,

Barbara R. Rudolph

BRR/AEG:eak

cc:    Mary B. Matterer, Esq. (via e-mail)
       Daniel N. Kassabian, Esq. (via e-mail)
       Karen Jacobs Louden, Esq. (via e-mail)
       Daralyn J. Durie, Esq. (via e-mail)
       Paula L. Blizzard, Esq. (via e-mail)

1377859_1

# EXHIBIT 3



901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

BARBARA R. RUDOLPH
202.408.4346
barbara.rudolph@finnegan.com

June 12, 2007

*Via E-mail and First Class Mail*

Daniel Purcell, Esq.
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA  94111

<u>*Wyeth v. Impax Laboratories, Inc.*, Civil Action No.: 06-222 (D. Del.)</u>

Dear Daniel:

I received your voice mail yesterday regarding the Rule 30(b)(6) depositions of Drs. Enever and Kavoussi. As you know, the topics as to which Drs. Enever and Kavoussi were proffered were exceedingly broad, covering 12 years of almost every aspect of the research and development pertaining to Effexor XR, including modifications, methods, and materials used. Indeed, Wyeth objected to the noticed topics on this basis, among others. Notwithstanding the breadth of subject matter, both witnesses were able to answer detailed questions pertaining to the noticed topics.

Impax's contention that these two witnesses were not adequately prepared for these topics cannot be seriously entertained. As you know, Dr. Enever testified that he

similarly, Dr. Kavoussi testified that
Both witnesses reviewed and brought a large number of documents to the deposition that were responsive to the noticed topics. Given the daunting nature of this task, it is not surprising that these witnesses primarily relied on documents for their preparation. To attempt to identify, contact, and interview the countless numbers of persons involved in the research and development of Effexor XR would have been impossibly burdensome.

Moreover, Impax strayed far outside the scope of the noticed topics at both depositions. For example, Impax argued in its June 6, 2007 letter that Dr. Enever did

Facts regarding the conception of the claimed subject matter, however, to the extent that they pertain to conception as that term is used in patent law, were not within the scope of any of Dr. Enever's noticed topics. Instead, Mr. Lawrence Alaburda, not Dr. Enever, has been designated for that topic (Topic No. 2). To the extent that certain questions were directed more broadly towards the genesis of the research

**REDACTED**

Daniel Purcell, Esq.
June 12, 2007
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

project, such subject matter is also outside the scope of any of Dr. Enever's noticed topics. Thus, although exceedingly broad, Topic 3, seeking "FACTS relating to the evolution of the composition and formulations of EFFEXOR XR and the development thereof from June 1990 through July 2002," does not fairly notice questions as to who requested or initiated the research project. This is but one example of the many times the deposition strayed into unnoticed areas. Wyeth had no reason to anticipate such questions or prepare its witnesses to respond to them.

Furthermore, although Wyeth expended substantial resources to prepare its witnesses to respond to the full scope of the noticed topics, in both depositions, much of the subject matter embraced by the noticed topics (and most of the materials brought by the witnesses to the deposition regarding the noticed topics) was completely ignored. For example, during Dr. Enever's deposition, Impax did not focus on any aspect of the formulation of Effexor XR past 1997 in response to Topic 3. Rather than questioning about the topics it actually noticed, Impax instead repeatedly strayed outside the scope of these topics.

Notwithstanding our disagreement as to the witnesses' level of preparation, in the spirit of cooperation, we are willing to discuss with you the possibility of providing additional information, either in the form of an interrogatory response or a limited amount of follow up deposition testimony. I suggested that you identify those portions of the deposition that Impax contends were not adequately addressed. I further suggested that the parties could then discuss whether such portions were fairly within the scope of the noticed topics and whether Wyeth agrees that these matters were not adequately addressed. I also suggested that, going forward, it would be helpful if Impax could limit the scope of the topics, since it has been increasingly apparent that Impax is not interested in every aspect of every topic it has noticed.

Your recent voice mail however, indicated that Impax refuses to so narrow the topics. Furthermore, your voice mail gave no indication whether Impax will identify those portions of the deposition that it contends were inadequate. It is therefore not clear to us what Impax is proposing. Obviously, Wyeth will not agree to let Impax simply retake the deposition without limitation in terms of time and subject matter. We would like, however, to promptly resolve this dispute without the need for the Court's intervention. We therefore propose another telephone conference to try to arrive at a suitable compromise. Please let me know when you are available.

1384578

Daniel Purcell, Esq.
June 12, 2007
Page 3

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

Sincerely,

Barbara Rudolph

Barbara R. Rudolph

BRR:kd

cc:    Paula L. Blizzard, Esq. (via email)
       Daniel N. Kassabian, Esq. (via email)
       Karen Jacobs Louden, Esq. (via email)
       Joseph C. Gratz, Esq. (via email)
       Daralyn J. Durie, Esq. (via email)

1364578

EXHIBIT 4



901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

BARBARA R. RUDOLPH
202.408.4346
barbara.rudolph@finnegan.com

April 27, 2007

Daralyn J. Durie, Esq.
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA  94111

**Via E-mail**
**Confirmation by U.S. mail**

_Wyeth v. Impax Laboratories, Inc._, Civil Action No.:  06-222 (D. Del.)

Dear Daralyn:

      I am writing to advise you of the availability of several of Wyeth witnesses for deposition in response to Impax's deposition notices.  We are continuing to investigate the availability of witnesses for the remainder of Impax's deposition notices and will advise you when we have additional information.  As we mentioned during our recent telephone conference to Ms. Paula Blizzard, we have found it very difficult to schedule deposition dates because Impax has postponed or rejected proffered dates for many depositions.  We are trying, however, to arrive at a workable schedule that accommodates the witnesses' schedules and both parties' needs.  We further note that Wyeth disagrees with Impax's assertion in Mr. Benassi's letter of April 16th that Wyeth is "obligated to advise us [Impax] of the most knowledgeable witness which will testify about each topic and subtopic" as not supported by the Federal Rules of Civil Procedure.

      The following witnesses are available on the following days in May:

- Robin Enever is available on **May 11, 2007** at our offices in Washington, DC, beginning at 10:00 am to testify as a Rule 30(b)(6) witness on Impax's Second Amended Notice of Rule 30(b)(6) Deposition **Topic Nos. 5 through 8**, for a total of 4 hours of deposition time.

- Dr. Enever is also available on **May 18, 2007** at our offices in Washington, DC, beginning at 10:00 am to testify as a Rule 30(b)(6) witness on **Topics 3 and 4 (exclusive of human _in vivo_ testing)** for a total of 3 hours of deposition time.

- Alternatively, if you would prefer to handle all of this material on a single day, Dr. Enever can  be available on **May 18, 2007** at our offices in Washington, DC, beginning at 9:00 am to testify as a Rule 30(b)(6) witness on **Topic Nos. 3, 4**

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

Daralyn J. Durie, Esq.
April 27, 2007
Page 2

(exclusive of human *in vivo* testing), and 5 through 8, for a total of 7 hours of deposition time.

- Angela Lukin is available on **May 17, 2007** at our offices in Washington DC, beginning at 10:00 am to testify as a Rule 30(b)(6) witness on **Topic Nos. 27-32** for a total of 4 hours of deposition time.

- Richard Kavoussi is available on **May 31, 2007** at our offices in Washington, DC, beginning at 9:00 am to testify as a Rule 30(b)(6) witness on **Topic Nos. 4 (human *in vivo* testing only), 10 (human *in vivo* testing only), 16, 17, 19 (Tables 2 and 3 only), 20, 25, and 26** for a total of 6 hours and 30 minutes deposition time.

With respect to Dr. Cunningham's deposition, as we advised Impax counsel earlier, the May 23-May 25 time frame is not feasible. We are working to schedule his deposition at a later date. In addition, we are working hard to schedule the depositions to cover the remaining topics of Impax's Second Amended Rule 30(b)(6) Notice and to reschedule the depositions of Deborah Sherman and John Clark, but are not yet able to provide you with any dates.

Sincerely,

Barbara R. Rudolph

BRR/LAW/sas

cc:    Mary B. Matterer, Esq. (via e-mail)
       Jessica Wolff, Esq. (via e-mail)
       Daniel Kassabian, Esq. (via e-mail)
       M. Patricia Thayer, Esq. (via e-mail)
       Samuel F. Ernst, Esq. (via e-mail)
       Eric L. Lane, Esq. (via e-mail)
       Karen Jacobs Louden, Esq. (via e-mail)

# EXHIBIT 5
# HAS BEEN REDACTED
# IN ITS ENTIRETY

# EXHIBIT 6
# HAS BEEN REDACTED
# IN ITS ENTIRETY

# EXHIBIT 7
# HAS BEEN REDACTED
# IN ITS ENTIRETY

# EXHIBIT 8
# HAS BEEN REDACTED
# IN ITS ENTIRETY

# EXHIBIT 9
# HAS BEEN REDACTED
# IN ITS ENTIRETY

# EXHIBIT 10
# HAS BEEN REDACTED
# IN ITS ENTIRETY

# EXHIBIT 11
# HAS BEEN REDACTED
# IN ITS ENTIRETY

# EXHIBIT 12
# HAS BEEN REDACTED
# IN ITS ENTIRETY

# EXHIBIT 13
# HAS BEEN REDACTED
# IN ITS ENTIRETY

# EXHIBIT 14
# HAS BEEN REDACTED
# IN ITS ENTIRETY

# EXHIBIT 15
# HAS BEEN REDACTED
# IN ITS ENTIRETY

EXHIBIT 16



FINNEGAN
HENDERSON
F·A·R·A·B·O·W
GARRETT &
DUNNER LLP

901 New York Avenue, NW ▪ Washington, DC  20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

ROBERT A. POLLOCK
202.408.4081
robert.pollock@finnegan.com

May 22, 2007

Paula J. Blizzard, Esq.
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA  94111

**Via E-mail**
**Confirmation by U.S. mail**

_Wyeth v. Impax Laboratories, Inc._, Civil Action No.:  06-222 (D. Del.)

Dear Paula:

Further to our letters of April 27, 2007 and May 15, 2007, we write to apprise you of a minor re-allocation of deposition topics and times for the previously scheduled 30(b)(6) depositions of Dr. Kavoussi and Mr. Alaburda.  In particular, topic 25 of Impax's Second Amended Notice of Rule 30(b)(6) Deposition will be split between Dr. Kavoussi (relating to paragraph 20 of WYETH's REPLY) and Mr. Alaburda (relating to paragraph 19 of WYETH's REPLY).  Thus,

- Richard Kavoussi is available on **May 31, 2007** at our offices in Washington, DC, beginning at 9:00 am to testify as a Rule 30(b)(6) witness on **Topic Nos. 4 (human _in vivo_ testing only), 10 (human _in vivo_ testing only), 16, 17, 19 (Tables 2 and 3 only), 20, 25 (paragraph 20 of WYETH's REPLY only), and 26** for a total of 6 hours and 20 minutes deposition time.

- Lawrence Alaburda is available on **June 15, 2007** at our offices in Washington, DC, beginning at 8:00 am to testify as a Rule 30(b)(6) witness on Impax's Second Amended Notice of Rule 30(b)(6) Deposition **Topic Nos. 1, 2, 12-15, 23 24 and 25 (paragraph 19 of WYETH's REPLY only)** for a total of 5 hours and 55 minutes of deposition time.

Because Mr. Alaburda's deposition is beginning at 8:00 am, we will need to make arrangements for you and the court reporter to enter at our offices, as the building elevators do not have access to our reception area prior to 8:00 am.  Please contact us when you have finalized your plans.

Washington, DC ▪ Atlanta, GA ▪ Cambridge, MA ▪ Palo Alto, CA ▪ Reston, VA ▪ Brussels ▪ Taipei ▪ Tokyo

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

Paula J. Blizzard, Esq.
May 22, 2007
Page 2

Please feel free to contact me if you have any questions.

Sincerely,

Robert Pollock

RAP/sas

cc:     Mary B. Matterer, Esq. (via e-mail)
        Jessica Wolff, Esq. (via e-mail)
        Daniel Kassabian, Esq. (via e-mail)
        Samuel F. Ernst, Esq. (via e-mail)
        Eric L. Lane, Esq. (via e-mail)
        Karen Jacobs Louden, Esq. (via e-mail)

1362325-1

# EXHIBIT 17
# HAS BEEN REDACTED
# IN ITS ENTIRETY

# EXHIBIT 18
# HAS BEEN REDACTED
# IN ITS ENTIRETY

# EXHIBIT 19
# HAS BEEN REDACTED
# IN ITS ENTIRETY

# EXHIBIT 20
# HAS BEEN REDACTED
# IN ITS ENTIRETY

# EXHIBIT 21
# HAS BEEN REDACTED
# IN ITS ENTIRETY

EXHIBIT 22

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ANSELL HEALTHCARE PRODUCTS,       :
LLC,                              :
                                  :
        Plaintiff,                :
                                  :
    v.                            :     Civil Action No. 06-527-JJF
                                  :
TILLOTSON CORPORATION,            :
                                  :
        Defendant.                :

### MEMORANDUM ORDER

Pending before the Court is Defendant's Motion To Compel Discovery (D.I. 53). Based on the papers submitted by the parties, the Court concludes that no dispute exists and the present application is moot. The Court notes that the Motion does not comply with this Court's rules as argued by Plaintiff. see D. Del. L.R. 7.1.1 . However, the Court finds that sanctions are not warranted in the circumstances of this Motion.

NOW THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion To Compel Discovery (D.I. 53) is **DENIED**.

April 13, 2007

UNITED STATES DISTRICT JUDGE

EXHIBIT 23

LAW OFFICES

# KEKER & VAN NEST
### LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

JOSEPH C. GRATZ
JGRATZ@KVN.COM

June 6, 2007

**VIA EMAIL & U.S. MAIL**

Barbara R. Rudolph, Ph.D., Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001

Re:     Wyeth v. Impax Laboratories, Inc.

Dear Dr. Rudolph:

I write to meet and confer about Dr. Enever's Federal Rule of Civil Procedure Rule 30(b)(6) deposition testimony on May 18, 2007. In short, Dr. Enever was not adequately prepared for his deposition and Impax was deprived of testimony to which it is entitled under Rule 30(b)(6) and the Court's April 13, 2007 Order. Accordingly, we ask that Wyeth re-produce Dr. Enever for further testimony after he has been properly prepared to answer those questions he was unable to answer during his May 18, 2007 deposition.

Wyeth produced Dr. Enever as its witness on Topic Nos. 3, 4 (exclusive of human *in vivo* testing) and 5 through 8 (the "May 18th topics"). To name just a few of the dozens of examples where Dr. Enever was unable to answer questions pertaining to these topics, Dr. Enever did not know

## REDACTED

We propose to meet and confer with Wyeth about the questions and topics where Dr. Enever was unprepared, and attempt to agree on a set of questions and topics on which Dr. Enever will be reproduced. For the convenience of the parties and the witness, we propose that Dr. Enever's additional testimony on the May 18th topics be combined with his testimony on his other designated topics, namely Topic Nos. 9, 10 (*in vitro* only), 11, 18, 19 (Table 1 only), 21, and 22, at a date to be agreed on by the parties.

396791.01

Barbara R. Rudolph, Ph.D., Esq.
June 6, 2007
Page 2


We hope that the parties will be able to meet and confer successfully and reach agreement on these issues. For your planning purposes, we intend to complete the meet and confer in time to submit a motion to compel for the Court's next regularly scheduled motion day, should such a motion become necessary.

Very truly yours,

Joseph C. Gratz

JCG/jas

cc:    Bonita Ford
       Robert A. Pollock, Ph.D., Esq.
       Daniel N. Kassabian, Esq

396791.01