IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WYETH,<br><br>    Plaintiff,<br><br>v.<br><br>IMPAX LABORATORIES, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No.: 06-222 JJF<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF DANIEL PURCELL IN SUPPORT
OF DEFENDANT IMPAX LABORATORIES, INC.'S REPLY
BRIEF IN SUPPORT OF MOTION TO COMPEL WYETH
TO PRODUCE PROPERLY PREPARED RULE 30(B)(6) WITNESSES**

Dated: July 5, 2007

Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES LLP
500 Delaware Avenue, 15th Floor
Wilmington, DE 19801
mmatterer@morrisjames.com

*Of Counsel*
Daralyn J. Durie
Asim Bhansali
Paula L. Blizzard
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111

*ATTORNEYS FOR IMPAX LABORATORIES, INC.*

I, DANIEL PURCELL, declare and state that:

1. I am an attorney licensed to practice law in the State of California. Along with this declaration, I have filed an application for admission to practice before this Court *pro hac vice*. I am a member of the law firm of Keker & Van Nest, LLP, counsel for defendant Impax Laboratories, Inc. in this action. I have knowledge of the facts set forth in this declaration, and if called to testify as a witness thereto, could do so competently under oath.

2. After Impax deposed Wyeth's Rule 30(b)(6) witnesses Dr. Robin Enever and Dr. Richard Kavoussi, Impax contacted Wyeth to object to Wyeth's preparation of these witnesses. During the meet and confer discussions that followed, Wyeth told Impax that it believed Impax's deposition topics were overbroad, and that it would not simply present its witnesses for a renewed deposition without a subject-matter limitation. It offered to consider making its witnesses available again if Impax would provide a list of specific questions within the noticed topics that its witnesses had not answered.

3. Impax responded that the problem was not that Wyeth's witnesses had failed to answer specific questions; it was that Wyeth's witnesses were uninformed about entire topics and could do nothing more than point Impax to documents. As a result, Impax had not asked every follow-up question it would have asked a prepared witness with knowledge of the basic, underlying facts.

4. Wyeth then asked Impax to narrow the scope of its topics by identifying the parts of those topics most genuinely at issue. Impax replied that the scope of the topics had already been litigated and decided, and that it was not inclined to narrow the topics further. Wyeth then stated that it was difficult, if not impossible, to prepare a witness because of the breadth of the topics, and commented that Impax had not even explored the full scope of those topics at the depositions. When Impax asked for an example, Wyeth stated that Impax had failed to ask about Wyeth's development of Effexor XR between 1996 and 2002.

5. Prior to the Court's last order compelling Wyeth to produce Rule 30(b)(6) witnesses, Impax had agreed that the 30(b)(6) depositions of Wyeth's witnesses would be subject to time limits. As a result of having limited time with each witness, Impax had to choose

carefully which questions to ask and which to omit.

6. In response to Wyeth's position regarding the Enever and Kavoussi depositions, and in light of this Court's prior order regarding the scope of the 30(b)(6) depositions, Impax notified Wyeth that (1) the scope of the depositions had been litigated and decided; (2) it wanted a deposition of fully prepared witnesses on the deposition topics; and (3) it believed the parties had reached impasse on this issue. The next day, Impax filed this motion to compel.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed in San Francisco, California, on July 5, 2007.

_____
DANIEL PURCELL