IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WYETH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 06-222 JJF |
| v. | ) |
| | ) |
| IMPAX LABORATORIES, INC., | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF SUBPOENA TO LAURA WILLIAMS

TO DEFENDANT IMPAX LABORATORIES, INC. AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that plaintiff Wyeth has subpoenaed documents from third-party Laura Williams to be inspected and/or produced at 9:00 am on August 1, 2007 at the offices of Keker & Van Nest LLP, 710 Sansome Street, San Francisco, CA 94111-1704. Given that Keker & Van Nest LLP has informed us that it is representing Ms. Williams, we have specified the location for the production of documents to be the offices of Keker & Van Nest LLP.

PLEASE TAKE FURTHER NOTICE that third-party Laura Williams further has been subpoenaed to appear for a deposition to be held at 9:00 am on August 10, 2007 at The Best Western Hotel at Mammoth Hot Springs, US Highway 89 S, Gardiner, MT 59030. The deposition is to be recorded by stenographic means and may be videotaped.

A copy of the subpoena is attached as Exhibit 1 and served herewith. The documents Laura Williams is required to produce in response to the subpoena are specified in Attachment A to the subpoena.

                                      MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                      */s/ Karen Jacobs Louden (#2881)*
                                      Jack B. Blumenfeld (#1014)
                                      Karen Jacobs Louden (#2881)
                                      1201 N. Market Street
                                      Wilmington, DE 19899-1347
                                      (302) 658-9200
                                      klouden@mnat.com
                                            Attorneys for Plaintiff Wyeth

OF COUNSEL:

Basil J. Lewris
Linda A. Wadler
Finnegan, Henderson, Farabow,
  Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001
(202) 408-4000

July 6, 2007

CERTIFICATE OF SERVICE

I, Karen Jacobs, hereby certify that on July 6, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Mary B. Matterer
> MORRIS, JAMES, HITCHENS & WILLIAMS, LLP

I also certify that copies were caused to be served on July 6, 2007, upon the following in the manner indicated:

**BY HAND**

Mary B. Matterer
Morris, James, Hitchens & Williams
500 Delaware Avenue
Suite 1500
Wilmington, DE  19899

**BY FEDERAL EXPRESS**

M. Patricia Thayer
John M. Benassi
Jessica R. Wolf
Heller Ehrman LLP
4350 La Jolla Village Drive
San Diego, CA  92102

Joseph C. Gratz
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA  94111

*/s/ Karen Jacobs Louden (#2881)*
klouden@mnat.com

# EXHIBIT 1

GF:111

AO 88 (Rev 11/91) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA

**WYETH**
          Plaintiff

v.

**IMPAX PHARMACEUTICALS, INC.**
          Defendant

**SUBPOENA IN A CIVIL CASE**

**CASE NUMBER:** Civil Action No. 06-222 (JJF) in U.S. District Court for the District of Delaware

TO: Laura Williams c/o Joseph C. Gratz, Esq.
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111-1704

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the deposition in the above case. The deposition will be recorded by stenographic means and may be videotaped.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Best Western Hotel at Mammoth Hot Springs<br>US Highway 89 S<br>Gardiner, MT 59030<br>or a mutually agreeable place | August 10, 2007, at 9:00 AM or on a mutually agreeable date and time |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the documents or things listed on Attachment A at the place, date, and time specified below:

| PLACE | Keker & Van Nest LLP<br>710 Sansome Street<br>San Francisco, CA 94111-1704 | DATE AND TIME<br>August 1, 2007, at 9:00 AM or on a mutually agreeable date and time |
|---|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which a person will testify. Federal Rules of Civil Procedure 30(b)(6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE
_[signature]_ Attorney for Plaintiff | July 6, 2007

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Basil J. Lewris, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.
901 New York Ave., NW
Washington, DC 20001-4413
(202)408-4000

(See Rule 45 of Federal Rules of Civil Procedure Parts C & D on Reverse)

10/94
1390296_1

GF:112

AO 88 (Rev 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on _____          _____
                    DATE                                    SIGNATURE OF SERVER

                                                            _____
                                                            ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

10/94

1390296_1

## ATTACHMENT A

In compliance with Fed. R. Civ. P. 45 and as directed in the United States District Court subpoena attached hereto, you are to produce all documents and things within the scope of the following definitions and descriptions, which are within your possession, custody, or control as defined below. With respect to documents and things withheld under a claim of privilege, you are required under Rule 45 to describe the nature of the documents and things not produced in a manner sufficient to enable the demanding party to contest the claim.

## DEFINITIONS

a.  "Document" or "documents" shall have the comprehensive meaning, in the broadest sense available, pursuant to Rule 34(a), Fed. R. Civ. P.

b.  "Thing" or "things" shall mean any physical specimen or other tangible item, other than a document.

c.  When a document or thing "concerning" any matter is requested, the request encompasses any document or thing, as the case may be, referring to, relating to, describing, evidencing, constituting, containing, discussing, embodying, reflecting, identifying, or prepared in connection with the stated matter.

d.  The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request for information. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, and the singular form shall be deemed to include the plural and vice-versa. The singular form of any noun shall be deemed to include the plural, and vice versa.

e.  The term "patents-in-suit" refers to U.S. Patent Nos. 6,274,171 B1, 6,403,120 B1, and/or 6,419,958 B2.

f.  The term "Impax" encompasses Impax Laboratories, Inc., its partners, directors, owners, officers, members, employers, agents, representatives, attorneys, and any other persons under the control of Impax, as well as all of Impax's parents, divisions, subsidiaries, and affiliates.

g.  "Effexor® XR" shall mean the venlafaxine HCl extended release products sold by Wyeth as Effexor® XR.

h.  "Effexor®" shall mean the venlafaxine HCl immediate release products sold by Wyeth as Effexor®.

## DESCRIPTION OF DOCUMENTS AND THINGS

1. All documents and things concerning any consideration given by Impax to develop or market a generic version of Effexor® XR.

2. All documents and things concerning any consideration given by Impax to develop or market a generic version of Effexor®.

3. All documents and things concerning the patents-in-suit.

4. All documents and things concerning Effexor® and/or Effexor® XR.

5. All documents and things concerning sales of Effexor® XR.

6. All documents and things concerning projected sales by Impax of a generic version of Effexor® XR.

7. All documents and things concerning Impax's projected profits from the sales of a generic version of Effexor® XR.