IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WYETH,

                 Plaintiff,

     v.

IMPAX LABORATORIES, INC.,

                 Defendant.

Civil Action No.: 06-222 JJF

**PUBLIC VERSION**

## REPLY BRIEF IN SUPPORT OF IMPAX LABORATORIES, INC.'S MOTION TO COMPEL WYETH TO PRODUCE PROPERLY PREPARED RULE 30(B)(6) WITNESSES

Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES LLP
500 Delaware Avenue, 15th Floor
Wilmington, DE 19801
Telephone: (302) 888-6800
mmatterer@morrisjames.com

Daralyn J. Durie (pro hac vice)
Asim Bhansali (pro hac vice)
Paula L. Blizzard (pro hac vice)
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111
Telephone: (415) 391-5400

Original Date: July 5, 2007
Redacted Date: July 12, 2007

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................... 1

II.  ARGUMENT ......................................................................................... 2

     A.   This court has already overruled Wyeth's overbreadth objection. ................. 2

     B.   If current employees lack knowledge on the noticed topics, Wyeth must contact former employees. .......................................... 3

     C.   Each unanswered question cited in Impax's opening brief was within the designated topics. ............................................................ 5

     D.   Negotiations between Wyeth and Impax reached an impasse before Impax filed its motion. ........................................................ 7

III. CONCLUSION ..................................................................................... 10

# TABLE OF AUTHORITIES

Page

*Berwind Property Group, Inc. v. Envtl. Mgmt. Group, Inc.*,
   233 F.R.D. 62 (D. Mass. 2005)..................................................................................... 4

*Brazos River Auth. v. GE Ionics, Inc*,
   469 F.3d 416 (5th Cir. 2006);..................................................................................... 4

*Briddell v. Saint Gobain Abrasives Inc.*,
   233 F.R.D. 57 (D. Mass 2005)..................................................................................... 4

*Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabioano Shoe Co., Inc*,
   210 F.R.D. 33 (D. Mass. 2001)..................................................................................... 4

*Donald M. Durkin Contracting, Inc. v. City of Newark*,
   2006 WL 2724882, (D. Del.) (Sleet, J.)...................................................................... 2

*Exxon Research & Eng'g Co. v. United States*,
   44 Fed. Cl. 597 (1999) ................................................................................................. 4

*Guy Chem. Co., Inc. v. Romaco N.V.*,
   2007 WL 184782 (W.D. Pa. 2007) .............................................................................. 4

*United States v. Taylor*,
   166 F.R.D. 356 (M.D.N.C. 1996) ................................................................................ 3

*Wilson v. Lakner*,
   228 F.R.D. 524 (D. Md. 2005)................................................................................. 4, 7

## I.    INTRODUCTION

Wyeth has failed to produce adequately prepared Rule 30(b)(6) witnesses on topics which this Court approved in a previous order.  Rather than agreeing to cure this defect, Wyeth now offers shifting and self-contradictory rationales for its failures.  First and most often, Wyeth argues that Impax's Rule 30(b)(6) deposition topics are overbroad.  Wyeth contends that, because the topics were so broad, it could not possibly have prepared a witness to answer questions within those topics.  Accordingly, this Court should not be concerned that its witnesses could not answer even basic questions about relevant issues. But Impax and Wyeth have already litigated this issue of the scope of the examination, and Wyeth lost.  As this Court recalls, Wyeth initially refused to produce 30(b)(6) witnesses *at all* because of the topics were supposedly overbroad and burdensome; Impax moved to compel; and this Court granted that motion, overruling Wyeth's objections and commenting that Impax had agreed to time limits that would further reduce any burden on Wyeth.  Indeed, although Wyeth complains that Impax failed to meet and confer before moving to compel, Wyeth told Impax in negotiations that it would not re-produce its witnesses unless Impax reduced the scope of the deposition.  Impax refused because it believes it has the right to rely on this Court's prior orders.

Second, after complaining about the burdens resulting from overbroad deposition topics, Wyeth then reverses course and argues that Impax's topics were actually very narrow.  Wyeth shifts gears so it can argue that many of the questions Impax asked, and Wyeth's unprepared witnesses could not answer, were beyond the scope of the topics.  But Wyeth's restrictive interpretation of Impax's topics is unsupportable.  For example, Wyeth contends that Impax's Topic 3, which asked for testimony on facts relating to the evolving composition of its Effexor XR product, excludes the date on which composition began, the people involved in the composition, and the rationale behind changes in composition.  This is plainly unreasonable, but, in any event, if Impax's topics are truly so narrow, they could not possibly impose any burden.

The bottom line is that Wyeth did not take reasonable steps to prepare its witnesses to testify on the noticed topics. It selected witnesses with very little personal knowledge and had those witnesses read documents produced in this case. But it did not prepare them to testify fully by having them talk to current or former Wyeth employees, as the law requires. The result of its inadequate preparation speaks for itself. Its witnesses could not answer numerous simple questions within noticed topics this Court has previously approved. When Impax took issue with these tactics, Wyeth showed more interest in relitigating this Court's previous order than in taking reasonable steps to provide required discovery. Impax asks this Court to grant this motion and order Wyeth to provide adequately prepared corporate designees.

## II.    ARGUMENT

Contrary to Wyeth's overheated rhetoric, Impax does not ask that Wyeth be required to win a "memory contest" or to display "omniscience." (D.I. 219 at 16-17.) Impax only wants Wyeth to obey this Court's orders and take reasonable steps to provide basic discovery. Ultimately, Impax simply asks that Wyeth be required to produce a witness meeting the "affirmative obligation to be prepared on the noticed topics so that she could give complete, knowledgeable, and binding answers on behalf of the party." *Donald M. Durkin Contracting, Inc. v. City of Newark*, 2006 WL 2724882, *5 (D. Del.) (Sleet, J.).

### A.    This court has already overruled Wyeth's overbreadth objection.

Over and over throughout its opposition, Wyeth complains that Impax's Rule 30(b)(6) deposition notice was too broad, and accordingly that it was too burdensome for Wyeth to produce adequately prepared witnesses. (D.I. 219 at 1.) Wyeth even goes so far as to argue that "Impax has only itself to blame" for Wyeth's failure to produce a prepared witness, since Impax did not accede to Wyeth's requests to narrow the noticed topics. (D.I. 219 at 4.)

This question has already been settled in Impax's favor. After Wyeth refused to produce 30(b)(6) witnesses because of supposed burdens, Impax moved to compel, and

2

this Court overruled Wyeth's burden objections, holding that "the time limitations offered by Impax will control any 'unduly burdensome' concerns raised by Wyeth." (D.I. 146 at 1.) Wyeth failed to provide the testimony ordered by this Court and should not be permitted to relitigate the burden issue now.

**B.    If current employees lack knowledge on the noticed topics, Wyeth must contact former employees.**

Wyeth argues that,                    **REDACTED**

Impax is entitled only to information that can be gleaned from documents, not to the recollections of any of those involved.  That is not the law.  If current employees lack knowledge on the noticed topics, Wyeth must take reasonable steps to contact former employees, or other known sources, in order to educate its corporate witnesses.

The leading case on the standard of preparation required of a 30(b)(6) witness is *United States v. Taylor*, 166 F.R.D. 356 (M.D.N.C. 1996).  That opinion discusses the necessity of taking all reasonable steps, including contacting former employees and other known sources of information, when a corporation lacks knowledge:

> [A] corporation has a life beyond that of mortals. Moreover, it can discharge its "memory," i.e. employees, and they can voluntarily separate themselves from the corporation. Consequently, it is not uncommon to have a situation, as in the instant case, where a corporation indicates that it no longer employs individuals who have memory of a distant event or that such individuals are deceased. These problems do not relieve a corporation from preparing its Rule 30(b)(6) designee to the extent matters are reasonably available, whether from documents, **past employees**, or other sources.

*Taylor*, 166 F.R.D. at 361 (internal citations omitted) (emphasis added).  Because a corporation's "memory" consists of the recollections of its current *and former* employees, a corporation must call on all those with knowledge in order to prepare its corporate witness—even if some of those with knowledge are no longer employed by the corporation.

3

Numerous courts have adopted the *Taylor* requirement. *See, e.g., Brazos River Auth. v. GE Ionics, Inc*, 469 F.3d 416, 433 (5th Cir. 2006); *Exxon Research & Eng'g Co. v. United States*, 44 Fed. Cl. 597, 599 (1999); *Wilson v. Lakner*, 228 F.R.D. 524, 528 (D. Md. 2005); *Briddell v. Saint Gobain Abrasives Inc.*, 233 F.R.D. 57, 60 (D. Mass 2005); *Berwind Property Group, Inc. v. Envtl. Mgmt. Group, Inc.*, 233 F.R.D. 62, 65 (D. Mass. 2005); *Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabioano Shoe Co., Inc*, 210 F.R.D. 33, 37 (D. Mass. 2001); *Guy Chem. Co., Inc. v. Romaco N.V.*, 2007 WL 184782 at *10 (W.D. Pa. 2007); *Wilson Land Corp. v. Smith Barney, Inc.*, 2001 WL 1745241 at *6 (E.D.N.C. 2001).

In response to this mountain of legal authority, Wyeth points to only a single unpublished opinion from the Northern District of Oklahoma that it claims supports its contention that not all courts require corporations to contact former employees in preparation for a 30(b)(6) deposition. (D.I. 219 at 18) (citing *Cupp v. Edward D. Jones & Co. L.P.*, 2007 WL 98236 (N.D. Okla. 2007)). But even that case acknowledged and cited *Taylor*'s requirement that a corporation take steps to contact its past employees in preparation for a 30(b)(6) deposition. *Id.* at *2. In that case, because the plaintiff sought information uniquely within the possession of a single former employee, the court decided that the plaintiff more efficiently could depose the former employee, as opposed to having the defendant interview the former employee and prepare a witness to testify to his knowledge. *Id.*

This case is like *Taylor*, not *Cupp*. Wyeth admits that there were a "multitude of present and former Wyeth employees involved in planning, directing and executing" the development of Effexor XR, (D.I. 219 at 17), not just one former employee with relevant knowledge. Moreover, with the deposition limits in this case, it is not possible for Impax to depose all the former Wyeth employees. Accordingly, Impax is entitled to a properly prepared 30(b)(6) witness who can testify to *all* corporate knowledge on the noticed topics. As the Court noted in granting Impax's previous motion to compel, which should have settled the issue, a 30(b)(6) deposition is "the most efficient way to proceed" here. (D.I.

146 at 1).   The law requires Wyeth to prepare its Rule 30(b)(6) designee using all reasonably available sources, including former employees.

## C.    Each unanswered question cited in Impax's opening brief was within the designated topics.

Impax propounded, and this Court approved, topics relating to Wyeth's development of Effexor XR.  Yet Wyeth now adopts unreasonably narrow constructions of Impax's topics in an attempt to persuade this Court that Impax's questions strayed outside those topics.  Not only is this unavailing on its own terms, it is remarkable that Wyeth, after complaining loudly about the supposed breadth of Impax's topics, now turns 180 degrees and insists the topics are actually so narrow they exclude most relevant questions. Wyeth's result-oriented approach is ungrounded in law or logic.

For example, Wyeth claims that the question "when Wyeth first conceived of developing an extended release formulation of venlafaxine" fell outside the noticed topics. (D.I. 219 at 19.)  But Impax asked for testimony on "FACTS relating to the evolution of the composition and formulations of Effexor XR."  Matterer Decl. Ex. B ¶ 3.  The date on which Wyeth began the development of Effexor XR is an essential fact relating to the composition of the drug.  Indeed, it is the original, foundational fact on which subsequent questions depend.  It is not reasonable to argue, as Wyeth does, that the date on which a process begins does not "relat[e] to" that process.  Similarly, Wyeth appears to assert that the people involved with, and the decisions guiding, a given process are not facts "relating to" that process, an equally unsupportable conclusion.

Wyeth's remaining examples of supposedly overbroad questions fare no better. Wyeth is right that "who decided to pursue the creation of a hydrogel tablet" does not relate to Topic 3, "the evolution of the composition and formulations of EFFEXOR XR." But that issue is central to Topic 5, on which Dr. Enever was also designated, encompassing the "development history" of "EXTENDED RELEASE FORMULATIONS comprising VENLAFAXINE in *hydrogel tablets*."  Matterer Decl. Ex. B ¶ 5 (emphasis

added). Wyeth cannot seriously argue that the identity of the persons involved with the development of a formulation is unrelated to the "development history" of that formulation.

Wyeth further designated Dr. Enever on Topic 4, which includes "FACTS relating to ... target profiles [and] modifications to those release profiles." *Id.* ¶ 4.

REDACTED

But it has never been the law that a Rule 30(b)(6) notice must specify "particular details" within deposition topics. It must only list the topics on which examination is requested. If an opposing party thinks those topics are objectionable, it can object. Here, Wyeth objected that the topics were overbroad, and this Court overruled that objection. That should be the end of it. Wyeth does not, and could not, dispute that the *creation* of target profiles was a "FACT relating to" those profiles, and thus within the deposition topics.

Not only does Wyeth cite no legal authority supporting its demand for further "particular details," the demand makes little sense in practice. Requiring "particular details" above and beyond the notice would turn a 30(b)(6) deposition into the functional equivalent of a set of interrogatories. Impax does not want interrogatory answers drafted by Wyeth's outside counsel. Impax wants, and under the Federal Rules is entitled to, the testimony of "live witnesses who know or who can reasonably find out what happened in given circumstances." *Wilson v. Lakner*, 228 F.R.D. 524, 530 (D. Md. 2005).

With respect to Dr. Kavoussi, Wyeth asserts that, despite his lack of knowledge about the noticed topics (other than what he learned from reviewing documents), he was an adequate witness by virtue of his extensive experience in the pharmaceutical industry. (D.I. 219 at 25.)                         REDACTED

REDACTED

It is not enough for Wyeth to state a litigation-driven "corporate position" through a witness. It has to investigate the factual record and provide a witness to testify about relevant facts. Whatever clinical experience Dr. Kavoussi may have, that experience is no substitute for knowledge of such facts, and Dr. Kavoussi was an inadequate witness because he could not answer basic factual questions within the noticed topics.

Neither does Wyeth's claim that Impax identified "but one or two" unanswered questions during Dr. Kavoussi's deposition persuade.

REDACTED

**D.    Negotiations between Wyeth and Impax reached an impasse before Impax filed its motion.**

Finally, Wyeth wrongly asserts that Impax filed its motion before concluding the meet-and-confer process. This is false. Wyeth ignores the fact that this Court already

affirmed the scope of Impax's deposition topics, and rejected Wyeth's burden objection, in granting Impax's motion to compel Rule 30(b)(6) depositions. The Court also ruled that the agreed time limits would alleviate any remaining burden on Wyeth. But after Impax objected to Wyeth's failure to prepare its witnesses, Wyeth took the position in negotiations that Impax could have a renewed deposition only if it would agree to narrow the deposition topics. In other words, Wyeth conditioned its compliance with its discovery obligations on revisiting and vacating this Court's prior order. Because Impax already litigated this issue once and prevailed, it reasonably refused to agree to Wyeth's position. That created an impasse and inspired Impax to file its motion.

Specifically, when Impax first contacted Wyeth about this issue, Wyeth told Impax that it believed Impax's deposition topics were overbroad, and that it would not simply present its witnesses for a renewed deposition without a subject-matter limitation. It first offered to consider making its witnesses available only if Impax would list specific questions within the noticed topics that Wyeth's witnesses had not answered. Declaration of Daniel Purcell in Support of Impax's Reply Brief ¶ 2. But the problem was not that Wyeth's witnesses had failed to answer specific questions; it was that Wyeth's witnesses were completely uninformed about entire topics and could do nothing more than point Impax to documents. As a result, Impax had not asked every followup question it would have asked a prepared witness with knowledge of the basic, underlying facts. *Id.* ¶ 3.

Wyeth then asked Impax to narrow the scope of its topics by identifying the parts of those topics most genuinely at issue. *Id.* ¶ 4. Impax replied that the scope of the topics had already been litigated and decided, and that it was not inclined to narrow the topics further. *Id.* Wyeth then stated that it was difficult, if not impossible, to prepare a witness because of the breadth of the topics, and commented that Impax had not even explored the full scope of those topics at the depositions. *Id.* But the only example Wyeth provided was Impax's failure to ask about the development of Effexor XR between 1996 and 2002. *Id.* Obviously, Impax did not ask about the development of Effexor XR during those years

because the development effort had been completed before then. Moreover, it made no sense for Wyeth to complain that Impax did not ask *enough* questions when Wyeth's witnesses could not answer the questions Impax did ask. Further, given the time limits Wyeth insisted on, Impax had to choose carefully which questions to ask and which to omit. *Id.* ¶ 5. As this Court recognized, those time limits were adopted to reduce the burden on Wyeth. It is unreasonable for Wyeth to argue that the time limits *increased* that burden by forcing Impax to ask fewer, more targeted questions.

In Impax's view, Wyeth's refusal to consider renewed depositions unless Impax agreed to narrow the scope of its deposition topics amounted to a refusal to obey this Court's order affirming the scope of the topics. In response, Impax notified Wyeth that (1) the scope of the depositions had been litigated and decided; (2) it wanted a deposition of fully prepared witnesses on the deposition topics; and (3) it believed the parties had reached impasse on the issue. *Id.* ¶ 6. It should not matter that Wyeth then wrote Impax and claimed it was confused about Impax's position. Impax repeatedly had made its position clear. Given Wyeth's refusal to obey the previous order, Impax understood Wyeth's letter as an effort to delay resolution of the issue. Impax does not bring these disputes to this Court lightly, but it has been unable to obtain this basic, fundamental discovery without Court assistance.

## III.    CONCLUSION

For all the foregoing reasons, Impax respectfully asks this Court to order Wyeth to produce a witness prepared to testify on behalf of the company under Rule 30(b)(6) on Topic Nos. 3, 4, 5 through 8, 10 (*in vivo* only), 16, 17, 19 (Table 2 and Table 3 only), 20, 25, and 26 as set forth in Impax's April 3, 2007 Second Amended Notice of Deposition Pursuant to Rule 30(b)(6).

Dated:  July 5, 2007

*Mary Matterer*

_____
Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES LLP
500 Delaware Avenue, 15th Floor
Wilmington, DE 19801
mmatterer@morrisjames.com

*Of Counsel*
Daralyn J. Durie
Asim Bhansali
Paula L. Blizzard
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA  94111

*ATTORNEYS FOR IMPAX LABORATORIES, INC*

10