IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WYETH, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.:  06-222 JJF |
| | ) | |
| v. | ) | **PUBLIC VERSION** |
| | ) | |
| IMPAX LABORATORIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT IMPAX LABORATORIES, INC.'S OPENING BRIEF
IN SUPPORT OF MOTION TO COMPEL WYETH TO PRODUCE
ALL SUMMARY JUDGMENT BRIEFING FROM THE *TEVA* LITIGATION**

Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES LLP
500 Delaware Avenue, 15th Floor
Wilmington, DE 19801
Telephone: (302) 888-6800
mmatterer@morrisjames.com

Daralyn J. Durie (pro hac vice)
Asim Bhansali (pro hac vice)
Paula L. Blizzard (pro hac vice)
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA  94111
Telephone: (415) 391-5400

Original Date:  July 9, 2007
Redacted Version: July 18, 2007

Defendant Impax Laboratories, Inc. ("Impax") moves to compel production of documents this Court has already ordered Wyeth to produce—the summary-judgment briefing from the *Wyeth v. Teva* litigation. Wyeth has adopted an unreasonably narrow interpretation of the Court's prior order in refusing to produce this highly relevant material.

## I.    FACTUAL BACKGROUND

On October 26, 2006, this Court ordered Wyeth to produce all documents from the *Wyeth v. Teva* litigation "dealing with claim construction and patent validity" or relating to the enforcement of the patents in suit. (D.I. 70 (10/26/06 Memorandum Order at 2 (hereinafter "Order"))). Thereafter, Wyeth produced some documents from the *Teva* case. After Impax reviewed that production, it discovered Wyeth produced its own summary judgment motion and a supporting declaration, but failed to produce either (1) Teva's opposition to its motion, its reply brief, and any other documents supporting those filings; or (2) any briefing related to Teva's separate motion for summary judgment. Despite these shortcomings, on May 25, 2007, Wyeth represented to Impax that it had fully complied with the Court's order to produce *Teva* litigation documents. Matterer Decl. Ex. A (05/25/06 letter from Rudolph to Gratz).

Impax requested production of Teva's summary judgment briefing from Wyeth, noting that the Teva briefing fell within the scope of the Court's Order. *Id.* Exs. B & C (6/11/07 and 6/25/07 letters from Towle to Rudolph). Wyeth waited more than two weeks after Impax's initial request before responding, then took the position that, because Teva's brief was titled "Motion for Summary Judgment of No Infringement and No Willful Infringement," it necessarily did not relate to claim construction, validity, or patent enforcement, and thus did not fall within the scope of this Court's Order. *Id.* Ex. D (6/26/07 letter from Rudolph to Towle). Wyeth did not explain how a brief disputing patent infringement could be unrelated to patent enforcement—i.e., the effort to prove that a particular product infringes a given patent. Wyeth also refused to produce the briefing on the Teva motion on the ground that it contained Teva confidential information subject to a protective order. *Id.* But Wyeth has not explained why

Teva's briefing could not be produced as highly confidential under the protective order, as Wyeth has done with other Teva documents.

Impax responded by telling Wyeth that it was unreasonable to refuse to produce the Teva briefing based on the title, as opposed to the substance, of that motion. Wyeth agreed to look at the content of the briefing and then consider whether the briefing was responsive. *Id.* Exs. E & F (7/3/07 letter from Towle to Rudolph and 7/3/07 email from Rudolph to Towle). On July 6, 2007, it informed Impax that, in its view, "Teva's motion addresses issues of infringement and willful infringement" and thus "falls outside the scope of documents contemplated in the Court's October 26, 2006 Order." *Id.* Ex. G (7/6/07 letter from Rudolph to Towle). Wyeth again noted that the briefing contained Teva confidential information. *Id.* For both reasons, it refused to turn over the Teva briefing.

Impax also wrote to Wyeth, demanding production of the full briefing related to Wyeth's summary judgment motion. *Id.* Ex. D. As noted above, Wyeth produced only its motion and a supporting declaration, *id.* Exs. H & I, but not the opposition, reply or other related briefing. Wyeth's motion argued for summary judgment on numerous validity issues, including enablement, written description, and anticipation. Impax informed Wyeth that, given that the motion related to validity, the opposition and the reply almost certainly should as well. On July 6, 2007, Wyeth ambiguously stated that it had reviewed "Wyeth's motion" and agreed that some of it related to validity. *Id.* Ex. G. It agreed to produce a redacted version of "Wyeth's motion." *Id.* Of course, to the extent Wyeth was referring to its summary-judgment motion, as opposed to related briefing on that motion, it has already produced an unredacted version.

Because Wyeth continues to take unreasonable discovery positions that disregard Court orders, Impax once again moves to compel.

## II.    ARGUMENT

Last month, Wyeth refused to comply with an express order of this Court related to Rule 30(b)(6) depositions, failing to prepare its witnesses and then complaining that Impax's topics were too broad—a position this Court has already rejected. Impax was forced to move to

compel. Impax now brings this motion because Wyeth is again in contempt of a discovery order of this Court.

Although the October 26, 2006 Order stopped short of ordering production of every *Teva* litigation document, the Order demonstrated this Court's intent to require Wyeth to produce documents relevant to the core issues in this case: enforcement of the patents at issue, claim construction, and validity. Order at 2. This dispute arises from Wyeth's refusal to interpret the Order rationally. In refusing to produce the *Teva* summary-judgment briefing, Wyeth has taken the position that issues of infringement do not relate to enforcement of the patents or construction of those patents' claims. This makes no sense. Documents related to infringement necessarily must relate to patent enforcement; patents are enforced through the effort to prove infringement, and can be enforced only if the patentholder proves that a given product infringes the patent at issue. Wyeth's opposition to Teva's summary-judgment motion *is* patent enforcement. Likewise, any analysis of whether the Teva product infringed Wyeth's patents must relate to the *Teva* court's construction of those patents' claims; the infringement analysis depends on the way those claims are construed. It is telling that Wyeth initially refused to produce these documents not because of their content, but because the *title* of Teva's motion did not include the words "enforcement," "claim construction," or "validity."

Similarly, Wyeth should produce *all* the briefing on its summary-judgment motion, not a version redacted into unintelligibility. Wyeth has already produced an unredacted version of its motion and supporting declaration, thus implicitly conceding that the motion related to the issues set forth in this Court's Order. Because Wyeth's initial motion set the boundaries to be litigated by the opposition and reply, Wyeth cannot reasonably argue that parts of the opposition and reply are non-responsive. Indeed, on its face, the motion deals with numerous validity issues, including enablement, written description, and anticipation. *Id.* Ex. H at 24-30. Further, as argued above, Wyeth's motion is also within the scope of the Order because it is part of Wyeth's

effort to enforce the patents against Teva.[1]

Wyeth's refusal to produce these documents is contrary to the language of the Order, but it equally violates that Order's spirit. In making its ruling, this Court balanced between Impax's need to obtain relevant information from the *Teva* case and Wyeth's interest in avoiding an unreasonable burden. But both of these interests weigh in favor of complete production here. First, the *Teva* summary-judgment briefing is reasonably calculated to lead to the discovery of admissible evidence related to Impax's claims and defenses. To the extent that Wyeth, in response to Teva's non-infringement motion, took positions on the scope and application of the asserted claims, including the scope of any alleged equivalents, these positions are likely to be relevant to Impax's pending non-infringement defenses and declaratory relief claims. Wyeth may want to avoid producing the *Teva* briefing because its positions in that case were different from its positions here, but that is no basis for refusing discovery. Second, producing the *Teva* briefing could not possibly burden Wyeth. Impax's request is no fishing expedition; it could not be more narrowly focused. That briefing represents a finite number of easily identified documents in the possession of Wyeth's counsel. Finding them requires no searches of document archives or fading memories, or interviews with departed employees. Similarly, in addition to being intended to improperly conceal relevant information from Impax, Wyeth's plan to heavily redact the *Teva* documents would impose a much greater logistical burden than simply producing them in their entirety.

Finally, Wyeth's concern about protecting Teva confidential information is makeweight. As Wyeth knows, over the past several months Impax has worked with Teva's counsel to obtain production of numerous documents containing Teva confidential information. Thus far, Teva's counsel has allowed production of such documents with a "Highly Confidential" designation

---

[1] Obviously, Impax is at a disadvantage in briefing these issues, because it does not have access to the *Teva* briefing and thus must take Wyeth's word for the content of the documents. Impax expects that, if it had access to the documents it now seeks, it might view their content differently from Wyeth with respect to the scope of the October 26, 2006 Order. If this Court has doubts about granting this motion, Impax respectfully asks that it review the *Teva* documents *in camera* and determine for itself their relevance to this case.

under the protective order governing this case. Wyeth ignores this. Neither has Wyeth requested leave from Teva's counsel to produce the requested summary judgment briefing subject to designation, nor has it explained why the protective order would not provide adequate protection for any Teva confidential material.

Again, Wyeth has interpreted an order of this Court so narrowly as to be meaningless and impose no obligation on Wyeth. When this Court denied its overbreadth objections to Impax's Rule 30(b)(6) deposition notice, Wyeth failed to prepare its witnesses, then claimed it was entitled to do so because Impax's deposition topics were too broad. Now it resists producing obviously relevant documents from a separate lawsuit involving the alleged infringement of the same patents at issue here. This Court should grant this motion.

## III.    CONCLUSION

For all the above reasons, Impax requests an order compelling Wyeth to produce all the briefing, accompanying declarations, exhibits, and other material filed in support of or in opposition to both Wyeth's and Teva's motions for summary judgment in the *Wyeth v. Teva* litigation.

Dated: July 9, 2007

Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES LLP
500 Delaware Avenue, 15th Floor
Wilmington, DE 19801
mmatterer@morrisjames.com

*Of Counsel*
Daralyn J. Durie
Asim Bhansali
Paula L. Blizzard
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111

*ATTORNEYS FOR IMPAX LABORATORIES, INC*