IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WYETH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.:  06-222 JJF |
| | ) | |
| v. | ) | **PUBLIC VERSION** |
| | ) | |
| IMPAX LABORATORIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

---

**DECLARATION OF MARY B. MATTERER IN SUPPORT OF
DEFENDANT IMPAX LABORATORIES, INC.'S MOTION
TO COMPEL WYETH TO PRODUCE ALL SUMMARY
JUDGMENT BRIEFING FROM THE *TEVA* LITIGATION**

Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES LLP
500 Delaware Avenue, 15th Floor
Wilmington, DE 19801
Telephone: (302) 888-6800
mmatterer@morrisjames.com

Daralyn J. Durie (pro hac vice)
Asim Bhansali (pro hac vice)
Paula L. Blizzard (pro hac vice)
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA  94111
Telephone: (415) 391-5400

Original Date:  July 9, 2007
Redacted Date:  July 18, 2007

I, Mary B. Matterer, declare:

1.      I am an attorney at the law firm of Morris James LLP, counsel of record for Defendant Impax Laboratories, Inc. ("Impax") in the above-referenced case.  I have personal knowledge of the facts set forth in this Declaration.

2.      I submit this Declaration in support of Defendant Impax Laboratories, Inc.'s Motion To Compel Wyeth To Produce All Summary Judgment Briefing From The *Teva* Litigation.

3.      Attached hereto as Exhibit A is a copy of a letter of May 25, 2007 from Barbara R. Rudolph, counsel to plaintiff Wyeth ("Wyeth"), to Joseph C. Gratz, counsel to defendant Impax Laboratories, Inc. ("Impax").

4.      Attached hereto as Exhibit B is a copy of a letter of June 11, 2007 from Courtney Towle, counsel to Impax, to Barbara R. Rudolph, counsel to Wyeth.

5.      Attached hereto as Exhibit C is a copy of a letter of June 25, 2007 from Courtney Towle, counsel to Impax, to Barbara R. Rudolph, counsel to Wyeth.

6.      Attached hereto as Exhibit D is a copy of a letter of June 26, 2007 from Barbara R. Rudolph, counsel to Wyeth, to Courtney Towle, counsel to Impax.

7.      Attached hereto as Exhibit E is a copy of a letter of July 3, 2007 from Courtney Towle, counsel to Impax, to Barbara R. Rudolph, counsel to Wyeth.

8.      Attached hereto as Exhibit F is a copy of an email of July 3, 2007 from Barbara R. Rudolph, counsel to Wyeth, to Courtney Towle and Joseph C. Gratz, counsel to Impax.

9.      Attached hereto as Exhibit G is a copy of a letter of July 6, 2007 from Barbara R. Rudolph, counsel to Wyeth, to Courtney Towle, counsel to Impax.

10.      Attached hereto as Exhibit H is a copy of Wyeth's Memorandum in Support of its Motion for Summary Judgment, filed September 16, 2005 in re *Wyeth v. Teva Pharmaceuticals USA, Inc.* (USDC Dist. NJ Case No. 03-01293).

11.     Attached hereto as Exhibit I is a copy of the Declaration of Eileen Quinn Steiner (sans exhibits) in support of Wyeth's Motion for Summary Judgment, filed September 16, 2005 in re *Wyeth v. Teva Pharmaceuticals USA, Inc.* (USDC Dist. NJ Case No. 03-01293).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on this ninth day of July, 2007 at Wilmington, Delaware.

MARY B. MATTERER (ID NO. 2696)

# EXHIBIT A



901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

BARBARA R. RUDOLPH
202.408.4346
barbara.rudolph@finnegan.com

May 25, 2007

Joseph C. Gratz, Esq.
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111

*Via Email and Confirmation
Copy via U.S. Mail*

<u>*Wyeth v. Impax Laboratories, Inc.,* Civil Action No.: 06-222 (D. Del.)</u>

Dear Joseph:

We write in response to Daniel Kassabian's letter of May 3, 2007. We fail to understand why Impax "seek[s] compliance" with the Court's October 26, 2006 Memorandum Order ("October 26th Order"). Wyeth has produced all of the items it represented to the Court that it would produce, and is in full compliance with the October 26th Order.

Mr. Kassabian, in his May 3rd letter, seeks production of Teva's proposed amended answers that were attached to the letter from Michael E. Patunas to the Court dated February 22, 2005, in connection with the *Teva* litigation, implying that these answers were the subject of the Court's October 26th Order. It is clear, however, from the correspondence leading up to the October 26th Order, that the amended answers that Impax had requested and that Wyeth agreed to produce were the proposed amended answers that were submitted with the April 1, 2005 Declaration of Lana A. Shvartsman. *See, e.g.,* July 31, 2006 letter from S. Ernst to L. Wadler; August 1, 2006 letter from M. Matterer to H. Dinger; August 2, 2006 letter from L. Wadler to S. Ernst. And, in accordance with the October 26th Order, these documents were produced as WYETH 318-004757-4773 and WYETH 318-004775-4789. The request for exhibits A and B to the February 22, 2005 Michael E. Patunas letter was presented for the first time in Mr. Kassabian's May 3rd letter and falls beyond the scope of Wyeth's proffered production as incorporated by the October 26th Order. We fail to see why Wyeth is obligated to produce these proposed amended answers.

Furthermore, Impax's request for the parties' letter briefing as to the February 22, 2005 amended answers is also beyond what the Court required Wyeth to produce. Indeed, although Impax had requested such pleadings from the *Teva* litigation on pages 1 and 2 of its August 10th Motion to Compel, the Court denied this portion of

Joseph C. Gratz, Esq.
May 25, 2007
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

Impax's Motion, concluding that "Impax has not shown that the documents requested from the Teva Litigation, beyond what Wyeth has already produced or offered to produce, are critical to resolving the issues before the Court." *See* October 26th Order, at 2. Therefore, this issue has already been litigated, and Impax's attempt to resurrect it is improper.

With respect to your second paragraph, although Impax requested meet and confer correspondence between Wyeth and Teva on November 22, 2006, we consider this issue also resolved, based on Mr. Kassabian's letter of January 3, 2007. Impax had requested such meet and confer correspondence in connection with its Document Request Nos. 114-121. As we explained on page 3 of our December 8, 2006 letter, although we considered Impax's request for such correspondence, the burden of collecting, identifying, and reviewing for confidential information subject to the *Teva* litigation protective order, far outweighs any relevance that additional meet and confer correspondence would have in the present case. Mr. Kassabian's January 3, 2007 letter acknowledged that our December 8, 2007 letter "put[] to rest the majority of the issues Impax has raised." Mr. Kassabian's January 3rd letter failed to reiterate any request for meet and confer correspondence between Wyeth and Teva from the *Teva* litigation. Therefore, as per Mr. Kassabian's own representations, this matter has already been "put[] to rest."

It is difficult to discern why Impax has opted to raise issues that have long been resolved. We trust that these issues will not surface yet again.

Sincerely,

Barbara R. Rudolph

BRR/AEG:eak

cc:    Mary B. Matterer, Esq. (via e-mail)
       Daniel N. Kassabian, Esq. (via e-mail)
       Karen Jacobs Louden, Esq. (via e-mail)
       Jessica Wolff, Esq. (via e-mail)
       Samuel F. Ernst, Esq. (via e-mail)
       Eric L. Lane, Esq. (via e-mail)
       Daralyn J. Durie, Esq. (via e-mail)
       Paula L. Blizzard, Esq. (via e-mail)

1365458_1

# EXHIBIT B

LAW OFFICES

# KEKER & VAN NEST
### LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

COURTNEY TOWLE
CTOWLE@KVN.COM

June 11, 2007

**VIA EMAIL & U.S. MAIL**

Barbara R. Rudolph
Finnegan, Henderson, Farabow, Garrett & Dunner LLP
901 New York Ave, NW
Washington, DC 20001-4413

Re:    *Wyeth v. Impax Laboratories, Inc.,* Civil Action No.: 06-222 (D. Del.)

Dear Ms. Rudolph:

     I write in response to your letter of May 25, 2007, to Joseph C. Gratz. In that letter, you state that Wyeth is in full compliance with the Court's October 26, 2006 Order requiring the production of certain documents from the *Teva* litigation.

     Per the Court's October 26, 2006 order, Wyeth was to produce documents from the Teva Litigation relating to validity and enforcement of the patent at issue. 10/26/06 Order at 2. Wyeth has produced its Moving Summary Judgment Brief, its Rule 56.1 Statement, and the supporting declaration and exhibits. Wyeth has not, however, produced the Teva Defendants' Motion for Summary Judgment of No Infringement and No Willful Infringement, Teva's Rule 56.1 Statement or the accompanying declarations and exhibits (the "Teva Summary Judgment briefing"). Sealed per Dkt. Nos. 161 &162. Impax believes the Teva Summary Judgment briefing bears on the validity and enforcement of Wyeth's patents. Please confirm that Wyeth will produce these documents before the end of next week.

Sincerely,

Courtney Towle

CT
cc:    Bonita Ford (via email)
       Allison Green (via email)
       Basil Lewris (via email)
       Linda Wadler (via email)
       Daniel N. Kassabian, Esq.(via email)
       Mary B. Matterer, Esq (via email)

397066.01

# EXHIBIT C

LAW OFFICES

# KEKER & VAN NEST
### LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

COURTNEY TOWLE
CTOWLE@KVN.COM

June 25, 2007

**VIA EMAIL & U.S. MAIL**

Barbara R. Rudolph
Finnegan, Henderson, Farabow, Garrett & Dunner LLP
901 New York Ave, NW
Washington, DC 20001-4413

Re:    *Wyeth v. Impax Laboratories, Inc.,* Civil Action No.: 06-222 (D. Del.)

Dear Ms. Rudolph:

I write in furtherance of my June 11, 2007 letter to you in which I requested production of the Teva Defendants' summary judgment motion and related briefing. As stated in my last letter, Impax believes the Teva summary judgment briefing bears on the validity and enforcement of Wyeth's patents and must be produced pursuant to the Court's October 26, 2006 order.

I have not received a response regarding my request. Please provide a response by Wednesday June 27, 2007.

Sincerely,

Courtney Towle

CT
cc:    Bonita Ford (via email)
       Allison Green (via email)
       Basil Lewris (via email)
       Linda Wadler (via email)
       Karen Jacobs-Louden (via email)
       Daniel N. Kassabian, Esq.(via email)
       Mary B. Matterer, Esq (via email)

397923.01

# EXHIBIT D



901 New York Avenue, NW ■ Washington, DC 20001-4413 ■ 202.408.4000 ■ Fax 202.408.4400
www.finnegan.com

**FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP**

BARBARA R. RUDOLPH
202.408.4346
barbara.rudolph@finnegan.com

June 26, 2007

Ms. Courtney Towle                    ***VIA FEDERAL EXPRESS AND EMAIL***
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111-1704

_Wyeth v. Impax Laboratories, Inc.,_ Civil Action No.: 06-222 (D. Del.)

Dear Ms. Towle:

I write in response to your letters of June 11, 2007, and June 25, 2007. We maintain our position that Wyeth is in full compliance with the Court's October 26, 2006 Order ("the Order").

While the Order did require the production of certain documents from the _Teva_ litigation related to the validity and enforcement of the patent in issue, it did not contemplate documents related to the issue of infringement. Impax has requested production of "Teva Defendants' Motion for Summary Judgment of No Infringement and No Willful Infringement" and accompanying declarations and exhibits ("the briefing"), which falls outside the scope of documents contemplated in the Order. As suggested by the title, the briefing reflects Teva's arguments on infringement and willful infringement. Moreover, the briefing contains Teva confidential information that is subject to a protective order.

For these reasons, we believe Impax's assertion that the briefing relates to validity and enforcement of the patents in suit is incorrect, and we do not intend to produce these documents.

Sincerely,

Barbara R. Rudolph

BRR/AEG:eak

Washington, DC ■ Atlanta, GA ■ Cambridge, MA ■ Palo Alto, CA ■ Reston, VA ■ Brussels ■ Taipei ■ Tokyo

Ms. Courtney Towle
June 26, 2007
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

cc:    Daralyn J. Durie, Esq. (via email)
        Paula L. Blizzard, Esq. (via email)
        Joseph C. Gratz, Esq. (via email)
        Daniel Kassabian, Esq. (via email)
        Mary B. Matterer, Esq. (via email)
        Karen Jacobs Louden, Esq. (via email)

# EXHIBIT E

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

COURTNEY TOWLE
CTOWLE@KVN.COM

July 3, 2007

**VIA EMAIL & U.S. MAIL**

Barbara R. Rudolph
Finnegan, Henderson, Farabow, Garrett & Dunner LLP
901 New York Ave, NW
Washington, DC 20001-4413

Re:    *Wyeth v. Impax Laboratories, Inc.,* Civil Action No.: 06-222 (D. Del.)

Dear Ms. Rudolph:

I write in furtherance of our phone conversation earlier today.

Per your letter of June 26, 2007, Wyeth refused to produce any of the briefing for Teva's summary judgment motion on the basis that the title of the motion, "Teva Defendants' Motion for Summary Judgment of No Infringement and No Willful Infringement," indicates that the motion addresses only infringement. The Court's October 26, 2006 Memorandum Order required Wyeth to produce documents from the *Teva* litigation "dealing with claim construction and patent validity," as well as documents relating to the enforcement of the patents in suit. Because of the title of Teva's motion, you take the position that the briefing is not within the scope of documents ordered to be produced. During our July 3, 2007 conversation, you said that you would review the briefing to determine whether it addressed issues on which Wyeth was ordered to produce. Please inform Impax of the outcome of this review and whether or not Wyeth will produce this briefing no later than July 5, 2007.

During or July 3, 2007 conversation, I also requested production of the full briefing on Wyeth's motion for summary. In your May 25, 2007 letter to Joseph C. Gratz, you state that Wyeth has fully complied with the Court's order regarding production of *Teva* litigation documents. Wyeth's production included Wyeth's summary judgment motion and supporting declaration, WYETH 318-009618-012820. The remainder of the briefing on the motion, however, has not been produced. In the motion, Wyeth argues for summary judgment on validity issues, including enablement, written description, and anticipation, which clearly fall within the scope of the documents ordered to be produced. Please confirm no later than

Barbara R. Rudolph
July 3, 2007
Page 2

Thursday, July 5, 2007 that Wyeth will produce the full briefing on Wyeth's motion for summary judgment.

Sincerely,

Courtney Towle

CT
cc:     Bonita Ford (via email)
        Allison Green (via email)
        Basil Lewris (via email)
        Linda Wadler (via email)
        Daniel N. Kassabian, Esq.(via email)
        Mary B. Matterer, Esq (via email)

# EXHIBIT F

## Jacquie Hartmann

| | |
|---|---|
| **From:** | Courtney Towle |
| **Sent:** | Tuesday, July 03, 2007 3:38 PM |
| **To:** | Wyeth-KVN |
| **Subject:** | FW: Wyeth v. Impax Litigation |

---

**From:** Rudolph, Barbara [mailto:barbara.rudolph@finnegan.com]
**Sent:** Tuesday, July 03, 2007 2:54 PM
**To:** Courtney Towle; Joseph C. Gratz
**Cc:** mmatterer@morrisjames.com; Karen Louden
**Subject:** Wyeth v. Impax Litigation

Dear Ms. Towle:

    We are in receipt of your letter of today.   Please note that with the intervening July 4th holiday, your demand for a response by July 5th is unreasonable.  We will investigate the matters you have raised and will respond to your requests as soon as possible.

    Sincerely,
    Barbara Rudolph

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

# EXHIBIT G



**FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP**

901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

BARBARA R. RUDOLPH
202.408.4346
barbara.rudolph@finnegan.com

July 6, 2007

Ms. Courtney Towle
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111-1704

**_VIA FEDERAL EXPRESS AND EMAIL_**

_Wyeth v. Impax Laboratories, Inc._, Civil Action No.: 06-222 (D. Del.)

Dear Ms. Towle:

I write in response to your letter of July 3, 2007.

We reviewed the briefing on "Teva Defendants' Motion for Summary Judgment of No Infringement and No Willful Infringement" ("Teva's motion"), and confirm that Teva's motion addresses issues of infringement and willful infringement. Because Teva's motion falls outside the scope of documents contemplated in the Court's October 26, 2006 Order and contains Teva confidential information, we do not intend to produce this briefing.

With respect to your request for the production of the full briefing on Wyeth's Motion for Summary Judgment ("Wyeth's motion"), we have reviewed Wyeth's motion and agree that a portion of it pertains to validity issues. Therefore, to the extent that the remaining briefing relates to the issue of validity, we will produce a redacted version.

Sincerely,

Barbara Rudolph

Barbara R. Rudolph

BRR/AEG:eak

cc:   Daralyn J. Durie, Esq. (via email)
      Paula L. Blizzard, Esq. (via email)
      Joseph C. Gratz, Esq. (via email)
      Daniel Kassabian, Esq. (via email)
      Mary B. Matterer, Esq. (via email)
      Karen Jacobs Louden, Esq. (via email)

Washington, DC ▪ Atlanta, GA ▪ Cambridge, MA ▪ Palo Alto, CA ▪ Reston, VA ▪ Brussels ▪ Taipei ▪ Tokyo

# EXHIBIT H

# ENTIRE EXHIBIT
# REDACTED

# EXHIBIT I

# ENTIRE EXHIBIT REDACTED