IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____

| | |
|---|---|
| WYETH, | ) |
| | ) |
| | ) Civil Action No.: 06-222 (JJF) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| IMPAX LABORATORIES, INC., | ) |
| | ) |
| Defendant. | ) |

_____

**WYETH'S ANSWERING BRIEF IN OPPOSITION TO
IMPAX'S MOTION TO COMPEL WYETH TO PRODUCE
ALL SUMMARY JUDGMENT BRIEFING FROM THE _TEVA_ LITIGATION**

MORRIS, NICHOLS, ARSHT &
TUNNELL LLP
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 North Market Street
Wilmington, DE  19899-1347
(302) 658-9200
klouden@mnat.com
Attorneys for Plaintiff Wyeth

OF COUNSEL:

Basil J. Lewris
Linda A. Wadler
Barbara R. Rudolph
Finnegan, Henderson, Farabow,
  Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 408-4000

July 23, 2007

# TABLE OF CONTENTS

I.     NATURE AND STAGE OF PROCEEDINGS ...................................................................1

II.    SUMMARY OF ARGUMENT ........................................................................................1

III.   STATEMENT OF FACTS ..............................................................................................2

     A.     The Court's October 26, 2006 Memorandum Order ................................................2

     B.     Impax's Request for Summary Judgment Briefing on Infringement from the *Teva* Litigation ..............................................................................................................5

IV.    ARGUMENT ..................................................................................................................6

     A.     Impax's Request for All Summary Judgment Briefing Has Already Been Litigated and Should Be Denied .............................................................................6

     B.     Impax's Request for All Summary Judgment Briefing from the *Teva* Litigation Implicates Protective Order Issues and Would Impose an Undue Burden on Wyeth ....................................................................................................7

V.     CONCLUSION ...............................................................................................................9

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Fenster Family Patent Holdings, Inc. v. Siemens Medical Solutions USA, Inc.*,
　　No. Civ. A04-0038-JJF, 2005 WL 2304190 (D. Del. Sept. 20, 2005) ................................. 7-8

## I.      NATURE AND STAGE OF PROCEEDINGS

On October 26, 2006, in response to Defendant's Motion to Compel Production of Documents, the Court denied Impax's request for documents from the prior *Teva* litigation concerning Teva, its product, and its infringement, ruling that "Wyeth's proffered production is reasonable, and that Impax's request for all documents from the Teva Litigation is overly broad."  (October 26, 2006 Memorandum Order ("October 26th Order"), D.I. 70 at 2).  In accordance with the Court's October 26th Order, Wyeth has produced to Impax the proffered documents from the *Teva* litigation, relating to issues of claim construction, patent validity, and enforceability of the patents-in-suit.  Impax's motion now seeks to revisit the Court's previous ruling.  This is Wyeth's answering brief in opposition to Impax's motion to compel summary judgment briefing on infringement in the *Teva* litigation.

## II.     SUMMARY OF ARGUMENT

In its October 26th Order, the Court held that Wyeth need not produce the documents Impax now seeks again.  Wyeth is in full compliance with that Order.  Specifically, Wyeth long ago agreed to produce, and did produce, the following documents from the *Teva* litigation:  the Markman briefing (with Teva confidential information redacted), portions of all expert reports relating to validity, Teva's § 282 Notice, all interrogatory answers relating to validity, all depositions transcripts of Wyeth's witnesses, all exhibits used during the depositions of Wyeth fact witnesses, and Teva's proposed amended answer on enforceability.  In its October 26th Order, the Court held that Wyeth's production was sufficient.

Impax's present request for all summary judgment briefing from the *Teva* litigation was encompassed within its first motion to compel, filed almost a year ago, in

which it sought "all pleadings, deposition transcripts, hearing transcripts, expert reports, and orders" from the *Teva* litigation. The Court denied that request. The documents Impax now requests for a second time relate to issues of infringement by *Teva's* product and willful infringement by *Teva*. As such, they fall outside the documents to be produced under the Court's October 26th Order. Impax's motion is no more than a belated request to reconsider the Court's previous ruling and should be denied.

## III.     STATEMENT OF FACTS

### A.     The Court's October 26, 2006 Memorandum Order

On August 10, 2006, Impax filed Defendant's Motion to Compel Production of Documents seeking, *inter alia*, production of "all pleadings, deposition transcripts, hearing transcripts, expert reports, and orders" from the *Teva* litigation. (D.I. 36 at 1). In opposition to Impax's motion, Wyeth noted that it had agreed to produce "deposition transcripts of Wyeth's fact witnesses, exhibits from those depositions and Teva's 35 U.S.C. § 282 Notice." (D.I. 41 at 1). Wyeth further offered to produce "Markman briefing; portions of expert reports, expert depositions and contention interrogatory answers concerning validity; and Teva's proposed amended answer on enforceability *once Teva has redacted its confidential information or given Wyeth permission to produce it*." (*Id*. (emphasis in original)). But as to documents pertaining to Teva's infringement, Wyeth argued that Impax "failed to articulate any relevance for documents concerning issues other than claim construction or validity of the patents in suit." *Id*. Indeed, Wyeth noted: "Information regarding *Teva, its product, and its infringement* is simply irrelevant to this litigation." (*Id.* (emphasis added)). The Court agreed that Wyeth need not produce such documents.

2

Impax can only support its motion by seriously cropping the Court's October 26th Order. Specifically, Impax states:

> On October 26, 2006, this Court ordered Wyeth to produce all documents from the *Wyeth v. Teva* litigation "dealing with claim construction and patent validity" or relating to the enforcement of the patents in suit.

(D.I. 299 at 1). What Impax omits is that the Court held that Wyeth's proffered documents from the *Teva* litigation was sufficient. Specifically, the Court agreed that Wyeth's proffered production was reasonable and that Wyeth need not produce documents beyond those it had offered:

> *The Court concludes that Wyeth's proffered production is reasonable, and that Impax's request for all documents from the Teva Litigation is overly broad. The Court finds that Impax has not demonstrated why it is entitled to documents from the Teva Litigation involving matters not at issue in this litigation. Also, Impax has not shown that the documents requested from the Teva Litigation, beyond what Wyeth has already produced or offered to produce, are critical to resolving the issues before the Court. Thus, this portion of Impax's Motion is denied.*

(D.I. 70 at 2 (emphasis added)). Thus, the Court ordered the production of only the documents that Wyeth had proffered, namely certain documents relating to claim construction, patent validity, and enforceability of the patents-in-suit. In doing so, the Court acknowledged Wyeth's offer "to produce documents from the Teva litigation relating to *validity* and *enforcement* of the patent at issue." (D.I. 70 at 2 (emphasis added)). The Court's use of the terms "validity" and "enforcement" was in direct reference to Wyeth's offer to produce certain pleadings related to validity (*i.e.* "Markman briefing; portions of expert reports, expert depositions and contention interrogatory

answers concerning validity") and enforceability (*i.e.* "Teva's proposed amended answer on enforceability"). (D.I. 41 at 1).[1]

Impax bases its current motion on the Court's use of the term "enforcement" in the October 26th Order, ignoring the underlying briefing on which that ruling was based. Impax argues that "[d]ocuments related to infringement necessarily must relate to patent enforcement," and that the Court therefore ordered the production of documents pertaining to Teva's infringement. (D.I. 229 at 3). This is simply not correct. The reference to "enforcement" was expressly tied to the documents "Wyeth has also agreed to produce." (D.I. 70 at 2). As made clear by the underlying briefing to the Court's Order, discussed above, Wyeth had offered to produce Teva's proposed amended answer on enforceability (*i.e.*, inequitable conduct allegations), but Wyeth did not agree to produce documents "regarding Teva, its product, and its infringement." (D.I. 41 at 1). The Court specifically rejected Impax's request for "all pleadings" from the Teva litigation (D.I. 70 at 2), which request included pleadings related to issues of infringement. (D.I. 36 at 1).

Impax's entire argument that "Wyeth continues to take unreasonable discovery positions that disregard Court orders" and "Wyeth is again in contempt of a discovery order of this Court" (D.I. 229 at 2 and 3) is premised upon this serious mischaracterization that the Court, by its use of the word "enforcement," ordered the production of documents relating to infringement, notwithstanding the Court's express rejection of precisely this portion of Impax's motion.

---

[1] Wyeth has produced these documents to Impax, and is therefore in full compliance with the Court's Order.

### B.    Impax's Request for Summary Judgment Briefing on Infringement from the *Teva* Litigation

On June 11, 2007, Impax requested that Wyeth produce Teva Defendants' Motion for Summary Judgment of No Infringement and No Willful Infringement, Teva's accompanying Rule 56.1 Statement and the accompanying declaration and exhibits. ("Teva's non-infringement motion"). (Ex. 1, June 11, 2007, letter from C. Towle to B. Rudolph). Because the requested documents relate to issues of Teva's infringement and willful infringement, they fall outside the scope of the documents the Court ordered produced in its October 26th Order. (*See* D.I. 70 at 2). For this reason, Wyeth notified Impax that it did not intend to produce Teva's non-infringement motion. (Ex. 2, June 26, 2007, letter from B. Rudolph to C. Towle). Wyeth further noted that the documents contain Teva confidential information, which is subject to the protective order governing the *Teva* litigation. *Id.*

In a telephone conversation between Wyeth and Impax counsel, Impax's counsel also requested the remaining briefing on *Wyeth*'s motion for summary judgment, which had also been filed in the *Teva* litigation.[2] (Ex. 3, July 3, 2007, letter from C. Towle to B. Rudolph). On July 6, 2007, Wyeth reiterated its position with respect to Teva's non-infringement motion, and declined to produce those documents based upon the October 26th Order because they relate solely to Teva's infringement.[3] (Ex. 4, July 6,

---

[2] Wyeth already had produced its Moving Summary Judgment Brief, its Rule 56.1 Statement, and the supporting declaration and exhibits, after Impax had obtained Teva's permission that these specific documents could be produced. Impax now seeks the production of the Opposition and Reply to Wyeth's motion.

[3] Impax, both in its brief and in Ms. Towle's July 6th letter, wrongly states that Wyeth refused to produce Teva's non-infringement motion solely based on its title. This is incorrect. Wyeth never represented that its refusal was based solely on the title. To the

(continued on next page)

2007, letter from B. Rudolph to C. Towle). Nevertheless, in an attempt to compromise, Wyeth agreed that it would produce those portions of the remaining briefing pertaining to Plaintiff Wyeth's Motion for Summary Judgment that relate to issues of patent validity. Three days later, without any advance warning, Impax filed the present motion to compel, apparently seeking not only Teva's infringement motion but also the remaining briefing pertaining to that motion *and* full, unredacted copies of the remaining briefing pertaining to Wyeth's motion for summary judgment, which would include portions pertaining to Teva's infringement and willful infringement.[4]

## IV.    ARGUMENT

### A.    Impax's Request for All Summary Judgment Briefing Has Already Been Litigated and Should Be Denied

Impax requests summary judgment briefing regarding issues of Teva's infringement and Teva's willful infringement. This Court previously considered Impax's request for these documents, and ordered Wyeth to produce only what it had proffered. (D.I. 70 at 2). In view of the documents Wyeth specifically proffered, there is no doubt that the Court did *not* order the production of pleadings related to issues of infringement and willful infringement in the *Teva* litigation. (*Id.* at 1). Impax, however, seizes upon the Court's use of the term "enforcement" to argue that these pleadings were in fact ordered to be produced. As generally understood in patent law, however, and further evidenced by documents Wyeth already produced (*e.g.*, Teva's Proposed Amended

---

(continued from previous page)
contrary, its refusal was based on two separate reviews for *content*, as well as the Court's October 26th Order.

[4] Wyeth questions once again whether Impax has adequately complied with D. Del. L.R. 7.1.1.

Answer on *Enforceability*), the issue of "enforceability" relates to *equitable defenses* to a charge of patent infringement, *not* the underlying allegations of infringement.

Indeed, Impax's contention that "enforcement" extends to infringement contentions because a patentee enforces its patent by asserting infringement cannot be seriously entertained.  Taken to its logical conclusion, such an interpretation would encompass every document in a lawsuit because everything a patentee does in an infringement lawsuit relates to its attempt to enforce its patents.  The Court clearly rejected such a position in its October 26th Order.  And, as previously discussed, the Court's use of the term "enforcement" was in the context of the documents that Wyeth had agreed to produce, and Wyeth expressly did not agree to produce documents regarding Teva's infringement.

The instant motion thus is no more than a renewed motion to seek discovery of documents that the Court denied in the October 26th Order.  Impax has not demonstrated an intervening change in the controlling law, the availability of new evidence not present when the Court initially considered the motion, or the need to correct a clear error of law or fact to prevent a manifest injustice to warrant reconsideration of the issue.  *Fenster Family Patent Holdings, Inc. v. Siemens Med. Solutions USA, Inc.*, No. Civ. A04-0038-JJF, 2005 WL 2304190, at *5 (D. Del. Sept. 20, 2005).  Therefore, there is no need for the Court to reconsider this issue, and the Court should deny Impax's motion on that basis.

  **B.**  **Impax's Request for All Summary Judgment Briefing from the *Teva* Litigation Implicates Protective Order Issues and Would Impose an Undue Burden on Wyeth**

The requested briefing contains Teva confidential information subject to the protective order in the *Teva* litigation.  Impax, however, seems to argue that because

Teva's counsel has allowed the production of some documents containing Teva confidential information, Wyeth should at this point simply ignore the protective order governing the *Teva* litigation and produce the requested documents.  (D.I. 229 at 4-5). But Wyeth cannot simply ignore its obligations under that protective order.  Impax should not be allowed to jeopardize Wyeth's compliance with that order.  Moreover, pursuant to the procedures in that court, pleadings in the *Teva* litigation were marked Confidential or Highly Confidential under the Protective Order in that litigation as a whole, rather than on a line-by-line basis, and the Court did not require publicly available versions of those documents to be prepared.  Thus, notwithstanding Impax's argument that its request imposes no burden on Wyeth, producing the documents would require Wyeth to flyspeck each requested document, compare it on a line by line basis to what Teva has already agreed to let Wyeth produce, make judgments about what constitutes confidential information and redact any remaining Teva confidential information.

This is not the first time that Impax has requested documents from the *Teva* litigation that fall squarely outside what the Court ordered Wyeth to produce.  Indeed, Impax has requested, and obtained, permission directly from Teva for the production of certain, enumerated documents containing Teva confidential information including Wyeth's motion for summary judgment.  (*E.g.*, Ex. 5, April 20, 2007 letter from J. Marquardt to D. Kassabian).  As an accommodation to avoid further disputes, Wyeth has willingly produced the documents Teva agreed to release.  (*Id.*).  This did not mean, as Impax argues on page 3 of its brief, that Wyeth was "implicitly conceding that the motion related to the issues set forth in this Court's Order."  (D.I. 229 at 3).

But Impax's demands never seem to end.  Now it wants additional documents that Wyeth is under no obligation to produce, this time by-passing Teva altogether and asking the Court to sanction the production of pleadings the Court earlier ruled were off limits. This request should be denied.

## V.    CONCLUSION

For the foregoing reasons, the Court should deny Impax's motion to compel Wyeth to produce all summary judgment briefing from the *Teva* litigation.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden (#2881)*
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
klouden@mnat.com
Chase Manhattan Centre, 18th Floor
1201 North Market Street
Wilmington, DE  19899-1347
(302) 658-9200
Attorneys for Plaintiff Wyeth

OF COUNSEL:
Basil J. Lewris
Linda A. Wadler
Barbara R. Rudolph
Finnegan, Henderson, Farabow,
   Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 408-4000

July 23, 2007
978790

9

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on July 23, 2007 I electronically filed the

foregoing Wyeth's Answering Brief in Opposition to Impax's Motion to Compel Wyeth

to Produce All Summary Judgment Briefing From the *Teva* Litigation with the Clerk of

the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Mary B. Matterer
> MORRIS, JAMES, HITCHENS & WILLIAMS, LLP

I also certify that copies were caused to be served on July 23, 2007 upon the

following in the manner indicated:

### <u>BY HAND</u>

> Mary B. Matterer
> Morris, James, Hitchens & Williams LLP
> 500 Delaware Ave
> Suite 1500
> Wilmington, DE  19801-1494

### <u>BY FEDERAL EXPRESS</u>

> Daralyn J. Durie, Esq.
> Keker & Van Nest LLP
> 710 Sansome Street
> San Francisco, CA  94111

*/s/ Karen Jacobs Louden (#2881)*
Karen Jacobs Louden

# EXHIBIT 1

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

COURTNEY TOWLE
CTOWLE@KVN.COM

June 11, 2007

**VIA EMAIL & U.S. MAIL**

Barbara R. Rudolph
Finnegan, Henderson, Farabow, Garrett & Dunner LLP
901 New York Ave, NW
Washington, DC 20001-4413

Re:  *Wyeth v. Impax Laboratories, Inc.*, Civil Action No.: 06-222 (D. Del.)

Dear Ms. Rudolph:

I write in response to your letter of May 25, 2007, to Joseph C. Gratz. In that letter, you state that Wyeth is in full compliance with the Court's October 26, 2006 Order requiring the production of certain documents from the *Teva* litigation.

Per the Court's October 26, 2006 order, Wyeth was to produce documents from the Teva Litigation relating to validity and enforcement of the patent at issue. 10/26/06 Order at 2. Wyeth has produced its Moving Summary Judgment Brief, its Rule 56.1 Statement, and the supporting declaration and exhibits. Wyeth has not, however, produced the Teva Defendants' Motion for Summary Judgment of No Infringement and No Willful Infringement, Teva's Rule 56.1 Statement or the accompanying declarations and exhibits (the "Teva Summary Judgment briefing"). Sealed per Dkt. Nos. 161 &162. Impax believes the Teva Summary Judgment briefing bears on the validity and enforcement of Wyeth's patents. Please confirm that Wyeth will produce these documents before the end of next week.

Sincerely,

Courtney Towle

CT
cc:  Bonita Ford (via email)
     Allison Green (via email)
     Basil Lewris (via email)
     Linda Wadler (via email)
     Daniel N. Kassabian, Esq.(via email)
     Mary B. Matterer, Esq (via email)

397066.01

# EXHIBIT 2



**FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP**

901 New York Avenue, NW ▪ Washington, DC  20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

BARBARA R. RUDOLPH
202.408.4346
barbara.rudolph@finnegan.com

June 26, 2007

Ms. Courtney Towle                              **_VIA FEDERAL EXPRESS AND EMAIL_**
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA  94111-1704

_Wyeth v. Impax Laboratories, Inc._, Civil Action No.: 06-222 (D. Del.)

Dear Ms. Towle:

I write in response to your letters of June 11, 2007, and June 25, 2007.  We maintain our position that Wyeth is in full compliance with the Court's October 26, 2006 Order ("the Order").

While the Order did require the production of certain documents from the _Teva_ litigation related to the validity and enforcement of the patent in issue, it did not contemplate documents related to the issue of infringement.  Impax has requested production of "Teva Defendants' Motion for Summary Judgment of No Infringement and No Willful Infringement" and accompanying declarations and exhibits ("the briefing"), which falls outside the scope of documents contemplated in the Order. As suggested by the title, the briefing reflects Teva's arguments on infringement and willful infringement. Moreover, the briefing contains Teva confidential information that is subject to a protective order.

For these reasons, we believe Impax's assertion that the briefing relates to validity and enforcement of the patents in suit is incorrect, and we do not intend to produce these documents.

Sincerely,

Barbara R. Rudolph

BRR/AEG:eak

Washington, DC ▪ Atlanta, GA ▪ Cambridge, MA ▪ Palo Alto, CA ▪ Reston, VA ▪ Brussels ▪ Taipei ▪ Tokyo

# EXHIBIT 3

LAW OFFICES

# KEKER & VAN NEST
LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

COURTNEY TOWLE
CTOWLE@KVN.COM

July 3, 2007

**VIA EMAIL & U.S. MAIL**

Barbara R. Rudolph
Finnegan, Henderson, Farabow, Garrett & Dunner LLP
901 New York Ave, NW
Washington, DC 20001-4413

Re:     *Wyeth v. Impax Laboratories, Inc.*, Civil Action No.: 06-222 (D. Del.)

Dear Ms. Rudolph:

I write in furtherance of our phone conversation earlier today.

Per your letter of June 26, 2007, Wyeth refused to produce any of the briefing for Teva's summary judgment motion on the basis that the title of the motion, "Teva Defendants' Motion for Summary Judgment of No Infringement and No Willful Infringement," indicates that the motion addresses only infringement. The Court's October 26, 2006 Memorandum Order required Wyeth to produce documents from the *Teva* litigation "dealing with claim construction and patent validity," as well as documents relating to the enforcement of the patents in suit. Because of the title of Teva's motion, you take the position that the briefing is not within the scope of documents ordered to be produced. During our July 3, 2007 conversation, you said that you would review the briefing to determine whether it addressed issues on which Wyeth was ordered to produce. Please inform Impax of the outcome of this review and whether or not Wyeth will produce this briefing no later than July 5, 2007.

During or July 3, 2007 conversation, I also requested production of the full briefing on Wyeth's motion for summary. In your May 25, 2007 letter to Joseph C. Gratz, you state that Wyeth has fully complied with the Court's order regarding production of *Teva* litigation documents. Wyeth's production included Wyeth's summary judgment motion and supporting declaration, WYETH 318-009618-012820. The remainder of the briefing on the motion, however, has not been produced. In the motion, Wyeth argues for summary judgment on validity issues, including enablement, written description, and anticipation, which clearly fall within the scope of the documents ordered to be produced. Please confirm no later than

398468.02

Barbara R. Rudolph
July 3, 2007
Page 2


Thursday, July 5, 2007 that Wyeth will produce the full briefing on Wyeth's motion for summary judgment.

Sincerely,

Courtney Towle

CT
cc:    Bonita Ford (via email)
       Allison Green (via email)
       Basil Lewris (via email)
       Linda Wadler (via email)
       Daniel N. Kassabian, Esq.(via email)
       Mary B. Matterer, Esq (via email)

# EXHIBIT 4



FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

BARBARA R. RUDOLPH
202.408.4346
barbara.rudolph@finnegan.com

July 6, 2007

Ms. Courtney Towle                              *VIA FEDERAL EXPRESS AND EMAIL*
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA  94111-1704

*Wyeth v. Impax Laboratories, Inc.,* Civil Action No.: 06-222 (D. Del.)

Dear Ms. Towle:

I write in response to your letter of July 3, 2007.

We reviewed the briefing on "Teva Defendants' Motion for Summary Judgment of No Infringement and No Willful Infringement" ("Teva's motion"), and confirm that Teva's motion addresses issues of infringement and willful infringement. Because Teva's motion falls outside the scope of documents contemplated in the Court's October 26, 2006 Order and contains Teva confidential information, we do not intend to produce this briefing.

With respect to your request for the production of the full briefing on Wyeth's Motion for Summary Judgment ("Wyeth's motion"), we have reviewed Wyeth's motion and agree that a portion of it pertains to validity issues. Therefore, to the extent that the remaining briefing relates to the issue of validity, we will produce a redacted version.

Sincerely,

Barbara Rudolph

Barbara R. Rudolph

BRR/AEG:eak

cc:  Daralyn J. Durie, Esq. (via email)
     Paula L. Blizzard, Esq. (via email)
     Joseph C. Gratz, Esq. (via email)
     Daniel Kassabian, Esq. (via email)
     Mary B. Matterer, Esq. (via email)
     Karen Jacobs Louden, Esq. (via email)

Washington, DC ▪ Atlanta, GA ▪ Cambridge, MA ▪ Palo Alto, CA ▪ Reston, VA ▪ Brussels ▪ Taipei ▪ Tokyo

# EXHIBIT 5

**FINNEGAN**
**HENDERSON**
**FARABOW**
**GARRETT &**
**DUNNER** LLP

901 New York Avenue, NW  ▪  Washington, DC  20001-4413  ▪  202.408.4000  ▪  Fax 202.408.4400
www.finnegan.com

JOHN L. MARQUARDT, JR.
202.408.4403
john.marquardt@finnegan.com

April 20, 2007

Daniel N. Kassabian, Esq.
Heller Ehrman
333 Bush Street
San Francisco, CA  94104

*Via FEDEX (w/ enclosures)*
*and e-mail (w/o enclosures)*

<u>*Wyeth v. Impax Laboratories, Inc.*, Civil Action No.: 06-222 (D. Del.)</u>

Dear Daniel:

We are responding, in part, to your letter of April 13, 2007. You request the production of eleven pleadings listed in a table that appears in your April 13th letter. All of these pleadings were subject to the Court-ordered protective order in that case. On February 21, 2007, you secured permission from Teva for the production of two of the documents identified as docket numbers 51 and 68 in your letter. We enclose a copy of these documents, bearing production numbers WYETH318-008722 through WYETH318-009077.

Only on April 13, 2007, the date that you sent your letter to me, did you receive permission from Teva for the production of the remaining nine documents. In fact, four of the remaining docket items (Docket Nos. 74, 136, 123, and 132) have already been produced to you in unredacted form with the permission of Mr. Dinger obtained by Wyeth. [*See*, letter from Linda Wadler to Daniel Kassabian, dated October 19, 2007, (producing WYETH318-004735 to WYETH318-004882; WYETH318-006448 to WYETH318-006854; WYETH318-004654 to WYETH318-004727; and WYETH318-004728 to WYETH318-004734)].

Four of the remaining five docket items (Docket Nos. 93, 135, 128, and 141), which you only secured permission from Teva for production on Friday, April 13, 2007, are also enclosed, bearing production numbers WYETH318-009078 through WYETH318-012951. We hope to produce the remaining docket item (Docket No. 149) shortly.

Washington, DC  ▪  Atlanta, GA  ▪  Cambridge, MA  ▪  Palo Alto, CA  ▪  Reston, VA  ▪  Brussels  ▪  Taipei  ▪  Tokyo

Daniel N. Kassabian, Esq.
April 20, 2007
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

    We will respond to the remainder of your letter of April 13, 2007, in due course.

Sincerely,

John L. Marquardt, Jr.

JLM
Enclosures