IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WYETH, | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-222 (JJF) |
| | ) | |
| IMPAX LABORATORIES, INC., | ) | |
|       Defendant. | ) | |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that the subpoena directed to Alza Corporation, attached as Exhibit 1, is being or has been served.

          MORRIS, NICHOLS, ARSHT & TUNNELL LLP

          */s/ Karen Jacobs Louden*
          _____
          Jack B. Blumenfeld (#1014)
          Karen Jacobs Louden (#2881)
          1201 N. Market Street
          P.O. Box 1347
          Wilmington, DE  19899-1347
          (302) 658-9200
          klouden@mnat.com
            Attorneys for Plaintiff Wyeth

OF COUNSEL:

Basil J. Lewris
Linda A. Wadler
Finnegan, Henderson, Farabow,
  Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, DC  20001
(202) 408-4000

October 1, 2007

798547

## CERTIFICATE OF SERVICE

I, Karen Jacobs, hereby certify that on October 1, 2007, I electronically filed the foregoing with the Clerk of the court using CM/ECF, which will send notification of such filings(s) to the following:

>Mary B. Matterer
>MORRIS JAMES LLP

I also certify that copies were caused to be served on October 1, 2007, upon the following in the manner indicated:

### BY HAND AND EMAIL

>Mary B. Matterer
>Morris James LLP
>500 Delaware Avenue
>Suite 1500
>Wilmington, DE  19899

### BY EMAIL

>M. Patricia Thayer
>John M. Benassi
>Jessica R. Wolf
>Heller Ehrman LLP
>4350 La Jolla Village Drive
>San Diego, CA  92102

>Joseph C. Gratz
>Keker & Van Nest LLP
>710 Sansome Street
>San Francisco, CA  94111-1704

>>*/s/ Karen Jacobs Louden*
>>―――――――――――――
>>klouden@mnat.com

# EXHIBIT 1

AO 88 (Rev 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN　　　　　　DISTRICT OF　　　　　　CALIFORNIA

Wyeth
　　　v.
Impax Laboratories, Inc.

**SUBPOENA IN A CIVIL CASE**

CIVIL ACTION NO:　06-222 (JJF) in the U.S. District Court for the District of Delaware

TO:　ALZA CORPORATION
　　　1900 Charleston Road
　　　Mountain View, CA 94043

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the deposition in the above case. [See Attachment A.]

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Jenner & Block, LLP<br>330 N. Wabash<br>Chicago, IL 60611-7603 | October 11, 2007<br>9:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which a person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Linda A Wadler* (signature)<br>Attorney for Plaintiff Wyeth | October 1, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Linda A. Wadler
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue
Washington, DC 20001-4413
(202) 408-4000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

1

AO 88 (Rev 12/06) Subpoena in a Civil Case

**PROOF OF SERVICE**

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
   (2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
   (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) If a subpoena
      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party

in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
   (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
      (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
      (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
      (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
   (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
      (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

2

# ATTACHMENT A

ATTACHMENT A

Pursuant to Federal Rules of Civil Procedure 30 and 45 and as directed in the subpoena attached hereto, you are to produce a corporate representative to testify regarding the attached deposition topics.

DEFINITIONS

For the purpose of this subpoena, the following words and phrases are defined as follows:

1. "ALZA" means Alza Corporation, and its past or present directors, officers, employees, agents, representatives, or attorneys.

2. "WYETH" means the corporation known as Wyeth and that company as it was previously named (including, for example, American Home Products) and any related companies, parents, divisions, or subsidiaries, past or present (including, for example, Wyeth Ayerst Laboratories), located in the U.S. or abroad, and the past or present directors, officers, employees, agents, representatives, or attorneys thereof.

3. "OROS®" means ALZA's drug delivery technology known as OROS osmotic technology, including all present and past formulations of the same.

4. "VENLAFAXINE" means the compound 1-[(2-dimethylamino)-1-(4-methoxyphenyl)ethyl]cyclohexanol commonly known as venlafaxine, as well as all compositions, formulations, and preparations containing venlafaxine, including without limitation, venlafaxine and other pharmaceutically acceptable salts of venlafaxine.

5. "EXTENDED RELEASE FORMULATION" means a formulation which releases the active ingredient at a slower rate than would an immediate release formulation of said active ingredient such that the desired dosing frequency is or would be less than that for the immediate release formulation.

6. "RELATED TO" means referring to, concerning, regarding, reflecting, associated with, comprising, constituting, containing, demonstrating, describing, discussing, evidencing, evincing, indicating, on the subject of, on the topic of, showing, or prepared in connection with the stated matter.

7. "COMMUNICATION" means any contact between two or more persons, including but not limited to oral or written contact, in person or via e-mail, telephone, letters, video, or audio recording, discussions, or other contact.

## DEPOSITION TOPICS

1. ALZA's alleged development of any EXTENDED RELEASE FORMULATION of VENLAFAXINE, including ALZA's OROS® product.

2. ALZA's conception of the alleged invention described in U.S. Patent No. 6,440,457.

3. ALZA's reduction to practice of the alleged invention described in U.S. Patent No. 6,440,457.

4. ALZA's COMMUNICATIONS with WYETH RELATED TO any EXTENDED RELEASE FORMULATION of VENLAFAXINE, including ALZA'S OROS® product.

5. The WYETH personnel who worked with ALZA on the alleged development by ALZA of any EXTENDED RELEASE FORMULATION of VENLAFAXINE, including the identities and responsibilities of each WYETH employee, and the dates and the extent of their participation in the development effort.

6. Any testing of any EXTENDED RELEASE FORMULATION of VENLAFAXINE allegedly developed by ALZA, including the ALZA OROS® product, in human subjects, including when that testing took place, the protocol under which it took place,

the individuals who conducted that testing, the results of that testing, the individuals at ALZA with knowledge of the testing, and any individuals at WYETH with knowledge of the testing.