IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

WYETH,

                                    Plaintiff,

        v.

IMPAX LABORATORIES, INC.,

                                    Defendant.

Civil Action No. 06-222 (JJF)

**PUBLIC VERSION**

**DECLARATION OF MARY B. MATTERER
RE OPPOSITION OF IMPAX LABORATORIES TO
WYETH'S MOTION TO STRIKE THE EXPERT REPORT OF NUSBAUM**

Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES LLP
500 Delaware Avenue, 15th Floor
Wilmington, DE 19801
Telephone: (302) 888-6800
mmatterer@morrisjames.com

Daralyn J. Durie
Asim Bhansali
Paula L. Blizzard
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111
Telephone: (415) 391-5400

Original Dated: October 26, 2007

Redacted Version: November 8, 2007

I, MARY B. MATTERER, declare and state that:

1. I am a partner at the law firm of Morris, James L.L.P., counsel to Defendant Impax Laboratories, Inc.

2. Attached hereto as Exhibit 1 is a true and correct copy of an October 24, 2007 letter to Barbara R. Rudolph from Joseph C. Gratz.

3. Attached hereto as Exhibit 2 is a true and correct copy of the Supplemental Expert Report of Mark E. Nusbaum, served on October 23, 2007.

4. Attached hereto as Exhibit 3 is a true and correct copy of the docket in *Corning Inc. v. SRU Biosystems LLC*, D.Del., No. 1:03-CV-633-JJF.

5. Attached hereto as Exhibit 4 is a true and correct copy of the docket in *Revlon Consumer Prod. Corp. v. L'Oreal S.A.*, D.Del., C.A. No. 96-CV-00192-MMS.

6. Attached hereto as Exhibit 5 is a true and correct copy of the docket in *Software AG v. BEA Sys., Inc.*, D.Del., C.A. No. 03-739-GMS.

7. I declare under penalty of perjury under the laws of the state of Delaware that the foregoing is true and correct to the best of my knowledge and that this declaration was executed on this 26th day of October, 2007 at Wilmington, Delaware.

By: _____

MARY B. MATTERER (I.D. No. 2696)

# EXHIBIT 1

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

JOSEPH C. GRATZ
JGRATZ@KVN.COM

October 24, 2007

**VIA EMAIL & U.S. MAIL**

Barbara R. Rudolph, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001

Re:    Wyeth v. Impax Laboratories, Inc.

Dear Barbara:

I write in response to your letter of October 23, 2007, in which you offered to produce a witness for the final portion of the Rule 30(b)(6) deposition of Wyeth on November 30, 2007, the date expert discovery closes and summary-judgment motions are due.

On May 10, 2007, we wrote to you to remind you of Wyeth's responsibilities under the Court's April 13, 2007 Order, which required the 30(b)(6) deposition of Wyeth to be conducted within 30 days from the date of that Order. In response, in a letter dated May 12, 2007, Wyeth offered to make Dr. Robin Enever available for a June 8, 2007 deposition on Topic Nos. 9, 10 (*in vitro* only), 11, 18, 19, (Table 1 only), 21, and 22—the very same topics now at issue. On May 18 and May 31, 2007, Impax took the depositions of two Wyeth 30(b)(6) witnesses who, the Court has confirmed, were not adequately prepared to testify. Given Wyeth's failure to prepare its first two 30(b)(6) witnesses, Impax declined Wyeth's offered date of June 8, 2007.

After Wyeth's failure to prepare its first two 30(b)(6) witnesses had been remedied by further depositions on those topics on September 5 and September 11, 2007, Impax again asked Wyeth to provide a date for the final portion of the Rule 30(b)(6) deposition in a letter dated September 26, 2007—over a month before the due date for rebuttal expert reports. In a letter dated October 3, 2007, Wyeth stated, "we are working to establish a date" for the deposition "and will let you know when we are able to schedule a date." Wyeth also asked to discuss "ways in which the topics can be narrowed," despite the Court's April 13, 2007 Order overruling Wyeth's overbreadth objections to the topics.

That same day, still nearly a month before rebuttal expert reports are due, Impax again asked Wyeth to provide a date for the final portion of the Rule 30(b)(6) deposition, noting that Wyeth had "no basis for refusing to provide proposed dates," given the Court's previous ruling

Barbara R. Rudolph, Esq.
October 24, 2007
Page 2

regarding the scope of the deposition topics. Wyeth responded on October 5, 2007, stating, "we are currently investigating dates when Wyeth's witnesses would be available for the Rule 30(b)(6) deposition and will provide you with a proposed date shortly." Wyeth did not do so.

On October 16, 2007, now just two weeks before the due date for rebuttal expert reports, Impax yet again asked Wyeth to provide a date for the final portion of the Rule 30(b)(6) deposition, noting that ten days had elapsed since Wyeth had promised to provide a deposition date "shortly." In a letter that same day, Wyeth stated that, at the time of its October 5th letter, Wyeth "did not appreciate that Dr. Enever would be unreachable, as he is on vacation, until October 22."

Finally, yesterday, October 23, 2007, Wyeth offered to make its witness available on November 30, 2007, the date expert discovery closes and motions for summary judgment are due.

Obviously, Impax needs to take the 30(b)(6) depositions, among other reasons, for use in its summary-judgment motions and expert reports and its depositions of Wyeth's experts. Waiting nearly a month to offer any date for Wyeth's 30(b)(6) witness, and then offering a date more than a month in the future, and on the day summary-judgment motions are due and expert discovery closes, is unreasonable, discourteous, and prejudices Impax's ability to prepare dispositive motions, cross-examine Wyeth's experts, and get ready for trial. In addition, Wyeth's conduct in unreasonably delaying and repeatedly seeking to narrow the scope of 30(b)(6) depositions violates the Court's April 13, 2007 Order, which set a time frame for those depositions and rejected Wyeth's argument that Impax's deposition topics were too broad.

Impax has been patient and courteous in the face of Wyeth's continued and continuing disregard for the Court's Order. That disregard must come to an end. Wyeth must make a witness available for the final portion of the Rule 30(b)(6) deposition no later than November 16, 2007. Please confirm that Wyeth will do so, and provide a date convenient for Wyeth's witness. If Wyeth refuses, Impax reserves its right to supplement its motions for summary judgment and expert reports with information learned at the deposition, and move the Court for additional relief, including further depositions of Wyeth's experts and sanctions for Wyeth's violations of the Court's April 13, 2007 Order.

With regard to Wyeth's proposal for narrowing the deposition topics, as outlined above, Impax sees no justification for any such narrowing, given the Court's Order. However, in the interests of reaching a swift conclusion to this matter, Impax accepts Wyeth's proposed modifications to Topics 18 and 19. With regard to Topic 11, Impax accepts Wyeth's proposed modifications, except that Impax does not accept the replacement of "WYETH's knowledge of" with "whether WYETH knew of." In addition, Impax agrees to omit Topic 22 in its entirety. Impax cannot accept Wyeth's proposed omission of Topics 9 and 10, since Impax is entitled to the testimony of a witness whose testimony will bind Wyeth on those topics. To clear up an apparent misunderstanding on Wyeth's part, Impax does not expect Wyeth to prepare its witnesses to testify regarding matters protected by the attorney-client privilege on any topic.

Barbara R. Rudolph, Esq.
October 24, 2007
Page 3

      We look forward to your prompt response regarding this serious issue.

Very truly yours,

Joseph C. Gratz

JCG/ajt

cc:    Basil J. Lewris, Esq. (via e-mail)
       Linda A. Wadler, Esq. (via e-mail)
       Allison E. Green, Esq. (via e-mail)
       Karen Jacobs Louden, Esq. (via e-mail)
       Mary B. Matterer, Esq. (via e-mail)
       Bonita Ford (via e-mail)

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WYETH,                              )
                                    )
                    Plaintiff,      )      Civil Action No. 06-222 JJF
                                    )
        v.                          )
                                    )
IMPAX LABORATORIES, INC.,           )
                                    )
                    Defendant.      )
                                    )
_____     )

## SUPPLEMENTAL EXPERT REPORT OF MARK E. NUSBAUM

In accordance with F.R.C.P. 26(a)(2), the following is my supplemental written report detailing the subject matter areas and opinions about which I expect to testify to in the above-identified litigation if called upon to do so. As set forth at paragraph 136 of my initial report, this report includes supplemental opinions relating to the Alza venlafaxine hydrochloride extended release formulation based upon the October 11, 2007 Alza 30b(6) deposition of Mr. David Edgren. Additionally, this report includes supportive citations to the October 20, 2007 Kibbe Report that was also supplemented in light of the Edgren deposition.

### I. BACKGROUND AND QUALIFICATIONS

1.      I may testify regarding my qualifications, background and experience in the field of Patent & Trademark Office ("PTO") practice. I received a B.S. degree in Electrical Engineering from the University of Maryland in 1969. I received a Juris Doctor degree from American University in 1974. I became an Examiner in the U. S. PTO in

1

1969. I received the authority to grant or deny patents over my own signature in 1975 and became a Senior Examiner in 1977. During this time frame, I personally examined in the vicinity of 750 to 1000 patent applications.

2.    In 1980, I was appointed as a Supervisory Patent Examiner to manage a group of patent examiners (referred to as an "art unit") and was responsible for training examiners, evaluating examiner work product quality, granting or denying patent protection, and assisting junior examiners in making patentability decisions. During the latter 1970's and early 1980's, I taught PTO in-house patent examiner initial training courses to examiners having electrical, mechanical, and chemical technological backgrounds and lectured at the PTO's patent academy.

3.    In 1983, I was appointed as an Examiner-in-Chief and member of the Board of Patent Appeals and Interferences ("the Board") in the PTO. The Board is a quasi-judicial appellate body that hears appeals in panels of at least three members from decisions of primary examiners adverse to patent applicants. A Board panel reviews the record made during the examination of an application, receives briefs from counsel and examiners, conducts hearings and prepares written opinions. The Board's decisions constitute final agency determinations with respect to substantive questions of patent law. They are reviewable by the United States Court of Appeals for the Federal Circuit or by the United States District Court for the District of Columbia, whose decisions, in turn, are reviewable by the Court of Appeals for the Federal Circuit.

4.    My work as a member of the Board required an understanding of patent claims and how they should be construed, as well as an understanding and application of the pertinent statutes, precedents, rules, and other regulations regarding the

2

examination of applications for issuance of United States Letters Patents. While on the Board, I participated in approximately 500 to 750 appeals. Although the majority of these appeals involved electrical technology, a significant number involved mechanical, electromechanical or chemical technologies.

5.    In 1986, I resigned from the PTO to become a member of the Nixon and Vanderhye intellectual property law firm in Arlington, Virginia. I specialize in all phases of patent application preparation and prosecution and have served as an expert witness in PTO practice and patent law in many patent infringement litigations. During my career, I have been involved in numerous aspects of patent practice, including the drafting and prosecution of patent applications, evaluating prior art references and preparing numerous patentability, validity and infringement opinions. I have prosecuted hundreds of patent applications and I have reviewed hundreds of prosecution histories of other applications. Over my career, I have had occasion to review thousands of claims in patents and patent applications in order to determine their meaning, to compare them with the prior art, to compare their scope with the specification disclosure and/or to compare them with accused products or processes. For further details, my curriculum vitae is attached as Exhibit 1 hereto.

## II.    PATENT OFFICE PRACTICE -- RELATED OPINIONS AND BASIS THEREFOR

### A.    GENERAL

6.    I may testify about patent examining practice before the PTO. I may testify as to the nature of a patent grant, and the various parts of a patent application, including the specification, claims, and oath. I may testify about how patent examiners

3

are trained with respect to the various patent application disclosure requirements. For example, patent examiners are trained that, as of the original filing date, the patent specification must be set forth in such full, clear, concise and exact terms so as to enable a person skilled in the art to make and use the claimed invention without resorting to undue experimentation.

7.    Additionally, the patent specification must set forth, as of the original filing date, the best mode contemplated by the inventor for carrying out the claimed invention. Examiners are trained that the "best mode" requirement precludes a patent applicant from securing patent protection for a claimed invention while at the same time concealing the inventor's contemplated best mode of practicing the claimed invention. The specification must also satisfy the written description disclosure requirement and provide adequate support for later claimed subject matter. The "written description" requirement is separate and distinct from the "enablement" and "best mode" requirements. The purpose of the "written description" requirement is broader than to merely explain how to "make and use" the invention. With respect to claims added after the original filing date, the original disclosure must convey with reasonable clarity to those skilled in the art that, as of the filing date, the inventors were in possession of the later claimed invention.

8.    At least in part because patent examiners are charged with the responsibility of assessing the sufficiency of a patent application disclosure on these grounds, examiners are expected to carefully review the patent application disclosure.

9.    Patent examiners are trained that a patent claim is a single sentence definition of the metes and bounds of an applicant's invention, defining the scope of

4

legal protection to which a patentee is entitled. Patent examiners are trained that claims are not to be interpreted in a vacuum, but rather must be interpreted in light of the patent specification. Examiners are required to give claim language its broadest reasonable interpretation consistent with the specification. A patent claim must be set forth with a reasonable degree of precision and particularity such that the metes and bounds of the invention are reasonably circumscribed.

10.    I may testify as to how a patent examiner examined a patent application including studying the original patent application specification and original claims, searching for relevant prior art patents and publications and generating Office Actions. I may testify that patent applicants respond to an objection or rejection in an Office Action by attempting to convince the examiner that the objection or rejection was improper and/or by amending the patent claims. In response, the examiner decides whether to allow, or finally reject, the patent application. If a final Office Action is rendered, an applicant may appeal to the PTO's Board of Patent Appeals and Interferences.

11.    Patent examiners are guided in their examination practice by the PTO's Manual of Patent Examining Procedure (MPEP). The MPEP is a compilation of patent examining guidelines used as a reference work on the practice and procedures relative to the prosecution of patent applications before the PTO.

12.    With respect to searching the prior art, I will testify that in the PTO the chemical, electrical and mechanical technologies were during the pendency of the patents-in-suit (and are today) divided into numerous generic classes of technology. Each class is divided into more specific subclasses into which issued patents are

5

classified. During the time frame in which the patents-in-suit was examined, patent examiners had access to both a manual and computer-based search system. Patent examiners had access to a complete set of all U.S. patents. To a much lesser degree, patent examiners had access to foreign patents and printed publications. Patent examiners did not typically have access to information about products that were in public use or on sale. Under certain circumstances, patent examiners are precluded from allowing a patent application where the claimed subject matter or an obvious variation of the claimed subject matter had been sold or offered for sale more than one year prior to the application filing date. Patent examiners did not then and do not today typically have access to public use and on-sale information, product brochures or operation manuals. The PTO examiners necessarily rely on patent applicants complying with their duty of disclosure so that they will have the opportunity to consider such information.

13.     A patent examiner's rejections are typically based upon anticipation under 35 USC §102, obviousness under 35 USC §103 or failure to comply with 35 USC §112, which governs, *inter alia*, the content of the patent specification. To properly reject a patent claim based on anticipation, it is necessary that a single prior art reference, device, or practice include a counterpart to each and every claimed limitation, either expressly or under principles of inherency.

14.     With respect to obviousness, examiners were trained to perform the analysis set forth in <u>Graham v. John Deere</u>, 383 U.S. 1, 86 S. Ct. 684 (1966) and its progeny. Thus, for example, examiners were required to determine the scope and content of the prior art; ascertain the differences between the prior art and the claims at

6

issue; resolve the level of ordinary skill in the pertinent art; and consider objective evidence of obviousness or nonobviousness.

15.    I may testify as to PTO provisional patent application practice. See M.P.E.P. 201.04 (1997). Beginning in June of 1995, applicants were authorized to file provisional applications to provide a mechanism for applicants to quickly and inexpensively file a patent application. Under the provisions of 35 U.S.C. 119(e), applicants are entitled to gain the benefit a provisional application filing date under appropriate circumstances. The domestic priority period does not count in the measurement of the 20-year patent term. See 35 U.S.C. 154(a)(3). Thus, domestic applicants are placed on equal footing with foreign applicants with respect to the patent term.

16.    The parts of a provisional application that are required to be present are set forth in 37 CFR 1.51(a)(2) and MPEP 601.01 and 601.01(b). The filing date of a provisional application is the date on which (1) a specification which complies with 35 U.S.C. 112, first paragraph, and (2) any drawing required by 37 CFR 1.81(a) are filed in the name of the actual inventor or inventors as required by 37 CFR 1.41. A provisional application must also include a cover sheet identifying the application as a provisional application. Otherwise, the application will be treated as an application filed under 37 CFR 1.53(b)(1).

17.    Provisional applications differ from a regular U.S. patent application in that (1) no claim is required in a provisional application, (2) no oath or declaration is required in a provisional application, and (3) provisional applications will not be

7

examined for patentability, placed in an interference, or made the subject of a statutory invention registration.

18.     A provisional application will automatically be abandoned 12 months after its filing date and will not be subject to revival to restore it to pending status thereafter. A provisional application is not entitled to claim priority benefits based on any other application under 35 U.S.C. 119, 120, 121, or 365.

19.     In order to obtain the benefit of a provisional application filing date under 35 U.S.C. §119(e)(1), it is necessary for the specification of the provisional application to disclose the invention in the manner provided by 35 U.S.C. §112, first paragraph.

20.     The "written description" requirement of 35 U.S.C. §112, first paragraph, is among the disclosure requirements which must be satisfied in order for a provisional application to adequately support a non-provisional claimed invention. As indicated above, the purpose of the written description requirement is broader than to merely explain how to make and use the claimed invention. An applicant must also convey with reasonable clarity to those skilled in the art that, as of the filing date sought, he or she was in possession of the later claimed invention. The provisional application disclosure must show that the inventor invented each feature that is included as a claim limitation. It is not a question of whether one skilled in the art might be able to construct the patentee's device from the teachings of the disclosure, but rather whether the application necessarily discloses that particular set of claim features.

21.     Patent examiners operate under time constraints dictated by examining productivity goals. In even the most complex technological areas in the PTO, examiners are expected to examine an application from start to finish at an average in

8

the range of 2 to 3 days (which includes time spent reviewing the originally filed specification and claims, searching the prior art, reviewing and understanding the cited prior art, comparing the prior art with the claimed subject matter, preparing office actions, and reviewing the applicant's responses).

22.    Patent examiners in a typical patent application prosecution have no access to independent technical expert testimony and, therefore, do not have the opportunity to consult with technical experts in any given technological field. The examination process for a typical application in the PTO is strictly an *ex parte* proceeding in which opponents to a patent have no input.

23.    The PTO has no in-house testing facility. Thus, PTO examiners rely on patent applicants to fairly present any test data submitted during the prosecution of a patent application.

24.    There are a number of patent validity-related issues that cannot be analyzed by a patent examiner due to lack of information relating to such issues. If a patent examiner is not aware of critical information relating to a validity issue, nothing will trigger the need to consider such an issue. For example, although a patent should not issue unless the correct inventors are named, a patent examiner has no way of independently investigating inventorship. Similarly, if another patent applicant actually came up with the claimed invention prior to the application at issue, unless a formal proceeding called an interference is initiated in the PTO, there is no way that the PTO will have the necessary information to make any determination as to who was the first to invent. Further, the PTO typically does not have information with respect to best mode issues, or on-sale or public-use related activities that can operate to invalidate a

9

patent under certain conditions. Patent examiners rely on patent applicants complying with their duty of disclosure by disclosing any such material information of which they are aware.

25.    I may testify that patent examiners are trained that the federal court system is an integral part of the U.S. patent system. A federal court considers patent infringement issues which are not considered by the PTO. The fact finder in a federal court patent litigation hears evidence relating to patent validity that is typically not available to a PTO examiner. Patent examiners are trained that patents once issued are accorded a presumption of validity. Patents, however, may be found to be invalid in a federal court, if clear and convincing evidence establishes invalidity, even if such evidence has been considered by the PTO.

## III.    PROSECUTION HISTORIES OF THE PATENTS-IN-SUIT

26.    I will testify about the prosecution histories before the PTO of U.S. Patent Nos. 6,274,171 (the '171 patent); 6,403,120 (the '120 patent); and 6,419,958 (the '958 patent). I may testify regarding information contained on the PTO application file jackets, describe pre-office action activities such as the prior art search and describe communications between the applicants and the PTO in the patent applications which matured into the patents-in-suit including the official actions and responses described below.

10

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER                J262088

## A.    PROSECUTION HISTORY OF U.S. PATENT NO. 6,274,171

### 1.    PROSECUTION HISTORY OF U.S. APPLICATION SERIAL NO. 08/821,137

27.    Application Serial No. 08/821,137 was filed on March 20, 1997, naming Deborah Sherman as the sole inventor.  The application claimed the benefit of provisional application Serial No. 60/014,006, which was filed on March 25, 1996.  The application included 10 pages of specification (as did the provisional application) and 10 original claims including independent claim 1 directed to an encapsulated, extended release formulation of venlafaxine hydrochloride comprised, *inter alia*, of a hard gelatin capsule containing spheroids comprised of various ingredients, independent claim 6 directed to a film coating composition, independent claim 7 directed to an extended release formulation of venlafaxine hydrochloride for once daily administration and independent method claims 9 and 10.

28.    One of the Examiner's first tasks in examining the application is to read and study the original patent specification to ensure the specification complies with disclosure requirements and to gain a clear understanding of the original claims.  In the course of undertaking such a review, the Examiner would have noted the representation regarding the "BRIEF DESCRIPTION OF THE INVENTION" that "venlafaxine ER showed a statistically significant improvement over conventional venlafaxine hydrochloride tablets in two eight-week and one 12 week clinical studies." Original specification at page 3.  Provisional application specification at page 3.

29.    In a July 30, 1997 Information Disclosure Statement, various prior art U.S. patents were brought to the Examiner's attention.

11

30.    In a July 30, 1997 telephone interview between the applicants'
representative and the Examiner, claims 6, 9 and 10 were discussed in light of Upton
et al. (U.S. Patent No. 5,506,270).  The Examiner noted that it was "[a]greed to amend
claims 9 and 10 to depend upon claim 1 to avoid rejection over Upton which discloses
extended release venlafaxine at col. 5, lines 25-27."

31.    In an August 5, 1997 Notice of Allowability, the Examiner allowed claims
1-5 and 7-10.  In an associated restriction requirement, the applicants were required to
elect between claims 1, 5, 7 and 10, drawn to a composition and method, classified in
class 424, subclass 461 and claim 6, drawn to a film coating, classified in class 427,
subclass 3.  Applicants' representative, Robert Boswell, elected on July 30, 1997 to
prosecute claims 1-5 and 7-10 in the subject application.

32.    In an associated Examiner's amendment, claim 6 was canceled and
claims 9 and 10 were amended.

33.    In a February 3, 1998 Communication, application Serial No. 08/821,137
was abandoned for failure to pay the issue fee.

## 2.   PROSECUTION HISTORY OF U.S. APPLICATION SERIAL NO. 08/964,328

34.    Application Serial No. 08/964,328 was filed on November 5, 1997,
naming Deborah Sherman, John Clark and John Lamer as joint inventors.  The
application was filed as a continuation-in-part of application Serial No. 08/821,137.
Application Serial No. 08/964,328 added new subject matter to the prior filed
application.  The application was filed with 18 original claims, including independent
claim 1 directed to an encapsulated extended release formulation of venlafaxine

12

hydrochloride, comprising, *inter alia*, a hard gelatin capsule, independent claim 11,

directed to an encapsulated extended release formulation of venlafaxine hydrochloride

for once daily administration, comprising, *inter alia*, spheroids, independent method

claim 13 directed to a method for providing therapeutic blood plasma concentration of

venlafaxine over a 24-hour period with diminished instances of nausea and emesis,

and independent method claim 14 directed to a method for eliminating the troughs and

peaks of drug concentration in a patient's blood plasma attending the therapeutic

metabolism of plural daily doses of venlafaxine hydrochloride.

     35.    As indicated above, one of the Examiner's first tasks in examining the

application is to read and study the original patent specification to ensure the

specification complies with disclosure requirements and to gain an understanding of

the original claims. In the course of undertaking such a review, the Examiner would

have noted the representation regarding the "BRIEF DESCRIPTION OF THE

INVENTION" that "venlafaxine ER showed a statistically significant improvement over

conventional venlafaxine hydrochloride tablets in two eight-week and one 12 week

clinical studies." Original specification at page 3.

     36.    In a February 13, 1998 Information Disclosure Statement, various prior

art U.S. patents were disclosed to the PTO.

     37.    In an August 17, 1998 Supplemental Information Disclosure Statement,

further prior art was disclosed to the PTO including the Alza PCT application WO

94/27589.

     38.    In October 14, 1998 Office Action, claim 15 was rejected under 35 U.S.C.

§112, first paragraph, for failing to provide an enabling disclosure. The Examiner took

13

the position that the specification does not provide an enabling disclosure for 940%

microcrystalline cellulose. The Examiner further rejected claims 17 and 18 as being

indefinite in light of the limitation "the spheroids."

39.    With respect to the prior art, the Examiner rejected claim 1 under 35

U.S.C. §103 as being unpatentable over McAinsh (U.S. Patent No. 4,138,475) in view

of Wong (U.S. Patent No. 5,552,429). The Examiner took the position that:

> McAinsh et al. shows a hard gelatin capsule comprised spheroids
> coated with a mixture of ethyl-cellulose and hydroxypropylmethyl-
> cellulose. The active agent propranolol is blended with micro-crystalline
> cellulose. See Abstract, example and claim 1. The reference does not
> show venlafaxine. Wong et al. is relied on for teaching extended release
> dosage forms comprised of the same ingredients as McAinsh et al.
> including the drugs venlafaxine and propranolol. See column 4, lines 7-
> 10, column 6, lines 54-55, column 7, lines 18-22, formulation 5. To use
> the venlafaxine of Wong et al. in the McAinsh et al. capsule with a
> reasonable expectation of success would have been obvious to one of
> ordinary skill in the art. The motivation being a desire to obtain optimum
> drug and efficacy over a prolonged period of time while improving patient
> compliance by reducing the number of dosages required.

October 1998 Office Action at pages 3 and 4.

40.    The Examiner allowed claims 11, 13 and 14, and indicated that claims 2-

10, 12 and 16 would be allowable if rewritten in independent form.

41.    In an April 16, 1999 Amendment, the applicants canceled claim 1,

amended claims 2, 3, 5-8, 11, 15-18 and added new claims 19-26. The applicants

indicated that canceled claim 1 was replaced by new claim 23. The applicants argued

that claim 23 was patentable over the cited art by arguing:

> [c]anceled Claim 1 is replaced by Claim 23 which is directed to the
> gravamen of Applicants' invention, namely, the coated spheroids
> containing venlafaxine hydrochloride, microcrystalline cellulose and,
> optionally, hydroxypropylmethylcellulose for extended release. New
> Claims 24 and 25, dependent upon Claim 23 are directed to a dosage
> form in a capsule and in a hard gelatin capsule, respectively, containing

14

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER                    1262088

the coated spheroids of Claim 23. New claim 26 is directed to the extended release dosage form of Claim 23 having the disclosed dissolution rate.

<u>Rejection of Claim 1 (new Claim 23) for obviousness</u>

The rejection of Claim 1 under 35 USC 103 for obviousness over McAinsh et al. (US Patent 4,138,475) in view of Wong et al. (US 5,552,429) is respectfully traversed. (Claim 1 has been canceled and replaced by new Claim 23.) McAinsh is relied upon for showing a hard gelatin capsule comprised of spheroids containing an admixture of the active ingredient propranolol HCl and microcrystalline cellulose and coated with ethyl cellulose and hydroxypropylmethyl cellulose. As noted by the Examiner, venlafaxine is not mentioned in this disclosure. (Additionally, venlafaxine and propranolol are not structurally related.) Wong et al. is relied upon for teaching extended release dosage forms comprised of the same ingredients as McAinsh et al. including the drugs venlafaxine and propranolol.

The Examiner's statement of the teaching of Wong et al. is incorrect. Wong et al. is <u>not</u> directed to providing sustained/extended release compositions and only discloses the existence of particular sustained release compositions for pindolol. Rather, Wong et al. discloses a method of potentiating the action of a first component chosen from fluoxetine, venlafaxine, milnacipran, and duloxetine in increasing the availability of serotonin, norepinephrine and dopamine in the brain, comprising administering such first component in combination with a second component chosen from the group consisting of alprenolol, WAY 100135, spiperone, pindolol, (S)-UH-301, penbutolol, propanolol, tertatolol, and compounds of a given structural formula I. (See col. 1, line 65, through col. 2, line 10.) In fact, the dose of venlafaxine indicated in col. 6, lines 54-55, is from about 10 to about 150 mg <u>once-thrice/day</u>; preferred, from 25 to 125 mg <u>thrice/day</u>.

At page 7, lines 33-65, Wong et al. discusses the preference of combining the two components in one dosage form. However, they state that this may not be possible for the desired combination. At col. 8, lines 35-53, i.e. after the disclosure of referencing specific pindolol sustained release formulations, Wong et al. states that <u>the second component</u> may possibly be used in its sustained release formulation in its combination with the first component in order to provide substantially constant blood levels <u>of the second component</u>. Moreover, under "Benefits of the Invention", at col. 13, lines 32-44, Wong et al. states that the invention provides <u>a more rapid onset of action</u> and is usually provided by treatment of fluoxetine or duloxetine alone. Thus, it is clear that it is not an object of

15

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

Wong et al. to provide new sustained release formulations of the first and second components alone or combined.

Finally, none of the 8 exemplified formulations includes venlafaxine. The two formulations including microcrystalline cellulose, that is, Formulations 4 and 5, include substantial portions of at least one other pharmaceutical excipient-but not hydroxypropylmethylcellulose.

For these reasons, the teaching of Wong et al. is deemed not particularly relevant to Applicants' invention of coated spheroids of venlafaxine hydrochloride for extended release.

Further, the teaching of a sustained release formulation of microcrystalline cellulose and propranol hydrochloride in McAinsh et al. is not deemed sufficiently relevant to venlafaxine because the two compounds are not structurally related. Moreover, there is a tremendous difference in water solubility of the two compounds. The water solubility of propanolol hydrochloride is 93 mg/ml, whereas that of venlafaxine hydrochloride is 574 mg/ml - i.e. 6 fold greater. Therefore, Applicants' invention, as claimed in claims 23, 2 and 15, is indeed unobvious.

April 16, 1999 Amendment at pages 6 and 7.

42.    In a July 21, 1999 Office Action, the Examiner rejected claims 23-26

under 35 U.S.C. §103 as being unpatentable over McAinsh in view of Wong. The

Examiner took the position that:

The claims are rejected for the reasons set forth in Paper No. 7 as applied to now canceled claim 1. Applicants' arguments filed April 16, 1999 have been fully considered but they are not persuasive. Applicants state that, as noted by the examiner, venlafaxine is not mentioned in the McAinsh et al. reference. Applicants further state that venlafaxine and propranolol are not structurally related. This is true, however the only difference in the McAinsh et al. reference is that the only drug disclosed is propranolol. Wong et al. is not relied on for showing a sustained release dosage form of either drug, but is relied on for teaching that it is known the two drugs can be combined and administered together. To one skilled in the art with the disclosure of both McAinsh et al. and Wong et al. displayed together it would be reasonable to expect possible combinations. It would have been obvious to one of ordinary skill in the art to use the Wong et al. venlafaxine in the McAinsh et al. sustained release dosage form comprised of spheroids. Propranolol common to both McAinsh et al. and Wong et al. can be combined with venlafaxine. A combination of both in a sustained release dosage form would increase

16

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

> patient compliance when the need arises to administer the two together.
> The scope of applicant's claims in reciting comprising does not exclude
> additional active agents. A dosage form of propranolol alone or
> propranolol and venlafaxine meets the limitations of applicants' claims.

July 21, 1999 Office Action at pages 2-3.

43.    In a February 16, 2000 Notice of Abandonment, the application was

abandoned due to applicants' failure to timely respond to the July 21, 1999 Office

Action.

### 3.    PROSECUTION HISTORY OF U.S. APPLICATION SERIAL NO. 09/488,629 THAT MATURED INTO THE '171 PATENT

44.    The '171 patent was filed on January 20, 2000 as application Serial No.

09/488,629, naming Deborah Sherman, John Clark, John Lamer and Steven White as

joint inventors. The application was filed as a continuation-in-part of abandoned

application Serial No. 08/964,328. The '171 patent was assigned to American Home

Products, Corp. The application was filed with 22 original claims, including

independent claim 1 directed, *inter alia*, to an encapsulated extended release

formulation of venlafaxine hydrochloride; and independent method claims 21 and 22,

directed to a method for providing a therapeutic blood plasma concentration of

venlafaxine over a twenty four hour period with diminished incidences of nausea and

emesis and a method for eliminating the troughs and peaks of drug concentration in a

patient's blood plasma attending the therapeutic metabolism of plural daily doses of

venlafaxine hydrochloride, respectively.

45.    As indicated above, one of the Examiner's first tasks in examining an

application is to read and study the original patent specification to ensure the

specification complies with disclosure requirements and to gain an understanding of

17

the original claims. In the course of undertaking such a review the Examiner would

have noted the above-identified representation regarding the "Brief Description Of The

Invention" that "venlafaxine ER showed a statistically significant improvement over

conventional venlafaxine hydrochloride tablets in two eight-week and one 12 week

clinical studies." See the original application Serial No. 09/488,629 specification at

page 4.

46.     In July 16, 1999 Supplemental Information Disclosure Statement, the

applicants brought two patent publications to the Examiner's attention, dated October

16, 1997 and October 1, 1997, respectively.

47.     In an April 24, 2000 Information Disclosure Statement, the applicants

brought to the Examiner's attention prior art cited during prosecution of parent patent

application Serial No. 08/964,328.

48.     In a January 24, 2001 Office Action, the Examiner rejected claims 12, 18

and 19 as being indefinite based on the reference in the claims to a trademark/trade

name.

49.     With respect to prior art, the Examiner rejected claim 1 under 35 U.S.C.

§103(a) as being unpatentable over McAinsh et al. (U.S. Patent No. 4,138,475) in view

of Wong et al. (U.S. Patent No. 5,552,429). The Examiner took the position that:

> McAinsh et al. shows a hard gelatin capsule comprised of
> spheroids coated with a mixture of ethylcellulose and
> hydroxypropylmethylcellulose. The active agent propranolol is blended
> with microcrystalline cellulose to formulate the core spheroid. See
> Abstract, example and claim 1. The reference does not show venlafaxine.
> Wong el al is relied on for teaching extended release dosage forms
> comprised of the same ingredients a McAinsh et al including the drugs
> venlafaxine and propranolol. See column 4, lines 7-10, column 6, lines
> 54-55, column 7, lines 18-22, formulation 5. To use the venlafaxine of

18

Wong et al in the McAinsh et al capsule with a reasonable expectation of success would have been obvious to one of ordinary skill in the art. Given the teachings of the prior art it would be reasonable to expect that propranolol common to both McAinsh et al and Wong et al could be combined with venlafaxine in a sustained release dosage form to increase patient compliance when the need arises to administer both drugs. The motivation being a desire to obtain optimum drug efficacy over a prolonged period of time while reducing the total number of dosages required.

January 4, 2001 Official Action at pages 3 and 4.

50.    The Examiner indicated that claims 21 and 22 are allowed and that claims 2-11, 13-17 and 20 would be allowable if rewritten in independent form.

51.    In a February 16, 2001 telephone interview between the Examiner and the applicants' representative, an agreement was reached with respect to all pending claims. During the course of the interview, the Examiner indicated that "[d]iscussed canceling claim one to overcome art rejection and amending claims 12, 18 and 19 to overcome 112 rejection. The examiner would consider claims 21 and 22, amended to delete encapsulated, for allowability pending further search. An amendment will follow."

52.    In a February 16, 2001 Request for Reconsideration, the applicants canceled claim 1, amended claims 2, 3, 4, 6, 8, 11, 12-16 and added new claims 23-26. In accordance with the prior Office Action, the applicants' amendments placed the pending claims in condition for allowance.

53.    In a February 18, 2001 Communication, the applicants filed a Petition to add Steven A. White as a named inventor.

54.    In a May 9, 2001 Notice of Allowability, the Examiner allowed claims 2-26 in response to the amendment filed February 16, 2001.

19

55.    The '171 patent formally issued on August 14, 2001.

**B.    PROSECUTION HISTORY OF U.S. PATENT NO. 6,403,120 (THE '120 PATENT**

### 1.    PROSECUTION HISTORY OF CONTINUATION APPLICATION SERIAL NO. 09/884,412

56.    Application Serial No. 09/884,412 was filed on June 19, 2001 as a divisional application of parent application Serial No. 09/488,629, naming Sherman et al. as joint inventors.  The application was filed with the 22 original claims from the '171 patent application and included the same representation with respect to statistically significant improved results of venlafaxine ER over conventional venlafaxine hydrochloride tablets in two 8-week and one 12-week clinical studies.

57.    In a June 19, 2001 Preliminary Amendment, the specification was amended to modify the related application information.  Original claims 2-22 were canceled and new claims 23-24 were added.

58.    In a June 19, 2001 Information Disclosure Statement, the applicants brought to the Examiner's attention the prior art cited in application Serial No. 09/488,620 (sic), which matured into the '171 patent.

59.    Application Serial No. 09/884,412 ultimately matured into the '958 patent and the remainder of the prosecution history is described below in conjunction with the description of the '958 patent prosecution history.

### 2.    PROSECUTION HISTORY OF APPLICATION SERIAL NO. 09/950,965

60.    On September 12, 2001, well before any office action was issued in parent application Serial No. 09/884,412, Application Serial No. 09/950,965 was filed

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER                    1262088

as a continuation of application Serial No. 09/884,412, naming Sherman et al. as joint inventors. The application was with the 22 original claims described above with respect to application Serial No. 09/488,629, which matured into the '171 patent. The '120 specification, like the above-described parent applications, included the representation that "Venlafaxine ER shows statistically significant improvement over conventional venlafaxine hydrochloride tablets in two eight-week and one 12 week clinical studies." Original application specification at page 4.

61.    In a September 12, 2001 Information Disclosure Statement, the applicants referred the Examiner to the previously cited prior art in parent application 09/488,620 (sic).

62.    In a September 12, 2001 Preliminary Amendment, the applicants amended the first page of the application to modify the reference to related patent applications. Additionally, the applicants canceled claims 2-22 and added new claims 23-34, directed, *inter alia*, to a "method for providing therapeutic blood plasma concentration of venlafaxine over a twenty four hour period with diminished incidence of nausea and emesis, which comprises administering orally to a patient in need thereof, an extend release formulation that provides peak blood plasma levels of venlafaxine of no more than about 150ng/ml, said formulation containing venlafaxine hydrochloride as the active ingredient." Application claim 23.

63.    In a December 5, 2001 Office Action, the Examiner objected to claims 24-34 under 37 C.F.R. §1.75(c) as being improper dependent claims for failing to further limit the subject matter of a previous claim. The Examiner took the position that the

21

1262088

claims are dependent claims that depend on a method, however claims 24 and 25

depend upon claim 1 which is a product/composition claim.

    64.    The Examiner rejected claim 1 under 35 U.S.C. §103 as being

unpatentable over McAinsh (U.S. Patent No. 4,138,475) in view of Wong (U.S. Patent

No. 5,552,429). The Examiner took the position that:

> McAinsh et al shows a hard gelatin capsule comprised of spheroids coated with a mixture of ethylcellulose and hydroxypropylmethylcellulose. The active agent propranolol is blended with microcrystalline cellulose to formulate the core spheroid. See Abstract, example and claim 1. The reference does not show venlafaxine. Wong et al is relied on for teaching extended release dosage forms comprised of the same ingredients as McAinsh et al including the drugs venlafaxine and propranolol. See column 4, lines 7-10, column 6, lines 54-55, column 7, lines 18-22, formulation 5. To use the venlafaxine of Wong et al in the McAinsh et al capsule with a reasonable expectation of success would have been obvious to one of ordinary skill in the art. It would be reasonable to expect that propranolol common to both McAinsh et al and Wong et al could be combined with venlafaxine in the McAinsh sustained release dosage form to increase patient compliance when the need arises to administer both drugs. The motivation being a desire to obtain optimum drug efficacy over a prolonged period of time while reducing the total number of dosages required. It is also reasonable to expect that one may choose to use the same sustained release formulation for either drug alone in a single dosage form for those times when only venlafaxine or propranolol is required to be administered as a sustained/extended release formulation. The goal being to obtain optimum release profiles.

December 5, 2001 Office Action at pages 3 and 4.

    65.    The Examiner allowed claim 23.

    66.    In a March 5, 2002 Amendment, the applicants cancelled claim 1,

amended claims 24 and 25 and added new claims 35 and 36. The applicants indicated

that new claims 35 and 36 were added to more fully claim subject matter of the claimed

invention and that amended claims 24 and 25 addressed the Examiner's objection to

these dependent claims.

22

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

67.    In a June 19, 2002 Notice of Allowability, the Examiner allowed claims 23-36 in view of the applicants' March 5, 2002 Amendment.

68.    The '120 patent formally issued on June 11, 2002.

### 3.    PROSECUTION HISTORY OF U.S. PATENT NO. 6,419,958 (THE '958 PATENT)

69.    The '958 patent was filed on June 19, 2001 as application Serial No. 09/884,412, as a divisional of application Serial No. 09/488,629 (which matured into the '171 patent) naming Sherman et al. as joint inventors.   The '958 patent included the 22 original claims from the '171 patent application and included the same representation with respect to statistically significant improved results of venlafaxine ER over conventional venlafaxine hydrochloride tablets in two 8-week and one 12-week clinical studies.

70.    In a June 19, 2001 Preliminary Amendment, the specification was amended to modify the related application information.  Original claims 2-22 were canceled and new claims 23-24 were added.

71.    In a June 19, 2001 Information Disclosure Statement, the applicants brought to the Examiner's attention the prior art cited in application Serial No. 09/488,620 (sic), which matured into the '171 patent.

72.    In a January 14, 2002 Office Action, the Examiner rejected claims 23 and 24 on obviousness-type double patenting grounds based on claims 20 and 21 of the '171 patent.

23

1262088

73.     With respect to prior art, the Examiner rejected claim 1 under 35 U.S.C.

§103 as being unpatentable over McAinsh (U.S. Patent No. 4,138,475) in view of

Wong et al. (U.S. Patent No. 5,552,429). The Examiner took the position that:

> McAinsh et al shows a hard gelatin capsule comprised of spheroids
> coated with a mixture of ethylcellulose and hydroxypropylmethylcellulose.
> The active agent propranolol is blended with microcrystalline cellulose to
> form a core spheroid. See Abstract, example and claim 1. The sustained
> release results from the coating applied to the individual spheroids. The
> reference does not show venlafaxine. Wong et al is relied on for teaching
> extended release dosage forms comprised of the same ingredients as
> McAinsh et al including the drugs venlafaxine and propranolol. See
> column 4, lines 7-10, column 6, lines 54-55, column 7, lines 18-22,
> formulation 5. To use the venlafaxine of Wong et al in the McAinsh et al
> capsule, coated for sustained release, with a reasonable expectation of
> success would have been obvious to one of ordinary skill in the art. It
> would be reasonable to expect that propranolol common to both McAinsh
> et al and Wong et al could be combined with venlafaxine in a sustained
> release dosage form to increase patient compliance when the need arises
> to administer both drugs. The resulting combination dosage form would
> provide optimum drug efficacy over a prolonged period of time while
> reducing the total number of dosages required.

January 14, 2002 Office Action at page 3.

74.     In a April 15, 2002 Amendment, the applicant canceled claim 1 and

added new claims 25-28. The applicants submitted a Terminal Disclaimer to obviate

the Examiner's obviousness-type double patenting rejection.

75.     In an  August 7, 2002 Notice of Allowability, the Examiner allowed claims

23-28 in view of the applicants' April 15, 2002 Amendment and Disclaimer.

76.     The '958 patent formally issued July 16, 2002.

## IV. DUTY OF DISCLOSURE

77.     As foundational testimony for the materiality-related opinions expressed

below, I may testify about a patent applicant's duty of disclosure owed to the PTO.

24

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER                    1262088

Dating back at least as early as 1945, the U.S. Supreme Court mandated that a patent applicant has an "uncompromising duty" to disclose material facts bearing on patentability to ensure that a patent springs from a background free from fraud or inequitable conduct. Later, in the 1950's, the then Court of Customs and Patent Appeals emphasized that, in dealing with the PTO, patent applicants must not regard proceedings as adversarial proceedings, and that it is essential to the existence of the patent system in this country that patent applicants disclose to the Patent Office material information bearing on patentability. In 1977, such preexisting case law was codified by the PTO and identified as original PTO Rule 56. 37 C.F.R. §1.56.

78.     Original Rule 56 and Rule 56 as amended in March of 1992 require, *inter alia*, that all persons substantively involved in patent application preparation or prosecution disclose to the PTO "material" prior art or information of which they are aware.

79.     Prior art or information is defined in original Rule 56 as being "material," if there is a substantial likelihood that a reasonable patent examiner would consider it important in deciding whether to allow the patent application to issue. The March 1992 revision to Rule 56 defined prior art or information as being material if, *inter alia*, it establishes, either by itself or in combination with other information, a "prima facie case of unpatentability" of at least one patent claim. Thus, to be "material" under original Rule 56 (or as revised in 1992) prior art or information need not necessarily render any claim unpatentable.

80.     The Federal Circuit has explained that there are different applicable standards that correspond to different levels of materiality. *Digital Control, Inc. v.*

25

*Charles Mach. Works*, 77 U.S.P.Q.2d 1823, 1828, 1829 (Fed. Cir. 2006). Further, the Federal Circuit explained that the passage of new Rule 56 in March of 1992 did not replace or supplant the original Rule 56 "reasonable examiner" standard. *Id.* at 1829. Thus, in accordance with original Rule 56, a misstatement or omission is "material" and will trigger the duty of disclosure when a reasonable examiner would have considered the misstatement or omission important in deciding whether to allow the application. Alternatively, materiality may be demonstrated by showing that the omission or misrepresentation is material under other recognized tests for materiality such as the objective "but for" standard, that defines the highest level of materiality. The highest level of materiality is reached when the misstatement or omission regarding prior art "was so material that the patent should not have issued" had the information been disclosed to the examiner. *Id.* at 1828.

81.    Materiality is not limited to prior art but embraces any information where there is a substantial likelihood that a reasonable examiner would consider such information important in deciding whether to allow an application to issue as a patent.

82.    In order for an applicant's duty of disclosure to be triggered, it is only necessary for the prior art or information to be material to one patent claim. In assessing "materiality," claim language should be given its "broadest reasonable interpretation" consistent with the specification. See, for example, current Rule 56.

83.    The duty of disclosure is owed by each of the applicants, the patent attorney(s) handling the application preparation or prosecution, and any other individuals substantively involved in the preparation or prosecution of a patent

26

application. The duty begins when a patent application is filed and does not end until the patent application issues as a patent.

84.    An integral part of the duty of disclosure is a duty of reasonable inquiry. Once an attorney or an applicant or any other individual having a duty to disclose has notice that specific information exists that appears to be material, that person cannot ignore that notice in an effort to avoid his or her duty to disclose. Rather, for example, once sufficient information is presented to an applicant to suggest the existence of specific information the materiality of which may be ascertained with reasonable inquiry, such a reasonable inquiry must be undertaken.

85.    There can be no question that a non-cumulative prior art reference is "material" (under either of the two above-identified Rule 56 tests for "materiality"), if a reasonable patent examiner would have rejected a patent claim based on the prior art reference on either "anticipation" grounds under 35 U.S.C. §102, or obviousness grounds under 35 U.S.C. §103.

86.    With respect to establishing a prima facie case of obviousness involving chemical compounds having close structural similarity, examiners were trained as set forth in MPEP § 2144.09 (Feb. 2000) that:

> A *prima facie* case of obviousness may be made when chemical compounds have very close structural similarities and similar utilities. "An obviousness rejection based on similarity in chemical structure and function entails the motivation of one skilled in the art to make a claimed compound, in the expectation that compounds similar in structure will have similar properties." *In re Payne*, 606 F.2d 303, 313, 203 USPQ 245, 254 (CCPA 1979). See *In re Papesch*, 315 F.2d 381, 137 USPQ 43 (CCPA 1963) (discussed in more detail below) and *In re Dillon*, 919 F.2d 688, 16 USPQ2d 1897 (Fed. Cir. 1991) (discussed below and in MPEP § 2144) for an extensive review of the case law pertaining to obviousness based on close structural similarity of chemical compounds. See also MPEP § 2144.08, paragraph II.A.4.(c).

27

The cited MPEP § 2144.08 (Feb. 2000) indicates, *inter alia*, that:

In fact, similar properties may normally be presumed when compounds are very close in structure. *Dillon,* 919 F.2d at 693, 696, 16 USPQ2d at 1901, 1904. See also *In re Grabiak,* 769 F.2d 729, 731, 226 USPQ 870, 871 (Fed. Cir. 1985) ("When chemical compounds have 'very close' structural similarities and similar utilities, without more a *prima facie* case may be made."). Thus, **evidence of similar properties** or evidence of any useful properties disclosed in the prior art that would be expected to be shared by the claimed invention weighs in favor of a conclusion that the claimed invention would have been obvious. *Dillon,* 919 F.2d at 697-98, 16 USPQ2d at 1905; *In re Wilder,* 563 F.2d 457, 461, 195 USPQ 426, 430 (CCPA 1977); *In re Linter,* 458 F.2d 1013, 1016, 173 USPQ 560, 562 (CCPA 1972) (emphasis added).

87.    Accordingly, a reasonable Examiner would find it important to know of "evidence of similar properties" in compounds that are structurally similar to the claimed invention in determining whether the claimed invention patentably distinguishes over structurally similar compounds.

88.    Prior art or information that is inconsistent with or contradicts an argument made to support patentability or that refutes an Examiner's position with respect to unpatentability would be important to a reasonable examiner. Current Rule 56 expressly codifies the notion that information is material if it "refutes or is inconsistent with, a position the applicant takes in 1) opposing an argument of unpatentability relied on by the Office or 2) asserting an argument of patentability."

89.    For the reasons set forth below, I expect to testify that, based in part on my experience as a former PTO examiner and relying on Impax's technical experts, material prior art or information was not disclosed to the PTO during the prosecution of

28

the patents-in-suit.[1]  In my opinion, relying in part on Impax's technical expert, material information described below was not disclosed to the PTO during the prosecution history of the '171, '120, and '958 patents-in-suit including:  1) information inconsistent with the argument for patentability that "venlafaxine showed a statistically significant improvement over conventional venlafaxine hydrochloride tablets in two eight-week and one 12 week clinical studies," 2) information regarding Alza's venlafaxine extended release formulation, and 3) information regarding whether the '171 and '120 patents-in-suit named the correct inventors.

## A. INFORMATION INCONSISTENT WITH ARGUMENTS FOR PATENTABILITY REGARDING THE EIGHT AND TWELVE WEEK STUDIES SHOULD HAVE BEEN DISCLOSED TO THE PTO

90.    In my opinion, relying in part on Impax's technical expert, the applicants failed to disclose "material" information to the PTO that was inconsistent with the applicants' representation that "venlafaxine showed a statistically significant improvement over conventional venlafaxine hydrochloride tablets in two eight-week and one 12 week clinical studies" for the reasons set forth below.

91.    As set forth above, in my opinion, information which is inconsistent with an argument for patentability would have been important to a reasonable patent examiner. Rule 56 as amended in 1992 defines information as material, if *inter alia*, it "refutes or is inconsistent with, a position the applicant takes in 1) opposing an

---

[1] It is noted that the identification of material information not disclosed to the PTO is not intended to be exhaustive.  Merely because certain information is not identified herein should not be construed as an indication that, in my opinion, such information is immaterial.

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER                    1262088

argument of unpatentability relied on by the Office or 2) asserting an argument of

patentability." Arguments for patentability may be presented by an applicant in the

body of a patent application specification or in a response to a PTO office action.

92.    The '171, '120 and '958 patent specifications contain such arguments for

patentability. For example, as indicated above, in the '171, '120 and the '958 patent

specifications, the applicants alleged, with respect to venlafaxine ER that:

> [t]he use of the one-a-day venlafaxine hydrochloride formulations of
> this invention reduces by adaptation, the level of nausea and incidence of
> emesis that attend the administration of multiple daily dosing. In clinical
> trials of venlafaxine hydrochloride ER, the probability of developing
> nausea in the course of the trials was greatly reduced after the first week.
> **Venlafaxine ER showed a statistically significant improvement over
> conventional venlafaxine hydrochloride tablets in two eight-week
> and one 12 week clinical studies.** Thus, in accordance with this use
> aspect of the invention there is provided a method for reducing the level of
> nausea and incidence of emesis attending the administration of
> venlafaxine hydrochloride which comprises dosing a patient in need of
> treatment with venlafaxine hydrochloride with an extended release
> formulation of venlafaxine hydrochloride once a day in a therapeutically
> effective amount.

See, for example, the '171 patent at column 2, lines 46-55 (emphasis added).

93.    In my opinion, the above-quoted passage repeated in the specifications

of each of the patents-in-suit constitutes an argument for patentability with respect to at

least any claim that specifies diminished incidences of nausea and emesis as a

property of venlafaxine ER. In my view, this argument for patentability at least pertains

to, for example, '171 claims 20, 22 and 23, '120 patent claims 1-6 and '958 claims 1, 3

and 4.

94.    In my opinion, an examiner confronted with claims that, for example,

require diminished incidences of nausea and emesis as a property of venlafaxine

hydrochloride ER would have recognized the above-quoted representation to the PTO

30

as an argument for patentability based upon "two eight-week and one 12-week clinical studies" showing improved results over conventional venlafaxine hydrochloride.

95.    Examiners have been trained that a greater than expected result is an evidentiary factor pertinent to the legal conclusion of obviousness of claims at issue. See MPEP §716.02(a) quoted below.  Thus, information that is inconsistent with a representation of alleged improved results would likewise be an evidentiary factor pertinent to the legal conclusion of obviousness of claims at issue that the examiner should consider prior to making a patentability determination.

96.    MPEP §716.02(a) instructs Examiners as to the significance of evidence of unexpected results as follows:

## 716.02(a) Evidence Must Show Unexpected Results [R-2] - 700 Examination of Applications

**716.02(a) Evidence Must Show Unexpected Results [R-2]**

>

### I.  < GREATER THAN EXPECTED RESULTS ARE EVIDENCE OF NONOBVIOUSNESS

"A greater than expected result is an evidentiary factor pertinent to the legal conclusion of obviousness ... of the claims at issue." *In re Corkill,* 711 F.2d 1496, 226 USPQ 1005 (Fed. Cir. 1985). In *Corkill,* the claimed combination showed an additive result when a diminished result would have been expected. This result was persuasive of nonobviousness even though the result was equal to that of one component alone. Evidence of a greater than expected result may also be shown by demonstrating an effect which is greater than the sum of each of the effects taken separately (i.e., demonstrating "synergism"). *Merck & Co. Inc. v. Biocraft Laboratories Inc.,* 874 F.2d 804, 10 USPQ2d 1843 (Fed. Cir.), *cert. denied,* 493 U.S. 975 (1989). However, a greater than additive effect is not necessarily sufficient to overcome a *prima facie* case of obviousness because such an effect can either be expected or unexpected. Applicants must further show that the results were greater than those which would have been expected

31

from the prior art to an unobvious extent, and that the results are of a significant, practical advantage. *Ex parte The NutraSweet Co.*, 19 USPQ2d 1586 (Bd. Pat. App. & Inter. 1991) (Evidence showing greater than additive sweetness resulting from the claimed mixture of saccharin and L-aspartyl-L-phenylalanine was not sufficient to outweigh the evidence of obviousness because the teachings of the prior art lead to a general expectation of greater than additive sweetening effects when using mixtures of synthetic sweeteners.).

>

## II.    < SUPERIORITY OF A PROPERTY SHARED WITH THE PRIOR ART IS EVIDENCE OF NONOBVIOUSNESS

Evidence of unobvious or unexpected advantageous properties, such as superiority in a property the claimed compound shares with the prior art, can rebut *prima facie* obviousness. "Evidence that a compound is unexpectedly superior in one of a spectrum of common properties . . . can be enough to rebut a *prima facie* case of obviousness." No set number of examples of superiority is required. *In re Chupp*, 816 F.2d 643, 646, 2 USPQ2d 1437, 1439 (Fed. Cir. 1987) (Evidence showing that the claimed herbicidal compound was more effective than the closest prior art compound in controlling quackgrass and yellow nutsedge weeds in corn and soybean crops was sufficient to overcome the rejection under 35 U.S.C. 103, even though the specification indicated the claimed compound was an average performer on crops other than corn and soybean.). See also *Ex parte A,* 17 USPQ2d 1716 (Bd. Pat. App. & Inter. 1990) (unexpected superior therapeutic activity of claimed compound against anaerobic bacteria was sufficient to rebut *prima facie* obviousness even though there was no evidence that the compound was effective against all bacteria).

>

## III.    < PRESENCE OF AN UNEXPECTED PROPERTY IS EVIDENCE OF NONOBVIOUSNESS

Presence of a property not possessed by the prior art is evidence of nonobviousness. *In re Papesch*, 315 F.2d 381, 137 USPQ 43 (CCPA 1963) (rejection of claims to compound structurally similar to the prior art compound was reversed because claimed compound unexpectedly possessed anti-inflammatory properties not possessed by the prior art compound); *Ex parte Thumm*, 132 USPQ 66 (Bd. App. 1961) (Appellant showed that the claimed range of ethylene diamine was effective for the purpose of producing " 'regenerated cellulose consisting substantially entirely of skin' " whereas the prior art warned "this compound has 'practically no effect.' "). The submission of evidence that a new product

32

possesses unexpected properties does not necessarily require a conclusion that the claimed invention is nonobvious. *In re Payne*, 606 F.2d 303, 203 USPQ 245 (CCPA 1979). See the discussion of latent properties and additional advantages in MPEP § 2145.

>

### IV.   < ABSENCE OF AN EXPECTED PROPERTY IS EVIDENCE OF NONOBVIOUSNESS

Absence of property which a claimed invention would have been expected to possess based on the teachings of the prior art is evidence of unobviousness. *Ex parte Mead Johnson & Co.* 227 USPQ 78 (Bd. Pat. App. & Inter. 1985) (Based on prior art disclosures, claimed compounds would have been expected to possess beta-andrenergic blocking activity; the fact that claimed compounds did not possess such activity was an unexpected result sufficient to establish unobviousness within the meaning of 35 U.S.C. 103.).

MPEP 716.02(a) (August 2006); Also see MPEP 716.02(a) (Feb. 2000).

97.    Further, Examiners were trained that evidence of unexpected results to

be effective in rebutting a prima facie case of obviousness typically involves a

comparison of the claimed subject matter with the closest prior art.  For examiner,

MPEP 716.02(e) instructs Examiners as follows:

### 716.02(e) Comparison With Closest Prior Art [R-2]

An affidavit or declaration under 37 CFR 1.132 must compare the claimed subject matter with the closest prior art to be effective to rebut a *prima facie* case of obviousness. *In re Burckel*, 592 F.2d 1175, 201 USPQ 67 (CCPA 1979). "A comparison of the *claimed* invention with the disclosure of each cited reference to determine the number of claim limitations in common with each reference, bearing in mind the relative importance of particular limitations, will usually yield the closest single prior art reference." *In re Merchant*, 575 F.2d 865, 868, 197 USPQ 785, 787 (CCPA 1978) (emphasis in original). Where the comparison is not identical with the reference disclosure, deviations therefrom should be explained, *In re Finley*, 174 F.2d 130, 81 USPQ 383 (CCPA 1949), and if not explained should be noted and evaluated, and if significant, explanation should be required. *In re Armstrong*, 280 F.2d 132, 126 USPQ 281 (CCPA 1960) (deviations from example were inconsequential).

33

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

>

## I.  < THE CLAIMED INVENTION MAY BE COMPARED WITH PRIOR ART THAT IS CLOSER THAN THAT APPLIED BY THE EXAMINER

Applicants may compare the claimed invention with prior art that is more closely related to the invention than the prior art relied upon by the examiner. *In re Holladay*, 584 F.2d 384, 199 USPQ 516 (CCPA 1978); *Ex parte Humber*, 217 USPQ 265 (Bd. App. 1961) (Claims to a 13-chloro substituted compound were rejected as obvious over nonchlorinated analogs of the claimed compound. Evidence showing unexpected results for the claimed compound as compared with the 9-, 12-, and 14- chloro derivatives of the compound rebutted the *prima facie* case of obviousness because the compounds compared against were closer to the claimed invention than the prior art relied upon.).

>

## II.  < COMPARISONS WHEN THERE ARE TWO EQUALLY CLOSE PRIOR ART REFERENCES

Showing unexpected results over one of two equally close prior art references will not rebut *prima facie* obviousness unless the teachings of the prior art references are sufficiently similar to each other that the testing of one showing unexpected results would provide the same information as to the other. *In re Johnson*, 747 F.2d 1456, 1461, 223 USPQ 1260, 1264 (Fed. Cir. 1984) (Claimed compounds differed from the prior art either by the presence of a trifluoromethyl group instead of a chloride radical, or by the presence of an unsaturated ester group instead of a saturated ester group. Although applicant compared the claimed invention with the prior art compound containing a chloride radical, the court found this evidence insufficient to rebut the *prima facie* case of obviousness because the evidence did not show relative effectiveness over all compounds of the closest prior art. An applicant does not have to test all the compounds taught by each reference, "[h]owever, where an applicant tests less than all cited compounds, *the test must be sufficient to permit a conclusion respecting the relative effectiveness of applicant's claimed compounds and the compounds of the closest prior art.*" *Id.* (quoting *In re Payne*, 606 F.2d 303, 316, 203 USPQ 245, 256 (CCPA 1979)) (emphasis in original).).

>

## III.  < THE CLAIMED INVENTION MAY BE COMPARED WITH THE CLOSEST SUBJECT MATTER THAT EXISTS IN THE PRIOR ART

Although evidence of unexpected results must compare the claimed invention with the closest prior art, applicant is not required to compare the

34

claimed invention with subject matter that does not exist in the prior art. *In re Geiger*, 815 F.2d 686, 689, 2 USPQ2d 1276, 1279 (Fed. Cir. 1987) (Newman, J., concurring) (Evidence rebutted *prima facie* case by comparing claimed invention with the most relevant prior art. Note that the majority held the Office failed to establish a *prima facie* case of obviousness.); *In re Chapman*, 357 F.2d 418, 148 USPQ 711 (CCPA 1966) (Requiring applicant to compare claimed invention with polymer suggested by the combination of references relied upon in the rejection of the claimed invention under 35 U.S.C. 103 "would be requiring comparison of the results of the invention with the results of the invention." 357 F.2d at 422, 148 USPQ at 714.).

MPEP 716.02(e) (August 2006); Also see MPEP 716.02(e) (Feb. 2000).

### 1.    Failure To Disclose Information Inconsistent With Alleged Improvement Over Conventional Venlafaxine Hydrochloride

98.    In my opinion, information would be inconsistent with the argument that "Venlafaxine ER showed a statistically significant improvement over conventional venlafaxine hydrochloride tablets in two eight-week and one 12 week clinical studies," if, for example, such information evidences that the two eight-week and one 12-week studies a) did not show a statistically significant improvement over conventional venlafaxine hydrochloride and/or b) no comparison was made with respect to conventional venlafaxine hydrochloride.

99.    The above-quoted patentability argument alleges that venlafaxine ER showed a statistically significant improvement when compared with conventional venlafaxine hydrochloride tablets. Relying on Impax's technical expert, the two eight-week and one 12-week clinical studies referenced in the patents-in-suit were described in the Wyeth submission to the Food and Drug Administration in MDA20-699 to obtain approval for a venlafaxine hydrochloride ER referred to as EFFEXOR® XR.

35

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

1262088

Specifically, these studies consisted of studies 600B-208-US (study 208), 600B-209-US (study 209), and 600B-367-EU (study 367).

100.    Relying on Impax's technical expert, the representation made to the PTO with respect to the improvement over conventional venlafaxine hydrochloride tablets in "two eight-week and one 12-week clinical studies" indicates that direct comparisons were made between venlafaxine extended release and conventional venlafaxine hydrochloride.

101.    Relying on Impax's technical expert, a person of ordinary skill in the art would understand this statement concerning the results of two eight-week and one 12-week studies allegedly showing a statistically significant decrease in incidences of nausea and vomiting with venlafaxine ER as compared to venlafaxine IR to mean that each of the three studies showed such a decrease.  Relying on Impax's technical expert, if it were actually intended that only when data from the three studies was considered collectively (when pooled) did the data show such a decrease, such data pooling should have been expressly referenced.  Further, relying on Impax's technical expert, the statement suggesting that each of the three studies showed a decrease in nausea and vomiting using venlafaxine ER compared to venlafaxine IR is not an accurate representation because studies 209 and 367 did not compare venlafaxine ER with venlafaxine IR, but only compared venlafaxine ER with a placebo.

### 2.    Studies 209 And 367 Involved Comparisons To A Placebo—Not Conventional Venlafaxine Hydrochloride

102.    Relying in part on Impax's technical expert, studies 209 and 367, as of the effective filing date of the '171 patent, did not establish statistically significant

36

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

1262088

improvement in nausea experienced by patients receiving venlafaxine hydrochloride extended release when compared with patients receiving conventional venlafaxine hydrochloride tablets. Studies 209 and 367 did not involve patients who receive conventional venlafaxine hydrochloride tablets. Rather, as indicated above, studies 209 and 367 involved patients who received venlafaxine hydrochloride extended release and a placebo. Relying on Impax's technical expert, in my view, the PTO should have been informed that no direct comparison with conventional venlafaxine hydrochloride tablets was made and any basis for the statement that improved results were obtained.

### 3.    Study 208 Did Not Show A Statistically Significant Improvement

103.    Additionally, relying on Impax's technical expert, although study 208 did directly compare patients receiving venlafaxine hydrochloride extended release with patients receiving conventional venlafaxine hydrochloride immediate release tablets, the data from study 208 did not establish statistically significant improvement with respect to level of nausea and incidence of emesis.

104.    As indicated above, the '171, '120 and the '958 patent specifications, the applicants alleged, with respect to venlafaxine ER that:

> ....Venlafaxine ER showed a statistically significant improvement over conventional venlafaxine hydrochloride tablets in two eight-week and one 12 week clinical studies. ...

See, for example, the '171 patent at column 2, lines 46-55 (emphasis added).

105.    Additionally, an article by Cunningham, "Once-daily Venlafaxine Extended Release (XR) And Venlafaxine Immediate Release (IR) In Outpatients With Major Depression," Vol. 9, No. 3, Annals of Clinical Psychiatry, 1997, indicated that

37

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

"[t]he most common adverse event was nausea in 43 (45%) venlafaxine IR-treated, 44

(45%) venlafaxine XR-treated and 10 (10%) placebo treated patients."

106.    Relying on Impax's technical expert, this Cunningham article specifically

discusses the results from study 208 and evidences that there was no statistically

significant improvement evidenced in study 208, when venlafaxine extended release

was compared with conventional venlafaxine hydrochloride tablets.

107.    Since such information is inconsistent with the argument for patentability

proffered in the specifications of the patents-in-suit, such information is material and

should have been disclosed to the PTO.

108.    The PTO has no in-house testing facilities.  Accordingly, an Examiner

must presume that representations made with respect to clinical study data, such as

set forth in column 2 of the '171 patent, are accurate.  Examiners rely on applicants

complying with their duty of disclosure and presenting accurate information with

respect to test results.

109.    In my opinion, any information indicating that experimental data from the

cited studies does not establish that the claimed invention achieved the results set forth

in the specification, would have been important to a reasonable examiner.

**B.    MATERIAL INFORMATION REGARDING ALZA'S PRIOR ART
VENLAFAXINE EXTENDED RELEASE FORMULATION WAS NOT
DISCLOSED TO THE PTO**

110.    In my opinion, relying on Impax's technical expert, material information

regarding Alza's venlafaxine extended release formulation was not disclosed to the

PTO during the pendency of the patents-in-suit that would have been important to a

reasonable patent examiner for the reasons set below.

38

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

111.   As set forth above, non-cumulative prior art or information is "material," if, for example, a reasonable patent examiner would have rejected a patent claim based on the prior art or information on either "anticipation" grounds under 35 U.S.C. § 102, or obviousness grounds under 35 U.S.C. § 103.  Further, as set forth above, Examiners are required to give claim language its broadest reasonable interpretation consistent with the specification.  Thus, in assessing "materiality," claim language should be given its "broadest reasonable interpretation" consistent with the specification.  See, for example, current Rule 56.  I understand that Wyeth has maintained that the term "extended release formulation" in the patents-in-suit covers not just the specific formulation containing the particular ingredients described in the specification and used in Wyeth's Effexor XR product, but also any other formulation that releases the active ingredient slower than an immediate-release formulation.  For the purposes of the following analysis, I have assumed *arguendo* that Wyeth's proposed interpretation is encompassed by the broadest reasonable interpretation.

112.   In my view, relying on Impax's technical expert, a reasonable patent examiner would have rejected at least one claim in each of the patents-in-suit under 35 U.S.C. § 102 as being anticipated by, or under 35 U.S.C. § 103 as being obvious over, Alza's prior art venlafaxine extended release formulation described in Alza's Patent Cooperation Treaty (PCT) application WO 94/27589 (the '589 PCT application}

**REDACTED**

39

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER                    1262088

REDACTED

113.   In my view, the Alza published PCT application is prior art to the patents-in-suit under 35 U.S.C. § 102(b), since it is a printed publication that was published more than one year prior to the March 25, 1996 filing date of Provisional application No. 60/014,006.

REDACTED

1.   **Peak Blood Plasma And Nausea Information Regarding Alza Venlafaxine ER Are Not Merely Cumulative To The Alza PCT Published Application**

114.   In my opinion, relying on Impax's technical expert, undisclosed information regarding the claimed properties of the Alza Venlafaxine extended release formulation as described in the '589 PCT published application is material information that would have been important to a reasonable examiner that should have been disclosed to the PTO prior to the issuance of the '171 patent. Information regarding the claimed properties of the Alza Venlafaxine extended release formulation would not have important to a reasonable examiner, if such information was merely cumulative to information of record before the PTO. Relying on Impax's technical expert, only limited information about Alza prior art formulations was disclosed to the PTO in Alza's Patent

40

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

1262088

Cooperation Treaty (PCT) application WO 94/27589 (the '589 PCT application). The '589 PCT application, as can be seen from the front page of, for example, the '171 patent was cited to the PTO examiner.

115.    Relying on Impax's technical expert, information regarding properties of Alza's venlafaxine extended release formulation highly germane to the claims of the patents-in-suit is not disclosed in the '589 PCT application.

116.    The Alza '589 PCT application failed to disclose properties inherent in the Alza formulation described in the '589 PCT application that are claimed in the patents-in-suit.

**REDACTED**

118.    In my opinion, relying on Impax's technical expert, such information about the properties of the Alza venlafaxine hydrochloride extended release composition described in the Alza '589 PCT application would have been important to a reasonable examiner in deciding whether to allow at least one claim in each of the patents-in-suit.

41

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER                    1262088

For example, in my opinion, relying on Impax's technical expert, as set forth above, a reasonable examiner would have rejected at least one claim in each of the '171, '120, and '958 patents under 35 U.S.C. § 102 as being anticipated by, or under 35 U.S.C. § 103 as being obvious over, Alza's prior art venlafaxine extended release formulation described in Alza's '589 PCT application) upon being informed of **REDACTED** revealing the properties of at least the venlafaxine hydrochloride composition described at page 24 of the '589 PCT application. See the October 20, 2007 Kibbe Report at pages 10 and 11.

119. For example, relying on Impax's technical expert, **REDACTED** Alza's venlafaxine extended release formulation anticipates or renders obvious, for example, '171 patent claim 25, which defines "a method for eliminating the troughs and peaks of drug concentration in a patient's blood plasma attending the therapeutic metabolism of plural daily dosages of venlafaxine hydrochloride which comprises administering orally to a patient in need thereof, an encapsulated extended release formulation that provides a peak blood plasma level of venlafaxine in about six hours, said formulation containing venlafaxine hydrochloride as the active ingredient." See WYETH 022-001753 and the October 20, 2007 Kibbe Report at pages 10 and 11. See Also, see '171 method claims 21 and 24. Also see, for example, '958 patent claim 2.

120. **REDACTED**

42

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER                1262088

REDACTED

121.    Relying on Impax's technical expert, a reasonable examiner would have rejected at least '171 patent, claim 20 under 35 U.S.C. 102 as being anticipated by, or under 35 U.S.C. 103 as being obvious over, Alza's venlafaxine extended release formulation.  Claim 20 requires providing a therapeutic blood plasma concentration of venlafaxine over a 24-hour period with "diminished incidences of nausea and emesis" and also requires a peak blood plasma level of venlafaxine from about 4 to 8 hours.  Also, see '958 patent, claim 1 and the '120 patent, claim 1, which include diminished incidence of nausea and emesis-related limitations.

**C.    INFORMATION MATERIAL TO WHETHER THE '171 AND '120 PATENTS NAMED THE CORRECT INVENTORS WAS NOT DISCLOSED TO THE PTO**

122.    In my opinion, information material to whether the '171 and '120 patents named the proper inventors was not disclosed to the PTO for the reasons set forth below.

123.    Examiners have been trained that a patent may not be obtained in the name of any inventive entity other than the true inventors.  Thus, in order to have a valid patent, a patent must issue in the name of the true and correct inventors.

43

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

124.   Examiners have been trained that in order for an individual to be properly named as an inventor, it is necessary that the individual contribute to the conception of the invention. The conception must be a complete and operative conception that would enable a person skilled in the art to reduce the conception to practice without further research or exercise of inventive skill. Conception is complete only when the idea is so clearly defined in the inventor's mind that only ordinary skill would be necessary to reduce the invention to practice, without extensive research or experimentation.

125.   A joint invention is the product of a collaboration between two or more persons working together to solve the problem addressed. Two individuals may be joint inventors even though they did not physically work on the invention together or at the same time, and even though each did not make the same type or amount of contribution. An individual need only contribute to the conception of a single claim in a patent to qualify as a joint inventor.

126.   Examiners have no way of independently investigating inventorship and must rely on patent applicants representations relating to inventorship. Thus, it would have been important to a reasonable examiner to be apprised of information that suggests that an individual not named as an inventor contributed to the conception of any one claim in an issued patent.

127.   The '171 patent includes various claims which expressly recite hydroxypropylmethylcellulose, USP (HPMC) as part of the extended release formulation. For example, claim 1 of the '171 patent defines an "extended release formulation...optionally from about .25% to about 1% by weight of hydroxypropyl-

44

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

1262088

methylcellulose, USP" and claim 12 of the '171 patent defines an "extended release

formulation according to claim 1 wherein the spheroids are composed of ...about .5%

of hydroxypropylmethylcellulose... ."  Also see, for example, claims 4, 6, 8-10 and 19.

Also, see '120 patent dependent claims 3, 4, 6 and 12.

128.    As indicated in the prosecution history section above, during the

prosecution of the '171 patent, in an April 16, 1999 Amendment, the applicants argued

that then pending claim 23 was patentable over the applied prior art by arguing, *inter

alia*, that:

> [c]anceled Claim 1 is replaced by Claim 23 which is directed to the
> gravamen of Applicants' invention, namely, the coated spheroids
> containing venlafaxine hydrochloride, microcrystalline cellulose and,
> optionally, hydroxypropylmethylcellulose for extended release....
>
> Rejection of Claim 1 (new Claim 23) for obviousness
>
> The rejection of Claim 1 under 35 USC 103 for obviousness over
> McAinsh et al. (US Patent 4,138,475) in view of Wong et al. (US
> 5,552,429) is respectfully traversed....
>
> Finally, none of the 8 exemplified formulations includes venlafaxine.
> The two formulations including microcrystalline cellulose, that is,
> Formulations 4 and 5, include substantial portions of at least one other
> pharmaceutical excipient-**but not hydroxypropylmethylcellulose**.
>
> For these reasons, the teaching of Wong et al. is deemed not
> particularly relevant to Applicants' invention of coated spheroids of
> venlafaxine hydrochloride for extended release.

April 16, 1999 Amendment at pages 6 and 7 (emphasis added).

129.    Accordingly, during the prosecution of the '171 patent, the applicants

based a patentability argument on the absence of the pharmaceutical excipient,

hydroxypropylmethylcellulose (HPMC), from prior art applied by the PTO.

45

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

130.   Additionally, the significance of utilizing HPMC 2208 was emphasized in the '171 patent specification which stated that the addition of HPMC 2208 to the mix made the production of spheroids practical:

> In the extrusion process, heat buildup occurred which dried out the extrudate so much that it was difficult to convert the extruded cylinders into spheroids. Addition of hydroxypropylmethylcellulose 2208 to the venlafaxine hydrochloride-microcrystalline cellulose mix made production of spheroids practical.

'171 Patent at column 5, lines 8-13.

131.   During the August 3, 2007 deposition of named co-inventor, Deborah Sherman, Ms. Sherman testified that

REDACTED

132.   Ms. Sherman testified that

REDACTED

133.   Ms. Sherman identified

REDACTED

46

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

1262088

REDACTED

134.   In my opinion, it would have been important to a reasonable examiner to have been informed that

REDACTED

135.   In my opinion, such information regarding

REDACTED                should have

been disclosed to the PTO during the pendency of the '171 and '120 patents so the examiner could have evaluated whether,                should have been named as a joint inventor.

REDACTED

## V.    OTHER TESTIMONY

136.   To the extent that discovery is not yet complete, it may become necessary to refine and supplement my opinions.  My opinions may also require supplementation in view of any other additional information that may come to light, such as during any future deposition of an Alza representative, or in view of any further expert reports from plaintiffs.  I may also testify about matters:  (1) raised on direct or cross-examination at trial; (2) necessary to rebut any other matters that the Court allows the plaintiffs to introduce or rely upon; or (3) otherwise raised at trial by counsel or the Court in relation to matters set forth herein.  In addition to the items identified

47

1262088

above, my testimony may also be based, in part, upon the trial testimony of fact
witnesses and other expert witnesses.

## VI.  DOCUMENTS AND INFORMATION CONSIDERED

137.  In formulating the opinions expressed above, I have received, reviewed
and/or relied upon the following documents:

Complaint, First Amended Answer & Counterclaims, Reply to Counterclaims

Binder of studies & articles discussed in the inequitable-conduct counterclaim in
Impax' Second Amended Answer (via DEP letter):

REDACTED

File histories for 6,403,120; 6,419,958; and 6,274,171

REDACTED

File histories for 6,274,171, Serial No. 60/014,006; Serial No. 08/821,137; and
6,419,948

8/3/07 Deborah Sherman deposition transcript

Alaburda deposition transcript.

October 11, 2007 Edgren deposition transcript

October 20, 2007 Kibbe Supplemental Report

48

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

## VII.   COMPENSATION

138.   I am being compensated at $580 per hour for my time spent on this case. My compensation is in no way based upon the outcome of this litigation.

## VIII.   LISTING OF OTHER CASES IN WHICH TESTIMONY HAS BEEN GIVEN  AS EXPERT

139.   The following is a listing of all presently known cases in which I have appeared as an expert, either at trial or by deposition during approximately the last four years:

1.   Powerquest v. Quarterdeck et al.  (D. Ct. Utah, Central Division) - April 2003

2.   Translogic v. Hitachi  (D. Ct. Oregon) - Oct. 2003

3.   V.P. Intellectual Prop. L.L.C. v. Nobel Biocare U.S.A. et al. (D. Ct. N.J.) - Sept. 2003

4.   Proctor & Gamble v. Coca Cola (D. Ct., Southern District, Ohio) - Dec. 2003

5.   Abbott Laboratories et al. v. Baxter  Pharmaceuticals Products, Inc. et al. (N.D. Ill. Eastern Div.) - Feb. 2004

6.   Pinpoint v. Amazon.com et al.  (N. D. Ill. Eastern Div.) - July 2004

7.   Virginia State Bar v. Lynt  (Clr. Ct. Alex.) – Sept. 2004

8.   Bosch v. TRW et al.  ( D. Ct. Ariz.) - Sept. 2004

9.   Metrologic Instruments, Inc. v. PSC.  ( D. Ct. N. J.) - Nov. 2004

10.   Software AG v. BEA Systems, Inc.  (D. Ct. Del.) – Dec. 2004

11.   Rosemarie Ryan-House et a. v. GlaxoSmithKline PLC, et al ( E.D. Va.), Dec. 2004

12.   Roche Diagnostics Corp. et al. v. Home Diagnostics et al. (S. D. Ind.    March 2005).

13.   Network Appliance, Inc. v. BlueArc Corporation (N.D. Cal.) - April 2005

49

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

1262088

14. In re Certain Digital Processors And Digital Processing Systems, Components Thereof And Products Containing Same (United States International Trade Commission) - Biax Corp., patentee, Texas Instruments, Inc. accused infringer – July 2005.

15. Takeda Chemical Industries et al v. Mylan Laboratories et al. (S.D. N. Y.), September 2005.

16. Nilssen et al. v. Osram et al. (N.D. Ill. E.D.), Nov. 2005, Feb. 2006.

17. One World Tech. et al. v. Rexon Industrial Corp. et al. (N.D. Ill. E.D.), Dec. 2005.

18. Hynix Semiconductor et al. v. Rambus (N.D. Cal.), Jan. 2006.

19. CollegeNet, Inc. v. XAP Corporation (D.Ct. Oregon), March 2006.

20. Vertique, Inc. v. Darby Automation (D.Ct. Fla., Orlando Div.), April 2006.

21. Caterpillar Inc. v. International Truck & Engine Corp. et al. (D. Ct. South Carolina), July 2006.

22. In re Certain Digital Processors And Digital Processing Systems, Components Thereof And Products Containing Same (United States International Trade Commission) - Biax Corp., patentee, Philips, Inc. accused infringer –August 2006.

23. Andrx Pharmaceuticals, LLC v. Glaxosmithkline, PLC et al. (D. Ct. N.D. Florida), December 2006.

24. In re Certain Mobile Telephone Handsets, Wireless Communication Devices and Components Thereof (United States International Trade Commission) - Investigation No. 337-TA- 578, Qualcomm Corp., patentee, Nokia accused infringer –deposition January 2007.

25. Asyst Technologies, Inc. v. Jenoptik et al, (D. Ct. N. D. Cal.), C98 2540 (JF), trial January 2007.

26. Biax v. Intel Corp. and Analog Devices, Inc. (E.D. Texas, Marshall Div.) Civil Action No. 02-05CV-184-TJW., May 2007.

27. Netflix, Inc. v. Blockbuster, Inc. (D. Ct. N. D. Cal.), Case No. C 06 2361, June 2007 deposition.

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER                I262088

28.   Trimble Navigation Ltd. v. RHS. et al. (D. Ct. N. D. Cal.), Case No. CV
      03-01604 PJH, June 2007 deposition.

29.   The Regents Of The University of California v. Micro-Therapeutics, Inc. et
      al. (D. Ct. N. D. Cal.), Case No. CV C 03 05669 JW (RS), July 2007
      deposition

30.   Connectics Corp. et al. v. Agis Industries et al.,  (U.S. D. Ct. N. J.), Case
      No. 05 Civ. 5038 (HAA), Aug. 2007 deposition.

                                             Respectfully submitted,

Date: _10/23/07_

                                             Mark E. Nusbaum
                                             Nixon & Vanderhye PC
                                             901 N. Glebe Road -- 11th Floor
                                             Arlington, Virginia  22203

51

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER                    1262088

## Curriculum Vitae of Mark E. Nusbaum

MARK E. NUSBAUM was born in Washington, D.C. on April 3, 1947 and was admitted to the Virginia bar in 1975. He has been a member of the law firm of Nixon and Vanderhye since July 10, 1986. He specializes in all phases of prosecution of patent applications before the U.S. Patent and Trademark Office in the electronic and computer related art areas. He has served as an expert witness on Patent and Trademark Office practice in many patent infringement litigations.

Mr. Nusbaum served as a member of the U.S. Patent and Trademark Office's Board of Patent Appeals and Interferences from July of 1983 through July 1986 acting in a judicial capacity reviewing adverse decisions of examiners in applications for patents. A decision of the Board constitutes a final agency action and is directly appealable to either the United States Court of Appeals for the Federal Circuit, or the United States District Court for the District of Columbia.

Between November 1980 and July 1983, Mr. Nusbaum served as head of patent examining Art Unit 236 that was responsible for the examination of patent applications in the highly complex data processing system art area. His examining art unit handled patent applications covering computer system architecture and a wide range of systems including a computer, e.g., control systems, communication systems, video game systems, navigation systems, etc.

From July 1969 to November 1980, Mr. Nusbaum served as a patent examiner in the highly complex general and special purpose digital data processing systems arts. He examined patent applications relating to a wide variety of general and special purpose computer systems. The invention claimed in these applications may have, for example, primarily involved a multiprocessor system or any one of the subsystems in a computer system such as the memory subsystem. He achieved a Master's Level rating in this art in 1974 which recognized that this technology for which he was responsible required at least a graduate level degree to understand and that Mr. Nusbaum has mastered this art. Mr. Nusbaum was awarded Full Signatory Authority in 1975 granting him permanent authority to independently finally reject applications or to allow applications to mature into patents. He achieved a Senior Examiner rating in this art in October 1977.

During this time period, Mr. Nusbaum actively participated in the development and clarification of the state of the law regarding the eligibility of computer programs for patent protection. He worked with the Patent and Trademark Office's Solicitor's Office and the U.S. Justice Department in preparing landmark computer program related cases for hearing before the U.S. Supreme Court. In this regard, he served as a technical advisor to the PTO's Solicitor's Office and the U.S. Justice Department in the landmark computer cases, Diamond v. Bradley, Diamond v. Diehr, and In re Chatfield. He participated in drafting the government briefs in Bradley and Diehr.

He served as Chairman of the Patent and Trademark Office's Computer Programming Guidelines Committee, established in 1981 to generate guidelines regarding the eligibility for patent protection of computer programming and mathematical algorithm related inventions. Mr. Nusbaum was the principal author of these guidelines which were incorporated into the Manual of Patent Examining Procedure.

During his career at the U.S. Patent and Trademark Office, Mr. Nusbaum served as a lecturer and instructor on a variety of patent law related topics. Mr. Nusbaum served as a featured speaker during numerous software protection symposiums and during other patent law related programs including those listed below.

1) October 15, 1981 - Computer Law Association, Examination of Computer Software Related Patent Applications

2) February 27, 28 1982 - Oregon and Washington State Patent Law Associations, 35 USC 101 and 35 USC 112, first paragraph issues in computer software related patent applications

3) March 8, 1982 - Commission on Software Use in the 80's, Patent law overview, patent protection for computer software related inventions

4) November 16, 1982 and Dec 3, 1982 - Legal Times' Washington, D. C. and San Francisco Symposiums on Software Protection

5) January 13, 1983 - Annandale High School Business Law class, U.S. Patent System

6) June 1983, Virginia Bar Patent, Trademark, & Copyright Section, Examination

of Computer Related Applications

    7) April 1985, Boston Patent Law Association, Computer Related Inventions

    Mr. Nusbaum has lectured in Tokyo, Japan on the eligibility of computer programs for the 100th Anniversary Symposium of the Japanese Patent system. Mr. Nusbaum has also served on numerous occasions as the instructor at the Patent Examiner Initial Training course and has served as a lecturer at the Patent Academy. Additionally, during 1981 and 1982, he served as an instructor at the PTO in-house training courses, "Introduction to Computers" and "Designing with Microprocessors".

    Mr. Nusbaum's publications include: "Comment, 35 USC 101 Claim Analysis -- The Point of Novelty Approach", 62 JPOS 521 (1980) - cited by Justice Stevens in his dissent in Diamond v. Diehr, 209 USPQ at 15, 19; "Comment, Synopsis of In re Bradley", 61 JPOS 745 (1979); Principal Author, "PTO Guidelines on Computer Inventions", PTCJ, October 1981.

    Mr. Nusbaum received numerous awards and citations throughout his career at the U.S. Patent and Trademark Office. He received five Special Achievement Awards for the six month periods ending October 2, 1971; March 31, 1973; June 30, 1974; March 27, 1976 and July 1, 1978. Mr. Nusbaum received an Outstanding Performance Rating for Calendar Year 1976 and fiscal years 1978, 1979, and 1980. Mr. Nusbaum received a quality step salary increase for fiscal year 1979. Additionally, Mr. Nusbaum received the United States Department of Commerce Silver Medal Award for his accomplishments as a Patent Examiner between July 1969 and April 1979. Additionally, he received merit pay cash awards in 1981 and 1982.

    Mr. Nusbaum received a Bachelor of Science Degree in Electrical Engineering with honors from the University of Maryland in 1969. He was admitted to Tau Beta Pi and Eta Kappa Nu, the National Engineering and Electrical Engineering Honor Societies. In 1974, he received a Juris Doctor Degree from American University's Washington College of Law.

# EXHIBIT 3



| CM**ECF** | Query • Reports • Utilities • Logout | |

CLOSED, PATENT, PaperDocuments

# U.S. District Court
## District of Delaware (Wilmington)
## CIVIL DOCKET FOR CASE #: 1:03-cv-00633-JJF

Corning Incorporated, et al v. SRU Biosystems LLC, et al
Assigned to: Honorable Joseph J. Farnan, Jr.
Demand: $0
Case in other court: Federal Circuit, 06-01609
Cause: 35:271 Patent Infringement

Date Filed: 07/10/2003
Date Terminated: 12/15/2006
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Corning Incorporated**                    represented by **David Ellis Moore**
Potter Anderson & Corroon, LLP
1313 N. Market St., Hercules Plaza, 6th Flr.
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
Email: dmoore@potteranderson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Artificial Sensing Instruments ASI AG**        represented by **David Ellis Moore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**SRU Biosystems LLC**                    represented by **John G. Day**
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
Email: jday@ashby-geddes.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven J. Balick**
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
Email: sbalick@ashby-geddes.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**SRU Biosystems Inc.**                          represented by **John G. Day**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Steven J. Balick**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**SRU Biosystems Holdings, LLC**                 represented by **John G. Day**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Steven J. Balick**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**SRU Biosystems LLC**                           represented by **Steven J. Balick**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**SRU Biosystems Inc.**                          represented by **Steven J. Balick**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**SRU Biosystems Holdings, LLC**                 represented by **Steven J. Balick**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Corning Incorporated**                         represented by **Steven J. Balick**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

**Counter Defendant**

**Artificial Sensing Instruments ASI AG**        represented by **Steven J. Balick**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/10/2003 | 1 | COMPLAINT filed. Magistrate Consent Notice to Pltf. FILING FEE $ 150.00 RECEIPT # 134479 (els) (Entered: 07/11/2003) |
| 07/10/2003 | | DEMAND for jury trial by Corning Incorporated, Artificial Sensing (els) (Entered: 07/11/2003) |
| 07/10/2003 | | SUMMONS(ES) issued for SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold (els) (Entered: 07/11/2003) |
| 07/10/2003 | 2 | Disclosure Statement pursuant to Rule 7.1 by Corning Incorporated (els) Modified on 07/11/2003 (Entered: 07/11/2003) |
| 07/10/2003 | 3 | Disclosure Statement pursuant to Rule 7.1 by Artificial Sensing (els) (Entered: 07/11/2003) |
| 07/10/2003 | 4 | Report to Commissioner of Patents and Trademarks. Exit original. RE: 4815843 (els) (Entered: 07/11/2003) |
| 07/10/2003 | 5 | RETURN OF SERVICE executed as to SRU Biosystems Inc. 7/10/03 Answer due on 7/30/03 for SRU Biosystems Inc. (bkb) (Entered: 07/11/2003) |
| 07/10/2003 | 6 | RETURN OF SERVICE executed as to SRU Biosystems LLC 7/10/03 Answer due on 7/30/03 for SRU Biosystems LLC (bkb) (Entered: 07/11/2003) |
| 07/10/2003 | 7 | RETURN OF SERVICE executed as to SRU Biosystems Hold 7/10/03 Answer due on 7/30/03 for SRU Biosystems Hold (bkb) (Entered: 07/11/2003) |
| 07/16/2003 | 8 | CASE assigned to Judge Joseph J. Farnan Jr. . Notice to all parties. (rjb) (Entered: 07/16/2003) |
| 07/25/2003 | 9 | STIPULATION with proposed order that the deadline by which defts. must respond to the complaint is ext. through 08/29/03. (afb) (Entered: 07/28/2003) |
| 07/29/2003 | 10 | LETTER to David Ellis Moore, Esq. from Court re: a telephonic Rule 16 Sched. Cnf. will be held on 08/13/03 at 2:45 p.m. (afb) (Entered: 07/31/2003) |
| 07/29/2003 | | Deadline updated; set Tele-Scheduling Rule 16 Conference for 2:45 p.m. on 8/13/03 per DI #10. (afb) (Entered: 07/31/2003) |
| 07/31/2003 | | So Ordered granting [9-1] stipulation ( signed by Judge Joseph J. Farnan Jr. ) Notice to all parties. (afb) (Entered: 08/01/2003) |
| 07/31/2003 | | Deadline updated; reset Answer deadline to 8/29/03 for SRU Biosystems Hold, for SRU Biosystems Inc., for SRU Biosystems LLC per DI #9. (afb) (Entered: 08/01/2003) |
| 08/08/2003 | 11 | LETTER to Court from Richard L. Horwitz re: attached pro. Sched. Order. (afb) (Entered: 08/11/2003) |
| 08/13/2003 | 12 | MOTION by Corning Incorporated, Artificial Sensing with Proposed Order for Kenneth E. Krosin, Andrew E. Rawlins and George C. Best to Appear Pro Hac Vice re: [12-1] motion (afb) (Entered: 08/14/2003) |
| 08/13/2003 | | Rule 16 Tele-conference held (Judge Farnan), B. Gaffigan ct. rptr. decision: Parties to submit order. (afb) (Entered: 08/14/2003) |
| 08/13/2003 | 13 | Steno Notes for Rule 16 Telecnf. on 08/13/03 (Judge Farnan), B. Gaffigan ct. rptr. (afb) (Entered: 08/15/2003) |
| 08/14/2003 | | Deadline updated; set Jury Trial (5 days) for 9:30 a.m. on 11/15/04 , set Pretrial Conference for 2:00 p. m. on 10/7/04 , set Markman Hearing for 1:00 p.m. on 7/8/04 per calendar ntc. (afb) (Entered: 08/15/2003) |

| 08/15/2003 | | So Ordered granting [12-1] motion for Kenneth E. Krosin, Andrew E. Rawlins and George C. Best to Appear Pro Hac Vice ( signed by Judge Joseph J. Farnan Jr. ) Notice to all parties. (afb) (Entered: 08/18/2003) |
|---|---|---|
| 08/15/2003 | 14 | Memorandum ORDER ( signed by Judge Joseph J. Farnan Jr. ) regarding Court's procedure for filing sum. jgm. motions. copies to: cnsl. (afb) (Entered: 08/18/2003) |
| 08/15/2003 | 15 | MOTION by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold with Proposed Order for John J. McDonnell, Daniel A. Boehnen, Richard A. Mackonkin, and Lisa M. Hillman to Appear Pro Hac Vice re: [15-1] motion. (afb) (Entered: 08/18/2003) |
| 08/15/2003 | 16 | LETTER to Court from David E. Moore re: encl. amended Sched. Order reflecting chgs. discussed during the 08/13/03 telecnf. (afb) (Entered: 08/18/2003) |
| 08/15/2003 | 17 | Proposed Rule 16 Sched. Order filed by parties that (1) Pre-Discovery Discl. ddl. 09/30/03; (2) Joinder of Parties ddl. 10/31/03; (3) Contention interrogs., identification of fact witnesses and doc. prod. shall be commenced by 01/16/04. Fact discovery ddl. 03/12/04; Rpts. from retained experts due from pltf. by 03/19/04; rebuttal expert rpts. due by 04/16/04; (4)Amendment of Pleadings ddl. 12/15/03; (5) Case Dispositive Motions w/ opening brf. ddl. 07/20/04; Markman hrg. ddl. 07/08/04 at 1:00 p.m., Parties on or before 05/17/04 shall meet and confer to prepare a Joint Claim Construction Chart to be submitted to Court w/ open brf. by 06/04/04. Responsive Markman brfs. ddl. 06/25/04, (6) Pretrial cnf. to be held on 10/07/04 at 2:00 p.m.; (7) Trial will be held on 11/15/04 at 9:30 a.m. (afb) Modified on 08/18/2003 (Entered: 08/18/2003) |
| 08/15/2003 | 18 | TRANSCRIPT filed for telephone conference for date of 08/13/03, (Judge Farnan), B. Gaffigan ct. rptr. (afb) (Entered: 08/18/2003) |
| 08/20/2003 | | So Ordered granting [15-1] motion for John J. McDonnell, Daniel A. Boehnen, Richard A. Mackonkin, and Lisa M. Hillman to Appear Pro Hac Vice ( signed by Judge Joseph J. Farnan Jr. ) Notice to all parties. (afb) (Entered: 08/21/2003) |
| 08/20/2003 | | So Ordered [17-1] Rule 16 Sched. Order ( signed by Judge Joseph J. Farnan Jr. ) Notice to all parties. (afb) (Entered: 08/21/2003) |
| 08/20/2003 | | Deadline updated; set Scheduling Order Deadlines: (1) joining of parties ddl. 10/31/03; (2) amended pleadings on 12/15/03; (3) Fact discovery ddl. 03/12/04; (4) Deadline for filing dispositive motions by 7/20/04 per DI #17. (afb) (Entered: 08/21/2003) |
| 08/29/2003 | 19 | ANSWER to complaint, and COUNTERCLAIM by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold (Attorney Steven J. Balick); jury demand against Corning Incorporated, Artificial Sensing (afb) (Entered: 09/02/2003) |
| 09/22/2003 | 20 | MOTION by Corning Incorporated with Proposed Order to Dismiss Count VI of Defts.' Answer and Counterclaims Answer Brief due 10/6/03 re: [20-1] motion (afb) (Entered: 09/23/2003) |
| 09/22/2003 | 21 | Memorandum of Points and Authorities Filed by Corning Incorporated in supp. of [20-1] motion to Dismiss Count VI of Defts.' Answer and Counterclaims - Answer Brief due 10/6/03. (afb) Modified on 09/23/2003 (Entered: 09/23/2003) |
| 09/22/2003 | 22 | Reply by Corning Incorporated, Artificial Sensing to Defts.' [19-2] counter claims. (afb) (Entered: 09/23/2003) |
| 09/30/2003 | 23 | CERTIFICATE OF SERVICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold re: Initial Discl. (afb) (Entered: 10/01/2003) |
| 09/30/2003 | 24 | CERTIFICATE OF SERVICE by Corning Incorporated, Artificial Sensing re: Pltfs.' First Set of Requests to Defts. SRU Biosystems, LLC, SRU Biosystems, Inc. and SRU Holdings, LLC for Prod. of Docs. and Things. (afb) (Entered: 10/01/2003) |
| 09/30/2003 | 25 | CERTIFICATE OF SERVICE by Corning Incorporated, Artificial Sensing re: Pltfs.' Initial Discl. (afb) (Entered: 10/01/2003) |

| 10/02/2003 | 26 | CERTIFICATE OF SERVICE by Corning Incorporated, Artificial Sensing re: (1) First Set of Interrogs. to Defts.; (2) Second Set of Requests to Defts. for Prod. of Docs. and Things. (afb) (Entered: 10/03/2003) |
| 10/02/2003 | 27 | CERTIFICATE OF SERVICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold re: (1) First Set of Requests (Nos. 1-60) for Prod. of Docs. and Things to Pltfs. (afb) (Entered: 10/03/2003) |
| 10/02/2003 | 28 | CERTIFICATE OF SERVICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold re: First Set of Interrogs. (Nos. 1-16) to Pltfs. (afb) (Entered: 10/03/2003) |
| 10/06/2003 | 29 | FIRST AMENDED ANSWER, COUNTERCLAIM and DEMAND for JURY TRIAL by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold : amends [19-1] answer; (afb) (Entered: 10/07/2003) |
| 10/06/2003 | 30 | Answer Brief Filed by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold in opp. to Corning's [20-1] motion to Dismiss Count VI of Defts.' Answer and Counterclaims - Reply Brief due 10/14/03 (afb) (Entered: 10/07/2003) |
| 10/14/2003 | 31 | Reply Brief Filed by Corning Incorporated in supp. of its [20-1] motion to Dismiss Count VI of Defts.' Answer and Counterclaims (afb) (Entered: 10/15/2003) |
| 10/21/2003 | 32 | Reply by Corning Incorporated, Artificial Sensing to Defts.' First Amended Answer, Counterclaims and Demand for Jury Trial (DI #29). (afb) (Entered: 10/22/2003) |
| 10/31/2003 | 33 | CERTIFICATE OF SERVICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold re: First Set of Requests for Prod. of Docs. and Things. (afb) (Entered: 11/03/2003) |
| 11/03/2003 | 34 | CERTIFICATE OF SERVICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold re: Responses to Pltf.'s First Set of Interrogs. (afb) (Entered: 11/04/2003) |
| 11/03/2003 | 35 | CERTIFICATE OF SERVICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold re: Responses to Pltf.'s Second Set of Requests for Production of Docs. and Things. (afb) (Entered: 11/04/2003) |
| 11/04/2003 | 36 | CERTIFICATE OF SERVICE by Corning Incorporated, Artificial Sensing re: (1) Pltf's Responses to Deft. SRU's First Set of Interrogs. (Nos. 1-16); (2) Pltf.'s Responses to Deft. SRU's First Set of Requests (Nos. 1-60) for Prod.of Docs. and Things. (afb) (Entered: 11/05/2003) |
| 11/20/2003 | 37 | MEMORANUDM OPINION ( signed by Judge Joseph J. Farnan Jr. ) re: DI #38 copies to: cnsl. (afb) (Entered: 11/23/2003) |
| 11/20/2003 | 38 | ORDER (1) Delaware Law governs Count VI, tortious interference with advantageous relationships, asserted by SRU Biosystems, LLC's SRU Biosystems, Inc.'s and SRU Holdings, LLC; (2) denying Pltf. Corning Incorp.'s [20-1] motion to Dismiss Count VI of Defts.' Answer and Counterclaims ( signed by Judge Joseph J. Farnan Jr. ) copies to: cnsl. (afb) (Entered: 11/23/2003) |
| 12/05/2003 | 39 | Supplemental Reply by Corning Incorporated, Artificial Sensing to Defts.' [19-2] counter claim (afb) (Entered: 12/08/2003) |
| 12/15/2003 | 40 | STIPULATION with proposed Protective order (afb) (Entered: 12/16/2003) |
| 12/17/2003 | | So Ordered granting [40-1] stipulation ( signed by Judge Joseph J. Farnan Jr. ) Notice to all parties. (afb) (Entered: 12/19/2003) |
| 12/17/2003 | 41 | CERTIFICATE OF SERVICE by Corning Incorporated, Artificial Sensing re: (1) Pltf.'s Second Set of Interrogs. to Defts.; and (2) Pltf.'s Third Set of Requests to Defts. for Prod. of Docs. and Things. (afb) (Entered: 12/19/2003) |
| 12/23/2003 | 42 | CERTIFICATE OF SERVICE by Corning Incorporated, Artificial Sensing re: Pltfs.' First Supplemental Responses to Deft. SRU's Interrog. Nos. 6, 7, 10, and 11. (afb) (Entered: 01/05/2004) |

| 01/15/2004 | 43 | CERTIFICATE OF SERVICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold re: Responses to Pltf.'s Third Set of Requests for Production of Docs. and Things. (afb) (Entered: 01/16/2004) |
| 01/15/2004 | 44 | CERTIFICATE OF SERVICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold re: Responses to Pltf.'s Second Set of Interrogs. (afb) (Entered: 01/16/2004) |
| 01/27/2004 | 45 | NOTICE by Corning Incorporated, Artificial Sensing to take deposition of SRU Biosystems, LLC, SRU Biosystems and SRU Biosystems Holdings LLC on 02/16/04 (afb) (Entered: 01/28/2004) |
| 01/27/2004 | 46 | NOTICE of Subpoena Duces Tecum on Echelon Ventures Mgmt., Inc. by Corning Incorporated, Artificial Sensing (afb) (Entered: 01/28/2004) |
| 01/27/2004 | 47 | NOTICE of Subpoena Duces Tecum on Discovery Labware, Inc. on 01/27/04 by Corning Incorporated, Artificial Sensing (afb) (Entered: 01/28/2004) |
| 01/27/2004 | 48 | NOTICE of Subpoena Duces Tecum on PerkinElmer Life Sciences Inc. on 01/27/04 by Corning Incorporated, Artificial Sensing (afb) (Entered: 01/28/2004) |
| 01/27/2004 | 49 | NOTICE of Subpoena Duces Tecum on Techno Venture Mgmt. on 01/27/04 by Corning Incorporated, Artificial Sensing (afb) (Entered: 01/28/2004) |
| 01/27/2004 | 50 | NOTICE of Subpoena Duces Tecum on Schroeder Ventures Life Sciences on 01/27/04 by Corning Incorporated, Artificial Sensing (afb) (Entered: 01/28/2004) |
| 01/29/2004 | 52 | NOTICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold to take deposition of Mark Beck on 02/27/04 (afb) (Entered: 02/02/2004) |
| 01/29/2004 | 53 | NOTICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold to take deposition of Thomas Beall on 02/26/04 (afb) (Entered: 02/02/2004) |
| 01/29/2004 | 54 | NOTICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold to take deposition of Jeffrey Mooney on 02/25/04 (afb) (Entered: 02/02/2004) |
| 01/29/2004 | 56 | NOTICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold to take deposition of Corning Inc. and Artificial Sensing Instr. on 02/11/04 (afb) (Entered: 02/02/2004) |
| 01/30/2004 | 51 | MOTION by Corning Incorporated, Artificial Sensing with Proposed Order for Larry L. Shatzer to Appear Pro Hac Vice Answer Brief due 2/13/04 re: [51-1] motion (afb) (Entered: 02/02/2004) |
| 01/30/2004 | 55 | NOTICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold to take deposition of Joydeep Lahiri on 02/24/04 (afb) (Entered: 02/02/2004) |
| 02/02/2004 | 57 | NOTICE by Corning Incorporated, Artificial Sensing to take deposition of Peter Li on 02/26/04 (afb) (Entered: 02/03/2004) |
| 02/02/2004 | 58 | NOTICE by Corning Incorporated, Artificial Sensing to take deposition of Owen Dempsey on 02/19/04 (afb) (Entered: 02/03/2004) |
| 02/02/2004 | 59 | NOTICE by Corning Incorporated, Artificial Sensing to take deposition of Brant Binder on 02/18/04 (afb) (Entered: 02/03/2004) |
| 02/02/2004 | 60 | NOTICE by Corning Incorporated, Artificial Sensing to take deposition of Bo Lin on 02/25/04 (afb) (Entered: 02/03/2004) |
| 02/02/2004 | 61 | NOTICE by Corning Incorporated, Artificial Sensing to take deposition of Homer Pien on 02/20/04 (afb) (Entered: 02/03/2004) |
| 02/02/2004 | 62 | NOTICE by Corning Incorporated, Artificial Sensing to take deposition of Brian Cunningham on 02/24/04 (afb) (Entered: 02/03/2004) |

| 02/04/2004 | | So Ordered granting [51-1] motion for Larry L. Shatzer to Appear Pro Hac Vice ( signed by Judge Joseph J. Farnan Jr. ) Notice to all parties. (afb) (Entered: 02/06/2004) |
|---|---|---|
| 02/06/2004 | 63 | NOTICE (filed on 01/27/04) by Corning Incorporated, Artificial Sensing to take deposition of SRU Biosystems, LLC, SRU Biosystems, Inc. and SRU Biosystems Holdings LLC on 02/16/04. (afb) (Entered: 02/09/2004) |
| 02/11/2004 | 64 | CERTIFICATE OF SERVICE by Corning Incorporated, Artificial Sensing re: First Set of Requests for Admission. (afb) (Entered: 02/12/2004) |
| 02/11/2004 | 65 | CERTIFICATE OF SERVICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold re: Ntc. of Subpoena directed to Joseph Fredette. (afb) (Entered: 02/12/2004) |
| 02/11/2004 | 66 | CERTIFICATE OF SERVICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold re: Ntc. of Subpoena directed to Bhu Dav Bhardwaj. (afb) (Entered: 02/12/2004) |
| 02/11/2004 | 67 | NOTICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold to take deposition of Joseph Fredette on 03/03/04 (afb) (Entered: 02/12/2004) |
| 02/11/2004 | 68 | NOTICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold to take deposition of Bhu Dav Bhardwaj on 03/02/04 (afb) (Entered: 02/12/2004) |
| 02/17/2004 | 69 | CERTIFICATE OF SERVICE by Corning Incorporated, Artificial Sensing re: Second Supplemental Responses to Deft. SRU's Interrog. Nos. 2 and 3. (afb) (Entered: 02/18/2004) |
| 02/20/2004 | 70 | CERTIFICATE OF SERVICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold re: Supplemental Responses to Pltfs.' Interrog. Nos. 5 and 11. (afb) (Entered: 02/23/2004) |
| 02/24/2004 | 71 | CERTIFICATE OF SERVICE by Corning Incorporated, Artificial Sensing re: Third Set of Supplemental Reso. to Deft. SRU's Interrogs. (afb) (Entered: 02/25/2004) |
| 02/24/2004 | 74 | NOTICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold to take deposition of Douglas S. Hobbs on 03/12/04 (afb) (Entered: 02/27/2004) |
| 02/26/2004 | 72 | CERTIFICATE OF SERVICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold re: Ntc. of Subpoena Directed to Cybio, U.S. Inc. (afb) (Entered: 02/27/2004) |
| 02/26/2004 | 73 | CERTIFICATE OF SERVICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold re: Ntc. of Subpoena Directed to Douglas S. Hobbs. (afb) (Entered: 02/27/2004) |
| 02/27/2004 | 75 | NOTICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold to take deposition of Mark Quesada on 03/12/04. (afb) (Entered: 03/01/2004) |
| 03/02/2004 | 76 | STIPULATED Order Amending the Rule 16 Sched. Order (DI #17) as: Discovery (a) All fact discovery completed by 03/29/04; (e) Rpts. from retained experts from pty. bearing burden of proof by 04/02/04; rebuttal rpts. by 04/30/04. (afb) (Entered: 03/03/2004) |
| 03/02/2004 | 77 | Ntc. of Subpoena Ad Testicandum and Duces Tecum for Millennium Pharm. on 03/02/04. (afb) (Entered: 03/03/2004) |
| 03/04/2004 | | So Ordered granting [76-1] stipulation amending Courts's Rule 16 Sched Order (D.I. 17) as follows: reset fact Discovery deadline to 3/29/04 ; Expert reports due from pty with burden of proof by 4/2/04; rebuttal reports due 4/30/04 ( signed by Judge Joseph J. Farnan Jr. ) Notice to all parties. (dlk) (Entered: 03/05/2004) |
| 03/05/2004 | 78 | NOTICE of Subpoena Ad Testificandum by Corning Incorporated, Artificial Sensing on Discovery Labware, Inc. (dlk) (Entered: 03/08/2004) |
| 03/08/2004 | 79 | NOTICE of Continuation by Corning Incorporated, Artificial Sensing to take deposition of Brant Binder and defts. on 03/19/04 at 9:00 a.m. (afb) Modified on 03/09/2004 (Entered: 03/09/2004) |

| 03/08/2004 | 80 | Revised NOTICE of Deposition by Corning Incorporated, Artificial Sensing to take deposition of Owen Dempsey on 03/18/04 (afb) (Entered: 03/09/2004) |
| 03/08/2004 | 81 | Revised NOTICE by Corning Incorporated, Artificial Sensing to take deposition of Homer Pien on 03/26/04 (afb) (Entered: 03/09/2004) |
| 03/08/2004 | 82 | NOTICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold to take deposition of Laurent Pickard on 03/24/04 (afb) (Entered: 03/09/2004) |
| 03/08/2004 | 83 | NOTICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold to take deposition of Mark Knoll on 03/22/04 (afb) (Entered: 03/09/2004) |
| 03/08/2004 | 84 | NOTICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold to take deposition of Pascal Marque on 03/17/04 (afb) (Entered: 03/09/2004) |
| 03/09/2004 | 85 | MOTION by Corning Incorporated, Artificial Sensing with Proposed Order to Compel Production of Docs. and Unredacted Copies of Docs. Answer Brief due 3/23/04 re: [85-1] motion. (SEALED) (afb) (Entered: 03/10/2004) |
| 03/09/2004 | 86 | NOTICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold to take deposition of James J. Cowan on 03/29/04 (afb) (Entered: 03/10/2004) |
| 03/09/2004 | 87 | CERTIFICATE OF SERVICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold re: Ntc. of Subpoena directed to James J. Cowan. (afb) (Entered: 03/10/2004) |
| 03/09/2004 | 88 | AMENDED NOTICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold to take deposition of Douglas Hobbs on 03/22/04 (afb) Modified on 03/10/2004 (Entered: 03/10/2004) |
| 03/09/2004 | 89 | CERTIFICATE OF SERVICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold re: Ntc. of Subpoena directed to Douglas Hobbs. (afb) (Entered: 03/10/2004) |
| 03/09/2004 | 90 | Ntc. of Subpoena Ad Testicandum for Echelon Ventures Mgmt. to appear for videotaped depos. (afb) (Entered: 03/10/2004) |
| 03/09/2004 | 91 | Ntc. of Subpoena for PerkinElmer Life and Analytical Sciences, Inc. to appear for videotaped depos. (afb) (Entered: 03/10/2004) |
| 03/09/2004 | 92 | Ntc. of Subpoena Ad Testicandum for Schroeder Life Sciences to appear for videptaped depos. (afb) (Entered: 03/10/2004) |
| 03/10/2004 | | Deadline updated; set (Discovery Dispute) Telephone Conference for 11:00 a.m. on 3/12/04 per calendar ntc. (afb) (Entered: 03/11/2004) |
| 03/10/2004 | | Deadline updated; reset (Discovery Dispute) Telephone Conference for 11:00 a.m. on 3/11/04 from 03/12/04 per calendar ntc. (afb) (Entered: 03/11/2004) |
| 03/10/2004 | 93 | LETTER to Clerk from David E. Moore dtd. 03/09/04 re: first page of the Subpoena to Echelon Ventures Mgmt. (DI #90) included a post-it note. Please insert att. replacement first page of the Subpoena. (afb) (Entered: 03/11/2004) |
| 03/11/2004 | 94 | Steno Notes for telephone cnf. on 03/11/04, (Judge Farnan), B. Gaffigan ct. rptr. (afb) (Entered: 03/12/2004) |
| 03/11/2004 | | Deadline updated; reset Telephone Conference for 2:00 p.m. on 3/11/04 per calendar ntc. (afb) (Entered: 03/12/2004) |
| 03/11/2004 | 95 | LETTER to Court from Richard Horwitz re: telecnf. on 03/11/04 at 11:00 a.m. Encl. copy of DI #56 which will be discussed during the telecnf. (afb) (Entered: 03/12/2004) |

| 03/11/2004 | | Tele-conference on Discovery Dispute held (Judge Farnan), B. Gaffigan ct. rptr. decision: the Court overruled Pltf.'s obj. to Defts. questioning of one of Pltfs.' witnesses during a Rule 30(b)(6) depos. The Court granted Defts. one hour add. time to complete the Rule 30 (b)(6) depos. of Pltfs.' witness. Folowing the expiration of the one hr. ext. for depos., the Rule 30(b)(6) depos. that is the subject of the instant dispute will be closed. (afb) (Entered: 03/12/2004) |
|---|---|---|
| 03/12/2004 | 96 | CERTIFICATE OF SERVICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold re: Resp. to Pltfs.' First Set of Requests for Admission. (afb) (Entered: 03/15/2004) |
| 03/15/2004 | 97 | TRANSCRIPT filed for telephone conference for date of 03/11/04, (Judge Farnan), B. Gaffigan ct. rptr. (afb) (Entered: 03/16/2004) |
| 03/15/2004 | 98 | NOTICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold to take deposition of Uwe Muller on 03/23/04 (afb) (Entered: 03/16/2004) |
| 03/16/2004 | 99 | MOTION by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold with Proposed Order for Patrick G. Gattari and Matthew J. Sampson to Appear Pro Hac Vice re: [99-1] motion (afb) (Entered: 03/17/2004) |
| 03/16/2004 | 100 | NOTICE of Subpoena Ad Testificandum by Corning Incorporated, Artificial Sensing on Techno Venture Mgmt. to appear for videotaped depos. (afb) (Entered: 03/17/2004) |
| 03/16/2004 | 101 | Answer Brief Filed by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold in opp. to Pltfs.' [85-1] motion to Compel Production of Docs. and Unredacted Copies of Docs. - Reply Brief due 3/23/04. (SEALED) (afb) (Entered: 03/17/2004) |
| 03/18/2004 | 102 | NOTICE by Corning Incorporated, Artificial Sensing to take deposition of Gordon Binder on 03/29/04 (afb) (Entered: 03/19/2004) |
| 03/18/2004 | | So Ordered granting [99-1] motion for Patrick G. Gattari and Matthew J. Sampson to Appear Pro Hac Vice ( signed by Judge Joseph J. Farnan Jr. ) Notice to all parties. (afb) (Entered: 03/19/2004) |
| 03/22/2004 | 103 | LETTER to Judge Farnan from defts. (SEALED) (afb) (Entered: 03/23/2004) |
| 03/31/2004 | 104 | MOTION by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold with Proposed Order to Strike pltfs.' 03/22/04 correspondence to this Ct. regarding pltfs.' Motion to Compel filed 03/09/04 [103-1] or in the alt. allow SRU to file a sur-reply brief Answer Brief due 4/14/04 re: [104-1] motion (afb) Modified on 04/01/2004 (Entered: 04/01/2004) |
| 03/31/2004 | 105 | MOTION by Corning Incorporated, Artificial Sensing with Proposed Order to Compel Prod. of Docs. Answer Brief due 4/14/04 (SEALED) [105-1] motion (afb) (Entered: 04/01/2004) |
| 04/01/2004 | 106 | NOTICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Holdings to take deposition of Kurt Tiefenthaler on 04/06/04 (afb) (Entered: 04/02/2004) |
| 04/01/2004 | 107 | STIPULATION with proposed order that the Rule 16 Sched. Order (DI #17), as amended (DI #76) is further amended as follows: (1) Fact discovery ddl. 04/02/04; (2) Retained Technical Expert Rpts. from pltf. due by 04/12/04; rebuttal rpts. due by 05/05/04; Rpts. from retained damage experts from pltf. ddl. 04/21/04; rebuttal rpts. due by 05/19/04; (3) Technical expert discovery ddl. 05/14/04; All damage expert discovery ddl. 05/28/04. (afb) (Entered: 04/02/2004) |
| 04/02/2004 | | So Ordered granting [107-1] stipulation ( signed by Judge Joseph J. Farnan Jr. ) Notice to all parties. (afb) (Entered: 04/05/2004) |
| 04/02/2004 | | Deadline updated; set Fact Discovery deadline to 4/2/04 per DI #107. (afb) (Entered: 04/05/2004) |
| 04/06/2004 | 108 | CERTIFICATE OF SERVICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold re: Supplmental Resp. to Pltfs.' Interrog. Nos. 2,3, and 6. (afb) (Entered: 04/07/2004) |
| 04/07/2004 | 109 | RE-NOTICE by Corning Incorporated, Artificial Sensing to take deposition of Millennium Pharm. on 04/13/04 (afb) (Entered: 04/08/2004) |

| 04/07/2004 | 110 | Answer Brief Filed by Corning Incorporated, Artificial Sensing in opp. to Defts.' [104-1] motion to Strike pltfs.' 03/22/04 correspondence to this Ct. regarding pltfs.' Motion to Compel filed 03/09/04 [103-1] or in the alt. allow SRU to file a sur-reply brief - Reply Brief due 4/14/04 (afb) (Entered: 04/08/2004) |
| --- | --- | --- |
| 04/07/2004 | 111 | Combined Answer Brief Filed by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold Pltf.'s Second [105-1] motion to Compel Prod. of Docs. - Reply Brief due 4/14/04. (SEALED) (afb) Modified on 04/15/2004 (Entered: 04/08/2004) |
| 04/07/2004 | 111 | MOTION by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold with Proposed Order for Protective Order Answer Brief due 4/21/04 re: [111-1] motion (SEALED) (afb) (Entered: 04/15/2004) |
| 04/12/2004 | 112 | CERTIFICATE OF SERVICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold re: First Expert Report of A. Bruce Buckman. (afb) (Entered: 04/13/2004) |
| 04/14/2004 | 113 | Answer Brief Filed by Corning Incorporated in opp. to [111-1] motion for Protective Order - Reply Brief due 4/21/04 (SEALED) (afb) Modified on 04/15/2004 (Entered: 04/15/2004) |
| 04/16/2004 | 114 | MOTION by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold with Proposed Order to Compel Answer Brief due 4/30/04 re: [114-1] motion. (SEALED) (afb) Modified on 04/19/2004 (Entered: 04/19/2004) |
| 04/21/2004 | 115 | Reply Brief Filed by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold in supp. of its [111-1] motion for Protective Order. (SEALED) (afb) Modified on 04/22/2004 (Entered: 04/22/2004) |
| 04/21/2004 | 116 | CERTIFICATE OF SERVICE by Corning Incorporated, Artificial Sensing re: Fourth Supplemental Resp. to Deft. SRU's Interrogs. (Nos. 2,3 and 10). (afb) (Entered: 04/22/2004) |
| 04/23/2004 | 117 | Answer Brief Filed by Corning Incorporated in opp. to Defts.' [114-1] motion to Compel - Reply Brief due 4/30/04 (SEALED) (afb) (Entered: 05/06/2004) |
| 04/23/2004 | 117 | (Motion)REQUEST by Corning Incorporated with Proposed Order for Fees and Costs Answer Brief due 5/7/04 re: [117-1] motion (SEALED) (afb) (Entered: 05/06/2004) |
| 04/27/2004 | 118 | CERTIFICATE OF SERVICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold re: First Expert Rpt. of Gregory K. Bell, Ph.D. Submitted on behalf of Defts. (afb) Modified on 04/28/2004 (Entered: 04/28/2004) |
| 05/04/2004 | 119 | LETTER to Clerk from John G. Day re: encl. SRU's Corrected Reply in Supp. of Motion for Prot. Order. SRU's orig. reply (DI #115) was filed on 04/21/04. The fourteenth line on pg 2 of the text where the phrase "torious interference" has been replaced by the word "damages." (afb) (Entered: 05/05/2004) |
| 05/04/2004 | 120 | Corrected Reply Brief (DI #115) Filed by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold in supp. of [111-1] motion for Protective Order. (SEALED) (afb) Modified on 05/05/2004 (Entered: 05/05/2004) |
| 05/05/2004 | 121 | Answer Brief Filed by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold in opp. to [117-1] motion for Fees and Costs - Reply Brief due 5/12/04 (SEALED) (afb) (Entered: 05/06/2004) |
| 05/06/2004 | 122 | CERTIFICATE OF SERVICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold re: Second Expert Rpt. of A. Bruce Buckman. (afb) (Entered: 05/07/2004) |
| 05/07/2004 | 123 | NOTICE by Corning Incorporated, Artificial Sensing to take deposition of A. Bruce Buckman on 05/10/04 (afb) (Entered: 05/10/2004) |
| 05/10/2004 | 124 | NOTICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold to take deposition of Milan Mrksich on 05/14/04 (afb) (Entered: 05/11/2004) |
| 05/10/2004 | 125 | NOTICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold to take deposition of Clifford R. Pollack on 05/13/04 (afb) (Entered: 05/11/2004) |

| 05/10/2004 | 126 | NOTICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold to take deposition of Gerald J. Mossinghoff on 05/11/04 (afb) (Entered: 05/11/2004) |
|---|---|---|
| 05/11/2004 | 127 | CERTIFICATE OF SERVICE by Corning Incorporated, Artificial Sensing re: (1) Rebuttal Expert Rpt. and Declar. of Dr. Milan Mrksich on Validity; (2) Supplemental Expert Rpt. and Declar. of Dr. MIlan Mrksich on Infringement; (3) Rebuttal Expert Report of Dr. Clifford R. Pollock with Exhibits on Validity; (4) Expert Report of Gerald Mossinghoff with Exhibits. (afb) (Entered: 05/12/2004) |
| 05/11/2004 | 128 | CERTIFICATE OF SERVICE by Corning Incorporated, Artificial Sensing re: 04/12/04 (1) Expert Report and Declar. of Dr. Milan Mrksich on Infringement; and (2) Expert Report of Dr. Clifford R. Pollock on Infringement. 04/19/04 (1) First Supplemental Expert Rpt. of Dr. Clifford R. Pollock on infringement. (afb) (Entered: 05/12/2004) |
| 05/24/2004 | 129 | MOTION by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold with Proposed Order to Exclude the Expert Rpt. and Testimony of Corning and ASI's Patent Law Expert, Gerald J. Mossinghoff Answer Brief due 6/7/04 re: [129-1] motion (SEALED) (afb) Modified on 05/26/2004 (Entered: 05/26/2004) |
| 05/28/2004 | 130 | NOTICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold to take deposition of Allyn Strickland on 06/04/04 (afb) (Entered: 06/01/2004) |
| 06/04/2004 | 131 | Opening Claim Construction Brief Filed by Corning Incorporated, Artificial Sensing (afb) (Entered: 06/07/2004) |
| 06/04/2004 | 132 | Joint Claim Construction Chart Filed by Corning Incorporated, Artificial Sensing Appending [131-1] Claim Construction Brief. (afb) (Entered: 06/07/2004) |
| 06/04/2004 | 133 | Opening Claim Construction Brief Filed by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold. (SEALED) (afb) (Entered: 06/07/2004) |
| 06/07/2004 | 134 | LETTER to Court from David E. Moore re: encl. corrected versions of DI #131 and #132. Versions of docs. filed on 06/04/04 contain formatting errors. (afb) (Entered: 06/08/2004) |
| 06/07/2004 | 135 | (Corrected Version of DI #131) Opening Claim Construction Brief Filed by Corning Incorporated, Artificial Sensing (afb) (Entered: 06/08/2004) |
| 06/07/2004 | 136 | (Corrected Version of DI #132) Joint Claim Construction Chart Filed by Corning Incorporated, Artificial Sensing Appending [135-1] opening brief (afb) (Entered: 06/08/2004) |
| 06/07/2004 | 137 | Answer Brief Filed by Corning Incorporated, Artificial Sensing in opp. to Defts.' [129-1] motion to Exclude the Expert Rpt. and Testimony of Corning and ASI's Patent Law Expert, Gerald J. Mossinghoff - Reply Brief due 6/14/04 (SEALED) (afb) (Entered: 06/08/2004) |
| 06/10/2004 | 138 | LETTER to Clerk from David E. Moore regarding Pltf.'s Opening Claim Construction Brief, which was filed on Fri. 06/04/04 and was the subject of the 06/07/04 ltr. The corrected version of Pltfs.' Open. Claim Construction Brf. filed on 06/07 contains a few substantive differences. (afb) (Entered: 06/14/2004) |
| 06/14/2004 | 139 | MOTION by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold for Leave to Amend their Answer, Counterclaim, and Request for Jury Trial Answer Brief due 6/28/04 re: [139-1] motion (afb) (Entered: 06/15/2004) |
| 06/14/2004 | 140 | Mem. Filed by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold in supp. of Defts.' [139-1] motion for Leave to Amend their Answer, Counterclaim, and Request for Jury Trial - Answer Brief due 6/28/04 (afb) (Entered: 06/15/2004) |
| 06/17/2004 | 141 | Reply Brief Filed by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold in supp. of its [129-1] motion to Exclude the Expert Rpt. and Testimony of Corning and ASI's Patent Law Expert, Gerald J. Mossinghoff. (SEALED) (afb) (Entered: 06/21/2004) |

| 06/25/2004 | 142 | Responsive Claim Construction Brief Filed by Corning Incorporated, Artificial Sensing. (SEALED) (afb) (Entered: 06/28/2004) |
| 06/25/2004 | 143 | Responsive Claim Construction Brief Filed by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold (afb) (Entered: 06/28/2004) |
| 06/28/2004 | 144 | Answer Brief Filed by Corning Incorporated, Artificial Sensing in opp. to Defts.' [139-1] motion for Leave to Amend their Answer, Counterclaim, and Request for Jury Trial - Reply Brief due 7/6/04 (afb) (Entered: 06/29/2004) |
| 07/01/2004 | 145 | Second MOTION by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold with Proposed Order to Compel Answer Brief due 7/15/04 re: [145-1] motion. (SEALED) (afb) (Entered: 07/06/2004) |
| 07/02/2004 | 146 | STIPULATION with proposed order that (i) the ddl. for the Deft.'s Reply in Supp. of Defts.' Motion for Leave to Amend their Ans., Cntclm. and Request for Jury Trial shall be ext. from 07/06/04 to 07/08/04 and (ii) the ddl. for Pltf.'s Response to SRU's Second Motion to Compel shall be ext. from 07/09/04 to 07/15/04. (afb) (Entered: 07/06/2004) |
| 07/06/2004 | 147 | LETTER w/ attached exhibits to the Court from David E. Moore, Esq. on behalf of pltfs. re: a newly issued decision of the U.S.C.A. for the Fed. Circuit. This decision is relevant in at least two ways to the claim construction issues presently before the court ans was issed after the Pltfs. filed their claim construction briefs. (afb) (Entered: 07/08/2004) |
| 07/06/2004 | 148 | MOTION by Corning Incorporated, Artificial Sensing with Proposed Order for Leave to Supplement the Record and Supplementation Providing Pre-Issuance Editions of Definitions Cited in Pltfs.' Claim Construction Brief. Answer Brief due 7/20/04 re: [148-1] motion (afb) (Entered: 07/08/2004) |
| 07/07/2004 | | So Ordered granting [146-1] stipulation ( signed by Judge Joseph J. Farnan Jr. ) Notice to all parties. (afb) (Entered: 07/08/2004) |
| 07/07/2004 | | Deadline updated; reset Deft.'s Reply Brief Deadline to 7/8/04 from 07/06/04 re: [139-1] motion for Leave to Amend their Answer, Counterclaim, and Request for Jury Trial , reset Pltf.'s Answer Brief Deadline to 7/15/04 re: [145-1] motion to Compel (afb) (Entered: 07/08/2004) |
| 07/07/2004 | 149 | MEMORANDUM OPINION ( signed by Judge Joseph J. Farnan Jr. ) DI #150 copies to: cnsl. (afb) (Entered: 07/08/2004) |
| 07/07/2004 | 150 | ORDER denying Cornins and Artificial Sensing Instruments ASI AG's [85-1] motion to Compel Production of Docs. and Unredacted Copies of Docs. ( signed by Judge Joseph J. Farnan Jr. ) copies to: cnsl. (afb) (Entered: 07/08/2004) |
| 07/07/2004 | 151 | MEMORANDUM OPINION ( signed by Judge Joseph J. Farnan Jr. ) re: DI #152 copies to: cnsl. (afb) (Entered: 07/08/2004) |
| 07/07/2004 | 152 | ORDER (1) granting Corning's second [105-1] motion to Compel Prod. of Docs.; (2) denying SRU's [111-1] motion for Protective Order ( signed by Judge Joseph J. Farnan Jr. ) copies to: cnsl. (afb) (Entered: 07/08/2004) |
| 07/07/2004 | 153 | ORDER that SRU's [104-1] motion to Strike pltfs.' 03/22/04 correspondence to this Ct. regarding pltfs.' Motion to Compel filed 03/09/04 [103-1] is DENIED; (2) The request by SRU to file a sur-reply brief to the March 22, 2004 correspondence is DENIED ( signed by Judge Joseph J. Farnan Jr. ) copies to: cnsl. (afb) (Entered: 07/08/2004) |
| 07/08/2004 | 154 | Reply Brief Filed by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold in supp. of their [139-1] motion for Leave to Amend their Answer, Counterclaim, and Request for Jury Trial (afb) (Entered: 07/09/2004) |
| 07/08/2004 | | Claim Construction Markman Hearing held (Judge Farnan), H. Triozzi decision: the Court heard argument by the parties regarding their pro. claim constructions. (afb) (Entered: 07/09/2004) |

| 07/09/2004 | 155 | MEMORANDUM OPINION ( signed by Judge Joseph J. Farnan Jr. ) re: #156 copies to: cnsl. (afb) (Entered: 07/12/2004) |
|---|---|---|
| 07/09/2004 | 156 | ORDER that (1) the disputed terms of U.S. Patent No. 4,815,843 are defined as follows: (a) "Waveguiding structure"; (b) "Waveguide film"; (c) "Diffraction grating"; (d) "Wavelength"; (e) "Effective index"; (f) "Measuring the effective index and effective index change"; (2) The [148-1] motion for Leave to Supplement the Record and Supplementation Providing Pre-Issuance Editions of Definitions Cited in Pltfs.' Claim Construction Brief filed by Corning Inc. and Artificial Sensing Intruments ASI AG is DENIED AS MOOT. ( signed by Judge Joseph J. Farnan Jr. ) copies to: cnsl. (see order for details) (afb) Modified on 07/12/2004 (Entered: 07/12/2004) |
| 07/15/2004 | 157 | Answer Brief Filed by Corning Incorporated, Artificial Sensing in opp. to Defts.' [145-1] motion to Compel - Reply Brief due 7/22/04 (SEALED) (afb) (Entered: 07/19/2004) |
| 07/20/2004 | 158 | MOTION by Corning Incorporated, Artificial Sensing with Proposed Order to Dismiss SRU's Counterclaims for Declar. Jgm. of NOn-Infringement and Invalid. of U.S. Pat. '248 for Lack of Subject Matter Jurisdiction Answer Brief due 8/3/04 re: [158-1] motion (afb) (Entered: 07/21/2004) |
| 07/20/2004 | 159 | Opening Brief Filed by Corning Incorporated, Artificial Sensing in supp. of their [158-1] motion to Dismiss SRU's Counterclaims for Declar. Jgm. of NOn-Infringement and Invalid. of U.S. Pat. '248 for Lack of Subject Matter Jurisdiction - Answer Brief due 8/3/04 (afb) (Entered: 07/21/2004) |
| 07/20/2004 | 160 | Declaration of David E. Moore Filed by Corning Incorporated, Artificial Sensing in supp. of their [159-1] opening brief. (SEALED) (afb) (Entered: 07/21/2004) |
| 07/20/2004 | 161 | MOTION by Corning Incorporated with Proposed Order for Summary Judgment on Defts.' Counterclaims of Tortious Interference with Advantageous Relationship or, in the Alt., for Bifurcation of the Tortious Interference Counterclaim Answer Brief due 8/3/04 re: [161-1] motion (afb) (Entered: 07/21/2004) |
| 07/20/2004 | 162 | Opening Brief Filed by Corning Incorporated in supp. of their [161-1] motion for Summary Judgment on Defts.' Counterclaims of Tortious Interference with Advantageous Relationship or, in the Alt., for Bifurcation of the Tortious Interference Counterclaim - Answer Brief due 8/3/04 (SEALED) (afb) (Entered: 07/21/2004) |
| 07/20/2004 | 163 | Declaration of Larry L. Shatzer Filed by Corning Incorporated in supp. of their [162-1] opening brief (SEALED) (afb) (Entered: 07/21/2004) |
| 07/20/2004 | 164 | MOTION by Corning Incorporated with Proposed Order for Summary Judgment on Defts.' Counterclaims of Breach of Contract and Trade Secret Misappropriation or, in the Alt., for Partial Sum. Jgm., or for Bifurcation Answer Brief due 8/3/04 re: [164-1] motion (afb) (Entered: 07/21/2004) |
| 07/20/2004 | 165 | Opening Brief Filed by Corning Incorporated in supp. of their [164-1] motion for Summary Judgment on Defts.' Counterclaims of Breach of Contract and Trade Secret Misappropriation or, in the Alt., for Partial Sum. Jgm., or for Bifurcation - Answer Brief due 8/3/04 (afb) (Entered: 07/21/2004) |
| 07/20/2004 | 166 | Declaration of Larry L. Shatzer Filed by Corning Incorporated in supp. of [165-1] opening brief (SEALED) (afb) (Entered: 07/21/2004) |
| 07/20/2004 | 167 | MOTION by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold with Proposed Order for Summary Judgment Denying Pltfs.' Request for Monetary Damages Answer Brief due 8/3/04 re: [167-1] motion (afb) (Entered: 07/21/2004) |
| 07/20/2004 | 168 | Opening Brief Filed by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold in supp. of their [167-1] motion for Summary Judgment Denying Pltfs.' Request for Monetary Damages - Answer Brief due 8/3/04 (afb) (Entered: 07/21/2004) |
| 07/20/2004 | 169 | MOTION by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold with Proposed Order for Summary Judgment of Invalidity Under 35 U.S.C. 112 Answer Brief due 8/3/04 re: [169-1] motion (afb) (Entered: 07/21/2004) |

| 07/20/2004 | 170 | Opening Brief Filed by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold in supp. of their [169-1] motion for Summary Judgment of Invalidity Under 35 U.S.C. 112 - Answer Brief due 8/3/04. (SEALED) (afb) (Entered: 07/21/2004) |
| 07/20/2004 | 171 | MOTION by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold with Proposed Order for Summary Judgment of Infringement of Claims 23, 24, 25 and 30 Answer Brief due 8/3/04 re: [171-1] motion. (afb) (Entered: 07/21/2004) |
| 07/20/2004 | 172 | Opening Brief Filed by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold in supp. of their [171-1] motion for Summary Judgment of Infringement of Claims 23, 24, 25 and 30 - Answer Brief due 8/3/04. (SEALED) (afb) (Entered: 07/21/2004) |
| 07/21/2004 | 173 | MOTION by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold with Proposed Order for Reconsideration of [152-1] Order Granting Pltfs' Motion to Compel and Denying SRU's Motion for a Protective Order Answer Brief due 8/4/04 re: [173-1] motion (SEALED) (afb) (Entered: 07/22/2004) |
| 07/22/2004 | 174 | TRANSCRIPT filed for Markman hearing for date of 07/08/04, (Judge Farnan), Heather Triozzi, ct. rptr. Hawkins Reporting Svc. (afb) (Entered: 07/23/2004) |
| 07/23/2004 | 175 | MOTION by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold for Partial Reconsideration of Claim Consideration in [155-1] Opinion, and [156-1] Order Answer Brief due 8/6/04 re: [175-1] motion (afb) (Entered: 07/26/2004) |
| 07/28/2004 | 176 | Answer Brief Filed by Corning Incorporated in opp. to Defts.' [173-1] motion for Reconsideration of [152-1] Order Granting Pltfs' Motion to Compel and Denying SRU's Motion for a Protective Order - Reply Brief due 8/4/04. (SEALED) (afb) (Entered: 07/29/2004) |
| 08/03/2004 | 177 | Counterstatement Filed by Corning Incorporated, Artificial Sensing in resp. to defts.' [169-1] motion for Summary Judgment of Invalidity Under 35 U.S.C. 112 - Reply Brief due 8/10/04 (afb) (Entered: 08/04/2004) |
| 08/03/2004 | 178 | Counterstatement Filed by Corning Incorporated, Artificial Sensing in resp. to SRU's [167-1] motion for Summary Judgment Denying Pltfs.' Request for Monetary Damages - Reply Brief due 8/10/04 (afb) (Entered: 08/04/2004) |
| 08/03/2004 | 179 | Counterstatement Filed by Corning Incorporated, Artificial Sensing in opp. to Defts.' [171-1] motion for Summary Judgment of Infringement of Claims 23, 24, 25 and 30 - Reply Brief due 8/10/04 (SEALED) (afb) (Entered: 08/04/2004) |
| 08/03/2004 | 180 | Answer Brief Filed by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold for Bifurcation on the issues of [164-1] Breach of Contract and Trade Secret Misappropriation - Reply Brief due 8/10/04, and [161-1] of Tortious Interference - Reply Brief due 8/10/04 (afb) (Entered: 08/04/2004) |
| 08/03/2004 | 181 | Counter-Stmt. by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold of disputed Facts in opposition to [164-1] motion for Summary Judgment on Defts.' Counterclaims of Breach of Contract and Trade Secret Misappropriation or, in the Alt., for Partial Sum. Jgm., or for Bifurcation (SEALED) (afb) (Entered: 08/04/2004) |
| 08/03/2004 | 182 | Answer Brief Filed by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold in opp. to Pltfs.' [158-1] motion to Dismiss SRU's Counterclaims for Declar. Jgm. of NOn-Infringement and Invalid. of U.S. Pat. '248 for Lack of Subject Matter Jurisdiction - Reply Brief due 8/10/04. (SEALED) (afb) (Entered: 08/04/2004) |
| 08/03/2004 | 183 | Counter-Stmt. of Facts by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold in opposition to [161-1] motion for Summary Judgment on Defts.' Counterclaims of Tortious Interference with Advantageous Relationship or, in the Alt., for Bifurcation of the Tortious Interference Counterclaim. (SEALED) (afb) (Entered: 08/04/2004) |
| 08/06/2004 | 184 | Answer Brief Filed by Corning Incorporated, Artificial Sensing in opp. to SRU's [175-1] motion for Partial Reconsideration of Claim Consideration in [155-1] Opinion, and [156-1] Order - Reply Brief due 8/13/04 (afb) (Entered: 08/09/2004) |

| 08/10/2004 | 185 | Reply Brief Filed by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold to pltfs.' counterstmt. of opp. to SRU's [169-1] motion for Summary Judgment of Invalidity Under 35 U.S.C. 112 (SEALED) (afb) (Entered: 08/11/2004) |
| --- | --- | --- |
| 08/10/2004 | 186 | Reply Brief Filed by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold in supp. of its [167-1] motion for Summary Judgment Denying Pltfs.' Request for Monetary Damages (afb) (Entered: 08/11/2004) |
| 08/10/2004 | 187 | Reply Brief Filed by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold to Pltfs.' Counterstmt. to SRU's [171-1] motion for Summary Judgment of Infringement of Claims 23, 24, 25 and 30 (afb) (Entered: 08/11/2004) |
| 08/10/2004 | 188 | Response Filed by Corning Incorporated to SRU's Counter-Stmt. of Facts in opp. to Corning's [164-1] motion for Summary Judgment on Defts.' Counterclaims of Breach of Contract and Trade Secret Misappropriation or, in the Alt., for Partial Sum. Jgm., or for Bifurcation (afb) (Entered: 08/13/2004) |
| 08/10/2004 | 189 | Reply Brief Filed by Corning Incorporated in supp.of its [164-1] motion and [161-1] motion to Bifurcate the Trial of Defts.' Counterclaims. (afb) (Entered: 08/13/2004) |
| 08/10/2004 | 191 | Response Filed by Corning Incorporated to SRU's counter-stmt. of facts in opp. to Corning's [161-1] motion for Summary Judgment on Defts.' Counterclaims of Tortious Interference. (SEALED) (afb) (Entered: 08/13/2004) |
| 08/10/2004 | 190 | Reply Brief Filed by Corning Incorporated, Artificial Sensing in supp. of their [158-1] motion to Dismiss SRU's Counterclaims for Declar. Jgm. of NOn-Infringement and Invalid. of U.S. Pat. '248 for Lack of Subject Matter Jurisdiction (SEALED) (afb) (Entered: 08/16/2004) |
| 08/13/2004 | 192 | MEMORANDUM OPINION ( signed by Judge Joseph J. Farnan Jr. ) re: DI #193 to: cnsl. (afb) (Entered: 08/16/2004) |
| 08/13/2004 | 193 | ORDER denying SRU's [173-1] motion for Reconsideration of [152-1] Order Granting Pltfs' Motion to Compel and Denying SRU's Motion for a Protective Order ( signed by Judge Joseph J. Farnan Jr. ) copies to: cnsl. (afb) (Entered: 08/16/2004) |
| 08/31/2004 | 194 | MEMORANDUM ORDER denying defts.' [145-1] motion to Compel ( signed by Judge Joseph J. Farnan Jr. ) copies to: cnsl. (afb) Modified on 09/01/2004 (Entered: 09/01/2004) |
| 08/31/2004 | 195 | MEMORANDUM ORDER that defts.' [114-1] motion to Compel is denied with leave to renew and plaintiffs' [117-1] motion for Fees and Costs is denied. ( signed by Judge Joseph J. Farnan Jr. ) copies to: cnsl. (afb) Modified on 09/01/2004 (Entered: 09/01/2004) |
| 08/31/2004 | 196 | NOTICE of Service of Second Supplemental Report of Dr. Clifford Pollock by Corning Incorporated, Artificial Sensing (dlk) (Entered: 09/02/2004) |
| 09/10/2004 | 197 | STIPULATED Order Dismissing that (1) Defts.' Counterclaims for Breach of Contract, Trade Secret Misappropriation, and Tortious Interference are dismissed with prejudice; (2) Each party shall bear its own costs and fees with respect to the counterclaims dismissed herein; (3) Pltf. Corning's Motion for Sum.Jgm. (DI #164) is denied as moot; (4) Pltf. Corning's Motion for Sum. Jgm. (DI #161) is denied as moot; (5) The Court's 07/07/04 order (DI #152) and 08/13/04 order (DI #193) are vacated as moot. (afb) (Entered: 09/13/2004) |
| 09/14/2004 | | So Ordered granting [197-1] dismiss/dismissal stipulation ( signed by Judge Joseph J. Farnan Jr. ) Notice to all parties. (afb) (Entered: 09/15/2004) |
| 09/20/2004 | 198 | MOTIONS by Corning Incorporated, Artificial Sensing with Proposed Order in Limine Answer Brief due 10/4/04 re: [198-1] motion (SEALED) (afb) (Entered: 09/21/2004) |
| 09/20/2004 | 199 | MOTIONS by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold with Proposed Order in Limine Answer Brief due 10/4/04 re: [199-1] motion. (SEALED) (afb) (Entered: 09/21/2004) |

| 09/21/2004 | 200 | Table of Authorities Filed by Corning Incorporated, Artificial Sensing to their Motions In Limine (DI #198) filed on 09/20/04. (afb) (Entered: 09/22/2004) |
| 09/23/2004 | 201 | MOTION by Corning Incorporated with Proposed Order for Heidi E. Rosenberg to Appear Pro Hac Vice re: [201-1] motion (afb) (Entered: 09/24/2004) |
| 09/27/2004 | | So Ordered granting [201-1] motion for Heidi E. Rosenberg to Appear Pro Hac Vice ( signed by Judge Joseph J. Farnan Jr. ) Notice to all parties. (afb) (Entered: 09/27/2004) |
| 09/28/2004 | 202 | MOTION by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold with Proposed Order in Limine No. 7 to Exclude Evidence of Harm Caused by SRU's Alleged Acts of Infringement Answer Brief due 10/12/04 re: [202-1] motion (SEALED) (afb) (Entered: 09/29/2004) |
| 10/04/2004 | 203 | CERTIFICATE OF SERVICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold re: Third Supplemental Resp. to Pltf.'s First Set of Interrogs. (afb) (Entered: 10/04/2004) |
| 10/04/2004 | 204 | CERTIFICATE OF SERVICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold re: Supplemental Expert Report of A. Bruce Buckman. (afb) (Entered: 10/04/2004) |
| 10/04/2004 | 205 | CERTIFICATE OF SERVICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold. re: Supplemental Resp. to Pltfs.' First Set of Requests for Admission. (afb) (Entered: 10/04/2004) |
| 10/04/2004 | 206 | Joint Proposed pre-trial order filed by Corning Incorporated, Artificial Sensing, SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold (afb) (Entered: 10/05/2004) |
| 10/04/2004 | 207 | Answer Brief Filed by Corning Incorporated, Artificial Sensing in opp. to SRU's [202-1] motion in Limine No. 7 to Exclude Evidence of Harm Caused by SRU's Alleged Acts of Infringement - Reply Brief due 10/12/04, and in opp. to SRU's [199-1] motion in Limine - Reply Brief due 10/12/04. (SEALED) (afb) (Entered: 10/05/2004) |
| 10/04/2004 | 208 | Answer Brief Filed by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold in opp. to Pltfs.' [198-1] motion in Limine - Reply Brief due 10/12/04. (SEALED) (afb) (Entered: 10/05/2004) |
| 10/04/2004 | 209 | CERTIFICATE OF SERVICE by Corning Incorporated, Artificial Sensing re: Firth Supplemental Resp. to Deft. SRU's Interrogs. (Nos. 2,3 and 8). (afb) (Entered: 10/05/2004) |
| 10/05/2004 | 210 | MOTION by Corning Incorporated, Artificial Sensing with Proposed Order to Strike Supplemental Expert Report of Dr. A. Bruce Buckman , and in Limine to Exclude any Testimony at Trial from Dr. Buckman based upon his Supplemental Expert Report Answer Brief due 10/19/04 re: [210-1] motion, Answer Brief due 10/19/04 re: [210-2] motion (SEALED) (afb) (Entered: 10/06/2004) |
| 10/06/2004 | 211 | MOTION by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold with Proposed Order to Strike the Jury Demand Answer Brief due 10/20/04 re: [211-1] motion (afb) (Entered: 10/07/2004) |
| 10/07/2004 | 212 | Answer Brief Filed by Corning Incorporated, Artificial Sensing in opp. to Defts.' [211-1] motion to Strike the Jury Demand - Reply Brief due 10/14/04 (afb) (Entered: 10/08/2004) |
| 10/07/2004 | | Status conference held (Judge Farnan), H. Triozzi (Hawkins) ct. rptr. DECISION: Parties to agree on briefing sched. pertaining to Defts.' Motion to Strike the Jury Demand (DI #211). Pre-trial cnf. to be held on 11/01/04 at 2:00 p.m.. (afb) (Entered: 10/13/2004) |
| 10/12/2004 | 213 | Supplemental MEMORANDUM by Corning Incorporated, Artificial Sensing in opposition to Defts.' [211-1] motion to Strike the Jury Demand. (afb) (Entered: 10/13/2004) |
| 10/13/2004 | 214 | TRANSCRIPT filed for pretrial conference for date of 10/07/04, (Judge Farnan), H. Triozzi ct. rptr. (Hawkins). (afb) (Entered: 10/14/2004) |
| 10/13/2004 | 215 | MEMORANDUM OPINION ( signed by Judge Joseph J. Farnan Jr. ) re: DI #216 copies to: cnsl. (afb) (Entered: 10/15/2004) |

| 10/13/2004 | 216 | ORDER denying defts.' [175-1] motion for Partial Reconsideration of Claim Consideration in [155-1] Opinion, and [156-1] Order ( signed by Judge Joseph J. Farnan Jr. ) copies to: cnsl. (afb) (Entered: 10/15/2004) |
|---|---|---|
| 10/14/2004 | 217 | ORDER, set Pretrial Conference for 2:00 p.m. on 11/1/04 ( signed by Judge Joseph J. Farnan Jr. ) copies to: cnsl. (afb) (Entered: 10/18/2004) |
| 10/14/2004 | 218 | Answer Brief Filed by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold in opp. to Pltf.'s [210-1] motion to Strike Supplemental Expert Report of Dr. A. Bruce Buckman - Reply Brief due 10/21/04, and in opp. to Pltf.'s [210-2] motion in Limine to Exclude any Testimony at Trial from Dr. Buckman based upon his Supplemental Expert Report - Reply Brief due 10/21/04. (SEALED) (afb) (Entered: 10/18/2004) |
| 10/15/2004 | 219 | MOTION by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold with Proposed Order to Voluntarily Dismiss SRU's Cntclms. for Declaratory Jgms. of Non-Infringement and Invalidity Answer Brief due 10/29/04 re: [219-1] motion (afb) (Entered: 10/18/2004) |
| 10/15/2004 | 220 | Opening Brief Filed by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold in supp. of SRU's Contingent [219-1] motion to Voluntarily Dismiss SRU's Cntclms. for Declaratory Jgms. of Non-Infringement and Invalidity - Answer Brief due 10/29/04 (afb) (Entered: 10/18/2004) |
| 10/15/2004 | 221 | Reply Brief Filed by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold in supp. of SRU's [211-1] motion to Strike the Jury Demand (afb) (Entered: 10/18/2004) |
| 10/15/2004 | 222 | CERTIFICATE OF SERVICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold re: Ntc. Pursuant to 35 U.S.C. 282. (afb) (Entered: 10/18/2004) |
| 10/19/2004 | 223 | NOTICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold to take deposition of Clifford R. Pollock on 10/28/04 (afb) (Entered: 10/20/2004) |
| 10/19/2004 | 224 | Surreply Filed by Corning Incorporated, Artificial Sensing in opp. to [211-1] motion to Strike the Jury Demand - Reply Brief due 10/26/04 (afb) (Entered: 10/20/2004) |
| 10/20/2004 | 225 | CERTIFICATE OF SERVICE by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold re: Deposition Designations. (afb) (Entered: 10/21/2004) |
| 10/21/2004 | 226 | NOTICE by Corning Incorporated, Artificial Sensing to take deposition of A. Bruce Buckman on 10/26/04 (afb) (Entered: 10/22/2004) |
| 10/21/2004 | 227 | Reply Brief Filed by Corning Incorporated, Artificial Sensing in supp. of their [210-1] motion to Strike Supplemental Expert Report of Dr. A. Bruce Buckman (SEALED) (afb) Modified on 10/22/2004 (Entered: 10/22/2004) |
| 10/28/2004 | 228 | MOTION by Corning Incorporated, Artificial Sensing with Proposed Order in Limine to Exclude Certain of SRU's Depos. Designations Answer Brief due 11/12/04 re: [228-1] motion (SEALED) (afb) (Entered: 10/29/2004) |
| 10/29/2004 | 229 | Second Amended Trial Exhibit list by Corning Incorporated, Artificial Sensing (afb) (Entered: 11/01/2004) |
| 10/29/2004 | 230 | Answer Brief Filed by Corning Incorporated, Artificial Sensing in opp. to SRU's [219-1] motion to Voluntarily Dismiss SRU's Cntclms. for Declaratory Jgms. of Non-Infringement and Invalidity - Reply Brief due 11/5/04 (afb) (Entered: 11/01/2004) |

| 11/01/2004 | | Pre-trial conference held (Judge Farnan), H. Triozzi from Hawkins ct. rptr. decision: Deft.'s Motion to Strike the Jury Demand (DI #211) is GRANTED. Opening Stmts. but no closing stmts. to be presented. Each side shall have 15 hours to present their case. Trial Mgmt. Order to be issued. Defts.' Motion to Exlude Patent Law Expert, Gerald J. Mossinghoff (DI #129) shall be granted. Pltfs.' Motion to Strike Supplemental Expert Report Dr. A. Bruce Buckman (DI #210-1) shall be denied. The parties shall attempt to resolve their dispute regarding the supplemental expert opn. (and the allegation that it is a new, affirmative opinion). Pltfs. shall serve their supplement of the expert report by 11/02/04. Defts. shall serve their Motions to Strike by 11/05/04. Pltfs. shall respond by Monday, 11/08/04. Defts. shall respond by 11/09/04. The parties shall call the Court's chambers by 2:00 p.m. on Friday, 11/05/04 to inform the Court as to whether they have reached an agreement. If not, the Court will refer the dispute to the panel. (afb) (Entered: 11/02/2004) |
| 11/02/2004 | 231 | TRANSCRIPT filed for pre-trial conference for date of 11/01/04, (Judge Farnan), H. Triozzi ct. rptr. from Hawkins ct. rptr. (afb) (Entered: 11/02/2004) |
| 11/02/2004 | 232 | Second Amended Trial Exhibit list by Corning Incorporated, Artificial Sensing with SRU's Objections Thereto. (afb) (Entered: 11/03/2004) |
| 11/02/2004 | | Deadline updated; set Bench Trial for 8:30 a.m. on 11/15/04 per calendar ntc. (afb) (Entered: 11/03/2004) |
| 11/04/2004 | 233 | TRANSCRIPT filed for pre-trial conference for date of 11/01/04, (Judge Farnan), H. Triozzi ct. rptr. from Hawkins ct. rptr. (afb) (Entered: 11/05/2004) |
| 11/05/2004 | 234 | MEMORANDUM ORDER granting [171-1] motion for Summary Judgment of Infringement of Claims 23, 24, 25 and 30 ( signed by Judge Joseph J. Farnan Jr. ) copies to: cnsl. (afb) (Entered: 11/08/2004) |
| 11/05/2004 | 235 | MEMORANUDM AND ORDER denying Deft.'s [169-1] motion for Summary Judgment of Invalidity Under 35 U.S.C. 112 ( signed by Judge Joseph J. Farnan Jr. ) copies to: cnsl. (afb) Modified on 11/08/2004 (Entered: 11/08/2004) |
| 11/05/2004 | 236 | MEMORANDUM ORDER granting Deft.'s [167-1] motion for Summary Judgment Denying Pltfs.' Request for Monetary Damages ( signed by Judge Joseph J. Farnan Jr. ) copies to: cnsl. (afb) (Entered: 11/08/2004) |
| 11/05/2004 | 237 | MEMORADUM AND ORDER granting Defts.'[139-1] motion for Leave to Amend their Answer, Counterclaim, and Request for Jury Trial ( signed by Judge Joseph J. Farnan Jr. ) copies to: cnsl. (afb) (Entered: 11/08/2004) |
| 11/05/2004 | 238 | MEMORANDUM AND ORDER granting Deft.'s [129-1] motion to Exclude the Expert Rpt. and Testimony of Corning and ASI's Patent Law Expert, Gerald J. Mossinghoff ( signed by Judge Joseph J. Farnan Jr. ) copies to: cnsl. (afb) (Entered: 11/08/2004) |
| 11/05/2004 | 239 | MEMORANDUM AND ORDER denying Pltf.'s [210-1] motion to Strike Supplemental Expert Report of Dr. A. Bruce Buckman ( signed by Judge Joseph J. Farnan Jr. ) copies to: cnsl. (afb) (Entered: 11/08/2004) |
| 11/05/2004 | 240 | TRIAL MGMT. ORDER ( signed by Judge Joseph J. Farnan Jr. ) that trial is sched. to commence on 11/15/04 at 9:00 a.m.; Pltfs. and Defts. are allocated fifteen hours; copies to: cnsl. (afb) (Entered: 11/08/2004) |
| 11/05/2004 | 241 | LETTER to the Court from John G. Day dtd. 11/05/04 re: Moving to Strike Late Expert Report. (SEALED) (afb) (Entered: 11/08/2004) |
| 11/05/2004 | 242 | Second AMENDED ANSWER to Complaint, Counterclaim by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold : amends [29-1] answer, [19-1] answer; jury demand (afb) (Entered: 11/08/2004) |
| 11/08/2004 | 243 | ORDER denying Pltf.'s [158-1] motion to Dismiss SRU's Counterclaims for Declar. Jgm. of NOn-Infringement and Invalid. of U.S. Pat. '248 for Lack of Subject Matter Jurisdiction ( signed by Judge Joseph J. Farnan Jr. ) copies to: cnsl. (afb) (Entered: 11/09/2004) |

| 11/08/2004 | 244 | CERTIFICATE OF SERVICE by Corning Incorporated, Artificial Sensing re: Expert Report of A. Bruce Buckman were served on 11/02/04. (afb) (Entered: 11/09/2004) |
|---|---|---|
| 11/08/2004 | 245 | LETTER to the Court dtd. 11/08/04 from ptlfs.' cnsl. (SEALED) (afb) (Entered: 11/09/2004) |
| 11/09/2004 | 246 | Amended Exhibit list and SRU's Objections by Corning Incorporated, Artificial Sensing (afb) (Entered: 11/10/2004) |
| 11/09/2004 | 247 | LETTER to the Court from John G. Day, Esq. on behalf of SRU Biosystems in reply to the 11/08/04 ltr. submitted by Pltfs. regarding SRU's request that the Court preclude Dr. Pollock from offering his new, affirmative opinions at trial. (afb) (Entered: 11/10/2004) |
| 11/10/2004 | 248 | LETTER to the Clerk from John Day euesting permission to bring laptop computers into Courtroom 4B for trial commencing on 11/15/04. (afb) (Entered: 11/12/2004) |
| 11/10/2004 | 249 | Reply by Corning Incorporated, Artificial Sensing to Deft.'s [242-1] Second Amd. Ans., Cntclms. and Demand for Jury Trial. (afb) (Entered: 11/12/2004) |
| 11/11/2004 | | Bench trial held (Judge Farnan), Hawkins ct. rptr. (day 1) (afb) (Entered: 11/16/2004) |
| 11/12/2004 | 250 | LETTER to the Clerk from Richard L. Horwitz requesting permission for Foley & Lardner LLP to bring three laptops to Courtroom 4B for trial commencing on 11/15/04. (afb) (Entered: 11/15/2004) |
| 11/12/2004 | 251 | ORDER ( signed by Judge Joseph J. Farnan Jr. ) that three laptop computers for courtroom set-up on 11/12/04 at 2:00 p.m. are permitted for proceedings commencing on 11/15/04 and ending on 11/19/04. Nicholas Cole and George C. Best, Esq. copies to: cnsl. (afb) (Entered: 11/15/2004) |
| 11/12/2004 | 252 | ORDER ( signed by Judge Joseph J. Farnan Jr. ) that the attys. and staff are permitted to bring into the Courtroom 4B laptop computers for proceedings commencing on 11/15/04 and ending on 11/19/04. D. Boehnen, R. Machonkin, M. Sampson, R. Gattari, P. Fritsch, J. Pope, M. Walsh. copies to: cnsl. (afb) (Entered: 11/15/2004) |
| 11/12/2004 | 253 | Pltfs.' Amended Exhibit list and SRU's Objections (afb) Modified on 11/15/2004 (Entered: 11/15/2004) |
| 11/12/2004 | 254 | Pltfs.' Submission of SRU's Amended Trial Exhibit List (afb) (Entered: 11/15/2004) |
| 11/12/2004 | 255 | Answer Brief Filed by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold in opp. to Pltfs.' [228-1] motion in Limine to Exclude Certain of SRU's Depos. Designations - Reply Brief due 11/19/04 (afb) (Entered: 11/15/2004) |
| 11/15/2004 | | Bench trial held (day 1), (Judge Farnan), Hawkins ct. rptr. (afb) (Entered: 11/18/2004) |
| 11/16/2004 | 256 | COVENANT-NOT-TO-SUE AND STIPULATED ORDER ( signed by Judge Joseph J. Farnan Jr.) dismissing defts.' counterclaims regarding non-infringement and invalidity of U.S. Patent No. 5,071,248 without Prejudice copies to: cnsl. (afb) (Entered: 11/17/2004) |
| 11/16/2004 | | Bench trial held (Judge Farnan), Hawkins ct. rptr. (day 2) (afb) (Entered: 11/17/2004) |
| 11/16/2004 | 257 | OBJECTIONS by Corning Incorporated, Artificial Sensing to Defts.' Depos. Designations. (afb) (Entered: 11/17/2004) |
| 11/17/2004 | | Bench trial held (day 3) ( Judge Farnan), Hawkins ct. rptr. (afb) (Entered: 11/18/2004) |
| 11/17/2004 | 258 | TRANSCRIPT filed for bench trial for date of 11/15/04, (Judge Farnan), H. Triozzi ct. rptr. (afb) (Entered: 11/18/2004) |
| 11/17/2004 | 259 | TRANSCRIPT filed for bench trial for date of 11/16/04, (Judge Farnan), H. Triozzi ct. rptr. (afb) (Entered: 11/18/2004) |
| 11/18/2004 | | Bench trial held (day 4) (Judge Farnan), Hawkins ct. rptr. (afb) (Entered: 11/19/2004) |
| 11/18/2004 | 260 | Pltfs' Amended Trial Exhibit List and SRU's Objections by Corning Incorporated, Artificial Sensing (afb) (Entered: 11/19/2004) |

| 11/18/2004 | 261 | TRANSCRIPT filed for bench trial for date of 11/17/04 (day 3), (Judge Farnan), H. Triozzi ct. rptr. from Hawkins. (afb) (Entered: 11/19/2004) |
| 11/19/2004 | | Bench trial held (Judge Farnan), Hawkins ct. rptr. (day 5) (afb) (Entered: 11/22/2004) |
| 11/19/2004 | 262 | Exhibit and Witness list by Corning Incorporated, Artificial Sensing, SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold for bench trial held on 11/15/04 to 11/19/04. (afb) (Entered: 11/22/2004) |
| 11/19/2004 | 263 | Pltfs.' Amended Trial Exhibit list and SRU's Objections filed by Corning Incorporated, Artificial Sensing (afb) (Entered: 11/22/2004) |
| 11/19/2004 | 264 | MOTION by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold with Proposed Order to Supplement the Record with Respect to the Inequitable Conduct Issue Answer Brief due 12/3/04 re: [264-1] motion (afb) (Entered: 11/22/2004) |
| 11/19/2004 | 265 | Opening Brief Filed by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold in supp. of SRU's [264-1] motion to Supplement the Record with Respect to the Inequitable Conduct Issue - Answer Brief due 12/3/04 (afb) (Entered: 11/22/2004) |
| 11/19/2004 | | Minute Entry for proceedings held before Judge Joseph J. Farnan, Jr. : Bench Trial completed on 11/19/2004. (maw, ) (Entered: 11/08/2005) |
| 11/22/2004 | 266 | TRANSCRIPT filed for bench trial for date of 11/18/04 (Judge Farnan), H. Triozzi ct. rptr. (afb) (Entered: 11/24/2004) |
| 11/22/2004 | 267 | TRANSCRIPT filed for bench trial for date of 11/19/04 (Judge Farnan), H. Triozzi ct. rptr. (afb) (Entered: 11/24/2004) |
| 11/23/2004 | 268 | LETTER to the Court from Richard L. Horwitz re: attached orig. drawings which were marked and admitted as trial exhs. PDX 138, PDX 139, PDX 140, PDX 142, PDX 143, DDX 15, and DDX 16. Digital photograph prints of the docs. are being provided to the Court and cnsl. as agreed at the close of the bench trial on 11/19/04. (afb) Modified on 11/24/2004 (Entered: 11/24/2004) |
| 12/03/2004 | 269 | Proffer Regarding Court Exhibit 1 by Corning Incorporated, Artificial Sensing in support of their pro. use of Court Exhibit 1 at trial. (afb) (Entered: 12/06/2004) |
| 12/03/2004 | 270 | Joint Exhibit list by Corning Incorporated, Artificial Sensing, SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold (afb) (Entered: 12/06/2004) |
| 12/06/2004 | 271 | Answer Brief Filed by Corning Incorporated, Artificial Sensing in opp. to Defts.' [264-1] motion to Supplement the Record with Respect to the Inequitable Conduct Issue - Reply Brief due 12/13/04 (afb) (Entered: 12/07/2004) |
| 12/13/2004 | 272 | Reply Brief Filed by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold in supp. of its [264-1] motion to Supplement the Record with Respect to the Inequitable Conduct Issue (afb) (Entered: 12/14/2004) |
| 12/16/2004 | 273 | JOINT STIPULATION with proposed order that the following sched. shall apply to post-trial submissions in the above-captioned litigation: (1) Pro. findings of fact and pro. conclusions of law and post-trial briefs shall be filed on 12/17/04; (2) Responsive briefs on pro. findings of fact and conclusions of law, and maintained objections to evid. relied upon by the adverse side in its open. submission, shall be filed by 01/12/05; (3) Responsive briefs regarding only maintained objections to evidence shall be filed on 01/21/05. (afb) (Entered: 12/20/2004) |
| 12/17/2004 | 274 | Opening Post-Trial Brief Filed by Corning Incorporated, Artificial Sensing (afb) (Entered: 12/20/2004) |
| 12/17/2004 | 275 | Proposed Findings of Fact and Conclusions of Law filed by Corning Incorporated, Artificial Sensing (afb) (Entered: 12/20/2004) |

| 12/17/2004 | 276 | Opening Post-Trial Brief Filed by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold (afb) (Entered: 12/20/2004) |
|---|---|---|
| 12/17/2004 | 277 | Proposed Findings of Fact and Conclusions of Law filed by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold (afb) (Entered: 12/20/2004) |
| 12/22/2004 | | So Ordered granting [273-1] stipulation ( signed by Judge Joseph J. Farnan Jr. ) Notice to all parties. (afb) (Entered: 12/28/2004) |
| 01/12/2005 | 278 | Evidentiary Objections by Corning Incorporated, Artificial Sensing (afb) (Entered: 01/18/2005) |
| 01/12/2005 | 279 | Post Trial Reply Brief Filed by Corning Incorporated, Artificial Sensing (afb) (Entered: 01/18/2005) |
| 01/12/2005 | 280 | Responses and Objections by Corning Incorporated, Artificial Sensing to SRU's [277-1] proposed findings of fact (afb) (Entered: 01/18/2005) |
| 01/12/2005 | 280 | SUPPLEMENTAL PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW filed by pltfs.' (afb) (Entered: 01/18/2005) |
| 01/12/2005 | 281 | Post-Trial Evidentiary Objections by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold. (afb) (Entered: 01/18/2005) |
| 01/12/2005 | 282 | Answer Post-Trial Brief Filed by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold (afb) (Entered: 01/18/2005) |
| 01/21/2005 | 283 | Opposition by Corning Incorporated, Artificial Sensing to SRU's [281-1] Post-Trial Evidentiary Objections. (afb) (Entered: 01/25/2005) |
| 01/21/2005 | 284 | Response by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Hold to Pltf.'s [283-1] Evidentiary Objections. (afb) (Entered: 01/25/2005) |
| 09/27/2005 | 285 | ORDER that Pltfs.' [198] Motion in Limine is GRANTED IN PART AND DENIED IN PART AND DENIED AS MOOT; Defts.' [199] Motion in Limine is GRANTED IN PART AND DENIED IN PART AND DENIED AS MOOT; SRU's [202] Motion in Limine is DENIED and the related trial objection is OVERRULED; Pltfs.' [210] Motion in Limine is DENIED; Pltfs.' [228] Motion in Limine is DENIED and the related trial objections are OVERRULED; Corning's Trial Objections are ruled upon as follows; SRU's Trial Objections are ruled upon as follows; (SEE ORDER FOR DETAILS). Signed by Judge Joseph J. Farnan, Jr. on 09/27/05. (afb, ) (Entered: 09/27/2005) |
| 10/05/2005 | 286 | MEMORANDUM OPINION re: D.I. 285. Signed by Judge Joseph J. Farnan, Jr. on 10/05/05. (afb, ) (Entered: 10/06/2005) |
| 10/05/2005 | 287 | MEMORANDUM ORDER that SRU's [264] Motion To Supplement The Record With Respect To The Inequitable Conduct Issue is GRANTED. Signed by Judge Joseph J. Farnan, Jr. on 10/05/05. (afb, ) (Entered: 10/06/2005) |
| 10/17/2005 | 288 | Letter to Judge Farnan from Richard L. Horwitz regarding proposed Scheduling Order dealing with supplementation of the record re [264] Motion for Miscellaneous Relief. (Horwitz, Richard) (Entered: 10/17/2005) |
| 10/17/2005 | 289 | PROPOSED ORDER Scheduling Order Regarding Supplementation of the Record re 288 Letter by Corning Incorporated, Artificial Sensing Instruments ASI AG. (Horwitz, Richard) (Entered: 10/17/2005) |
| 10/17/2005 | 290 | NOTICE OF SERVICE of Notice of Subpoena by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Holdings, LLC.(Balick, Steven) (Entered: 10/17/2005) |
| 10/19/2005 | 291 | Letter to The Honorable Joseph J. Farnan, Jr. from Steven J. Balick regarding supplementation of the record with respect to the issue of inequitable conduct. (Balick, Steven) (Entered: 10/19/2005) |
| 10/20/2005 | 292 | NOTICE to Take Deposition of James Markarian on November 2, 2005 by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Holdings, LLC.(Balick, Steven) (Entered: 10/20/2005) |

| 10/20/2005 | [293](#) | NOTICE to Take Deposition of James Markarian on November 3, 2005 by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Holdings, LLC.(Balick, Steven) (Entered: 10/20/2005) |
|---|---|---|
| 10/20/2005 | [294](#) | NOTICE OF SERVICE of Notice of Subpoena Directed to James Markarian by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Holdings, LLC.(Balick, Steven) (Entered: 10/20/2005) |
| 10/21/2005 | [295](#) | MEMORANDUM ORDER that (1) The deposition of James Markarian shall be held no later than 11/10/05; (2) Telephone Conference set for 11/16/2005 at 02:00 PM in Courtroom 4B before Honorable Joseph J. Farnan, Jr.; (3)If no further discovery is requested by Defts., the parties shall submit their Proposed Findings of Fact and Conclusions of Law pursuant to an agreed upon schedule, but in no event later than December 16, 2005; (4) After consideration of the parties' submissions, I will determine if a hearing will be necessary. If a hearing is necessary, it will be held on January 18, 2005 at 10:00 a.m.; Signed by Judge Joseph J. Farnan, Jr. on 10/21/05. (afb, ) (Entered: 10/24/2005) |
| 11/01/2005 | [296](#) | NOTICE OF SERVICE of Third Party Ladas & Parry, LLP's Objections to SRU's Subpoena for Production of Documents; and Third Party James Markarian's Objections to SRU's Subpoena for Production of Documents re [290](#) Notice of Service, [294](#) Notice of Service by James Markarian, Ladas & Parry, LLP. Related document: [290](#) Notice of Service filed by SRU Biosystems LLC,, SRU Biosystems Inc.,, SRU Biosystems Holdings, LLC,, [294](#) Notice of Service filed by SRU Biosystems LLC,, SRU Biosystems Inc.,, SRU Biosystems Holdings, LLC,.(Moore, David) (Entered: 11/01/2005) |
| 11/15/2005 | [297](#) | MEMORANDUM OPINION re: D.I. 298. Signed by Judge Joseph J. Farnan, Jr. on 11/15/05. (afb, ) (Entered: 11/15/2005) |
| 11/15/2005 | [298](#) | ORDER that (1) U.S. Patent No. 4,815,843 is valid under 35 U.S.C. 112 based on the written description requirement and 35 U.S.C. 103 based on obviousness; (2) Defts. literally infringe claims 1 and 2 of U.S. Patent No. 4,815,843; (3) Defts. induced infringement of claims 1 and 2 of U.S. Patent No. 4,815,843 under 35 U.S.C. 271(b). Signed by Judge Joseph J. Farnan, Jr. on 11/15/05. (afb, ) (Entered: 11/15/2005) |
| 11/16/2005 | | Minute Entry for proceedings held before Judge Joseph J. Farnan, Jr. : Discovery Telephone Conference held on 11/16/2005. DECISION: Parties shall submit their Proposed Findings of Fact, Conclusions of Law, and supplemental briefs on the issue of inequitable conduct no later than 12/02/05. The parties shall file any responses no later than 12/16/05. (Court Reporter Stacy from Hawkins.) (afb, ) (Entered: 11/17/2005) |
| 11/30/2005 | [299](#) | MOTION for Reconsideration re [297](#) Memorandum Opinion, [298](#) Order, *of November 15, 2005* - filed by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Holdings, LLC. (Attachments: # [1](#) Exhibit A)(Day, John) (Entered: 11/30/2005) |
| 12/01/2005 | 300 | TRANSCRIPT of Teleconference held on 11/16/05 before Judge Farnan, Jr.; Court Reporter: Stacey Vickers from Hawkins ct. rptr. (Transcript on file in Clerk's Office) (afb, ) (Entered: 12/01/2005) |
| 12/02/2005 | [301](#) | POST TRIAL BRIEF *(SUPPLEMENTAL) Related to Unenforceability of the '843 Patent* by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Holdings, LLC. (Attachments: # (1) Exhibit A)(Day, John) Additional attachment(s) added on 12/20/2005 (afb, ). (Entered: 12/02/2005) |
| 12/02/2005 | [302](#) | Proposed Findings of Fact by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Holdings, LLC. (Day, John) (Entered: 12/02/2005) |
| 12/02/2005 | [303](#) | NOTICE of Notice of Lodging [Deposition Transcript of James Markarian] by Corning Incorporated, Artificial Sensing Instruments ASI AG (Moore, David) (Entered: 12/02/2005) |
| 12/02/2005 | [304](#) | POST TRIAL BRIEF *[PLAINTIFFS' OPENING SUPPLEMENTAL POST-TRIAL BRIEF REGARDING ALLEGED INEQUITABLE CONDUCT]* by Corning Incorporated, Artificial Sensing Instruments ASI AG. (Attachments: # [1](#) Exhibit 1)(Moore, David) (Entered: 12/02/2005) |
| 12/02/2005 | [305](#) | Proposed Findings of Fact by Corning Incorporated, Artificial Sensing Instruments ASI AG. (Attachments: # [1](#) Exhibit 1)(Moore, David) (Entered: 12/02/2005) |

| 12/14/2005 | 306 | ANSWERING BRIEF in Opposition re 299 MOTION for Reconsideration re 297 Memorandum Opinion, 298 Order, *of November 15, 2005 [Plaintiffs' Opposition to SRU's Request for Reconsideration of November 15, 2005 Memorandum Opinion and Order]* filed by Corning Incorporated, Artificial Sensing Instruments ASI AG.Reply Brief due date per Local Rules is 12/21/2005. (Attachments: # 1 Exhibit A-C)(Moore, David) (Entered: 12/14/2005) |
| --- | --- | --- |
| 12/15/2005 | 310 | Letter to The Clerk from Steven J. Balick, dated 12/15/05 regarding problem with the color hightlights in Exhibit A to defts.' supplemental post-trial unenforceability brief (D.I. 301). (afb, ) (Entered: 12/20/2005) |
| 12/15/2005 | | CORRECTING ENTRY: Clerk replaced Exhibit A to Brief (D.I. 301) per Letter (D.I. 310). (afb, ) (Entered: 12/20/2005) |
| 12/16/2005 | 307 | POST TRIAL BRIEF *SRU's Answering Brief Related to Unenforceability of the '843 Patent re 304* by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Holdings, LLC. (Attachments: # 1 Exhibit Tab 1)(Day, John) (Entered: 12/16/2005) |
| 12/16/2005 | 308 | POST TRIAL BRIEF [PLAINTIFFS' SUPPLEMENTAL POST-TRIAL REPLY BRIEF REGARDING ALLEGED INEQUITABLE CONDUCT re:Docket Nos. 301 and 304] by Corning Incorporated, Artificial Sensing Instruments ASI AG. (Moore, David) Modified on 12/19/2005 (afb, ). (Entered: 12/16/2005) |
| 12/16/2005 | 309 | Proposed Findings of Fact by Corning Incorporated, Artificial Sensing Instruments ASI AG. (Moore, David) (Entered: 12/16/2005) |
| 12/20/2005 | 311 | Letter to The Honorable Joseph J. Farnan, Jr. from David E. Moore regarding [Enclosing courtesy copies of Findings of Fact on diskette] - re 309 Proposed Findings of Fact, 305 Proposed Findings of Fact. (Moore, David) (Entered: 12/20/2005) |
| 12/22/2005 | 312 | Letter to The Honorable Joseph J. Farnan from John G. Day regarding request for oral argument - re 299 MOTION for Reconsideration re 297 Memorandum Opinion, 298 Order, *of November 15, 2005*. (Day, John) (Entered: 12/22/2005) |
| 12/22/2005 | 313 | Letter to Judge Farnan from Richard L. Horwitz regarding opposition to Defendants' request for oral argument - re 312 Letter. (Horwitz, Richard) (Entered: 12/22/2005) |
| 01/20/2006 | 314 | MEMORANDUM OPINION re: D.I. 315. Signed by Judge Joseph J. Farnan, Jr. on 01/20/06. (afb, ) (Entered: 01/20/2006) |
| 01/20/2006 | 315 | ORDER that SRU's 299 Motion for Reconsideration is DENIED. Signed by Judge Joseph J. Farnan, Jr. on 01/20/06. (afb, ) (Entered: 01/20/2006) |
| 02/16/2006 | 316 | Letter to The Honorable Joseph J. Farnan from John G. Day regarding new Federal Circuit decision concerning inequitable conduct. (Attachments: # 1 Exhibit Tab 1)(Day, John) (Entered: 02/16/2006) |
| 02/17/2006 | 317 | Letter to The Honorable Joseph J. Farnan, Jr. from David E. Moore regarding Ferring B.V. v. Barr Labs., Inc., No. 05-1284 (Fed. Cir. Feb. 15, 2006). - re 316 Letter. (Moore, David) (Entered: 02/17/2006) |
| 03/07/2006 | 318 | MEMORANDUM OPINION re: D.I. 319. Signed by Judge Joseph J. Farnan, Jr. on 03/07/06. (afb, ) (Entered: 03/07/2006) |
| 03/07/2006 | 319 | ORDER that (1) United States Patent No. 4,815,843 is not unenforceable due to inequitable conduct; Pltfs. shall submit, with notice to Defts., a proposed final jgm. order and injunction Order within ten days of the date of this OrderNotice of Compliance deadline set for 3/21/2006. Signed by Judge Joseph J. Farnan, Jr. on 03/07/06. (afb, ) (Entered: 03/07/2006) |

| 03/21/2006 | 320 | Letter to The Honorable Joseph J. Farnan from David E. Moore regarding submission of proposed Judgment and proposed Permanent Injunction as set forth in the Court's March 7, 2006 Order (D.I. 319) - re 319 Order,, Set Deadlines,. (Attachments: # 1 Text of Proposed Order Exhibits 1-2 (proposed Judgment and proposed Permanent Injunction))(Moore, David) (Entered: 03/21/2006) |
|---|---|---|
| 03/21/2006 | 321 | Letter to Judge Joseph J. Farnan from John G. Day regarding plaintiffs' proposed judgment and permanent injunction. (Day, John) (Entered: 03/21/2006) |
| 03/24/2006 | 322 | Letter to The Honorable Joseph J. Farnan from John G. Day regarding plaintiffs' proposed form of permanent injunction. (Attachments: # 1 Text of Proposed Order Proposed Injunction Order)(Day, John) (Entered: 03/24/2006) |
| 03/30/2006 | 323 | Letter to The Honorable Joseph J. Farnan, Jr. from Richard L. Horwitz regarding response to defendants' March 24, 2006 letter regarding Corning's proposed injunction and proposed judgment - re 322 Letter. (Attachments: # 1 Exhibit 1-3)(Horwitz, Richard) (Entered: 03/30/2006) |
| 07/28/2006 | 324 | PERMANENT INJUNCTION ORDER, SRU enjoined from making, using, etc. BIND sensors. Within 5 days, SRU shall provide notice of injunction to all persons in participation with SRU, and within 10 days SRU shall provide Court and Plaintiffs with explanation of implementing this notice. Within 30 days, SRU to recall BIND sensors, and within 40 days SRU shall provide Court and Plaintiffs with explanation of implementing recall. Signed by Judge Joseph J. Farnan, Jr. on 7/28/06. (maw, ) (Entered: 07/28/2006) |
| 07/28/2006 | 325 | JUDGMENT, SRU infringed claims 1 and 2 of '843 patent and has not proven '843 patent to be invalid or unenforceable. SRU's counterclaims re non-infringement of '843 patent, invalidity of '843 patent, breach of contract, trade secret misappropriation, tortious interference, and unenforceability of '843 patent are dismissed with prejudice. SRU's counterclaims re non-infringement of '248 patent and invalidity of '248 patent are dismissed without prejudice. Corning's claims for monetary damages is dismissed with prejudice. Parties to submit bill of costs. Status Conference re willful infringement phase set for 9/7/06 at 10:30 AM . Signed by Judge Joseph J. Farnan, Jr. on 728/06. (maw, ) (Entered: 07/28/2006) |
| 07/28/2006 | | Set/Reset Hearings: Status Conference re scheduling of willful infringement phase set for 9/7/2006 10:30 AM in Courtroom 4B before Honorable Joseph J. Farnan, Jr.. (maw, ) (Entered: 07/28/2006) |
| 08/07/2006 | 326 | SEALED NOTICE of Defendants' Compliance with the Court's Permanent Injunction Order by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Holdings, LLC (Balick, Steven) (Entered: 08/07/2006) |
| 08/08/2006 | 327 | MOTION for Extension of Time to *[PLAINTIFFS CORNING INCORPORATED AND ARTIFICIAL SENSING INSTRUMENTS ASI AG'S UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO FILE REQUEST FOR ATTORNEYS' FEES]* - filed by Corning Incorporated, Artificial Sensing Instruments ASI AG. (Moore, David) (Entered: 08/08/2006) |
| 08/10/2006 | 330 | SO ORDERED, re 327 MOTION for Extension of Time to *[PLAINTIFFS CORNING INCORPORATED AND ARTIFICIAL SENSING INSTRUMENTS ASI AG'S UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO FILE REQUEST FOR ATTORNEYS' FEES]* filed by Corning Incorporated, Artificial Sensing Instruments ASI AG, Signed by Judge Joseph J. Farnan, Jr. on 8/10/06. (dab, ) (Entered: 08/14/2006) |
| 08/11/2006 | 328 | REDACTED VERSION of 326 Notice (Other) *(SRU's Notice of Compliance with Permanent Injunction Order)* by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Holdings, LLC. (Attachments: # 1 Exhibit A through C)(Balick, Steven) (Entered: 08/11/2006) |
| 08/11/2006 | 329 | MOTION for Attorney Fees - filed by Corning Incorporated, Artificial Sensing Instruments ASI AG. (Attachments: # 1 Text of Proposed Order)(Moore, David) (Entered: 08/11/2006) |

| 08/15/2006 | 331 | ORDER denying 329 Motion for Attorney Fees with leave to renew 14 days after entry of judgment following the willful infringement phase of this litigation. Signed by Judge Joseph J. Farnan, Jr. on 8/15/06. (dab, ) (Entered: 08/16/2006) |
|---|---|---|
| 08/24/2006 | 332 | NOTICE OF APPEAL to the Federal Circuit of 325 Judgment,,. Appeal filed by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Holdings, LLC. (Day, John) (Entered: 08/24/2006) |
| 08/24/2006 | | USCA Appeal Fees received: $ 455, receipt number 144538 re 332 Notice of Appeal (Federal Circuit) filed by SRU Biosystems LLC,, SRU Biosystems Inc.,,, SRU Biosystems Holdings, LLC,. TPO Issued. (ead, ) (Entered: 08/24/2006) |
| 08/28/2006 | | Notice of Appeal and Docket Sheet to US Court of Appeals for the Federal Circuit re 332 Notice of Appeal (Federal Circuit). (els, ) (Entered: 08/28/2006) |
| 08/28/2006 | | Notification regarding 332 Notice of Appeal (Federal Circuit) sent to Reporter Gaffigan (els, ) (Entered: 08/28/2006) |
| 08/30/2006 | 333 | TRANSCRIPT REQUEST by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Holdings, LLC TRANSCRIPT ALREADY ON FILE re 332 Notice of Appeal (Federal Circuit) (Day, John) (Entered: 08/30/2006) |
| 09/07/2006 | | Minute Entry for proceedings held before Judge Joseph J. Farnan, Jr. : Status Conference held on 9/7/2006. (Court Reporter Karen of Hawkins Reporting.) (dab, ) (Entered: 09/07/2006) |
| 09/07/2006 | 334 | NOTICE OF CROSS APPEAL to the Federal Circuit of 325 Judgment,, *and all orders, rulings, and judgment underlying the July 28, 2006 Order.* Cross Appeal filed by Corning Incorporated, Artificial Sensing Instruments ASI AG. Time of Filing: 4:18 PM. (Moore, David) (Entered: 09/07/2006) |
| 09/07/2006 | 335 | ORDER, Discovery Teleconference set for 12/6/2006 at 12:30 PM before Honorable Joseph J. Farnan, Jr. Letter memoranda due 12/4/2006 at 4:30 PM. Pretrial Conference set for 3/7/2007 at 1:00 PM in Courtroom 4B before Honorable Joseph J. Farnan, Jr. A two day bench trial on willful infringement to be held the week of 4/9/2007 or 4/16/2007. Parties to inform Court of preferences by 9/21/2007. Signed by Judge Joseph J. Farnan, Jr. on 9/7/2006. (maw, ) (Entered: 09/07/2006) |
| 09/07/2006 | | USCA Appeal Fees received: $ 455, receipt number 144651 re 334 Notice of Cross Appeal, filed by Corning Incorporated,, Artificial Sensing Instruments ASI AG,. (mwm, ) (Entered: 09/07/2006) |
| 09/07/2006 | | Set/Reset Deadlines: Notice of Compliance deadline set for 9/21/2007 for bench trial date preferences (maw, ) (Entered: 09/07/2006) |
| 09/08/2006 | 336 | AMENDED ORDER that 335 Scheduling Order is amended to reflect that the letters specified in paragraph 5 of the Order are due Thursday, September 21, 2006. . Signed by Judge Joseph J. Farnan, Jr. on 9/8/06. (dab, ) (Entered: 09/08/2006) |
| 09/08/2006 | | Set/Reset Deadlines: Notice of Compliance deadline for bench trial preferences set for 9/21/2006. (dab, ) (Entered: 09/08/2006) |
| 09/08/2006 | 337 | TRANSCRIPT REQUEST by Corning Incorporated, Artificial Sensing Instruments ASI AG - Transcript already on file re 334 Notice of Cross Appeal, (Moore, David) (Entered: 09/08/2006) |
| 09/11/2006 | 338 | NOTICE of Docketing Record on Appeal from USCA for the Federal Circuit re 332 Notice of Appeal (Federal Circuit) filed by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Holdings, LLC. USCA Case Number 2006-1609 (maw, ) (Entered: 09/11/2006) |
| 09/12/2006 | | Notice of Appeal and Docket Sheet to US Court of Appeals for the Federal Circuit re 334 Notice of Cross Appeal. (els, ) (Entered: 09/12/2006) |
| 09/12/2006 | | Notification regarding 334 Notice of Cross Appeal, sent to Reporter Gaffigan (els, ) (Entered: 09/12/2006) |

| 09/19/2006 | 339 | TRANSCRIPT of Status Conference held on 9/7/2006 before Judge Farnan. Court Reporter: Karen McCloskey, Hawkins Reporting. (Transcript on file in Clerk's Office) (maw, ) (Entered: 09/19/2006) |
| 09/21/2006 | 340 | Letter to The Honorable Joseph J. Farnan, Jr. from Richard L. Horwitz regarding available dates for bench trial on willful infringement - re 335 Scheduling Order,. (Horwitz, Richard) (Entered: 09/21/2006) |
| 09/26/2006 | 341 | NOTICE of Docketing Record on Appeal from USCA for the Federal Circuit re 334 Notice of Cross Appeal (Federal Circuit) filed by Corning Inc, Artificial Sensing Instruments ASI AG. USCA Case Number 2006-1632 (dab, ) (Entered: 09/26/2006) |
| 09/29/2006 | 342 | NOTICE OF SERVICE of SRU's Initial Disclosures Related to Willful Infringement by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Holdings, LLC.(Day, John) (Entered: 09/29/2006) |
| 09/29/2006 | 343 | NOTICE OF SERVICE of Plaintiffs' Supplemental Initial Disclosures Related to Willful Infringement Pursuant to Fed. R. Civ. P. 26(a)(1) by Corning Incorporated, Artificial Sensing Instruments ASI AG. (Moore, David) (Entered: 09/29/2006) |
| 10/11/2006 | 344 | NOTICE to Take Deposition of SRU Biosystems, LLC, SRU Biosystems, Inc. and SRU Biosystems Holdings, LLC on October 30, 2006 by Corning Incorporated, Artificial Sensing Instruments ASI AG. (Moore, David) (Entered: 10/11/2006) |
| 10/11/2006 | 345 | NOTICE OF SERVICE of Plaintiffs' First Set of Interrogatories to Defendants SRU Biosystems, LLC, SRU Biosystems, Inc. and SRU Biosystems Holdings, LLC Regarding Willful Infringement (Nos. 26-28) and Plaintiffs' First Set of Requests to Defendants for Production of Documents and Things Regarding Willful Infringement (Nos. 89-96) by Corning Incorporated, Artificial Sensing Instruments ASI AG.(Moore, David) (Entered: 10/11/2006) |
| 10/17/2006 | 346 | OBJECTIONS by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Holdings, LLC to 344 Notice to Take Deposition. (Day, John) (Entered: 10/17/2006) |
| 10/23/2006 | | Minute Entry for proceedings held before Judge Joseph J. Farnan, Jr. : Telephone Conference re Willfullness Discovery held on 10/23/2006. (Court Reporter Valerie Gunning.) (dab, ) (Entered: 10/24/2006) |
| 10/25/2006 | 347 | ORDER Setting Scheduling Order Deadlines Bench Trial set for 4/10/2007 and 4/11/07 09:00 AM in Courtroom 4B before Honorable Joseph J. Farnan, Jr. Signed by Judge Joseph J. Farnan, Jr. on 10/25/06. (dab, ) (Entered: 10/25/2006) |
| 10/31/2006 | 348 | NOTICE OF SERVICE of Defendants' First Set of Interrogatories to Plaintiffs Corning Incorporated and Artificial Sensing Instruments ASI AG Regarding Willfull Infringement (Nos. 17-22) by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Holdings, LLC.(Maguire, Lauren) (Entered: 10/31/2006) |
| 10/31/2006 | 349 | NOTICE OF SERVICE of Defendants' First Set of Requests for Production of Documents and Things Regarding Willful Infringement (Nos. 61-67) to Plaintiffs Corning Incorporated and Artificial Sensing Instruments ASI AG by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Holdings, LLC. (Maguire, Lauren) (Entered: 10/31/2006) |
| 11/10/2006 | 350 | NOTICE OF SERVICE of SRU's Responses to Plaintiff's First Set of Interrogatories Regarding Willful Infringement (Nos. 26-28) by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Holdings, LLC.(Day, John) (Entered: 11/10/2006) |
| 11/10/2006 | 351 | NOTICE OF SERVICE of SRU's Responses to Plaintiffs' First Set of Requests for Production of Documents and Things Regarding Willful Infringement (Nos. 89-96) by SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Holdings, LLC.(Day, John) (Entered: 11/10/2006) |
| 11/28/2006 | 352 | TRANSCRIPT of Telephone Conference held on 10/23/06 before Judge Farnan, Jr. Court Reporter: Valerie J. Gunning. (Transcript on file in Clerk's Office) (dab) (Entered: 11/30/2006) |

| 12/13/2006 | 353 | STIPULATION of Dismissal by Corning Incorporated, Artificial Sensing Instruments ASI AG, SRU Biosystems LLC, SRU Biosystems Inc., SRU Biosystems Holdings, LLC. (Day, John) (Entered: 12/13/2006) |
|---|---|---|
| 12/15/2006 | | SO ORDERED, re 353 Stipulation of Dismissal filed by SRU Biosystems Inc., Artificial Sensing Instruments ASI AG, SRU Biosystems Holdings, LLC, SRU Biosystems LLC, Corning Incorporated. Remaining issues re willful infringement and exceptional case are dismissed with prejudice, each party to bear its own attorney fees and costs.. Signed by Judge Joseph J. Farnan, Jr. on 12/15/2006. (maw) (Entered: 12/15/2006) |
| 12/15/2006 | | Remark: Please note a change of the procedure for filing non-case dispositive motions in patent cases. This procedure is effective immediately and shall be used in lieu of the discovery dispute procedure in all existing Scheduling Orders. Please see Standing Order for details at: http://www.ded.uscourts.gov/ JJF/CaseMgmt/ordrenondispmotions.pdf (dlk) (Entered: 12/15/2006) |
| 12/15/2006 | | CASE CLOSED (maw) (Entered: 12/15/2006) |
| 12/15/2006 | 354 | Final Report to the Commissioner of Patents and Trademarks for Patent/Trademark Number(s) 4,815,843; 5,071,248; (maw) (Entered: 12/15/2006) |
| 12/22/2006 | 355 | MANDATE of USCA for Federal Circuit as to 334 Notice of Cross Appeal, filed by Artificial Sensing Instruments ASI AG, Corning Incorporated, 332 Notice of Appeal (Federal Circuit) filed by SRU Biosystems Inc., SRU Biosystems Holdings, SRU Biosystems LLC. USCA Decision: Motion to Dismiss is Granted and each side shall bear its own costs. (dab) (Entered: 12/27/2006) |
| 07/19/2007 | 356 | ORDER (including procedural letter and docket sheet), directing the return of sealed documents to the parties. Signed by Judge Joseph J. Farnan, Jr. on 07/19/2007. (Attachments: # 1 letter to attorneys# 2 docket sheet# 3 documents to be claimed by plaintiff(s)# 4 documents to be claimed by defendant(s)) (lid) (Entered: 07/20/2007) |
| 08/01/2007 | 357 | ACKNOWLEDGMENT OF RECEIPT of the following sealed documents, signed on behalf of John G. Day, ESQ. : D.I. #'s 101,103,111,114,115,120,121,129,133,141,145,170,172,173,181,182,183,185,199,202,208,218,241,326. (lid) (Entered: 08/02/2007) |

|  PACER Service Center  |||
|---|---|---|
| **Transaction Receipt** |||
| 10/16/2007 18:08:27 |||
| **PACER Login:** | kv0159 | **Client Code:** | wyeth |
| **Description:** | Docket Report | **Search Criteria:** | 1:03-cv-00633-JJF Start date: 1/1/1970 End date: 10/16/2007 |
| **Billable Pages:** | 23 | **Cost:** | 1.84 |

# EXHIBIT 4

Westlaw.

96-CV-00192                                                              Page 1


          TO ORDER COPIES OF ANY DOCUMENTS LISTED BELOW, CALL WESTLAW COURTEXPRESS
               1-877-DOC-RETR (1-877-362-7387) (Additional Charges Apply).


For Opinion See: <u>170 F.R.D. 391</u> <u>1997 WL 158281</u>
                     **This docket is current through 01/15/2004**


               **For an updated version of this docket, click <u>UPDATE</u>**



Court:                          U. S. DISTRICT COURT OF DELAWARE (WILMINGTON)


Case Title:                     REVLON CONSUMER v. L'OREAL S.A., ET AL


Case:                           96-CV-00192


Judge:                          JUDGE <u>MURRAY M. SCHWARTZ</u>


Date Filed:                     04/12/1996


                        **CASE INFORMATION**


Case Number:                    1:96CV00192


Jury Demand:                    BOTH


Nature of Suit:                 PROPERTY RIGHTS:   PATENT  (830)


Key Nature of Suit:             INTELLECTUAL PROPERTY; PATENT (260.10)


Jurisdiction:                   FEDERAL QUESTION


Cause:                          <u>35 USC 271</u> PATENT INFRINGEMENT


                        **PARTICIPANT INFORMATION**

©  2007 Thomson/West. No Claim to Orig. US Gov. Works.

| | |
|---|---|
| **Plaintiff:** | REVLON CONSUMER PRODUCTS CORPORATION |
| **Attorney(s):** | JACK B. BLUMENFELD |
| **Firm Name:** | MORRIS, NICHOLS, ARSHT & TUNNELL |
| **Attorney Address:** | 1201 NORTH MARKET STREET |
| | P.O. BOX 1347 |
| | WILMINGTON, DE 19899 |
| **Attorney Phone:** | 302-658-9200 |

| | |
|---|---|
| **Defendant:** | L'OREAL S.A. |
| **Attorney(s):** | STANLEY C. MACEL, III |
| **Firm Name:** | CONNOLLY, BOVE, LODGE & HUTZ |
| **Attorney Address:** | 1220 MARKET BLDG. |
| | P.O. BOX 2207 |
| | WILMINGTON, DE 19899 |
| **Attorney Phone:** | 302-658-9141 |

| | |
|---|---|
| **Defendant:** | COSMAIR, INC. |
| **Attorney(s):** | JAMES D. HEISMAN |

| | |
|---|---|
| **Attorney(s):** | RUDOLF E. HUTZ |

| | |
|---|---|
| **Attorney(s):** | STANLEY C. MACEL, III |
| **Firm Name:** | CONNOLLY, BOVE, LODGE & HUTZ |
| **Attorney Address:** | 1220 MARKET BLDG. |
| | P.O. BOX 2207 |
| | WILMINGTON, DE 19899 |
| **Attorney Phone:** | 302-658-9141 |

| | |
|---|---|
| **Defendant:** | COSMAIR CANADA, INC. |
| **Party Terminated:** | [TERM  05/21/96] |

| | |
|---|---|
| **Defendant:** | MAYBELLINE, INC. |
| **Attorney(s):** | JAMES D. HEISMAN |

| | |
|---|---|
| **Attorney(s):** | RUDOLF E. HUTZ |

| | |
|---|---|
| **Attorney(s):** | STANLEY C. MACEL, III |

©  2007 Thomson/West. No Claim to Orig. US Gov. Works.

| | |
|---|---|
| **Defendant:** | MAYBELLINE SALES INC |
| **Attorney(s):** | JAMES D. HEISMAN |
| **Attorney(s):** | RUDOLF E. HUTZ |
| **Attorney(s):** | STANLEY C. MACEL, III |

**Other Party Name:** COSMAIR, INC. COUNTER-CLAIMANT V. REVLON CONSUMER PRODUCTS CORPORATION COUNTER-DEFENDANT MAYBELLINE SALES INC COUNTER-CLAIMANT V. REVLON CONSUMER PRODUCTS CORPORATION COUNTER-DEFENDANT MAYBELLINE, INC. COUNTER-CLAIMANT V. REVLON CONSUMER PRODUCTS CORPORATION COUNTER-DEFENDANT

| | |
|---|---|
| **Attorney(s):** | JAMES D. HEISMAN |
| **Attorney(s):** | RUDOLF E. HUTZ |
| **Attorney(s):** | STANLEY C. MACEL, III |
| **Firm Name:** | CONNOLLY, BOVE, LODGE & HUTZ |
| **Attorney Address:** | 1220 MARKET BLDG. |
| | P.O. BOX 2207 |
| | WILMINGTON, DE19899 |
| **Attorney Phone:** | 302-658-9141 |
| **Attorney(s):** | JACK B. BLUMENFELD |
| **Firm Name:** | MORRIS, NICHOLS, ARSHT & TUNNELL |
| **Attorney Address:** | 1201 NORTH MARKET STREET |
| | P.O. BOX 1347 |
| | WILMINGTON, DE19899 |
| **Attorney Phone:** | 302-658-9200 |
| **Attorney(s):** | JAMES D. HEISMAN |
| **Attorney(s):** | RUDOLF E. HUTZ |
| **Attorney(s):** | STANLEY C. MACEL, III |
| **Firm Name:** | CONNOLLY, BOVE, LODGE & HUTZ |
| **Attorney Address:** | 1220 MARKET BLDG. |
| | P.O. BOX 2207 |
| | WILMINGTON, DE19899 |
| **Attorney Phone:** | 302-658-9141 |
| **Attorney(s):** | JACK B. BLUMENFELD |

| | |
|---|---|
| **Firm Name:** | MORRIS, NICHOLS, ARSHT & TUNNELL |
| **Attorney Address:** | 1201 NORTH MARKET STREET |
| | P.O. BOX 1347 |
| | WILMINGTON, DE19899 |
| **Attorney Phone:** | 302-658-9200 |
| | |
| **Attorney(s):** | JAMES D. HEISMAN |
| | |
| **Attorney(s):** | RUDOLF E. HUTZ |
| | |
| **Attorney(s):** | STANLEY C. MACEL, III |
| **Firm Name:** | CONNOLLY, BOVE, LODGE & HUTZ |
| **Attorney Address:** | 1220 MARKET BLDG. |
| | P.O. BOX 2207 |
| | WILMINGTON, DE19899 |
| **Attorney Phone:** | 302-658-9141 |
| | |
| **Attorney(s):** | JACK B. BLUMENFELD |
| | |
| **Firm Name:** | MORRIS, NICHOLS, ARSHT & TUNNELL |
| **Attorney Address:** | 1201 NORTH MARKET STREET |
| | P.O. BOX 1347 |
| | WILMINGTON, DE19899 |
| **Attorney Phone:** | 302-658-9200 |

**DOCKET PROCEEDINGS**

| Entry#: | Date: | Description: |
|---|---|---|
| 205 | 10/23/1998 | NOTICE OF ACKNOWLEDGMENT OF RECEIPT OF RETURNED DOCS. (ITEM 55) BY STANLEY C. MACEL, III, ESQUIRE OF CONNOLLY, BOVE, LODGE & HUTZ (DS) |
| | | Order Document for Later Delivery |
| 204 | 10/14/1998 | NOTICE OF ACKNOWLEDGMENT OF RECEIPT OF RETURNED DOCS. (ITEM 57) BY JACK B. BLUMENFELD, ESQ. OF MORRIS, NICHOLS, ARSHT & TUNNELL (DS) |
| | | Order Document for Later Delivery |
| 203 | 08/20/1998 | NOTICE OF ACKNOWLEDGMENT OF RECEIPT OF RETURNED |

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

DOCS. BY JACK B. BLUMENFELD, ESQUIRE OF MORRIS, NICHOLS, ARSHT & TUNNELL (DS)

Order Document for Later Delivery

| 202 | 08/14/1998 | NOTICE OF ACKNOWLEDGEMENT OF RECEIPT OF RETURNED DOCS. BY JAMES D. HEISMAN, ESQUIRE OF CONNOLLY, BOVE, LODGE & HUTZ (DS) |

Order Document for Later Delivery

| 201 | 08/14/1998 | ORDER DIRECTING RETURN OF SEALED DOCUMENTS TO THE PARTIES (SIGNED BY JUDGE MURRAY M. SCHWARTZ) COPIES TO: CNSL (DS) |

Order Document for Later Delivery

| -- | 06/27/1997 | EXIT FINAL JUDGMENT TO COMMISSIONER OF PATENTS AND TRADEMARKS WASHINGTON, DC (DS) |

Order Document for Later Delivery

| -- | 06/27/1997 | CASE CLOSED (DS) |

Order Document for Later Delivery

| -- | 06/27/1997 | SO ORDERED GRANTING [200-1] DISMISS/DISMISSAL STIPULATION (SIGNED BY JUDGE MURRAY M. SCHWARTZ) NOTICE TO ALL PARTIES. (DS) |

Order Document for Later Delivery

| 200 | 06/23/1997 | STIPULATION OF DISMISSAL WITH PREJUDICE AND WITHOUT COSTS TO ANY PARTY; PROPOSED ORDER (DS) [ENTRY DATE 06/25/97] |

Order Document for Later Delivery

| -- | 04/28/1997 | DEADLINE UPDATED PER CALENDAR NOTICE MOTION HEARING SET FOR 11:00 6/24/97 FOR [168-1] MOTION FOR PARTIAL SUMMARY JUDGMENT, SET FOR 11:00 6/24/97 FOR [164-1] MOTION FOR SUMMARY JUDGMENT AND PARTIAL SUMMARY JUDGMENT (DS) [ENTRY DATE 04/29/97] |

Order Document for Later Delivery

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

199          04/09/1997          SUPPLEMENTAL AFFIDAVIT OF ROBERT N. KRAVITZ RE:
                                 [197-1] REPLY BRIEF (SEALED) (DS) [ENTRY DATE
                                 04/10/97]

                                 Order Document for Later Delivery


198          04/09/1997          SUPPLEMENTAL AFFIDAVIT OF ROBERT Y. LOCHHEAD RE:
                                 [197-1] REPLY BRIEF (SEALED) (DS) [ENTRY DATE
                                 04/10/97] [EDIT DATE 04/10/97]

                                 Order Document for Later Delivery


197          04/09/1997          REPLY BRIEF FILED BY REVLON CONSUMER [168-1] MOTION
                                 FOR PARTIAL SUMMARY JUDGMENT (SEALED) (DS) [ENTRY
                                 DATE 04/10/97]

                                 Order Document for Later Delivery


196          04/09/1997          EXHIBITS 1-7 IN SUPPORT OF MEMORANDUM IN REPLY
                                 FILED BY L'OREAL S.A., COSMAIR, INC., MAYBELLINE,
                                 INC., MAYBELLINE SALES INC APPENDING [195-1] REPLY
                                 BRIEF (SEALED) (DS) [ENTRY DATE 04/10/97]

                                 Order Document for Later Delivery


195          04/09/1997          MEMORANDUM IN REPLY FILED BY L'OREAL S.A., COSMAIR,
                                 INC., MAYBELLINE, INC., MAYBELLINE SALES INC [164-
                                 1] MOTION FOR SUMMARY JUDGMENT AND PARTIAL SUMMARY
                                 JUDGMENT (SEALED) (DS) [ENTRY DATE 04/10/97]

                                 Order Document for Later Delivery


194          03/27/1997          AFFIDAVIT OF JAMES CYGIELMAN RE: [187-1] ANSWER
                                 BRIEF (SEALED) (DS) [ENTRY DATE 03/28/97]

                                 Order Document for Later Delivery


193          03/27/1997          AFFIDAVIT OF DAVID C. STEINBERG RE: [187-1] ANSWER
                                 BRIEF (SEALED) (DS) [ENTRY DATE 03/28/97]

                                 Order Document for Later Delivery


192          03/27/1997          AFFIDAVIT OF ROBERT Y. LOCHHEAD RE: [187-1] ANSWER
                                 BRIEF (SEALED) (DS) [ENTRY DATE 03/28/97]

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

Order Document for Later Delivery

191        03/27/1997        AFFIDAVIT OF PETER M. TROUP RE: [187-1] ANSWER
                             BRIEF (SEALED) (DS) [ENTRY DATE 03/28/97]

Order Document for Later Delivery

190        03/27/1997        AFFIDAVIT OF JERRY A. HAUSMAN RE: [187-1] ANSWER
                             BRIEF (SEALED) (DS) [ENTRY DATE 03/28/97]

Order Document for Later Delivery

189        03/27/1997        ATKINS AFFIDAVIT VOLUME II RE: [187-1] ANSWER BRIEF
                             (SEALED) (DS) [ENTRY DATE 03/28/97]

Order Document for Later Delivery

188        03/27/1997        ATKINS AFFIDAVIT VOLUME 1 RE: [187-1] ANSWER BRIEF
                             (SEALED) (DS) [ENTRY DATE 03/28/97]

Order Document for Later Delivery

187        03/27/1997        ANSWER BRIEF FILED BY REVLON CONSUMER [164-1]
                             MOTION FOR SUMMARY JUDGMENT AND PARTIAL SUMMARY
                             JUDGMENT (SEALED) (DS) [ENTRY DATE 03/28/97]

Order Document for Later Delivery

186        03/26/1997        EXHIBITS 1-41 FILED BY L'OREAL S.A., COSMAIR, INC.,
                             MAYBELLINE, INC., MAYBELLINE SALES INC APPENDING
                             [185-1] ANSWER BRIEF (SEALED) (DS) [ENTRY DATE
                             03/28/97]

Order Document for Later Delivery

185        03/26/1997        MEMORANDUM IN OPPOSITION FILED BY L'OREAL S.A.,
                             COSMAIR, INC., MAYBELLINE, INC., MAYBELLINE SALES
                             INC [168-1] MOTION FOR PARTIAL SUMMARY JUDGMENT ON
                             (I) INEQUITABLE CONDUCT, (II) NEW MATTER AND (III)
                             INFRINGEMENT ISSUES (SEALED) (DS) [ENTRY DATE
                             03/28/97]

Order Document for Later Delivery

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

184        03/26/1997        ORDER GRANTING [147-1] MOTION TO PRECLUDE THE
                             TESTIMONY OF DEFENDANTS' PATENT LAW EXPERT, JOHN
                             WITHERSPOON (SIGNED BY JUDGE MURRAY M. SCHWARTZ)
                             COPIES TO: CNSL (DS) [ENTRY DATE 03/28/97]

                             Order Document for Later Delivery


183        03/26/1997        MEMORANDUM OPINION (SIGNED BY JUDGE MURRAY M.
                             SCHWARTZ) COPIES TO: CNSL (DS) [ENTRY DATE
                             03/28/97]

                             Order Document for Later Delivery


182        03/25/1997        ORDER DENYING [175-1] MOTION TO PRECLUDE TESTIMONY
                             BY DR. WALLACE (SIGNED BY JUDGE MURRAY M. SCHWARTZ)
                             COPIES TO: CNSL (DS) [ENTRY DATE 03/28/97]

                             Order Document for Later Delivery


--         03/21/1997        DEADLINE UPDATED PER STIP. (SEE D.I.181) RESET
                             ANSWER BRIEF DEADLINE TO 3/26/97 RE: [168-1] MOTION
                             FOR PARTIAL SUMMARY JUDGMENT, RE: [164-1] MOTION
                             FOR SUMMARY JUDGMENT AND PARTIAL SUMMARY JUDGMENT,
                             SET REPLY BRIEF DEADLINE TO 4/9/97 RE: [168-1]
                             MOTION FOR PARTIAL SUMMARY JUDGMENT, RE: [164-1]
                             MOTION FOR SUMMARY JUDGMENT AND PARTIAL SUMMARY
                             JUDGMENT (DS)

                             Order Document for Later Delivery


--         03/21/1997        SO ORDERED GRANTING [181-1] STIPULATION (SIGNED BY
                             JUDGE MURRAY M. SCHWARTZ) NOTICE TO ALL PARTIES.
                             (DS)

                             Order Document for Later Delivery


181        03/20/1997        STIPULATION TO AMEND THE BRIEFING SCHEDULE ON
                             PENDING SUMMARY JUDGMENT MOTIONS WITH PROPOSED
                             ORDER (LJ)

                             Order Document for Later Delivery


180        03/17/1997        SEALED LETTER FROM JACK B. BLUMENFELD TO JUDGE
                             SCHWARTZ (LJ) [ENTRY DATE 03/19/97]

                             Order Document for Later Delivery

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

179            03/11/1997        STENO NOTES FOR 3/6/97 CONTINUATION OF HEARING BY
                                 CT RPTR KEVIN MAURER (DS) [ENTRY DATE 03/12/97]

                                 Order Document for Later Delivery


178            03/11/1997        TRANSCRIPT FILED FOR DATES OF 3/6/97 CONTINUATION
                                 OF HEARING (DS) [ENTRY DATE 03/12/97]

                                 Order Document for Later Delivery


177            03/11/1997        TRANSCRIPT FILED FOR DATES OF 3/6/97 HEARING (DS)
                                 [ENTRY DATE 03/12/97]

                                 Order Document for Later Delivery


--             03/06/1997        HEARING HELD RE DISCOVERY DISPUTE; DISCOVERY
                                 DISPUTE WHETHER WALLACE SUPPL. REPORT COULD BE
                                 SUBMITTED. ORDER WILL ISSUE (DS) [ENTRY DATE
                                 04/03/97]

                                 Order Document for Later Delivery


176            03/05/1997        EXHIBITS SUBMITTED BY PLAINTIFF FILED BY REVLON
                                 CONSUMER IN SUPPORT OF MOTION TO PRECLUDE TESTIMONY
                                 BY DR. WALLACE (SEALED) (DS) [ENTRY DATE 03/07/97]
                                 [EDIT DATE 03/07/97]

                                 Order Document for Later Delivery


175            03/05/1997        LETTER MOTION BY REVLON CONSUMER TO PRECLUDE
                                 TESTIMONY BY DR. WALLACE (DS) [ENTRY DATE 03/07/97]

                                 Order Document for Later Delivery


174            03/03/1997        EXPERT REPORT OF DR. ROBERT Y. LOCHHEAD (SEALED)
                                 (DS) [ENTRY DATE 03/06/97]

                                 Order Document for Later Delivery


173            03/03/1997        AFFIDAVIT OF JACK B. BLUMENFELD RE: [168-1] MOTION
                                 FOR PARTIAL SUMMARY JUDGMENT (DS) [ENTRY DATE
                                 03/06/97]


©  2007 Thomson/West. No Claim to Orig. US Gov. Works.

Order Document for Later Delivery

172      03/03/1997      AFFIDAVIT OF CURTIS D. KLAASSEN, PH.D. RE: [168-1]
                         MOTION FOR PARTIAL SUMMARY JUDGMENT (DS) [ENTRY
                         DATE 03/06/97]


                         Order Document for Later Delivery

171      03/03/1997      KRAVITZ AFFIDAVIT VOLUME II (EXHIBITS 4-51) RE:
                         [168-1] MOTION FOR PARTIAL SUMMARY JUDGMENT
                         (SEALED) (DS) [ENTRY DATE 03/06/97]


                         Order Document for Later Delivery

170      03/03/1997      KRAVITZ AFFIDAVIT VOLUME I (EXHIBITS 1-3) RE: [168-
                         1] MOTION FOR PARTIAL SUMMARY JUDGMENT (SEALED)
                         (DS) [ENTRY DATE 03/06/97] [EDIT DATE 03/06/97]


                         Order Document for Later Delivery

169      03/03/1997      OPENING BRIEF FILED BY REVLON CONSUMER [168-1]
                         MOTION FOR PARTIAL SUMMARY JUDGMENT. ANSWER BRIEF
                         DUE 3/17/97 (SEALED) (DS) [ENTRY DATE 03/06/97]


                         Order Document for Later Delivery

168      03/03/1997      MOTION BY REVLON CONSUMER FOR PARTIAL SUMMARY
                         JUDGMENT (DS) [ENTRY DATE 03/06/97]


                         Order Document for Later Delivery

167      03/03/1997      EXHIBITS TO DEFENDANTS' MOTION FOR SUMMARY
                         JUDGMENT-CONFIDENTIAL EXHIBITS 1-19 AND 21-37 FILED
                         BY L'OREAL S.A., COSMAIR, INC., MAYBELLINE, INC.,
                         MAYBELLINE SALES INC APPENDING [165-1] OPENING
                         BRIEF (SEALED) (DS) [ENTRY DATE 03/06/97]


                         Order Document for Later Delivery

166      03/03/1997      EXHIBITS TO DEFENDANTS' MOTION FOR SUMMARY
                         JUDGMENT-EXHIBIT 20 FILED BY L'OREAL S.A., COSMAIR,
                         INC., MAYBELLINE, INC., MAYBELLINE SALES INC
                         APPENDING [165-1] OPENING BRIEF (DS) [ENTRY DATE
                         03/06/97]


                         Order Document for Later Delivery

©  2007 Thomson/West. No Claim to Orig. US Gov. Works.

165          03/03/1997        MEMORANDUM IN SUPPORT FILED BY L'OREAL S.A.,
                               COSMAIR, INC., MAYBELLINE, INC., MAYBELLINE SALES
                               INC [164-1] MOTION FOR SUMMARY JUDGMENT OF
                               INVALIDITY BASED ON OBVIOUSNESS, AND PARTIAL
                               SUMMARY JUDGMENT BASED ON NEW MATTER AND FOR
                               PARTIAL SUMMARY JUDGMENT LIMITING PLAINTIFF'S
                               DAMAGE CLAIMS. ANSWER BRIEF DUE 3/18/96 (SEALED)
                               (DS) [ENTRY DATE 03/06/97] [EDIT DATE 03/06/97]

                               Order Document for Later Delivery


164          03/03/1997        MOTION BY L'OREAL S.A., COSMAIR, INC., MAYBELLINE,
                               INC., MAYBELLINE SALES INC FOR SUMMARY JUDGMENT AND
                               PARTIAL SUMMARY JUDGMENT (SEALED) (DS) [ENTRY DATE
                               03/06/97] [EDIT DATE 03/06/97]

                               Order Document for Later Delivery


--           02/28/1997        DEADLINE UPDATED PER CALENDAR NOTICE SET IN
                               CHAMBERS CONFERENCE FOR 11:30 3/6/97 RE DISCOVERY
                               DISPUTE (DS) [ENTRY DATE 03/06/97]

                               Order Document for Later Delivery


--           02/20/1997        DEADLINE UPDATED PER STIP. (SEE D.I.163) SET
                               SCHEDULING ORDER DEADLINES: DEADLINE FOR FILING
                               DISPOSITIVE MOTIONS W/OB BY 3/3/97 ANS.BR. DUE
                               3/21/97, RPLY.BR. DUE 3/31/97 (DS) [ENTRY DATE
                               02/21/97]

                               Order Document for Later Delivery


--           02/20/1997        SO ORDERED GRANTING [163-1] STIPULATION (SIGNED BY
                               JUDGE MURRAY M. SCHWARTZ) NOTICE TO ALL PARTIES.
                               (DS) [ENTRY DATE 02/21/97]

                               Order Document for Later Delivery


163          02/20/1997        STIPULATION WITH PROPOSED ORDER RE AMENDING THE
                               11/27/96 STIPULATION AND ORDER; CASE DISPOSITIVE
                               MOTIONS W/OB DUE 3/3/97, ANS.BR. DUE 3/21/97,
                               RPLY.BR. DUE 3/31/97, OPEN. & ANSWER. BRIEFS SHALL
                               NOT EXCEED 50 PGS., RPLY.BR. SHALL NOT EXCEED 25
                               PGS. (DS)

                               Order Document for Later Delivery


©  2007 Thomson/West. No Claim to Orig. US Gov. Works.

162          02/20/1997          SUPPLEMENTAL EXPERT REPORT OF DR. WANDA A. WALLACE
                                 (SEALED) (DS)

                                 Order Document for Later Delivery


161          02/12/1997          ORDER THAT "SILICONE ESTER WAXES" ARE SILICONE
                                 POLYMERS WITH ATTACHED ESTER GROUPS AND WAXLIKE
                                 PHYSICAL PROPERTIES INCLUDING LINEAR SILICONE
                                 ESTERS; "TRANSFER RESISTANCE" MEANS THE TENDENCY OF
                                 A COSMETIC NOT TO TRANSFER TO OTHER SURFACES,
                                 INCLUDING SKIN, CLOTHING, GLASSWARE AND SILVERWARE;
                                 DENYING [96-1] MOTION TO AMEND BY SUPPL. RESP. THE
                                 RESPS. TO PLTF'S 1ST SET OF REQSTS. FOR ADMISSIONS
                                 TO MAYBELLINE DEFTS. AND TO L'OREAL DEFTS. (SIGNED
                                 BY JUDGE MURRAY M. SCHWARTZ) COPIES TO: CNSL (DS)

                                 Order Document for Later Delivery


160          02/12/1997          OPINION (SIGNED BY JUDGE MURRAY M. SCHWARTZ) COPIES
                                 TO: CNSL (DS)

                                 Order Document for Later Delivery


159          01/29/1997          TRANSCRIPT FILED [0-0] TELEPHONE CONFERENCE FOR
                                 DATES OF 1/15/97 (DS) [ENTRY DATE 01/30/97]

                                 Order Document for Later Delivery


--           01/17/1997          TELE-CONFERENCE HELD RE MOTION TO AMEND. (DS)
                                 [ENTRY DATE 01/22/97]

                                 Order Document for Later Delivery


158          01/17/1997          STENO NOTES FOR 1/15/97 TELE-CONFERENCE BY CT RPTR
                                 LEONARD DIBBS (DS) [ENTRY DATE 01/21/97]

                                 Order Document for Later Delivery


--           01/15/1997          TELE-CONFERENCE HELD RE TRANSFER RESISTANCE;
                                 PARTIES WILL NOT STIPULATE RE:MEANING OF TRANSFER
                                 RESISTANCE. (DS) [ENTRY DATE 01/16/97]

                                 Order Document for Later Delivery


--           01/14/1997          DEADLINE UPDATED PER CHAMBERS SET TELEPHONE
                                 CONFERENCE FOR 3:00 1/15/97 (DS)

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

Order Document for Later Delivery

157          12/27/1996     REPLY IN SUPPORT BY REVLON CONSUMER TO [147-1]
                            MOTION TO PRECLUDE THE TESTIMONY OF DEFENDANTS'
                            PATENT LAW EXPERT, JOHN WITHERSPOON (DS)


Order Document for Later Delivery

156          12/26/1996     REPLY MEMORANDUM IN SUPPORT BY REVLON CONSUMER TO
                            [152-1] MOTION FOR LEAVE TO FILE POST-MARKMAN
                            HEARING REBUTTAL MEMORANDUM (DS) [ENTRY DATE
                            12/27/96]


Order Document for Later Delivery

155          12/23/1996     RESPONSE BY L'OREAL S.A., COSMAIR, INC.,
                            MAYBELLINE, INC., MAYBELLINE SALES INC IN
                            OPPOSITION TO [152-1] MOTION FOR LEAVE TO FILE
                            POST-MARKMAN HEARING REBUTTAL MEMORANDUM OR IN THE
                            ALTERNATIVE TO FILE AN ADDITIONAL REBUTTAL
                            MEMORANDUM FOR THE DEFTS. (DS) [ENTRY DATE
                            12/27/96]


Order Document for Later Delivery

154          12/23/1996     PARTIAL OPPOSITION BY L'OREAL S.A., COSMAIR, INC.,
                            MAYBELLINE, INC., MAYBELLINE SALES INC TO [147-1]
                            MOTION TO PRECLUDE THE TESTIMONY OF DEFENDANTS'
                            PATENT LAW EXPERT, JOHN WITHERSPOON (DS) [ENTRY
                            DATE 12/27/96]


Order Document for Later Delivery

--           12/20/1996     SO ORDERED GRANTING [153-1] STIPULATION (SIGNED BY
                            JUDGE MURRAY M. SCHWARTZ) NOTICE TO ALL PARTIES.
                            (DS)

Order Document for Later Delivery

153          12/19/1996     STIPULATION WITH PROPOSED ORDER RE PARA. 5(A) OF
                            THE 10/30/96 AMENDED STIPULATED SCHEDULING ORDER IS
                            AMENDED; EXPERT DEPOSITIONS TO BE COMPLETED BY
                            1/17/97 (DS)


Order Document for Later Delivery

©  2007 Thomson/West. No Claim to Orig. US Gov. Works.

152            12/13/1996        MOTION BY REVLON CONSUMER FOR LEAVE TO FILE POST-
                                 MARKMAN HEARING REBUTTAL MEMORANDUM ANSWER BRIEF
                                 DUE 12/27/96 RE: [152-1] MOTION (DS) [ENTRY DATE
                                 12/16/96]


                                 Order Document for Later Delivery


151            12/10/1996        CERTIFICATE OF SERVICE BY L'OREAL S.A., COSMAIR,
                                 INC., MAYBELLINE, INC., MAYBELLINE SALES INC RE
                                 REBUTTAL EXPERT REPORTS OF CHARLES FOX AND JOHN
                                 REINHARDT (DS) [ENTRY DATE 12/11/96]


                                 Order Document for Later Delivery


150            12/10/1996        CERTIFICATE OF SERVICE BY L'OREAL S.A., COSMAIR,
                                 INC., MAYBELLINE, INC., MAYBELLINE SALES INC RE
                                 EXPERT REPORTS OF DAVID E. YURKERWICH AND ELIZABETH
                                 JERRETT (DS) [ENTRY DATE 12/11/96]


                                 Order Document for Later Delivery


149            12/10/1996        CERTIFICATE OF SERVICE BY L'OREAL S.A., COSMAIR,
                                 INC., MAYBELLINE, INC., MAYBELLINE SALES INC RE
                                 EXPERT REPORTS OF DR. WANDA A. WALLACE AND DORIS
                                 CRARY (DS) [ENTRY DATE 12/11/96]


                                 Order Document for Later Delivery


148            12/10/1996        CERTIFICATE OF SERVICE BY REVLON CONSUMER RE EXPERT
                                 REPORT OF HARRY F. MANBECK, JR., 2ND EXPERT REPORT
                                 OF DR. ROBERT Y. LOCHHEAD, EXPERT REPORT OF ROBERT
                                 L. GOLDEMBERG, EXPERT REPORT OF DAVID C. STEINBERG
                                 AND EXPERT REPORT OF CURTIS D. KLAASSEN, PH.D. (DS)


                                 Order Document for Later Delivery


147            12/09/1996        MOTION BY REVLON CONSUMER TO PRECLUDE THE TESTIMONY
                                 OF DEFENDANTS' PATENT LAW EXPERT, JOHN WITHERSPOON
                                 ANSWER BRIEF DUE 12/23/96 RE: [147-1] MOTION (DS)
                                 [ENTRY DATE 12/10/96]

                                 Order Document for Later Delivery


146            12/09/1996        CERTIFICATE OF SERVICE BY L'OREAL S.A., COSMAIR,
                                 INC., MAYBELLINE, INC., MAYBELLINE SALES INC RE
                                 DEFTS' 1ST SET OF REQSTS. TO PLTF. FOR PRODUCTION
                                 OF DOCS. & THINGS RELATING TO EXPERT TESTIMONY (DS)
                                 [ENTRY DATE 12/10/96]

©  2007 Thomson/West. No Claim to Orig. US Gov. Works.

Order Document for Later Delivery

145          12/09/1996      ERRATA FILED BY DEFENDANTS RE PAGE 2 OF DEFT'S
                             REPLY TO PLTF'S POST-MARKMAN HEARING MEMORANDUM
                             (DS) [ENTRY DATE 12/10/96]


Order Document for Later Delivery

144          12/05/1996      DEFENDANTS' STATEMENT REGARDING TRANSFER RESISTANCE
                             (DS)


Order Document for Later Delivery

143          12/05/1996      ERRATA FILED BY DEFENDANTS RE DEFTS' SUPPL. MARKMAN
                             SUBMISSION (DS)


Order Document for Later Delivery

142          12/04/1996      DEFENDANTS' REPLY TO PLAINTIFF'S POST-MARKMAN
                             HEARING MEMORANDUM BY L'OREAL S.A., COSMAIR, INC.,
                             MAYBELLINE, INC., MAYBELLINE SALES INC; W/ATTACHED
                             SEALED EXHIBITS (DS) [ENTRY DATE 12/05/96]


Order Document for Later Delivery

141          12/04/1996      POST-MARKMAN HEARING REPLY MEMORANDUM BY REVLON
                             CONSUMER CONCERNING CLAIM CONSTRUCTION ISSUES
                             (SEALED) (DS) [ENTRY DATE 12/05/96]


Order Document for Later Delivery

140          11/27/1996      PLAINTIFF REVLON'S OPENING POST-MARKMAN HEARING
                             MEMORANDUM CONCERNING CLAIM CONSTRUCTION ISSUES
                             (SEALED) (DS) [ENTRY DATE 12/02/96] [EDIT DATE
                             12/02/96]


Order Document for Later Delivery

139          11/27/1996      DEFENDANTS' SUPPLEMENTAL MARKMAN SUBMISSION (DS)
                             [ENTRY DATE 12/02/96]


Order Document for Later Delivery

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

| -- | 11/27/1996 | SO ORDERED GRANTING [138-1] STIPULATION (SIGNED BY JUDGE MURRAY M. SCHWARTZ) NOTICE TO ALL PARTIES. (DS) [ENTRY DATE 12/02/96] [EDIT DATE 12/02/96] |

Order Document for Later Delivery

| 138 | 11/26/1996 | STIPULATION WITH PROPOSED ORDER RE AMENDING THE 10/30/96 AMENDED STIPULATED SCHEDULING ORDER; REBUTTAL EXPERT REPORTS DUE 12/9/96, EXPERT DEPOSITIONS DUE 1/10/97, CASE DISPOSITIVE MOTIONS DUE 2 WEEKS AFTER THE CT RULES ON CLAIM CONSTRUCTION OR 1/24/97 WHICHEVER OCCURS LATER. (DS) [EDIT DATE 12/02/96] |

Order Document for Later Delivery

| 137 | 11/22/1996 | SUBMISSION OF ADDENDUM TO CURRICULUM VITAE OF PROFESSOR JAMES E. MCGRATH (DS) [ENTRY DATE 11/25/96] |

Order Document for Later Delivery

| -- | 11/20/1996 | SO ORDERED GRANTING [129-1] MOTION FOR CHRISTINA M. GADIANO TO APPEAR PRO HAC VICE GRANTING [130-1] MOTION FOR RICHARD D. KELLY TO APPEAR PRO HAC VICE GRANTING [131-1] MOTION FOR JEAN-PAUL LAVALLEYE TO APPEAR PRO HAC VICE (SIGNED BY JUDGE MURRAY M. SCHWARTZ) NOTICE TO ALL PARTIES. (DS) |

Order Document for Later Delivery

| 136 | 11/19/1996 | CERTIFICATE OF SERVICE BY L'OREAL S.A., COSMAIR, INC., MAYBELLINE, INC., MAYBELLINE SALES INC RE MAYBELLINE DEFTS' SUPPL. RESPS. TO PLTF'S 1ST SET OF INTERROGS. & COSMAIR INC'S SUPPL. RESPS. TO PLTF'S 1ST SET OF INTERROGS. (DS) [ENTRY DATE 11/20/96] |

Order Document for Later Delivery

| 135 | 11/19/1996 | CERTIFICATE OF SERVICE BY L'OREAL S.A., COSMAIR, INC., MAYBELLINE, INC., MAYBELLINE SALES INC RE EXPERT REPORTS OF CHARLES FOX, PROFESSOR JAMES EDWARD MCGRATH, JOHN G. REINHARDT AND JOHN WITHERSPOON (DS) [ENTRY DATE 11/20/96] |

Order Document for Later Delivery

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

134         11/19/1996      CERTIFICATE OF SERVICE BY L'OREAL S.A., COSMAIR,
                            INC., MAYBELLINE, INC., MAYBELLINE SALES INC RE
                            EXPERT REPORT OF FRANCIS W. BUSCH AND EXPERT REPORT
                            OF EUGENE M. LASKA (DS) [ENTRY DATE 11/20/96]

                            Order Document for Later Delivery


133         11/19/1996      TRANSCRIPT FILED [0-0] MARKMAN HEARING FOR DATES OF
                            11/18/96 (DS) [ENTRY DATE 11/20/96]

                            Order Document for Later Delivery


132         11/18/1996      CERTIFICATE OF SERVICE BY REVLON CONSUMER RE EXPERT
                            REPORT OF PROFESSOR JERRY A. HAUSMAN, REPORT OF
                            PETER M. TROUP AND EXPERT REPORT OF DR. ROBERT Y.
                            LOCHHEAD (DS) [ENTRY DATE 11/20/96]

                            Order Document for Later Delivery


--          11/18/1996      MARKMAN HEARING HELD (DS) [ENTRY DATE 11/20/96]

                            Order Document for Later Delivery


131         11/15/1996      MOTION BY L'OREAL S.A., COSMAIR, INC. WITH PROPOSED
                            ORDER FOR JEAN-PAUL LAVALLEYE TO APPEAR PRO HAC
                            VICE (DS) [ENTRY DATE 11/18/96]

                            Order Document for Later Delivery


130         11/15/1996      MOTION BY L'OREAL S.A., COSMAIR, INC. WITH PROPOSED
                            ORDER FOR RICHARD D. KELLY TO APPEAR PRO HAC VICE
                            (DS) [ENTRY DATE 11/18/96]

                            Order Document for Later Delivery


129         11/15/1996      MOTION BY L'OREAL S.A., COSMAIR, INC. WITH PROPOSED
                            ORDER FOR CHRISTINA M. GADIANO TO APPEAR PRO HAC
                            VICE (DS) [ENTRY DATE 11/18/96]

                            Order Document for Later Delivery


128         11/08/1996      REPLY MEMORANDUM FILED BY L'OREAL S.A., COSMAIR,
                            INC., MAYBELLINE, INC., MAYBELLINE SALES INC [96-1]
                            MOTION TO AMEND BY SUPPL. RESP. THE RESPS. TO
                            PLTF'S 1ST SET OF REQSTS. FOR ADMISSIONS TO
                            MAYBELLINE DEFTS. AND TO L'OREAL DEFTS. (DS) [ENTRY

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

DATE 11/12/96]

Order Document for Later Delivery

| | | |
|---|---|---|
| -- | 11/07/1996 | SO ORDERED GRANTING [125-1] MOTION FOR ELIZABETH J. HOLLAND TO APPEAR PRO HAC VICE GRANTING [126-1] MOTION FOR CURTIS CARMACK TO APPEAR PRO HAC VICE GRANTING [127-1] MOTION FOR JEANNIE S. KANG TO APPEAR PRO HAC VICE (SIGNED BY JUDGE MURRAY M. SCHWARTZ) NOTICE TO ALL PARTIES. (DS) |

Order Document for Later Delivery

| | | |
|---|---|---|
| 127 | 11/06/1996 | MOTION BY REVLON CONSUMER WITH PROPOSED ORDER FOR JEANNIE S. KANG TO APPEAR PRO HAC VICE (DS) |

Order Document for Later Delivery

| | | |
|---|---|---|
| 126 | 11/06/1996 | MOTION BY REVLON CONSUMER WITH PROPOSED ORDER FOR CURTIS CARMACK TO APPEAR PRO HAC VICE (DS) |

Order Document for Later Delivery

| | | |
|---|---|---|
| 125 | 11/06/1996 | MOTION BY REVLON CONSUMER WITH PROPOSED ORDER FOR ELIZABETH J. HOLLAND TO APPEAR PRO HAC VICE (DS) |

Order Document for Later Delivery

| | | |
|---|---|---|
| 124 | 11/01/1996 | MEMORANDUM IN OPPOSITION FILED BY REVLON CONSUMER [96-1] MOTION TO AMEND BY SUPPL. RESP. THE RESPS. TO PLTF'S 1ST SET OF REQSTS. FOR ADMISSIONS TO MAYBELLINE DEFTS. AND TO L'OREAL DEFTS. REPLY BRIEF DUE 11/8/96 (SEALED) (DS) |

Order Document for Later Delivery

| | | |
|---|---|---|
| -- | 11/01/1996 | SO ORDERED GRANTING [115-1] MOTION FOR ROBERT A. ATKINS TO APPEAR PRO HAC VICE GRANTING [116-1] MOTION FOR JONATHAN H. HURWITZ TO APPEAR PRO HAC VICE (SIGNED BY JUDGE MURRAY M. SCHWARTZ) NOTICE TO ALL PARTIES. (DS) |

Order Document for Later Delivery

| | | |
|---|---|---|
| 123 | 11/01/1996 | NOTICE BY REVLON CONSUMER TO TAKE DEPOSITION OF GEOFF FINKENAUR ON 11/12/96, 9:30 A.M. (DS) |

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

Order Document for Later Delivery

122          11/01/1996          NOTICE BY REVLON CONSUMER TO TAKE DEPOSITION OF
                                 DIANE DE MAURET ON 11/11/96, 9:30 A.M. (DS)


                                 Order Document for Later Delivery


121          11/01/1996          NOTICE BY REVLON CONSUMER TO TAKE DEPOSITION OF
                                 CHARLES BOUTIN ON 11/11/96, 9:30 A.M. (DS)


                                 Order Document for Later Delivery

120          11/01/1996          NOTICE BY REVLON CONSUMER TO TAKE DEPOSITION OF GUY
                                 PEYRELONGUE ON 11/12/96, 9:30 A.M. (DS)


                                 Order Document for Later Delivery


119          11/01/1996          TRANSCRIPT FILED [0-0] TELEPHONE CONFERENCE FOR
                                 DATES OF 10/25/96 (DS)


                                 Order Document for Later Delivery


118          10/30/1996          AMENDED STIPULATED SCHEDULING ORDER RESCHEDULING
                                 MARKMAN HEARING FOR 11/18/96; FILING OF CASE
                                 DISPOSITIVE MOTIONS TO BE ESTABLISHED AT 11/18/96
                                 HEARING; ALL OTHER PROVISIONS REMAIN UNCHANGED
                                 (SIGNED BY JUDGE MURRAY M. SCHWARTZ) COPIES TO:
                                 CNSL (DS) [ENTRY DATE 10/31/96]


                                 Order Document for Later Delivery


117          10/30/1996          ORDER GRANTING [82-1] MOTION FOR MODIFICATION OF
                                 THE STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL
                                 INFORMATION ( SIGNED BY JUDGE MURRAY M. SCHWARTZ )
                                 COPIES TO: CNSL (DS) [ENTRY DATE 10/31/96]


                                 Order Document for Later Delivery


116          10/30/1996          MOTION BY REVLON CONSUMER WITH PROPOSED ORDER FOR
                                 JONATHAN H. HURWITZ TO APPEAR PRO HAC VICE (DS)
                                 [ENTRY DATE 10/31/96]


                                 Order Document for Later Delivery


© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

| | | |
|---|---|---|
| 115 | 10/30/1996 | MOTION BY REVLON CONSUMER WITH PROPOSED ORDER FOR ROBERT A. ATKINS TO APPEAR PRO HAC VICE (DS) [ENTRY DATE 10/31/96] |

Order Document for Later Delivery

| | | |
|---|---|---|
| -- | 10/29/1996 | DEADLINE UPDATED PER CALENDAR NOTICE RESET MARKMAN HEARING FOR 9:30 11/18/96 (DS) |

Order Document for Later Delivery

| | | |
|---|---|---|
| 114 | 10/28/1996 | RESUBMISSION OF EXHIBIT 13 TO DEFENDANTS' CLAIM INTERPRETATION SUBMISSION FILED BY L'OREAL S.A., COSMAIR, INC., MAYBELLINE, INC., MAYBELLINE SALES INC (DS) [ENTRY DATE 10/29/96] |

Order Document for Later Delivery

| | | |
|---|---|---|
| -- | 10/28/1996 | SO ORDERED GRANTING [111-1] MOTION FOR FRANK J. WEST TO APPEAR PRO HAC VICE GRANTING [112-1] MOTION FOR MARTIN M. ZOLTICK TO APPEAR PRO HAC VICE (SIGNED BY JUDGE MURRAY M. SCHWARTZ) NOTICE TO ALL PARTIES. (DS) [ENTRY DATE 10/29/96] |

Order Document for Later Delivery

| | | |
|---|---|---|
| 113 | 10/28/1996 | STENO NOTES FOR 10/25/96 TELE-CONFERENCE BY CT RPTR BRIAN GAFFIGAN (DS) [ENTRY DATE 10/29/96] |

Order Document for Later Delivery

| | | |
|---|---|---|
| -- | 10/25/1996 | TELE-CONFERENCE HELD; DEFT. CANNOT RELY OR ADVISE OF COUNSEL DEFENSE; DATE OF MARKMAN HEARING CHANGED FROM 11/5 TO 11/18; PROTECTIVE ORDER MODIFIED AND PERMIT REVLON'S IN-HOUSE COUNSEL TO HAVE ACCESS TO PRIVILEGED DOCS. PROVIDED HE SIGNS ATTACHMENT. (DS) [ENTRY DATE 10/29/96] |

Order Document for Later Delivery

| | | |
|---|---|---|
| -- | 10/25/1996 | DEADLINE UPDATED PER CHAMBERS SET TELEPHONE CONFERENCE FOR 2:15 10/25/96 (DS) |

Order Document for Later Delivery

| | | |
|---|---|---|
| 112 | 10/24/1996 | MOTION BY L'OREAL S.A., COSMAIR, INC. WITH PROPOSED ORDER FOR MARTIN M. ZOLTICK TO APPEAR PRO HAC VICE |

©  2007 Thomson/West. No Claim to Orig. US Gov. Works.

                         (DS) [ENTRY DATE 10/25/96]


                         Order Document for Later Delivery


111        10/24/1996    MOTION BY L'OREAL S.A., COSMAIR, INC. WITH PROPOSED
                         ORDER FOR FRANK J. WEST TO APPEAR PRO HAC VICE (DS)
                         [ENTRY DATE 10/25/96]


                         Order Document for Later Delivery


110        10/23/1996    SUBMISSION OF ORIGINAL DECLARATION OF CATHERINE
                         LHOSTE AS EXHIBIT 27 TO DEFTS. MAYBELLINE AND
                         L'OREAL'S MOTION TO AMEND BY SUPPL. RESP. THE
                         RESPS. TO PLTF'S 1ST SET OF REQSTS. FOR ADMISSIONS
                         TO MAYBELLINE DEFTS. AND TO L'OREAL DEFTS. (DS)
                         [ENTRY DATE 10/24/96]


                         Order Document for Later Delivery


109        10/23/1996    SUBMISSION OF ORIGINAL DECLARATION OF JOHN
                         REINHARDT AND THE ORIGINAL DECLARATION OF PROFESSOR
                         JAMES E. MCGRATH AS EXHIBITS TO DEFTS' CLAIM
                         INTERPRETATION SUBMISSION. (DS) [ENTRY DATE
                         10/24/96]


                         Order Document for Later Delivery


108        10/23/1996    RETURN OF SERVICE RE "AFFIDAVIT OF SERVICE"
                         EXECUTED 10/16/96 OF SUBPOENA UPON TARLOW
                         ADVERTISING INC. (DS) [ENTRY DATE 10/24/96]


                         Order Document for Later Delivery


107        10/23/1996    NOTICE BY COSMAIR, INC. TO TAKE DEPOSITION AND
                         SUBPOENA DUCES TECUM OF TARLOW ADVERTISING INC. BY
                         DESIGNATED PERSONS ON 11/12/96, 10:00 A.M. (DS)
                         [ENTRY DATE 10/24/96]


                         Order Document for Later Delivery


106        10/23/1996    ANSWER BY REVLON CONSUMER TO AMENDED COUNTERCLAIM:
                         [90-1] AMENDED CLAIM (DS)


                         Order Document for Later Delivery


105        10/23/1996    ANSWER BY REVLON CONSUMER TO AMENDED COUNTERCLAIM:
                         [88-1] AMENDED CLAIM (DS)

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

Order Document for Later Delivery

104          10/23/1996          ANSWER BY REVLON CONSUMER TO AMENDED COUNTERCLAIM:
                                 [89-1] AMENDED CLAIM (DS)


Order Document for Later Delivery

103          10/18/1996          PLAINTIFF REVLON CONSUMER PRODUCTS CORPORATION'S
                                 MEMORANDUM CONCERNING CLAIM CONSTRUCTION ISSUES.
                                 (SEALED) (DS) [ENTRY DATE 10/21/96] [EDIT DATE
                                 07/18/97]


Order Document for Later Delivery

102          10/18/1996          REPLY BRIEF FILED BY REVLON CONSUMER [82-1] MOTION
                                 FOR MODIFICATION OF THE STIPULATED PROTECTIVE ORDER
                                 FOR CONFIDENTIAL INFORMATION (DS) [ENTRY DATE
                                 10/21/96]


Order Document for Later Delivery

101          10/18/1996          EXHIBITS A, B AND C; EXHIBITS 1-6, 11-14, 16-19
                                 FILED BY L'OREAL S.A., COSMAIR, INC., MAYBELLINE,
                                 INC., MAYBELLINE SALES INC APPENDING DEFENDANTS'
                                 CLAIM INTERPRETATION SUBMISSION (DS) [ENTRY DATE
                                 10/21/96]


Order Document for Later Delivery

100          10/18/1996          EXHIBITS 7-10 AND 15 FILED BY L'OREAL S.A.,
                                 COSMAIR, INC., MAYBELLINE, INC., MAYBELLINE SALES
                                 INC APPENDING DEFENDANTS' CLAIM INTERPRETATION
                                 SUBMISSION (SEALED) (DS) [ENTRY DATE 10/21/96]

                                 Order Document for Later Delivery

99           10/18/1996          DEFENDANTS' CLAIM INTERPRETATION SUBMISSION (DS)
                                 [ENTRY DATE 10/21/96]


Order Document for Later Delivery

98           10/18/1996          LOCAL RULE 7.1.1 STATEMENT OF CERTIFICATION (DS)
                                 [ENTRY DATE 10/21/96]


©  2007 Thomson/West. No Claim to Orig. US Gov. Works.

Order Document for Later Delivery

97          10/18/1996      MEMORANDUM IN SUPPORT FILED BY L'OREAL S.A.,
                            COSMAIR, INC., MAYBELLINE, INC., MAYBELLINE SALES
                            INC [96-1] MOTION TO AMEND BY SUPPL. RESP. THE
                            RESPS. TO PLTF'S 1ST SET OF REQSTS. FOR ADMISSIONS
                            TO MAYBELLINE DEFTS. AND TO L'OREAL DEFTS. ANSWER
                            BRIEF DUE 11/1/96 (DS) [ENTRY DATE 10/21/96]

                            Order Document for Later Delivery

96          10/18/1996      MOTION BY L'OREAL S.A., COSMAIR, INC., MAYBELLINE,
                            INC., MAYBELLINE SALES INC TO AMEND BY SUPPL. RESP.
                            THE RESPS. TO PLTF'S 1ST SET OF REQSTS. FOR
                            ADMISSIONS TO MAYBELLINE DEFTS. AND TO L'OREAL
                            DEFTS. (DS) [ENTRY DATE 10/21/96]

                            Order Document for Later Delivery

95          10/15/1996      STIPULATED GLOSSARY OF TERMS (DS) [ENTRY DATE
                            10/16/96]

                            Order Document for Later Delivery

94          10/11/1996      BRIEF IN OPPOSITION FILED BY L'OREAL S.A., COSMAIR,
                            INC., MAYBELLINE, INC., MAYBELLINE SALES INC [82-1]
                            MOTION FOR MODIFICATION OF THE STIPULATED
                            PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION.
                            REPLY BRIEF DUE 10/18/96 (DS) [ENTRY DATE 10/15/96]

                            Order Document for Later Delivery

93          10/11/1996      STATEMENT REGARDING THE NEED FOR CLAIM
                            INTERPRETATION (DS) [ENTRY DATE 10/15/96]

                            Order Document for Later Delivery

92          10/11/1996      NOTICE BY COSMAIR, INC. TO TAKE DEPOSITION OF
                            BIANCA THAYER ON 10/17/96, 10:00 A.M. (DS) [ENTRY
                            DATE 10/15/96]

                            Order Document for Later Delivery

91          10/09/1996      ANSWER BY L'OREAL S.A. TO AMENDED COMPLAINT; JURY
                            DEMAND (DS) [ENTRY DATE 10/10/96]

©  2007 Thomson/West. No Claim to Orig. US Gov. Works.

Order Document for Later Delivery

90              10/09/1996      AMENDED COUNTERCLAIM INCORPORATED IN ANSWER TO
                                AMENDED COMPLAINT BY MAYBELLINE, INC. AMENDING [77-
                                1] AMENDED CLAIM (SEE D.I.90)_ (DS) [ENTRY DATE
                                10/10/96]

                                Order Document for Later Delivery

90              10/09/1996      ANSWER BY MAYBELLINE, INC. TO AMENDED COMPLAINT;
                                JURY DEMAND (DS) [ENTRY DATE 10/10/96]

                                Order Document for Later Delivery

89              10/09/1996      AMENDED COUNTERCLAIM INCORPORATED IN ANSWER TO
                                AMENDED COMPLAINT BY MAYBELLINE SALES INC AMENDING
                                [79-1] AMENDED CLAIM (SEE D.I.89) (DS) [ENTRY DATE
                                10/10/96]

                                Order Document for Later Delivery

89              10/09/1996      ANSWER BY MAYBELLINE SALES INC TO AMENDED
                                COMPLAINT; JURY DEMAND (DS) [ENTRY DATE 10/10/96]

                                Order Document for Later Delivery

88              10/09/1996      AMENDED COUNTERCLAIM INCORPORATED IN ANSWER TO
                                AMENDED COMPLAINT BY COSMAIR, INC. AMENDING [78-1]
                                AMENDED CLAIM (SEE D.I.88) (DS) [ENTRY DATE
                                10/10/96] [EDIT DATE 10/10/96]

                                Order Document for Later Delivery

88              10/09/1996      ANSWER BY COSMAIR, INC. TO AMENDED COMPLAINT; JURY
                                DEMAND (DS) [ENTRY DATE 10/10/96]

                                Order Document for Later Delivery

--              10/08/1996      DEADLINE UPDATED PER CALENDAR NOTICE SET HEARING
                                FOR 9:30 11/5/96 (DS) [ENTRY DATE 10/09/96]

                                Order Document for Later Delivery

--              10/08/1996      SO ORDERED [87-1] PROPOSED ORDER (SIGNED BY JUDGE

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

MURRAY M. SCHWARTZ) NOTICE TO ALL PARTIES. (DS)
[ENTRY DATE 10/09/96]

Order Document for Later Delivery

87          10/04/1996    PROPOSED AMENDED STIPULATED SCHEDULING ORDER FILED
                          BY THE PARTIES RE MODIFICATION OF PARA. 10 PATENT
                          CLAIM CONSTRUCTION; PLEASE SEE ORDER FOR FURTHER
                          DETAILS. (DS) [ENTRY DATE 10/07/96]

                          Order Document for Later Delivery

86          10/02/1996    NOTICE BY REVLON CONSUMER TO TAKE DEPOSITION OF
                          TERRY JACKS ON 10/10/96, 9:30 A.M. (DS) [ENTRY DATE
                          10/03/96]

                          Order Document for Later Delivery

85          10/01/1996    CERTIFICATE OF SERVICE BY L'OREAL S.A., COSMAIR,
                          INC., MAYBELLINE, INC., MAYBELLINE SALES INC RE
                          L'OREAL DEFTS. RESP. TO PLTF'S 3D SET OF REQSTS. TO
                          L'OREAL DEFTS. FOR THE PRODUCTION OF DOCS.;
                          MAYBELLINE DEFTS. RESP. TO PLTF'S 3D SET OF REQSTS.
                          TO MAYBELLINE DEFTS. FOR THE PRODUCTION OF DOCS.
                          (DS) [ENTRY DATE 10/02/96]

                          Order Document for Later Delivery

84          10/01/1996    CERTIFICATE OF SERVICE BY REVLON CONSUMER RE REVLON
                          CONSUMER PRODUCTS CORP'S RESPS. & OBJECTIONS TO
                          COSMAIR, INC'S 2D REQST. FOR ADMISSIONS TO PLTF.,
                          3D REQST. FOR THE PRODUCTION OF DOCS. & 4T SET OF
                          INTERROGS. (DS) [ENTRY DATE 10/02/96]

                          Order Document for Later Delivery

83          09/30/1996    NOTICE BY REVLON CONSUMER TO TAKE DEPOSITIONS OF
                          GEORGE ZIETS ON 10/14/96, 9:30 A.M., BRIAN MATTOX
                          ON 10/15/96, 9:30 A.M., PAT HALPERN ON 10/16/96,
                          9:30 A.M., JOHN FORD ON 10/17/96, 9:30 A.M. (DS)
                          [ENTRY DATE 10/01/96]

                          Order Document for Later Delivery

--          09/27/1996    DEADLINE UPDATED PER COURT'S ORDER (SEE D.I.81)
                          RESET SCHEDULING ORDER DEADLINES: EXPERT DISCOVERY
                          DEADLINE ON 12/15/96 DEADLINE FOR FILING
                          DISPOSITIVE MOTIONS W/OB BY 11/15/96 (DS) [ENTRY
                          DATE 09/30/96]

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

Order Document for Later Delivery

| -- | 09/27/1996 | SO ORDERED [81-1] PROPOSED ORDER (SIGNED BY JUDGE MURRAY M. SCHWARTZ) NOTICE TO ALL PARTIES. (DS) [ENTRY DATE 09/30/96] |

Order Document for Later Delivery

| 82 | 09/27/1996 | MOTION BY REVLON CONSUMER FOR MODIFICATION OF THE STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION ANSWER BRIEF DUE 10/11/96 RE: [82-1] MOTION (DS) [ENTRY DATE 09/30/96] |

Order Document for Later Delivery

| 81 | 09/26/1996 | PROPOSED AMENDED STIPULATED SCHEDULING ORDER FILED BY THE PARTIES RE FACT DEPOSITIONS EXT. UNTIL 11/15/96, EXPERT DISCOVERY EXT. UNTIL 12/15/96, EXPERT REPORTS AS TO ISSUES ON WHICH THE PARTY BEARS THE BURDEN EXT. UNTIL 11/15/96, REBUTTAL REPORTS EXT. UNTIL 11/30/96, GLOSSARY OF TERMS EXT. UNTIL 10/15/96, DISPOSITIVE MOTIONS EXT. UNTIL 11/15/96; SEE ORDER FOR FURTHER DETAILS. (DS) |

Order Document for Later Delivery

| 80 | 09/24/1996 | AMENDED ANSWER TO COMPLAINT BY L'OREAL S.A.: AMENDS [70-1] ANSWER; JURY DEMAND (DS) [ENTRY DATE 09/25/96] |

Order Document for Later Delivery

| 79 | 09/24/1996 | AMENDED COUNTERCLAIM INCORPORATED IN AMENDED ANSWER BY MAYBELLINE SALES INC: AMENDING [69-1] AMENDED CLAIM (SEE DKT. NO.79) (DS) [ENTRY DATE 09/25/96] |

Order Document for Later Delivery

| 79 | 09/24/1996 | AMENDED ANSWER TO COMPLAINT BY MAYBELLINE SALES INC: AMENDS [69-1] ANSWER; JURY DEMAND (DS) [ENTRY DATE 09/25/96] |

Order Document for Later Delivery

| 78 | 09/24/1996 | AMENDED COUNTERCLAIM INCORPORATED IN AMENDED ANSWER BY COSMAIR, INC. AMENDING [67-1] AMENDED CLAIM (SEE |

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

DKT. NO.78) (DS) [ENTRY DATE 09/25/96]

Order Document for Later Delivery

78          09/24/1996       AMENDED ANSWER TO COMPLAINT BY COSMAIR, INC.:
                             AMENDS [67-1] ANSWER; JURY DEMAND (DS) [ENTRY DATE
                             09/25/96]

                             Order Document for Later Delivery

77          09/24/1996       AMENDED COUNTERCLAIM INCORPORATED IN AMENDED ANSWER
                             BY MAYBELLINE, INC.: AMENDING [68-1] AMENDED CLAIM
                             (SEE DKT. NO. 77) (DS) [ENTRY DATE 09/25/96]

                             Order Document for Later Delivery

77          09/24/1996       AMENDED ANSWER TO COMPLAINT BY MAYBELLINE, INC.:
                             AMENDS [68-1] ANSWER; JURY DEMAND (DS) [ENTRY DATE
                             09/25/96]

                             Order Document for Later Delivery

76          09/24/1996       ORDER GRANTING [62-1] MOTION TO AMEND [36-1] ANSWER
                             GRANTING [63-1] MOTION TO AMEND [26-1] ANSWER, [26-
                             2] COUNTER CLAIM GRANTING [64-1] MOTION TO AMEND
                             [25-1] ANSWER, [25-2] COUNTER CLAIM GRANTING [65-1]
                             MOTION TO AMEND [27-1] ANSWER, [27-2] COUNTER CLAIM
                             (SIGNED BY JUDGE MURRAY M. SCHWARTZ) COPIES TO:
                             CNSL (DS) [ENTRY DATE 09/25/96]

                             Order Document for Later Delivery

75          09/16/1996       LETTER DATED 9/16/96 FROM JACK B. BLUMENFELD TO
                             JUDGE SCHWARTZ RE PLTF'S DO NOT OPPOSE DEFTS'
                             MOTION TO AMEND (DS) [ENTRY DATE 09/17/96]

                             Order Document for Later Delivery

74          09/11/1996       AMENDED SUBPOENA FOR DOW CORNING CORPORATION;
                             RETURNED ON 8/23/96 (DS)

                             Order Document for Later Delivery

73          09/11/1996       SUBPOENA FOR DOW CORNING CORPORATION; RETURNED ON
                             8/23/96 (DS)

©  2007 Thomson/West. No Claim to Orig. US Gov. Works.

Order Document for Later Delivery

| -- | 09/05/1996 | SO ORDERED GRANTING [61-1] MOTION TO AMEND [1-1] COMPLAINT (SIGNED BY JUDGE MURRAY M. SCHWARTZ) NOTICE TO ALL PARTIES. (DS) |

Order Document for Later Delivery

| -- | 09/05/1996 | SO ORDERED GRANTING [72-1] STIPULATION (SIGNED BY JUDGE MURRAY M. SCHWARTZ) NOTICE TO ALL PARTIES. (DS) |

Order Document for Later Delivery

| -- | 09/04/1996 | TELE-CONFERENCE HELD RE DISCOVERY DISPUTES; PARTIES WILL SUBMIT ORDER (DS) [ENTRY DATE 09/05/96] |

Order Document for Later Delivery

| 72 | 09/04/1996 | STIPULATION WITH PROPOSED ORDER RE PARA. 8 OF THE 8/2/96 SCHEDULING ORDER IS AMENDED (DS) |

Order Document for Later Delivery

| 71 | 09/04/1996 | CERTIFICATE OF SERVICE BY L'OREAL S.A., COSMAIR, INC., MAYBELLINE, INC., MAYBELLINE SALES INC RE COSMAIR'S 4T SET OF INTERROGS. TO REVLON; DEFT. COSMAIR, INC'S 3D REQST. FOR PRODUCTION OF DOCS. TO PLTF. & DEFT. COSMAIR, INC'S 2D REQST. FOR ADMISSIONS TO PLTF. (DS) |

Order Document for Later Delivery

| 65 | 09/03/1996 | MOTION BY MAYBELLINE, INC. TO AMEND [27-1] ANSWER, [27-2] COUNTER CLAIM (DS) [ENTRY DATE 09/04/96] |

Order Document for Later Delivery

| 64 | 09/03/1996 | MOTION BY COSMAIR, INC. TO AMEND [25-1] ANSWER, [25-2] COUNTER CLAIM (DS) [ENTRY DATE 09/04/96] |

Order Document for Later Delivery

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

63              09/03/1996        MOTION BY MAYBELLINE SALES INC TO AMEND [26-1]
                                  ANSWER, [26-2] COUNTER CLAIM (DS) [ENTRY DATE
                                  09/04/96]


                                  Order Document for Later Delivery


62              09/03/1996        MOTION BY L'OREAL S.A. TO AMEND [36-1] ANSWER (DS)
                                  [ENTRY DATE 09/04/96]


                                  Order Document for Later Delivery


70              08/30/1996        AMENDED ANSWER TO COMPLAINT BY L'OREAL S.A.: AMENDS
                                  [36-1] ANSWER; JURY DEMAND (DS) [ENTRY DATE
                                  09/04/96]


                                  Order Document for Later Delivery


69              08/30/1996        AMENDED COUNTERCLAIM INCORPORATED IN AMENDED ANSWER
                                  BY MAYBELLINE SALES INC : AMENDING [26-2] COUNTER
                                  CLAIM (SEE DKT. NO.69) (DS) [ENTRY DATE 09/04/96]


                                  Order Document for Later Delivery


69              08/30/1996        AMENDED ANSWER TO COMPLAINT BY MAYBELLINE SALES INC
                                  : AMENDS [26-1] ANSWER; JURY DEMAND (DS) [ENTRY
                                  DATE 09/04/96]


                                  Order Document for Later Delivery


68              08/30/1996        AMENDED COUNTERCLAIM INCORPORATED IN AMENDED ANSWER
                                  BY MAYBELLINE, INC.: AMENDING [27-2] COUNTER CLAIM
                                  (SEE DKT. NO.68) (DS) [ENTRY DATE 09/04/96]


                                  Order Document for Later Delivery


68              08/30/1996        AMENDED ANSWER TO COMPLAINT BY MAYBELLINE, INC.:
                                  AMENDS [27-1] ANSWER; JURY DEMAND (DS) [ENTRY DATE
                                  09/04/96]


                                  Order Document for Later Delivery


67              08/30/1996        AMENDED COUNTERCLAIM INCORPORATED IN AMENDED ANSWER
                                  BY COSMAIR, INC.: AMENDING [25-2] COUNTER CLAIM;
                                  (SEE DKT. NO.67) (DS) [ENTRY DATE 09/04/96]


© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

Order Document for Later Delivery

67          08/30/1996      AMENDED ANSWER TO COMPLAINT BY COSMAIR, INC.:
                            AMENDS [25-1] ANSWER; JURY DEMAND (DS) [ENTRY DATE
                            09/04/96]


                            Order Document for Later Delivery

66          08/30/1996      MEMORANDUM IN SUPPORT FILED BY L'OREAL S.A.,
                            COSMAIR, INC., MAYBELLINE, INC., MAYBELLINE SALES
                            INC [65-1] MOTION TO AMEND [27-1] ANSWER, [27-2]
                            COUNTER CLAIM, [64-1] MOTION TO AMEND [25-1]
                            ANSWER, [25-2] COUNTER CLAIM, [63-1] MOTION TO
                            AMEND [26-1] ANSWER, [26-2] COUNTER CLAIM, [62-1]
                            MOTION TO AMEND [36-1] ANSWER. ANSWER BRIEF DUE
                            9/13/96 (SEALED) (DS) [ENTRY DATE 09/04/96] [EDIT
                            DATE 09/04/96]


                            Order Document for Later Delivery

61          08/30/1996      MOTION BY REVLON CONSUMER TO AMEND [1-1] COMPLAINT
                            ANSWER BRIEF DUE 9/13/96 RE: [61-1] MOTION (DS)
                            [ENTRY DATE 09/03/96]


                            Order Document for Later Delivery

60          08/22/1996      TRANSCRIPT FILED FOR DATES OF 8/20/96 TELE-
                            CONFERENCE (DS)


                            Order Document for Later Delivery

59          08/21/1996      CERTIFICATE OF SERVICE BY L'OREAL S.A., COSMAIR,
                            INC., MAYBELLINE, INC., MAYBELLINE SALES INC RE
                            L'OREAL DEFTS' RESP. TO PLTF'S 2D SET OF REQSTS. TO
                            L'OREAL DEFTS. FOR THE PRODUCTION OF DOCS. &
                            MAYBELLINE DEFTS' RESP. TO PLTF'S 2D SET OF REQSTS.
                            TO MAYBELLINE DEFTS. FOR THE PRODUCTION OF DOCS.
                            (DS) [ENTRY DATE 08/22/96]


                            Order Document for Later Delivery

58          08/21/1996      STENO NOTES FOR 8/20/96 CONFERENCE BY CT RPTR KEVIN
                            MAURER (DS)


                            Order Document for Later Delivery

--          08/20/1996      IN-CHAMBERS CONFERENCE HELD RE DISCOVERY DISPUTE;
                            PLTF. & DEFT. AGREED THAT PLTF. SHOULD BE ALLOWED

TO ASK AT DEPOSITIONS OF INVENTORS WHETHER OR NOT
INVENTORS KNEW OF ALTERNATIVE TO FORMULA FOR
TRANSFER-RESISTANT COSMETICS THAN THAT WHICH WAS
REPRESENTED TO THE US PATENT OFFICE DURING
PROSECUTION OF THE PATENT AT ISSUE. (DS) [ENTRY
DATE 08/22/96]

Order Document for Later Delivery

57        08/19/1996        LETTER TO THE HONORABLE MURRAY M. SCHWARTZ FROM
                            JACK B. BLUMENFELD, ESQUIRE DATED 8/19/96 (SEALED)
                            (DS)

Order Document for Later Delivery

56        08/19/1996        CERTIFICATE OF SERVICE BY MAYBELLINE, INC.,
                            MAYBELLINE SALES INC RE DEFTS. MAYBELLINE SALES,
                            INC. AND MAYBELLINE, INC. RESPS. TO PLTF'S 1ST SET
                            OF INTERROGS. TO MAYBELLINE DEFTS. (DS)

Order Document for Later Delivery

55        08/16/1996        LETTER MEMORANDUM BY L'OREAL S.A., COSMAIR, INC.,
                            MAYBELLINE, INC., MAYBELLINE SALES INC IN RESPONSE
                            TO THE HONORABLE MURRAY M. SCHWARTZ (SEALED) (DS)
                            [ENTRY DATE 08/19/96]

Order Document for Later Delivery

--        08/15/1996        DEADLINE UPDATED PER CALENDAR NOTICE SET IN
                            CHAMBERS CONFERENCE FOR 2:30 8/20/96 RE DISCOVERY
                            DISPUTE (DS) [ENTRY DATE 08/19/96]

Order Document for Later Delivery

54        08/15/1996        NOTICE BY L'OREAL S.A., COSMAIR, INC., MAYBELLINE,
                            INC., MAYBELLINE SALES INC TO TAKE DEPOSITION OF
                            REVLON CONSUMER PRODUCTS CORPORATION BY DESIGNATED
                            PERSONS ON 9/9/96, 10:00 A.M. (DS) [ENTRY DATE
                            08/19/96]

Order Document for Later Delivery

53        08/15/1996        NOTICE BY L'OREAL S.A., COSMAIR, INC., MAYBELLINE,
                            INC., MAYBELLINE SALES INC TO TAKE DEPOSITION OF
                            REVLON CONSUMER PRODUCTS CORPORATION BY DESIGNATED
                            PERSONS ON 9/9/96, 10:00 A.M. (DS) [ENTRY DATE
                            08/19/96]

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

Order Document for Later Delivery

--              08/13/1996      PER REQUEST OF COUNSEL, ORIGINAL PAPERS (DI49 &50)
                                WERE RELEASED TO STANLEY MACEL, ESQ. (DS) [ENTRY
                                DATE 08/15/96]


                                Order Document for Later Delivery

--              08/13/1996      SO ORDERED [49-1] PROPOSED ORDER GRANTING [48-1]
                                MOTION FOR LETTER ROGATORY FOR FOREIGN DEPOSITION
                                (SIGNED BY JUDGE MURRAY M. SCHWARTZ) NOTICE TO ALL
                                PARTIES. (DS) [ENTRY DATE 08/15/96]


                                Order Document for Later Delivery

52              08/13/1996      NOTICE BY COSMAIR, INC. TO TAKE DEPOSITION AND
                                SUBPOENA DUCES TECUM OF GENERAL ELECTRIC COMPANY ON
                                8/26/96, 10:00 A.M. (DS) [ENTRY DATE 08/14/96]


                                Order Document for Later Delivery

51              08/13/1996      CERTIFICATE OF SERVICE BY COSMAIR, INC. RE DEFT.
                                COSMAIR INC'S 3RD INTERROGS. TO PLTF. (DS) [ENTRY
                                DATE 08/14/96]


                                Order Document for Later Delivery

--              08/13/1996      SO ORDERED GRANTING [50-1] PRODUCE REQUESTED
                                (SIGNED BY JUDGE MURRAY M. SCHWARTZ) NOTICE TO ALL
                                PARTIES. (DS) [ENTRY DATE 08/14/96]


                                Order Document for Later Delivery

50              08/12/1996      REQUEST BY L'OREAL S.A., COSMAIR, INC., MAYBELLINE,
                                INC., MAYBELLINE SALES INC FOR LETTER ROGATORY FOR
                                FOREIGN DEPOSITION WITH PROPOSED ORDER (DS) [ENTRY
                                DATE 08/13/96]


                                Order Document for Later Delivery

49              08/12/1996      PROPOSED ORDER FOR LETTER ROGATORY FILED BY L'OREAL
                                S.A., COSMAIR, INC., MAYBELLINE, INC., MAYBELLINE
                                SALES INC [48-1] MOTION FOR LETTER ROGATORY FOR
                                FOREIGN DEPOSITION (DS) [ENTRY DATE 08/13/96]

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

Order Document for Later Delivery

| 48 | 08/12/1996 | MOTION BY L'OREAL S.A., COSMAIR, INC., MAYBELLINE, INC., MAYBELLINE SALES INC FOR LETTER ROGATORY FOR FOREIGN DEPOSITION REQUESTING THE EXAMINATION BY ORAL DEPOSITION OF ANTHONY CASTROGIOVANNI AT KOLMAR (AUST) PTY LIMITED 45 KING ROAD HORNSBY AUSTRALIA (DS) [ENTRY DATE 08/13/96] |

Order Document for Later Delivery

| -- | 08/06/1996 | SO ORDERED [47-1] PROPOSED ORDER (SIGNED BY JUDGE MURRAY M. SCHWARTZ) NOTICE TO ALL PARTIES. (DS) [ENTRY DATE 08/07/96] |

Order Document for Later Delivery

| 47 | 08/05/1996 | STIPULATED PROPOSED PROTECTIVE ORDER FILED BY REVLON CONSUMER, L'OREAL S.A., COSMAIR, INC., MAYBELLINE, INC., MAYBELLINE SALES INC (DS) [ENTRY DATE 08/06/96] |

Order Document for Later Delivery

| -- | 08/02/1996 | DEADLINE UPDATED PER SCHEDULING ORDER (SEE D.I.46) RESET JOINING PARTIES BY 8/15/96; AMENDED PLEADINGS DEADLINE TO 8/30/96 (DS) [ENTRY DATE 08/06/96] |

Order Document for Later Delivery

| -- | 08/02/1996 | SO ORDERED [46-1] PROPOSED ORDER (SIGNED BY JUDGE MURRAY M. SCHWARTZ) NOTICE TO ALL PARTIES. (DS) [ENTRY DATE 08/06/96] |

Order Document for Later Delivery

| 46 | 08/01/1996 | STIPULATED PROPOSED SCHEDULING ORDER FILED BY THE PARTIES RE AMENDING PARAGRAPH 6 OF THE PREVIOUS SCHEDULING ORDER; JOINING PARTIES EXT. UNTIL 8/15/96, AMENDED PLEADINGS EXT. UNTIL 8/30/96 (DS) |

Order Document for Later Delivery

| 45 | 07/31/1996 | NOTICE BY COSMAIR, INC. TO TAKE DEPOSITION OF MARION L. MCCULLEY ON 8/13/96, 10:00 A.M. (DS) |

©  2007 Thomson/West. No Claim to Orig. US Gov. Works.

Order Document for Later Delivery

| 44 | 07/31/1996 | NOTICE BY COSMAIR, INC. TO TAKE DEPOSITION OF JOSEPH F. CALLELO ON 8/14/96, 10:00 A.M. (DS) |

Order Document for Later Delivery

| -- | 07/29/1996 | TELE-CONFERENCE HELD RE EXTENSION OF DISCOVERY; PARTIES WILL FILE AMENDED SCHEDULING ORDER CHANGING PARAGRAPH 6. (DS) [ENTRY DATE 07/31/96] |

Order Document for Later Delivery

| -- | 07/26/1996 | DEADLINE UPDATED PER CALENDAR NOTICE SET TELEPHONE CONFERENCE FOR 11:00 7/29/96 RE AMENDMENTS TO SCHEDULING ORDER (DS) [ENTRY DATE 07/30/96] |

Order Document for Later Delivery

| 43 | 07/22/1996 | NOTICE OF SERVICE BY REVLON CONSUMER; RE: RESPONSES TO DEFT. COSMAIR'S 2ND SET OF INTERROGS & RESPONSES AND OBJS. TO 3RD REQ. FOR PROD. OF DOCS. (LJ) [ENTRY DATE 07/23/96] |

Order Document for Later Delivery

| -- | 07/10/1996 | SO ORDERED GRANTING [42-1] MOTION FOR NORMAN H. STEPNO TO APPEAR PRO HAC VICE (SIGNED BY JUDGE MURRAY M. SCHWARTZ) NOTICE TO ALL PARTIES. (DS) |

Order Document for Later Delivery

| 42 | 07/09/1996 | MOTION BY L'OREAL S.A., COSMAIR, INC., MAYBELLINE, INC., MAYBELLINE SALES INC WITH PROPOSED ORDER FOR NORMAN H. STEPNO TO APPEAR PRO HAC VICE (DS) |

Order Document for Later Delivery

| 41 | 07/08/1996 | CERTIFICATE OF SERVICE BY REVLON CONSUMER RE PLTF. REVLON CONSUMER PRODUCTS CORPORATION'S RESPS. & OBJECTIONS TO DEFT. COSMAIR, INC'S 2D REQST. FOR THE PRODUCTION OF DOCS.; REVLON CONSUMER PRODUCTS CORPORATION'S RESPS. & OBJECTIONS TO DEFT. COSMAIR, INC'S 2D REQST. FOR PRODUCTION OF DOCS. (DS) |

©   2007 Thomson/West. No Claim to Orig. US Gov. Works.

Order Document for Later Delivery

40          07/03/1996      NOTICE BY COSMAIR, INC. TO TAKE DEPOSITION OF JULIO
                            RUSS ON 8/7/96, 10:00 A.M. (DS) [ENTRY DATE
                            07/08/96]

                            Order Document for Later Delivery

39          07/03/1996      NOTICE BY COSMAIR, INC. TO TAKE DEPOSITION OF
                            SALVATORE BARONE ON 8/5/96, 10:00 A.M. (DS) [ENTRY
                            DATE 07/08/96]

                            Order Document for Later Delivery

38          07/03/1996      NOTICE BY COSMAIR, INC. TO TAKE DEPOSITION OF ANN
                            KROG ON 7/31/96, 10:00 A.M. (DS) [ENTRY DATE
                            07/08/96]

                            Order Document for Later Delivery

37          07/03/1996      NOTICE BY COSMAIR, INC. TO TAKE DEPOSITION OF JULIE
                            BLACKBURN ON 7/29/96, 10:00 A.M. (DS) [ENTRY DATE
                            07/08/96]

                            Order Document for Later Delivery

36          06/26/1996      ANSWER TO COMPLAINT BY L'OREAL S.A. (ATTORNEY),;
                            JURY DEMAND (DS)

                            Order Document for Later Delivery

35          06/25/1996      CERTIFICATE OF SERVICE BY COSMAIR, INC. RE DEFT.
                            COSMAIR INC.'S 1ST REQST. FOR ADMISSIONS TO PLTF.
                            (DS) [ENTRY DATE 06/26/96]

                            Order Document for Later Delivery

34          06/20/1996      CERTIFICATE OF SERVICE BY COSMAIR, INC. RE
                            COSMAIR'S 2D SET OF INTERROGS. TO REVLON & DEFT.
                            COSMAIR INC'S 3D REQST. FOR PRODUCTION OF DOCS. TO
                            PLTF. (DS)

                            Order Document for Later Delivery

33          06/20/1996      CERTIFICATE OF SERVICE BY REVLON CONSUMER RE PLTF

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

REVLON CONSUMER PRODUCTS CORPORATION'S RESPS. TO
DEFT. COSMAIR, INC'S 1ST INTERROGS. TO PLTF. (DS)

Order Document for Later Delivery

31          06/13/1996     CERTIFICATE OF SERVICE BY REVLON CONSUMER RE PLTF'S
                           2D SET OF REQSTS. TO MAYBELLINE DEFTS. FOR THE
                           PRODUCTION OF DOCS. & 2D SET OF REQSTS. TO L'OREAL
                           DEFTS. FOR THE PORDUCTION OF DOCS. (DS)

                           Order Document for Later Delivery

32          06/10/1996     ANSWER BY REVLON CONSUMER TO [27-2] COUNTER CLAIM
                           (DS) [ENTRY DATE 06/18/96]

                           Order Document for Later Delivery

30          06/10/1996     ANSWER BY REVLON CONSUMER TO [25-2] COUNTER CLAIM
                           (DS) [ENTRY DATE 06/13/96]

                           Order Document for Later Delivery

29          06/10/1996     ANSWER BY REVLON CONSUMER TO [26-2] COUNTER CLAIM
                           (DS) [ENTRY DATE 06/13/96]

                           Order Document for Later Delivery

28          05/24/1996     CERTIFICATE OF SERVICE BY L'OREAL S.A., COSMAIR,
                           INC., MAYBELLINE, INC., MAYBELLINE SALES INC RE
                           DEFT. COSMAIR, INC'S 2D REQST. FOR PRODUCTION OF
                           DOCS. TO PLTF. (DS) [ENTRY DATE 05/28/96]

                           Order Document for Later Delivery

--          05/21/1996     SO ORDERED GRANTING [24-1] DISMISS/DISMISSAL
                           STIPULATION (SIGNED BY JUDGE MURRAY M. SCHWARTZ)
                           NOTICE TO ALL PARTIES. (DS) [ENTRY DATE 05/22/96]

                           Order Document for Later Delivery

27          05/21/1996     ANSWER TO COMPLAINT AND COUNTERCLAIM BY MAYBELLINE,
                           INC. (ATTORNEY); JURY DEMAND AGAINST REVLON
                           CONSUMER (DS)

                           Order Document for Later Delivery

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

26          05/21/1996      ANSWER TO COMPLAINT AND COUNTERCLAIM BY MAYBELLINE
                            SALES INC (ATTORNEY); JURY DEMAND AGAINST REVLON
                            CONSUMER (DS)


                            Order Document for Later Delivery


25          05/21/1996      ANSWER TO COMPLAINT AND COUNTERCLAIM BY COSMAIR,
                            INC. (ATTORNEY); JURY DEMAND AGAINST REVLON
                            CONSUMER (DS)


                            Order Document for Later Delivery


24          05/20/1996      STIPULATION OF VOLUNTARY DISMISSAL OF DEFENDANT
                            COSMAIR CANADA, INC. WITHOUT PREJUDICE AND WITHOUT
                            COSTS TO ANY PARTY; PROPOSED ORDER (DS) [ENTRY DATE
                            05/21/96]


                            Order Document for Later Delivery


23          05/16/1996      SCHEDULING ORDER SETTING JOINING OF PARTIES ON
                            7/15/96, AMENDING OF PLEADINGS ON 7/31/96; ALL
                            DEFTS. EXCEPT L'OREAL TO ANSWER BY 5/20/96, NON-
                            EXPERT DISCOVERY CUTOFF 9/30/96, EXPERT DISCOVERY
                            CUT OFF 10/31/96; LTD. TO 50 INTERROGS., DEADLINE
                            FOR FILING DISPOSITIVE MOTIONS W/OB 10/7/96,
                            MOTIONS IN LIMINE FILING DEADLINE BY 10/15/96,
                            RESP. DUE 10/24/96 PRETRIAL CONFERENCE FOR 11:00
                            11/4/96; TRIAL DATE DEADLINE 10:00 11/12/96; PLEASE
                            SEE ORDER FOR FURTHER DETAILS (SIGNED BY JUDGE
                            MURRAY M. SCHWARTZ) COPIES TO: CNSL (DS) [ENTRY
                            DATE 05/17/96]

                            Order Document for Later Delivery


--          05/14/1996      SO ORDERED GRANTING [21-1] MOTION FOR JOHN W.
                            BEHRINGER TO APPEAR PRO HAC VICE (SIGNED BY JUDGE
                            MURRAY M. SCHWARTZ) NOTICE TO ALL PARTIES. (DS)


                            Order Document for Later Delivery


22          05/13/1996      CERTIFICATE OF SERVICE BY COSMAIR, INC.,
                            MAYBELLINE, INC., MAYBELLINE SALES INC RE DEFT.
                            COSMAIR INC'S 1ST INTERROGS. TO PLTF. & DEFT.
                            COSMAIR INC'S 1ST REQST. FOR PRODUCTION OF DOCS. TO
                            PLTF. (DS)


                            Order Document for Later Delivery


©  2007 Thomson/West. No Claim to Orig. US Gov. Works.

21          05/10/1996      MOTION BY REVLON CONSUMER WITH PROPOSED ORDER FOR
                            JOHN W. BEHRINGER TO APPEAR PRO HAC VICE (DS)
                            [ENTRY DATE 05/13/96]

                            Order Document for Later Delivery


20          05/06/1996      STENO NOTES FOR 5/1/96 OFFICE CONFERENCE BY CT RPTR
                            BRIAN GAFFIGAN (DS)

                            Order Document for Later Delivery


19          05/02/1996      TRANSCRIPT FILED [0-0] IN CHAMBERS CONFERENCE FOR
                            DATES OF 5/1/96 (DS) [ENTRY DATE 05/03/96]

                            Order Document for Later Delivery


--          05/01/1996      IN-CHAMBERS CONFERENCE HELD RE SCHEDULING ON PLTF'S
                            MOTION FOR PRELIMINARY INJUNCTION AND RELATED
                            ISSUES, INCLUDING DISCOVERY; PROPOSED SCHEDULING
                            ORDER AGREED UPON FORM TO BE SUBMITTED BY 5/11/96
                            (DS) [ENTRY DATE 05/03/96] [EDIT DATE 05/03/96]

                            Order Document for Later Delivery


--          05/01/1996      SO ORDERED GRANTING [17-1] MOTION FOR FREDERICK G.
                            MICHAUD, JR. TO APPEAR PRO HAC VICE GRANTING [18-1]
                            MOTION FOR RONALD L. GRUDZIECKI TO APPEAR PRO HAC
                            VICE (SIGNED BY JUDGE MURRAY M. SCHWARTZ) NOTICE TO
                            ALL PARTIES. (DS)

                            Order Document for Later Delivery


18          04/26/1996      MOTION BY COSMAIR, INC., MAYBELLINE, INC.,
                            MAYBELLINE SALES INC WITH PROPOSED ORDER FOR RONALD
                            L. GRUDZIECKI TO APPEAR PRO HAC VICE (DS) [ENTRY
                            DATE 04/30/96]

                            Order Document for Later Delivery


17          04/26/1996      MOTION BY COSMAIR, INC., MAYBELLINE, INC.,
                            MAYBELLINE SALES INC WITH PROPOSED ORDER FOR
                            FREDERICK G. MICHAUD, JR. TO APPEAR PRO HAC VICE
                            (DS) [ENTRY DATE 04/30/96]

                            Order Document for Later Delivery


©  2007 Thomson/West. No Claim to Orig. US Gov. Works.

| -- | 04/26/1996 | DEADLINE UPDATED PER CALENDAR NOTICE SET IN CHAMBERS CONFERENCE FOR 2:15 5/1/96 RE SCHEDULING ON REVLON'S MOTION FOR A PRELIMINARY INJUNCTION AND RELATED ISSUES INCLUDING DISCOVERY (DS) [ENTRY DATE 04/30/96] |

Order Document for Later Delivery

| -- | 04/25/1996 | SO ORDERED GRANTING [12-1] MOTION FOR RONNI S. JILLIONS TO APPEAR PRO HAC VICE GRANTING [13-1] MOTION FOR DAVID M. SCHLITZ TO APPEAR PRO HAC VICE GRANTING [14-1] MOTION FOR ROBERT G. MUKAI TO APPEAR PRO HAC VICE GRANTING [15-1] MOTION FOR BRUCE T. WIEDER TO APPEAR PRO HAC VICE GRANTING [16-1] MOTION FOR MATTHEW P. BLISCHAK TO APPEAR PRO HAC VICE (SIGNED BY JUDGE MURRAY M. SCHWARTZ) NOTICE TO ALL PARTIES. (DS) [ENTRY DATE 04/30/96] |

Order Document for Later Delivery

| 16 | 04/24/1996 | MOTION BY COSMAIR, INC., MAYBELLINE, INC., MAYBELLINE SALES INC WITH PROPOSED ORDER FOR MATTHEW P. BLISCHAK TO APPEAR PRO HAC VICE (DS) [ENTRY DATE 04/25/96] |

Order Document for Later Delivery

| 15 | 04/24/1996 | MOTION BY COSMAIR, INC., MAYBELLINE, INC., MAYBELLINE SALES INC WITH PROPOSED ORDER FOR BRUCE T. WIEDER TO APPEAR PRO HAC VICE (DS) [ENTRY DATE 04/25/96] |

Order Document for Later Delivery

| 14 | 04/24/1996 | MOTION BY COSMAIR, INC., MAYBELLINE, INC., MAYBELLINE SALES INC WITH PROPOSED ORDER FOR ROBERT G. MUKAI TO APPEAR PRO HAC VICE (DS) [ENTRY DATE 04/25/96] |

Order Document for Later Delivery

| 13 | 04/24/1996 | MOTION BY COSMAIR, INC., MAYBELLINE, INC., MAYBELLINE SALES INC WITH PROPOSED ORDER FOR DAVID M. SCHLITZ TO APPEAR PRO HAC VICE (DS) [ENTRY DATE 04/25/96] |

Order Document for Later Delivery

| 12 | 04/24/1996 | MOTION BY COSMAIR, INC., MAYBELLINE, INC., MAYBELLINE SALES INC WITH PROPOSED ORDER FOR RONNI S. JILLIONS TO APPEAR PRO HAC VICE (DS) [ENTRY DATE 04/25/96] |

Order Document for Later Delivery

| 11 | 04/24/1996 | NOTICE OF ATTORNEY APPEARANCE FOR COSMAIR, INC., MAYBELLINE, INC., MAYBELLINE SALES INC BY RUDOLF E. HUTZ, STANLEY C. MACEL III, JAMES D. HEISMAN (DS) [ENTRY DATE 04/25/96] |

Order Document for Later Delivery

| 10 | 04/24/1996 | CASE ASSIGNED TO JUDGE MURRAY M. SCHWARTZ. NOTICE TO ALL PARTIES. (DS) |

Order Document for Later Delivery

| -- | 04/23/1996 | SO ORDERED GRANTING [8-1] MOTION FOR DANIEL J. LEFFELL TO APPEAR PRO HAC VICE GRANTING [7-1] MOTION FOR LEWIS R. CLAYTON TO APPEAR PRO HAC VICE GRANTING [6-1] MOTION FOR ROBERT N. KRAVITZ TO APPEAR PRO HAC VICE (SIGNED BY JUDGE SUE L. ROBINSON) NOTICE TO ALL PARTIES. (DS) |

Order Document for Later Delivery

| 9 | 04/22/1996 | CERTIFICATE OF SERVICE BY REVLON CONSUMER FOR PLTF'S FIRST SET OF INTERROGATORIES, FIRST SET OF REQUESTS FOR ADMISSIONS AND FIRST SET OF REQUESTS FOR THE PRODUCTION OF INTERROGATORIES, FIRST SET OF REQUESTS FOR ADMISSIONS AND FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS. (DB) [ENTRY DATE 04/23/96] |

Order Document for Later Delivery

| 8 | 04/19/1996 | MOTION BY REVLON CONSUMER WITH PROPOSED ORDER FOR DANIEL J. LEFFELL TO APPEAR PRO HAC VICE (DB) [ENTRY DATE 04/22/96] |

Order Document for Later Delivery

| 7 | 04/19/1996 | MOTION BY REVLON CONSUMER WITH PROPOSED ORDER FOR LEWIS R. CLAYTON TO APPEAR PRO HAC VICE (DB) [ENTRY DATE 04/22/96] |

Order Document for Later Delivery

6                04/19/1996        MOTION BY REVLON CONSUMER WITH PROPOSED ORDER FOR
                                   ROBERT N. KRAVITZ TO APPEAR PRO HAC VICE (DB)
                                   [ENTRY DATE 04/22/96]


                                   Order Document for Later Delivery

5                04/15/1996        RETURN OF SERVICE EXECUTED AS TO MAYBELLINE, INC.
                                   4/15/96 ANSWER DUE ON 5/6/96 FOR MAYBELLINE, INC.
                                   (DS) [ENTRY DATE 04/17/96]


                                   Order Document for Later Delivery

4                04/15/1996        RETURN OF SERVICE EXECUTED AS TO MAYBELLINE SALES
                                   INC 4/15/96 ANSWER DUE ON 5/6/96 FOR MAYBELLINE
                                   SALES INC (DS) [ENTRY DATE 04/17/96]


                                   Order Document for Later Delivery

3                04/15/1996        RETURN OF SERVICE EXECUTED AS TO COSMAIR, INC.
                                   4/15/96 ANSWER DUE ON 5/6/96 FOR COSMAIR, INC. (DS)
                                   [ENTRY DATE 04/17/96]


                                   Order Document for Later Delivery

2                04/12/1996        REPORT TO COMMISSIONER OF PATENTS AND TRADEMARKS.
                                   EXIT ORIGINAL. (DB) [ENTRY DATE 04/15/96]


                                   Order Document for Later Delivery

--               04/12/1996        DEMAND FOR JURY TRIAL BY REVLON CONSUMER (DB)
                                   [ENTRY DATE 04/15/96]


                                   Order Document for Later Delivery

--               04/12/1996        SUMMONS(ES) ISSUED FOR L'OREAL S.A., COSMAIR, INC.,
                                   COSMAIR CANADA, INC., MAYBELLINE, INC., MAYBELLINE
                                   SALES INC (DB) [ENTRY DATE 04/15/96]


                                   Order Document for Later Delivery

1                04/12/1996        COMPLAINT FILED; MAG CONSENT NOTICE TO PLTF. FILING
                                   FEE $ 120.00 RECEIPT # 112516 (DB) [ENTRY DATE

©  2007 Thomson/West. No Claim to Orig. US Gov. Works.

04/15/96]


Order Document for Later Delivery

TO ORDER COPIES OF ANY DOCUMENTS LISTED ABOVE, CALL WESTLAW COURTEXPRESS 1-877-DOC-
RETR (1-877-362-7387) (Additional Charges Apply).


END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

# EXHIBIT 5

CLOSED, PATENT

# U.S. District Court
## District of Delaware (Wilmington)
## CIVIL DOCKET FOR CASE #: 1:03-cv-00739-GMS

Software AG, et al v. BEA Systems Inc.
Assigned to: Honorable Gregory M. Sleet
Demand: $0
Cause: 35:271 Patent Infringement

Date Filed: 07/22/2003
Date Terminated: 05/06/2005
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

### Plaintiff

**Software AG**　　　　　　　　　represented by **Donald F. Parsons, Jr.**
Delaware Court of Chancery
500 N. King Street
Wilmington, DE 19801
(302) 577-2444
*TERMINATED: 10/27/2004*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leslie A. Polizoti**
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
Email: lpolizoti@mnat.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary B. Graham**
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
Email: mbgefiling@mnat.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Plaintiff

**Software AG Inc.**　　　　　　　represented by **Donald F. Parsons, Jr.**
(See above for address)
*TERMINATED: 10/27/2004*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Leslie A. Polizoti
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary B. Graham**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**BEA Systems Inc.**                represented by **John G. Day**
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
Email: jday@ashby-geddes.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven J. Balick**
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
Email: sbalick@ashby-geddes.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**BEA Systems Inc.**                represented by **John G. Day**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven J. Balick**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Software AG**                represented by **Donald F. Parsons, Jr.**

(See above for address)
*TERMINATED: 10/27/2004*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Defendant**

**Software AG Inc.**                    represented by **Donald F. Parsons, Jr.**
(See above for address)
*TERMINATED: 10/27/2004*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/22/2003 | 1 | COMPLAINT filed. Magistrate Consent Notice to Pltf. FILING FEE $ 150.00 RECEIPT # 134563 (dab) (Entered: 07/23/2003) |
| 07/22/2003 | | DEMAND for jury trial by Software AG, Software AG Inc. (dab) (Entered: 07/23/2003) |
| 07/22/2003 | | No summons issued. (dab) (Entered: 07/23/2003) |
| 07/22/2003 | 2 | Report to Commissioner of Patents and Trademarks. Exit original. RE 5,329,619 (dab) (Entered: 07/23/2003) |
| 07/30/2003 | 3 | CASE assigned to Judge Gregory M. Sleet . Notice to all parties. (rjb) (Entered: 07/30/2003) |
| 07/30/2003 | | SUMMONS(ES) issued for BEA Systems Inc. copies to: cnsl. (gp) (Entered: 08/05/2003) |
| 07/31/2003 | 4 | Disclosure Statement pursuant to Rule 7.1 by Software AG, Software AG Inc. (gp) (Entered: 08/05/2003) |
| 07/31/2003 | 5 | RETURN OF SERVICE executed on Ct Corporation as to BEA Systems Inc. 7/30/03 Answer due on 8/19/03 for BEA Systems Inc. (gp) (Entered: 08/05/2003) |
| 08/25/2003 | 6 | STIPULATION with proposed order RE: extend answer deadline to 9/30/03 (lg) (Entered: 08/26/2003) |
| 08/27/2003 | | So Ordered granting [6-1] stipulation extending time through and including 09/30/03 for deft. to respond or answer complaint ( signed by Judge Gregory M. Sleet ) Notice to all parties. (gp) (Entered: 09/02/2003) |
| 08/27/2003 | | Deadline updated; reset Answer deadline to 9/30/03 for BEA Systems Inc. (gp) (Entered: 09/02/2003) |
| 08/27/2003 | | Deadline updated; reset Answer deadline to 9/30/03 for BEA Systems Inc. (lg) (Entered: 09/02/2003) |
| 09/29/2003 | 7 | NOTICE of change of addr. for co-cnsl. Venable LLP to 575 7th St.N.W. Washgton, DC 20004 by Software AG, Software AG Inc. (gp) (Entered: |

| | | |
|---|---|---|
| | | 09/30/2003 |
| 09/30/2003 | 8 | ANSWER to complaint and COUNTERCLAIM by BEA Systems Inc. (Steven Balick and John Day ); jury demand against Software AG, Software AG Inc. (gp) (Entered: 10/01/2003) |
| 09/30/2003 | 9 | Disclosure Statement pursuant to Rule 7.1 by BEA Systems Inc., BEA Systems Inc. (gp) (Entered: 10/01/2003) |
| 09/30/2003 | 10 | MOTION by BEA Systems Inc. to Transfer Case to the U.S. District for the Northern District of California Answer Brief due 10/14/03 re: [10-1] motion (gp) (Entered: 10/01/2003) |
| 09/30/2003 | 11 | Opening Brief Filed by BEA Systems Inc. [10-1] motion to Transfer Case to the U.S. District for the Northern District of California (gp) (Entered: 10/01/2003) |
| 09/30/2003 | 12 | Declaration of Michael J. McHugh in support of motion to transfer (gp) (Entered: 10/01/2003) |
| 10/15/2003 | 13 | Answer (Opposition) Brief Filed by Software AG, Software AG Inc. [10-1] motion to Transfer Case to the U.S. District for the Northern District of California - Reply Brief due 10/22/03 (gp) (Entered: 10/16/2003) |
| 10/15/2003 | 14 | Declaration of Mark Moscato in support of opposition to motion to transfer (gp) (Entered: 10/16/2003) |
| 10/15/2003 | 15 | Declaration of Pratibha S. Kanive (gp) (Entered: 10/16/2003) |
| 10/15/2003 | 16 | Declaration of Jeffri A. Kaminski (gp) (Entered: 10/16/2003) |
| 10/15/2003 | 17 | Declaration of Andrew T. Bove (gp) (Entered: 10/16/2003) |
| 10/15/2003 | 18 | Declaration of Meredith A. Miles (gp) (Entered: 10/16/2003) |
| 10/20/2003 | 19 | ANSWER by Software AG to [8-2] counter claims of Bea Systems (gp) (Entered: 10/21/2003) |
| 10/22/2003 | 20 | Reply Brief Filed by BEA Systems Inc. [10-1] motion to Transfer Case to the U.S. District for the Northern District of California (gp) (Entered: 10/23/2003) |
| 10/27/2003 | 21 | DEMAND for jury trial by Software AG, Software AG Inc. (gp) (Entered: 10/28/2003) |
| 10/29/2003 | 22 | REQUEST by Software AG, Software AG Inc. for oral argument on motion to transfer (gp) (Entered: 10/31/2003) |
| 11/19/2003 | | Deadline updated; set 16.2a Telephone Conference for 2:00 12/17/03 (gp) (Entered: 11/19/2003) |
| 11/19/2003 | 23 | NOTICE from Judge Sleet of 16.2a telecnf. scheduled for 12/17/03 at 2:00 (gp) (Entered: 11/20/2003) |
| 12/01/2003 | 24 | RE-NOTICE of telecnf. rescheduled to 12/17/03 at 3:00 (gp) (Entered: 12/03/2003) |

| 12/03/2003 | | Deadline updated; reset Telephone Conference for 3:00 12/17/03 (gp) (Entered: 12/03/2003) |
| 12/17/2003 | | Tele-conference held (rpt. Gunning) 16 conf. scheduled for 1/23/04 2:00 (gp) (Entered: 12/18/2003) |
| 12/17/2003 | | Deadline updated; set Scheduling Conference for 2:00 1/23/04 (gp) (Entered: 12/18/2003) |
| 01/05/2004 | 25 | NOTICE from Judge Sleet of 16.2b sched.cnf. scheduled for 01/23/04 at 2:00 (gp) (Entered: 01/05/2004) |
| 01/16/2004 | 26 | STATUS REPORT by Software AG, Software AG Inc., BEA Systems Inc. (gp) (Entered: 01/16/2004) |
| 01/20/2004 | 27 | ORDER denying [10-1] motion to Transfer Case to the U.S. District for the Northern District of California ( signed by Judge Gregory M. Sleet ) copies to: cnsl. (gp) (Entered: 01/21/2004) |
| 01/20/2004 | 28 | CERTIFICATE OF SERVICE by Software AG, Software AG Inc. of 1st request for production of documents (gp) (Entered: 01/23/2004) |
| 01/22/2004 | 29 | CERTIFICATE OF SERVICE by BEA Systems Inc. of 1st set of requests for documents (gp) (Entered: 01/23/2004) |
| 01/22/2004 | 30 | CERTIFICATE OF SERVICE by BEA Systems Inc. of 1st set of interrog. (gp) (Entered: 01/23/2004) |
| 01/23/2004 | | Scheduling conference held (rpt. Maurer) Schedule Judge Sleet entered as follows: initial disclosures 2/13/04; amend/join 07/09/04; fact discovery 09/27/04; expert cutoff 12/17/04; cnsl. to confer on briefing for markman & disp.mots. markman hrg. 09/09/04 10:00; t/c re: disp.motions 11/24/04 10:00; pto 03/14/04; ptc 04/04/05 10:00 (5) day jury trial 05/02/05 9:0 matter referred to magistrate for mediation (gp) (Entered: 01/23/2004) |
| 01/23/2004 | | Deadline updated; set Scheduling Order Deadlines: joining of parties, amended pleadings on 7/9/04 Discovery deadline on 9/27/04 Deadline for filing dispositive motions by <date cnsl.to confer > Pretrial conference by 10:00 4/5/04 Trial Date Deadline 9:00 5/2/05 Proposed Pretrial Order due on or before 3/14/05 , set Telephone Conference for 10:00 11/24/04 , set Markman Hearing for 10:00 9/9/04 (gp) (Entered: 01/23/2004) |
| 01/28/2004 | 31 | Steno Notes for 01/24/04 (rpt. Maurer) (gp) (Entered: 01/29/2004) |
| 02/04/2004 | 32 | TRANSCRIPT filed for dates of 01/23/04 (gp) (Entered: 02/04/2004) |
| 02/12/2004 | 33 | PROPOSED SCHEDULING ORDER (gp) (Entered: 02/17/2004) |
| 02/13/2004 | 34 | CERTIFICATE OF SERVICE by BEA Systems Inc. of initial diclosure (gp) (Entered: 02/18/2004) |
| 02/17/2004 | 35 | CERTIFICATE OF SERVICE by Software AG, Software AG Inc. of initial diclosure (gp) (Entered: 02/18/2004) |

| 02/18/2004 | 36 | CERTIFICATE OF SERVICE by BEA Systems Inc. of response to Software AG's 1st request for production (gp) (Entered: 02/20/2004) |
| 02/19/2004 | | So Ordered granting [33-1] Scheduling order as follows: join/amend 07/09/04; mrkman hrg. 09/09/04 10:00; final claim chart 07/02/04; opn.claim brief 07/16/04; ans.brief 08/10/04; fact discovery 09/27/04; expert 12/17/04; expert rpt. 10/22/04; rebuttal rpt. 11/19/04; opn.ltr. brief re: sum.judg 10/27/04; ans.ltr 11/10/03; reply ltr 11/17/04; t/c re: sum.judgm. 11/24/04 10:00; disp.motions 12/21/04; daubert agenda 01/10/05; status/daubert t/c 01/19/05 10:00 pto due 03/14/05; ptc 04/04/05 10:00 (5) day jury trial 05/02/05 ( signed by Judge Gregory M. Sleet ) Notice to all parties. (gp) (Entered: 02/20/2004) |
| 02/20/2004 | | Deadline updated; reset Scheduling Order Deadlines: Deadline for filing dispositive motions by 12/6/04 , set Status t/c Conference for 10:00 1/19/05 (gp) (Entered: 02/20/2004) |
| 02/23/2004 | 37 | ORDER, set Telephone Conference for 05/03/04 9:00 ( signed by Judge Mary P. Thynge ) copies to: cnsl. (gp) (Entered: 02/23/2004) |
| 03/05/2004 | 38 | STIPULATION with proposed order to extend the deadline for filing a proposed form of Protective Order to 3/12/04 (asw) (Entered: 03/08/2004) |
| 03/08/2004 | 39 | MOTION by BEA Systems Inc. with Proposed Order for Michael A. Jacobs, Paul J. Riley, Matthew M. D'Amore & Angela T. Rella to Appear Pro Hac Vice (lg) (Entered: 03/09/2004) |
| 03/08/2004 | 40 | CERTIFICATE OF SERVICE by BEA Systems Inc. copies Response to Software AG and Software AG's First Set of Interrogs (lg) (Entered: 03/09/2004) |
| 03/09/2004 | | So Ordered granting [38-1] stipulation ( signed by Judge Gregory M. Sleet ) Notice to all parties. (lg) (Entered: 03/09/2004) |
| 03/10/2004 | | So Ordered granting [39-1] motion for Michael A. Jacobs, Paul J. Riley, Matthew M. D'Amore & Angela T. Rella to Appear Pro Hac Vice ( signed by Judge Gregory M. Sleet ) Notice to all parties. (lg) (Entered: 03/10/2004) |
| 03/12/2004 | 41 | STIPULATED PROTECTIVE ORDER with proposed order (asw) (Entered: 03/15/2004) |
| 03/15/2004 | | So Ordered granting [41-1] stipulated protective order ( signed by Judge Gregory M. Sleet ) Notice to all parties. (asw) (Entered: 03/16/2004) |
| 04/01/2004 | 42 | CERTIFICATE OF SERVICE by BEA Systems Inc. copies Supplemental Response to First Set of Interrogs (lg) (Entered: 04/05/2004) |
| 04/30/2004 | 43 | CERTIFICATE OF SERVICE by BEA Systems Inc. re: Second Set of Requests for Documents and Things to Plaintiffs (asw) (Entered: 05/03/2004) |

| 05/03/2004 | 44 | ORDER setting a Mediation Conf for 8/19/04 at 9:00 a.m. ( signed by Judge Mary P. Thynge ) copies to: cnsl (lg) (Entered: 05/04/2004) |
| 05/14/2004 | 45 | NOTICE OF SERVICE by BEA Systems Inc. re: Supplemental Response of Defendant to Plaintiff First Set of Interrogatories (asw) (Entered: 05/17/2004) |
| 05/20/2004 | 46 | NOTICE OF SERVICE by BEA Systems Inc. re: Defendant's Second Set of Interrogatories to Plaintiffs (asw) (Entered: 05/21/2004) |
| 05/20/2004 | 47 | NOTICE OF SERVICE by BEA Systems Inc. re: Defendant's Third Set of Requests for Documents and Things to Plaintiffs (asw) (Entered: 05/21/2004) |
| 06/02/2004 | 48 | NOTICE by BEA Systems Inc. to take depositions of Andrew Bove on 6/16/04 at 9:30 a.m, Michael Champion on 6/17/04 at 9:30 a.m., Michael Bernnat on 6/18/04 at 9:30 a.m. and John Taylor on 6/21/04 at 9:30 a.m. (asw) (Entered: 06/04/2004) |
| 06/07/2004 | 49 | NOTICE by BEA Systems Inc. to take deposition of one or more persons designated by Plaintiff Software AG, Inc. on 06/23/04 at 9:30 a.m. (asw) (Entered: 06/08/2004) |
| 06/16/2004 | 50 | NOTICE of SCHEDULING that a teleconference regarding discovery dispute has been set for 6/21/04 at 9:00 a.m.; Copies to counsel (asw) (Entered: 06/16/2004) |
| 06/16/2004 | 51 | MOTION by BEA Systems Inc. with Proposed Order for Johnathan E. Mansfield, Esq. to Appear Pro Hac Vice (asw) (Entered: 06/17/2004) |
| 06/16/2004 |  | So Ordered granting [51-1] motion for Johnathan E. Mansfield, Esq. to Appear Pro Hac Vice ( signed by Judge Gregory M. Sleet ) Notice to all parties. (asw) (Entered: 06/18/2004) |
| 06/18/2004 | 52 | Letter to Judge Sleet from John G. Day, Esq. re: agenda for the teleconference scheduled on 6/21/04 at 9:00 a.m. (asw) Modified on 06/18/2004 (Entered: 06/18/2004) |
| 06/18/2004 | 53 | Letter to Judge Sleet from Mary B. Graham, Esq. re: Agenda for the teleconference scheduled for 6/21/04 at 9:00 a.m. (asw) (Entered: 06/18/2004) |
| 06/21/2004 |  | Telephone conference re: Discovery Dispute held; Judge Sleet presiding; Crt. Rptr. B. Gaffigan; Discussion re: logistics and theory of infringement; Counsel requested six week additional time to prepare defense; Court will exceed to the six-week extension with the condition that counsel resolve the claim construction issue; Court requests counsel to submit an amended scheduling order to reflect amended dates discussed as parties agreement; Court will permit the addition of Means plus Function Claims; Stipulated scheduling order due on or before 7/2/04 (asw) (Entered: 06/21/2004) |
| 06/21/2004 | 54 | NOTICE by Software AG, Software AG Inc. to take deposition of BEA Systems, Inc. on 6/28/04 at 9:00 a.m. (asw) (Entered: 06/22/2004) |

| 06/22/2004 | 55 | Steno Notes for the Telephone Conference on 6/21/04 at 9:00 a.m. (asw) (Entered: 06/23/2004) |
|---|---|---|
| 06/22/2004 | 56 | TRANSCRIPT filed for telephone conference for dates of 6/21/04 at 9:00 a.m. (asw) (Entered: 06/23/2004) |
| 06/25/2004 | 57 | CERTIFICATE OF SERVICE by BEA Systems Inc. copies Supplemental Responses to First Set of Interrogs (lg) (Entered: 06/28/2004) |
| 06/25/2004 | 58 | NOTICE by BEA Systems Inc. to take deposition of Heinrich Zettl on 7/12 to 7/13/04; Peter Harris on 7/19/04; William Ruh on 7/20/04; Terence Kennedy on 7/27 to 7/30/04; and Dietmar Gaertner on 8/4 to 8/6/04 (lg) (Entered: 06/28/2004) |
| 06/25/2004 | 59 | CERTIFICATE OF SERVICE by BEA Systems Inc. copies Objections to Rule 30(B)(6) Notice of Deposition of Bea (lg) (Entered: 06/28/2004) |
| 07/01/2004 | 60 | Proposed Joint Amendment to Scheduling Order filed amending paragraphs 2 and 3 of the initial scheduling order (D.I. 33) entered on 2/19/04 (asw) (Entered: 07/01/2004) |
| 07/02/2004 | 61 | JOINT CLAIM CHART filed in preparation for the Markman claim construction hearing scheduled for 9/9/04 at 10:00 a.m. (asw) (Entered: 07/06/2004) |
| 07/02/2004 | 62 | MOTION by BEA Systems Inc. with Proposed Order for Wendy M. Garbers, Esq. to Appear Pro Hac Vice (asw) (Entered: 07/06/2004) |
| 07/06/2004 | | So Ordered granting [62-1] motion for Wendy M. Garbers, Esq. to Appear Pro Hac Vice ( signed by Judge Gregory M. Sleet ) Notice to all parties. (asw) (Entered: 07/06/2004) |
| 07/07/2004 | | So Ordered granting [60-1] proposed order ( signed by Judge Gregory M. Sleet ) Notice to all parties. (asw) (Entered: 07/07/2004) |
| 07/07/2004 | 63 | CERTIFICATE OF SERVICE by Software AG, Software AG Inc. copies of Responses to Thirst Set of Requests for Docs and Things and Response to Second Set of Interrogs (lg) (Entered: 07/08/2004) |
| 07/15/2004 | 64 | Letter to Judge Sleet from Mary Graham, Esq. requesting the court's consideration for amending Paragraph 4 of the Scheduling Order (asw) (Entered: 07/16/2004) |
| 07/15/2004 | 65 | Joint Proposed Amended Scheduling Order filed (asw) (Entered: 07/16/2004) |
| 07/19/2004 | | So Ordered granting [65-1] proposed order ( signed by Judge Gregory M. Sleet ) Notice to all parties. (asw) (Entered: 07/19/2004) |
| 07/23/2004 | 66 | AMENDED JOINT CLAIM CHART amending D.I. 61 for the 9/9/04 10:00 a.m. Markman Hearing (lg) (Entered: 07/27/2004) |
| 07/23/2004 | 67 | SEALED Opening Claim Construction Brief Filed by BEA Systems Inc. (lg) Modified on 07/27/2004 (Entered: 07/27/2004) |

| 07/23/2004 | 68 | Declaration of Dennis Shasha (lg) (Entered: 07/27/2004) |
| 07/23/2004 | 69 | SEALED Declaration of Angela T. Rella in Support of Bea Systems, Inc.'s Opening Claim Construction Brief (lg) (Entered: 07/27/2004) |
| 07/26/2004 | 70 | Opening Markman Brief Filed by Software AG, Software AG Inc. Construing the Claims of US Patent No. 5,329,619 (lg) (Entered: 07/27/2004) |
| 07/26/2004 | 71 | Appendix to Markman Brief Filed by Software AG, Software AG Inc. Appending D.I. 70 (lg) Modified on 07/27/2004 (Entered: 07/27/2004) |
| 07/26/2004 | 72 | SEALED Corrected Declaration of Angela T. Rella in Support of Bea Systems, Inc.'s Opening Claim Construction Brief (lg) (Entered: 07/27/2004) |
| 08/03/2004 | 73 | NOTICE by BEA Systems Inc. to take oral deposition of on or more persons designated by plaintiff, Software AG, Inc. as knowledgeable about the matters set forth in Schedule A of this notice on 6/23/03 at 9:30 a.m. (asw) (Entered: 08/04/2004) |
| 08/04/2004 | 74 | NOTICE by BEA Systems Inc. to take deposition of Plaintiff, Software AG on 8/4/04 at 9:30 a.m. (asw) (Entered: 08/05/2004) |
| 08/06/2004 | 75 | MOTION by Software AG, Software AG Inc. to Strike [68-1] BEA's Expert declaration of Dennis Shasha Answer Brief due 8/20/04 re: [75-1] motion (asw) (Entered: 08/10/2004) |
| 08/10/2004 | 76 | Responsive Claim Construction Brief Filed by BEA Systems Inc. (asw) (Entered: 08/11/2004) |
| 08/10/2004 | 77 | Declaration of Johnathan E. Mansfield in Support of BEA Systems, Inc.'s Responsive Claim Construction Brief (asw) (Entered: 08/11/2004) |
| 08/11/2004 | 78 | Answer Brief In Response to Defendant's Opening Claim Construction Brief Filed by Software AG, Software AG Inc. (asw) (Entered: 08/11/2004) |
| 08/12/2004 | 79 | NOTICE OF SERVICE by BEA Systems Inc. re: Supplemental Response of BEA Systems, Inc. To Software AG and Software AG, Inc.'s First Set of Interrogatories (asw) Modified on 08/12/2004 (Entered: 08/12/2004) |
| 08/13/2004 | 80 | STIPULATION with proposed order for deft. to file and serve its First Amended Answer, Aff. Defenses, Cntclms. and Jury Demand (DI #81). (afb) (Entered: 08/18/2004) |
| 08/13/2004 | 81 | PROPOSED FIRST AMENDED ANSWER, Aff. Defenses, Cntclms. and Jury Demand to Complaint by BEA Systems Inc. : amends [8-1] answer; jury demand (SEALED) (afb) (Entered: 08/18/2004) |
| 08/16/2004 | 82 | NOTICE by Software AG, Software AG Inc. to take deposition of Dietzen on 08/31/04, Andrade on 09/01/04, Dwyer on 09/02/04, Fry on 09/03/04, Carges on 09/14/04, Nielsen on 09/15/04, Takacsi on 09/16/04. (afb) Modified on 08/18/2004 (Entered: 08/18/2004) |

| 08/16/2004 | 83 | CERTIFICATE OF SERVICE by BEA Systems Inc. re: Objs. to Pltf.'s Second Rule 309b)(6) Ntc. of Depos. of Bea. (afb) (Entered: 08/18/2004) |
| 08/17/2004 | 84 | LETTER to the Clerk from John G. Day re: encl. sign. page of the Shasta Declar. (DI #68). Please substitute it for the copy. (afb) Modified on 08/18/2004 (Entered: 08/18/2004) |
| 08/19/2004 | 85 | ORDER that a teleconference has been scheduled for 9/15/04 at 4:00 p.m. re: status of the case ( signed by Judge Mary P. Thynge ) copies to: Counsel (asw) (Entered: 08/23/2004) |
| 08/20/2004 |  | So Ordered granting [80-1] stipulation of amendment of answer purs. to F.R.CIV.P 15(a) ( signed by Judge Gregory M. Sleet ) Notice to all parties. (ljj) (Entered: 08/20/2004) |
| 08/20/2004 | 86 | Answer Brief Filed by BEA Systems Inc. [75-1] motion to Strike [68-1] BEA's Expert declaration of Dennis Shasha - Reply Brief due 8/27/04 (asw) (Entered: 08/23/2004) |
| 08/24/2004 | 87 | NOTICE OF SERVICE by Software AG, Software AG Inc. re: Second Request for Production of Documents and Things and Second Set of Interrogatories (asw) (Entered: 08/25/2004) |
| 08/30/2004 | 88 | Reply Brief Filed by Software AG, Software AG Inc. [75-1] motion to Strike [68-1] BEA's Expert declaration of Dennis Shasha (asw) (Entered: 08/30/2004) |
| 08/30/2004 | 89 | NOTICE OF SERVICE by BEA Systems, Inc. re: First Set of Requests for Admissions to Plaintiffs as to Authenticity of Documents (asw) Modified on 08/30/2004 (Entered: 08/30/2004) |
| 08/30/2004 | 90 | NOTICE OF SERVICE by BEA Systems, Inc. re: First Set of Requests for Admissions to Plaintiffs (asw) Modified on 08/30/2004 (Entered: 08/30/2004) |
| 08/30/2004 | 91 | NOTICE OF SERVICE by BEA Systems, Inc. re: First Set of Requests for Admissions to Plaintiffs (asw) Modified on 08/30/2004 (Entered: 08/30/2004) |
| 08/30/2004 | 92 | NOTICE OF SERVICE by BEA Systems, Inc. re: Supplemental Response of BEA Systems, Inc. to Software AG and Software AG, Inc.'s First Set of Interrogatories (asw) Modified on 08/30/2004 (Entered: 08/30/2004) |
| 08/30/2004 | 93 | NOTICE OF SERVICE by BEA Systems Inc. re: Fourth Set of Requests for Documents and Things to Plaintiffs (asw) Modified on 08/30/2004 (Entered: 08/30/2004) |
| 08/30/2004 | 94 | NOTICE OF SERVICE by BEA Systems Inc. re: Third Set of Interrogatories to Plaintiffs (asw) (Entered: 08/30/2004) |
| 09/02/2004 | 95 | ANSWER by Software AG, Software AG Inc. to [8-2] counter claim (asw) (Entered: 09/02/2004) |
| 09/02/2004 | 96 | NOTICE by Software AG, Software AG Inc. to take depositions of Peter |

| | | Horadan on 9/8/04 at 9:30 a.m., William M. Klein on 9/9/04 at 9:30 a.m., Tom Ashburn on 9/10/04 at 9:30 a.m., Charles III III on 9/13/04 at 9:30 a.m., Eric Hsiao on 9/14/04 at 9:30 a.m. (asw) (Entered: 09/02/2004) |
|---|---|---|
| 09/03/2004 | 97 | MOTION by Software AG, Software AG Inc. with Proposed Order for James R. Burdett, William D. Coston, David M. Farnum, Clifton E. McCann and Eugene Purvis, Jr. to Appear Pro Hac Vice (asw) (Entered: 09/09/2004) |
| 09/07/2004 | 98 | Letter to Judge Sleet from Steven Balick, Esq. submitting an agenda letter to be discussed at the Markman hearing scheduled for 9/9/04 at 10:00 a.m. (or at a separate teleconference which has not been confirmed with the court) (asw) (Entered: 09/09/2004) |
| 09/09/2004 | | So Ordered granting [97-1] motion for James R. Burdett, William D. Coston, David M. Farnum, Clifton E. McCann and Eugene Purvis, Jr. to Appear Pro Hac Vice ( signed by Judge Gregory M. Sleet ) Notice to all parties. (asw) (Entered: 09/09/2004) |
| 09/09/2004 | | Markman Hearing held; Judge Sleet presiding; Crt. Rptr., Heather Triozzi; Defendant's Motion to Strike is DENIED; Plaintiffs' Presentation (1 hr. 10 mins.), Defendant's Presentation (1 hr. 15 mins.); Plaintiffs' Rebuttal argument (1/2 hr.); Court will take this matter under advisement; Discovery will be discussed at a separate conference scheduled on 9/16/04 at 10:00 a.m. (asw) (Entered: 09/09/2004) |
| 09/09/2004 | 99 | NOTICE of Scheduling that a teleconference re: Discovery dispute has been set for 9/16/04 at 10:00 a.m.; Notice to Counsel (asw) (Entered: 09/09/2004) |
| 09/13/2004 | 100 | ORDER denying [75-1] motion to Strike [68-1] BEA's Expert declaration of Dennis Shasha ( signed by Judge Gregory M. Sleet ) copies to: Counsel (asw) (Entered: 09/13/2004) |
| 09/13/2004 | 103 | NOTICE of Individual Depositions by Software AG, Software AG Inc. to take depositions of David Kuchinowski on 9/16/04 at 9:30 a.m. and Renee Spooner on 9/17/04 at 9:30 a.m. (asw) (Entered: 09/15/2004) |
| 09/14/2004 | 101 | Joint Agenda Letter to Judge Sleet from John Day, Esq. for the teleconference on 9/16/04 at 10:00 a.m. (asw) (Entered: 09/15/2004) |
| 09/14/2004 | 102 | DEMAND for jury trial by Software AG, Software AG Inc. (asw) (Entered: 09/15/2004) |
| 09/14/2004 | 104 | TRANSCRIPT filed re: Markman hearing on 9/9/04 at 10:00 a.m. (asw) (Entered: 09/16/2004) |
| 09/15/2004 | 105 | NOTICE OF SERVICE by BEA Systems Inc. re: Supplemental Response to Plaintiff's first set of interrogatories (asw) (Entered: 09/16/2004) |
| 09/15/2004 | 106 | NOTICE of Subpoenas by Software AG, Software AG Inc. re: third-parties commanding production of documents and things (asw) (Entered: 09/16/2004) |

| 09/16/2004 | | Telephone conference re: Status held; Judge Sleet presiding, Crt. Rptr., K. Maurer; Discussion re Claims 1-5; Counsel reached agreement on #1b, 2 and 3; Ruling on #5 re: expert witness being produced for deposition (asw) (Entered: 09/16/2004) |
|---|---|---|
| 09/16/2004 | 109 | Letter to Judge Sleet from Mary Graham, Esq. providing clarification of the "store and forward" function recited in claim 2 of the '619 patent as requested by the court in the Markman hearing held on 9/9/04 (asw) (Entered: 09/21/2004) |
| 09/16/2004 | 110 | NOTICE by Software AG, Software AG Inc. to take deposition of Donna Kostigen on 9/20/04 at 9:30 a.m.; Dean Jacobs on 9/24/04 at 9:30 a.m.; and Benjamin Renaud on 9/27/04 at 9:30 a.m. (asw) (Entered: 09/21/2004) |
| 09/17/2004 | 107 | Steno Notes for Teleconference on 9/16/04 at 10:00 a.m.; Crt. Rptr., K. Maurer (asw) (Entered: 09/20/2004) |
| 09/17/2004 | 111 | ORDER that the continued mediation conference has been tentatively scheduled for 12/4/04 at 10:00 a.m.; it is further ORDERED that a teleconference has been scheduled for 11/9/04 at 4:00 p.m.( signed by Judge Mary P. Thynge ) copies to: Counsel (asw) (Entered: 09/21/2004) |
| 09/20/2004 | 108 | TRANSCRIPT filed for Telephone Conference on 9/16/04 at 10:00 a.m., Crt. Rptr., K. Maurer (asw) (Entered: 09/20/2004) |
| 09/21/2004 | 112 | Letter to Judge Sleet from John Day, Esq. in response to the Pltfs' six-page supplemental letter brief on claim construction (asw) (Entered: 09/21/2004) |
| 09/22/2004 | 114 | NOTICE OF SERVICE by BEA Systems Inc. re: Supplemental Response to Software AG and Software AG, Inc.'s First Set of Interrogatories (asw) (Entered: 09/24/2004) |
| 09/22/2004 | 115 | NOTICE OF SERVICE by BEA Systems Inc. re: Response to the Plaintiffs' Second Set of Interrogatories (asw) (Entered: 09/24/2004) |
| 09/22/2004 | 116 | NOTICE OF SERVICE by BEA Systems Inc. re: Second Supplemental Response to Plaintiffs' Interogatories re: Non-Infringement (asw) (Entered: 09/24/2004) |
| 09/22/2004 | 117 | NOTICE OF SERVICE by BEA Systems Inc. re: Response to Plaintiffs' Second Requests for Production of Documents and Things (asw) (Entered: 09/24/2004) |
| 09/23/2004 | 113 | ORDER CONSTRUING THE DISPUTED TERMS OF U.S. PATENT NO. 5,329,619 ( signed by Judge Gregory M. Sleet ) copies to: Counsel (asw) (Entered: 09/23/2004) |
| 09/29/2004 | 118 | NOTICE of Subpoenas by Software AG, Software AG Inc. (asw) (Entered: 09/30/2004) |
| 10/05/2004 | 119 | NOTICE OF SERVICE by BEA Systems Inc. re: Supplemental Response to Plaintiffs' First Set of Interrogatories (asw) (Entered: |

| | | |
|---|---|---|
| | | 10/07/2004) |
| 10/08/2004 | 120 | NOTICE of Subpoenas by Software AG, Software AG Inc. (asw) (Entered: 10/12/2004) |
| 10/21/2004 | 121 | Letter to Judge Sleet from Mary B. Graham, Esq. enclosing a stipulation to amend the scheduling order relating to expert discovery and the proceedings on letter briefing relating to summary judgment; explanation included (asw) (Entered: 10/22/2004) |
| 10/21/2004 | 122 | STIPULATION with proposed order to Amend the Scheduling Order re: expert discovery, letter briefing and extending the status teleconference date from 11/24/04 to 11/30/04 (asw) (Entered: 10/22/2004) |
| 10/27/2004 | | So Ordered granting [122-1] stipulation ( signed by Judge Gregory M. Sleet ) Notice to all parties. (asw) (Entered: 10/27/2004) |
| 11/02/2004 | 123 | LETTER MOTION (w/attached Exhibits A & B) by Software AG, Software AG Inc. Requesting Permission to File A Motion for Summary Judgment on Defendant BEA Systems, Inc.'s Affirmative Defense of Equitable Estoppel Answer Brief due 11/16/04 re: [123-1] motion (asw) (Entered: 11/03/2004) |
| 11/02/2004 | 124 | LETTER MOTION by Software AG, Software AG Inc. Requesting Permission to File a Motion for Summary Judgment as to BEA Systems, Inc.'s Affirmative Defense of Laches Answer Brief due 11/16/04 re: [124-1] motion (asw) (Entered: 11/03/2004) |
| 11/02/2004 | 125 | NOTICE OF SERVICE by BEA Systems Inc. re: Supplemental Response to Plaintiffs' First Set of Interrogatories (asw) (Entered: 11/03/2004) |
| 11/02/2004 | 126 | [SEALED] Letter Motion to Judge Sleet from Steven J. Balick, Esq. (asw) (Entered: 11/03/2004) |
| 11/03/2004 | 127 | LETTER MOTION by Software AG, Software AG Inc. Requesting Permission to File a Motion for Summary Judgment on the Validity of the Asserted Claims of the '619 Patent Answer Brief due 11/17/04 re: [127-1] motion (asw) (Entered: 11/03/2004) |
| 11/03/2004 | 128 | LETTER MOTION by Software AG, Software AG Inc. Requesting Permission to File a Motion for Summary Judgment as to BEA Systems, Inc.'s Counterclaim that SAG's U.S. Patent No. 5,329,619 is unenforceable due to Inequitable Conduct Answer Brief due 11/17/04 re: [128-1] motion (asw) (Entered: 11/03/2004) |
| 11/05/2004 | 129 | Letter to Judge Sleet from Steven J. Balick, Esq. on behalf of the defendant seeking clarification and relief in connection with the parties' letters requesting leave to file various summary judgment motions; requests the court's guidance before submitting answering letter-briefs (asw) (Entered: 11/09/2004) |
| 11/08/2004 | 130 | Letter to Judge Sleet from Mary B. Graham, Esq. re: letter briefing submissions on summary judgment motions (asw) (Entered: 11/09/2004) |

| 11/10/2004 | 131 | ORDER that the continued mediation conference tentatively scheduled for 12/14/04 at 10:00 a.m. is CANCELLED ( signed by Judge Mary P. Thynge ) copies to: Counsel (asw) (Entered: 11/10/2004) |
| 11/12/2004 | 133 | Letter to Judge Sleet from John Day, Esq. re: BEA's response to SAG's request to file a summary judgment motion on Laches (asw) (Entered: 11/16/2004) |
| 11/12/2004 | 134 | SEALED Letter to Judge Sleet from John Day, Esq. regarding BEA's Response to SAG's request to file a summary judgment motion on "inequitable conduct" (asw) (Entered: 11/16/2004) |
| 11/12/2004 | 135 | SEALED Letter to Judge Sleet from John Day, Esq. regarding BEA's Response to SAG's request to file a summary judgment motion on "Equitable Estoppel" (asw) (Entered: 11/16/2004) |
| 11/12/2004 | 136 | SEALED Letter to Judge Sleet from John Day, Esq. regarding BEA's Response to SAG's Request to file a Summary Judgment motion on "Validity" (asw) (Entered: 11/16/2004) |
| 11/12/2004 | 137 | SEALED Letter to Judge Sleet from Mary Graham, Esq. in reply to Defendant's letter regarding summary judgment motions (asw) (Entered: 11/16/2004) |
| 11/15/2004 | 132 | STIPULATION (mmm) (Entered: 11/15/2004) |
| 11/15/2004 | 138 | SEALED [Corrected Version] Letter dated 11/12/04 to Judge Sleet from Plaintiffs' counsel (asw) (Entered: 11/16/2004) |
| 11/19/2004 | 139 | [SEALED] Letter dated 11/19/04 to Judge Sleet from Steven J. Balick, Esq. (asw) (Entered: 11/22/2004) |
| 11/19/2004 | 140 | Letter Reply Filed by Software AG, Software AG Inc. in support of its Request to file a Summary Judgment Motion on Defendant's Invalidity Claims (asw) (Entered: 11/23/2004) |
| 11/19/2004 | 141 | Letter Reply Filed by Software AG, Software AG Inc. in support of its request to file a motion for summary judgment on defendant's inequitable conduct claim (asw) (Entered: 11/23/2004) |
| 11/19/2004 | 142 | Letter Reply filed by Software AG, Software AG Inc. in support of its request to file a summary judgment motion on Defendant's Equitable Estoppel Defense (asw) (Entered: 11/23/2004) |
| 11/30/2004 | | Telephone conference re: Summary Judgment held; Judge Sleet presiding; Crt Rptr, K. Maurer; Discussions on letter motions filed by the parties for leave to file summary judgment (asw) (Entered: 11/30/2004) |
| 11/30/2004 | 145 | Steno Notes for 11/30/04 telephone conference before Judge Gregory M. Sleet. Court Reporter: Kevin Maurer. (mmm) (Entered: 12/06/2004) |
| 12/03/2004 | 143 | NOTICE OF SERVICE of SUBPOENAS by Software AG, Software AG Inc. (asw) (Entered: 12/06/2004) |
| 12/06/2004 | 144 | RE-NOTICE of Scheduling that the Status/Daubert teleconference |

| | | |
|---|---|---|
| | | currently scheduled for 1/19/05 at 10:00 a.m. has been rescheduled for 1/18/05 at 2:15 p.m.; Copies to counsel (asw) (Entered: 12/06/2004) |
| 12/07/2004 | 146 | TRANSCRIPT filed for telephone conference on 11/30/04; Crt Rptr, K. Maurer (asw) (Entered: 12/07/2004) |
| 12/22/2004 | 147 | STIPULATION with proposed order amending Scheduling Order re: Expert Discover. (mmm) (Entered: 12/22/2004) |
| 01/07/2005 | | So Ordered granting [147-1] stipulation to amend the scheduling order re: expert discovery. A telephone conference will be held before Judge Gregory M. Sleet on 2/1/05 at 2:00 p.m. (signed by Judge Gregory M. Sleet). Notice to all parties. (mmm) (Entered: 01/10/2005) |
| 01/25/2005 | 148 | JOINT AGENDA IDENTIFYING DAUBERT ISSUES filed by the parties (asw) (Entered: 01/26/2005) |
| 02/01/2005 | 149 | Steno Notes for Daubert Teleconference on 2/1/05 at 2:00 p.m.; Crt Rptr, B. Gaffigan (asw) (Entered: 02/03/2005) |
| 02/01/2005 | | Telephone conference re: Status/Daubert Issues held; Judge Sleet presiding; Crt Rptr, K. Maurer; Discussion on Expert Witness Testimony; Discussion on Claim Construction; Discussion on items listed in the joint agenda; the parties were ordered to make submissions in limine (asw) (Entered: 02/03/2005) |
| 02/03/2005 | 150 | TRANSCRIPT filed for telephone conference on 2/1/05 at 2:00 p.m.; Crt Rptr, K. Maurer (asw) (Entered: 02/03/2005) |
| 02/10/2005 | 151 | ORDER denying SAG's request that the court preclude Chatterjee from testifying on the issue of infringement; each party shall submit an opening letter brief by Thursday, February 17, 2005. ( signed by Judge Gregory M. Sleet ) copies to: Counsel (mmm) (Entered: 02/10/2005) |
| 02/11/2005 | 152 | MOTION for Pro Hac Vice Appearance of Attorney Richard S.J. Hung - filed by BEA Systems Inc.. (asw, ) (Entered: 02/14/2005) |
| 02/14/2005 | 153 | NOTICE of Subpoena for Scott Dietzen by Software AG, Software AG Inc. (mmm, ) (Entered: 02/14/2005) |
| 02/15/2005 | | ORDER granting [152] Motion for Leave to Appear Pro Hac Vice . Signed by Judge Gregory M. Sleet on 2/15/05. (asw, ) (Entered: 02/16/2005) |
| 02/17/2005 | 154 | [SEALED] OPENING LETTER BRIEF IN RESPONSE to Order dated 2/10/05 re [151] Order, filed by BEA Systems Inc. (asw ) (Entered: 02/18/2005) |
| 02/17/2005 | 155 | [SEALED] Letter to Judge Sleet from Leslie A. Polizoti, Esq. regarding discussion of the limits on expert testimony. (asw ) (Entered: 02/18/2005) |
| 02/18/2005 | 156 | MOTION in Limine No.1 to Preclude Plaintiffs' Technical Expert From Presenting Evidence or Argument regarding the Doctrine of Equivalents - filed by BEA Systems Inc.. (asw, ) (Entered: 02/22/2005) |
| | | |

| 02/18/2005 | 157 | OPENING BRIEF in Support re [156] MOTION in Limine filed by BEA Systems Inc..Answering Brief/Response due date per Local Rules is 3/7/2005. (asw, ) (Entered: 02/22/2005) |
| 02/18/2005 | 158 | MOTION in Limine No. 2 To Preclude Plaintiffs' Technical Expert From Providing Previously Undisclosed "Overview" and "Tutorial" of the '619 Patent - filed by BEA Systems Inc. (asw) (Entered: 02/22/2005) |
| 02/18/2005 | 159 | OPENING BRIEF in Support re [158] MOTION in Limine filed by BEA Systems Inc.Answering Brief/Response due date per Local Rules is 3/7/2005. (asw) (Entered: 02/22/2005) |
| 02/18/2005 | 160 | MOTION in Limine No. 3 To Preclude Unsupported Expert Testimony on Direct Infringement and Intent by SAG's Technical Expert - filed by BEA Systems Inc. (asw ) (Entered: 02/22/2005) |
| 02/18/2005 | 161 | [SEALED] OPENING BRIEF in Support re [160] MOTION in Limine filed by BEA Systems Inc..Answering Brief/Response due date per Local Rules is 3/7/2005. (asw, ) (Entered: 02/22/2005) |
| 02/18/2005 | 162 | MOTION in Limine No. 4 To Preclude Additional Expert Testimony Rebutting BEA's Invalidity Contentions for the Dependent Claims - filed by BEA Systems Inc. (asw) (Entered: 02/22/2005) |
| 02/18/2005 | 163 | OPENING BRIEF in Support re [162] MOTION in Limine filed by BEA Systems Inc.Answering Brief/Response due date per Local Rules is 3/7/2005. (asw ) (Entered: 02/22/2005) |
| 02/18/2005 | 164 | MOTION in Limine No. 5 to Preclude Plaintiffs From Arguing that JMS Satisfies the PICTL Limitation of the Asserted Claims - filed by BEA Systems Inc. (asw) (Entered: 02/22/2005) |
| 02/18/2005 | 165 | OPENING BRIEF in Support re [164] MOTION in Limine filed by BEA Systems Inc.Answering Brief/Response due date per Local Rules is 3/7/2005. (asw ) (Entered: 02/22/2005) |
| 02/18/2005 | 166 | MOTION in Limine No. 6 To Preclude Inventors who were not Disclosed Pursuant to FRCvP 26 or Produced for Deposition form Testifying at Trial - filed by BEA Systems Inc. (asw ) (Entered: 02/22/2005) |
| 02/18/2005 | 167 | OPENING BRIEF in Support re [166] MOTION in Limine filed by BEA Systems Inc.Answering Brief/Response due date per Local Rules is 3/7/2005. (asw ) (Entered: 02/22/2005) |
| 02/18/2005 | 168 | MOTION in Limine No. 7 To Preclude Plaintiffs' Damages Expert From Opining about the Quality of Direct Infringement. - filed by BEA Systems Inc. (asw ) (Entered: 02/22/2005) |
| 02/18/2005 | 169 | OPENING BRIEF in Support re [168] MOTION in Limine filed by BEA Systems Inc.Answering Brief/Response due date per Local Rules is 3/7/2005. (asw) (Entered: 02/22/2005) |
| 02/18/2005 | 170 | MOTION in Limine No. 8 To Preclude the Testimony of Richard L. |

| | | Donaldson. - filed by BEA Systems Inc. (asw ) (Entered: 02/22/2005) |
|---|---|---|
| 02/18/2005 | 171 | SEALED OPENING BRIEF in Support re [170] MOTION in Limine filed by BEA Systems Inc.Answering Brief/Response due date per Local Rules is 3/7/2005. (asw) Modified on 7/31/2006 (rpg, ). (Entered: 02/22/2005) |
| 02/18/2005 | 172 | MOTION in Limine no. 9 To Preclude Statements Regarding Morrison & Foerster's Retention of Richard L. Donaldson and Earl Sacerdoti in Other Cases - filed by BEA Systems Inc. (asw ) (Entered: 02/22/2005) |
| 02/18/2005 | 173 | OPENING BRIEF in Support re [172] MOTION in Limine filed by BEA Systems Inc.Answering Brief/Response due date per Local Rules is 3/7/2005. (asw ) (Entered: 02/22/2005) |
| 02/18/2005 | 174 | [SEALED]APPENDIX of Exhibits to Motions in Limine filed by BEA Systems Inc. (asw ) Modified on 2/22/2005 (asw, ). (Entered: 02/22/2005) |
| 02/18/2005 | 175 | [SEALED] MOTIONS in Limine (including Exhibit Tabs 1-9) - filed by Software AG, Software AG Inc.. (asw, ) (Entered: 02/22/2005) |
| 02/18/2005 | 176 | [SEALED] APPENDIX re [175] MOTIONS in Limine by Software AG, Software AG Inc. (asw ) (Entered: 02/22/2005) |
| 02/25/2005 | 177 | [SEALED] REPLY TO BEA'S LETTER BRIEF [D.I. 154] filed by Software AG, Software AG Inc..Reply Brief due date per Local Rules is 3/4/2005. (asw ) (Entered: 02/25/2005) |
| 02/25/2005 | 178 | RESPONSE to Plaintiffs' letter dated 2/17/05 in Response to Order re [151] Order, filed by BEA Systems Inc. (asw ) (Entered: 02/25/2005) |
| 02/25/2005 | 179 | NOTICE OF SERVICE of third party Scott Dietzen's objections to SAG's subpoena duces tecum dated 2/14/05 by BEA Systems Inc..(bkb, ) (Entered: 02/28/2005) |
| 03/04/2005 | 180 | SEALED ANSWERING BRIEF in Opposition *to SAG's Motion in Limine No. 1 to Exclude the Testimony of Defendant's Patent Law Expert* filed by BEA Systems Inc..Reply Brief due date per Local Rules is 3/11/2005. (Day, John) (Entered: 03/04/2005) |
| 03/04/2005 | 181 | SEALED ANSWERING BRIEF in Opposition *to SAG's Motion in Limine No. 4 to Limit BEA's Prior Art Invalidity Contentions at Trial* filed by BEA Systems Inc..Reply Brief due date per Local Rules is 3/11/2005. (Day, John) (Entered: 03/04/2005) |
| 03/04/2005 | 182 | SEALED ANSWERING BRIEF in Opposition *to SAG's Motion in Limine No. 9 to Try Equitable Issues to the Court and to Preclude BEA from Raising Such Issues Before the Jury* filed by BEA Systems Inc..Reply Brief due date per Local Rules is 3/11/2005. (Day, John) (Entered: 03/04/2005) |
| 03/04/2005 | 183 | ANSWERING BRIEF in Opposition *to SAG's Motion in Limine No. 3 to Exclude Professor Shasha's Opinion that the Two Bernstein Articles* |

| | | |
|---|---|---|
| | | *Anticipate the Patent-In-Suit* filed by BEA Systems Inc..Reply Brief due date per Local Rules is 3/11/2005. (Day, John) (Entered: 03/04/2005) |
| 03/04/2005 | 184 | ANSWERING BRIEF in Opposition *to SAG's Motion in Limine No. 5 to Limit Professor Shasha's Testimony on BEA's Section 112 Contentions* filed by BEA Systems Inc..Reply Brief due date per Local Rules is 3/11/2005. (Day, John) (Entered: 03/04/2005) |
| 03/04/2005 | 185 | ANSWERING BRIEF in Opposition *to SAG's Motion in Limine No. 6 to Preclude BEA from Offering Evidence or Argument Regarding a Comparison of Alleged Prior Art Tuxedo and U.S. Patent No. 5,329,619* filed by BEA Systems Inc..Reply Brief due date per Local Rules is 3/11/2005. (Day, John) (Entered: 03/04/2005) |
| 03/04/2005 | 186 | RESPONSE to Motion re [164] MOTION in Limine, [168] MOTION in Limine, [160] MOTION in Limine, [156] MOTION in Limine, [158] MOTION in Limine, [172] MOTION in Limine, [166] MOTION in Limine, [162] MOTION in Limine, [170] MOTION in Limine filed by Software AG, Software AG Inc., Software AG, Software AG Inc.. (Polizoti, Leslie) (Entered: 03/04/2005) |
| 03/04/2005 | 187 | SEALED APPENDIX re 186 Response to Motion, *Appendix to Plaintiffs' Responses to Defendant's Motions In Limine* by Software AG, Software AG Inc., Software AG, Software AG Inc.. (Polizoti, Leslie) (Entered: 03/04/2005) |
| 03/04/2005 | 188 | ANSWERING BRIEF in Opposition *to SAG's Motion in Limine No. 8 to Preclude Defendant From Introducing Evidence at Trial of Consultations With Outside Counsel* filed by BEA Systems Inc..Reply Brief due date per Local Rules is 3/11/2005. (Balick, Steven) (Entered: 03/04/2005) |
| 03/04/2005 | 189 | ANSWERING BRIEF in Opposition *to SAG's Motion in Limine No. 7 to Preclude Dr. Sandeep Chatterjee from Testifying at Trial on Infringement Matters Not Included in His Rebuttal Expert Report on Infringement* filed by BEA Systems Inc..Reply Brief due date per Local Rules is 3/11/2005. (Day, John) (Entered: 03/04/2005) |
| 03/04/2005 | 190 | ANSWERING BRIEF in Opposition *to SAG's Motion in Limine No. 2 to Preclude BEA from Introducing Evidence or Argument Regarding Reexamination of U.S. Patent No. 5,329,619* filed by BEA Systems Inc..Reply Brief due date per Local Rules is 3/11/2005. (Day, John) (Entered: 03/04/2005) |
| 03/04/2005 | 191 | SEALED APPENDIX re 189 Answering Brief in Opposition,, 188 Answering Brief in Opposition,, 185 Answering Brief in Opposition,, 184 Answering Brief in Opposition, 180 Answering Brief in Opposition, 181 Answering Brief in Opposition, 182 Answering Brief in Opposition,, 183 Answering Brief in Opposition,, 190 Answering Brief in Opposition, *to SAG's Motions in Limine* by BEA Systems Inc.. (Day, John) (Entered: 03/04/2005) |
| 03/11/2005 | 192 | REDACTED VERSION of 191 Appendix, *of Exhibits in Support of BEA's Answering Briefs in Opposition to SAG's Motions in Limine* by |

| | | BEA Systems Inc.. (Attachments: # <u>1</u> tabs 2-3# <u>2</u> tabs 4-6# <u>3</u> tabs 7-9# <u>4</u> tabs 10-11# <u>5</u> tabs 12-14# <u>6</u> tab 15# <u>7</u> tab 16# <u>8</u> tabs 17-19)(Day, John) (Entered: 03/11/2005) |
|------------|------|--------------------------------------------------------------------------------------------------------------|
| 03/11/2005 | <u>193</u> | SEALED REPLY BRIEF re [168] MOTION in Limine *No. 7 to Preclude Plaintiffs' Damages Expert from Opining About the Quantity of Direct Infringement* filed by BEA Systems Inc.. (Day, John) (Entered: 03/11/2005) |
| 03/11/2005 | <u>194</u> | SEALED REPLY BRIEF re [170] MOTION in Limine *No. 8 to Preclude the Testimony of Richard L. Donaldson* filed by BEA Systems Inc.. (Day, John) (Entered: 03/11/2005) |
| 03/11/2005 | <u>195</u> | SEALED REPLY BRIEF re [172] MOTION in Limine *No. 9 to Preclude Statements Regarding Morrison & Foerster's Retention of Richard L. Donaldson & Earl Sacerdoti in Other Cases* filed by BEA Systems Inc.. (Day, John) (Entered: 03/11/2005) |
| 03/11/2005 | <u>196</u> | REPLY BRIEF re [166] MOTION in Limine *No. 6 to Preclude Inventors who were not Disclosed Pursuant to Fed. R. Civ. P. 26 or Produced for Deposition from Testifying at Trial* filed by BEA Systems Inc.. (Attachments: # <u>1</u>)(Day, John) (Entered: 03/11/2005) |
| 03/11/2005 | <u>197</u> | REPLY BRIEF re [164] MOTION in Limine *No. 5 to Preclude Plaintiffs from Arguing that JMS Satisfies the PICTL Limitation of the Asserted Claims* filed by BEA Systems Inc.. (Day, John) (Entered: 03/11/2005) |
| 03/11/2005 | <u>198</u> | REPLY BRIEF re [156] MOTION in Limine *NO. 1 TO PRECLUDE PLAINTIFFS' TECHNICAL EXPERT FROM PRESENTING EVIDENCE OR ARGUMENT REGARDING THE DOCTRINE OF EQUIVALENTS* filed by BEA Systems Inc.. (Day, John) (Entered: 03/11/2005) |
| 03/11/2005 | <u>199</u> | SEALED REPLY BRIEF re [158] MOTION in Limine *NO. 2 TO PRECLUDE PLAINTIFFS' TECHNICAL EXPERT FROM* filed by BEA Systems Inc.. (Day, John) (Entered: 03/11/2005) |
| 03/11/2005 | <u>200</u> | REPLY BRIEF re [160] MOTION in Limine *NO. 3 TO PRECLUDE UNSUPPORTED EXPERT TESTIMONY ON DIRECT INFRINGEMENT AND INTENT BY PLAINTIFFS' TECHNICAL EXPERT* filed by BEA Systems Inc.. (Day, John) (Entered: 03/11/2005) |
| 03/11/2005 | <u>201</u> | REPLY BRIEF re [162] MOTION in Limine *NO. 4 TO PRECLUDE ADDITIONAL EXPERT TESTIMONY REBUTTING BEA'S INVALIDITY CONTENTIONS FOR THE DEPENDENT CLAIMS* filed by BEA Systems Inc.. (Day, John) (Entered: 03/11/2005) |
| 03/11/2005 | <u>202</u> | APPENDIX re <u>187</u> Appendix *REDACTED VERSION* by Software AG, Software AG Inc., Software AG, Software AG Inc.. (Attachments: # <u>1</u> # <u>2</u> # <u>3</u>)(Polizoti, Leslie) (Entered: 03/11/2005) |
| 03/11/2005 | <u>203</u> | SEALED APPENDIX to *Plaintiffs' Replies in Support of Their Motions in Limine* by Software AG, Software AG Inc., Software AG, Software AG Inc.. (Polizoti, Leslie) (Entered: 03/11/2005) |
| | | |

| 03/11/2005 | 204 | REPLY BRIEF re [175] MOTION in Limine filed by Software AG, Software AG Inc., Software AG, Software AG Inc.. (Polizoti, Leslie) (Entered: 03/11/2005) |
| 03/14/2005 | 205 | Proposed Pretrial Order *Redacted Version* by Software AG, Software AG Inc., BEA Systems Inc., BEA Systems Inc., Software AG, Software AG Inc.. (Attachments: # 1 # 2 # 3 # 4 # 5 # 6 # 7 # 8 # 9 # 10 # 11 # 12 # 13 # 14 # 15 # 16 # 17 # 18 # 19 # 20)(Polizoti, Leslie) (Entered: 03/14/2005) |
| 03/15/2005 | 206 | Proposed Pretrial Order *SEALED* by Software AG, Software AG Inc., BEA Systems Inc., BEA Systems Inc., Software AG, Software AG Inc.. (Polizoti, Leslie) (Entered: 03/15/2005) |
| 03/17/2005 | 207 | REDACTED VERSION of 182 Answering Brief in Opposition, *to SAG's Motion in Limine No. 9 to Try Equitable Issues to the Court and to Preclude BEA from Raising Such Issues Before the Jury* by BEA Systems Inc.. (Day, John) (Entered: 03/17/2005) |
| 03/17/2005 | 208 | REDACTED VERSION of 180 Answering Brief in Opposition *to SAG's Motion in Limine No. 1 to Exclude the Testimony of Defendant's Patent Law Expert* by BEA Systems Inc.. (Day, John) (Entered: 03/17/2005) |
| 03/17/2005 | 209 | REDACTED VERSION of 181 Answering Brief in Opposition *to SAG's Motion in Limine No. 4 to Limit BEA's Prior Art Invalidity Contentions at Trial* by BEA Systems Inc.. (Day, John) (Entered: 03/17/2005) |
| 03/17/2005 | 210 | REDACTED VERSION of 195 Reply Brief *in Further Support of its Motion in Limine No. 9 to Preclude Statements Regarding Morrison & Foerster's Retention of Richard L. Donaldson & Earl Sacerdoti in Other Cases* by BEA Systems Inc.. (Day, John) (Entered: 03/17/2005) |
| 03/17/2005 | 211 | REDACTED VERSION of 194 Reply Brief *in Further Support of its Motion in Limine No. 8 to Preclude the Testimony of Richard L. Donaldson* by BEA Systems Inc.. (Day, John) (Entered: 03/17/2005) |
| 03/17/2005 | 212 | REDACTED VERSION of 193 Reply Brief *in Further Support of its Motion in Limine No. 7 to Preclude Plaintiffs' Damages Expert from Opining About the Quantity of Direct Infringement* by BEA Systems Inc.. (Day, John) (Entered: 03/17/2005) |
| 03/17/2005 | 213 | REDACTED VERSION of 199 Reply Brief *in Further Support of its Motion in Limine No. 2 to Preclude Plaintiffs' Technical Expert from Providing Previously Undisclosed Overview and Tutorial* by BEA Systems Inc.. (Day, John) (Entered: 03/17/2005) |
| 03/18/2005 | 214 | APPENDIX re 204 Reply Brief, 203 Appendix *Redacted Appendix to Plaintiffs' Reply to Defendant's Motions in Limine* by Software AG, Software AG Inc., Software AG, Software AG Inc.. (Attachments: # 1 # 2 # 3 # 4 # 5 # 6)(Polizoti, Leslie) (Entered: 03/18/2005) |
| 03/28/2005 | 215 | Letter to The Honorable Gregory M. Sleet from Steven J. Balick regarding newly produced documents and need to postpone schedule. (Balick, Steven) (Entered: 03/28/2005) |

| 03/29/2005 | | Minute Entry for proceeding held before Judge Gregory M. Sleet : Telephone Conference re: Production of New Documents held on 3/29/2005. Discussion regarding letter dated 3/28/05 submitted by BEA Systems; Court set the following briefing schedule regarding letter dated 3/28/05: answer letter due 3/29/05; reply letter due 3/30/05. The Court will hold a Teleconference Re: Letter Submissions on 3/31/05 at 1:00 p.m. (Court Reporter K. Maurer.) (asw ) (Entered: 03/29/2005) |
|---|---|---|
| 03/29/2005 | 216 | Letter to the Honorable Gregory M. Sleet from Leslie A. Polizoti regarding responding to D.I. 215, BEA's 3-28-05 letter re 215 Letter, Telephone Conference,. (Attachments: # 1 Exhibit A (chart)# 2 Exhibit D (Talbot Dep. Tr. excerpt))(Polizoti, Leslie) (Entered: 03/29/2005) |
| 03/29/2005 | 217 | SEALED EXHIBIT re 216 Letter, *Sealed Exhibits B & C* by Software AG, Software AG Inc., Software AG, Software AG Inc.. (Polizoti, Leslie) (Entered: 03/29/2005) |
| 03/30/2005 | 218 | Letter to The Honorable Gregory M. Sleet from Steven J. Balick regarding FILED UNDER SEAL regarding discovery re 216 Letter,. (Balick, Steven) (Entered: 03/30/2005) |
| 03/31/2005 | 219 | Letter to Judge Sleet from Maryellen Noreika regarding Oktoberfest 1993 folder. (Noreika, Maryellen) (Entered: 03/31/2005) |
| 03/31/2005 | | Minute Entry for proceeding held before Judge Gregory M. Sleet : Telephone Conference re: Letter Submissions held on 3/31/2005. Discussion regarding letter briefing and depositions of witnesses. Court ruled that this case will go forward to trial as scheduled. The Pretrial Conference date set for 4/4/05 at 10:00 a.m. will remain. (Court Reporter K. Maurer.) (asw ) Modified on 3/31/2005 (asw ). (Entered: 03/31/2005) |
| 03/31/2005 | 220 | TRANSCRIPT of Teleconference Re: Production of New Documents held on 3/29/05 before Judge Sleet. Court Reporter: Kevin Maurer. (Transcript on file in Clerk's Office) (asw ) (Entered: 03/31/2005) |
| 03/31/2005 | | CORRECTING ENTRY: Please note that the time for the Pretrial Conference set on 4/4/05 is scheduled for 10:00 AM. This corrects the above Minute Entry regarding today's Teleconference re: Letter Submissions (3/31/05) (asw ) (Entered: 03/31/2005) |
| 04/01/2005 | 221 | STENO NOTES of Teleconference re: Newly produced documents held on 3/29/05 before Judge Sleet. Court Reporter: Kevin Maurer. (Notes on file in Clerk's Office) (asw ) (Entered: 04/04/2005) |
| 04/01/2005 | 222 | TRANSCRIPT of Teleconference re: Letter submissions held on 3/31/05 before Judge Sleet. Court Reporter: Kevin Maurer. (Transcript on file in Clerk's Office) (asw ) (Entered: 04/04/2005) |
| 04/04/2005 | | Minute Entry for proceeding held before Judge Gregory M. Sleet : Pretrial Conference held on 4/4/2005. The court ruled on the plaintiffs' and defendant's Motions in Limine; Discussion on pretrial documents/pretrial order (voir dire questions, jury instructions, and verdict form). The courtroom procedures for trial were explained to |

| | | counsel. The Court ordered counsel to agree upon a general description of the case and submit it to the court. (Court Reporter Kevin Maurer.) (asw ) (Entered: 04/04/2005) |
|---|---|---|
| 04/05/2005 | 223 | REDACTED VERSION of 216 Letter,, 217 Exhibit to a Document *[Redacted] Exhibits B and C to Plaintiff's March 29, 2005 Letter to the Honorable Gregory M. Sleet* by Software AG, Software AG Inc., Software AG, Software AG Inc.. (Polizoti, Leslie) (Entered: 04/05/2005) |
| 04/05/2005 | 224 | Letter to The Honorable Gregory M. Sleet from Steven J. Balick regarding providing the Court with documents relating to the role played by Sheldon Meyer. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(Balick, Steven) (Entered: 04/05/2005) |
| 04/06/2005 | 225 | NOTICE OF SERVICE of Notice of Subpoena Directed to C. Scott Talbot, Esq. by BEA Systems Inc, BEA Systems Inc..(Day, John) (Entered: 04/06/2005) |
| 04/06/2005 | 226 | NOTICE to Take Deposition of C. Scott Talbot, Esquire on April 11, 2005 by BEA Systems Inc, BEA Systems Inc..(Day, John) (Entered: 04/06/2005) |
| 04/06/2005 | 227 | REDACTED VERSION of 218 Letter *to The Honorable Gregory M. Sleet from Steven J. Balick regarding newly produced documents* by BEA Systems Inc.. (Attachments: # 1 Exhibit A through D# 2 Exhibit E through G)(Balick, Steven) (Entered: 04/06/2005) |
| 04/08/2005 | 228 | MEMORANDUM AND ORDER GRANTING [175] (Sealed) MOTION in Limine No. 8 filed by Software AG, Software AG Inc. Signed by Judge Gregory M. Sleet on 4/8/05. (asw ) (Entered: 04/11/2005) |
| 04/12/2005 | 229 | Letter to The Honorable Gregory M. Sleet from Steven J. Balick regarding U.S. Patent Office's grant of BEA's request for reexamination. (Attachments: # 1 U.S. Patent and Trademark Office's April 5, 2005 decision)(Balick, Steven) (Entered: 04/12/2005) |
| 04/12/2005 | 230 | NOTICE to Take Deposition of Howrey Simon Arnold & White LLP on April 19, 2005 by BEA Systems Inc, BEA Systems Inc..(Day, John) (Entered: 04/12/2005) |
| 04/12/2005 | 231 | NOTICE OF SERVICE of Notice of Subpoena Directed to Howrey Simon Arnold & White LLP by BEA Systems Inc, BEA Systems Inc.. (Day, John) (Entered: 04/12/2005) |
| 04/12/2005 | 232 | STENO NOTES of telephone conference held on 3/31/05 before Judge Gregory M. Sleet. Court Reporter: Kevin Maurer. (Notes on file in Clerk's Office) (mmm) (Entered: 04/13/2005) |
| 04/12/2005 | 233 | STENO NOTES of pretrial conference held on 4/4/05 before Judge Gregory M. Sleet. Court Reporter: Kevin Maurer. (Notes on file in Clerk's Office) (mmm) (Entered: 04/13/2005) |
| 04/12/2005 | 234 | TRANSCRIPT of pretrial conference held on 4/4/05 before Judge Gregory M. Sleet. Court Reporter: Kevin Maurer. (Transcript on file in |

| | | Clerk's Office) (mmm) (Entered: 04/13/2005) |
|---|---|---|
| 04/14/2005 | 235 | Letter to The Honorable Gregory M. Sleet from Mary B. Graham regarding Responding to BEA's Letter of April 12, 2005 re 229 Letter. (Attachments: # 1)(Polizoti, Leslie) (Entered: 04/14/2005) |
| 04/21/2005 | | NOTICE OF SCHEDULING: A telephone conference has been set for 4/25/2005 (Monday) at 09:30 AM to discuss reexamination and scope of expert testimony before Honorable Gregory M. Sleet. Counsel for plaintiff is directed to initiate the conference call to chambers at (302) 573-6470. Signed by Judge Gregory M. Sleet on 4/21/05. (ctd) (Entered: 04/21/2005) |
| 04/25/2005 | | Minute Entry for proceeding held before Judge Gregory M. Sleet : Telephone Conference re: Re-examination Scope of Expert Testimony held on 4/25/2005. The trial will go forward on 5/2/05 and counsel will meet in chambers at 8:30 AM the morning of trial. (Court Reporter Kevin Maurer.) (asw) (Entered: 04/25/2005) |
| 04/26/2005 | 236 | Letter to The Honorable Gregory M. Sleet from Steven J. Balick regarding BEA's request to supplement the pretrial order and the trial record in light of new discovery. (Balick, Steven) (Entered: 04/26/2005) |
| 04/26/2005 | 237 | TRANSCRIPT of Telephone Conference held on 4/25/05 at 9:30 AM before Judge Sleet. Court Reporter: Kevin Maurer. (Transcript on file in Clerk's Office) (asw ) (Entered: 04/27/2005) |
| 04/26/2005 | 238 | STENO NOTES of Teleconference Re: Scope of Expert Testimony held on 4/25/05 before Judge Sleet. Court Reporter: Kevin Maurer. (Notes on file in Clerk's Office) (asw ) (Entered: 04/27/2005) |
| 04/27/2005 | 239 | Letter to The Honorable Gregory M. Sleet from Steven J. Balick regarding BEA's request to preclude plaintiffs from offering evidence of intent to comply with their duty of disclosure to the PTO. (Attachments: # 1 Tab A# 2 Tab B# 3 Tab C (part 1)# 4 Tab C (part 2)# 5 Tab C (part 3)# 6 Tab C (part 4)# 7 Tab C (part 5)# 8 Tab C (part 6))(Balick, Steven) (Entered: 04/27/2005) |
| 04/27/2005 | 240 | Letter to The Honorable Gregory M. Sleet from Mary B. Graham regarding Response to Defendant BEA's letter of April 26, 2005 (D.I. 236). (Graham, Mary) (Entered: 04/27/2005) |
| 04/28/2005 | 241 | Letter to The Honorable Gregory M. Sleet from Leslie A. Polizoti regarding Response to defendant BEA Systems, Inc.'s April 27, 2005 letter. (Polizoti, Leslie) (Entered: 04/28/2005) |
| 04/28/2005 | | Minute Entry for proceeding held before Judge Gregory M. Sleet : Telephone Conference held on 4/28/2005. The Court disposed of BEA's letter dated 4/26/05. The Court will commence trial at 10:00 AM on 5/2/05 and meet with counsel in chambers at 9:30 AM. (Court Reporter Kevin Maurer.) (asw ) (Entered: 04/28/2005) |
| 04/29/2005 | 242 | Letter to Dr. Peter T. Dalleo from Steven J. Balick regarding reservation of Attorney Conference Room #2216 for trial. (Balick, Steven) (Entered: |

| | | |
|---|---|---|
| | | 04/29/2005) |
| 05/06/2005 | 243 | STIPULATION of Dismissal *Under Rule 41* by Software AG, Software AG Inc., BEA Systems Inc.. (Graham, Mary) (Entered: 05/06/2005) |
| 05/06/2005 | | SO ORDERED, re 243 Stipulation of Dismissal filed by Software AG, Software AG Inc., BEA Systems Inc . Signed by Judge Gregory M. Sleet on 5/6/05. (asw ) (Entered: 05/06/2005) |
| 05/06/2005 | | CASE CLOSED. See Stipulation of Dismissal, D.I. 243. (asw ) (Entered: 05/06/2005) |
| 05/06/2005 | 244 | STENO NOTES of Teleconference held on 4/28/05 before Judge Sleet. Court Reporter: Kevin Maurer. (Notes on file in Clerk's Office) (asw ) (Entered: 05/06/2005) |
| 08/11/2006 | 245 | ORDER (including procedural letter and docket sheet), directing the return of sealed documents to the parties. Signed by Judge Gregory M. Sleet on 8/11/06. (Attachments: # 1 Letter to counsel # 2 Partial Docket Sheet)(rpg, ) (Entered: 08/11/2006) |
| 08/17/2006 | 246 | Acknowledgment of Receipt for sealed documents, D.I.'s: 137, 138, 155, 175, 176, 177, 187, 203, 206, and 217, by Leslie A. Polizoti, Esq. (rpg, ) (Entered: 08/17/2006) |
| 08/17/2006 | 247 | Acknowledgment of Receipt for sealed documents, D.I.'s: 67, 69, 72, 81, 126, 134, 135, 136, 139, 154, 161, 169, 171, 174, 180, 181, 182, 191, 193, 194, 195, 199 and 218, by John G. Day, Esq. (rpg, ) (Entered: 08/17/2006) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/26/2007 20:51:07 | | | |
| **PACER Login:** | mj0008 | **Client Code:** | 99999 |
| **Description:** | Docket Report | **Search Criteria:** | 1:03-cv-00739-GMS Start date: 1/1/1970 End date: 10/26/2007 |
| **Billable Pages:** | 14 | **Cost:** | 1.12 |