IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WYETH,<br><br>                Plaintiff,<br><br>    v.<br><br>IMPAX LABORATORIES, INC.,<br><br>                Defendant. | Civil Action No. 06-222 (JJF)<br><br>**PUBLIC VERSION** |

**IMPAX LABORATORIES' MOTION TO STRIKE
PORTIONS OF THE EXPERT REPORTS OF
DR. HENRY GRABOWSKI AND DR. RONALD THISTED**

Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES LLP
500 Delaware Avenue, 15th Floor
Wilmington, DE 19801
Telephone: (302) 888-6800
mmatterer@morrisjames.com

Daralyn J. Durie
Paula L. Blizzard
Joseph C. Gratz
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111
Telephone: (415) 391-5400

Originally filed:   December 19, 2007
Public version filed:  December 28, 2007

## I.    INTRODUCTION

Two of Wyeth's experts, Dr. Henry Grabowski and Dr. Ronald Thisted, have submitted "rebuttal" expert reports containing new opinions that do not address, let alone rebut, the opinions of any of Impax's experts.  This is plainly improper under Third Circuit law and this Court's scheduling order.  Wyeth and its experts could have stated these opinions in their initial expert reports.  By withholding them at that stage, and then injecting them into their rebuttal reports, Wyeth has violated the scheduling order and denied Impax's experts the chance to develop rebuttals of their own.  Accordingly, under the law of this Circuit, this Court should exclude those "rebuttal" opinions offered by Wyeth's experts that do not directly contradict the opinions offered by Impax's experts.

## II.    BACKGROUND

**A.    Henry Grabowski's "rebuttal" to the report of Impax expert William Comanor**

On September 28, 2007, Impax submitted the expert report of Dr. William Comanor. Declaration of Mary Matterer in Support of Impax Laboratories, Inc.'s Motion to Strike ("Matterer Decl.") Ex. A (Comanor expert report).

## REDACTED

Dr. Comanor—an economist—conducted statistical analyses that supported his conclusion.

On October 31, 2007, Wyeth expert Dr. Henry Grabowski submitted a 63-page "rebuttal" report to Dr. Comanor's report.    Matterer Decl. Ex. B (Grabowski rebuttal report). Dr. Grabowski's report begins

## REDACTED

Dr. Grabowski does not even discuss Dr. Comanor's opinions until page 46 of his "rebuttal."

**B.    Ronald Thisted's "rebuttal" to the report of Impax experts William Wecker and Bert Spilker.**

On September 28, 2007, Impax expert Dr. Bert Spilker submitted his initial expert report, which discussed,

**REDACTED**

That same day, Impax expert Dr. William Wecker also submitted an opening expert report

**REDACTED**

On October 29, 2007, Wyeth expert Dr. Ronald Thisted submitted an expert report that purported to rebut Dr. Spilker's and Dr. Wecker's reports. Matterer Decl. Ex. E (Thisted rebuttal report). Unlike Dr. Grabowski's report, most of Dr. Thisted's rebuttal report actually does rebut Drs. Spilker and Wecker.

**REDACTED**

**C.    Impax's request that Wyeth withdraw this improper "rebuttal" material.**

On December 13, 2007, Impax requested that Wyeth withdraw pages 3-16 and 36-38 of Dr. Grabowski's rebuttal report and paragraphs 87-88 of Dr. Thisted's rebuttal report because they were not proper rebuttal to anything Impax's experts had said. Matterer Decl. Ex. G

(December 13, 2007 letter from Impax to Wyeth). Wyeth has refused to do so, forcing Impax to file this motion to strike.

### III.    ARGUMENT

An expert's rebuttal testimony may be offered "solely to contradict or rebut" the expert testimony of the opposing party. Fed. R. Civ. P. 26(a)(2)(C). "It has been well established in this Circuit 'that on rebuttal it is properly within the discretion of the trial judge to limit testimony to that which is precisely directed to rebutting new matter or new theories presented by the defendant's case-in-chief.'" *Step-Saver Data Systems, Inc. v. Wyse Technology*, 752 F.Supp. 181, 193 (E.D. Pa. 1990), *aff'd in relevant part and rev'd in part on other grounds*, 939 F.2d 91 (3d Cir. 1991) (*citing Upshur v. Shepherd*, 538 F.Supp. 1176, 1180 (E.D. Pa. 1982), *aff'd*, 707 F.2d 1396 (3d Cir. 1983)). "It is well settled that evidence which properly belongs in the case-in-chief but is first introduced in rebuttal may be rejected, so as to avoid prejudice to the defendant and to ensure the orderly presentation of proof." *Emerick v. U.S. Suzuki Motor Corp.*, 750 F.2d 19, 22 (3d Cir. 1984). A party may not use a rebuttal expert report as "an opportunity for the correction of any oversights in the plaintiff's case in chief." *Step-Saver Data Sys., Inc.*, 752 F. Supp. at 193.

**A.    The Court should strike the improper portions of Dr. Grabowski's rebuttal report.**

> **1.    Pages 3-16 of Dr. Grabowski's rebuttal report should be stricken because they fail to rebut any of Dr. Comanor's opinions.**

The Court should strike pages 3-16 of Dr. Grabowski's rebuttal report because they utterly fail to address—much less rebut—Dr. Comanor's opening report.

### REDACTED

None of this responds in any way to Dr. Comanor's opening expert report. For example, Dr. Comanor does not opine that research and development are unnecessary to innovation or that the risk in developing drugs is low. Instead, based upon a statistical analysis, Dr. Comanor opines that

**REDACTED**

Indeed, this portion of Dr. Grabowski's report is so generic that it could have been included in an opening expert report for a plaintiff in any number of patent cases. It certainly could not have been offered "solely to contradict or rebut" Dr. Comanor's opinions. Fed. R. Civ. P. 26(a)(2)(C).

Pages 13-16 of Dr. Grabowski's report fare no better. There, Dr. Grabowski opines that

**REDACTED**

Having waited for rebuttal, Dr. Grabowski is limited to offering opinions that actually rebut the opinions offered by Impax's experts. Because this section of Dr. Grabowski's report fails to rebut any of Dr. Comanor's opinions, the Court should strike it.

> **2.    Pages 36-38 of Dr. Grabowski's report should also be stricken because they do not rebut any of Dr. Comanor's opinions.**

On pages 36-38 of Dr. Grabowski's report, he asserts that

**REDACTED**

Again, Wyeth could and should have made these points in an opening expert report. Certainly these statements rebut none of Dr. Comanor's opinions.

**REDACTED**

A rebuttal report must *rebut,* and pages 36-38 of Dr. Grabowski's rebuttal report simply do not contradict any opinion offered by Dr. Comanor.

**B.    The Court should strike the improper opinions from Dr. Thisted's rebuttal report.**

Similarly, the Court should strike paragraphs 87-88 of Dr. Thisted's report. Dr. Thisted purports to be rebutting the expert reports of Impax experts Dr. Spilker and Dr. Wecker. Both

Dr. Spilker and Dr. Wecker opine

**REDACTED**

undermine anything that Dr. Spilker and Dr. Wecker opined about the three Wyeth studies cited in the patents.

Not only does the face of Dr. Thisted's report provide no indication of how paragraphs 87-88 could possibly rebut the opinions of Dr. Spilker or Dr. Wecker, but Dr. Thisted conceded at deposition that these paragraphs were not rebuttal. Specifically, he admitted that these paragraphs were opinions he provided *in addition* to those directed at Dr. Spilker's and Dr. Wecker's reports. Matterer Decl. Ex. F (Thisted Depo.) at 125:13-18. Dr. Thisted could not identify a single opinion offered by any Impax expert to which paragraphs 87-88 responded. *Id.* at 125:13-126:7. The Court should therefore strike these paragraphs.

## IV.     CONCLUSION

The purpose of rebuttal expert reports is to rebut. But in this case, Wyeth loaded up their "rebuttal" reports with affirmative opinions on issues never addressed by Impax's experts. Wyeth may not now inject that material into evidence through improper rebuttal. The Court should not permit Wyeth to use its rebuttal reports as "an opportunity for the correction of any oversights in the plaintiff's case in chief." *Step-Saver Data Sys., Inc.*, 752 F. Supp. at 193. Indeed, such sandbagging is impermissible under Rule 26(a)(2)(C). *See Emerick*, 750 F.2d at 22. The Court should strike pages 3-16 and 36-38 of the Grabowski Rebuttal Report and paragraphs 87-88 of the Thisted Rebuttal Report.

Dated:  December 19, 2007

Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES LLP
500 Delaware Avenue, 15th Floor
Wilmington, DE 19801
Telephone: (302) 888-6800
mmatterer@morrisjames.com

Daralyn J. Durie
Paula L. Blizzard
Joseph C. Gratz
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111
Telephone: (415) 391-5400

*Attorneys for Defendant
Impax Laboratories, Inc.*

6