IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WYETH,<br><br>       Plaintiff,<br><br> v.<br><br>IMPAX LABORATORIES, INC.,<br><br>       Defendant. | Civil Action No. 06-222 (JJF)<br><br>**PUBLIC VERSION** |

**REPLY BRIEF IN SUPPORT OF IMPAX LABORATORIES'
MOTION TO STRIKE PORTIONS OF THE EXPERT REPORTS
OF DR. HENRY GRABOWSKI AND DR. RONALD THISTED**

Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES LLP
500 Delaware Avenue, 15th Floor
Wilmington, DE 19801
Telephone: (302) 888-6800
mmatterer@morrisjames.com

Daralyn J. Durie
Paula L. Blizzard
Joseph C. Gratz
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111
Telephone: (415) 391-5400

Originally filed: January 11, 2008
Public version filed: January 22, 2008

## I.    INTRODUCTION

Impax has moved to strike discrete portions of two of Wyeth's rebuttal expert reports. Impax's motion was narrowly tailored and limited only to improper material that did not rebut the reports of Impax's experts.

With respect to the portions of Dr. Grabowski's report that Impax moves to strike, Wyeth concedes that these portions do not actually rebut the opinions of Dr. William Comanor, Impax's econometrics expert. Instead, Wyeth argues that Dr. Grabowski's report is proper rebuttal because it discusses     **REDACTED**     . But the portions of Dr. Grabowski's report that Impax seeks to strike     **REDACTED**     . Rather, these portions of Dr. Grabowski's report discuss:

**REDACTED**

These topics were not addressed by any of Impax's experts,

**REDACTED**                                        and are therefore inappropriate rebuttal. The Court should therefore strike pages 3-16 and 36-38 of Dr. Grabowski's rebuttal report.

The Court should also strike paragraphs 87-88 of the expert report of Dr. Ronald Thisted. Not only do these paragraphs fail to rebut any of the opinions of Impax's experts, they should have been raised in Dr. Thisted's opening expert report. They relate to

**REDACTED**

It is simply too late for Wyeth to attempt to bolster Dr. Thisted's opening expert report by including these two paragraphs in rebuttal. They should be stricken.

## II.    ARGUMENT

### A.    Impax applied the correct legal standard

Wyeth incorrectly accuses Impax of applying the wrong legal standard in its opening brief. "It has been well established in this Circuit 'that on rebuttal it is properly within the discretion of the trial judge to limit testimony to that which is precisely directed to rebutting new matter or new theories presented by the defendant's case-in-chief.'" *Step-Saver Data Systems, Inc. v. Wyse Technology*, 752 F.Supp. 181, 193 (E.D. Pa. 1990), *aff'd in relevant part and rev'd*

*in part on other grounds*, 939 F.2d 91 (3d Cir. 1991) (*citing Upshur v. Shepherd*, 538 F.Supp. 1176, 1180 (E.D. Pa. 1982), *aff'd*, 707 F.2d 1396 (3d Cir. 1983)). "It is well settled that evidence which properly belongs in the case-in-chief but is first introduced in rebuttal may be rejected, so as to avoid prejudice to the defendant and to ensure the orderly presentation of proof." *Emerick v. U.S. Suzuki Motor Corp.*, 750 F.2d 19, 22 (3d Cir. 1984).

In its opposition, Wyeth attempts to distinguish these cases by arguing that *Step-Saver Data Systems* and *Emerick* relate to rebuttal testimony at trial rather than during discovery. Opposition at 6. But Wyeth provides no legal support to suggest that improper material in a rebuttal report should be treated differently than improper rebuttal material at trial. There is no logical basis for such a distinction, and neither *Emerick* nor *Step-Saver Data Systems* make any such distinction. According to the law of the Third Circuit, rebuttal opinions may only be used to rebut matter raised in the defendant's case-in-chief, not to introduce irrelevant matter or matter that should have been included in the plaintiff's opening expert reports. *See Emerick*, 750 F.2d at 22; *Step-Saver Data Systems, Inc.*, 752 F.Supp. at 193.[1]

**B.    The Court should strike pages 3-16 and 36-38 of Dr. Grabowski's "rebuttal" report.**

**1.    Contrary to Wyeth's assertions, pages 3-16 of Dr. Grabowski's report do not relate to Effexor XR's commercial success.**

On pages 3-16 of his expert report, Dr. Grabowski opines that

**REDACTED**

Although Wyeth concedes that this section does not respond to Dr. Comanor's report, Wyeth argues that it is proper rebuttal because it somehow relates to

**REDACTED**

Opposition at 9.          **REDACTED**

---

[1]    Similarly, Wyeth's assertion that rebuttal material must be used "solely to contradict or rebut evidence on the same subject matter" is of no moment. That is the same standard relied upon by Impax. That standard, however, does not give Wyeth license to augment its initial reports with material that does not directly rebut the evidence presented by Impax's experts.

**REDACTED**

That Dr. Grabowski believes

**REDACTED**

Because they neither rebut Dr. Comanor's expert report nor relate to **REDACTED** the Court should strike pages 3-16 of Dr. Grabowski's report.

> 2. **Pages 36-38 of Dr. Grabowski's report do not rebut any of Dr. Comanor's opinions but instead simply reiterate Impax's financial projections.**

On pages 36-38 of Dr. Grabowski's report, **REDACTED**

Again, Wyeth does not dispute that this section fails to respond to Dr. Comanor. Instead,

**REDACTED**

Accordingly, pages 36-38 of Dr. Grabowski's report should be stricken.

**C.　The Court should strike the improper opinions from Dr. Thisted's rebuttal report.**

Paragraphs 87-88 of Dr. Thisted's report

**REDACTED**

Dr. Thisted should have included these paragraphs—if at all—in his opening expert report. Indeed, Dr. Thisted's opening expert report discusses at great length

**REDACTED**

The Court should not permit Dr. Thisted to include paragraphs 87-88 of Dr. Thisted's rebuttal report simply to correct for Wyeth's failure to include them in his opening report. *Step-Saver Data Sys., Inc.*, 752 F. Supp. at 193.[2]

---

[2] Dr. Thisted also submitted a supplemental expert report before his rebuttal report. The supplemental report also could have—but did not—raise the evidence discussed in paragraphs

Nothing in these paragraphs contradict any of the opinions of Impax's experts. First, Wyeth asserts that paragraphs 87-88 are "responsive, in part" to paragraph 47 of Dr. Spilker's opening expert report. They are not. Paragraph 47 of Dr. Spilker's report

**REDACTED**

Paragraphs 87-88 of Dr. Thisted's rebuttal report, however, do not relate in any way to this issue. Rather, in those paragraphs

**REDACTED**

Second, Wyeth incorrectly claims that paragraphs 87-88 of Dr. Thisted's report rebut paragraph 25 of Dr. Kibbe's opening expert report. In that paragraph, Dr. Kibbe

**REDACTED**

Again, paragraphs 87-88 of Dr. Thisted's rebuttal report do not relate to this topic.

**REDACTED**

Ultimately, the best evidence that this is not rebuttal is that Dr. Thisted nowhere states in his report what these paragraphs purportedly rebut. Wyeth's post-hoc assertion that the paragraphs rebut Dr. Kibbe are especially unconvincing in light of the fact that in both his report

---

87-88 of Dr. Thisted's rebuttal report.

[3] Wyeth also asserts that Paragraphs 87-88 of Dr. Thisted's report rebut paragraph 21 of the "untimely supplemental report" of Dr. Kibbe. That is incorrect. Paragraph 21 of Dr. Kibbe's supplemental report

**REDACTED**

and deposition, Dr. Thisted made clear that his rebuttal report was intended to contravene the opinions of Dr. Spilker and Dr. Wecker. Indeed, during his deposition, he stated that

REDACTED

Although Wyeth now asserts that Dr. Thisted was rebutting Dr. Kibbe's reports, Dr. Thisted did not even consider Dr. Kibbe's opening or supplemental report in preparing his rebuttal.[4] Matterer Decl. Ex. E at 47. Paragraphs 87-88 of Dr. Thisted's report should therefore be stricken.

## III.    CONCLUSION

For the reasons stated above, the Court should strike pages 3-16 and 36-38 of the Grabowski Rebuttal Report and paragraphs 87-88 of the Thisted Rebuttal Report.

Dated:  January 11, 2008

*Mary Matterer*

Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES LLP
500 Delaware Avenue, 15th Floor
Wilmington, DE 19801
Telephone: (302) 888-6800
mmatterer@morrisjames.com

Daralyn J. Durie
Paula L. Blizzard
Benedict Y. Hur
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111
Telephone: (415) 391-5400

*Attorneys for Defendant*
*Impax Laboratories, Inc.*

---

[4]  Indeed, this situation is clearly different from that described in *Poly-America, Inc. v. Serrot Int'l Inc.*, 2002 WL 1996561 (N.D. Tex. Aug. 25, 2005). In *Poly-America*, the Court permitted rebuttal expert testimony when the expert did not know who provided the opinions he was rebutting, but understood in fact which opinions he was rebutting. Nothing in *Poly-America*, however, suggests that an expert may rebut opinions that he was not even made aware of prior to submitting his "rebuttal."

5