IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| WYETH,<br><br>    Plaintiff,<br><br>v.<br><br>IMPAX LABORATORIES, INC..<br><br>    Defendant. | C.A. No. 06-222 (JJF) |

## STIPULATION AND ORDER REGARDING INFRINGEMENT AND DEFINITENESS

IT IS HEREBY STIPULATED by the parties, subject to the approval of the Court, that the following facts and issues are undisputed and admitted for purposes of this action:

1. Impax Laboratories, Inc. ("Impax") filed Abbreviated New Drug Application No. 78-057 with the Food and Drug Administration under 21 U.S.C. § 355(j), to obtain approval for the commercial manufacture, use, and sale of Venlafaxine HCl Extended-Release Capsules, in 37.5, 75 and 150 mg dosage strengths ("Impax's Venlafaxine HCl Extended-Release Capsules").

2. Impax admits that, in accordance with this Court's claim construction dated December 13, 2007 (the "Claim Construction Order")(D.I. 315-316), the administration of Impax's Venlafaxine HCl Extended-Release Capsules in the United States to a patient in need thereof would directly infringe asserted claims 20 through 25 of United States Patent No. 6,274,171 B1, claims 1, 2, 13, and 14 of United States Patent No. 6,403,120 B1, and claims 1 through 6 of United States Patent No. 6,419,958 B2.

3. Impax admits that, in accordance with the Claim Construction Order, making, using, offering to sell, selling, or importing Impax's Venlafaxine HC1 Extended Release Capsules in the United States would actively induce infringement of asserted claims 20 through 25 of United States Patent No. 6,274,171 B1, claims 1, 2, 13, and 14 of United States Patent No. 6,403,120 B1, and claims 1 through 6 of United States Patent No. 6,419,958 B2.

4. Impax admits that, in accordance with the Claim Construction Order, making, using, offering to sell, selling, or importing Impax's Venlafaxine HC1 Extended Release Capsules in the United States would contribute to infringement of asserted claims 20 through 25 of United States Patent No. 6,274,171 B1, claims 1, 2, 13, and 14 of United States Patent No. 6,403,120 B1, and claims 1 through 6 of United States Patent No. 6,419,958 B2.

5. Impax admits that, in accordance with the Claim Construction Order, if the Court finds that Impax has failed to carry its burden of proving that each and every one of the asserted patent claims 20 through 25 of United States Patent No. 6,274,171 B1 is invalid or unenforceable, Wyeth is entitled to an order under 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of Impax's Venlafaxine HC1 Extended Release Capsules shall not be earlier than the expiration date of United States Patent No. 6,274,171 B1 and any additional periods of exclusivity.

6. Impax admits that, in accordance with the Claim Construction Order, if the Court finds that Impax has failed to carry its burden of proving that each and every one of the asserted patent claims 1, 2, 13, and 14 of United States Patent No. 6,403,120 B1 is invalid or unenforceable, Wyeth is entitled to an order under 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of Impax's Venlafaxine HC1 Extended Release Capsules shall not be earlier than the expiration date of United States Patent No. 6,403,120 B1 and any additional periods of exclusivity.

7.  Impax admits that, in accordance with the Claim Construction Order, if the Court finds that Impax has failed to carry its burden of proving that each and every one of the asserted patent claims 1 through 6 of United States Patent No. 6,419,958 B2 is invalid or unenforceable, Wyeth is entitled to an order under 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of Impax's Venlafaxine HCl Extended Release Capsules shall not be earlier than the expiration date of United States Patent No. 6,419,958 B2 and any additional periods of exclusivity.

8.  The parties further stipulate that the question of Wyeth's entitlement to injunctive relief under 35 U.S.C. § 271(e)(4)(B) need not be addressed at trial, but rather in a separate hearing following trial to the extent the Court decides such a hearing is appropriate.

9.  Impax admits that, in accordance with the Claim Construction Order, asserted claims 20 through 25 of United States Patent No. 6,274,171 B1, claims 1, 2, 13, and 14 of United States Patent No. 6,403,120 B1, and claims 1 through 6 of United States Patent No. 6,419,958 B2 are not invalid due to indefiniteness under 35 U.S.C. § 112.

10. Impax makes this stipulation without prejudice to or waiver of its right to make offers of proof at trial (under the procedures described by the Court at the Pretrial Conference) under Impax's proposed but not adopted construction of the language of the asserted claims of the patents-in-suit regarding: (a) its non-infringement of the patents-in-suit; or (b) indefiniteness

under 35 U.S.C. § 112. The parties also make this stipulation without prejudice to or waiver of their rights on any appeal of any judgment of this Court.

Dated: February 6, 2008

| /s/ Karen Jacobs Louden | /s/ Mary B. Matterer |
|---|---|
| Jack B. Blumenfeld (#1014) | Richard K. Herrmann (#405) |
| Karen Jacobs Louden (#2881) | Mary B. Matterer (#2696) |
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | MORRIS JAMES LLP |
| 1201 N. Market Street | 500 Delaware Avenue |
| Wilmington, DE 19899-1347 | Suite 1500 |
| (302) 658-9200 | Wilmington, DE 19801 |
| jblumenfeld@mnat.com | (302) 888-6800 |
| klouden@mnat.com | rherrmann@morrisjames.com |
|  | mmatterer@morrisjames.com |
|  |  |
| Basil J. Lewris | Daralyn J. Durie |
| Linda A. Wadler | Paula L. Blizzard |
| FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P. | Joseph C. Gratz |
|  | KEKER & VAN NEST LLP |
| 901 New York Avenue, N.W. | 710 Sansome Street |
| Washington, D.C. 20001 | San Francisco, CA 94111 |
| (202) 408-4000 | (415) 391-5400 |
|  |  |
| *Attorneys for Plaintiff Wyeth* | *Attorneys for Defendant Impax Laboratories Inc.* |

SO ORDERED this ___ day of February, 2008

_____
The Honorable Joseph J. Farnan, Jr.
UNITED STATES DISTRICT JUDGE

4