IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

WYETH,

                    Plaintiff,

        v.

IMPAX LABORATORIES, INC.,

                    Defendant.

Civil Action No. 06-222 (JJF)

**PUBLIC VERSION**

**DECLARATION OF MARY B. MATTERER RE OPPOSITION TO WYETH'S MOTION TO STRIKE PARAGRAPHS 72-73, 81-84, 129-130 AND 133-136 OF THE REBUTTAL EXPERT REPORT OF ARTHUR H. KIBBE, Ph.D.**

Richard K. Herrmann (I.D. No. 405)
Mary B. Matterer (I.D. No. 2696)
MORRIS JAMES LLP
500 Delaware Avenue, 15th Floor
Wilmington, DE 19801
Telephone: (302) 888-6800
mmatterer@morrisjames.com

Daralyn J. Durie
Asim Bhansali
Paula L. Blizzard
Benedict Y. Hur
Matthias Kamber
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111
Telephone: (415) 391-5400

ORIGINAL DATE:   December 6, 2007
PUBLIC VERSION:  February 7, 2008

I, MARY B. MATTERER, declare and state that:

1.      I am a partner at the law firm of Morris James LLP, counsel to Defendant Impax Laboratories, Inc.

2.      Attached hereto as Exhibit A is a true and correct copy of the Expert Report of James W. McGinity, Ph.D., dated and served on September 28, 2007.

3.      Attached hereto as Exhibit B is a true and correct copy of the Expert Report of Ronald J. Sawchuk, Ph.D., dated and served on September 28, 2007.

4.      Attached hereto as Exhibit C is a true and correct copy of the Expert Report of Eric Hollander, M.D., dated and served on September 28, 2007.

5.      Attached hereto as Exhibit D is a true and correct copy of the Expert Report of Ronald A. Thisted, Ph.D., dated September 20, 2007, and served on September 28, 2007.

6.      Attached hereto as Exhibit E is a true and correct copy of correspondence from Alan Wright, counsel for Wyeth, to Dan Purcell, counsel for Impax, dated October 24, 2007.

7.      Attached hereto as Exhibit F is a true and correct copy of correspondence from Dan Purcell, counsel for Impax, to Alan Wright, counsel for Wyeth, dated October 25, 2007.

8.      Attached hereto as Exhibit G is a true and correct copy of correspondence from Dan Purcell, counsel for Impax, to Alan Wright, counsel for Wyeth, dated November 2, 2007.

9.      Attached hereto as Exhibit H is a true and correct copy of pages 250-52 of the November 20, 2007 deposition of Arthur H. Kibbe, Ph.D.

10.     Attached hereto as Exhibit I is a true and correct copy of the Supplemental Responsive Expert Report of Ronald J. Sawchuk, Ph.D., dated November 21, 2007, and served on November 23, 2007.

11.    Attached hereto as Exhibit J is a true and correct copy of the Supplemental Expert Report of Dhiren R. Thakker, Ph.D., dated and served November 23, 2007.

12.    I declare under penalty of perjury under the laws of the state of Delaware that the foregoing is true and correct to the best of my knowledge and that this declaration was executed on this 6th day of December, 2007 at Wilmington, Delaware.

By:    _Mary Matterer_

MARY B. MATTERER (I.D. No. 2696)

# EXHIBIT A

# EXHIBIT REDACTED IN ITS ENTIRETY

# EXHIBIT B

# EXHIBIT REDACTED IN ITS ENTIRETY

# EXHIBIT C

# EXHIBIT REDACTED IN ITS ENTIRETY

# EXHIBIT D

# EXHIBIT REDACTED IN ITS ENTIRETY

# EXHIBIT E



FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

ALAN A. WRIGHT
571.203.2726
alan.wright@finnegan.com

October 24, 2007

Daniel Purcell, Esq.                                    **Via E-mail and First Class Mail**
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111-1704

_Wyeth v. Impax Laboratories, Inc.,_ Civil Action No.: 06-222 (D. Del.)

Dear Daniel:

I write in regard to Impax's October 22, 2007, service of the Supplemental Expert Report of Arthur H. Kibbe, Ph.D., and October 23, 2007, service of the Supplemental Expert Report of Mark E. Nusbaum. Both reports are untimely, were served without leave of Court and without notice to Wyeth, and impose an untenable burden on Wyeth to respond to any new points raised in these reports by the October 31, 2007 deadline for responsive expert reports.

Addressing first Mr. Nusbaum's Supplemental Report, we believe it is improper and should be withdrawn. As you know, there is already a motion pending with the Court to strike Mr. Nusbaum's initial Expert Report. As Impax is well aware, the Court has specifically told Impax that it did not want expert reports on issues of patent law or Patent Office procedure. The same holds true for Mr. Nusbaum's Supplemental Report, and we believe the pending Motion to Strike also applies to his Supplemental Report.

Furthermore, Mr. Nusbaum's Supplemental Report appears to repeat large portions of his original Expert Report. We find it particularly onerous that Impax has submitted this Supplemental Report without providing any indication as to which paragraphs Mr. Nusbaum has supplemented rather than repeated, leaving it to Wyeth to compare his initial and supplemental reports. We therefore request immediate production of red-line version of the Nusbaum Supplemental Expert Report so that the "supplementation" by Mr. Nusbaum can be readily ascertained.

As for Dr. Kibbe's Supplemental Report, it was not only untimely, but contains opinions that are largely based on materials that Impax had in its possession well before the deadline for the initial reports. Because Mr. Nusbaum relies upon Dr. Kibbe's opinion, the same is true for his report as well. We therefore see no justification for Impax's delay. Given that Impax served these supplemental reports the week before the end of the four-week period for serving responsive expert reports, we will be unable to address these additional reports by October 31, 2007. The Scheduling Order clearly

Daniel Purcell, Esq.
October 24, 2007
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

does not envision supplemental expert reports served after the deadline, and certainly not one week before responsive expert reports are due.

Lastly, Wyeth further requests that Impax immediately advise whether it intends to serve any additional supplemental expert reports, and, if so, identify which reports it intends to supplement.

Sincerely,

Alan A. Wright

AAW/AEG:eak

cc:    Daralyn J. Durie, Esq. (via e-mail)
       Joseph C. Gratz, Esq. (via e-mail)
       Mary B. Matterer, Esq. (via e-mail)
       Karen Jacobs Louden, Esq. (via e-mail)

# EXHIBIT F

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

DANIEL PURCELL
DPURCELL@KVN.COM

October 25, 2007

Alan A. Wright
Finnegan Henderson Farabow Garrett & Dunner LLP
901 New York Avenue, N.W.
Washington, DC  20001-4413

      Re:    **Wyeth v. Impax Laboratories, Inc.**

Dear Alan:

This responds to your letter of yesterday regarding Impax's supplemental expert reports. For the record, as Dr. Kibbe's report makes clear, Dr. Kibbe and Mr. Nusbaum supplemented their reports in order to add opinions regarding four documents that first became available to Impax after the September 28, 2007 deadline for service of expert reports.

First, Wyeth did not produce its request for reexamination of Alza's '457 patent until October 1, 2007, one business day after the expert reports were exchanged. This document falls within some of Impax's earliest document requests in this case, and Impax expressly requested the document in document requests served on June 21, 2007, over three months before the expert-report deadline. Wyeth could, and should, have produced it sooner, but chose to produce it after Impax had served its expert reports.

Second, on October 10, 2007, the U.S. Patent and Trademark Office issued a document entitled "Examination Guidelines for Determining Obviousness Under 35 U.S.C 103 in View of the Supreme Court's Decision in *KSR International Co. v. Teleflex, Inc.*" Plainly, the *KSR* Guidelines are relevant to the obviousness issues in this case and will be helpful to the Court's decision of those issues. Impax had no way of obtaining the guidelines prior to October 10, let alone before September 28.

Third, Wyeth served its responses to Impax's Fourth Set of Interrogatories on October 11, 2007. Impax served these requests on August 28, 2007, making them due on September 28, the same date as the expert reports. Wyeth specifically requested a two-week extension of its time to respond, which Impax granted as a matter of courtesy and in exchange for Wyeth's stipulation to the filing of Impax's Third Amended Answer.

Fourth, not until October 11, 2007 was Impax able to depose David Edgren, Alza's Rule 30(b)(6) witness and one of the inventors of the '457 patent. Impax served its subpoena on Alza on

405198.01

Alan A. Wright
October 25, 2007
Page 2

August 21, 2007, more than a month before the expert-report deadline. Impax made every effort to schedule a deposition date prior to the expert-report deadline, but Alza was unable to accommodate that request. Impax did not receive the final transcript of the Edgren deposition until October 15, 2007.

Impax's experts supplemented their reports as soon as possible upon receiving this new material. Accordingly, the supplementation was reasonable and proper. But I do understand Wyeth's concern about timing, given next Wednesday's deadline for submitting rebuttal expert reports, and I am willing to discuss possible solutions, including a reasonable extension, that would ensure that Wyeth is not prejudiced by the supplementation. Please let me know if you are interested in discussing this further.

Finally, your letter also requests a redlined version of Mr. Nusbaum's report, so you can identify new material in that report. Although I have not attached a redline, I believe that the only differences between the supplemental report and the original are in the introductory paragraph (which explains the supplementation) and in the section to which the newly-obtained material described above was relevant, regarding the Alza prior art in paragraphs 110-121.

As always, please feel free to call me to discuss any of the above issues.

Sincerely,

Daniel Purcell

DEP/dep

cc:    Basil J. Lewris
       Linda A. Wadler
       Barbara Rudolph
       Karen Jacobs Louden
       Mary B. Matterer

405198.01

# EXHIBIT G

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

DANIEL PURCELL
DPURCELL@KVN.COM

November 2, 2007

Alan A. Wright
Finnegan Henderson Farabow Garrett & Dunner LLP
901 New York Avenue, N.W.
Washington, DC 20001-4413

        Re:    **Wyeth v. Impax Laboratories, Inc.**

Dear Alan:

This responds to your letters of Wednesday night regarding Wyeth's rebuttal expert reports and yesterday regarding the upcoming depositions of Impax witnesses.

In your letter of Wednesday, you complain again about Impax's supplemental expert reports and then somewhat cryptically reserve your right "to supplement the enclosed expert reports in due course to address the untimely supplemental expert reports of Mr. Nusbaum and Dr. Kibbe." I am not sure what you mean by "in due course." On October 25, 2007, the day after you initially raised this issue, I responded to you and offered "to discuss possible solutions, including a reasonable extension, that would ensure that Wyeth is not prejudiced by the supplementation." You never responded to my invitation. Now your letter raises the possibility that Wyeth is planning to wait until shortly before, or after, the depositions of its experts before serving supplemental rebuttal reports. The potential prejudice to Impax from such a tactic is especially large, given the upcoming November 30 expert-discovery cutoff and summary-judgment motion deadline.

I suspect the Court would take a dim view of such conduct. If Wyeth has a specific proposal to make regarding supplementation of its rebuttal reports, we are happy to consider it. Needless to say, Impax also reserves its rights to seek relief from any untimely or tactically motivated supplementation by Wyeth, including moving to compel further expert depositions, supplementing its summary-judgment motions, or seeking sanctions, including the exclusion of Wyeth's supplemental rebuttal reports.

With respect to your letter of yesterday, Impax disagrees with Wyeth's arguments on the noticed 30(b)(6) topics. I have attached to this letter Impax's formal objections to Wyeth's 30(b)(6) notice. I discuss Impax's most significant objections below.

Alan A. Wright
November 2, 2007
Page 2

First, as to Topic 3, you stated in your letter of yesterday that "Effexor XR's commercial success and, specifically, Impax's recognition of that commercial success" are relevant deposition topics. We disagree. In and of itself, Effexor XR's commercial success is unimportant. "Evidence of commercial success, or other secondary considerations, is only significant if there is a nexus between the claimed invention and the commercial success." Ormco Corp. v. Align Technology, Inc., 463 F.3d 1299, 1311-12 (Fed. Cir. 2006). There is little dispute that Effexor XR has been generally commercially successful, but what matters is whether that success is attributable to the inventions claimed in the patents at issue. Nothing in Hsiao Exhibit 10, or any other Impax document, bears on that issue. For the same reasons, "Impax's recognition" that Effexor XR has been commercially successful is irrelevant. Accordingly, Impax will not offer a 30(b)(6) witness on this topic.

Second, regarding Topic 6, Wyeth already has deposed not only Ms. Williams, the author of the e-mail in question, but also Charles Hsiao, one of the recipients of the e-mail and the subject of the language you quote in your letter. Wyeth had the chance to, and did, examine both Ms. Williams and Dr. Hsiao about the e-mail. But Wyeth failed to ask either Ms. Williams or Dr. Hsiao many of the questions it now asserts it wants to ask Impax's corporate representative. For example, Wyeth never asked Ms. Williams what patents were reviewed. Having had the opportunity to examine, but failed to thoroughly question, the author and primary subject of the e-mail, it is unreasonable for Wyeth to demand that Impax provide a corporate designee to testify on this subject. But perhaps more importantly, this topic is irrelevant. Wyeth long ago withdrew its willfulness claim in this case.

Third, in my October 26, 2007 letter to Barbara Rudolph conveying Impax's initial objections to the 30(b)(6) topics, I also objected to Topic 7, regarding Impax's discussions of extended-release venlafaxine with other generic drug manufacturers, and asked Wyeth to explain why it believes this topic is relevant to this case. Impax has previously objected to producing documents regarding this subject. Your letter omits any discussion of Topic 7 and provides no response to our objection. Assuming Wyeth still intends to pursue that topic, I invite Wyeth to explain its relevance. Also, although I did not mention this in my October 26 letter, I note that the Impax document that is the subject of Topic 5 also appears to relate, in part, to Impax's discussions with another generic manufacturer. Although Impax will provide a witness to discuss the limited information set forth in Shaw Exhibit 66, we will not provide a witness to testify more broadly about any discussions between Impax and any other generic manufacturer.

Finally, with respect to your request that the upcoming depositions of Gary Liaw and Impax take place on consecutive dates in November, we can offer Impax's 30(b)(6) witness for deposition on Thursday, November 8, the day after the Liaw deposition on the 7th. We also assume that both the Liaw and 30(b)(6) depositions will start at 9:00 a.m., as per Wyeth's notices. Please let me know if this schedule works for Wyeth.

Alan A. Wright
November 2, 2007
Page 3


As always, please feel free to call me to discuss any of these issues.


                                        Sincerely,


                                        Daniel Purcell


DEP/dep
Attachment

cc:     Basil J. Lewris
        Linda A. Wadler
        Barbara Rudolph
        Karen Jacobs Louden
        Mary B. Matterer


405671.01

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WYETH,

      Plaintiff,

v.

IMPAX LABORATORIES, INC..

      Defendant.

C.A. No. 06-222 (JJF)

## IMPAX LABORATORIES, INC.'S OBJECTIONS TO WYETH'S NOTICE OF DEPOSITION OF IMPAX PURSUANT TO FED. R. CIV. P. 30(b)(6)

Pursuant to Federal Rule of Civil Procedure 30(b)(6), defendant Impax Laboratories, Inc. ("Impax") hereby objects and responds to Wyeth's Notice of Deposition of Impax Pursuant to Fed. R. Civ. P. 30(b)(6) as follows.

### GENERAL OBJECTIONS

1.     Impax objects to the Notice of Deposition to the extent that it imposes obligations that exceed the scope of permissible discovery pursuant to the Federal Rules of Civil Procedure. Impax will comply with the Federal Rules in responding to the notice.

2.     Impax objects to Wyeth's instructions to the extent they seek to require Impax to provide any information beyond what is available to it at present from a reasonable search on the grounds that such discovery is unreasonably cumulative and unduly burdensome. Subject to these objections, Impax will use reasonable diligence to identify responsive information in its possession, custody, and control based on an examination of those sources reasonably expected to yield responsive information.

3.     Impax objects to the Notice of Deposition to the extent that it purports to call for testimony, documents and things that contain confidential, proprietary, commercially sensitive, and/or trade secret information of Impax. Impax will provide such information subject to the

1

Stipulated Protective Order in this action.

4.    Impax objects to the Notice of Deposition to the extent that it calls for testimony, documents and things that contain information that is (a) confidential, proprietary, commercially sensitive, and/or a trade secret or (b) is subject to confidentiality agreements, protective orders, and/or any other obligation pursuant to which Impax is required to protect and/or maintain the confidentiality of any other third-party's documents or information.  To the extent the Notice of Deposition calls for such information, Impax reserves the right to seek a protective order under Rules 26(c) and 45(c), or to provide it subject to the Stipulated Protective Order in this action.

5.    Impax objects to the deposition topics as unreasonable and unduly burdensome to the extent they request information that is already in Wyeth's possession, is readily accessible to Wyeth, or that is available from public sources.  More specifically, Impax objects to the deposition topics to the extent they purport to impose an obligation upon Impax to search documents that have already been produced in this litigation on the grounds that such an obligation is unreasonably and unduly burdensome.

6.    Impax objects to the deposition topics as unreasonably cumulative or duplicative to the extent they seek information which has already been sought by Wyeth in other discovery requests.  To the extent such information has been or will be supplied in response to other discovery requests by Wyeth, Impax objects to producing a witness on that same subject matter as unduly burdensome, unreasonable and unnecessarily duplicative.

7.    Impax objects to the Notice of Deposition to the extent that it calls for information that is protected by the attorney-client privilege, the work product immunity, and/or any other applicable privilege, immunity, doctrine, or discovery protection.  Such information, to which the above-referenced privileges apply, will not be provided in response to the Notice of Deposition.  Inadvertent disclosure of any privileged information or document shall not operate as a waiver of any applicable privilege. Similarly, the voluntary production of any privileged information, document or thing shall not operate as a waiver of any applicable privilege as to any other information or documents not produced.

8.    Impax objects to Wyeth's definition of the term "concerning" as overly broad, vague, and ambiguous.

9.    Impax's objections are based on the best knowledge and information known to it at this time, and are made without prejudice to Impax's right to revise or supplement them. Further, Impax's objections are based on its good-faith interpretation of the deposition topics categories of documents referred to in Schedule A of Wyeth's Notice of Deposition and are subject to correction for errors or omissions, if any.

10.    Impax expressly reserves the right to modify, supplement and/or correct its responses to the Notice of Deposition.

11.    These General Objections are hereby incorporated into the following individual response and objection as if fully set forth therein. The assertion of the same or additional objections in any particular response to the Notice of Deposition does not waive other General Objections set forth above.

## EXAMINATION TOPICS, SPECIFIC OBJECTIONS, AND RESPONSES

## TOPIC NO. 1:

Impax's decision to develop an extended-release venlafaxine product, including, without limitation, all information Impax considered in making its decision and the persons involved in making the decision.

## RESPONSE TO TOPIC NO. 1:

Impax incorporates its General Objections herein by reference. Impax further objects on the ground that the topic is overly broad and unduly burdensome, because it fails to describe with reasonable particularity the matters on which examination is requested, as Wyeth has phrased this topic in the broadest of terms with respect to the subject in question. It is unclear what specific information Wyeth is seeking about "Impax's decision to develop an extended-release venlafaxine product." Impax further objects to this topic as vague and ambiguous as to scope and subject matter. Impax further objects to this topic as seeking irrelevant material that is not reasonably calculated to lead to the discovery of admissible evidence. Impax further objects to

this topic to the extent it calls for Impax to provide information protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Impax will produce a witness on the designated topic, to the extent information on that topic can reasonably be determined.

**TOPIC NO. 2:**

Impax's consideration of whether or not to develop an immediate-release venlafaxine product, including, without limitation, all information Impax considered and the persons involved in making the decision.

**RESPONSE TO TOPIC NO. 2:**

Impax incorporates its General Objections herein by reference. Impax further objects on the ground that the topic is overly broad and unduly burdensome, because it fails to describe with reasonable particularity the matters on which examination is requested, as Wyeth has phrased this topic in the broadest of terms with respect to the subject in question. It is unclear what specific information Wyeth is seeking about "Impax's consideration of whether or not to develop an immediate-release venlafaxine product." Impax further objects to this topic as vague and ambiguous as to scope. Impax further objects to this topic as seeking irrelevant material that is not reasonably calculated to lead to the discovery of admissible evidence. Impax further objects to this topic to the extent it calls for Impax to provide information protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Impax will produce a witness on the designated topic, to the extent information on that topic can reasonably be determined.

**TOPIC NO. 3:**

The Impax document bearing production numbers IMPAX0152102 - IMPAX0152168, marked in the deposition of Dr. Charles Hsiao as Hsiao Deposition Exhibit 10, including, but not limited to: the author(s) of the document; the reason(s) the document was prepared; the contents of the document; if the document reflects a presentation, the identity of the individual(s) who gave the presentation, and the identity of the individuals to whom the presentation was given;

and any response or reaction to the document.

**RESPONSE TO TOPIC NO. 3:**

Impax incorporates its General Objections herein by reference. Impax further objects on the ground that the topic is overly broad and unduly burdensome, because it fails to describe with reasonable particularity the matters on which examination is requested, as Wyeth has phrased this topic in the broadest of terms with respect to the document in question. It is unclear what specific information Wyeth is seeking about Hsiao Exhibit 10. Impax further objects to this topic as vague and ambiguous as to scope. Impax further objects to this topic as seeking irrelevant material that is not reasonably calculated to lead to the discovery of admissible evidence. Impax further objects to this topic to the extent it calls for Impax to provide information protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity.

Impax will not provide a witness on this topic.

**TOPIC NO. 4:**

The Impax document bearing production numbers IMPAX0398606 - IMPAX0398620 and IMPAX0398858 - IMPAX0398864, marked in the deposition of Mark Shaw as Shaw Deposition Exhibit 47, including, but not limited to: the author(s) of the document; the reason(s) the document was prepared; the contents of the document; and any response or reaction to the document.

**RESPONSE TO TOPIC NO. 4:**

Impax incorporates its General Objections herein by reference. Impax further objects on the ground that the topic is overly broad and unduly burdensome, because it fails to describe with reasonable particularity the matters on which examination is requested, as Wyeth has phrased this topic in the broadest of terms with respect to the document in question. It is unclear what specific information Wyeth is seeking about Shaw Exhibit 47. Impax further objects to this topic as vague and ambiguous as to scope. Impax further objects to this topic as seeking irrelevant material that is not reasonably calculated to lead to the discovery of admissible evidence. Impax

further objects to this topic to the extent it calls for Impax to provide information protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Impax will produce a witness on the designated topic, to the extent information on that topic can reasonably be determined.

## TOPIC NO. 5:

The Impax document bearing production numbers IMPAX0145556, marked in the deposition of Mark Shaw as Shaw Deposition Exhibit 66, including, but not limited to: the author(s) of the document; the reason(s) the document was prepared; the contents of the document; and any response or reaction to the document.

## RESPONSE TO TOPIC NO. 5:

Impax incorporates its General Objections herein by reference. Impax further objects on the ground that the topic is overly broad and unduly burdensome, because it fails to describe with reasonable particularity the matters on which examination is requested, as Wyeth has phrased this topic in the broadest of terms with respect to the document in question. It is unclear what specific information Wyeth is seeking about Shaw Exhibit 66. Impax further objects to this topic as vague and ambiguous as to scope. Impax further objects to this topic as seeking irrelevant material that is not reasonably calculated to lead to the discovery of admissible evidence. Specifically, throughout this case, Impax has consistently objected to providing discovery on the irrelevant subject of Impax's communications, if any, with third parties regarding venlafaxine or the patents-in-suit, and Impax renews that objection here. Impax further objects to this topic to the extent it calls for Impax to provide information protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Impax will produce a witness on information contained in the designated document, to the extent information on that topic can reasonably be determined, but will not provide a witness on the topic of communications between Impax and third parties regarding venlafaxine or the patents-in-suit.

**TOPIC NO. 6:**

In connection with the statement in the Impax document bearing production numbers IMPAX0074910 - IMPAX0074912, marked in the deposition of Dr. Charles Hsiao as Hsiao Deposition Exhibit 13 at IMPAX0074911:

> Larry and Charlie were going to review the patents on each of these projects to aid in the discussion (Please let me know if I can help you in tracking down the patents):
> . . .venlafaxine . . .

a) Identify the patents reviewed;

b) Identify by production number all documents that refer or relate to the review and/or the results of the review; and

c) Describe in detail the results of the review.

**RESPONSE TO TOPIC NO. 6:**

Impax incorporates its General Objections herein by reference. Impax further objects to this topic as being vague, ambiguous, overly broad and unduly burdensome to the extent it requires an identification of "all documents that refer or relate to the review and the results of the review." Impax further objects to the phrase "results of the review" as vague and ambiguous. Impax further objects to this topic because it seeks irrelevant material that is not reasonably calculated to lead to the discovery of admissible evidence. Impax further objects to this topic because Wyeth has already taken the individual depositions of the persons most knowledgeable about the subject document, including Laura Williams, the author of the document, and Charles Hsiao, a recipient and subject of the document. At those depositions, Wyeth had the opportunity to examine the witnesses exhaustively on this topic. Impax further objects to this topic to the extent it calls for Impax to provide information protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity.

Impax will not provide a witness on this topic.

**TOPIC NO. 7**:

All communications between Impax and Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries, Ltd., Anchen USA Pharmaceuticals, Inc., Lupin Ltd., Lupin Pharmaceuticals, Inc., Osmotica Pharmaceutical Corporation, Mylan Pharmaceuticals Inc., Sandoz Inc., Wockhardt Limited, or any other generic manufacturer, relating to extended-release venlafaxine product(s) and/or the patents-in-suit.

**RESPONSE TO TOPIC NO. 7:**

Impax incorporates its General Objections herein by reference. Impax further objects on the ground that the topic is overly broad and unduly burdensome, because it fails to describe with reasonable particularity the matters on which examination is requested, as Wyeth has phrased this topic in the broadest of terms with respect to the subject in question. It is unclear what specific information Wyeth is seeking about communications between Impax and the other named entities. Impax further objects to this topic as vague and ambiguous as to scope. Impax further objects to this topic as seeking irrelevant material that is not reasonably calculated to lead to the discovery of admissible evidence. Specifically, throughout this case, Impax has consistently objected to providing discovery on the irrelevant subject of Impax's communications, if any, with third parties, including other generic drug manufacturers regarding venlafaxine or the patents-in-suit, and Impax renews that objection here. Impax further objects to this topic to the extent it calls for Impax to provide information protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity.

Impax will not provide a witness on this topic.

Dated: November 2, 2007                         KEKER & VAN NEST LLP

                                                By: _____
                                                    DANIEL PURCELL
                                                    Attorneys for Defendant
                                                    IMPAX LABORATORIES, INC.

405047.01                                       8

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California  94111.

On November 2, 2007, I served the following document(s):

**IMPAX LABORATORIES, INC.'S OBJECTIONS TO WYETH'S NOTICE OF DEPOSITION OF IMPAX PURSUANT TO FED. R. CIV. P. 30(b)(6)**

by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format.  The transmission was reported as complete and without error.

Alan A. Wright
Basil J. Lewris
Linda A. Wadler
Barbara R. Rudolph, Ph.D.
Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
alan.wright@finnegan.com
bill.lewris@finnegan.com
linda.wadler@finnegan.com
Barbara.rudolph@finnegan.com

Karen Jacobs Louden
Morris, Nichols, Arsht & Tunnell, LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
klouden@mnat.com

Mary B. Matterer, Esq.
Morris James Hitchens & Williams LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
mmatterer@morrisjames.com

Executed on November 2, 2007, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

JOANNE L. WINARS

# EXHIBIT H

# EXHIBIT REDACTED IN ITS ENTIRETY

# EXHIBIT I

# EXHIBIT REDACTED IN ITS ENTIRETY

# EXHIBIT J

# EXHIBIT REDACTED IN ITS ENTIRETY